IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-305 (SLR) |
| | ) | |
| SYNGENTA SEEDS, INC.,<br>SYNGENTA BIOTECHNOLOGY, INC.,<br>GOLDEN HARVEST SEEDS, INC.,<br>GARWOOD SEED CO.,<br>GOLDEN SEED COMPANY, L.L.C.,<br>SOMMER BROS. SEED COMPANY,<br>THORP SEED CO., and<br>JC ROBINSON SEEDS, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants Syngenta Seeds, Inc., Syngenta Biotechnology Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds, Inc. (collectively "Defendants"), for their Answer to the Second Amended Complaint filed by Plaintiffs Monsanto Company and Monsanto Technology LLC ("Plaintiffs") on February 10, 2005, hereby demand a trial by jury as to all issues so triable and state as follows:

1.    Defendants admit the allegations of paragraph 1 of the Second Amended Complaint.

2.    Defendants admit the allegations of paragraph 2 of the Second Amended Complaint.

3.     Defendants admit the allegations of paragraph 3 of the Second Amended Complaint.

4.     In response to paragraph 4 of the Second Amended Complaint, Defendants admit that Defendant Golden Harvest Seeds, Inc. is a corporation organized and existing under the laws of Delaware.  Defendants deny the remaining allegations of this paragraph.

5.     In response to paragraph 5 of the Second Amended Complaint, Defendants admit that each of Defendants Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson (referred to collectively by Plaintiffs in its Second Amended Complaint as "the Golden Harvest Companies") owns a partial interest in Golden Harvest Seeds, Inc.  Defendants deny the remaining allegations of this paragraph.

6.     Defendants admit the allegations of paragraph 6 of the Second Amended Complaint.

7.     Defendants admit the allegations of paragraph 7 of the Second Amended Complaint.

8.     Defendants admit the allegations of paragraph 8 of the Second Amended Complaint.

9.     Defendants admit the allegations of paragraph 9 of the Second Amended Complaint.

10.     Defendants admit the allegations of paragraph 10 of the Second Amended Complaint.

11.     Defendants admit the allegations of paragraph 11 of the Second Amended Complaint.

12.     In response to paragraph 12 of the Second Amended Complaint, Defendants (a) admit that the Second Amended Complaint purports to be an action for patent infringement under 35 U.S.C. § 1 et seq.; and (b) admit that subject matter jurisdiction is proper.

13.     Defendants admit the allegations of paragraph 13 of the Second Amended Complaint.

14.     In response to paragraph 14 of the Second Amended Complaint, Defendants (a) admit that Monsanto Company is in the business of developing products, including corn, soybeans, and other crops containing genes that confer resistance to the herbicide glyphosate; (b) admit that glyphosate is a commercial herbicide that kills plants by binding to a critical enzyme in the plant called "EPSPS"; and (c) admit that Monsanto Company sells a glyphosate herbicide under the trademark Roundup® and that the genetically engineered products made by Monsanto Company that have the glyphosate-resistance trait are sold under the trademark Roundup Ready®.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore deny them.

15.     Defendants deny the allegations of paragraph 15 of the Second Amended Complaint.

16.     Defendants incorporate by reference their replies in paragraphs 1-15 above.

17.     In response to paragraph 17 of the Second Amended Complaint, Defendants (a) admit that U.S. Patent No. 4,940,835 ("the '835 patent"), entitled "Glyphosate-Resistant Plants," issued on July 10, 1990; (b) admit that a copy of the '835 patent was attached as Exhibit 1 to the Second Amended Complaint; and (c) deny that the '835 patent was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") to Plaintiffs.  Defendants deny the remaining allegations of this paragraph.

18.    Defendants deny the allegations of paragraph 18 of the Second Amended Complaint.

19.    Defendants deny the allegations of paragraph 19 of the Second Amended Complaint.

20.    Defendants deny the allegations of paragraph 20 of the Second Amended Complaint.

21.    Defendants deny the allegations of paragraph 21 of the Second Amended Complaint.

22.    Paragraph 22 of the Second Amended Complaint does not require an admission or denial by Defendants.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Patent Invalidity)

23.    Each claim of the '835 patent is invalid for failure to satisfy one or more of the requirements of the Patent Laws, 35 U.S.C. § 100 et seq., including the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

### Second Affirmative Defense
### (Noninfringement)

24.    Syngenta's activities within the United States relating to corn products exhibiting resistance to glyphosate herbicides do not, and will not, infringe any valid claim of the '835 patent.

