IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>     Plaintiffs,<br><br>v.<br><br>SYNGENTA SEEDS, INC.,<br>SYNGENTA BIOTECHNOLOGY, INC.,<br>GOLDEN HARVEST SEEDS, INC.,<br>GARWOOD SEED CO.,<br>GOLDEN SEED COMPANY, L.L.C.,<br>SOMMER BROS. SEED COMPANY,<br>THORP SEED CO., and<br>JC ROBINSON SEEDS, INC.,<br><br>     Defendants. | Civil Action No. 04-305 (SLR) |

## MONSANTO'S COVENANT NOT TO SUE SYNGENTA
## FOR INFRINGEMENT OF CERTAIN PATENT CLAIMS

WHEREAS, Monsanto Company and Monsanto Technology, LLC (collectively "Monsanto") represent that they jointly own all rights, title, and interest in U.S. Patent No. 5,188,642 ("the '642 patent");

WHEREAS, Monsanto filed an amended complaint in the present action in which it asserted that Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds, Inc. (collectively "Syngenta") by their activities have infringed certain claims of U.S. Patent No. 4,940,835 ("the '835 patent");

WHEREAS, Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc. have denied liability with respect to the '835 patent and asserted a Counterclaim for declaratory judgment that the claims of the '642 patent are invalid and/or not infringed;

WHEREAS, Monsanto has informed Syngenta that it will not assert any claim of infringement against Syngenta in this action with respect to '642 patent, and Syngenta has agreed that it will voluntarily dismiss its Counterclaim for declaratory judgment relating to the '642 patent;

NOW THEREFORE, Monsanto hereby states as follows:

1. <u>Definitions</u>. For the purposes of this Covenant:

    a. "Monsanto" shall mean Monsanto Company and Monsanto Technology, LLC, and their successors, assigns, parents, subsidiaries, Affiliates, officers, directors, employees, agents, and all other persons acting on behalf thereof;

    b. "Syngenta" shall mean Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds, Inc., and their successors, assigns, parents, subsidiaries, Affiliates, officers, directors, employees, agents, and all other persons acting on behalf thereof;

    c. "Affiliates" shall mean any business entity which controls, is controlled by or is under common control with a Party; for the purpose of this definition, a business entity shall be deemed to "control" another business entity if it owns, directly or indirectly, in excess of fifty per cent (50%) of the

        outstanding voting securities or capital stock of such business entity or any other comparable equity or ownership interest with respect to a business entity other than a corporation;

d.   "GA21" shall mean the glyphosate tolerant corn line described in USDA Petition 97-099-01p for Determination of Non-Regulated Status;

e.   "Parties" shall mean Monsanto Company, Monsanto Technology, LLC, Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds, Inc., and "Party" shall refer to one of the Parties;

f.   "Products" shall include any GA21 corn products, seeds, crops, plants, or organisms containing traits for or exhibiting resistance to glyphosate herbicides that are made, used, sold, offered for sale, or imported by or for Syngenta, or any GA21 corn product licensed by or to Syngenta;

g.   "Protected Person" shall mean any person who is making, using, selling, offering for sale, licensing, or importing Products, including but not limited to:

    i.   any farmer or grower in the United States;

    ii.   any customer, licensee, sublicensee, partner, collaborator, joint venturer, purchaser of service or goods, or contractual counterpart of Syngenta;

    iii.   any person to whom Syngenta owes any warranty or indemnity, regardless of whether such warranty or indemnity arises by contract, by operation of law, or otherwise;

  iv. any seed company in the United States;

  v. any seed cooperative in the United States;

  vi. any farmer cooperative in the United States;

  vii. any dealer or reseller of seed, crops, chemicals, plants, or agricultural Products in the United States;

  viii. any food processors, millers, or grain elevator operators in the United States.

  2. Monsanto unconditionally agrees, promises, and covenants not to sue, or otherwise assert any claim against, Syngenta or any other Protected Person for infringement, inducement of infringement, or contributory infringement of any or all of the claims of the '642 patent (or any reissue or supplemental certificate issued with respect to the '642 patent) for the full term of the '642 patent based on any manufacture, use, sale, offer for sale, or importation of any past or present Products.

  3. The foregoing disclaimer is limited solely to actions for infringement of the '642 patent and no other disclaimer, right, or license is granted either directly or by implication.

  4. This Covenant shall be binding upon, and shall inure to the benefit of, the Parties as well as their respective successors-in-interest, assigns, parents, subsidiaries, and Affiliates.

  5. Nothing in this Covenant shall preclude Syngenta from asserting any claim or defense in any subsequent action or proceeding.

Dated: 3/17/05

By: _____
Thomas J. DeGroot
Title: Associate General Counsel

On behalf of
MONSANTO COMPANY AND
MONSANTO TECHNOLOGY, LLC

4