## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MONSANTO COMPANY and )
MONSANTO TECHNOLOGY LLC )
)
   Plaintiffs, )
)
   v. )   C. A. NO. 04-305-SLR
)
SYNGENTA SEEDS, INC., )
SYNGENTA BIOTECHNOLOGY, INC., )  **JURY TRIAL DEMANDED**
GOLDEN HARVEST SEEDS, INC., )
GARWOOD SEED CO., )
GOLDEN SEED COMPANY, L.L.C., )
SOMMER BROS. SEED COMPANY, )
THORP SEED CO., AND )
JC ROBINSON SEEDS, INC., )
)
   Defendants. )

## ANSWER OF MONSANTO COMPANY AND MONSANTO TECHNOLOGY LLC
## TO SYNGENTA SEEDS, INC.'S AMENDED ANTITRUST COMPLAINT

Defendants Monsanto Company and Monsanto Technology LLC (collectively

"Monsanto") hereby answer plaintiff Syngenta Seeds, Inc.'s ("plaintiff" or "Syngenta")

Amended Complaint ("complaint") as follows:[1]

### NATURE OF THE ACTION

  1.  Monsanto denies the allegations contained in paragraph 1.

  2.  Monsanto denies the allegations contained in paragraph 2.

  3.  Monsanto denies the allegations contained in paragraph 3.

  4.  Monsanto denies the allegations contained in paragraph 4.

  5.  Monsanto denies the allegations contained in paragraph 5.

---

[1] Monsanto answers the Amended Complaint originally filed in *Syngenta Seeds, Inc. v. Monsanto Company et al*, C.A. No. 04-CV-908 (SLR), which was consolidated with the above captioned action by the Court's March 24, 2005 Order.

6.    Monsanto denies the allegations contained in paragraph 6.

7.    Monsanto denies the allegations contained in paragraph 7.

8.    Monsanto denies the allegations contained in paragraph 8.

9.    Monsanto denies the allegations contained in paragraph 9.

10.    Monsanto denies the allegations contained in paragraph 10.

11.    Monsanto denies the allegations contained in paragraph 11.

## JURISDICTION AND VENUE

12.    Monsanto admits that plaintiff's complaint purports to be an action for which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. §§ 15, 22, and 26.

13.    Monsanto admits that plaintiff's complaint purports to be an action for which this Court has personal jurisdiction over Monsanto.  Monsanto Company and Monsanto Technology LLC admit they are entities organized and existing under the laws of the State of Delaware.

14.    Monsanto admits that plaintiff's complaint purports to be an action for which this district is the proper venue under 28 U.S.C. § 1391 and 15 U.S.C. §§15 and 26.  Monsanto denies the remaining allegations contained in paragraph 14 insofar as the allegations purport to provide any basis for imposing any liability upon Monsanto.

## THE PARTIES

15.    Monsanto admits the allegations contained in paragraph 15.

16.    Monsanto admits the allegations contained in paragraph 16.

17.    Monsanto admits the allegations contained in paragraph 17.

18.    Monsanto admits the allegations contained in paragraph 18.

2

## FACTUAL BACKGROUND

### A.    Corn Seeds And Traits

19.    Monsanto admits the allegations contained in paragraph 19.

20.    Monsanto admits the allegations contained in paragraph 20.

21.    Monsanto admits the allegations contained in paragraph 21.

#### 1.    Biotechnology Crop Traits

22.    Monsanto denies the allegations contained in paragraph 22.

23.    Monsanto admits the allegations contained in paragraph 23.

24.    Monsanto admits the allegations contained in paragraph 24.

25.    Monsanto admits that there are currently two events approved for making glyphosate tolerant corn seed, referred to as NK603 and GA21®.  Monsanto denies the remaining allegations contained in paragraph 25.

26.    Monsanto admits the allegations contained in paragraph 26.

27.    Monsanto admits the first two sentences of paragraph 27.  Monsanto lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in last sentence of paragraph 27 and on that basis, denies the allegations in the last sentence of paragraph 27.

