IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>SYNGENTA SEEDS, INC. and<br>SYNGENTA BIOTECHNOLOGY, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04-305-SLR |
| SYNGENTA SEEDS, INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | (Consolidated)<br><br>C.A. No. 04-908-SLR |

**RULE 16 SCHEDULING ORDER**

This 26th day of April, 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b), IT IS ORDERED that:

1.     Scope. This Rule 16 Scheduling Order shall apply only to the claims and defenses brought by the parties in Civil Action 04-908-SLR (the "antitrust case"). Nothing in this Order shall change the Scheduling Order, entered as D.I. 21, governing the parties' claims and defenses in *Monsanto Company, et al. v. Syngenta Seeds, Inc., et al.*, Civil Action 04-305-SLR.

2. <u>Pre-Discovery Disclosures</u>. The parties will exchange on May 18, 2005 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

3. <u>Discovery</u>.

    a. Discovery will be needed from the parties and third parties on the following subjects:

        i. Monsanto Company and Monsanto Technology LLC's (together "Monsanto") alleged monopolization of the alleged market for licensing glyphosate tolerant corn traits.

        ii. Monsanto's alleged monopolization of the alleged market for licensing ECB resistant corn traits.

        iii. Monsanto's alleged attempted monopolization of the alleged market for foundation corn seed.

        iv. Any damages and other appropriate relief resulting from ¶¶3(a)(i)-(iii).

        v. Monsanto's defenses relating to ¶¶3(a)(i)-(iii).

    b. All fact discovery shall be commenced in time to be completed by March 31, 2006.

        i. Document production shall be completed on or before October 21, 2005.

        ii. Maximum of 50 interrogatories by each side to the other side.

        iii. Maximum of 50 requests for admission by each side to the other side.

      iv.    In the absence of agreement among the parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

      v.    Maximum of 225 hours for fact depositions by plaintiff and maximum of 225 hours for fact depositions by defendants. Each fact deposition other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be limited to a maximum of 7 hours unless extended by agreement of the parties; provided that each party may take up to 3 depositions not exceeding 10 hours each.

  c.    Expert discovery shall be commenced in time to be completed by July 7, 2006.

      i.    Expert reports on issues for which the parties have the burden of proof due May 5, 2006. Rebuttal expert reports due June 2, 2006.

      ii.    Expert depositions to be limited to a maximum of 14 hours per expert unless extended by agreement of the parties.

      iii.    All <u>Daubert</u> motions shall be filed on or before August 15, 2006. Briefing on any <u>Daubert</u> motions shall proceed under the schedule set forth in paragraph 6 of this order.

      iv.    Supplementations under Rule 26(e) are due on January 14, 2006. Nothing in this paragraph, however, shall be deemed to relieve a party of its obligation to supplement or amend in accordance with Rule 26(e).

  d.    <u>Discovery Disputes</u>.

      i.    The Court shall conduct in-person discovery status conferences on September 19, 2005 from 4:30 to 5:30 p.m., November 14, 2005, from 4:30 to 5:30

p.m., and on February 13, 2006, from 4:30 to 5:30 p.m., the time to be allocated equally between the parties.

  ii. The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

  iii. Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

 e. Fact Witnesses to be Called at Trial. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

4. Joinder of other Parties and Amendment of Pleadings. All motions to join other parties and amend the pleadings shall be filed on or before August 13, 2005.

5. Settlement Conference. Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

6. Summary Judgment Motions. All summary judgment motions shall be served and filed with an opening brief on or before August 15, 2006. No summary judgment motion may be

filed more than ten (10) days from the above date without leave of the Court. Answering briefs and supporting papers shall be filed on or before September 15, 2006. Reply briefs shall be filed on or before September 29, 2006.

7.     Hearing. The Court shall conduct a hearing on summary judgment motions on November 9, 2006, at 3:00 p.m.

8.     Applications by Motion. Any application to the Court shall be by written motion filed with the clerk. The Court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the Court.

   a.     Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

   b.     No telephone calls shall be made to chambers.

   c.     Any party with an emergency matter requiring the assistance of the Court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.     Pretrial Conference. A pretrial conference will be held on December 14, 2006 at 3:00 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10. <u>Trial</u>. This matter is scheduled for a three week jury trial commencing on January 8, 2007, in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge