IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY AND MONSANTO TECHNOLOGY LLC,<br><br>                              Plaintiffs,<br><br>v.<br><br>SYNGENTA SEEDS, INC., AND SYNGENTA BIOTECHNOLOGY, INC.,<br><br>                              Defendants. | Civ. No. 04-305-SLR<br>(lead case) |

**PROTECTIVE ORDER REGARDING THIRD PARTY
DISCOVERY FROM BAYER CROPSCIENCE, LP
AND DISCOVERY OF PRIOR LITIGATION INVOLVING BAYER CROPSCIENCE S.A.**

One or more of the parties to the above-identified action is seeking discovery in this action directly or indirectly from third parties Bayer CropScience, LP, Bayer CropScience S.A., or their affiliates or predecessors (collectively referred to herein as "Bayer") relating to (a) agreements between Bayer and certain Syngenta-affiliated companies regarding GA21 corn, or (b) documents or information provided by Bayer to one of the parties to this action (or their predecessors) under a Protective Order in one of the following prior litigations: *Rhône-Poulenc Agro S.A. v. DeKalb Genetics Corporation*, United States District Court for the Middle District of North Carolina, Civil Action No. 1:97CV01138; *Monsanto Company and Monsanto Technology, LLC v. Aventis CropScience USA LP*, United States District Court for the Eastern District of Missouri, Civil Action No. 4:01CV01825CDP; *Plant Genetics Systems, N.V. v. Northrup King Co.*, United States District Court for the District of Delaware, Civil Action No. 96-CV-00459; or *Plant Genetics Systems, N.V. v. Ciba Seeds and Mycogen Plant Science, Inc.*, United States

1

District Court for the Middle District of North Carolina, Civil Action No. 95-CV-00741.[1] Because the requested discovery contains information Bayer or Syngenta considers to be confidential ("Confidential Information"), the Litigants and Bayer agree to entry of the following Protective Order pursuant to Fed. R. Civ. P. 26(c). Agreement by Bayer to entry of this Protective Order is made solely to protect its confidential information in the above-identified action and, except as it relates to the enforcement of this Protective Order, it is not an acknowledgment that the Court otherwise has jurisdiction over Bayer.

1. PROCEEDINGS AND FORM OF INFORMATION GOVERNED

This Order governs information designated by Bayer as containing Confidential Information when it was produced in this action or produced by Bayer in the above-identified prior litigations. The form of information protected includes, but is not limited to, documents and things, responses to written discovery, deposition testimony and exhibits, trial testimony and exhibits, written discovery, expert reports, motions, briefs, declarations and all copies, extracts, summaries, compilations, designations, and portions thereof.

This Order also governs Confidential Information produced by Syngenta in this action relating to agreements between Bayer and certain Syngenta-affiliated companies regarding GA21 corn; provided, however, with respect to any such Confidential Information produced by Syngenta, to the extent (and only to the extent) the provisions of this Protective Order are in conflict with the provisions of the Stipulated Amended Protective Order entered March 11, 2005 ("the Stipulated Protective Order"), the Stipulated Protective Order shall control.

2. DESIGNATION OF BAYER CONFIDENTIAL INFORMATION

a) Any information produced in the above-captioned action by Bayer that it reasonably believes contains Confidential Information may be designated as "CONFIDENTIAL" or

---

[1] Only the following documents from the *Plant Genetics Systems* actions will be produced: BDSM 118131-169, BDSM 143314-326, BDSM 118170-177, BDSM 132882-904, BDSM 132917-924, BDSM 155826, BDSM 156102-150, BDSM 116984-117131, BDSM 117752-849, BDSM 117850-999, and BDSM 118001-027.

"RESTRICTED CONFIDENTIAL." Other designations may also be used to identify the confidentiality of information provided their meaning is clear. For example, "CONFIDENTIAL—FOR COUNSEL ONLY," "CONFIDENTIAL—ATTORNEYS EYES ONLY," and "CONFIDENTIAL—OUTSIDE COUNSEL ONLY" have the same meaning as "RESTRICTED CONFIDENTIAL."

b) The designation "RESTRICTED CONFIDENTIAL" shall be limited to CONFIDENTIAL information that Bayer reasonably believes would harm either its competitive position or the competitive position of another entity to which Bayer owes an obligation of confidentiality with respect to that information.

c) For documents and things, the designation of Confidential Information shall be made at the time of the production of the documents or things. For deposition testimony in which Bayer or a current or past Bayer employee is a deponent, the designation of Confidential Information shall be made by Bayer on the record at the deposition or within 10 business days after receipt of the deposition transcript.

