IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY and <br> MONSANTO TECHNOLOGY LLC, <br> <br> Plaintiffs, <br> <br> v. <br> <br> SYNGENTA SEEDS, INC., and <br> SYNGENTA BIOTECHNOLOGY, INC., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) C. A. No. 04-305-SLR <br> ) (Lead Case) <br> ) <br> ) <br> ) <br> ) **PUBLIC VERSION** <br> ) <br> ) <br> ) |

### DEFENDANT MONSANTO COMPANY AND MONSANTO TECHNOLOGY LLC'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER WITH COUNTERCLAIMS TO SYNGENTA'S ANTITRUST CLAIM

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, defendants Monsanto Company and Monsanto Technology LLC (collectively "Monsanto"), by their attorneys, hereby move for leave to amend their Answer with the addition of counterclaims against Syngenta AG, Syngenta Participations AG, Syngenta Corp., Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, and Golden Harvest Seeds, Inc. (collectively "Syngenta") for violations of the Lanham Act and the Delaware Deceptive Trade Practices Acts, and for Syngenta's tortious interference with a Monsanto contract.[1]

Monsanto's motion for leave to amend satisfies the requirements of Rule 15(a) of the Federal Rules of Civil Procedure, which provides that amendments "shall be freely given" in the absence of any undue delay, bad faith, undue prejudice, or futility of

---

[1] As required by Local Rule 15.1, an original and a copy of the proposed Amended Answer and Counterclaims are attached as Exhibits 1 and 2 to this motion. In addition, a "redline" copy of the Amended Answer and Counterclaims is attached hereto as Exhibit 3 and the proposed order is attached as Exhibit 4. Pursuant to Local Rule 7.1.1, counsel for Monsanto conferred with counsel for Syngenta, but Syngenta would not consent to the relief requested in this motion.

amendment. There has been no delay in seeking this amendment because Monsanto has only recently discovered the evidence that gives rise to its counterclaims, ███████ ███████ After ███ conducting its own review, Monsanto filed this motion well within the August 13, 2005 deadline set by the Court for the amendment of pleadings. The Amended Answer and Counterclaim is filed in good faith. There can be no undue prejudice to Syngenta by the amendment because the parties have barely begun fact discovery, with well over eight months until fact discovery closes. The counterclaims are well supported ███ ███████████████████████████████████.[2]

## NATURE AND STAGE OF THE PROCEEDINGS

Syngenta Seeds, Inc. filed this antitrust case against Monsanto on July 28, 2004. (04-908-SLR, D.I. #1.) Syngenta Seeds, Inc. subsequently amended its complaint, which it filed on September 14, 2005. (04-908-SLR, D.I. #8.) The complaint alleges that Monsanto has either monopolized or attempted to monopolize the "relevant markets" for glyophosate-tolerant corn traits, European Corn Borer-tolerant corn traits, and corn foundation seeds. Monsanto filed its Answer on April 7, 2005, denying the allegations of anticompetitive conduct set forth in Syngenta's Amended Antitrust Complaint. (04-305-SLR, D.I. #52.) On April 26, 2005, this Court entered a scheduling order relating to the antirust claims, which set forth the following relevant dates (04-305-SLR, D.I. 63):

- March 31, 2006    All fact discovery completed
- July 7, 2006      Expert discovery closes
- August 15, 2006   Summary judgment and *Daubert* motions
- December 14, 2006 Pretrial conference
- January 8, 2007   Trial commences

---

[2] ███████████████████████████████████████████████████████████

2

## RELEVANT FACTS

DEKALB Genetics Corporation ("DEKALB") and Rhone-Poulenc Agro, S.A. ("RPA") collaborated to genetically alter corn to make it resistant to glyphosate. In late 1993, DEKALB succeeded in growing transformed GA21 event corn plants resistant to Roundup herbicide and developed a glyphosate-tolerant corn line containing this event, and named the plant, "GA21 corn line." Monsanto has and continues to sell and license its glyphosate-resistant corn trait/seed under the distinctive trademark Roundup Ready®.

In March 1998, Garst Seed Company ("Garst") and Monsanto entered into an agreement entitled "Roundup Ready® Corn License and Seed Services Agreement" (the "Garst GA21 Agreement") [REDACTED]

In May 1998, the Golden Harvest Companies entered into an agreement with Monsanto entitled "Roundup Ready® Corn License and Seed Services Agreement" (hereinafter "Golden Harvest GA21 Agreement") [REDACTED]

As part of Syngenta AG's aggressive plan to expand its presence rapidly in the United States, Syngenta AG purposely acquired several U.S. seed companies that occupied positions in transgenic and conventional corn seed, including Advanta (which trades under the Garst brand) and the Golden Harvest Companies. While both Garst and the Golden Harvest Companies were licensees of GA21 event Roundup Ready® corn,

3

Syngenta never independently obtained a GA21 license from Monsanto and had no independent right to develop, market, sell or license any product containing the GA21 event.

