

# Potter Anderson & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**David E. Moore**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

August 4, 2005

**VIA ELECTRONIC FILING**

Chief Judge Sue L. Robinson
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

> Re:   DEKALB *Genetics Corporation v. Syngenta Seeds, Inc. et al.*,
>       C.A. No. 05-355 (SLR)
>       *Monsanto Company, et al. v. Syngenta Seeds, Inc. et al.*,
>       C.A. No. 04-305 (SLR)

Dear Chief Judge Robinson:

      Monsanto/DEKALB submit this letter in response to Syngenta's August 1 letter regarding its request for bifurcation of damages and willful infringement, and for an early summary judgment motion.

      Under F.R.C.P. 42(b), bifurcation is the exception, not the rule, and Syngenta has not met its burden of showing that bifurcation is warranted. The Court has set three weeks for trial beginning May 29, 2006. The damages case is not complex, since defendants have been on the market with the infringing products for only one year. No additional accused products are at issue in the transferred case.

      Bifurcation will be more expensive and inconvenient to the parties. A number of Syngenta witnesses have knowledge relevant to both the liability and damages/willfulness issues. Also, some of the same facts are relevant to both nonobviousness (a liability issue) and willfulness. Bifurcation will also delay ultimate resolution of the case, and will seriously threaten the schedule that has been set for the antitrust case, which is scheduled to be tried on January 8, 2007.

      Syngenta mischaracterizes Monsanto/DEKALB's document production. Even though a Scheduling Conference was held by this Court on October 12, 2004, Syngenta waited until January 6 to propound over 170 broadly-sweeping document requests. Despite that delay, Monsanto/DEKALB produced approximately 1.2 million

The Honorable Sue L. Robinson
August 4, 2005
Page 2

document pages by March 18, most of which related to the liability issues, and an additional 34,000 document pages by April 29. Most of the documents produced thereafter concern damages issues and documents withheld from production because of third-party (Bayer) confidentiality issues. (Defendants withheld 20,000 document pages from production based on Bayer confidentiality issues, and only produced them on June 30.) The parties have also been supplementing their production on an ongoing basis in response to specific requests from the opposing party. Syngenta just produced 12,000 document pages on July 26.

Given that the bulk of document discovery was complete, on May 18, Monsanto/DEKALB sent defendants a list of witnesses that they wanted to depose and also requested defendants to provide a list of witnesses that defendants wanted to depose. Defendants did not respond to plaintiffs' request for dates for depositions until two months later, on July 20, and Syngenta did not provide a list of witnesses that they wanted to depose until July 15.

Fact discovery closes on September 30 and expert discovery follows immediately thereafter. Thus, Syngenta's proposed early summary judgment motion will not save time and expense because the motion will not be ready for decision in time to avoid the expenses of fact discovery and at least some expert discovery. The current date for submission of summary judgment motions is not that far away, January 11, 2006. The parties can complete all fact discovery, including damages, if their time and resources are not diverted to summary judgment briefing.

Syngenta's proposed early motion does not present a pure issue of law and will depend on facts to be developed in depositions. Syngenta can be liable for infringement even if Syngenta did not itself carry out all the steps of the claimed process (Syngenta does not deny that all the claim steps were carried out). Further, under Federal Circuit law, Syngenta can infringe a dependent claim without infringing the corresponding independent claim. Monsanto and DEKALB will be prepared to discuss these substantive issues in more detail at the hearing if the Court so desires.

Respectfully submitted,

David E. Moore

DEM/nmt
693483
cc:   Clerk of the Court (By Hand Delivery)
      John W. Shaw, Esq. (By Hand Delivery)