IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>        Plaintiffs,<br><br>  v.<br><br>SYNGENTA SEEDS, INC.,<br>SYNGENTA BIOTECHNOLOGY, INC.,<br>GOLDEN HARVEST SEEDS, INC.,<br>GARWOOD SEED CO.,<br>GOLDEN SEED COMPANY L.L.C.,<br>SOMMER BROS. SEED COMPANY,<br>THORP SEED CO., AND<br>JC ROBINSON SEEDS, INC.<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No.: 04-305-SLR<br><br><br><br>(Consolidated)<br><br><br><br><br>C.A. No.: 04-908-SLR |
| SYNGENTA SEEDS, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**PLAINTIFF SYNGENTA SEEDS, INC.'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Syngenta Seeds, Inc. ("Syngenta") moves under Fed. R. Civ. P. 15(a) for leave to file a second amended complaint to add a claim against defendants Monsanto Company and Monsanto Technology LLC (collectively, "Monsanto") for violation of the Lanham Act and to

plead additional facts in support of its claims against Monsanto for violation of Section 2 of the Sherman Act.[1]

Syngenta's motion for leave to amend meets the requirements of Fed. R. Civ. P. 15(a). Rule 15(a) provides that leave to amend "shall be freely given" in the absence of any undue delay, bad faith, undue prejudice, or futility of amendment. *See Miller Prods. Co., Inc. v. Veltek Assocs., Inc.*, 218 F.R.D. 425, 426 (D. Del. 2003) (citing Fed. R. Civ. P. 15(a)); *Cureton v. NCAA*, 252 F.3d 267, 272-73 (3d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). There has been no undue delay in seeking this amendment since this motion is being filed within the deadline set by the Court for the amendment of pleadings. The Second Amended Complaint is filed in good faith. There has been no undue prejudice because although Syngenta is adding a new claim under the Lanham Act, the basis of that claim – misrepresentations concerning Syngenta's right to commercialize glyphosate-tolerant corn using the GA21 event – was pled in the original complaint as a wrongful act in violation of the antitrust laws. There also is no prejudice to Monsanto by the amendment because the parties are in the early stages of fact discovery, which does not close until March 31, 2006. Syngenta respectfully requests that it be permitted to file the Second Amended Complaint, attached as Exhibit A, in order to seek additional relief under the Lanham Act and to explain more fully its antitrust claims.

## NATURE AND STAGE OF THE PROCEEDINGS

Syngenta filed this antitrust action against Monsanto on July 28, 2004 alleging that for many years, Monsanto has illegally maintained its monopolies in the supply chain for biotechnology corn traits, and has attempted to monopolize foundation corn seed in violation of

---

[1] Pursuant to D. Del. LR 15.1, an original and copy of the proposed Second Amended Complaint, a "redline" version showing the differences between the First and Second Amended Complaints, and a Proposed Order are attached as Exhibits A through D, respectively. In accordance with D. Del. LR 7.1.1, counsel for Syngenta conferred with counsel for Monsanto, and Monsanto has not yet consented to the relief requested.

2

Section 2 of the Sherman Act. (04-908-SLR, D.I. #1). Monsanto's wrongful conduct included the filing of a baseless patent case in this Court. *See Monsanto Co. et al. v. Syngenta Seeds, Inc. et al.*, C.A. No. 04-305 (D. Del. filed May 12, 2004) (the "Shah patent case"). On July 27, 2004, Monsanto filed a second patent infringement lawsuit against Syngenta in Federal District Court in Rockford Illinois. *See DeKalb Genetics Corp. v. Syngenta Seeds, Inc, et al.*, C.A. No. 04C50323 (N.D. Ill. filed July 27, 2004) (the "Lundquist patent case"). In response, Syngenta amended its antitrust complaint on September 14, 2004, alleging that Monsanto further violated Section 2 of the Sherman Act by filing the Lundquist patent case for the purpose of impeding Syngenta's ability to compete with Monsanto in the market for glyphosate-tolerant corn traits and further entrenching Monsanto's monopoly position. (04-908-SLR, D.I. #8). On September 28, 2004, Monsanto moved to dismiss the Amended Complaint as a compulsory counterclaim to the Shah patent case or, in the alternative, to consolidate the antitrust case and the Shah patent case. (04-908-SLR, D.I. #9). On March 24, 2005, the Court denied Monsanto's motion to dismiss and granted the motion to consolidate. (04-908-SLR, D.I. #16; 04-305-SLR, D.I. #48). On April 7, 2005, Monsanto filed its answer and a motion to stay the antitrust case pending resolution of the patent claims. (04-305-SLR, D.I. #52, #53). On April 26, 2005, the Court denied Monsanto's motion to stay and entered a scheduling order providing that all fact discovery be completed by March 31, 2006, and setting trial for January 8, 2007. (04-305-SLR, D.I. #63).

