## E-Mail Request for Emergency Relief

1. Case Number:          04-cv-305-SLR

2. Check the box that applies:

   ☐ Requesting a teleconference with the parties and the court
   ☐ Requesting an in-person conference with the parties and the court
   ✓ Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

   The parties are at an impasse in scheduling a two-hour deposition for Dr. David Stalker. We need to speak with Dr. Stalker because of handwritten notes he wrote at a conference where Monsanto co-inventor Dr. Shah was speaking. Syngenta's counsel discovered the notes during the preparation for Dr. Shah's deposition (scheduled days before the discovery cut-off). The notes disclose elements of Dr. Shah's invention more than a year before the effective filing date for the '835 patent and are relevant to prior art defenses. Monsanto will not allow us to speak with Dr. Stalker informally because he was formerly employed by a company (Calgene) later bought by Monsanto. We asked Monsanto to permit us to raise this issue at the December 13 discovery conference in the antitrust part of the case, but Monsanto refused. Accordingly, we ask for a time to present our arguments about the deposition or for permission to present this issue at the December 13 conference.

   *Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Richard Horwitz

5. Response of opposing counsel to this request:

   Monsanto would not agree to permit the deposition to proceed and was unwilling to agree to permit Syngenta to wait until the December 13 discovery conference to raise this issue.

6. Name of local counsel making this request: John W. Shaw

7. Today's Date: November 29, 2005

************************************************************************************

For court use only:

If the Stalker notes were produced in March 2005, there is
no good cause for re-opening fact discovery to accommodate
the deposition of Dr. Stalker.

## Opposing Counsel's Response to E-Mail Request for Emergency Relief

1. Case Number: 04-cv-305-SLR

2. BRIEFLY state your response to the **emergency** request made by opposing counsel:

"Good cause" does not exist to compel the deposition of Dr. Stalker after close of fact discovery and in the middle of expert discovery. First, it comes too late. Defendants have had the purported Stalker notes since March 2005. Defendants' assertion that they did not know about the notes until shortly before the close of fact discovery is merely an excuse for their lack of diligence, not a showing of good cause. Second, neither Stalker's notes nor any oral disclosure by Dr. Shah at the Gordon Conference in February 1985 regarding the work of the Monsanto inventors is prior art. In particular, they are not prior art under 102(a) (disclosure was not before the invention of the Monsanto inventors) or 102(b) (not a printed publication). No testimony that Stalker can give will change this. Finally, it is inappropriate to encroach on the Court's December 13 discovery hearing in the antitrust case.

*Any text added to beyond the limits of this space will be disregarded by the court.

3. Name of local counsel submitting this response: David E. Moore

4. Today's Date: November 30, 2005

****************************************************************************************