IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC )<br>)<br>) | |
| Plaintiffs )<br>) | |
| v. ) | C.A. No. 04-305 (SLR) |
| ) | (Lead Case) |
| SYNGENTA SEEDS, INC. and ) | |
| SYNGENTA BIOTECHNOLOGY, INC. ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF SUBPOENA DUCES TECUM

**TO:**  John W. Shaw                          Richard F. Schwed
         Karen E. Keller                       Stephen Fishbbein
         Young Conaway Stargatt & Taylor, LLP  Shearman & Sterling LLP
         The Brandywine Building               599 Lexington Avenue
         1000 West Street, 17th Floor          New York, NY 10022-6069
         Wilmington, DE 19801

PLEASE TAKE NOTICE that pursuant to Rule 45, Fed. R. Civ. P., Plaintiffs Monsanto Company and Monsanto Technology LLC, by their counsel, have issued a subpoena duces tecum with accompanying schedule of document requests (attached hereto), which has been or will be served, on Strategic Diagnostics Inc., c/o Corporation Trust Company, Registered Agent, 1209 Orange Street, Wilmington, Delaware 19801.

The subpoena commands Strategic Diagnostics Inc. to produce documents and things, pursuant to Rule 45, Fed. R. Civ. P., concerning the categories identified in Schedule A attached to the subpoena. The document production will take place on January 9, 2005, at 1:00 p.m., at the offices of Howrey, LLP, 1299 Pennsylvania Ave., NW, Washington, DC 20004, or at such alternative date, time, and place as may be mutually agreed upon by counsel.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Peter E. Moll<br>John DeQ. Briggs<br>Scott E. Flick<br>John J. Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>(202) 783-0800<br>(202) 383-6610 facsimile<br><br>John F. Lynch<br>Susan K. Knoll<br>HOWREY LLP<br>750 Bering Drive<br>Houston, TX 77057<br>(713) 787-1400<br><br>Kenneth A. Letzler<br>Jonathan I. Gleklen<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, D.C. 20004<br>(202) 942-5000<br><br>Dated: December 19, 2005<br>712027 | POTTER ANDERSON & CORROON LLP<br><br>By: /s/ *David E. Moore*<br>　　Richard L. Horwitz (#2246)<br>　　David E. Moore (#3983)<br>　　Hercules Plaza, 6th Floor<br>　　1313 N. Market Street<br>　　Wilmington, DE 19801<br>　　Telephone (302) 984-6000<br>　　rhorwitz@potteranderson.com<br>　　dmoore@potteranderson.com<br><br>*Attorneys for Plaintiffs Monsanto Company and Monsanto Technology LLC* |

2

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the
# United States District Court
### DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>              Plaintiffs,<br><br>    v.<br><br>SYNGENTA SEEDS, INC. and<br>SYNGENTA BIOTECHNOLOGY, INC.,<br><br>              Defendants. | C.A. No. 04-305 SLR<br>(Lead Case) |

### SUBPOENA DUCES TECUM IN A CIVIL CASE

TO:    **Strategic Diagnostics Inc.**
         **c/o Corporation Trust Company**
         **1209 Orange Street**
         **Wilmington, DE 19801**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| Howrey, LLP<br>1299 Pennsylvania Ave., NW<br>Washington, DC 20004 | DATE AND TIME<br>January 9, 2005<br>1:00 PM |
|---|---|

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]* <br> Attorney for Plaintiffs Monsanto Company and Monsanto Technology LLC | December 19, 2005 |

Issuing Officer's Name, Address, and Phone Number:

David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302-984-6000

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)
AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

I. **DEFINITIONS**

The following definitions apply to this request:

A.  "**You**" and "**your**" shall mean the party subpoenaed and all of its parents, affiliates, subsidiaries, divisions, joint ventures or any other related entity; its successor and assigns; and any of its present or former officers, directors, employees, agents, and all other persons acting on their behalf or at their direction or control.

B.  "**Syngenta**" means Syngenta AG, its predecessors, successors, subsidiaries, affiliates and each of its present or former officers, directors, managers and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on its behalf, including, but not limited to, Syngenta AG, Syngenta Seeds AG, Syngenta Participations AG, Syngenta International AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Seeds, Inc, Syngenta Crop Protection, Inc., Syngenta Biotechnology, Inc., GH Holding, Inc., Golden Harvest Seeds, Inc., Garst Seed Company, Advanta B.V., Advanta USA. Inc., Advanta Seeds, CHS Research, Inc. and GreenLeaf Genetics.

C.  "**Diagnostic Testing**" means analytical tests for the purpose of identifying or detecting genetic traits in plants, seeds, grain, or intermediate food products.

E.  "**Document**" has the same meaning as in Fed. R. Civ. P. 34 and includes documents in the possession, custody or control of both Syngenta Seeds, Inc., including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

F.  **Communication or "Statement"**. The term "communication" or "statement" means the written, electronic or oral transmittal of information (in the form of facts, ideas, inquiries or otherwise.)

G.  **Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address,

and when referring to a natural persona, additionally, the present or last known place of employment. Once a person has been identified in accordance with the subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

J.    "**Person**" or "**persons**" refers to all individuals and entities, including all natural persons, corporations, partnerships, ventures or other business associations, societies, associations-in-fact, all federal, foreign, state, local or other governmental entities, and all legal entities including all members, officers employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

K.    "**Relating to**" or "**related to**" shall mean constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, prepared in connection with, used in preparation for, appended to, pertaining to, having any relationship to or in any way being factually, legally or logically connected to in whole or in part, the stated subject matter.

## DOCUMENTS AND THINGS TO BE PRODUCED

For the period January 1, 1996 to the present, please produce the following:

1.    Documents sufficient to show the nature and extent of your relationship with Syngenta, including all contacts, negotiations, or communications with Syngenta emanating from or occurring within the State of Delaware.

2.    All contracts and agreements with Syngenta related to diagnostic testing equipment or services for the identification or detection of genetic traits in plants, seeds, grain, or intermediate food products, as referenced in your May 28, 2002 press release (Attached).

3.    All documents related to any contact, negotiation, or communications with Syngenta, or any of Syngenta's current or former directors, officers and employees.

4. Documents identifying all persons, including your current or former directors, officers and employees, having any duty or responsibility for the negotiation, sale, marketing, or licensing of any diagnostic testing equipment or services to Syngenta.

5. All press releases or media announcements related to any agreements or licenses you entered into with Syngenta for diagnostic testing equipment or services.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on December 19, 2005, the attached document was emailed to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

      I hereby certify that on December 19, 2005, I have Federal Expressed the foregoing document(s) to the following non-registered participants:

Richard F. Schwed
Stephen Fishbein
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY  10022-6069

                                                  /s/ David E. Moore
                                                  Richard L. Horwitz
                                                  David E. Moore
                                                  Potter Anderson & Corroon LLP
                                                  Hercules Plaza – Sixth Floor
                                                  1313 North Market Street
                                                  Wilmington, DE  19801
                                                  (302) 984-6000
                                                  rhorwitz@potteranderson.com
                                                  dmoore@potteranderson.com

707326