**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MONSANTO COMPANY, *et al*, | ) | |
| Plaintiffs, | ) | C.A. No. 04-305-SLR<br>C.A. No. 04-908-SLR<br>(Consolidated) |
| v. | ) | |
| SYNGENTA SEEDS, INC., *et al*, | ) | **PUBLIC VERSION** |
| Defendants. | ) | |

**DECLARATION OF JOHN J. ROSENTHAL IN SUPPORT OF MONSANTO'S ANSWERING BRIEF IN OPPOSITION TO SYNGENTA AG AND SYNGENTA PARTICIPATIONS AG'S MOTION TO DISMISS MONSANTO'S COUNTERCLAIMS**

**VOLUME 1 OF 2 (EXHIBITS 1-32)**

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
Scott Flick
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 783-0800
(202) 383-6610 facsimile

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000
(202) 942-5454 facsimile

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON, LLP
Hercules Plaza, 6th Floor
1313 N. Market St.
Wilmington, DE 19801
(302) 984-6000
(302) 658-1192 facsimile
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Attorney for MONSANTO COMPANY AND MONSANTO TECHNOLOGY LLC

Dated: December 30, 2005
Public Version Dated: January 9, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MONSANTO COMPANY, *et al*, | ) | |
| Plaintiffs, | ) | C.A. No. 04-305-SLR<br>C.A. No. 04-908-SLR<br>(Consolidated) |
| v. | ) | |
| SYNGENTA SEEDS, INC., *et al*, | ) | **PUBLIC VERSION** |
| Defendants. | ) | |

**DECLARATION OF JOHN J. ROSENTHAL IN SUPPORT OF MONSANTO'S ANSWERING BRIEF IN OPPOSITION TO SYNGENTA AG AND SYNGENTA PARTICIPATIONS AG'S MOTION TO DISMISS MONSANTO'S COUNTERCLAIMS**

I, John Rosenthal, declare as follows:

1. I am a partner at Howrey LLP, counsel of record for defendant-counterclaim plaintiff Monsanto Company. In preparing this declaration, I have relied on public documents and documents obtained through merits discovery in the instant antitrust case as well as the patent case, which has been consolidated before this Court. *Monsanto Company, et al v. Syngenta Seeds, Inc., et al*, 04-305-SLR (D.I. 48.)





3. A true and correct copy of a current Dun & Bradstreet report for Syngenta AG, D-U-N-S number 48-090-9139, is attached hereto as Exhibit 2.

4. A true and correct copy of Syngenta AG's Financial Report for the year 2004 is attached hereto as Exhibit 3. The Report states that Syngenta AG is the corporate parent of counter-defendants Syngenta Corporation, Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Garst Seeds, and Golden Harvest Seeds. Syngenta AG owns 100% of Syngenta Corporation, Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc. It owns 90% each of Garst Seeds and Golden Harvest Seeds.

5. A true and correct copy of Syngenta AG's Financial Report for the year 2002 is attached hereto as Exhibit 4, in which Syngenta and its subsidiaries hold themselves out as the "Syngenta Group."

6. A true and correct copy of a Garst web site listing relevant trademarks is attached hereto as Exhibit 5. Garst lists "Agrisure GT" as "a trademark of a Syngenta Group Company."

7. A true and correct copy of Syngenta AG's "Social Responsibility: Code Of Conduct" is attached hereto as Exhibit 6. Syngenta AG's "Code of Conduct" speaks of "the Syngenta group of companies worldwide."

8. A true and correct copy of Syngenta AG's Annual Report for the year 2004 as Exhibit 7.

9. A true and correct copy of Syngenta AG's web site "About Syngenta: Executive Management" is attached hereto as Exhibit 8. It states, *inter alia*, that the Executive Committee is "responsible for the operational management of the Company." *See* Exhibit 8 at pp. 3–4.

10. A true and correct copy of a Hoover's In-Depth Company Records report, dated April 7, 2005, is attached hereto as Exhibit 9. It describes Mr. Michael Mack's position as President of Syngenta Corporation in Delaware.

11. A true and correct copy of Syngenta AG's web site, "Syngenta Management Biography" is attached hereto as Exhibit 10. It describes Mr. Richard Steiblin's position and contains his biography.

12. A true and correct copy of a Westlaw Executive Affiliation Record report on Syngenta Seeds, Inc., dated May 18, 2005, is attached hereto as Exhibit 11. It describes the positions of Messrs. Mack and Ramsay.

13. A true and correct copy of a Dun & Bradstreet Report on Syngenta Corporation, D-U-N-S number 00-799-4572 is attached hereto as Exhibit 12. It describes Mr. Steiblin's position as Chief Financial Officer of a Delaware corporation.

14. A true and correct copy of Mr. John Ramsay's (Group Financial Controller, Syngenta AG) letter to the International Accounting Standards Board, dated 7 March 2003, is attached hereto as Exhibit 13, and is available online at http://www.iasb.org/docs/ed02/ed2-cl71.pdf.

15. A true and correct copy of Syngenta's patent production document bearing Bates No. SYN 058083 is attached hereto as Exhibit 14, identifying Mr. Graham Walker as "Financial Controller, Plant Science."

16. A true and correct copy of a Dun & Bradstreet Report on Advanta USA Inc., D-U-N-S number 79-978-1625 is attached hereto as Exhibit 15. It lists Mr. Walker as a principal of Advanta USA Inc., which has subsequently become Garst Seed Co.

[redacted]



18. A true and correct copy of a memorandum from Messrs. Nevill and Kemble dated December 22, 2004, bearing Bates Nos. SYN 022904–07 is attached hereto as Exhibit 17.





