## E-Mail Request for Emergency Relief

1. Case Number: 04-cv-305-SLR

2. Check the box that applies:

   ☐ Requesting a teleconference with the parties and the court
   ☐ Requesting an in-person conference with the parties and the court
   ✓ Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

   Monsanto seeks to keep a document that was produced in June. Syngenta contends that a portion of the document is privileged and should be redacted. Syngenta requested it back in Oct., long after Monsanto had used the document, without objection, as a deposition exhibit with two fact witnesses in Aug. and a corporate representative in Sept. Monsanto resisted based on Syngenta's failure to object during the depositions and because the request came well after Syngenta should have discovered the alleged privileged material. DI 42, ¶ 5(b). Since then, the document was an exhibit to Monsanto's damages experts' reports—again, without objection. Syngenta's counsel even questioned one of Monsanto's damages experts at length about the un-redacted document, with no reservation of rights. Nonetheless, Syngenta has again requested return of the document.

   *Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Scott J. Popma

5. Response of opposing counsel to this request:

   Requested return of the document.

6. Name of local counsel making this request: David E. Moore (#3983)

7. Today's Date: January 3, 2006

*********************************************************************************

For court use only:

A teleconference will be held on **Tuesday, January 10, 2006** at **10:00 a.m.** to be coordinated and initiated by plaintiff's counsel.

**Opposing Counsel's Response to E-Mail Request for Emergency Relief**

1. Case Number:    04-cv-305-SLR

2. BRIEFLY state your response to the **emergency** request made by opposing counsel:

   There is one privileged sentence in the 5 page, single-spaced document at issue. We produced the document in redacted and unredacted form during document production. Monsanto examined witnesses about the document but did not refer to or discuss the 1 privileged sentence; we therefore had no reason to notice the privileged sentence had not been redacted. We discovered the unredacted document on October 6 and requested its return under Protective Order ¶5(b) (D.I. 42) on October 7. Monsanto did not return or destroy the document as required by the Order, however, and in fact attached it to two expert reports served after October 7. As a result, we inadvertently used that improperly retained copy in the deposition of the Monsanto expert, but again did not refer to or question the witness about the privileged material. Monsanto's request also is untimely because Protective Order ¶ 5(c) required Monsanto to bring this application by October 31.

   *Any text added to beyond the limits of this space will be disregarded by the court.

3. Name of local counsel submitting this response: John W. Shaw

4. Today's Date: January 3, 2006

*********************************************************************************



"Moore, David E."
<dmoore@potteranderson.com>

01/04/2006 12:27 PM

To <slr_civil@ded.uscourts.gov>

cc <jshaw@ycst.com>, "Horwitz, Richard L." <rhorwitz@Potteranderson.com>, "Edwards, Steve" <EdwardsS@howrey.com>, <scott.popma@finnegan.com>

bcc

Subject RE: Monsanto Co. v. Syngenta Seeds, Inc., C.A. No. 04-305-SLR (Consol.)

Dear Chief Judge Robinson:

Monsanto feels compelled to reply outside the normal email protocol only because Syngenta's opposition presents a very misleading picture of the facts. First, Syngenta did not produce both a redacted and an unredacted version of the document during document production. Monsanto asked Syngenta for all versions of the document on Aug. 30 after its use in the deposition of Dr. Wilde. Syngenta responded on Sept. 14 by identifying only unredacted SYN 96708-712 and SYN 96959-962. Second, when Syngenta raised this issue on Oct. 7, Monsanto responded in a letter on Oct. 14 setting out reasons why Monsanto contended that Syngenta's request was too late and asked if, in light of Monsanto's letter would Syngenta withdraw its request - Syngenta did not respond. Monsanto then served its expert reports with the document in question attached on Oct. 27. Syngenta waited until Nov. 3 to respond that Syngenta was going to pursue the issue and that time under para. 5(c) for Monsanto to move to compel had passed.

Respectfully submitted,

David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
phone (302) 984-6147
fax (302) 658-1192

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein

THIS ELECTRONIC MAIL TRANSMISSION AND ANY ATTACHMENTS MAY CONTAIN PRIVILEGED, CONFIDENTIAL, OR PROPRIETARY INFORMATION INTENDED ONLY FOR THE PERSONS(S) NAMED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE AUTHORIZED REPRESENTATIVE OF THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISTRIBUTION, COPYING, OR DISCLOSURE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.



"Keller, Karen"
&lt;kkeller@ycst.com&gt;
01/05/2006 09:45 AM

To &lt;slr_civil@ded.uscourts.gov&gt;

cc "Shaw, John" &lt;JSHAW@ycst.com&gt;, "Horwitz, Richard L." &lt;rhorwitz@Potteranderson.com&gt;, "Edwards, Steve" &lt;EdwardsS@howrey.com&gt;, &lt;scott.popma@finnegan.com&gt;,

bcc

Subject RE: Monsanto Co. v. Syngenta Seeds, Inc., C.A. No. 04-305-SLR ( Consol.)

Dear Chief Judge Robinson,

We apologize for adding another e-mail to the record, but Monsanto's response is inaccurate. Syngenta produced four copies of the properly redacted version of this document to Monsanto on Sept. 16 (Bates #'s SYN 135906-910; 137164-168; 137301-305; and 140020-024). Syngenta notified Monsanto on Oct. 7 that it had inadvertently produced two copies of the same document with a privileged sentence unredacted. Par. 5(b) of the Protective Order required Monsanto to return the inadvertently produced document within 10 days and not use it "for any purpose" (except a motion to compel). Rather than complying with the Order by returning the document or seeking relief from the Court, Monsanto improperly retained the document and attached it to an expert report.

Syngenta was not required to serve a second notice of inadvertent production after Monsanto failed to seek relief from the Court within the 15-day period mandated by Par. 5(c) of the Order. Even if Monsanto's delay somehow was excused until Nov. 3, Monsanto still failed to act within 15 days after that date. There is no emergency and Monsanto's request is both unsupported and untimely.

Respectfully submitted,

Karen E. Keller, Esq. (#4489)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Phone: 302-571-6554
Facsimile: 302-576-3467
kkeller@ycst.com

THIS MESSAGE MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS OR OTHER PROTECTED INFORMATION. IF YOU BELIEVE YOU ARE NOT AN INTENDED RECIPIENT (EVEN IF THIS MESSAGE WAS SENT TO YOUR E-MAIL ADDRESS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT. IF YOU BELIEVE YOU RECEIVED THIS MESSAGE BY MISTAKE, PLEASE NOTIFY US BY RETURN E-MAIL, AND THEN DELETE THIS MESSAGE. THANK YOU FOR YOUR COOPERATION.