IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MONSANTO COMPANY and )
MONSANTO TECHNOLOGY LLC, )
)
         Plaintiffs, )
   v. )        C.A. No. 04-305-SLR
)
SYNGENTA SEEDS, INC. and )
SYNGENTA BIOTECHNOLOGY, INC., )
)
         Defendants. )
_____ )   (Consolidated)
)
SYNGENTA SEEDS, INC., )
)
         Plaintiffs, )
   v. )        C.A. No. 04-908-SLR
)
MONSANTO COMPANY and )
MONSANTO TECHNOLOGY LLC, )
)
         Defendants. )

## REVISED RULE 16 SCHEDULING ORDER

This ___ day of January, 2006, the parties having satisfied their obligations under Fed. R.

Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed.

R. Civ. P. 16 and D. Del. LR 16.2(a) and (b), IT IS ORDERED that:

     1.    <u>Scope</u>. This Rule 16 Scheduling Order shall apply only to the claims and de-

fenses brought by the parties in Civil Action 04-908-SLR (the "antitrust case"). Nothing in this

Order shall change the Scheduling Order, entered as D.I. 21, governing the parties' claims and

defenses in *Monsanto Company, et al. v. Syngenta Seeds, Inc., et al.,* Civil Action 04-305-SLR.

     2.    <u>Pre-Discovery Disclosures</u>. The parties exchanged the information required by

Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2 on May 18, 2005.

3.    <u>Discovery</u>.

a.    Discovery will be needed from the parties and third parties on the following subjects:

i.    Monsanto Company and Monsanto Technology LLC's (together "Monsanto") alleged monopolization of the alleged market for licensing glyphosate tolerant corn traits.

ii.    Monsanto's alleged monopolization of the alleged market for licensing ECB resistant corn traits.

iii.    Monsanto's alleged attempted monopolization of the alleged market for foundation corn seed.

iv.    Any damages and other appropriate relief resulting from ¶¶3(a)(i)-(iii).

v.    Monsanto's defenses relating to ¶¶3(a)(i)-(iii).

vi.    Monsanto's counterclaims.

b.    All fact discovery shall be commenced in time to be completed by June 23, 2006.

i.    Document production shall be completed on or before January 13, 2006.

ii.    Maximum of 50 interrogatories by each side to the other side.

iii.    Maximum of 50 requests for admission by each side to the other side.

iv.    In the absence of agreement among the parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be scheduled prior to the completion of document production.

v.      Maximum of 225 hours for fact depositions by plaintiff and maximum of 225 hours for fact depositions by defendants.  Each fact deposition other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be limited to a maximum of 7 hours unless extended by agreement of the parties; provided that each party may take up to 3 depositions not exceeding 10 hours each.

c.      Expert discovery shall be commenced in time to be completed by September 21, 2006.

i.      Expert reports on issues for which the parties have the burden of proof due July 26, 2006.  Rebuttal expert reports due August 21, 2006.

ii.     Expert depositions to be limited to a maximum of 14 hours per expert unless extended by agreement of the parties.

iii.    All Daubert motions shall be filed on or before October 13, 2006. Answering briefs shall be filed on or before November 3, 2006.  Reply briefs shall be filed on or before November 17, 2006.

iv.     Supplementations under Rule 26(e) are due on April 8, 2006. Nothing in this paragraph, however, shall be deemed to relieve a party of its obligation to supplement or amend in accordance with Rule 26(e).

d.      Discovery Disputes.

i.      The Court shall conduct in-person discovery status conferences on January 12, 2005, from 4:30 to 5:30 p.m., and on February 13, 2006, from 4:30 to 5:30 p.m., the time to be allocated equally between the parties.

        ii.      The Court shall remain available to resolve by telephone confer-

ence disputes that arise during the course of a deposition and disputes over the

terms of a protective order.

        iii.     Absent express approval of the Court following a discovery con-

ference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

      e.    <u>Fact Witnesses to be Called at Trial</u>.  Within twenty (20) days  following

the close of expert discovery, each party shall serve on the other parties a list of each fact

witness (including any expert witness who is also expected to give fact testimony) who

has previously been disclosed during discovery and that it intends to call at trial.  Within

twenty (20) days of receipt of such fact witness list, each party shall serve a list of each

rebuttal fact witness that it intends to call at trial.  The parties shall have the right to de-

pose any such fact witnesses who have not previously been deposed in this case.  Such

deposition shall be held within twenty (20) days after service of the list of rebuttal fact

witnesses and shall be limited to twenty (20) hours per side in the aggregate unless ex-

tended by agreement of the parties or upon order of the Court upon good cause shown.

4.    <u>Joinder of other Parties and Amendment of Pleadings</u>.  The deadline for filing motions to

join other parties or to amend the pleadings was August 13, 2005.  That deadline having passed

as of the date of this Order, no such motions will be accepted without prior leave of the Court.

5.    <u>Settlement Conference</u>.  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate

Judge Thynge for the purposes of exploring ADR.

6.    <u>Summary Judgment Motions</u>.

      a.    A party wishing to file a summary judgment motion shall serve and file a letter on

or before May 30, 2006 identifying the issue(s) for which summary judgment is sought

and specifying the relevant fact(s) not in dispute.  Answering letters shall be served and

filed on or before June 13, 2006.  These letters shall not exceed 5 pages in length.

b.      The Court shall conduct a hearing on June 27, 2006 at 4:30 p.m. to determine if it

will allow summary judgment motions to be filed on the issue or issues raised by the par-

ties.  If the Court grants permission to file for summary judgment, a briefing scheduled

shall be set by the Court.

c.      If the Court allows summary judgment motions, the Court may reconsider the

schedule, including the trial date.

7.      Applications by Motion.  Any application to the Court shall be by written motion filed

with the clerk.  The Court will not consider applications and requests submitted by letter or in a

form other than a motion, absent express approval by the Court.

a.      Any non-dispositive motion should contain the statement required by D. Del. LR

7.1.1.

b.      No telephone calls shall be made to chambers.

c.      Any party with an emergency matter requiring the assistance of the Court shall

e-mail chambers at: slr_civil@ded.uscourts.gov.  The e-mail shall provide a short state-

ment describing the emergency in the form provided by the Court.  NO ATTACH-

MENTS shall be submitted in connection with said e-mails.

8.      Pretrial Conference.  A pretrial conference will be held on December 14, 2006 at 3:00

p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.

The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9.      Trial.  This matter is scheduled for a three week jury trial commencing on January 8,

2007, in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.

For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge