# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

|  |  |
|---|---|
| DEKALB GENETICS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>CIBA-GEIGY CORPORATION,<br><br>    and<br><br>MYCOGEN CORPORATION, including its operating subsidiaries AGRIGENETICS, INC. (d.b.a. MYCOGEN SEEDS) and MYCOGEN PLANT SCIENCE, INC.,<br><br>    Defendants. | Civil Action Nos.  96-C50114<br>                              96-C50241<br><br>District Judge Philip G. Reinhard<br><br>Special Master Robert Harmon |

CIBA'S POST-MARKMAN HEARING MEMORANDUM

                              Dimitrios T. Drivas
                              John S. Willems
                              William P. DiSalvatore
                              Marc Began
                              WHITE & CASE LLP
                              1155 Avenue of the Americas
                              New York, New York 10036

                              David C. Van Dyke
                              CASSIDAY SCHADE & GLOOR
                              20 North Wacker Drive
                              Suite 1040
                              Chicago, Illinois 60606-1289

                              Attorneys for Defendant
                              Ciba-Geigy Corporation

TABLE OF CONTENTS

| | | Page |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | "REGENERABLE" TARGET TISSUE | 1 |
| | A. Regenerable At the Time of Bombardment | 1 |
| | B. The Claims Cannot Encompass Subject Matter Surrendered During Prosecution | 3 |
| III. | "PROGENY" | 6 |
| | A. The Intrinsic Evidence Confirms the Meaning of "Progeny" | 6 |
| | B. DeKalb's Construction Relies on Ambiguity | 8 |
| | C. "Progeny" Should Be Given Its Ordinary Meaning | 9 |
| | D. Ciba's Construction of "Progeny" Is Logical and Equitable | 10 |
| V. | "HERBICIDE RESISTANCE" | 10 |
| | A. Resistance of the Whole Plant | 11 |
| | B. Resistance to Herbicides | 12 |
| VI. | "INSECT RESISTANCE" | 13 |
| | A. Resistance of the Whole Plant | 13 |
| | B. Resistance to Insect Pests of Corn | 14 |
| VII. | THE '956 PATENT'S PROCESS LIMITATION | 16 |
| VIII. | THE DATE FOR CLAIM CONSTRUCTION | 17 |
| IX. | CONCLUSION | 18 |

progeny as all descendants, for good reason, since such a use of the term is so indefinite as to render it meaningless to a breeder, who can only begin to define the genotype of a plant by painstakingly following its lineage, as the claims do when read with the conventional definition of progeny, the offspring of a particular sexual cross. (Tr. 781:25-782:7, Dudley).

Contrary to DeKalb's view, the term "progeny" should be given its ordinary, art-recognized meaning. As Dr. Dudley testified (in response to a question from the Special Master), progeny is breeders' parlance for the immediate offspring of a particular cross. (Tr. 788:5-10, Dudley). This follows logically from breeders' inability to tell the genotype of a plant without knowing the parents. (Tr. 774:2-16; 785:25-786:6; 779:10-23, Dudley).

### D. Ciba's Construction of "Progeny" Is Logical and Equitable

Ciba's construction would not somehow deprive DeKalb of the commercial benefits of its patents. (Cf. Tr. 1129:12-18, De la Garza.) A claim to fertile transgenic R0 plants or a method of making such a plant, is itself extremely valuable. (Tr. 778:23-25, Dudley; Tr. 389:14-16, Quemada.) Under Ciba's construction, DeKalb could preclude anyone from making R0 or R1 plants with the claimed methods -- and therefore any new plant products -- during the patent term. However, DeKalb should not be able to use a broad construction of "progeny" to reach, later plants that are descendants of R0 plants that <u>pre-date</u> the patents' issuance. (<u>See</u> Ciba Reply Mem. at pp. 8-10.)

## V "HERBICIDE RESISTANCE"

The term "herbicide resistance" in the '877 and '880 patents should be construed to mean (i) herbicide resistance of whole plants (rather than plant cells or callus), and (ii)

-10-

resistance to herbicides that are agronomically useful to control weeds (rather than various "toxic agents" with herbicidal properties that are not known or used as herbicides.)

A.   Resistance of the Whole Plant

The claims require that herbicide resistance must exist at the plant level. For example, claim 1 of the '877 patent states in part that the "DNA is transmitted through a complete sexual cycle of said transgenic plant and imparts herbicide resistance thereto." The term "thereto" plainly refers to the progeny plants, and not the target culture of clauses (i) and (ii). Claim 1 of the '880 patent uses the same structure. (See also Tr. 298:21-23, Everett: "I would say that we're talking about a phenotype of those plants.")

In this regard, the patents distinguish herbicide resistance from the selectable markers to be used in the "identifying or selecting" steps of clause (iii) of claim 1 of the '877 and '880 patents. The patents contain separate claims to "selectable marker genes", as distinguished from herbicide resistance. (See also '877 patent, claim 5.) As Dr. Goodman explained (in response to questioning from the Special Master), agents that may function with selectable markers may not function as herbicides, due to factors such as the gene expression levels of the transformed plants. (Tr. 1004:2-21.) A culture may be resistant to a selective agent while a plant derived from that culture would not. (989:21-22, Goodman.) Conversely, a herbicide resistant gene may not work as a selectable marker. (Tr. 992: 10-16, Goodman). Dr. Everett testified that one might well choose to have a gene function as a selection agent in callus that would not be expressed in the plants. (Tr 333:17-334:18; Tr. 332:10-13) Accordingly, the term herbicide resistance must be construed requiring resistance of the plant, not mere use at a cell or culture stage as a selectable marker. (See Ciba Initial Mem. at pp 87-90.)

-11-

## IX.　CONCLUSION

For the foregoing reasons, Ciba requests that the Special Master recommend the construction of the claims as set forth above.

Date: June 11, 1999

                                                                           _____
                                                                           Dimitrios T. Drivas
                                                                           John S. Willems
                                                                           William P. DiSalvatore
                                                                           WHITE & CASE LLP
                                                                           1155 Avenue of the Americas
                                                                           New York, NY 10036
                                                                           Telephone: (212) 819-8200

                                                                           David C. Van Dyke
                                                                           CASSIDAY, SCHADE & GLOOR
                                                                           20 North Wacker Drive, Suite 1040
                                                                           Chicago, IL 60606-3100
                                                                           Telephone: (312) 444-2451

                                                                           Attorneys for Defendant
                                                                           Ciba-Geigy Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of CIBA'S POST-MARKMAN HEARING MEMORANDUM were served on June 11, 1999, as follows:

### BY HAND

Robert L. Harmon, Esq.
750 Rush Street
#2003
Chicago, IL 60611

### BY FEDEX

| | |
|---|---|
| Sharon R. Barner, Esq.<br>FOLEY & LARDNER<br>Suite 3300, One IBM Plaza<br>330 North Wabash Avenue<br>Chicago, IL 60611-3608 | Allan W. Jansen, Esq.<br>LYON & LYON<br>3200 Park Center Drive, Suite 1200<br>Costa Mesa, CA 92626 |
| Daniel J. Thomasch, Esq.<br>ORRICK HERRINGTON & SUTCLIFFE, LLP<br>666 Fifth Avenue<br>New York, NY 10103 | Craig Diviney, Esq.<br>DORSEY & WHITNEY, LLP<br>220 S. Sixth Street<br>Minneapolis, MN 55402 |

Charles H. DeLaGarza
ARNOLD WHITE & DURKEE
4850 U.S. Bank Place
601 Second Avenue South
Minneapolis, MN 55402-4320

_____

new york 444479