EXHIBIT B

| Gene | Reference | Method | Gene in Callus | Callus Expression | Gene in R₀ Plant | R₀ Expression | Gene in R₁ Plant | R₁ Plant Expression |
|------|-----------|--------|----------------|-------------------|------------------|---------------|------------------|---------------------|
| als (sulfonylurea herbicide resistance) | A, 1 | 1 | + | + | + | + | + | + |
| bar (bialaphos or Basta® herbicide resistance) | B, 1 | 2 | + | + | + | + | + | + |
| Bt (insect resistance) | A, 2 | 3 | NA | NA | NA | + | NA | + |
| EPSPS (glyphosate herbicide resistance) | B, 5 | 1 | NA | + | NA | + | NA | NA |
| Hygromycin resistance (selectable marker) | B, 2 | 1 | + | + | + | + | + | + |
| Knotted (maize gene for morphological characteristic) | B, 3 | 2 | + | + | + | + | + | + |
| lux (luciferase, reporter gene) | A, 1 | 1 | + | + | + | + | + | + |
| MCDV coat protein (virus resistance) | C, 1 | 1 | NA | NA | NA | NA | NA | + |
| MCMV coat protein (virus resistance) | C, 1 | 1 | + | NA | NA | NA | + | + |
| MDMV coat protein (virus resistance) | C, 1 | 1 | + | NA | + | NA | NA | + |

- 9 -

SM 0000831

| Gene | Reference | Method | Gene in Callus | Callus Expression | Gene in $R_0$ Plant | $R_0$ Expression | Gene in $R_1$ Plant | $R_1$ Plant Expression |
|---|---|---|---|---|---|---|---|---|
| Proteinase inhibitor (insect resistance) | C, 2 | 1 | NA | NA | + | NA | NA | NA |
| R, C1 (anthocyanin pigment synthesis) | B, 4 | 3 | + | + | + | + | + | + |
| Turf-13 (male sterility) | C, 3 | 1 | NA | NA | + | NA | NA | NA |
| uidA (GUS, reporter gene) | A, 1 | 1 | + | + | + | + | NA | NA |
| Wheat germ agglutinin (insect resistance) | C, 4 | 1 | + | + | + | + | + | + |

Based on publications and presentations at scientific conferences.
NA: Not available.

Methods:

1. Microprojectile bombardment type II callus or suspension.
2. Microprojectile bombardment type I callus
3. Microprojectile bombardment immature embryos

**SM 0000832**

- 10 -

References:

### A.    *Publications in refereed journals*

1.  Fromm, M.E., Morrish, F. Armstrong, C, Williams, R., Thomas, J. and Klein, T.  1990.  Inheritance and expression of chimeric genes in the progeny of transgenic maize plants. Biotechnology 8:  833-839.

2.  Koziel, M.G., Beland, G.L., Bowman, C., Carozzi, N.B., Crenshaw, R., Crossland, L., Dawson, J., Nalini, D., Hill, M., Kadwell, S., Launis, K., Lewis, K., Maddox, D., McPherson, K., Meghji, M.R., Merlin, E., Rhodes, R., Warren, G.W., Wright, M. and Evola, S.  1993.   Field performance of elite transgenic maize plants expressing an insecticidal protein derived from *Bacillus thuringensis*.  Biotechnology 11: 194-200.

### B.    *Presentations at scientific meetings*

1.  Wan, U., Widholm, J., and Lemaux, P.  1993.  Maize transformation and regeneration of transgenic plants by microprojectile bombardment of type I callus.  35th Annual Maize Genetics Conference, 18-21 March, 1993, p. 5.

2.  Jayne, S., Hill, M., Crawford, G. Murray, D., Dietz, J., Suttie, J., Dunder, E., Lewis, K., Reed, J., Koziel, M., Jen, G., and Pace, G.  1991.  Analysis of elite transgenic maize plants produced by microprojectile bombardment.  The International Society for Plant Molecular Biology Third International Congress, 6-11 October, 1991, Abstract No. 338.

3.  Williams, R., Lie, Y., Sinha, N., Hake, S. and Lemaux, P. 1993  Expression of the maize homeobox gene *Knotted-1* in transgenic maize.   35th Annual Maize Genetics Conference, 18-21 March, 1993, p. 46.

4.  Dunder, E., Dawson, J., Brewer, J., Ross, G., Suttie, J., Lewis, K., Koziel, M., Evola, S., Chandler, V., and and Pace, G.  1993.  Transgenic anthocyanin color phenotypes produced in callus, plants and progeny of maize.  35th Annual Maize Genetics Conference, 18-21 March, 1993, p. 30.

5.  Howe, A., Tamayo, F., Brown, S., Armstrong, C., Fromm, M., Hart, J., Padgette, S., Parker, J., and Horsch, R.  1992. Development of glyphosate as a selectable marker for the production of fertile transgenic corn plants.  1992 World Congress on Cell and Tissue Culture, 20-25 June, 1992, Abstract No. P-1136.

**SM 0000833**

**C.    *APHIS (Animal and Plant Health and Inspection Service)* *Permits for Field Release of Transgenic Plants.***

1.    Permit No. 92-174-02 issued to Pioneer Hi-Bred International, Inc.

2.    Permit No.92-330-01 issued to Pioneer Hi-Bred International, Inc.

3.    Permit No. 92-212-01 issued to Pioneer Hi-Bred International, Inc.

4.    Permit No. 92-022-03 issued to Pioneer Hi-Bred International, Inc.

*g:\deka\015\pto\decl*

SM 0000834

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicants: | Ronald C. Lundquist and David A. Walters | Examiner: | G. Benzion |
| Serial No.: | 07/508,045 | Art Unit: | 1804 |
| Filed: | April 11, 1990 | M&G: | 9696.3-US-01 |
| For: | FERTILE TRANSGENIC CORN PLANTS | | |

Box AF
Hon. Commissioner of Patents
    and Trademarks
Washington, D.C. 20231

## DECLARATION UNDER 37 CFR §1.132

Sir:

I, T. Michael Spencer, declare and say as follows:

1.    I am an Associate Scientist with DEKALB Plant Genetics in Mystic, Connecticut. I received a B.S. in Biology from Trinity College in Hartford, Connecticut in 1980. I received an M.S. in Plant Science from the University of Delaware in Newark, Delaware in 1987. I have authored or co-authored five papers since 1990 relating to maize transformation, including W.J. Gordon-Kamm et al., "Transformation of Maize Cells and Regeneration of Fertile Transgenic Plants," The Plant Cell, 2, 603 (July 1990). I am a named co-inventor on published PCT application no. PCT/US90/04462, "Methods and Compositions for the Production of Stable, Transformed, Fertile Monocot Plants and Cells Thereof."

2.    I have reviewed the above-identified application, Serial No. 7/508,045, which is assigned to DEKALB Plant Genetics, the Office Action mailed April

1

SM 0000835

#27

14, 1993, and the Amendment enclosed herewith, and make this declaration in support of the patentability of the claims of the above-identified application, particularly claims 63-68.

      3.    Glyphosate is a herbicide which would be extremely useful for post emergence control of weeds in corn (Zea mays) production. This herbicide provides broad spectrum weed control, yet is relatively harmless to the environment because it is readily broken down in the soil. However, Zea mays lacks resistance to glyphosate, which greatly limits its potential use. Development of novel Zea mays lines possessing glyphosate-resistance genes is made possible by the transformation methodology disclosed in the above-identified application. With respect to claims 28-29, it should also be noted that the glyphosate-resistance genes may also be employed as selectable marker genes for identification of transformed plants and cell lines.

      4.    Glyphosate inhibits the action of the enzyme 5-enolpyruvylshikimate-3-phosphate synthase, which is commonly abbreviated EPSPS, ES-3-P synthase, or simply ESPS. ESPS is active in the aromatic amino acid biosynthetic pathway in plants. Inhibition of this enzyme leads to starvation for the amino acids phenylalanine, tyrosine, and tryptophan and secondary metabolites derived thereof. U.S. Patent 4,535,060 describes mutations in the ESPS encoding gene of *Salmonella typhimurium* (aroA) which yields ESPS which is resistant to glyphosate. The ESPS gene was also cloned from Zea mays and mutations similar to those found in the above mentioned aroA genes were introduced *in vitro*. Two examples are described below which were conducted at my direction or under my supervision which accomplished the stable introduction of these genes into Zea mays to confer glyphosate resistance. In the second example, the ESPS gene is employed as a selectable marker gene. All cited patents and publications are incorporated by reference herein.