### Third Affirmative Defense
### (Estoppel)

25.    On information and belief, during *Plant Genetic Systems, N.V. v. DeKalb Genetics Corp.*, No. 3:96CV2015 (DJS) (D. Ct.), and the appeal of that action in *Plant Genetic*

*Systems, N.V. v. DeKalb Genetics Corp.*, No. 02-1011 (Fed. Cir.), DeKalb Genetics Corp. was owned by, and in privity with, Monsanto.

26.     In *Plant Genetic Systems*, the district court concluded, as DeKalb had argued, that certain claims in the patent-in-suit to plants known as "monocots" (of which corn is a type) were invalid under 35 U.S.C. § 112, ¶ 1 (the enablement requirement), because persons skilled in the art could not make a monocot plant containing a heterologous gene as of the patent-in-suit's filing date, March 11, 1987, without undue experimentation.

27.     In DeKalb's principal brief on appeal in *Plant Genetic Systems* (in which it asked the Federal Circuit to affirm the district court's decision of invalidity), DeKalb represented to the Federal Circuit that "when the [patent-in-suit] was filed on March 11, 1987, no methods existed for placing heterologous genes into monocot plants, including corn."

28.     In *Plant Genetic Systems, N.V. v. DeKalb Genetics Corp.*, 315 F.3d 1335 (Fed. Cir. 2003), the Federal Circuit affirmed the district court's decision that certain claims in the patent-in-suit were invalid under 35 U.S.C. § 112, ¶ 1.

29.     Monsanto's Second Amended Complaint alleges that the activity that infringes the '835 patent concerns "corn products." To establish Syngenta's infringement of any claim of the '835 patent, Monsanto must therefore show that the claim encompasses monocots. Specifically, Monsanto must show that the claim encompasses either monocot plant cells, monocot plants, the use of the recited chimeric plant genes in monocot plants, or the use of the recited vectors in monocot plants, depending on the recitation of the particular claim (referred to herein as a "monocot claim").

30.     The chimeric plant gene purportedly claimed in any monocot claim of the '835 patent is a "heterologous gene" within the meaning of the representation DeKalb made to the Federal Circuit in *Plant Genetic Systems*.

31.     If the '835 patent's disclosure is not sufficient as of the patent's filing date (July 7, 1986) to enable persons skilled in the art to make monocot plant cells and plants having the recited chimeric plant genes or vectors and to use the recited chimeric plant genes or vectors in monocot cells and plants without undue experimentation, any monocot claim of the patent is invalid under 35 U.S.C. § 112, ¶ 1.

32.     In light of *Plant Genetic Systems*, Monsanto is precluded in this action—under principles of collateral estoppel, judicial estoppel, or otherwise—from arguing that as of July 7, 1986, persons skilled in the art could make monocot plant cells and plants having the recited chimeric plant genes or vectors and to use the recited chimeric plant genes or vectors in monocot plants without undue experimentation.  Because this argument is necessary to prevent the monocot claims from being found invalid under 35 U.S.C. § 112, ¶ 1, Monsanto's infringement allegations are barred.

### JURY DEMAND

33.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants request a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request judgment against Plaintiffs and request that the Court enter an Order providing as follows:

1)     dismissing the Second Amended Complaint with prejudice;

2)     finding that each claim of the '835 patent is invalid or not infringed by Defendants;

3)      permanently enjoining Plaintiffs, their officers, agents, servants, employees, and

        attorneys, and those other persons or entities in active concert or participation

        with them, from asserting (either in a lawsuit or in any other manner) that

        Defendants have infringed any claim of the '835 patent;

4)      finding that this is an "exceptional" case under 35 U.S.C. § 285 and awarding

        Defendants their reasonable attorney fees and the costs of this action; and

5)      granting Defendants such other relief as this Court may deem just.

_____

John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Glenn C. Mandalas (No. 4432)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware  19801
(302) 571-6600
gmandalas@ycst.com

Attorneys for Defendants Syngenta Seeds,
Inc., Syngenta Biotechnology, Inc.,
Golden Harvest Seeds, Inc.,
Garwood Seed Co.,
Golden Seed Company, L.L.C.,
Sommer Bros. Seed Company,
Thorp Seed Co., and
JC Robinson Seeds, Inc.

Of counsel:

Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

Dated:  March 10, 2005

WP3:1092713.1                                                                                          059155.1008

## CERTIFICATE OF SERVICE

I, Glenn C. Mandalas hereby certify that on March 10, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street
> Wilmington, DE 19899-0951

I further certify that on March 10, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDEX**

> Susan Knoll, Esquire
> Howrey, Simon, Arnold & White, LLP
> 750 Bering Drive, #400
> Houston, TX 77057

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>
> Glenn C. Mandalas (No. 4432)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> gmandalas@ycst.com
>
> Attorneys for Defendants