#### 2.    The Corn Seed Chain of Distribution

28.    Monsanto denies the allegations contained in paragraph 28.

29.    Monsanto admits the allegations contained in paragraph 29.

30.    Monsanto admits that foundation seed companies develop foundation seed lines or inbred seed lines that are sometimes licensed or sold to hybrid seed companies for use in producing hybrid seed corn.  Monsanto further admits that hybrid seed corn may be produced by crossing two inbred seed lines.  Monsanto denies the remaining allegations contained in paragraph 30.

31.    Monsanto admits the allegations contained in paragraph 31.

**B.    Monsanto**

      **1.    Monsanto's Acquisition of Trait and Foundation Seed Assets**

32.    Monsanto admits that Monsanto Company has acquired certain intellectual property and other assets.  Monsanto denies the remaining allegations contained in paragraph 32.

33.    Monsanto admits that in 1996, Monsanto Company acquired a minority interest in DEKALB Genetics Corporation.  Monsanto also admits that in 1997, Monsanto Company acquired certain intellectual property rights from DEKALB Genetics Corporation by license.  Monsanto denies the remaining allegations contained in paragraph 33.

34.    Monsanto admits that since 1997, ECB-resistant corn has been sold by Monsanto and Monsanto's licensees under the trade name YieldGard®.

35.    Monsanto admits that in February 1997, Monsanto Company acquired Asgrow Seed Company.  Monsanto also admits that following the acquisition of Asgrow Seed Company, research collaboration between Asgrow Seed Company and AgrEvo was terminated.  Monsanto denies the remaining allegations contained in paragraph 35.

36.    Monsanto admits that in September 1997, Monsanto Company acquired Holden Foundation Seeds, Inc.   Monsanto denies the remaining allegations contained in paragraph 36.

37.    Monsanto admits that in 1998, it announced that it would acquire the remaining shares of DEKALB Genetics Corporation.

38.    Monsanto denies the allegations contained in paragraph 38.

39.    Monsanto admits that in 1998, Roundup Ready® glyphosate resistant corn utilizing GA21® technology that was developed by DEKALB Genetics Corporation was commercially sold.  Monsanto denies the remaining allegations contained in paragraph 39.

40.    Monsanto admits that in 1997, Rhone-Poulenc sued DEKALB Genetics Corporation and Monsanto Company. The allegations contained in the complaint in that action speak for themselves. Monsanto denies the remaining allegations contained in paragraph 40.

41.    Monsanto denies the allegations contained in paragraph 41.

42.    Monsanto denies the allegations contained in paragraph 42.

43.    Monsanto admits the allegations contained in paragraph 43.

2.    **Monsanto's Licensing Practices**

44.    Monsanto denies the allegations contained in paragraph 44.

45.    Monsanto admits that it has derived revenues, directly or indirectly, from farmers through either grower fees or royalties collected by seed companies or retailers/dealers on behalf of Monsanto. Monsanto further admits that the royalty was $18 per unit on its Roundup Ready® corn for the crop year 2003. Monsanto denies the remaining allegations contained in paragraph 45.

46.    Paragraph 46 purports to selectively quote from or paraphrase a document, which speaks for itself. Monsanto denies the remaining allegations contained in paragraph 46.

47.    Paragraph 47 purports to selectively quote from or paraphrase a document, which speaks for itself. Monsanto denies the remaining allegations contained in paragraph 47.

48.    Monsanto admits that it has various written agreements with seed companies regarding Monsanto's NK603 glyphosate-tolerant corn trait, its ECB-resistant corn trait, its CRW-resistant corn trait and other products. The terms of those agreements speak for themselves. Monsanto denies the remaining allegations contained in paragraph 48.

49.    Monsanto denies the allegations contained in paragraph 49.

5

50.    Paragraph 50 purports to selectively quote from or paraphrase a document, which speaks for itself. Monsanto denies the remaining allegations contained in paragraph 50.