d) If Bayer produces any document in this action that Syngenta considers to contain Confidential Information of Syngenta, and Syngenta determines that a higher level of confidentiality under this Protective Order ("Confidential" or "Restricted Confidential") is necessary to adequately protect such Confidential Information of Syngenta, Syngenta may request that Bayer redesignate such document as having a higher level of confidentiality under this Protective Order.

e) Bayer retains the right to subsequently redesignate documents and to require such documents to be treated in accord with such designations thereafter. Should Bayer determine that a document subject to privilege or immunity from discovery has been produced inadvertently, it shall bring that determination to the attention of the Litigants. The inadvertently disclosed documents and

all copies shall be returned to Bayer. Such disclosure shall not result in the waiver of any associated privilege.

f)  For Confidential Information, including documents, deposition transcripts and exhibits, pleadings and trial exhibits, from prior litigations involving Bayer which is being produced by one of the Litigants to the other Litigants in the above-captioned litigation, the information shall be treated under this Order as having the same level of confidentiality that it was assigned in the prior litigation(s).

3.  RESOLUTION OF DISPUTES REGARDING DESIGNATIONS

a)  If a Litigant takes issue with Bayer's designation of Confidential Information, the Litigant shall so inform Bayer in writing, and the Litigant and Bayer shall make good faith efforts to resolve the dispute.

b)  If the Litigant and Bayer cannot resolve the dispute regarding Bayer's designation of Confidential Information, the Litigant may request relief from the Court ten (10) business days after providing written notice to Bayer of the disagreement. Bayer shall have the burden of establishing that a document contains Confidential Information and that it is entitled to protection under this Order. The challenged designation shall remain in effect until changed by order of the Court or agreement of Bayer.

4.  ACCESS TO "CONFIDENTIAL" INFORMATION

a)  Access to information marked "CONFIDENTIAL" shall be limited to the following "qualified persons":

  i)  the Litigants' outside attorneys of record in connection with the above-captioned action, and, if the attorney of record is a member of a law firm, the employees and staff of the law firm. Before any such person is permitted access to any of the Confidential

4

Information, such person shall be informed of the existence and contents of this Protective Order;

ii)   organizations retained by the attorneys of record to provide litigation support services in the above-captioned action. Before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and contents of this Protective Order;

iii)   independent experts and consultants retained in the above-captioned action by the attorneys of record, in so far as the attorneys of record may deem it necessary for the preparation or trial of any relevant case to consult with such experts or consultants, provided that any such actual or contemplated expert or consultant is not employed by any of the Litigants or their respective counsel; and the conditions set forth in ¶ 6 are fulfilled in relation to any such actual or contemplated expert or consultant;

iv)   Marian T. Flattery, Edward Resler, David Snively, Tom DeGroot and any other in-house counsel of the receiving party provided that the conditions set forth in ¶ 6 are fulfilled with respect to any such representative;

v)   two in-house technical persons designated by the receiving party, provided that the conditions set forth in ¶ 6 are fulfilled with respect to any such representative;

vi)   the Court and court reporting personnel involved in tracking or transcribing testimony in this action; and

vii)   such other persons as hereafter may be designated by written agreement by Bayer in this action or by order of the Court entered upon notice to Bayer.

b)   All materials containing information marked "CONFIDENTIAL" shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

5

5. ACCESS TO "RESTRICTED CONFIDENTIAL" INFORMATION

a) Access to information marked "RESTRICTED CONFIDENTIAL" shall be limited to the "qualified persons" identified in ¶¶ 4(a)(i), (ii), (iii), (vi), and (vii) with the disclosure to the independent experts and consultants specified in ¶ 4(a)(iii) being governed by the procedure set forth below in ¶ 6, and shall not be shown to any other persons; provided, however, that the information may be used in any relevant court proceeding subject to the provisions of ¶ 8 below. In addition, two designated in-house counsel for Monsanto and Syngenta shall be permitted access to materials filed with the Court, including information designated "RESTRICTED CONFIDENTIAL," provided, however, that no party shall file materials unnecessarily with the Court so as to provide access of Confidential Information to the designated in-house counsel. The designated in-house counsel shall be Marian T. Flattery and Edward Resler for Defendants and David Snively and Tom DeGroot for Monsanto. If circumstances require that different in-house counsel be permitted access to " RESTRICTED CONFIDENTIAL" information as this above-captioned action progresses, any such designation shall be either by written agreement of the parties and Bayer or by order of the Court upon notice to Bayer.

b) All materials containing Confidential Information marked "RESTRICTED CONFIDENTIAL" shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order. Under no circumstances is information marked "RESTRICTED CONFIDENTIAL" to be maintained on the premises of the Litigants.