Syngenta has sought to undermine and misappropriate Monsanto's GA21 technology and wrongfully market this GA21 event technology as its own. For example, the Golden Harvest Companies are passing off Monsanto's GA21 technology as their own. Similarly,  In fact, In so doing, Syngenta interfered with the Garst GA21 Agreement. Syngenta is improperly passing off corn seed containing Monsanto's GA21 event, wrongfully transferred to Syngenta by Garst, under the trademark "Agrisure GT Advantage."

## ARGUMENT

### I. MONSANTO'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 15

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In determining whether leave is warranted under Rule 15(a), courts consider factors such as "undue delay, bad faith or dilatory motives, undue prejudice to the opposing party, or futility of amendment." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Agere Sys. Guardian, Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 732 (D. Del. 2002). Each of these factors weighs in favor of granting leave to amend to add the counterclaims.

### A.   Monsanto Has Not Unduly Delayed In Seeking to Amend

Monsanto has only recently discovered the evidence that gives rise to its counterclaims. Upon receiving this evidence ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and conducting its own review, Monsanto concluded that it had various causes of action against Syngenta for its wrongful conduct and diligently filed this motion. This motion is filed well in advance of the Court's deadline for amendments of August 13, 2005. (D.I. 63 at ¶4.) Clearly, Monsanto has not delayed filing of the Amended Answer and Counterclaims. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (whether a delay has become "undue," and therefore "placing an unwarranted burden on the court," requires inquiry into the moving party's motives for not amending earlier) *Id.*

### B.   Syngenta Cannot Reasonably Argue that this Amendment Is Made Bad Faith

As with undue delay, determining whether conduct is in bad faith requires inquiry into the motives of the moving party in proposing such an amendment. *Adams*, 739 F.2d at 868. Monsanto's proposed Amended Answer and Counterclaims are grounded in fact and offered in good faith.

### C.   Monsanto's Amendment Will Not Unduly Prejudice Syngenta

To show undue prejudice, Syngenta must show that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" if the Court grants Monsanto's leave to amend. *TruePosition, Inc. v. Allen Telecom, Inc.*, 2002 U.S. Dist. LEXIS 12848 at *6 (D. Del. July 16, 2002) (Exhibit 5, attached hereto). "Conclusory allegations of 'prejudice'" are not sufficient to justify denial of leave to amend under Fed. R. Civ. P. 15(a). *Coca-Cola Bottling Co. v. The Coca-Cola Co.*, 668 F.Supp. 906, 922 (D. Del. 1987) (allowing leave to amend when the non-moving party solely argued that the possibility of additional discovery inherent in amendment constituted undue prejudice). Monsanto's proposed amendment will not prejudice Syngenta because the case is still in its early stages. A trial date is not set until January 8,

5

2007. (D.I. 63 at ¶10.) The parties have only recently begun exchanging written discovery, and no depositions have been noticed or taken place. Moreover, the discovery cut-off is not until March 31, 2006. (*Id.* at ¶3b.)

### D.     Monsanto's Amendment Is Not Futile

An amendment may be denied as futile if it "has no possibility of succeeding on the merits," *Agere Sys.*, 190 F.Supp. 2d at 736-737, or "if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski*, 863 F.2d at 292. Neither is the case in this instance. Monsanto has pled the requisite the elements of its four counterclaims. ████████████████████████████████████████ Therefore, Monsanto's proposed amendment is anything but futile.

## CONCLUSION

For the foregoing reasons, Monsanto respectfully requests that the Court grant its Motion for Leave to file an Amended Answer with Counterclaims and deem Monsanto's Amended Answer and Counterclaims, attached hereto, as having been filed and served as of the date of this Court's decision to allow Monsanto's motion.

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Peter E. Moll<br>John DeQ. Briggs<br>Scott E. Flick<br>John Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>(202) 783-0800 | <br>Richard L. Horwitz<br>David E. Moore<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Telephone (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| John F. Lynch<br>Susan K. Knoll<br>Steven G. Spears<br>HOWREY LLP<br>750 Bering Drive<br>Houston, TX 77057<br>Telephone (713) 787-1400 | *Attorneys for Monsanto Company and Monsanto Technology LLC* |
| Kenneth A. Letzler<br>Jonathan I. Gleklen<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, DC 20004<br>(202) 942-5000 | |

Dated: July 13, 2005
Public Version Dated: July 27, 2005

692375

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 27, 2005, the attached document was hand delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on July 27, 2005, I have Federal Expressed the foregoing document(s) to the following non-registered participants:

Richard F. Schwed
Thomas A. McGrath III
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069

Michael J. Flibbert
Don O. Burley
Howard W. Levine
Finnegan, Henderson, Farabow,
 Garrett & Dunner, L.L.P.
901 New York Ave., NW
Washington, DC 20001-4413

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

677274