On July 13, 2005, Monsanto filed a motion for leave to amend its answer to add counterclaims against Syngenta for violations of the Lanham Act, the Delaware Deceptive Trade Practices Act, and tortious interference with a Monsanto contract. (04-305-SLR, D.I. #77). Syngenta did not oppose the motion. (04-305-SLR, D.I. #80). In its counterclaims, Monsanto

alleges that Syngenta and its affiliates have "passed off" Monsanto's GA21 product as their own competing product, made false and misleading statements that Syngenta has the right to commercialize GA21, and interfered with Monsanto's license agreements with Garst Seed Company and Golden Harvest Seeds, Inc. In addition to Syngenta Seeds, Inc., Monsanto has named additional Syngenta affiliates as counterclaim-defendants, including Syngenta AG, Syngenta Participations AG, Syngenta Biotechnology, Inc, Syngenta Corporation, Advanta USA, Inc., Garst Seed Company and Golden Harvest Seeds, Inc. Monsanto has not yet served any of the counterclaim defendants.

## RELEVANT FACTS

Since the mid-1990's, Monsanto has committed a series of anticompetitive acts designed to maintain and increase its monopoly power in the market for every biotechnology corn trait available in the United States and in the market for foundation corn seeds. Monsanto's conduct has included, among other things, entering into exclusionary licenses that restrict seed companies' and growers' ability to buy biotechnology corn traits or seed from any company but Monsanto, bundling discounts across Monsanto's product lines, and prohibiting Syngenta and other potential competitors from stacking glyphosate-tolerant corn traits with other corn traits.

In May 2004, Syngenta announced that its affiliate had acquired the intellectual property rights to the GA21 event, and had entered agreements to acquire two seed companies (Garst Seed Company and Golden Harvest Seeds, Inc.). These acquisitions positioned Syngenta to begin competing in the market for glyphosate-tolerant corn traits and become the first significant threat to Monsanto's monopolies. In response to these acquisitions, Monsanto's anticompetitive conduct intensified, including by: filing two baseless patent lawsuits against Syngenta in order to delay Syngenta's market entry, intimidating seed companies not to do business with Syngenta,

denying access to foundation corn seed, and accelerating the withdrawal of GA21 from the market. In addition, in order to eliminate Syngenta as a competitive threat, Monsanto made misrepresentations concerning Syngenta's rights to commercialize GA21. In news releases and in letters to seed companies, Monsanto made false statements that Syngenta cannot "lawfully commercialize" GA21 in the United States, that Syngenta's sales of GA21 corn are "unauthorized," and that a license by Monsanto is required to "commercialize glyphosate-tolerant corn in the United States" and Syngenta does not have such a license. These statements are false and were made by Monsanto in bad faith for the purpose of hindering Syngenta's ability to compete in the glyphosate-tolerant corn trait market, and causing seed companies and growers to believe wrongfully that Syngenta cannot lawfully commercialize GA21. Because of these statements, seed companies and growers were deterred from doing business with Syngenta.

## ARGUMENT

### I. SYNGENTA'S MOTION SHOULD BE GRANTED BECAUSE IT SATISFIES THE REQUIREMENTS OF RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading "shall be freely given when justice so requires." To determine whether leave to amend is proper, courts consider whether the moving party has unduly delayed, whether the amendment is made in bad faith, whether the amendment causes undue prejudice to the opposing party, and whether the amendment is futile. *See Miller*, 218 F.R.D. at 426 (citing *Foman*, 371 U.S. at 182); *Adams v. Gould, Inc.* 739 F.2d 858, 864 (3d Cir. 1984). Syngenta's motion for leave to amend its complaint should be granted since Syngenta satisfies each of these factors.

#### A. Syngenta Has Not Unduly Delayed in Seeking to Amend Its Complaint

To determine whether an amendment has been unduly delayed, a court looks to the moving party's motives. *Gould*, 739 F.2d at 868 ("The question of undue delay, as well as the

question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier."). In part, Syngenta's basis for amending the complaint is Monsanto's proposed counterclaims, which Syngenta received on July 13, 2005 as an exhibit to Monsanto's motion for leave to amend its answer. (04-305-SLR, D.I. #77). Monsanto's counterclaims accuse Syngenta of not having the right to commercialize GA21, thereby perpetuating the same false impression concerning Syngenta's inability to sell GA21 that is one of the bases for Syngenta's antitrust claim. For example, Monsanto made false statements that Syngenta cannot "lawfully commercialize GA21" for the purpose of maintaining its monopoly and in violation of Section 2 of the Sherman Act. Monsanto's counterclaim put forth the same false impression – that Syngenta has no right to market GA21. Because Monsanto continues to disparage Syngenta's market position, Syngenta decided to supplement its antitrust claim with a claim for false and misleading advertising under the Lanham Act.