26. A true and correct copy of an "Alumna Feature" of the Moore School of Business is attached hereto as Exhibit 25. It describes Ms. Ioana Tudor's position as Global Head of Corn, Cotton and Soya Traits for "Syngenta" and the frequency of her travel between Basel, Switzerland, Golden Valley, MN and Raleigh, NC.







37. True and correct copies of organizational charts of Syngenta Seeds are attached hereto as Exhibit 36.



40. A true and correct copy of the "Bill of Sale and Assignment" between Bayer CropScience S.A. and Syngenta Participations AG, dated February 5xx, 2004, bearing Bates Nos. SYN 112721–23 is attached hereto as Exhibit 39.

41. A true and correct copy of the "Acquisition Agreement Relating to Certain Corn Assets" between Bayer CropScience S.A. and Syngenta Participations AG, dated January 9, 2004, bearing Bates Nos. SYN 094336-421 is attached hereto as Exhibit 40.







52. At the time Monsanto filed its Counterclaims against Syngenta AG and Syngenta Participations AG, Monsanto sought a compromise from Syngenta's counsel, pursuant to which it would dismiss these two entities from the Counterclaims in exchange for Syngenta AG and Participations agreeing to produce certain categories of documents and to make certain witness available for depositions under the Federal Rules of Civil Procedure. Counsel for Syngenta AG and Participations rejected that compromise.

53. After the filing of the Motion to Dismiss, Monsanto again attempted to negotiate an agreement on jurisdictional discovery with counsel for Syngenta AG and Participations. Attached hereto as Exhibit 51 is a true and correct copy of the narrowly tailored discovery requests that explored Syngenta AG and Syngenta Participations AG's contacts with both Delaware, the United States, and the extent to which these entities exercise control over their U.S. subsidiaries. The requests also addressed the documents and information relied upon in Ed Resler and Daniel Michaelis' declarations, which were submitted in support of counterclaim-defendants' Motion to Dismiss. D.I. 171, 172. Syngenta AG has declined to entertain Monsanto's limited and narrowly tailored discovery requests. Attached hereto as Exhibit 52 is a true and correct copy of a letter from Syngenta's counsel, Mr. Fishbein, to me, dated December 12, 2005, in which Mr. Fishbein states Syngenta's belief that "there is no basis for jurisdictional discovery." In the course of the parties' discussions, Syngenta's counsel specifically declined to identify any state in which Syngenta AG would be subject to general jurisdiction.





56. A true and correct copy of a Syngenta AG press release, issued from Basel, dated July 28, 2004, is attached hereto as Exhibit 54. This press release supports Monsanto's present information and belief that the antitrust action at bar is part of Syngenta AG and Syngenta Participations AG's overall strategy to misappropriate GA21, as this release was issued immediately following the filing of the instant suit, stating Syngenta's plan to offer GA21 technology "through its NK® brand, the Garst and Golden Harvest brands."

57. A true and correct copy of a listing from the so-called WHOIS domain name registry, showing the registration and ownership information for the domain name "agrisuretraits.com," is attached hereto as Exhibit 55. It lists as "Administrative Contact: Syngenta Participations AG, Domain Name Management Intellectual Property, Schwarzwaldallee 215. Basel, CH CH-4058, CH Phone: +41.613239243 Email: syngenta.dns_admin@syngenta.com". This documents shows that www.agrisuretraits.com is a for-profit web site, hosted in the United States by the New York-based domain name registrar Register.com, and which was registered and is currently owned by the Swiss entity Syngenta Participations AG. The document further shows that Syngenta Participations AG created the web site in the United States on May 3, 2005.

[redacted]

59. Counsel for Monsanto has made a reasonable inquiry regarding whether Syngenta AG and Participations are subject to the general jurisdiction of any other state in the U.S. besides Delaware, which included the review of documents and other discovery materials produced by Syngenta Seeds to date as well as public ally available information, and repeated attempts to ascertain directly from counter-defendants their jurisdictional status in other states. Upon information and belief, there is no reason to believe that either Syngenta AG or Participations is subject to the general jurisdiction of any other state. Both counter-defendants have refused to state whether they are subject to jurisdiction in any other state.

60. In an effort to ascertain Syngenta AG and Participations' contacts within the United States, various attorneys under my supervision have reviewed the documents produced to date in the patent and antitrust cases, as well as other information available on the Internet and through other public databases. While we have identified a variety of documents and information that would demonstrate that Syngenta AG and Participations, either directly or indirectly, engage in a wide variety of contacts in the United States as a whole (including activities relating to the commercialization of GA21), we have been unable to identify sufficient facts that would establish either specific or general jurisdiction over these entities in any state beyond those facts demonstrating the jurisdiction would be appropriate in Delaware. In short, should the Court find that the evidence identified to date is not sufficient to establish jurisdiction over the counter defendants in Delaware and the Court is not inclined to permit jurisdictional discovery, Monsanto can and hereby does state that, based on the information currently available to is, it is unable establish that Syngenta AG or Participations are subject to jurisdiction in any other state in the United States.

I declare under the penalty of perjury according to the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed on December 30, 2005.

Public Version Dated: January 9, 2006

JOHN I. ROSENTHAL

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on January 9, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on January 9, 2006, I have emailed the foregoing document(s) to the following non-registered participants:

Heather Lamberg Kafele
Shearman & Sterling LLP
801 Pennsylvania Ave., NW
Suite 900
Washington, DC 20004-2634

Stephen Fishbein
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com