      5.    Example 1

      A.    Certain mutated versions of the aroA gene are known which encode variant ESPS enzymes which are insensitive to glyphosate (Comai et al.,

2

SM 0000836

<u>Science</u>, <u>221</u>, 370 (1983)). Transformation studies were conducted employing pDPG238, a tandem <u>bar-aroA</u> construct comprising such a mutant <u>aroA</u> gene. It was constructed by ligating a blunt-ended 3.2 kb DNA fragment containing a mutant ESPS <u>aroA</u> expression unit (Barkai-Golan et al., Arch. Microbiol 116:119-124, 1978) to Ndel-cut pDPG165 that had been blunted and dephosphorylated (Ndel introduces a unique restriction cut approximately 200 bp down-stream of the Tr7 3'-end of the <u>bar</u> expression unit). <u>E. coli</u> cells containing plasmid DNA with <u>aroA</u> in both orientations relative to <u>bar</u> were identified. Individual pieces of the vector are as follows:

<u>(i)</u>    <u>AroA Expression Unit (in order of linkage)</u>

a.    Promoter sequences from the Cauliflower Mosaic Virus genome. Odell, J.T., Nagy, F., and Chua, N.-H., <u>Nature</u>, <u>313</u>, 810-812 (1985).

b.    Enhancer sequences from the maize alcohol dehydrogenase gene. Callis, J., Fromm, M.E., Walbot, V., <u>Genes Dev.</u>, <u>1</u>, 1183-1200 (1987).

c.    The <u>aroA</u> gene from <u>Salmonella typhimurium</u> which encodes 5-enolpyruvylshikimate 3-phosphate synthase (ESPS). Comai, L., Sen, L.C., Stalker, D.M., <u>Science</u>, <u>221</u>, 370-371, (1983).

d.    Transcript 7 terminator from <u>Agrobacterium</u> <u>tumefaciens</u>. Bevan, M., Barnes, W.M., Chilton, M.D., <u>Nucleic Acid Research</u>, <u>11</u>, 369-385 (1983).

<u>(ii).</u>    <u>Bar Expression Unit (in order of linkage)</u>

a.    Promoter sequences as above.

b.    The <u>bar</u> gene from <u>Streptomyces hygroscopicus</u> which encodes phosphinothricin acetyltransferase (PAT). Cells expressing PAT are resistant to the herbicide Basta. White, J., Chang, S.-Y.P., Bibb, M.J., and Bibb, M.J., <u>Nucl. Acid Research</u>, <u>18</u>, 1062 (1990).

c.    Transcript 7 terminator from <u>Agrobacterium</u> <u>tumefaciens</u>. Bevan, M., Barnes, W.M., Chilton, M.D., <u>Nucleic Acid Research</u>, <u>11</u>, 369-385 (1983).

d.    Both expression units are in a pUC19 plasmid backbone.

3                    SM 0000837

B.    pDPG238 was introduced into suspension culture cells of line SC716. Suspension culture cells were bombarded with gold particles coated with pDPG238 using bombardment conditions as described in the specification. Three days post-bombardment, the cells were resuspended in liquid 409 medium (see M.A. Stephens' Declaration, submitted herewith, for media compositions) at a density of 2 ml packed cell volume (PCV) per 25 ml medium. Cells were subcultured to fresh 409 medium at the same density four days later. After four additional days in liquid medium, the cells were plated at low density (0.1 ml PCV/plate) on 227 medium containing 1 mg/l bialaphos. Bialaphos-resistant colonies were identified and transferred to fresh selection medium about seven weeks post-bombardment. The transformation experiment yielded 4 bialaphos-resistant callus lines. Results from polymerase chain reaction (PCR) analysis demonstrated that three of the four callus lines possessed the introduced aroA gene. Protein extracts from one of the transformed cell lines, designated A36K-20, were analyzed by Western blot for expression of the aroA gene. ESPS was detected in this line.

C.    A single plant was regenerated from callus line A36K-20 by transferring callus growing on selection medium to 157 medium to promote somatic embryo maturation. After two weeks, tissue was transferred to 101 medium to promote plantlet formation. After about a month, a single plantlet was recovered from this line and transferred to 501 medium in a Plant Con container for further rooting and growth. This plant was subsequently transferred to the greenhouse and grown to maturity. This $R_0$ plant was tested and found to be positive for the presence of ESPS by Western blot. An ear that developed on this plant was pollinated with pollen collected from a nontransformed inbred plant. Six kernels developed and embryos were isolated from two of these kernels about 18 days post-pollination. Embryos were cultured until plants developed. The two resulting $R_1$ plants (TGB-4 and TGB-5) were analyzed by PCR for the presence of the aroA gene; both were positive for aroA sequence. The $R_1$ plants were also tested for the presence of ESPS by Western blot; one of the two plants had detectable ESPS (TGB-5).

D.    An experiment was conducted to examine the level of resistance

4

to glyphosate (Roundup®) of progeny of the aroA-expressing line TGB-5. The transformant possesses both the bar and aroA genes and is therefore expected to confer resistance to both Basta® and Roundup®. A single progeny of TGB-5, designated TGB-56 was crossed to four elite inbreds representing four different heterotic groups. The progeny were grown and self-pollinated to increase seed, and the resultant seeds were planted in two experiments. In the first experiment, plants were sprayed with 1.5 lb/A Basta® to confirm Mendelian segregation of the introduced DNA (Table 1).

TABLE1: Chi-Square Analysis of Segregation of Basta® Resistance

|  | Resistant | Susceptible | Chi-Square Value |
|---|---|---|---|
| (CD x TGB-56) - selfed | 128 | 56 | $\chi^2 = 1.22$ |
| (AW x TGB-56) - selfed | 129 | 52 | $\chi^2 = 1.10$ |
| (CN x TGB-56) - selfed | 136 | 48 | $\chi^2 = .075$ |
| (AF x TGB-56) - selfed | 107 | 44 | $\chi^2 = 1.17$ |

The data on Table 13 indicates that the segregation of Basta® resistance, in progeny resulting from four self pollinations, does not differ significantly from the expected 3:1 ratio.

E.    The remaining plants were divided into four blocks and sprayed with application rates of Roundup® of 2 oz/A, 4 oz/A, 8 oz/A, and 16 oz/A. All plants were killed in the 8 oz and 16 oz treatments. At 4 oz/A, a portion of the transformed plants were killed and a portion were stunted in growth. The ratio of dead plants to slow growing plants was not significantly different from the expected 3:1 ratio in progeny from the four self pollinations (Table 2). This indicated that a low level of

5

level of expression of the aroA gene had been attained which provides partial resistance to herbicide application.

Table 2:  Chi-Square Analysis of Segregation of Roundup® Resistance

|  | Resistant | Susceptible | Chi-Square Value |
|---|---|---|---|
| (CD x TGB-56) - selfed | 63 | 26 | $\chi^2 = 0.739$ |
| (AW x TGB-56) - selfed | 66 | 30 | $\chi^2 = 1.680$ |
| (CN x TGB-56) - selfed | 64 | 25 | $\chi^2 = 0.005$ |
| (AF x TGB-56) - selfed | 53 | 30 | $\chi^2 = 4.430$ |

6.    Example 2

A.    In this example, additional transformation studies were conducted using a mutant maize ESPS gene. The mutant ESPS gene is a double mutant, containing the substitutions Thr for Ile at position 102 and Pro for Ser at position 106. Plasmids used in these experiments were constructed from an expression vector possessing this gene without a promoter (pDPG425).

B.    Seven plant expression vectors were constructed using the promoterless mutant maize ESPS expression vector (pDPG425).  Seven promoters ($\pm$ introns) were used in vector constructions using the mutant maize ESPS gene.  A description of the construction of these vectors is presented below.

C.    Four vectors (pDPG434, 436, 441, and 443) were constructed by cloning four promoters into SmaI-linearized pDPG425. Linearized pDPG425 was treated with calf alkaline phosphatase to prevent recircularization prior to ligation. The rice actin promoter and intron were isolated as a 1.5 kb HindIII fragment from pDPG421 (pDM302; Cao et al., Plant Cell Rep., 11, 586-591 (1992). The 35S/adh1 intron I promoter was isolated from pDPG208 as a 0.9 kb HindIII fragment. The 2X

6                    SM 0000840

Arabidopsis histone promoter was isolated as a 1.4 kb EcoRI/HindIII fragment from pDPG404. The 2X 35S/Arabidopsis histone promoter was isolated as a 1.8 kb EcoRI/HindIII fragment from pDPG405. The above-mentioned promoter fragments were T4 DNA polymerase-treated to create blunt ends prior to ligation into SmaI linearized pDPG425. To create pDPG447, a 2.1 kb EcoRI/NcoI α-tublin/adh1 intron I fragment was isolated from pDPG407 and ligated into EcoRI/NcoI digested pDPG425. The adh1 promoter and intron I were isolated from pDPG172, a derivative of pDPG140, as a 1.8 kb EcoRI fragment and ligated into EcoRI digested, calf alkaline phosphatase-treated pDPG425. The resulting plasmid was designated pDPG465. The 2X OCS promoter and adh1 intron VI were isolated from pDPG354 as a 0.6 kb SacI/NcoI fragment and ligated into SacI/NcoI digested pDPG425. This plasmid was designated pDPG467. A list of all of the mutant maize ESPS vectors that were constructed is shown in Table 3.