51.    Paragraph 51 purports to selectively quote from or paraphrase a document, which speaks for itself. Monsanto denies the remaining allegations contained in paragraph 51.

52.    Monsanto admits the second sentence of the allegations contained in paragraph 52. Monsanto denies the remaining allegations contained in paragraph 52.

### 3.    Monsanto's Strategy and Dominance

53.    Monsanto admits that in "recent years" it has focused on its trait and seed businesses, among others. Monsanto further admits that paragraph 53 selectively quotes from or paraphrases Monsanto's 2003 Annual Report, which speaks for itself. Monsanto denies the remaining allegations contained in paragraph 53.

54.    Monsanto denies the first sentence of paragraph 54. Monsanto admits that it is a supplier of biotechnology traits in the U.S., a supplier of foundation seeds and a supplier of hybrid seeds and other crop protection products. Monsanto denies the remaining allegations contained in paragraph 54.

55.    Monsanto denies the first sentence of paragraph 55. Monsanto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55, and on that basis, denies the allegations.

56.    Monsanto admits that Holden's is a leading foundation seed provider. Monsanto denies the allegations contained in paragraph 56.

57.    Monsanto admits that DEKALB and Asgrow are wholly-owned subsidiaries of Monsanto. Monsanto further admits that Asgrow is active in selling hybrid corn Seed. Monsanto denies the remaining allegations contained in paragraph 57.

58.    Monsanto admits that it is a leading producer of glyphosate-based herbicide sold in the United States. Monsanto is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58, and on that basis, denies the remaining allegations.

### C.    Syngenta

59.    Monsanto admits that Syngenta sells a wide range of agricultural products, including seeds and other crop protection products.    Monsanto further admits that Syngenta sells via a license at least one biotechnology trait in the United States. Monsanto is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59, and on that basis, denies the allegations.

60.    Monsanto admits that Syngenta markets an ECB-resistant corn trait, Bt11. Monsanto further admits that Syngenta licenses the Bt11 trait from Monsanto under a written agreement, the terms of which speak for themselves.  Monsanto denies the remaining allegations contained in paragraph 60.

61.    Monsanto admits that Syngenta sells a glyphosate-tolerant soybean seed. Monsanto further admit that the glyphosate-tolerant soybean trait is licensed from Monsanto under a written agreement, the terms of which speak for themselves. Monsanto denies the remaining allegations contained in paragraph 61.

62.    Monsanto denies the allegations contained in paragraph 62.

63.    Monsanto admits the allegations contained in paragraph 63.

64.    Monsanto admits that on May 12, 2004, Syngenta AG announced it had acquired certain intellectual property rights in GA21® from Bayer CropScience. Monsanto denies the remaining allegations contained in paragraph 64.

65.    Monsanto admits that on May 12, 2004, Syngenta AG issued two press releases, one relating to Advanta BV and one relating to GA21®, which speak for themselves.  To the extent paragraph 65 purports to characterize those documents, Monsanto denies the allegations contained in paragraph 65.

66.    Monsanto admits the allegations contained in paragraph 66.

67.    Monsanto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and on that basis, denies the allegations.

68.    Monsanto denies the allegations contained in paragraph 68.

69.    Monsanto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69, and on that basis, denies the allegations.

### D.    Monsanto's Alleged Unlawful Conduct And Practices To Exclude Syngenta From The Traits And Foundation Seed Market

70.    Monsanto denies the allegations contained in paragraph 70.

71.    Monsanto denies the allegations contained in paragraph 71.

72.    Monsanto admits that on May 12, 2004, it filed a lawsuit captioned *Monsanto Company et al. v. Syngenta Seeds, Inc., et al.*, C.A. No. 04-305 (D. Del.). Monsanto denies the remaining allegations contained in paragraph 72.

73.    Monsanto denies the allegations contained in paragraph 73.

74.    Monsanto denies the allegations contained in paragraph 74.

75.    Monsanto admits that it filed an action on July 27, 2004 captioned *DeKalb Genetics Corporation v. Syngenta Seeds, Inc., et al.*, CA No. 04C50323.  Monsanto denies the remaining allegations contained in paragraph 75.