6. DISCLOSURE TO EXPERTS

a) Each independent expert and consultant referred to in ¶ 4(a)(iii) and the in-house counsel referred to in ¶ 4(a)(iv) hereof to whom Confidential Information is to be given, shown, disclosed,

made available or communicated in any way, shall first execute a declaration, agreeing to be bound by the terms of this Protective Order, as shown in Exhibit A hereto.

b)   At least ten (10) business days prior to the receiving Litigant giving, showing, disclosing, making available or communicating Confidential Information to any such expert, consultant or in-house representative, the receiving Litigant shall deliver to Bayer an acknowledgment that the person to whom Confidential Information is proposed to be disclosed has executed the required declaration. The Litigant shall also provide a description setting forth the person's (i) present employer and job description, (ii) any consulting activities, (iii) any relationship to the parties to this action, and (iv) a copy of the person's current curriculum vitae.

c)   Bayer shall be entitled to object to such disclosure to the expert, consultant, or in-house representative for a period of ten (10) business days after service of the declaration by stating specifically in writing the reasons why it objects to such disclosure.

d)   In the event of such an objection, no disclosure of Confidential Information shall be made to the expert, consultant, or in-house representative for a period of ten (10) business days following the date of service of the objection, in order to permit Bayer to move for an order that disclosure not be made to such expert, consultant, or in-house representative, or be made only under certain conditions. Bayer shall seek to have any such motion set for the earliest possible date on the Court's motion calendar, and shall not be continued without the consent of all Parties. If no such motion is made in such time and manner, Confidential Information may be disclosed to such expert, consultant, or in-house representative for the purposes and upon the conditions herein stated. If such a motion is made, there shall be no disclosure to such expert, consultant, or in-house representative until the Court has ruled upon the motion, and then only in accordance with the ruling so made.

7

7. USE OF CONFIDENTIAL INFORMATION

a) Confidential Information disclosed pursuant to this Protective Order shall be used only for purposes of the above-captioned action and shall be protected from any unauthorized or unrelated use.

b) At any deposition session in this action in which Bayer or a current or past Bayer employee is a deponent, upon any inquiry with regard to the content of a document marked "CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL," or when counsel for Bayer deems that the answer to a question shall result in the disclosure of its Confidential Information within the meaning of this Order, counsel for Bayer may request that all persons other than the reporter, counsel, and individuals authorized under ¶ 4-6 hereof leave the deposition room during the confidential portion of the deposition.

c) All information designated as Confidential Information which is filed or lodged with the Court shall be filed or lodged in sealed envelopes on which shall be affixed a copy of the cover page of the document contained therein. The cover page shall include the words "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" as appropriate and a legend substantially in the following form:

> "This sealed container filed in this case, [identify the specific case], contains confidential materials generally identified as ["CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL"] pursuant to a Protective Order. This envelope shall not be opened nor the contents thereof revealed except by the Court, including court personnel as necessary for handling of the matter, or as directed by further Order of the Court. After any such opening or revelation, the envelope shall be resealed with the contents inside."

8

8.  USE OF CONFIDENTIAL INFORMATION AT TRIAL, HEARINGS, OR OTHER PROCEEDING

   a)   In the event that any Confidential Information is used in any court proceeding in connection with this litigation, it shall not lose its "Confidential" or "Restricted Confidential" status through such use. The Litigant using such information shall take steps to insure that the confidential status of the Confidential Information is maintained.

   b)   If any Litigant seeks to use Confidential Information of Bayer during any trial, hearing, or other proceeding in connection with these litigations, that Litigant must identify to Bayer the Bayer Confidential Information it may potentially use, and the date, time, and location of such proceeding as early as possible, but in no event less that five (5) business days before the start of the proceeding, to afford Bayer an opportunity to appear at the proceeding or take other steps to preserve the confidentiality of its documents or information. All parties to the underlying litigation are to be provided with a copy of this notice.

9.  USE OF CONFIDENTIAL INFORMATION

   Nothing in this Protective Order shall preclude any Litigant or its attorney (a) from showing a document designated as "Confidential" or "Restricted Confidential" to an individual who prepared or received a document prepared prior to the filing of these actions, or (b) from showing a document designated as "Confidential" or "Restricted Confidential" material to an individual who is a current employee, officer, director, or testifying on behalf of Bayer.

10. NO WAIVER

Other than as specified herein, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information does or does not embody trade secrets of any party. The procedures set forth herein shall not affect the rights of Bayer to object to discovery on the grounds other than those related to trade secrets or proprietary information claims.