This motion is filed within the time allotted by the Court to amend pleadings (August 13, 2005), well before the fact discovery deadline (March 31, 2006), and within a month of Monsanto's motion for leave to file an amended answer and counterclaims (July 13, 2005). Syngenta has not unduly delayed in seeking leave to amend its complaint.

**B.     This Amendment is Made in Good Faith**

Syngenta's proposed Second Amended Complaint is made in good faith. Syngenta seeks to add a claim under the Lanham Act because of Monsanto's continued efforts to make false statements concerning Syngenta's ability to commercialize GA21. In addition, Syngenta clarifies its antitrust claims and provides further factual support for such claims in an effort to improve and clarify those claims. These amendments are made in good faith.

### C.  Syngenta's Amendments Will Not Unduly Prejudice Monsanto

To show undue prejudice, Monsanto must show that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" if the Court grants Syngenta's motion. *In re ML-Lee Acquisition Fund II, L.P.*, 848 F. Supp. 527, 568 (D. Del. 1994) (citing *Heyl & Patterson International, Inc. v. F. D. Rich Housing, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)). Monsanto will not be prejudiced by Syngenta's proposed amendment because the case is at a very early stage. Trial is not set until January 8, 2007 and fact discovery will not be complete until March 31, 2006. Indeed, while the parties recently have begun document discovery, documents have not yet been exchanged and depositions are not scheduled to begin until all document discovery has been completed on October 21, 2005.

In addition, Monsanto is not prejudiced because the false statements that form the basis for the Lanham Act claim do not expand the scope of discovery since the same statements were alleged in the original complaint as one of Monsanto's wrongful acts in violation of the antitrust laws. Monsanto will put forth the same or similar evidence in defense of the antitrust case, and thus cannot legitimately claim that such amendment will deprive it of an opportunity to present facts or evidence or otherwise cause prejudice.[2]

### D.  Syngenta's Amendment Is Not Futile

An amended complaint is futile only if it fails to state a legal theory, or cannot withstand a motion to dismiss. *Mylan Pharm. v. Kremers Urban Dev.*, C.A. No. 02-1628, 2003 U.S. Dist. LEXIS 20665, at *6 (citing *Satellite Fin. Planning Corp. v. First Nat'l. Bank of Wilmington*, 646 F. Supp. 118, 120 (D. Del. 1986)). Syngenta's proposed amendment is not futile. Syngenta has pled the elements of its Lanham Act claim and the facts underlying such claim are public

---

[2] In fact, Syngenta has already requested such evidence from Monsanto. *See* Syngenta's First Req. for Docs., Nos. 25-27.

statements made by Monsanto. The other proposed amendments add factual background or provide clarification to Syngenta's antitrust claims against Monsanto. The "underlying facts [and] circumstances" relied upon by the Syngenta are the "proper subject of relief," and the Court should grant the request for leave to amend. *See Foman*, 371 U.S. at 182 (stating that if underlying facts are proper subject of relief, plaintiff "ought to be afforded an opportunity to test his claim on the merits").

## CONCLUSION

For the foregoing reasons, the Court should grant Syngenta leave to file the Second Amended Complaint attached as Exhibit A.

Dated: August 12, 2005

Respectfully submitted,

YOUNG CONAWAY
STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6689

*Attorneys for Plaintiff Syngenta Seeds, Inc.*

Of Counsel:

SHEARMAN & STERLING LLP
Richard F. Schwed
Stephen Fishbein
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Heather Lamberg Kafele
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 508-8000
Facsimile: (202) 508-8100

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard L. Horwitz, Esquire
>Potter Anderson & Corroon LLP
>Hercules Plaza
>1313 North Market Street
>Wilmington, DE 19899-0951

I further certify that on August 12, 2005, I caused a copy of the foregoing document to be served by the manner indicated on the following counsel of record:

**BY HAND DELIVERY**

>Richard L. Horwitz, Esquire
>Potter Anderson & Corroon LLP
>Hercules Plaza
>1313 North Market Street
>Wilmington, DE 19899-0951

**BY FEDERAL EXPRESS**

>Peter E. Moll, Esquire
>Howrey Simon Arnold & White, LLP
>1299 Pennsylvania Ave., N.W.
>Washington, D.C. 20004

>Susan Knoll, Esquire
>Howrey Simon Arnold & White, LLP
>750 Bering Drive
>Houston, TX 77057

DB01:1611981.1

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004


YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
kkeller@ycst.com

*Attorneys for Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds, Inc.*

DB01:1611981.1