Table 3:    List of Mutant Maize ESPS-Synthase Plant Expression Vectors Constructed Using pDPG425 and Various Promoters

| DEKALB Plasmid Designation | Plant Expression Cassette |
| --- | --- |
| pDPG434 | actin - ESPS (I102+S106) - nos |
| pDPG436 | 35S/adh1 intron I - ESPS (I102+S106) - nos |
| pDPG441 | 2X Arabidopsis histone - ESPS (I102+S106) -nos |
| pDPG443 | 2X 35S/Arabidopsis histone - ESPS (I102+S106) - nos |
| pDPG447 | α-tubulin/adh1 intron I - ESPS (I102+S106) - nos |
| pDPG465 | 2X OCS/adh1 intron VI - ESPS (I102+S106) - nos |
| pDPG467 | adh1 promoter/adh1 intron I - ESPS (I102+S106) - nos |

SM 0000841

7

D.    Mutant maize ESPS genes were introduced into AT824 suspension culture cells via microporojectile bombardment and glyphosate was used for selection of transformed cell lines. In this example, the mutant maize ESPS gene was carried by plasmid pDPG436. In this plasmid, the mutant maize ESPS expression cassette contains a 35S promoter/adh1 intron I combination and the nos 3' end. Following bombardment with gold particles coated with pDPG436, AT824 cells were cultured on 279 medium for four days. Subsequently, the cells were returned to liquid 401 medium, at a density of 2 ml packed cell volume (PCV) per 20 ml, and cultured for four days. The cells were then transferred, at a density of 2 ml PCV/20 ml, to fresh 401 medium containing 1 mM glyphosate and cultured for four days. The subculture into 401 plus 1mM glyphosate was repeated and, after four days, the cells were plated at a density of 0.1 ml PCV per 100 X 15 mm petri dish containing 279 plus 1 mM glyphosate.

E.    Six to eight weeks after bombardment, glyphosate-resistant colonies were removed from the selection plates and subcultured onto fresh 279 plus 1 mM glyphosate. Seven glyphosate-resistant callus lines were recovered in this example. Two randomly chosen callus lines were analyzed for the presence of the introduced DNA by Southern blot hybridization. Genomic DNA isolated from the callus lines was analyzed undigested or digested with NotI, which releases the mutant ESPS expression cassette from pDPG436. The callus DNA was probed with $^{32}$P-labelled nos fragment. The nos fragment was isolated as an approximately 250 bp NotI/XbaI fragment from pDPG425. The nos fragment was chosen as the probe to avoid background hybridization possible using an ESPS probe due to the presence of an endogenous maize ESPS gene. Genomic DNA from both callus lines was positive for hybridization to nos in both the undigested and NotI-digested samples. Both callus DNA samples contained nos-hybridizing bands identical in size to the 35S/adh1 intron I - ESPS - nos fragments released from pDPG436 upon digestion with NotI, as well as additional nos-hybridizing bands.

F.    In a second experiment, AT824 cells were bombarded with a mutant ESPS gene under control of the rice actin promoter and intron (Cao et al.,

8

Plant Cell Rep., 11, 586-591 (1992)). The plasmid used, pDPG434, contains the rice actin 5' region, the mutant ESPS gene described in the previous example, and the nos 3' end. Bombarded AT824 cells were cultured and selected as described in the previous example. Thirteen glyphosate-resistant callus lines were isolated in this example. As in the previous example, two randomly chosen callus lines were analyzed for the introduced DNA by Southern blot hybridization. Using the same analysis as in the previous example, both callus lines were found to contain DNA sequence that hybridized to the nos probe, confirming introduction of, and selection for expression of, the introduced mutant ESPS gene.

    G.    The above two examples clearly demonstrate the introduction and expression in cultured maize cells and plants of an ESPS gene which confers glyphosate resistance. Moreover, glyphosate was successfully used as the selection agent for identification of the transformed cell lines.


    7.    I further declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true, and further that these statements are made with the knowledge that willful false statements and the like are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statement may jeopardize the validity of the application or any patent issuing thereon.


*August 12, 1993*
Date

*T. Michael [signature]*

T. Michael Spencer

9

SM 0000843



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/974,379 | 11/10/92 | LUNDQUIST | | R    9696.1US01 |

|  | EXAMINER |
|---|---|
|  | BENZION, B |

18M2/0201
MERCHANT, GOULD, SMITH, EDELL, WELTER &
SCHMIDT, P.A., ATTN: WARREN D. WOESSNER
3100 NORWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

| ART UNIT | PAPER NUMBER |
|---|---|
| 1804 | 28 |

DATE MAILED:    02/01/94

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined    ☑ Responsive to communication filed on _Septb 27 1993_    ☐ This action is made final

A shortened statutory period for response to this action is set to expire _three (3)_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☑ Claims _39, 41-42, & 47-48_ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _39, 41-42 & 47-48_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

SM 0000844

**EXAMINER'S ACTION**

#28

5        The text of those sections of Title 35, U. S. Code not included in this action can be found
in a prior Office Action.

        Claims 39 and 41 have been amended. Claims 39, 41-42 and 47-48 are currently
pending.

        The rejection of claims 39, 41-42 and 47-48 under 35 U.S.C. § 112, first paragraph, re
10  enablement, as set forth at pages 3 and 4 of the previous Office Action is <u>withdrawn</u> in view the
evidence presented in the separate Flick and Spencer declarations.

        The following is a quotation of the first paragraph of 35 § U.S.C. 112:

15      The specification shall contain a written description of the invention, and of the manner and process of
        making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art
        to which it pertains, or with which it is most nearly connected, to make and use the same and shall set
        forth the best mode contemplated by the inventor of carrying out his invention.

        The specification is objected to under 35 U.S.C. 112, first paragraph, as failing to provide
an adequate written description of the claimed invention.

        The specification teaches the process for the production of maize cells and plants in
20  which non-native DNA is inserted into the plant cells of maize callus. Exemplified are the
expression of the non-maize selectable or screenable marker genes: hygromycin β
phosphotransferase and  β-glucuronidase, of bacterial origin, and the insect gene luciferase in
maize cells. Integration and expression is evidenced in $R_0$ maize plants by Southern blot assay
and $R_1$ progeny by leaf bioassay in plants derived from the claimed process (@ page 30). Thus
25  the specification is considered to provide a limited written description of the subject matter
encompassed by these specific genetic examples. The specification <u>does</u> <u>not</u> describe what
characteristics, traits or utility any <u>other</u> heterologous DNA construction would have if inserted in
a plant, by the claimed process of callus cell transformation, as the invention has not been
described for genes which do not contain a selectable or screenable marker. As the claimed
30  method encompasses the production of maize plants containing <u>any</u> non-maize DNA the species
exemplified in the specification are not considered adequate to describe a process having a
predictable, defined result, that is the production of a fertile entire plant having a defined

Serial No.    07/974379
Art Unit      1804                                              3 of 4

5    phenotype and utility, then the specification fails to satisfy the requirements of 35 U.S.C. § 112,
     first paragraph.

            Claim 39, 41-42 and 47-48 are rejected under 35 U.S.C. 112, first paragraph, for the
     reasons set forth in the objection to the specification.

            The rejection of claims 39, 14-42 and 47-48 under 35 U.S.C. § 103 as obvious over
10   copending application serial number 07/565844 is withdrawn in favor of the new ground of
     rejection set forth below.

            The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form
     the basis for the rejections under this section made in this Office action:

            A person shall be entitled to a patent unless -

15          (g) before the applicant's invention thereof the invention was made in this country by another who had
            not abandoned, suppressed, or concealed it. In determining priority of invention there shall be considered
            not only the respective dates of conception and reduction to practice of the invention, but also the
            reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to
            conception by the other.

20          Claims 39, 41-42 and 47-48 are rejected under 35 U.S.C. 102(g) as being clearly
     anticipated by US patent application 07/565844.

            Copending application 07/565844 disclose the method of particle mediated acceleration
     to produce maize plants that contain non-maize DNA in a heritable form. The disclosure of '844
     teaches the establishment of a regenerable embryogenic callus culture in which bombarded cells
25   are identified (or selected) by the integration and expression of non-maize DNA, such as a
     herbicide or antibiotic resistance gene, to produce fertile maize plants and progeny. The process
     in '844 exemplifies the use embryogenic or type II culture passed through suspension and
     filtering to produce clumps of transformation competent cells along with the specific disclosure
     of the applicability of the process to "meristem cells, type I, type II calli and gametic cells such as
30   microspores and pollen." (@ page 20 of specification). In terms of the limitations of claim 41, to
     callus clump size, this limitation is deemed to be inherently within that disclosed in '844. Thus
     '844 is seen as clearly anticipating the invention as claimed. Although 07/565844 is now
     commonly assigned it was not so assigned at the time the invention was made (as evidenced in

Serial No.     07/974379
Art Unit      1804                                                4 of 4

5    Applicants supplemental IDS received March 8, 1993 as paper number 24). Accordingly the
commonly assigned case qualifies as prior art under 35 U.S.C. § 102(g). As there is no evidence
that the instant invention was derived from the inventors of '844 a rejection under 35 U.S.C. §
102(f) has not been made, however, if such evidence should later come before the Examiner a
rejection under § 102(f) will be set forth. As Applicants have demonstrated that the invention
10   disclosed in '844 was not commonly assigned at the time the invention in this application was
made Applicant must name the prior inventor of the conflicting subject matter to overcome this
rejection. Failure to comply with this requirement will result in a holding of abandonment of the
application.

         No claim is allowed.

15       Any inquiry concerning this or earlier communication from the examiner should be
directed to Gary Benzion, Ph.D whose telephone number is (703) 308-1119. Any inquiry of a
general nature or relating to the status of this application should be directed to the Group
receptionist whose telephone number is (703) 308-0196.

         Papers related to this application may be submitted to Group 180 by facsimile
20   transmission. Papers should be faxed to Group 180 via the PTO Fax Center located in Crystal Mall
1. The faxing of such papers must conform with the notice published in the Official Gazette,
1096 OG 30 (November 15, 1989). The CM1 Fax Center number is (703)-305-3014.

Benzion
25   01/26/94

GARY BENZION
PRIMARY EXAMINER
GROUP 1800

SM 0000847

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicants:    Ronald C. Lundquist et al. | Examiner:    G. Benzion |
| Serial No.:    07/974,379 | Art Unit:    1804 |
| Filed:    November 10, 1992 | Docket No.:   950.1-US-01<br>(was 9696.1-US-01) |

For:    FERTILE TRANSGENIC CORN PLANTS

Hon. Commissioner of Patents
   and Trademarks
Washington, DC 20231

RECEIVED
MAR 22 1994
GROUP 1800

## RESPONSE

Sir:

Reconsideration and withdrawal of the rejection of the claims of the above-identified application as set forth in the Office Action mailed February 1, 1994 is respectfully requested.

The withdrawal of the rejection of the claims under 35 U.S.C. § 112(1) as nonenabled is acknowledged.

At pages 2-3 of the Office Action, the Examiner objected to the specification, and rejected the claims, on the basis that the specification fails to provide an adequate written description of the claimed invention. This rejection is respectfully traversed.

It is respectfully submitted that the Examiner is employing the § 112 written description requirement in a "tag-team" manner, as a substitute for a lack of enabling disclosure rejection which has been rebutted by Applicants. However, it is respectfully submitted that this is an improper application of the written description requirement.

Given that the Federal Circuit has affirmed that 35 U.S.C. § 112(1) contains a written

SM 0000848

# ♯ 29

description requirement that is discrete from the enablement requirement, and that it can remain unmet even when the enablement requirement is satisfied, the first question to resolve is in which context this can occur. *In re Smith et al.*, 178 U.S.P.Q. 620 (C.C.P.A. 1973), the court stated that application of the written description requirement is required (a) under 35 U.S.C. § 120, in determining whether a later-filed claim is entitled to the filing date of the parent application, (b) in interference practice, in determining whether a specification supports a count and (c) where a claim of an original application is subsequently <u>amended</u>.  As summarized by Chisum:

> The description requirement comes into play when a claim is added by an applicant for a patent at some stage after the original filing date and the claim <u>differs in scope</u> from the original claims.  [D. Chisum, *Patents*, Section 7.04, pp. 7-96 (1990 ed.)] [emphasis added].

The reason that the description requirement only comes into play with respect to an <u>amended</u> claim, is that it has been settled at least since 1973, that an original claim is part of the specification. *In re Gardner*, 177 U.S.P.Q. 396 (C.C.P.A. 1973), the court addressed a situation in which the original claims were a subgenus of the broad genus of compounds disclosed in the specification.  The generic invention was found to be enabled.  The court held that the claim in question constituted its own description:

> We see no need for either additional representative examples or more definite language to satisfy the description requirement.  Claim 2, which apparently was an original claim, in itself constituted a description in the original disclosure equivalent in scope and identical in language to the total subject matter now being claimed.

However, when evaluating whether or not the written description requirement is met by the specification of an original application, in the context of the invention in a later

2

SM 0000849

presented claim, in case after case, the court has simply evaluated the correspondence

between the description of the invention in the specification and the description of the

invention in the claims. *In re Smith et al.*, cited above, the court stated that:

> Satisfaction of the description requirement insures that subject matter
> presented in the form of a claim *subsequent to the filing date of the*
> *application* was sufficiently disclosed at the time of filing so that the
> prima facie date of invention can fairly be held to be the filing date of
> the application. [emphasis added].

Given that this is an accurate statement of the role of the description requirement, it is

clear that the Examiner must be applying the description requirement in response to one or

more of Applicants' amendments, which arguably altered the scope of the originally-filed

process claims. A review of the lengthy prosecution history of the pending claims,

particularly of the sole independent process claim 39, is therefore in order. As filed on

January 22, 1990, parent application Serial No. 07/467,983 contained 22 claims. Claim 19

read as follows:

> 19.    A process for producing a fertile transgenic Zea mays
> plant which stably expressed heterologous DNA which is heritable,
> wherein the process comprises the steps of (i) establishing a friable
> embryogenic callus of a plant to be transformed, (ii) transforming said
> callus by bombarding it with DNA-coated microprojectiles in a
> microprojectile bombardment procedure, (iii) identifying or selecting a
> transformed callus cell, and (iv) regenerating a fertile transgenic plant
> therefrom.

This claim was cancelled and replaced by independent process claim 39 in a

Preliminary Amendment filed on August 31, 1990. Following the first Office Action mailed

December 7, 1990, claim 39 was amended to read:

> 39.    A process for producing a fertile transgenic *Zea mays*
> plant comprising the steps of (i) establishing a regenerable friable,
> embryogenic callus culture from a *Zea mays* plant to be transformed,

3

(ii) transforming said culture by bombarding it with DNA-coated microprojectiles, (iii) identifying or selecting a transformed cell line wherein said DNA is chromosomally integrated, and (iv) regenerating a fertile transgenic *Zea mays* plant therefrom, wherein said DNA is transmitted through a complete sexual cycle of said transgenic plant to its progeny.

Support for these amendments was identified in the specification and claims. Specifically, the amendment to claim 39 to recite that a friable, embryogenic callus culture is bombarded is supported by claim 40 and by originally filed claim 19. The amendment to claim 39 to recite that the DNA is chromosomally-integrated is supported at page 5, lines 26-27; and the amendment to claim 39 to recite that the DNA is transmitted through a complete sexual cycle of the transgenic plant to its progeny (e.g., is "heritable") is supported at page 7, lines 24-27.

The next Office Action, mailed August 23, 1992, contained no rejections of this claim under 35 U.S.C. § 112(1), and claim 39 was not amended again until the Amendment filed on September 23, 1993 in continuation application Serial No. 07/974,379, filed November 10, 1992. In this Amendment, claim 39 was amended to delete the adjective "friable." Support for this amendment was identified in the specification at page 8, full paragraph 1.

The adequacy of the support for the amendment was not questioned in the next and most recent Office Action, mailed February 1, 1994. Thus, it is not disputed that the invention as described in claim 39 (as well as the dependent claims) is adequately supported by a corresponding description of the invention in the specification, including the originally-filed claims. The Examiner is respectfully requested to consider that this is all that can logically be required for the amended claims of an original application to meet the written description requirement of § 112(1). Therefore, withdrawal of this rejection is appropriate,

4

SM 0000851

and is respectfully requested.

At pages 3-4 of the Office Action, the Examiner rejected the pending claims under 35 U.S.C. § 102(g) as anticipated by U.S. patent application Serial No. 07/565,844, which is presently assigned to the assignee of the present application. However, Serial No. 07/565,844 was filed on August 9, 1990, and so is not available as prior art under any section of 35 U.S.C. § 102. Therefore, withdrawal of this rejection is respectfully requested.

A request by the Examiner for Applicants to name the first inventors of the subject matter of conflicting claims is appropriate in some cases under 37 C.F.R. § 1.79(c), and will be treated as such in due course. However, during the personal interview conducted on December 1, 1993 in the Patent Office, with respect to the '844 application, the Examiner agreed to defer resolution of this matter until subject matter is otherwise indicated to be allowable in the commonly-assigned application. This is appropriate, since the Examiner has not made the required finding that these two applications contain conflicting claims, and since it cannot be ascertained in advance whether or not the two applications will contain conflicting claims at the point that allowable subject matter is determined to be present. Therefore, deferral of this requirement in the present application is respectfully requested.

SM 0000852

5

It is respectfully submitted that the present claims are otherwise in condition for allowance, and notification to that effect is earnestly solicited.

Respectfully submitted,

RONALD C. LUNDQUIST ET AL.

By their attorneys,

SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
3500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 339-0331



Date: _Mar 14 1994_    By: _Warren D. Woessner_
Warren D. Woessner
Reg. No. 30,440

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Commissioner of Patents and Trademarks, Washington, D.C. 20231, on _March 14 1994_
(Date of Deposit)

_Lisa LaBreche_
_Lisa LaBreche_

SM 0000853

6



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | | | | |
|---|---|---|---|---|---|
| 07/974,379 | 11/10/92 | LUNDQUIST | | R | 9696.1US01 |

BENZION, G

18M2/0601

MERCHANT, GOULD, SMITH, EDELL, WELTER &
SCHMIDT, P.A. ATTN: WARREN D. WOESSNER
3100 NORWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

1804    30

06/01/94

☐ This application has been examined  ☒ Responsive to communication filed on _March 17, 1994_  ☒ This action is made final.

A shortened statutory period for response to this action is set to expire _three (3)_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.     2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.          4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474   6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims ___39, 41-42 + 47-48___ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims ___39, 41-42 + 47-48___ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

SM 0000854

EXAMINER'S ACTION

PTOL-326 (Rev 2-93)
07/974379

Serial No.    07/974379                                    2 of 3    #90
Art Unit    1804

5          The text of those sections of Title 35, U. S. Code not included in this action can be found
in a prior Office Action.

          Claims 39, 41-42 and 47-48 are pending.

          The specification remains objected to under 35 USC § 112, first paragraph, as failing to
provide an adequate written description for the claimed invention for the reasons of set forth at
10    pages 2-3 of the previous Office Action. Consequently, claims 39, 41-42 and 47-48 remain
rejected under 35 USC § 112, first paragraph.

          Applicants urge that the basis of a written description rejection under 35 U.S.C. § 112,
first paragraph, is to address changes in support of an amended claim and based on a review by
Applicants claim 39 is supported by the specification as originally filed. Applicants' arguments
15    have been carefully considered and are not deemed persuasive.

          The basis of the rejection is that the specification does not describe what characteristics,
traits or utility any heterologous gene would have in a <u>whole plant</u> other than that exemplified.
That is, the specification does not contain <u>any</u> description of a plant produced by the process in
which the gene of interest is not a selectable or screenable marker. Applicants analysis of the
20    issue under 35 U.S.C. § 112, first paragraph, does not address the basis of this rejection.
Accordingly the rejection is maintained.

          The rejection of claims 39, 41-42 and 47-48 under 35 U.S.C. § 102(g) is <u>withdrawn</u> in
view of Applicants' arguments.

          Applicants are advised that should allowable subject matter be reached in the instant
25    application and conflicting subject matter still reside in copending application 07/565844,
Applicants must determine who was the first to invent since the Patent and Trademark Office will
not institute an interference between applications of common ownership (see MPEP 2302), the
assignee will be required to state which entity is the prior inventor of the conflicting subject
matter.

30          No claim is allowed.

SM 0000855

Serial No.    07/974379                                    3 of 3
Art Unit      1804

5        THIS ACTION IS MADE FINAL. Applicant is reminded of the extension of time policy as set
forth in 37 CFR 1.136(a).

        A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO
EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS
FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY
10   ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY
PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY
ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 CFR 1.136(a) WILL BE
CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS
15   FINAL ACTION.

        Any inquiry concerning this communication or earlier communication from the examiner
should be directed to Gary Benzion, Ph.D whose telephone number is (703) 308-1119. Any
inquiry of a general nature or relating to the status of this application should be directed to the
Group receptionist whose telephone number is (703) 308-0196.

20       Papers related to this application may be submitted to Group 180 by facsimile
transmission. Papers should be faxed to Group 180 via the PTO Fax Center located in Crystal Mall
1. The faxing of such papers must conform with the notice published in the Official Gazette,
1096 OG 30 (November 15, 1989). The CM1 Fax Center number is (703)-305-3014.

25   Benzion
05/31/94

GARY BENZION
PRIMARY EXAMINER
GROUP 1800

SM 0000856



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington. D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/974,379 | 11/10/92 | LUNDQUIST | |

|  | R    EXAMINER 1USO1 |
|---|---|
|  | BENZION G |
| ART UNIT | PAPER NUMBER |
|  | 31 |

18M2/0727
MERCHANT, GOULD, SMITH, EDELL, WELTER &
SCHMIDT, P.A. ATTN: WARREN D. WOESSNER
3100 NORWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402
This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

DATE MAILED:

07/27/94

☐ This application has been examined    ☒ Responsive to ~~communication filed on~~ *interview of* 7/13/94    ☐ This action is made final

A shortened statutory period for response to this action is set to expire **2 (two)** month(s). _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892    2. ☐ Notice of Draftsman's Patent Drawing Review. PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449    4. ☐ Notice of Informal Patent Application. PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☒ *2 pg interview summary*

**Part II    SUMMARY OF ACTION**

1. ☒ Claims    39, 41-42 + 47+48    _____ are pending in the application.

     Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☒ Claims    39, 41-42 +47-48    *are allowable*    ~~are allowed.~~

4. ☐ Claims _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
     are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings. filed on _____. has (have) been ☐ approved by the
      examiner; ☐ disapproved by the examiner (see explanation)

11. ☐ The proposed drawing correction. filed _____, has been ☐ approved; ☐ disapproved (see explanation)

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
      ☐ been filed in parent application, serial no. _____ ; filed on _____.

13. ☒ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
      accordance with the practice under Ex parte Quayle. 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

SM 0000857

EXAMINER'S ACTION

Serial No.     07/974,379                           2 of 3
Art Unit       1804

#31

5       <u>Examiner Interview Summary Record</u>.

This is a summary of the telephonic interview of July 8, 1994 with Applicants' attorney
Warren Woessner.

Applicants' attorney urged that the specification provides more than an adequate written
description of the plants produced by the claimed process. It is Applicants' position that all non-
10      native DNA, regardless of encoded function, can be employed to screen or select transgenic
plants as the DNA *per se* can be localized and identified by *in vitro* methods (see specification at
page 16). These arguments are convincing of the adequacy of the disclosure to satisfy the
requirements of 35 U.S.C. § 112, first paragraph, re written description. As no commonly
assigned application presents claims that are drawn to the instant process the examiner's
15      requirement set forth at page 2 of the previous Office Action for the assignee to identify who
invented first is considered moot.

The following is an <u>Examiner's Statement of Reasons for Allowance</u>:

The specification describes a method of genetic transformation in which embryonic
maize callus is bombarded with DNA coated microprojectile. This process is capable of producing
20      fertile transgenic maize plants ($R_0$) to which the DNA of interest is transmitted through a sexual
cycle to first generation ($R_1$) progeny. Exemplified in the specification, beginning at page 31, $R_0$
plants transformed with DNA encoding hygromycin β-phosphotransferase (HPT) present a 1.05
Kb band on a Southern blot assay corresponding to the HPT coding sequence. $R_1$ progeny
evaluated by root elongation bioassay, etiolated leaf bioassay, and Southern blot assay confirm
25      that the primary regenerants and segregating progeny were genetically transformed with non-
native DNA. These plants affected a new non-native plant phenotype corresponding to
hygromycin resistance. Attention is drawn in claim 1, subpart (iii), which requires the DNA
construct to be chromosomally integrated to allow identification or selection of the transgenic
cell line. The above example, along with the that of β-glucuronidase and luciferase expression,
30      and the general discussion of art known and available DNA sequences, including herbicide
resistance as a type of selectable or screenable marker, provides a sufficient written description
of whole plants produced by the claimed process.

SM 0000858

Serial No.      07/974,379
Art Unit        1804                                          3 of 3

5          Any comments considered necessary by applicant must be submitted no later than the
Payment of Issue Fee and, to avoid processing delays, should preferably accompany the Issue Fee.
Such submissions should be clearly labeled "Comments on Statement of Reasons for
Allowance."

           Any inquiry concerning this or earlier communication from the examiner should be
10    directed to Gary Benzion, Ph.D whose telephone number is (703) 308-1119.  The examiner can
normally be reached on Monday-Friday from 8 AM to 4:30 PM.

           If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Elizabeth C. Weimar can be reach on (703-308-0254).

           Any inquiry of a general nature or relating to the status of this application should be
15    directed to the Group receptionist whose telephone number is (703) 308-0196.

           Papers related to this application may be submitted to Group 180 by facsimile
transmission.  Papers should be faxed to Group 180 via the PTO Fax Center located in Crystal Mall
1.  The faxing of such papers must conform with the notice published in the Official Gazette,
1096 OG 30 (November 15, 1989).  The CM1 Fax Center number is (703)-305-3014.

20

Benzion
07/13/94

GARY BENZION
PRIMARY EXAMINER
GROUP 1800


SM 0000859



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/974379 | 4/10/92 | Lundquist | 9696.1450l |

| EXAMINER |
|---|
| Benzion, 6 |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1804 | attachment Pope 31 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) _Warren Woessner_      (3) _____

(2) _Gary Benzion_      (4) _____

Date of Interview  _7/8/94_

Type: ☒ Telephonic  ☐ Personal (copy is given to  ☐ applicant  ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes  ☒ No. If yes, brief description: _____

_____

Agreement ☒ was reached with respect to some or all of the claims in question.  ☐ was not reached.

Claims discussed: _39, 41-42 and 47-48_

Identification of prior art discussed: _none._

_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _See Reason for_
_allowance and comments re. interview_

_____

_____

SM 0000860

_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

☒ 1.  It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph below has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1-7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☒ 2.  Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the substance of the interview unless box 1 above is also checked.

Examiner's Signature

PTOL-413 (REV. 2 -93)



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/974379 | 11/10/92 | *Lundquist et al.* | 9696.16501 |

| EXAMINER |
|---|

*Benzion, 6*

| ART UNIT | PAPER NUMBER |
|---|---|
| 1806 | attachment 6 page 31 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) *Warren Woesner*          (3) *Gary Benzion*

(2) *David Parker*          (4) _____

Date of interview *7/13/94*

Type: ☑ Telephonic ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☑ No. If yes, brief description: _____

Agreement ☐ was reached with respect to some or all of the claims in question. ☑ was not reached.

Claims discussed: *39, 41-42, 47 + 48*

Identification of prior art discussed: *none*          SM 0000861

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: *Mr Woesner indicated that a divisional of 07/565844, claiming conflicting subject matter by Mr Parker has been filed as 08/233067. Thus the issue of who was the 1st to invent remains unresolved. Mr. Parker indicated that this issue would be resolved by within 30 days & the junior party abandons or application merged if possible*

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

☐ 1. It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph below has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., Items 1-7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ 2. Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the substance of the interview unless box 1 above is also checked.

PTOL-413 (REV. 2 -93)          Examiner's Signature

Serial No.      07/974379                           2 of 2
Art Unit        1804

5        Regarding box 13, *Ex parte Quayle*.

        The issue of the adequacy of the written description as set forth under 35 U.S.C. § 112,
first paragraph, in the previous Office Action has been resolved. The sole remaining issue
concerns the question of who was the first to invent. This issue had appeared resolved due the
cancellation of claims to the conflicting subject matter in copending application 07/565844,
10      however, attorneys Woesner and Parker in a telephonic interview on 7/13/94 have made of record
that conflicting subject matter is pending in serial number 08/233076, a divisional of '844.
Accordingly the question of inventorship has in fact not been resolved. Mr. Parker, Applicants'
attorney in '076, indicated that this issue will be resolved within 30 days by abandonment of the
application to the junior party or the joining of applications if possible. Consequently, as this is
15      the only issue remaining prosecution on the merits of the instant application is closed in
accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11;435 O.G. 213.

        Any inquiry concerning this or earlier communication from the examiner should be
directed to Gary Benzion, Ph.D whose telephone number is (703) 308-1119. The examiner can
normally be reached on Monday-Friday from 8 AM to 4:30 PM.

20      If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Elizabeth C. Weimar can be reach on (703)-308-0254.

        Any inquiry of a general nature or relating to the status of this application should be
directed to the Group receptionist whose telephone number is (703) 308-0196.

        Papers related to this application may be submitted to Group 180 by facsimile
25      transmission. Papers should be faxed to Group 180 via the PTO Fax Center located in Crystal Mall
1. The faxing of such papers must conform with the notice published in the Official Gazette,
1096 OG 30 (November 15, 1989). The CM1 Fax Center number is (703)-305-3014.

30      Benzion
        07/14/94

                                    GARY BENZION
                        SM 0000862     PRIMARY EXAMINER
                                        GROUP 1800

01/05/95   11:10   ☎612 339 3061      SCHWEGMAN, LUNDB                    ☒001

## SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
PATENT · TRADEMARK · COPYRIGHT · ATTORNEYS

3500 IDS Center

80 South Eighth Street

Minneapolis, MN 55402

Telephone 612·339·0331          Facsimile 612·339·3061

RECEIVED

DEC ?? 1994

GROUP 180



January 5, 1995                    (612) 339·0331

Time: _____
    (Minneapolis, Minn.)

TO: Honorable Commissioner of        FROM:  Warren D. Woessner
    Patents and Trademarks
    Attn:  G. Benzion               OUR REF: 950.001US1
    Patent Examining Corps
    Facsimile Center                 TELEPHONE: (612) 373-6903
    Washington, D.C.    20231

Total pages, including cover letter: 6

    FAX NUMBER  1-703-305-7401

If you do NOT receive all of the pages, please telephone us at 612-339-0331, or fax
us at 612-339-3061.

    Document Transmitted:  A true and correct copy of the Amendment Under 37 CFR
1.116 -- Expedited Examining Procedure -- Group 180 (originally filed in the USPTO
via Hand-Delivery on December 9, 1994), a Communication, and a Petition for a
Fourth-Month Extension of Time

    Applicant: Ronald C. Lundquist et al.    Examiner: G. Benzion

    Serial No.: 07/974,379                   Group Art Unit:  1804

    Filed:  November 10, 1992                Docket No.: 950.001US1

    Title: FERTILE TRANSGENIC CORN PLANTS

    Please charge any additional fees or credit overpayment to Deposit Account No.
19-0743.                        By:  _____
                                Name:  Warren D. Woessner
                                Reg. No.: 30,440

I hereby certify that this paper is being transmitted by facsimile to the U.S.
Patent and Trademark Office on the date shown below.

    Lisa D. LaBreche_____
Printed Name

_____          January 5, 1995_____
Signature                               Date

                                        Patent Protection
                                        for High Technology

SM 0000863

01/05/95  11:10  ☎612  3061     SCHWEGMAN. LUND.     32  @001
1/6/95

# SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
PATENT • TRADEMARK • COPYRIGHT • ATTORNEYS

3500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Telephone 612•339•0331          Facsimile 612•339•3061



Received
DEC - 9 1994

GROUP 180

January 5, 1995          (612) 339-0331

Time: _____
        (Minneapolis, Minn.)

TO: Honorable Commissioner of
    Patents and Trademarks
    Attn: _G. Benzion_
    Patent Examining Corps
    Facsimile Center
    Washington, D.C.   20231

FROM: _Warren D. Woessner_____

OUR REF: _950.001US1_

TELEPHONE: _(612) 373-6903_____

Total pages, including cover letter: _6_

FAX NUMBER _1-703-305-7401_

If you do NOT receive all of the pages, please telephone us at 612-339-0331, or fax
us at 612-339-3061.

   Document Transmitted: _A true and correct copy of the Amendment Under 37 CFR_
_1.116 -- Expedited Examining Procedure -- Group 180 (originally filed in the USPTO_
_via Hand-Delivery on December 9, 1994), a Communication, and a Petition for a_
_Fourth-Month Extension of Time_

   Applicant: _Ronald C. Lundquist et al._     Examiner: _G. Benzion_____

   Serial No.: _07/974,379_          Group Art Unit: _1804_____

   Filed: _November 10, 1992_        Docket No.: _950.001US1_____

   Title: _FERTILE TRANSGENIC CORN PLANTS_

   Please charge any additional fees or credit overpayment to Deposit Account No.
19-0743.          By: _Wm D Wae_____
                  Name: _Warren D. Woessner_____
                  Reg. No.: _30,440_     _____

I hereby certify that this paper is being transmitted by facsimile to the U.S.
Patent and Trademark Office on the date shown below.

_Lisa D. LaBreche_____
Printed Name
_Lisa V LaBreche_
Signature

_January 5, 1995_____
Date

Patent Protection
for High Tech

SM 0000864

01/05/95   11:10   ☎612 ??8 3081        SCHWEGMAN, LUNDB                    ☑002

                                                                    PATENT
          IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:    Ronald C. Lundquist et al.          Examiner:    G. Benzion

Serial No.:    07/974,379                          Art Unit:    1804

Filed:         November 10, 1992                   Docket No.:  950.001US1

For:           FERTILE TRANSGENIC CORN PLANTS

---

BOX AF
Hon. Commissioner of Patents
   and Trademarks
Washington, DC 20231

                          COMMUNICATION
                                                              GROUP 180
Sir:

        Enclosed please find a copy of the original hand-delivered Amendment Under 37 CFR

§ 1.116 – Expedited Examining Procedure -- Group 180, that was date-stamped received in

the U.S. Patent and Trademark Office on December 9, 1994. The undersigned-attorney for

Applicants verifies that this is a complete and true copy of the Amendment filed in the U.S.

Patent and Trademark Office via hand-delivery on December 9, 1994. Also enclosed is a
                     three
Petition for a ~~Four~~-Month Extension of Time.

        Please contact that below-signed attorney with any questions or comments regarding

the enclosed papers.


                         Respectfully submitted,

                         RONALD C. LUNDQUIST ET AL.

                         By their attorneys,

                         SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
                         3500 IDS Center
                         80 South Eighth Street
                         Minneapolis, MN 55402                 SM 0000865
                         (612) 339-0331

CS14282  01/06/95  07974379
Date: 1- 5 - 95          By: _____ 870.00CH
                            Warren D. Woessner
WDW:LDL                     Reg. No. 30,440

01/05/95   11:11   ☎612   ᴛ 3061      SCHWEGMAN, LUNDE                #32      @003

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:   Ronald C. Lundquist et al.          Examiner:    G. Benzion

Serial No.:   07/974,379                          Art Unit:    1804

Filed:        November 10, 1992                   Docket No.:  950.001US1

For:          FERTILE TRANSGENIC CORN PLANTS

BOX AF
Hon. Commissioner of Patents
  and Trademarks
Washington, DC 20231

## PETITION FOR A FOUR-MONTH EXTENSION OF TIME

Sir:

In accordance with the provisions of 37 C.F.R. §1.136(a), it is respectfully requested that a three-month extension of time be granted in which to respond to the outstanding Final Office Action mailed July 27, 1994, said period of response being extended from September 27, 1994 to January 27, 1995.

Please charge the ~~four~~-month extension fee (for a large entity) of $1,360.00 to PTO Deposit Account No. 19-0743.

Respectfully submitted,

RONALD C. LUNDQUIST ET AL.

By their attorneys,

SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
3500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 339-0331

Date:   _1 - 5 - 95_          By:   _Wa— O Woess_
                                    Warren D. Woessner
WDW:LDL                             Reg. No. 30,440

**SM 0000866**

0?/05/95    11:11    ☎812 339 3081    SCHWEGMAN, LUNDB    @004

33
7 (25)
1/6/95
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicants: | Ronald C. Lundquist et al. | Examiner: | G. Benzion |
| Serial No.: | 07/974,379 | Art Unit: | 1804 |
| Filed: | November 10, 1992 | Docket No.: | 950.001US1 |
| For: | FERTILE TRANSGENIC CORN PLANTS | | |

BOX AF
Hon. Commissioner of Patents
  and Trademarks
Washington, DC 20231

RECEIVED
94 DEC -9 AM11:12
GROUP 180

AMENDMENT UNDER 37 CFR §1.116 —
EXPEDITED EXAMINING PROCEDURE — GROUP 180

Sir:

In response to the Office Action mailed July 27, 1994, please amend the above-identified application as follows:

IN THE CLAIMS

39. (TWICE AMENDED)  A process for producing a fertile transgenic *Zea mays* plant comprising the steps of (i) establishing a regenerable embryogenic callus culture from a *Zea mays* plant to be transformed, (ii) transforming said culture by bombarding it with DNA-coated microprojectiles, (iii) identifying or selecting a transformed cell line, [wherein said DNA is chromosomally integrated,] and (iv) regenerating a fertile transgenic *Zea mays* plant therefrom, wherein said DNA is transmitted through a complete sexual cycle of said transgenic plant to its progeny.

SM 0000867

01/05/95   11:11   ☎612 339 3061        SCHWEGMAN, LU  3B                    ☑005

## REMARKS

Claim 39 having been amended, the claims pending in the above-identified application are claims 39, 41-42 and 47-48.

The amendment to claim 39 is supported by originally filed claim 19 and by the specification, e.g., at page 5, lines 25-28.

The present claims are also pending in Adams et al., U.S. patent application Serial No. 08/233,067, filed April 26, 1994. In response to the Examiner's request for a determination of first to invent under 37 C.F.R. § 1.78(c), Assignee has informed the undersigned attorney for Applicants that the inventors of the present application, Ronald C. Lundquist and David A. Walters, were the first to invent the subject matter of claims 39, 41-42 and 47-48, as amended herein.

This determination was made following an investigation by outside counsel engaged by Assignee, DEKALB Genetics Corporation. Their investigation led to the conclusion that Lundquist et al. were the first to demonstrate the transmission of the introduced DNA through a complete sexual cycle of the transgenic plant to its progeny, as recited in step (iv) of claim 39. It was also concluded that, while Adams et al. were the second to demonstrate the transmission of the introduced DNA through a complete sexual cycle of the transgenic plant to its progeny, as recited in step (iv) of claim 39, they were the first to demonstrate that the DNA was chromosomally integrated in transformed callus, as recited in step (iii).

Since transmission of the DNA to progeny in fact reflects completion of the claimed transformation method, the present amendment is appropriate. The present

2

SM 0000868

01/05/95   11:12   ☎612 339 3081        SCHWEGMAN, LUNDB                    ☑006

amendment also places the claims in conformity with the named inventors.

Therefore, entry of this amendment is respectfully requested and notification of

the allowance of claims 39, 41-42 and 47-48 is respectfully requested.

A request for a three-month extension of time to respond to the Office Action

is enclosed herewith.

Respectfully submitted,

RONALD C. LUNDQUIST ET AL.

By their attorneys,

SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
3500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 339-0331

Date: _8 Dec 1994_          By: _Warren O Woessner_
                                Warren D. Woessner
                                Reg. No. 30,440

SM 0000869

3



PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicants: | Ronald C. Lundquist et al. | Examiner: | G. Benzion |
| Serial No.: | 07/974,379 | Art Unit: | 1804 |
| Filed: | November 10, 1992 | Docket No.: | 950.001US1 |
| For: | FERTILE TRANSGENIC CORN PLANTS | | |

BOX AF
Hon. Commissioner of Patents
  and Trademarks
Washington, DC 20231

## AMENDMENT UNDER 37 CFR §1.116 –
## EXPEDITED EXAMINING PROCEDURE – GROUP 180

Sir:

In response to the Office Action mailed July 27, 1994, please amend the above-identified application as follows:

## IN THE CLAIMS

39. (TWICE AMENDED)  A process for producing a fertile transgenic *Zea mays* plant comprising the steps of (i) establishing a regenerable embryogenic callus culture from a *Zea mays* plant to be transformed, (ii) transforming said culture by bombarding it with DNA-coated microprojectiles, (iii) identifying or selecting a transformed cell line, [wherein said DNA is chromosomally integrated,] and (iv) regenerating a fertile transgenic *Zea mays* plant therefrom, wherein said DNA is transmitted through a complete sexual cycle of said transgenic plant to its progeny.

**SM 0000870**

## REMARKS

Claim 39 having been amended, the claims pending in the above-identified application are claims 39, 41-42 and 47-48.

The amendment to claim 39 is supported by originally filed claim 19 and by the specification, e.g., at page 5, lines 25-28.

The present claims are also pending in Adams et al., U.S. patent application Serial No. 08/233,067, filed April 26, 1994. In response to the Examiner's request for a determination of first to invent under 37 C.F.R. § 1.78(c), Assignee has informed the undersigned attorney for Applicants that the inventors of the present application, Ronald C. Lundquist and David A. Walters, were the first to invent the subject matter of claims 39, 41-42 and 47-48, as amended herein.

This determination was made following an investigation by outside counsel engaged by Assignee, DEKALB Genetics Corporation. Their investigation led to the conclusion that Lundquist et al. were the first to demonstrate the transmission of the introduced DNA through a complete sexual cycle of the transgenic plant to its progeny, as recited in step (iv) of claim 39. It was also concluded that, while Adams et al. were the second to demonstrate the transmission of the introduced DNA through a complete sexual cycle of the transgenic plant to its progeny, as recited in step (iv) of claim 39, they were the first to demonstrate that the DNA was chromosomally integrated in transformed callus, as recited in step (iii).

Since transmission of the DNA to progeny in fact reflects completion of the claimed transformation method, the present amendment is appropriate. The present

SM 0000871

amendment also places the claims in conformity with the named inventors.

Therefore, entry of this amendment is respectfully requested and notification of the allowance of claims 39, 41-42 and 47-48 is respectfully requested.

A request for a three-month extension of time to respond to the Office Action is enclosed herewith.

Respectfully submitted,

RONALD C. LUNDQUIST ET AL.

By their attorneys,

SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
3500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 339-0331

Date: _8 Dec 1994_          By: _Wa~ D. Woessner_

Warren D. Woessner
Reg. No. 30,440

SM 0000872

3



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D C 20231

## MAILED

### JAN 2 4 1995

#34

### OFFICE OF DIRECTOR
### GROUP 1800

In re Application of                    :
RONALD C. LUNDQUIST, ET AL.             :
Serial No. 07/974,279                   :        SUSPENSION
Filed: November 10, 1992                :      OF PROSECUTION
For:   METHOD FOR PREPARING FERTILE     :
       TRANSGENIC CORN PLANTS           :

All claims are allowable.  However, due to a potential
interference, *ex parte* prosecution is again SUSPENDED FOR A PERIOD
OF SIX (6) MONTHS FROM THE DATE OF THIS LETTER.

Upon expiration of the period of suspension, applicant should make
an inquiry as to the status of the application.

Douglas W. Robinson, Supervisor
Examining Group 1800

MERCHANT, GOULD, SMITH, EDELL, WELTER &
SCHMIDT, P.A., ATTN: WARREN D. WOESSNER
3100 NORWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS,  MN  55402

SM 0000873



UNITED STATES DEPARTMENT OF **COMMERCE**
**Patent and Trademark Office**

**Address:** COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/974,279 | November 10, 1992 | Lundquist et al. | 950.001US1 |

| EXAMINER |
|---|
| Benzion, G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1803 | 35 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) <u>Warren Woessner</u>                    (3)

(2) <u>Gary Benzion (PTO)</u>                 (4)

Date of interview <u>November 15, 1995</u>

Type:   ☒ Telephonic   ☐ Personal (copy is given to ☐ applicant    ☐ applicant's representative)

Exhibit shown or demonstration conducted:   ☐ Yes   ☐ No. If yes, brief description:

Agreement   ☒ was reached with respect to some or all of the claims in question.       ☐ was not reached.

Claims discussed: _____39_____

Identification of prior art discussed: _____None_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:

Agreement of claim language toplace case in condition for allowance.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

☒ 1.    It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph below has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1-7 of the second page of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☒ 2.    Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the substance of the interview unless box 1 above is also checked.

Examiner's Signature

File copy/Applicant's copy

SUBSTITUTE PTOL-413

USSN

SM 0000874



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington D C 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/974,379 | 11/10/92 | LUNDQUIST | R 9696.1US01 |

18M2/1127
MERCHANT, GOULD, SMITH, EDELL, WELTER &
SCHMIDT, P.A., ATTN: WARREN D. WOESSNER
3100 NORWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

BENZION            EXAMINER

| ART UNIT | PAPER NUMBER |
|---|---|
| 1803 | 36/24 |

11/27/3(16/95-

DATE MAILED

## NOTICE OF ALLOWABILITY

**PART I**

1. ☒ This communication is responsive to *end of Suspension & interview of 11/15/95*

2. ☒ All the claims being allowable PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed) a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course

3. ☒ The allowed claims are *39, 41, 42, 47+48, renumbered 1-5, respectively.*

4. ☐ The drawings filed on _____ are acceptable

5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119 The certified copy has [_] been received [_] not been received [ ] been filed in parent application Serial No _____ filed on _____

6. ☒ Note the attached Examiner's Amendment

7. ☒ Note the attached Examiner Interview Summary Record PTOL-413

8. ☐ Note the attached Examiner's Statement of Reasons for Allowance

9. ☐ Note the attached NOTICE OF REFERENCES CITED PTO-892

10. ☐ Note the attached INFORMATION DISCLOSURE CITATION PTO-1449

**PART II**

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE ''DATE MAILED'' indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application Extensions of time may be obtained under the provisions of 37 CFR 1 136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION PTO-152 which discloses that the oath or declaration is deficient A SUBSTITUTE OATH OR DECLARATION IS REQUIRED

2. ☒ APPLICANT MUST MAKE THE DRAWING CHANGES, INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER

   a ☒ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS PTO-948 attached hereto or to Paper No __10__ CORRECTION IS REQUIRED

   b ☐ The proposed drawing correction filed on _____ has been approved by the examiner CORRECTION IS REQUIRED

   c ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT CORRECTION IS REQUIRED

   d ☒ Formal drawings are now REQUIRED

----------------------------------------

Any response to this letter should include in the upper right hand corner the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER DATE OF THE NOTICE OF ALLOWANCE AND SERIAL NUMBER

Attachments:
✓ Examiner's Amendment
✓ Examiner Interview Summary Record PTOL-413
– Reasons for Allowance
– Notice of References Cited PTO-892
– Information Disclosure Citation PTO-1449

– Notice of Informal Application PTO-152
– Notice re Patent Drawings PTO-948
– Listing of Bonded Draftsmen
– Other

**SM 0000875**

PTOL 37 (REV 4 89) *

USCOMM DC 80-3789

Serial No    07/974,379
Art Unit     1803                                              2 of 3

5        An Examiner's Amendment to the record appears below.  Should the changes be
unacceptable to Applicant, an amendment may be filed as provided by 37 CFR 1.312   To
ensure consideration of such an amendment, it **MUST** be submitted no later than the
payment of the Issue Fee.

<u>In the claims.</u>

Claim 39 has been amended as follows:

_1_   ~39~ (Thrice amended).  A process for producing a fertile transgenic *Zea mays* plant
comprising the steps of (i) establishing a regenerable embryogenic callus culture from a
*Zea mays* plant to be transformed, (ii) transforming said culture by bombarding it with
DNA-coated microprojectiles, (iii) identifying or selecting a transformed cell line, and (iv)
regenerating a fertile transgenic *Zea mays* plant therefrom, wherein said DNA is
transmitted through a complete sexual cycle of said transgenic plant to its progeny[ ] <u>and
imparts herbicide ~or insect~ resistance thereto.</u>

Authorization for this Examiner's Amendment was given in a telephone interview
with Warren Woessner on November 15, 1995

10       Any inquiry concerning this or earlier communication from the examiner should be
directed to Gary Benzion, Ph.D whose telephone number is (703) 308-1119   The
examiner can normally be reached on Monday-Friday from 8 AM to 4:30 PM.  If attempts
to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Douglas
W Robinson can be reached on (703)-308-2897   Any inquiry of a general nature or
15       relating to the status of this application should be directed to the Group receptionist
whose telephone number is (703) 308-0196

**SM 0000876**

Serial No    07/974,379
Art Unit     1803                                                          3 of 3

    Papers related to this application may be submitted to Group 1800 by facsimile transmission  Papers should be faxed to Group 180 via the PTO Fax Center located in Crystal Mall 1  The faxing of such papers must conform with the notice published in the

20  Official Gazette, 1096 OG 30 (November 15, 1989).  The CM1 Fax Center number is (703)-308-4227.  Informal communication may be sent via facsimile at 703-308-7362.

Benzion
11/16/95

25

GARY BENZION
PRIMARY EXAMINER
GROUP 1800

**SM 0000877**



**UNITED STATE  DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: Box ISSUE FEE
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

**NOTICE OF ALLOWANCE
AND ISSUE FEE DUE**

☐ Note attached communication from the Examiner

☐ This notice is issued in view of applicant's communication filed _____

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| | | | | |

First Named
Applicant

TITLE OF
INVENTION

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| | | | | | | |

**THE APPLICATION IDENTIFIES ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.
PROSECUTION ON THE MERITS IS CLOSED.**

**THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS
APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.**

**HOW TO RESPOND TO THIS NOTICE:**

I. Review the SMALL ENTITY Status shown above.
If the SMALL ENTITY is shown as YES, verify your
current SMALL ENTITY status:

   A. If the status is changed, pay twice the amount of the
FEE DUE shown above and notify the patent and
Trademark Office of the change in status, or
   B. If the Status is the same, pay the FEE DUE shown
above.

If the SMALL ENTITY is shown as NO:
A. Pay FEE DUE shown above, or
B. File verified statement of Small Entity Status before, or with,
   pay of 1/2 the FEE DUE shown above.

SM 0000878

II. Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE.
Even if the ISSUE FEE has already been paid by charge to deposit account, Part B should be completed and returned.
If you are charging the ISSUE FEE to your deposit account, Part C of this notice should also be completed and returned.

III. All communications regarding this application must give series code (or filing date), serial number and batch number.
Please direct all communication prior to issuance to Box ISSUE FEE unless advised to contrary.

**IMPORTANT REMINDER: Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of
maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance
fees when due.**

PTOL-85B (REV. 4-94) (0651-0033)

PATENT AND TRADEMARK OFFICE COPY

$$\frac{37}{\text{paper number}}$$

## REQUEST FOR ACCESS

Date: _1-29-96_

Serial Number: _467,983_

Filing Date: _1-22-90_

Applicants: _Lundquist_

Sir.

Request is hereby respectfully made for access to the file history of the following

abandoned application referred to in U.S. patent number _5,484,956_ or printed

application number _____ .

Respectfully submitted.

_B L Kuebla_

--------------------------------------------------
OFFICIAL USE ONLY
--------------------------------------------------

**RECEIVED**

'96   JAN 29   P2:35

_____
initials

FILE INFORMATION UNIT

CUSTOMER SERVICE CENTER
PATENT PUBLICATION

--------------------------------------------------

SM 0000879

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant: Ronald C. Lundquist et al.

Title: METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

Docket No.: 5055.001US1

Filed: November 10, 1992

Examiner: G. Benzion

Serial No.: 07/974,379

Due Date: N/A

Group Art Unit: 1803

410 12-8-95

Assistant Commissioner for Patents
Washington, D.C. 20231

BATCH NO. R34
ALLOWED: 11/27/95

Sir:

We are transmitting herewith the attached:

X X  Transmittal sheet containing Certificate under 37 CFR 1.8.
_   _ Sheet(s) of _ formal _ informal drawing(s).
_   An Assignment of the invention to _____ and Recordation Form Cover Sheet.
_   A certified copy of a _ application, Serial No. _, filed _, 19_, the right of priority of which is claimed under 35 U.S.C. Section 119.
_   Small entity status of this application will be established at a later date.
_   A verified statement to establish small entity status under 37 C.F.R. 1.9 and 1.27.
_   A signed Combined Declaration and Power of Attorney.
_  . An unsigned Combined Declaration and Power of Attorney.
_   A check in the amount of $_____ to cover the Missing Parts Fee.
_   A check in the amount of $_____ to cover the Assignment Recording Fee.
X   A return postcard.
X   Other:   Amendment Under 37 CFR § 1.312 (2 pp.); a Letter Re: Supplemental Information Disclosure Statement and Petition Under 37 CFR 1.97 (2 pp.); Forms 1449 listing cited documents (3 pp.); copies of the listed documents attached thereto (8 U.S. Patents; 2 Foreign Patent Documents; and 24 Other Documents); and a check in the amount of $220.00 .

_ Amendment        _ No Additional fee is required        _ The fee has been calculated as shown:

| | (1) Claims Remaining After Amendment | | (2) Highest Number Previously Paid For | (3) Present Extra | Small Entity | | or | OTHER | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Rate | Add'l Fee | | Rate | Add'l Fee |
| TOTAL CLAIMS | - | _ | | | x 11 = | $ .00 | or | x 22 = | |
| INDEPENDENT CLAIMS | - | _ | | | x 39 = | $ .00 | or | x 78 = | |
| [ ] MULTIPLE DEPENDENT CLAIM PRESENTED | | | | | + 125 = | | or | + 250 = | |
| | | | | | | | | TOTAL | |

Please consider this a **PETITION FOR EXTENSION OF TIME** for sufficient number of months to enter these papers and please charge any additional required fees or credit overpayment to Deposit Account No. 19-0743.

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this Transmittal Letter and the paper, as described hereinabove, are being deposited in the United States Postal Service, as first class mail, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on this 1 day of December, 1995.

SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
P.O. Box 2938, Minneapolis, MN 55402 (612-339-0331)

By: Warren D. Woessner
Name: Warren D. Woessner
Reg. No. 30,440

(GENERAL)

SM 0000880