76.    Monsanto denies the allegations contained in paragraph 76.

77.    Paragraph 77 purports to selectively quote from or paraphrase a document, which speaks for itself.  Monsanto denies the remaining allegations contained in paragraph 77.

78.    Monsanto denies the allegations contained in paragraph 78.

79.    Monsanto denies the allegations contained in paragraph 79.

80.    Monsanto denies the allegations contained in paragraph 80.

81.    Monsanto denies the allegations contained in paragraph 81.

82.     Monsanto denies the allegations contained in paragraph 82.

83.     Paragraph 83 purports to selectively quote from or paraphrase a document, which speaks for itself.  Monsanto denies the remaining allegations contained in paragraph 83.

84.     Paragraph 84 purports to selectively quote from or paraphrase a document, which speaks for itself.  Monsanto denies the remaining allegations contained in paragraph 84.

85.     Paragraph 85 references a document, which speaks for itself.  Monsanto denies the remaining allegations contained in paragraph 85.

86.     Monsanto admits the allegations contained in paragraph 86.

87.     Paragraph 87 purports to characterize a Federal Circuit decision, which speaks for itself.  Monsanto denies the remaining allegations contained in paragraph 87.

88.     Monsanto admits that it entered into a settlement agreement with Aventis (now Bayer CropScience) regarding the use of GA21® corn through the 2004-planting season.  The terms of that settlement agreement speak for themselves.  Monsanto denies the remaining allegations contained in paragraph 88.

89.     Monsanto denies the allegations contained in paragraph 89.

90.     Monsanto denies the allegations contained in paragraph 90.

91.     Paragraph 91 purports to selectively quote from or paraphrase a document, which speaks for itself.  Monsanto denies the remaining allegations contained in paragraph 91.

92.     Paragraph 92 purports to selectively quote from or paraphrase a document, which speaks for itself.  Monsanto denies the remaining allegations contained in paragraph 92.

93.     Monsanto denies the allegations contained in paragraph 93.

94.    Paragraph 94 purports to selectively quote from or paraphrase a document, which speaks for itself. Monsanto denies the remaining allegations contained in paragraph 94.

95.    Monsanto denies the allegations contained in paragraph 95.

96.    Monsanto admits the allegations contained in paragraph 96.

97.    Monsanto admits that it sent a letter to seed companies on or about May 13, 2004, which speaks for itself. Monsanto denies the remaining allegations contained in paragraph 97.

98.    Monsanto denies the allegations contained in paragraph 98.

99.    Monsanto denies the allegations contained in paragraph 99.

100.    Monsanto denies the allegations contained in paragraph 100.

101.    Paragraph 101 purports to selectively quote from or paraphrase a document, which speaks for itself. Monsanto denies the remaining allegations contained in paragraph 101.

102.    Paragraph 102 purports to selectively quote from or paraphrase a document, which speaks for itself. Monsanto denies the remaining allegations contained in paragraph 102.

103.    Paragraph 103 purports to selectively quote from or paraphrase a document, which speaks for itself. Monsanto denies the remaining allegations contained in paragraph 103.

104.    Paragraph 104 purports to selectively quote from or paraphrase a document, which speaks for itself. Monsanto denies the remaining allegations contained in paragraph 104.

105.    Paragraph 105 purports to selectively quote from or paraphrase a document, which speaks for itself. Monsanto denies the remaining allegations contained in paragraph 105.

106.    Monsanto denies the allegations contained in paragraph 106.

107.    Monsanto denies the allegations contained in paragraph 107.

108.    Monsanto denies the allegations contained in paragraph 108.

109.    Monsanto denies the allegations contained in paragraph 109.

110.    Monsanto denies the allegations contained in paragraph 110.

111.    Monsanto denies the allegations contained in paragraph 111.

112.    Monsanto admits that it has or had written agreements with certain seed companies entitled the License Incentive Agreement, the terms of which speak for themselves. Monsanto denies the remaining allegations contained in paragraph 112.

113.    Monsanto denies the allegations contained in paragraph 113.

114.    Monsanto denies the allegations contained in paragraph 114.

115.    Monsanto admits that its ECB-resistant trait is called MON810 and that MON810 is licensed under the YieldGard® trademark. Monsanto also admits that certain MON810 license agreements permit MON810 to be stacked with other traits, including the glyphosate-tolerant event, NK603. Monsanto denies the remaining allegations contained in paragraph 115.

116.    Monsanto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 116, and on that basis, denies the allegations. Monsanto admits that Syngenta markets an ECB-resistant corn trait, Bt11. Monsanto further admits that Syngenta licenses the Bt11 trait from Monsanto under a written agreement, the terms of which speak for themselves. Monsanto denies the remaining allegations contained in paragraph 116.

117.    Monsanto admits that Dow AgroSciences/Pioneer market an ECB event under the trade name Hurculex® and that certain of the technology relating to that product is licensed from Monsanto under a license agreement providing for a royalty payment. Monsanto denies the remaining allegations contained in paragraph 117.

118.    Monsanto denies the allegations contained in paragraph 118.

11

119.   Monsanto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119, and on that basis, denies the allegations.

120.   Monsanto denies the allegations contained in paragraph 120.

121.   Monsanto denies the allegations contained in paragraph 121.

122.   Monsanto denies the allegations contained in paragraph 122.

123.   Monsanto denies the allegations contained in paragraph 123.

124.   Monsanto denies the allegations contained in paragraph 124.

125.   Monsanto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence in paragraph 125, and on that basis, denies the allegations.  Monsanto denies the remaining allegations contained in paragraph 125.

126.   Monsanto denies the allegations contained in paragraph 126.

127.   Monsanto denies the allegations contained in paragraph 127.

128.   Monsanto denies the allegations contained in paragraph 128.

129.   Monsanto denies the allegations contained in paragraph 129

130.   Monsanto denies the allegations contained in paragraph 130.

131.   Monsanto denies the allegations contained in paragraph 131.

132.   Monsanto denies the allegations contained in paragraph 132.

133.   Monsanto admits that it explored the possible acquisition of Advanta in early 2004.  Monsanto denies the allegations contained in paragraph 133.

134.   Monsanto denies the allegations contained in paragraph 134.

135.   Monsanto denies the allegations contained in paragraph 135.

136.   Monsanto denies the allegations contained in paragraph 136.

## ALLEGED RELEVANT MARKET AND MONSANTO'S
## ALLEGED MONOPOLY POWER

**A.    Glyphosate-Tolerant Corn Traits**

137.    Paragraph 137 states a legal conclusion to which no answer is required. To the extent an answer is deemed required, Monsanto denies the allegations contained in paragraph 137.

138.    Monsanto denies the allegations contained in paragraph 138.

139.    Monsanto denies the allegations contained in paragraph 139.

140.    Monsanto denies the allegations contained in paragraph 140.

141.    The first sentence of paragraph 141 states a legal conclusion as to which no answer is required.  To the extent an answer is deemed required, Monsanto denies the allegations contained in the first sentence of paragraph 141.  Monsanto denies the allegations contained in the last sentence of paragraph 141.  Monsanto admits the allegations contained in the second, third and fourth sentences of paragraph 141.

142.    Monsanto denies the allegations contained in paragraph 142.

143.    Monsanto denies the allegations contained in paragraph 143.

144.    Monsanto denies the allegations contained in paragraph 144.

**B.    European Corn Borer-Resistant Corn Traits**

145.    Paragraph 145 states a legal conclusion to which no answer is required. To the extent an answer is deemed required, Monsanto denies the allegations contained in paragraph 145.

146.    Monsanto denies the allegations contained in paragraph 146.

147.    Monsanto denies the allegations contained in paragraph 147.

148.    Monsanto denies the allegations contained in paragraph 148.

149.    Monsanto denies the allegations contained in paragraph 149.

150.    The first sentence of paragraph 150 states a legal conclusion as to which no answer is required.  To the extent an answer is deemed required, Monsanto denies the allegations contained in the first sentence of paragraph 150.  Monsanto denies the

allegations contained in the last sentence of paragraph 150. Monsanto admits the allegations contained in the second, third and fourth sentences of paragraph 150.

151.    Monsanto denies the allegations contained in paragraph 151.

152.    Monsanto denies the allegations contained in paragraph 152.

153.    Monsanto denies the allegations contained in paragraph 153.

**C.    Foundation Corn Seeds**

154.    Paragraph 154 states a legal conclusion to which no answer is required.
To the extent an answer is deemed required, Monsanto denies the allegations contained in paragraph 154.

155.    Monsanto denies the allegations contained in paragraph 155.

156.    Monsanto denies the allegations contained in paragraph 156.

157.    Paragraph 157 states a legal conclusion to which no answer is required.
To the extent an answer is deemed required, Monsanto denies the allegations contained in paragraph 157.

158.    Monsanto admits that it is a leading producer of corn foundation seeds in the United States. Monsanto denies the remaining allegations contained in paragraph 158.

159.    Monsanto denies the allegations contained in paragraph 159.

160.    Monsanto denies the allegations contained in paragraph 160.

161.    Monsanto denies the allegations contained in paragraph 161.

**PURPORTED EFFECTS OF DEFENDANTS' UNLAWFUL SCHEME**

    **1.**      **Effects on the Glyphosate-Tolerant Corn Trait Markets**

162.    Monsanto denies the allegations contained in paragraph 162.

163.    Monsanto denies the allegations contained in paragraph 163.

164.    Monsanto denies the allegations contained in paragraph 164.

    **2.**      **Effects on the ECB-Resistant Corn Trait Markets**

165.    Monsanto denies the allegations contained in paragraph 165.

166.    Monsanto denies the allegations contained in paragraph 166.

167.    Monsanto denies the allegations contained in paragraph 167.

    **3.**      **Effects on the Foundation Corn Seed Market**

168.    Monsanto denies the allegations contained in paragraph 168.

169.    Monsanto denies the allegations contained in paragraph 169.

170.    Monsanto denies the allegations contained in paragraph 170.

171.    Monsanto denies the allegations contained in paragraph 171.

**CLAIMS FOR RELIEF**

**COUNT ONE**
**Glyphosate-Tolerant Corn Trait Market**
**Sherman Act, Section 2**

172.    Monsanto reasserts and incorporates by reference its answers to paragraphs 1-171 above.

173.    Monsanto denies the allegations contained in paragraph 173.

174.    Monsanto denies the allegations contained in paragraph 174.

175.    Monsanto denies the allegations contained in paragraph 175.

176.    Monsanto denies the allegations contained in paragraph 176.

177.    Monsanto denies the allegations contained in paragraph 177.

178.    Monsanto denies the allegations contained in paragraph 178.

179.    Monsanto denies the allegations contained in paragraph 179.

180.    Monsanto denies the allegations contained in paragraph 180.

## COUNT TWO
## ECB-Resistant Corn Trait Market
## Sherman Act, Section 2

181.    Monsanto reasserts and incorporates by reference its answers to paragraphs 1–180 above.

182.    Monsanto denies the allegations contained in paragraph 182.

183.    Monsanto denies the allegations contained in paragraph 183.

184.    Monsanto denies the allegations contained in paragraph 184.

185.    Monsanto denies the allegations contained in paragraph 185.

186.    Monsanto denies the allegations contained in paragraph 186.

187.    Monsanto denies the allegations contained in paragraph 187.

188.    Monsanto denies the allegations contained in paragraph 188.

189.    Monsanto denies the allegations contained in paragraph 189.

## COUNT THREE
## Foundation Corn Seed Market
## Sherman Act, Section 2

190.    Monsanto reasserts and incorporates by reference its answers to paragraphs 1–189 above.

191.    Monsanto denies the allegations contained in paragraph 191.

192.    Monsanto denies the allegations contained in paragraph 192.

193.    Monsanto denies the allegations contained in paragraph 193.

194.    Monsanto denies the allegations contained in paragraph 194.

195.    Monsanto denies the allegations contained in paragraph 195.

196.    Monsanto denies the allegations contained in paragraph 196.

197.    Monsanto denies the allegations contained in paragraph 197.

198.    Monsanto denies the allegations contained in paragraph 198.

**DEMAND FOR TRIAL BY JURY**

199.    Monsanto admits that plaintiff purports to demand a trial by jury, but denies that plaintiff has stated any claims that are triable.

## PRAYER FOR RELIEF

In answer to the Prayer for Relief, Monsanto denies that plaintiff is entitled to any of the relief sought in paragraphs A–F of the Prayer for Relief and further denies that plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Monsanto denies allegations contained in the complaint not expressly admitted in this Answer.

## DEFENSES

The following defenses apply to all causes of action alleged in the complaint.

### First Defense

Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the statute of limitations.

### Third Defense

Plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

### Fourth Defense

Plaintiff has failed to mitigate its damages, if any.

### Fifth Defense

Plaintiff lacks standing to assert the claims alleged in the complaint.

## Sixth Defense

Plaintiff's claims are barred, in whole or in part, because Syngenta has not suffered, and will not suffer, any injury, including but not limited to injury of the type the antitrust laws were designed to prevent, nor sustained injury to a legally protected or cognizable interest, by reason of the conduct alleged in the Amended Complaint.

## Seventh Defense

Any injuries or damages plaintiff may have suffered were caused solely and proximately by the acts or omissions of others.

## Eight Defense

Any and all of Monsanto's actions challenged by plaintiff were lawful, justified, and procompetitive, and were carried out in furtherance of Monsanto's legitimate business interests.

## Ninth Defense

Plaintiff has an adequate remedy at law and no basis exists for injunctive relief.

Monsanto reserves the right to assert any additional defenses that may be disclosed during the course of additional investigation and discovery.

## JURY DEMAND

Monsanto demands a trial by jury on the Amended Complaint.

## PRAYER

THEREFORE, having fully answered plaintiff's complaint, defendant Monsanto

prays:

    (1)    For dismissal of the Amended Complaint with prejudice;

    (2)    For the award of Monsanto costs and attorneys' fees, as may be allowed by law; and

    (3)    For such other relief as the Court deems just and appropriate.

Respectfully submitted,

OF COUNSEL:

Peter E. Moll
John DeQ. Briggs, III
Scott E. Flick
HOWREY SIMON ARNOLD & WHITE LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 783-0800

John F. Lynch
Susan K. Knoll
HOWREY SIMON ARNOLD & WHITE LLP
750 Bering Drive
Houston, TX 77057
(713) 787-1400
(713) 787-1440 facsimile

Dated:  April 7, 2005

677225

POTTER ANDERSON & CORROON LLP

BY: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Monsanto Company
and Monsanto Technology LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on April 7, 2005, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification of

such filing(s) to the following and the document is available for viewing and downloading from

CM/ECF:

> John W. Shaw
> Young Conaway Stargatt & Taylor, L.L.P.
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801

I hereby certify that on April 7, 2005, I have Federal Expressed the foregoing

document(s) to the following non-registered participants:

| | |
|---|---|
| Richard F. Schwed<br>Thomas A. McGrath III<br>Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, NY 10022-6069 | Michael J. Flibbert, Esq.<br>Don O. Burley, Esq.<br>Howard W. Levine, Esq.<br>Finnegan, Henderson, Farabow,<br>Garrett & Dunner, L.L.P.<br>901 New York Ave., NW<br>Washington, DC 20001-4413 |

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

677273