11. TERMINATION OF LITIGATION

Within 30 days of the final disposition of the above-captioned action, whether by judgment and exhaustion of all appeals, or by settlement, the attorneys of record representing the Litigants that are parties to the terminated litigation:

   a) shall destroy or return to Bayer, or its attorney with respect to the subject discovery requests, the Confidential Information produced by Bayer in this action in their possession, custody, or control or in the possession, custody, or control of their staff;

   b) shall insure that all the Confidential Information of Bayer in the possession, custody or control of their experts and consultants, is destroyed or returned to Bayer, or its attorney with respect to the subject discovery requests;

   c) shall destroy all notes, memoranda or other documents which contain excerpts from any of the Confidential Information produced by Bayer in this action; and

   d) shall deliver to Bayer, or its attorney with respect to the subject discovery requests, written confirmation that there has been compliance with the terms of this paragraph or that there has not

been compliance and the reason for such noncompliance, upon receipt of which Bayer may make application to the Court for such further order as may be appropriate.

12. ENFORCEMENT OF THIS PROTECTIVE ORDER

This Protective Order shall survive the conclusion of the above-captioned action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of those actions.

| COUNSEL FOR MONSANTO COMPANY, et al. | COUNSEL FOR SYNGENTA SEEDS, INC., et al. |
|---|---|
| *[signature]* | *[signature]* |
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | John W. Shaw<br>Adam W. Poff<br>Young Conoway Stargatt & Taylor, LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>Wilmington, DE 19801 |
| DATED: 6/21/05 | DATED: |
| *[signature]* | *[signature]* |
| Peter E. Moll<br>John DeQ. Briggs<br>Scott E. Flick<br>John Rosenthal<br>John F. Lynch<br>Susan K. Knoll<br>Stephen G. Spears<br>HOWREY SIMON ARNOLD & WHITE, L.L.P.<br>750 Bering Drive<br>Houston, TX 77057 | Don O. Burley<br>Michael J. Flibbert<br>Howard W. Levine<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington D.C. 20001 |
| | DATED: 6-13-05 |
| | *[signature]* |
| | Richard F. Schwed<br>Thomas A. McGrath III<br>SHEARMAN & STERLING LLP<br>599 Lexington Avenue<br>New York, NY 10022-6069 |
| DATED: | DATED: 6-17-05 |

12

COUNSEL FOR BAYER CROPSCIENCE LP
& BAYER CROPSCIENCE S.A.

_/s/ George Pazuniak_
George Pazuniak
CONNOLY, BOVE, LODGE, & HUTZ
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801


IT IS SO ORDERED,


DATED: _____
UNITED STATES DISTRICT COURT JUDGE

13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY AND MONSANTO TECHNOLOGY LLC,<br><br>                                Plaintiffs,<br>             v.<br><br>SYNGENTA SEEDS, INC., AND SYNGENTA BIOTECHNOLOGY, INC.,<br><br>                               Defendants. | Civ. No. 04-305-SLR<br>(lead case) |

### AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER REGARDING THIRD PARTY DISCOVERY FROM BAYER CROPSCIENCE, LP AND DISCOVERY OF PRIOR LITIGATION INVOLVING BAYER CROPSCIENCE S.A.

I hereby acknowledge that I have received a copy of the Protective Order regarding Confidential Information entered in the above styled cause. I have carefully read the Protective Order, and I fully understand its terms. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I agree, under penalty of perjury, not to disclose Confidential Information designated thereunder as 'CONFIDENTIAL', 'RESTRICTED CONFIDENTIAL', 'CONFIDENTIAL—FOR COUNSEL ONLY,' 'CONFIDENTIAL—ATTORNEYS EYES ONLY,' and 'CONFIDENTIAL—OUTSIDE COUNSEL ONLY' to any person not entitled to access to such Confidential Information.

I further agree to use any Confidential Information only in connection with this litigation, and not for any other purpose, including business, competitive, or governmental purposes or functions.

I hereby consent to the jurisdiction of this Court with respect to any proceedings relating to the enforcement of the Protective Order regarding Confidential Information entered in this action, including without limitation any proceedings relating to contempt of court.

      At the end of this litigation, or my involvement in this litigation, whichever occurs first, I will return to counsel for the party by whom I am employed or retained all Confidential Information that has come into my possession, custody, or control during the course of this litigation.

      Executed this \_\_\_\_\_day of _____ at

      Signature _____

Please print the following information:

Name:

Company Name:

Business Address:

Business Telephone Number: