## SCHEDULE A

### U.S. PATENT APPLICATIONS

| Title | Serial No. | Filing Date | Inventors |
|---|---|---|---|
| An Immunological Method For Selection of Specific Genetic Traits In A Plant Breeding Program | 7/617,989 | 11/26/90 | Kenneth A. Hibberd<br>Peter L. Sadowski |
| Stable Transformation of Maize Cells By Electroporesis | 7/635,279 | 12/28/90 | Richard A. Krzyzek<br>Cheryl R.M. Laursen<br>Paul C. Anderson |
| Fertile Transgenic Corn Plants | 7/467,983 | 1/22/90 | Ronald C. Lundquist<br>David A. Walters |
| Fertile Transgenic Corn Plants | 7/508,045 | 4/11/90 | Ronald C. Lundquist<br>David A. Walters |
| Fertile Transgenic Corn Plants | 7/636,089 | 12/28/90 | Ronald C. Lundquist<br>David A. Walters<br>Julie Kirihara |

### FOREIGN PATENT APPLICATIONS

PCT/US 91/00183 (filed 1/14/91) corresponding to U.S. Serial No. 636,089 designating: Canada, Hungary, Soviet Union, Japan, and Romania

| | | |
|---|---|---|
| Mexico* | 24188 | 1/18/91 |
| Argentina* | 318889 | 1/22/91 |
| China* | 91101238.9 | 1/22/91 |
| S. Africa* | 91/0342 | 1/17/91 |

* All corresponding to U.S. Serial No. 636,089

CERTIFICATE OF MERGER

I, the undersigned, do hereby certify that on August 31, 1993

DeKalb Plant Genetics
of 3100 Sycamore Road, DeKalb, Illinois 60115 U.S.A

merged into

DeKalb Genetics Corporation
of 3100 Sycamore Road, DeKalb, Illinois 60115 U.S.A.

and ceased to exist as DeKalb Plant Genetics after the date stated above.

Douglas A. Fisher
Deputy General Counsel
DEKALB Genetics Corporation

Dated this 13th day of January 1994

" OFFICIAL SEAL "
TAMMY K. REMPFER
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/12/96

Notary Public

9210

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicants: | Ronald C. Lundquist et al. | Examiner: | G. Benzion |
| Serial No.: | 07/974,379, now U.S. Patent Number 5,538,877 | Art Unit: | 1804 #50 |
| Filed: | November 10, 1992 | Docket No.: | 950.001US1 |
| For: | FERTILE TRANSGENIC CORN PLANTS | | |

RECEIVED
JUL 30 1996
OFFICE OF PETITIONS
OF PATENTS

Assistant Commissioner of Patents
Washington, DC 20231

**REQUEST FOR RECONSIDERATION OF DENIAL IN PART OF EMERGENCY PETITION TO THE COMMISSIONER TO INVOKE SUPERVISORY AUTHORITY UNDER 37 C.F.R. §1.18(a)(3) OR, ALTERNATIVELY, UNDER §1.182**

Sir:

Applicants hereby request reconsideration, or in the alternative, clarification of the denial of their petition to the Commissioner to invoke Supervisory Authority over the Publications Division to prevent access to, and copying by, third parties of the file wrapper of the above-referenced pending patent application, under 37 C.F.R. §1.14(a), in the absence of written authorization or a petition under §1.14(e). The decision denying the petition was mailed June 25, 1996.

I. Statement of Facts

The above-referenced application is a file wrapper continuation of Serial No. 07/467,983 filed January 22, 1990, abandoned. On January 16, 1996, U.S. Patent No. 5,484,956 issued out of a continuation-in-part of the '045 application, and cross-referenced the '983 application, but did not cross-reference Serial No. 07/974,379.

The '379 application was allowed on November 27, 1995, and is now scheduled to issue on July 23, 1996.

On May 16, 1996, an associate of the undersigned attorney, Paul del Juidice, under authority of a Power to Inspect and Make Copies, dated April 24, 1996, inquired as to the status of the '379 application at the Service Center of the Publications Division. He was told that the application was being copied, and later learned from the person who copied the file that (a) she did not have a Power to Inspect and Make Copies, and (b) she had been informed that no Power to Inspect or Petition under §1.14(e) was necessary because of the waiver of secrecy with respect to file wrapper continuations under §1.62(f). Applicants have not received any petitions for access to this application.

2. Decision on the Petition

The rationale for the Decision denying the Petition was presented as follows:

> Accordingly, since Application No. 07/467,983 is referred to in a U.S. Patent and [is] an abandoned application, it may be inspected and copies made by any person on written request, so long as the application is available. Furthermore, if Application No. 07/467,983 is available, any member of the public filing a written request for Application No. 07/467,983 will also be given Application No. 07/974,379 since Application No. 07/974,379 is a file wrapper continuation of Application No. 07/467,983. See also MPEP Section 103, page 100-7, third paragraph [emphasis supplied].

The Decision holds that application No. 07/974,379 should be made available to the public upon filing of a "written request," since "Application No. 07/974,379 is a file wrapper continuation of Application No. 07/467,983." The Commissioner apparently recognized that §1.62(f) waives the secrecy of a file wrapper continuation application insofar as the provisions of 37 C.F.R. §1.14 become operable, not so that access is provided under §1.11. 37 C.F.R. §1.11(a) does not require filing a written request.

However, the requirement in §1.14 that a member of the public must make "written request" in order to obtain access to an application applies only to abandoned applications, as set forth in §1.14(b). Application Serial no. 07/974,379 is and was a pending application. Thus, it falls under §1.14(a) and §1.14(e) facially applies to require that a request by

a member of the public seeking access to, or copies of such applications must be by petition. The cited MPEP section is ambiguous as to how access is to be obtained and, in any case, should not control the appropriate interpretation of the regulations.

3. Action Requested

It is requested:

(a) that the decision on the Petition be reconsidered in view of the fact that the Commissioner, while recognizing that §1.62(f) makes §1.14 applicable to file wrapper continuations, erred in applying §1.14(b) to Serial No. 07/974,379, rather than §1.14(a), which applies to pending applications; or

(b) that Applicants be informed why §1.62(f) requires that section of §1.14(b) rather than §1.14(a), be applied to Serial No. 07/974,379, in view of the fact that it was a pending application.

(c) that this request for reconsideration be considered and decided apart from the application, and

(d) that this request be decided on an expedited basis, due to the continuing availability to the public of related, commonly-assigned applications.

SM 0000935

The Commissioner is authorized to charge the fee due under 37 C.F.R. §1.17(h) to PTO Deposit Account No. 19-0743.

Respectfully submitted,

Lundquist et al.

By their attorneys,

SCHWEGMAN, LUNDBERG,
WOESSNER & KLUTH, P.A.
P.O. Box 2938
Minneapolis, MN 55402
(612) 339-0331

Date: 29 July 1996

By: [signature]
Warren D. Woessner
Reg. No. 30,440

WDW:fle

SM 0000936



UNITED STAT — ARTMENT OF COMMERCE
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

#51

COPY MAILED

SEP 25 1996

OFFICE OF PETITIONS
A/C PATENTS

Warren D. Woessner, Esq.
Schwegman, Lundberg, Woessner & Kluth
P.O. Box 2938
Minneapolis, MN 55402

In re Application of :
Ronald C. Lundquist :
Application No. 07/974,379 : DECISION ON PETITION
U.S. Patent No. 5,538,877 :
Filed: November 10, 1992 :
For: FERTILE TRANSGENIC CORN PLANTS

This is in response to the "Request for Reconsideration" which was filed on July 30, 1996. Petitioner requests reconsideration or clarification of the decision which refused to instruct Publications Division to require a petition for access before releasing a pending file wrapper continuation application file of an abandoned application that is open to public inspection.

The Request for Reconsideration is granted. However, the decision that a petition for access is not necessary for a member of the public to obtain access to a pending file wrapper continuation application of an abandoned application that is open to public inspection stands.

37 CFR 1.14(b) states:

> Except as provided in § 1.11(b) abandoned applications are likewise not open to public inspection, except that if an application referred to in a U.S. patent, or in an application in which the applicant has filed an authorization to open the complete application to the public, is abandoned and is available, it may be inspected or copies obtained by any person on written request, without notice to the applicant.

37 CFR 1.62(f) states:

> The filing of an application under this section will be construed as a waiver of secrecy by the applicant under 35 U.S.C. 122 to the extent that any member of the public who is entitled under the provisions of 37 CFR 1.14 to access to, or information concerning the prior application or any continuing application filed under the provisions of this section may be given similar access to, or similar

information concerning, the other application(s) in the file wrapper.

Thus, under 37 CFR 1.14(b) any abandoned application referred to in a U.S. patent may be inspected by a member of the public upon filing of a written request. Furthermore, the abandoned application may be inspected by any member of the public even if it is part of a pending file wrapper continuation application file because the filing of such an application is a waiver of secrecy to the extent that a member of the public who has a right of access to the abandoned application has an equal right of access to the file wrapper continuation application under 37 CFR § 1.62(f). This is also explained in Manual of Patent Examining Procedure Section 103, page 100-7, left column, paragraph 3, which states:

> Access to abandoned patent applications forming a part of a File Wrapper Continuation (FWC) application is governed by 37 CFR § 1.14(b). Further, under 37 CFR § 1.62(f) where access is granted to such an abandoned application, access may also be granted to the FWC application.

Applicant argues that 37 CFR 1.14(a) not (b) should have been applied in determining whether access should have been given to the file wrapper continuation application before it issued as a patent and requests an explanation as to why 37 CFR § 1.62(f) requires Rule 14(b) to be applied instead of Rule 14(a). Both Rules 14(a) and 14(b) are applied in determining whether access should be given to a pending file wrapper continuation application of an abandoned application that is open to public inspection. Rule 14(a) states, in part, that "[e]xcept as provided in § 1.11(b) pending patent applications are preserved in secrecy. No information will given by the Office...unless it shall be necessary to the proper conduct of business before the Office." A file wrapper continuation application is not easily separated from the other applications in the application file. When a member of the public is entitled to access to an abandoned application forming part of a file wrapper continuation file, since it is not practical to separate only that file from the remainder of the file wrapper continuation file, it is necessary for the proper conduct of business to allow access to the still pending file wrapper continuation application. Thus, 37 CFR § 1.62(f) provides that the files will not be separated and access can be given to the pending file wrapper continuation file together with the abandoned application. Accordingly, both parts (a) and (b) of Rule 14 were applied in allowing access to the pending application.

Petitioner also requests that the request for reconsideration be decided apart from the application file and for review on an expedited basis. The request for reconsideration has been matched with the patented file and entered onto the contents thereof. Accordingly, if a response is not also entered into the file, the request for reconsideration will appear not to have been responded to. Therefore, the request for reconsideration will not be decided apart from the file. As to the request for expedited review, the request is granted.

All questions regarding this matter should be directed to Karin Tyson at (703) 306-3159.

Jeffrey V. Nase
Patent Legal Administrator
Office of the Deputy Assistant Commissioner
for Patent Policy and Projects

kt

THERE IS
NO PAPER
#52 IN
This File

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant: Ronald C. Lundquist et al.
Title: METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS
Docket No.: 950.001US1
Filed: November 10, 1992
Examiner: G. Benzion

O/PE JAN 13 1998 PATENT & TRADEMARK OFFICE

Serial No.: 07/974,379
Due Date: N/A
Group Art Unit: 1803

Assistant Commissioner for Patents
Washington, D.C. 20231

**BATCH NO. R34**
**ALLOWED: 11/27/95**

Sir:

We are transmitting herewith the attached:

X X Transmittal sheet containing Certificate under 37 CFR 1.8.
_ _ Sheet(s) of _ formal _ informal drawing(s).
_ An Assignment of the invention to ________ and Recordation Form Cover Sheet.
_ A certified copy of a _ application, Serial No. _, filed _, 19_, the right of priority of which is claimed under 35 U.S.C. Section 119.
_ Small entity status of this application will be established at a later date.
_ A verified statement to establish small entity status under 37 C.F.R. 1.9 and 1.27.
_ A signed Combined Declaration and Power of Attorney.
_ An unsigned Combined Declaration and Power of Attorney.
_ A check in the amount of $________ to cover the Missing Parts Fee.
_ A check in the amount of $________ to cover the Assignment Recording Fee.
X A return postcard.
X Other: Amendment Under 37 CFR § 1.312 (2 pp.); a Letter Re: Supplemental Information Disclosure Statement and Petition Under 37 CFR 1.97 (2 pp.); Forms 1449 listing cited documents (3 pp.); copies of the listed documents attached thereto (8 U.S. Patents; 2 Foreign Patent Documents; and 24 Other Documents); and a check in the amount of $220.00.

_ Amendment _ No Additional fee is required _ The fee has been calculated as shown:

| CLAIMS AS AMENDED | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Claims Remaining After Amendment | | (2) Highest Number Previously Paid For | (3) Present Extra | Small Entity Rate | Small Entity Add'l Fee | or | OTHER Rate | OTHER Add'l Fee |
| TOTAL CLAIMS | - | - | | | x 11 = | $ .00 | or | x 22 = | |
| INDEPENDENT CLAIMS | - | - | | | x 39 = | $ .00 | or | x 78 = | |
| [ ] MULTIPLE DEPENDENT CLAIM PRESENTED | | | | | + 125 = | | or | + 250 = | |
| | | | | | | | | TOTAL | |

Please consider this a PETITION FOR EXTENSION OF TIME for sufficient number of months to enter these papers and please charge any additional required fees or credit overpayment to Deposit Account No. 19-0743.

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this Transmittal Letter and the paper, as described hereinabove, are being deposited in the United States Postal Service, as first class mail, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on this 18 day of December, 1995

SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
P.O. Box 2938, Minneapolis, MN 55402 (612-339-0331)

By: Warren D Woessner
Name: Warren D. Woessner
Reg. No. 30,440

SM 0000941

(GENERAL)

OIPE
MAR 1 3 1998
PATENT & TRADEMARK OFFICE

IN THE UNIT . STATES PATENT AND TRADEMARK C ICE

Applicant: Ronald C Lundquist et al
Title: METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

Docket No.: 950.001US1
Filed: November 10, 1992
Examiner: Gary Benzion

Serial No.: 07/974,379
Due Date: N/A
Group Art Unit: 1649

Assistant Commissioner for Patents
Washington, D.C. 20231

We are transmitting herewith the following attached items (as indicated with an "X"):

X A return postcard
X Certificate of Correction (2 Pages)
X Form 1050 in duplicate.
X Copy of postcard, transmittal and Amendment under 1.312 as filed on December 18, 1995. (5 pgs.).
X Copy of Notice of Allowablility as mailed on Nov. 27, 1995 (1 pg.).
X Copy of Response to Rule 312 Communication (2 pgs.).

**Please consider this a PETITION FOR EXTENSION OF TIME for sufficient number of months to enter these papers and please charge any additional required fees or credit overpayment to Deposit Account No. 19-0743.**

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this Transmittal Letter and the paper, as described above, are being deposited in the United States Postal Service, as first class mail, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on this 9 day of March, 1998.

SCHWEGMAN, LUNDBERG, WOESSNER & KLUTH, P.A.
P.O. Box 2938, Minneapolis, MN 55402 (612-373-6900)

By: [signature]
Atty: Warren D. Woessner, Ph.D.
Reg. No. 30,440

(GENERAL)

C of C

OIPE MAR 1 3 1998 PATENT & TRADEMARK OFFICE

Patent No: 5,538,877

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

#53

Applicant: Ronald C. Lundquist et al.
Patent No.: 5,538,877
Issue Date: July 23, 1996 Docket: 950.001US1
Title: METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

## REQUEST FOR CERTIFICATE OF CORRECTION

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

It is requested that a Certificate of Correction under 37 C.F.R. §1.322 be issued correcting errors appearing in the above-identified United States patent. Two copies of the text of this Certificate in the suggested form are enclosed. Issuance of the Certificate of Correction would neither expand nor contract the scope of the claims as issued, and re-examination is not required.

APPROVED APR 3 0 1998 FOR THE ... PAL&TM

CERTIFICATE MAR 1 : 1998 OF CORRECTION

In the Issued Patent

In Claim 1, at col. 22, lines 6-7, please delete "or insect".

Remarks

The Certificate of Correction corrects the mistake made by the Patent Office in printing Claim 1 of the above-identified issued Patent. As evidence that this was a mistake made by the Patent Office, please note that an Amendment under 37 C.F.R. §1.312 was submitted to the Patent Office December 18, 1995 (copy enclosed). This Amendment requested that in claim 39, last line, the words "or insect" be deleted. Claim 39 had been renumbered to be Claim 1 by the Examiner in the Notice of Allowability dated November 27, 1995 (copy enclosed). In the Response to Rule 312 Communication dated March 25, 1996 (copy enclosed), the Examiner noted that the amendments made in the Amendment under 37 C.F.R. §1.312 submitted December 18, 1995 were entered. The enclosed Certificate of Correction corrects the printing error made by the Patent Office in failing to delete the words "or insect" in Claim 1 of the above-identified issued patent. It is respectfully requested that the Certificate of Correction be

Patent No.: 5,538,877
Issue Date: July 23, 1996
Title: METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

Page 2
Dkt: 950.001US1

considered and issued.

It is believed that no fee is due, since the Certificate of Correction is filed due to a Patent Office error. Please charge any fees deemed due to Deposit Account No. 19-0743.

Respectfully submitted,

Ronald C. Lundquist et al.,

By their Representatives,

SCHWEGMAN, LUNDBERG, WOESSNER & KLUTH, P.A.
P.O. Box 2938
Minneapolis, MN 55402
(612) 373-6903

Date 9 Mar 1998 By [signature]
WDW:dlp

Warren D. Woessner, Ph.D.
Reg. No. 30,440

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Assistant Commissioner of Patents, Washington, D.C. 20231 on March 9, 1998.

Frances Essien
Name

[signature]
Signature

SM 0000944

(77293)

DETACH HERE BEFORE MAILING TWO COPIES OF THE CERTIFICATE TO THE PATENT OFFICE

Staple Here Only!

PRINTER'S TRIM LINE

UNITED STATES PATENT AND TRADEMARK OFFICE

# CERTIFICATE OF CORRECTION

PATENT NO. : 5,538,877 Page 1 of 1

DATED : July 23, 1996

INVENTOR(S) : Lundquist et al.

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

At Col. 22, lines 6-7, please delete "or insect". C

SM 0000945

MAILING ADDRESS OF SENDER:
SCHWEGMAN, LUNDBERG, WOESSNER & KLUTH, P.A.
Attn: Warren D. Woessner, Ph.D.
P.O. Box 2938
Minneapolis, MN 55402

PATENT NO. 5,538,877

Docket No. 950.001US1

No. of add'l copies @ 50¢ per page • 0

FORM 1050 (REV. 10-96)



S/N 07/974,379 **PATENT**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

Applicant: Ronald C. Lundquist et al. Examiner: G. Benzion

Serial No.: 07/974,379 Art Unit: 1803

**BATCH NO.: R34** **ALLOWED: 11/27/95**

Filed: November 10, 1992 Docket: 950.001US1

Title: METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

---

**AMENDMENT UNDER 37 CFR § 1.312**

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

In response to the Notice of Allowance mailed November 27, 1995, including an Examiner's amendment to claim 39, please amend as follows:

IN THE CLAIMS

In claim 39, last line, delete "or insect."

Please add the following claims:

49. A process for producing a fertile transgenic *Zea mays* plant comprising the steps of (i) establishing a regenerable embryonic callus culture from a *Zea mays* plant to be transformed, (ii) transforming said culture by bombarding it with DNA-coated microprojectiles, (iii) identifying or selecting a transformed cell line, and (iv) regenerating a fertile transgenic *Zea mays* plant therefrom, wherein said DNA is transmitted through a complete sexual cycle of said transgenic plant to its progeny, and imparts insect resistance thereto.

Amendment Under 37 CFR §1.312
Applicant: Ronald C. Lundquist et al
Serial No: 07/974,379
Filing Date: November 10, 1992
METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

Page 2
Docket: 00950.001US1

50. The process of claim 49 wherein the callus culture subjected to bombardment is in clumps of about 30 to 80 mg per clump.

51. The process of claim 50 wherein said callus is initiated on solid media.

52. The process of claim 49 wherein the DNA comprises a selectable marker gene or a reporter gene.

53. The process of claim 52 wherein said selectable marker gene imparts herbicide resistance to said fertile transgenic *Zea mays* plant.

## REMARKS

Claim 39 having been amended, and claims 49-53 having been added, the pending claims are 39, 41-42 and 47-53.

Claim 39 is amended and claim 49 added to present independent claims to herbicide and insect resistance. Claims 50-53 are supported by claims 41-42 and 47-48, respectfully.

Since this amendment is formal in nature and does not require further search or consideration, entry is appropriate and is respectfully requested.

SM 0000947

Amendment Under 37 CFR §1.312
Applicant: Ronald C. Lundquist et al
Serial No: 07/974,379
Filing Date: November 10, 1992
METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

Page 3
Docket: 00950.001US1

Please charge any additional fees deemed due to PTO Deposit Account No. 19-0743.

Respectfully submitted,

RONALD C. LUNDQUIST ET AL.

By their Representatives,

SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
P.O. Box 2938
Minneapolis, MN 55402
(612) 373-6903

Date 18 Dec 1995 By [signature]
Warren D. Woessner
Reg. No. 30,440

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Assistant Commissioner for Patents, Washington, D.C. 20231, on December 18, 1995

Date of Deposit

[signature]
Lisa D. LaBreche

SM 0000948

# COPY

**Receipt is hereby acknowledged for the following in the United States Patent and Trademark Office:**

In re Application of: Ronald C. Lundquist et al.

Title: METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

Filed: November 10, 1992

Serial No.: 07/974,379

Examiner: G. Benzion

Group Art Unit: 1803

**BATCH NO.:** R34

**ALLOWED:** 11/27/95

<u>CONTENTS:</u> Transmittal document; an Amendment Under 37 CFR § 1.312 (2 pp.); a Letter Re: Supplemental Information Disclosure Statement and Petition Under 37 CFR 1.97 (2 pp.); Forms 1449 listing cited documents (3 pp.); copies of the listed documents attached thereto (8 U.S. Patents; 2 Foreign Patent Documents; and 24 Other Documents); and a check in the amount of $220.00 .

WDW/LDL

Docket No.: 950.001US1

Mailed: December 18, 1995

Due Date: N/A

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington D C 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/974,379 | 11/10/92 | LUNDQUIST R | 9696.1US01 |

EXAMINER: BENZION

18M2/1127

MERCHANT, GOULD, SMITH, EDELL, WELTER & SCHMIDT, P.A., ATTN: WARREN D. WOESSNER
3100 NORWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

| ART UNIT | PAPER NUMBER |
|---|---|
| 1803 | 36/27 |

DATE MAILED: 11/27/95

## NOTICE OF ALLOWABILITY

**PART I.**

1. ☒ This communication is responsive to end of suspension & interview of 11/15/95
2. ☒ All the claims being allowable PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed) a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course
3. ☒ The allowed claims are 39, 41, 42, 47+48, renumbered 1-5, respectively
4. ☐ The drawings filed on ______ are acceptable
5. ☐ Acknowledgment is made of the claim for priority under 35 U S C 119 The certified copy has [_] been received [_] not been received [_] been filed in parent application Serial No ______ filed on ______
6. ☒ Note the attached Examiner's Amendment
7. ☒ Note the attached Examiner Interview Summary Record, PTOL-413
8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.
9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892
10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449

**PART II.**

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1 136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152 which discloses that the oath or declaration is deficient A SUBSTITUTE OATH OR DECLARATION IS REQUIRED
2. ☒ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER
   a. ☒ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948 attached hereto or to Paper No 10 CORRECTION IS REQUIRED
   b. ☐ The proposed drawing correction filed on ______ has been approved by the examiner CORRECTION IS REQUIRED
   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED
   d. ☒ Formal drawings are now REQUIRED

D Jan. 27, 1996 CMG

Any response to this letter should include in the upper right hand corner the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE AND SERIAL NUMBER

**Attachments:**

- ✓ Examiner's Amendment
- ✓ Examiner Interview Summary Record PTOL-413
- _ Reasons for Allowance
- _ Notice of References Cited PTO-892
- _ Information Disclosure Citation, PTO-1449
- _ Notice of Informal Application, PTO-152
- _ Notice re Patent Drawings, PTO-948
- _ Listing of Bonded Draftsmen
- _ Other

SM 0000950

RECEIVED
NOV 30 1995
MERCHANT & GOULD

| **Response to Rule 312 Communication** | Application No. 07/974,379 | Applicant(s) Lundquist et al. |
|---|---|---|
| | Examiner Gary Benzion, Ph.D | Group Art Unit 1803 |

PATENT & TRADEMARK OFFICE MAR 13 1998

☐ The petition filed on ________________ under 37 CFR 1.312(b) is granted The paper has been forwarded to the examiner for consideration on the merits.

☒ The amendment filed on 28 Dec 1995 under 37 CFR 1.312 has been considered, and has been:

- ☐ entered.
- ☒ entered as directed to matters of form not affecting the scope of the invention (Order 3311).
- ☐ disapproved. See explanation below.
- ☐ entered in part. See explanation below.

Note: See petition decision, attached.

SM 0000951

Gary Benzion

GARY BENZION, PH.D
PRIMARY EXAMINER
ART UNIT 1803

COPY

Schwegman, Lundberg
APR 01 1996
RECEIVED

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

WDW

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/974,379 | 11/10/92 | LUNDQUIST | R 950.1US1 |

OIPE MAR 13 1998 PATENT & TRADEMARK OFFICE JC25

18M2/0325

MERCHANT, GOULD, SMITH, EDELL, WELTER &
SCHMIDT, P.A., ATTN: WARREN D. WOESSNER
3100 NORWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

| EXAMINER | |
|---|---|
| BENZION, G | |
| ART UNIT | PAPER NUMBER |
| 1803 | |

DATE MAILED: 03/25/96

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

SM 0000952

RECEIVED
MAR 28 1996
MERCHANT & GOULD
MINNEAPOLIS, MN 55402

2 - Mail Copy

UNITED STATES PATENT AND TRADEMARK OFFICE

# CERTIFICATE OF CORRECTION

PATENT NO. : 5,538,877

DATED : July 23, 1996

INVENTOR(S) : Lundquist et al.

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

At Col. 22, lines 6-7, please delete "or insect".

Signed and Sealed this

Twenty-sixth Day of May, 1998

Attest:

BRUCE LEHMAN

Attesting Officer

*Commissioner of Patents and Trademarks*

Staple Issue Slip Here

# INDEX OF CLAIMS

SM 0000954

SYMBOLS

| Symbol | Meaning |
|---|---|
| ✓ | Rejected |
| = | Allowed |
| – (Through numeral) | Canceled |
| ÷ | Restricted |
| N | Non-elected |
| I | Interference |
| A | Appeal |
| O | Objected |

| Claim Final | Claim Original | Date |
|---|---|---|
| | 1 | |
| | 2 | |
| | 3 | |
| | 4 | |
| | 5 | |
| | 6 | |
| | 7 | |
| | 8 | |
| | 9 | |
| | 10 | |
| | 11 | |
| | 12 | |
| | 13 | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |
| | 26 | |
| | 27 | |
| | 28 | |
| | 29 | |
| | 30 | |
| | 31 | |
| | 32 | |
| | 33 | |
| | 34 | |
| | 35 | |
| | 36 | |
| | 37 | |
| | 38 | |
| | 39 | |
| | 40 | |
| | 41 | |
| | 42 | |
| | 43 | |
| | 44 | |
| | 45 | |
| | 46 | |
| | 47 | |
| | 48 | |
| | 49 | |
| | 50 | |

| Claim Final | Claim Original | Date |
|---|---|---|
| | 51 | |
| | 52 | |
| | 53 | |
| | 54 | |
| | 55 | |
| | 56 | |
| | 57 | |
| | 58 | |
| | 59 | |
| | 60 | |
| | 61 | |
| | 62 | |
| | 63 | |
| | 64 | |
| | 65 | |
| | 66 | |
| | 67 | |
| | 68 | |
| | 69 | |
| | 70 | |
| | 71 | |
| | 72 | |
| | 73 | |
| | 74 | |
| | 75 | |
| | 76 | |
| | 77 | |
| | 78 | |
| | 79 | |
| | 80 | |
| | 81 | |
| | 82 | |
| | 83 | |
| | 84 | |
| | 85 | |
| | 86 | |
| | 87 | |
| | 88 | |
| | 89 | |
| | 90 | |
| | 91 | |
| | 92 | |
| | 93 | |
| | 94 | |
| | 95 | |
| | 96 | |
| | 97 | |
| | 98 | |
| | 99 | |
| | 100 | |

## SEARCHED

| Class | Sub. | Date | Exmr. |
| --- | --- | --- | --- |
| 435 | 172.1<br>172.3<br>240.4 | 10/31/90 | [illegible] |
| 935 | 52, 55<br>53, 67 | | |
| 800 | 205 | | |
| update above | | 8/20/91 | [illegible] |
| update above | | 5/8/92 | [illegible] |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
| --- | --- | --- | --- |
| | | | |

## SEARCH NOTES

| | Date | Exmr. |
| --- | --- | --- |
| Aps, Dialog (Agri) Strategy attached (biolistic or particle accelerator + transformation (maize or corn) | 10/31/90 | [illegible] |
| STN - File biosis ca | | |
| update Aps | 8/20/91 | [illegible] |
| update Aps | 5/8/92 | [illegible] |

SM 0000955



| POSITION | | INIT. | DATE |
|---|---|---|---|
| CLASSIFIER | | | |
| EXAMINER | | 4221 | 12/10/92 |
| TYPIST | | 219 | 12-14-92 |
| VERIFIER | | 258 | 12-15-92 |
| CORPS CORR. | | | |
| SPEC. HAND | | | |
| FILE MAINT. | | | |

INDEX OF CLAIMS

SM 0000956

| Claim Final | Claim Original | Date 3/4/93 | Date 8/27/93 | Date 1/26/94 | Date 4/14/94 | Date 2/7/95 |
|---|---|---|---|---|---|---|
| | 1 | | | | | |
| | 2 | | | | | |
| | 3 | | | | | |
| | 4 | | | | | |
| | 5 | | | | | |
| | 6 | | | | | |
| | 7 | | | | | |
| | 8 | | | | | |
| | 9 | | | | | |
| | 10 | | | | | |
| | 11 | | | | | |
| | 12 | | | | | |
| | 13 | | | | | |
| | 14 | | | | | |
| | 15 | | | | | |
| | 16 | | | | | |
| | 17 | | | | | |
| | 18 | | | | | |
| | 19 | | | | | |
| | 20 | | | | | |
| | 21 | | | | | |
| | 22 | | | | | |
| | 23 | | | | | |
| | 24 | | | | | |
| | 25 | | | | | |
| | 26 | | | | | |
| | 27 | | | | | |
| | 28 | | | | | |
| | 29 | | | | | |
| | 30 | | | | | |
| | 31 | | | | | |
| | 32 | | | | | |
| | 33 | | | | | |
| | 34 | | | | | |
| | 35 | | | | | |
| | 36 | | | | | |
| | 37 | | | | | |
| | 38 | | | | | |
| 1 | 39 | √ | | √ | = | |
| | 40 | | | | | |
| 2 | 41 | √ | | √ | = | |
| 3 | 42 | √ | | √ | = | |
| | 43 | | | | | |
| | 44 | | | | | |
| | 45 | | | | | |
| | 46 | | | | | |
| 4 | 47 | √ | √ | √ | = | |
| 5 | 48 | | | | | |
| 6 | 49 | | | | | |
| 7 | 50 | | | | | = |

| Claim Final | Claim Original | Date | Date | Date | Date 2/9/96 |
|---|---|---|---|---|---|
| 8 | 51 | | | | = |
| 9 | 52 | | | | = |
| 10 | 53 | | | | = |
| | 54 | | | | |
| | 55 | | | | |
| | 56 | | | | |
| | 57 | | | | |
| | 58 | | | | |
| | 59 | | | | |
| | 60 | | | | |
| | 61 | | | | |
| | 62 | | | | |
| | 63 | | | | |
| | 64 | | | | |
| | 65 | | | | |
| | 66 | | | | |
| | 67 | | | | |
| | 68 | | | | |
| | 69 | | | | |
| | 70 | | | | |
| | 71 | | | | |
| | 72 | | | | |
| | 73 | | | | |
| | 74 | | | | |
| | 75 | | | | |
| | 76 | | | | |
| | 77 | | | | |
| | 78 | | | | |
| | 79 | | | | |
| | 80 | | | | |
| | 81 | | | | |
| | 82 | | | | |
| | 83 | | | | |
| | 84 | | | | |
| | 85 | | | | |
| | 86 | | | | |
| | 87 | | | | |
| | 88 | | | | |
| | 89 | | | | |
| | 90 | | | | |
| | 91 | | | | |
| | 92 | | | | |
| | 93 | | | | |
| | 94 | | | | |
| | 95 | | | | |
| | 96 | | | | |
| | 97 | | | | |
| | 98 | | | | |
| | 99 | | | | |
| | 100 | | | | |

01/467983

ABANDONED

APPROVED FOR LICENSE

INITIALS FEB 0 2 9028

Briefed Ch 180

Entered or Counted

CONTENTS

Received or Mailed

1. Application papers.
2. Pro dec 2/15/90
3. Decl. Surcharge 3/26/90
4. Change of address 3/26/90
5. Change address Apr 2/1990
6. FA July 2/1990
7. Req. CCRFR 7/2/90
8. Disclosure Statement Aug 20/1990
9. Ref [illegible] Sept 4/1990
10. Rej. 3 months 12/7/90
11. Ext time 3 mos June 10/1991
12. Amdt B June 10/1991
13. Declaration w/attach June 10/1991
14. Rej. 3 mos 8-23-91
15. Ext time 3 mos Feb 24/1992
16. Reply Amdt Feb 24/1992
17. F Rej 3 mos. 5-13-92
18. Disclosure Statement May 4/1992
19. Examiner Interview Summary 5/28-92
20. Ext time 3 mos Nov 10/1992
21. Notice of Abandonment 12-14-92
22.
23. [illegible] 11-4-92
24.
25.
26.
27.
28.
29.
30.
31.
32.

SM 0000957

## SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 435 | 172.1<br>172.3<br>240.4<br>240.45<br>240.49 | 3/4/93 | [illegible] |
| 800 | 205 | | |
| 935 | 52,53,55<br>67,85 | | |
| update above | | 8/26/93 | [illegible] |
| update above | | 1/24/94 | [illegible] |
| update above | | 7/8/94 | [illegible] |
| update above | | 11/15/95 | [illegible] |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 435 | 172.1<br>172.3<br>287 | 7/11/94 | [illegible] |
| 935 | 85 52<br>63 | | |
| 800 | 205<br>235 | | |
| update | | 11/15/95 | [illegible] |

## SEARCH NOTES

| | Date | Exmr. |
|---|---|---|
| APS. Dialog/[illegible]<br>Search terms<br>Particle accelerator biolistics, corn zea mays or maize transformation/[illegible]<br>update | 3/4/93 | [illegible] |
| update APS - check pending 07/565844 | 1/24/94 | [illegible] |
| Interference Search For claims [illegible], Moody<br>update APS<br>SYN<br>"genetic transformation of maize, method | 7/11/94 | [illegible] |
| update APS & interference | 11/15/95 | [illegible] |

SM 0000958

53. Req for C of C.
P. 322 3-13-98

# SEARCHED

| Class | Sub. | Date | Exmr. |
| --- | --- | --- | --- |
| 435 | 172.1<br>172.3<br>240.4<br>240.45<br>240.49 | 3/4/93 | SB |
| 800 | 205 | | |
| 935 | 52, 53, 55<br>67, 85 | | |
| update above | | 8/26/93 | SB |
| update above | | 1/28/94 | SB |
| update above | | 7/8/94 | SB |
| update above | | 11/15/95 | SB |

# INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
| --- | --- | --- | --- |
| 435 | 172.1<br>172.3<br>287 | 7/11/94 | SB |
| 935 | 85 52<br>53 | | |
| 800 | 205<br>235 | | |
| update | | 11/15/95 | SB |

# SEARCH NOTES

| | Date | Exmr. |
| --- | --- | --- |
| Aps. Dialog/Vpearls<br>Search terms<br>Particle accelerator<br>biolistics, corn<br>zea mays or maize<br>transformation/fertile<br>update | 3/4/93 | SB. |
| update Aps -<br>check pending 07/565844 | 1/28/94 | SB |
| Interference Search<br>For claims, Mody<br>update Aps &<br>S+N<br>"genetic transformation of maize, method | 7/11/94 | SB |
| update APS<br>& Interference | 11/15/95 | SB |

SM 0000959

74379

APPROVED FOR LICENSE

INITIALS

# CONTENTS

64899

| Entered or Counted | | Received or Mailed |
|---|---|---|
| | 1. Application papers. | |
| | 22 Rel Amdt C | Nov 10 1992 |
| | 23 FR Rej 3 months | 3-8-93 |
| | 24 Rel Amdt D w/attach | Mar 8 '93 |
| | 25 Examiner's Interview Summary | 8-31-93 |
| | 26 Rej 3 mos. | 8-31-93 |
| | 27 Amdt E w/attach | Sept 27 1993 |
| | 28 Rej. 3 months | 12-1-93 |
| | 29 AF Recon | Mar 17 '94 |
| | 30 F Rej. 3 months | 6-1-94 |
| | 31 Quayle two months | 7-27-94 |
| | 32 Ext 3 mos | 12-9-94 |
| | 33 Amdt F | 12-9-94 |
| | 34 Suspension Granted | 1-25-95 |
| | 35 Interview Summary | 11/15/95 |
| | 36 Notice of allowability | 11/27/95 |
| | 37 Request for Access | 1-29-96 |
| | 38 ~~Amdt G 312~~ Decl. re: IDS | 12-18-95 |
| | 39 Amdt H R. 312 | 12-18-95 |
| | 40 Rule 312 | 3-25-96 |
| | 41 | 1-18-96 |
| | 42 Request for Access | 1-19-96 |
| | 43 Request for Access | 4-7-96 |
| | 44 Request for Access | 5/1/96 |
| | 45 Order to inspect | 2/16/96 |
| | 46 Fee (CF 2/13/96) | 2/16/96 |
| | 47 PTO Grant JUL 23 1996 | |
| | 48 Petition R181 | 5-30-96 |
| | 49 Pet. Granted-in-Part | 6-25-96 |
| | 50 Pet. for Recon | 7-30-96 |
| | 51 Decision on Petition | 9-25-96 |
| | 52 | |

SM 0000960



THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

January 05, 1999

HIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS F THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:

PPLICATION NUMBER: *08/249,458*
LING DATE: *May 26, 1994*
TENT NUMBER: *5,538,880*
UE DATE: *July 23, 1996*
LE OF INVENTION:
*THOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS*
ENTOR(S):
*DQUIST, RONALD C.; WALTERS, DAVID A.*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

D. S. Butler

D.S. BUTLER
Certifying Officer



435 | Class | ISSUE CLASSIFICA...

5538880

UTILITY SERIAL NUMBER 08/ 249458 | PATENT DATE JUL 23 1996 | PATENT NUMBER 5538880

| SERIAL NUMBER | FILING DATE | CLASS | SUBCLASS | GROUP ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 08/249,458 | 05/26/94 RULE 60 | ~~800~~ 435 | 172.3 | ~~1804~~ | |

APPLICANTS: RONALD C. LUNDQUIST, MINNETONKA, MN; DAVID A. WALTERS, BLOOMINGTON, MN.

**CONTINUING DATA*********************
VERIFIED THIS APPLN IS A CON OF 07/974,379 11/10/92
Which is a continuation of 07/467,983 1/22/90 abn

**FOREIGN/PCT APPLICATIONS************
VERIFIED

NOTE-DISCLAIMER
The term of this patent shall not extend beyond the expiration date of Pat. No. 5538877.

FOREIGN FILING LICENSE GRANTED 06/20/94

Foreign priority claimed ☐ yes ☒ no
35 USC 119 conditions met ☐ yes ☒ no
Verified and Acknowledged — Examiner's initials

| AS FILED | STATE OR COUNTRY | SHEETS DRWGS. | TOTAL CLAIMS | INDEP. CLAIMS | FILING FEE RECEIVED | ATTORNEY'S DOCKET NO. |
|---|---|---|---|---|---|---|
| | MN | 6 | 4 | 1 | $710.00 | 950.1US02 |

ADDRESS:
SCHWEGMAN, LUNDBERG & WOESSNER
ATTN: WARREN D. WOESSNER
3500 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402

TITLE: method for preparing FERTILE TRANSGENIC CORN PLANTS

U.S. DEPT. of COMM.-Pat. & TM Office—PTO-436L (rev. 10-78)

PARTS OF APPLICATION FILED SEPARATELY

Applications Examiner

NOTICE OF ALLOWANCE MAILED: 11/27/95

Assistant Examiner

ISSUE FEE
Amount Due: 1250.00
Date Paid: 11/01/...

GARY BENZION
PRIMARY EXAMINER
GROUP 1800

Primary Examiner

PREPARED FOR ISSUE

CLAIMS ALLOWED
Total Claims: ~~X~~ 18
Print Claim: 1 & 10

DRAWING
Sheets Drwg: 10 ~~6~~
Figs. Drwg.: 13 ~~8~~
Print Fig: None

ISSUE BATCH NUMBER: R34

FORM PTO-1267 (Rev. 11-92) U.S. Department of Commerce Patent and Trademark Office

DISCLAIMER LABEL
Application No. 08/249,458
A terminal disclaimer has been entered and recorded under 35 U.S.C. 253 in this file
DO NOT DESTROY

WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A (Rev. 8/92)

SM 0000962

(FACE)

PATENT APPLICATION SERIAL NO. 08/249458

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

060 JM 06/13/94 08249458 1 101 710.00 CK 950.1US02

PTO-1556
(5/87)

08/249458




IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| DOCKET NUMBER | ANTICIPATED CLASSIFICATION OF THIS APPLICATION: CLASS | SUBCLASS | PRIOR APPLICATION EXAMINER | ART UNIT |
|---|---|---|---|---|
| 950.1US02 | | | G. Benzion | 1804 |

CONTINUATION APPLICATION
UNDER RULE 37 C.F.R. 1.60

Honorable Commissioner of
Patents and Trademarks
Washington, D.C. 20231

Dear Sir:

This is a request for filing a continuation application under 37 CFR § 1.60 of Serial No. 07/974,379, filed on November 10, 1992 entitled FERTILE TRANSGENIC CORN PLANTS by the following inventor(s) (name, address, and citizenship):

Ronald C. Lundquist
4901 Clean Spring Road
Minnetonka, MN 55345 USA
US Citizen

David A. Walters
11424 Kell Road
Bloomington, MN 55437 USA
US Citizen

1. X Enclosed is a true and correct copy of the prior application; including the specification, claims, drawings, oath or declaration showing the applicant's signature, and any amendments referred to in the oath or declaration filed to complete the prior application. (It is noted that no amendments referred to in the oath or declaration filed to complete the prior application introduced new matter therein.)

2. X Cancel in this application original claims 1-18 of the prior application before calculating the filing fee. (At least one original independent claims must be retained for filing purposes.)

3. X The filing fee is calculated below:

| CLAIMS AS FILED | | | |
|---|---|---|---|
| NUMBER FILED | NUMBER EXTRA | RATE | BASIC FEE |
| Total Claims 4-20 = | 0 X | $22.00 | 0 |
| Independent Claims 1- 3 = | 0 X | $74.00 | 0 |
| | | FILING FEE: | $710.00 |

_____ A Verified Statement that this filing is by a small entity (37 CFR 1.9, 1.27, 1.28) is:

_____ already filed in the parent application.
_____ attached.

4. X A check in the amount of $ 710.00 is attached.

5. X The Commissioner is hereby authorized to charge any additional fees as set forth in 37 CFR 1.16 to 1.18 Section 37 CFR 1.15(b)1 which may be required by this paper or credit any overpayment to Account No. 19-0743.

6. X Amend the specification by inserting before the first line the sentence: "This is a division, of application Serial No. 07/974,379, filed November 10, 1992."

7. _____ Transfer the drawings from the prior application to this application and abandon said prior application as of the filing date accorded this application. A duplicate copy of this sheet is enclosed for filing in the prior application file. (May only be used if signed by person authorized by Rule 138 and before payment of case issue fee.)

8. X Informal drawings are enclosed.

9. _____ Priority of application Serial No. ________, filed on ________ in ________, is claimed under 35 U.S.C. 119.

10. _____ The certified copy has been filed in prior application Serial No. ________, filed ________.

11. X The prior application is assigned of record to DeKalb Genetics Corporation.

12. X The Power of Attorney in the prior application is to:

Warren D. Woessner et al.
Merchant, Gould, Smith, Edell, Welter & Schmidt P.A.
3100 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402-4131

13. X A preliminary amendment is enclosed. (Claims added by this amendment have been properly numbered consecutively beginning with the number next following the highest numbered original claim in the prior application.) Any fee for excess claims is attached.

14. ____ A petition and fee has been filed to extend the term in the parent application until ________________.

Address all future communications to: (may only be completed by attorney or agent of record)

SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
3500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Attn: Warren D. Woessner
(Telephone: 612-339-0331)

Date: 5-26-94

Warren D. Woessner
Reg. No. 30,440

"Express Mail" mailing label number TB524273464US

Date of Deposit May 26, 1994

I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 C.F.R. 1.10 on the date indicated above and is addressed to the Commissioner of Patents and Trademarks, Washington, D. C. 20231

Lisa LaBreche
printed name

signature

SM 0000966



08/249458

Docket: BIOT-104

United States Patent Application

of

Ronald C. Lundquist
4901 Clear Spring Road
Minnetonka, MN 55345

and

David A. Walters
9348 Colorado Road
Bloomington, MN 55438

for

FERTILE TRANSGENIC CORN PLANTS

08/249458

Docket: BIOT-104

Method for preparing FERTILE TRANSGENIC CORN PLANTS

BACKGROUND OF THE INVENTION

This invention relates to fertile transgenic plants of the species Zea mays (oftentimes referred to herein as maize or corn). The invention further relates to producing transgenic plants via particle bombardment and subsequent selection techniques which have been found to produce fertile transgenic plants.

Genetic engineering of plants, which entails the isolation and manipulation of genetic material (usually in the form of DNA or RNA) and the subsequent introduction of that genetic material into a plant or plant cells, offers considerable promise to modern agriculture and plant breeding. Increased crop food values, higher yields, feed value, reduced production costs, pest resistance, stress tolerance, drought resistance, the production of pharmaceuticals, chemicals and biological molecules as well as other beneficial traits are all potentially achievable through genetic engineering techniques. Once a gene has been identified, cloned, and engineered, it is still necessary to introduce it into a plant of interest in such a manner that the resulting plant is both fertile and capable of passing the gene on to its progeny.

A variety of methods have been developed and are currently available for the transformation of various plants and plant cells with DNA. Generally these plants have been dicotyledonous, and some success has been reported with certain of the monocotyledonous cereals. However, some species have heretofore proven untransformable by any method. Thus, previous to this discovery, no technology had been developed which would permit the production of stably transformed Zea mays plants in which the transforming DNA is heritable thereof. This failure in the

art is well documented in the literature and has been discussed in a number of recent reviews (Potrykus, 1989; Weising et al., 1988; Cocking et al., 1987).

European Patent Publns. 270,356 (McCabe et al.) and 275,069 (Arntzen et al.) describe the introduction of DNA into maize pollen followed by pollination of maize ears and formation of seeds. The plants germinated from these seeds are alleged to contain the introduced DNA, but there is no suggestion that the introduced DNA was heritable, as has been accomplished in the present invention. Only if the DNA introduced into the corn is heritable can the corn be used in breeding programs as required for successful commercialization of transgenic corn.

Graves et al. (1986) claims Agrobacterium-mediated transformation of Zea mays seedlings. The alleged evidence was based upon assays known to produce incorrect results.

Despite extensive efforts to produce fertile transformed corn plants which transmit the transforming DNA to progeny, there have been no reported successes. Many previous failures have been based upon gene transfer to maize protoplasts, oftentimes derived from callus, liquid suspension culture cells, or other maize cells using a variety of transformation techniques. Although several of the techniques have resulted in successful transformation of corn cells, the resulting cells either could not be regenerated into corn plants or the corn plants produced were sterile (Rhodes et al. 1988) ~~(or, in some cases, it even turned out that the plants were in fact not transformed~~. Thus, while maize protoplasts and some other cells have previously been transformed, the resulting transformants could not be regenerated into fertile transgenic plants.

On the other hand, it has been known that at least certain corn callus can be regenerated to form mature plants in a rather straightforward fashion and that the resulting plants

were often fertile. However, no stable transformation of maize callus was ever achieved, i.e. there were no techniques developed which would permit a successful stable transformation of a regenerable callus. An example of a maize callus transformation technique which has been tried is the use of Agrobacterium mediated transfer.

The art was thus faced with a dilemma. While it was known that corn protoplast and suspension culture cells could be transformed, no techniques were available which would regenerate the transformed protoplast into a fertile plant. While it was known that corn callus could be regenerated into a fertile plant, there were no techniques known which could transform the callus, particularly while not destroying the ability of the callus both to regenerate and to form fertile plants.

Recently, a new transformation technique has been created based upon the bombardment of intact cells and tissues with DNA-coated microprojectiles. The technique, disclosed in Sanford et al. (1987) as well as in EPO Patent Publication 331,855 of J.C. Sanford et al. based upon U.S.S.N. 161,807, filed February 29, 1988, has been shown effective at producing transient gene expression in some plant cells and tissues including those from onion, maize (Klein et al. 1988a), tobacco, rice, wheat, and soybean, and stable expression has been obtained in tobacco and soybeans. In fact, stable expression has been obtained by bombardment of suspension cultures of Zea mays Black Mexican Sweet (Klein et al. 1989) which cultures are, however, non-regenerable suspension culture cells, not the callus culture cells used in the process of the present invention.

No protocols have been published describing the introduction of DNA by a bombardment technique into cultures of regenerable maize cells of any type. No stable expression of a gene has been reported by means of bombardment of corn callus followed by regeneration of fertile plants and no regenerable fertile

corn has resulted from DNA-coated microprojectile bombardment of the suspension cultures. Thus, the art has failed to produce fertile transformed corn plants heretofore.

A further stumbling block to the successful production of fertile transgenic maize plants has been in selecting those few transformants in such a manner that neither the regeneration capacity nor the fertility of the regenerated transformant are destroyed. Due to the generally low level of transformants produced by a transformation technique, the need for selection of the transformants is self-evident. However, selection generally entails the use of some toxic agent, e.g. herbicide or antibiotic, which can effect either the regenerability or the resultant plant fertility.

It is thus an object of the present invention to produce fertile, stably transgenic, Zea mays plants and seeds which transmit the introduced gene to progeny. It is a further object to produce such stably transgenic plants and seeds by a particle bombardment and selection process which results in a high level of viability for a few transformed cells. It is a further object to produce fertile stably transgenic plants of other graminaceous cereals besides maize.

REFERENCES CITED

Armstrong, CL, et al. (1985) J Planta 164:207-214

Callis, J, et al. (1987) Genes & Develop 1:1183-1200

~~Chilton & Barnes (1983)~~ M. Bevan et al., Nuc. Acids Res. 11:364-385 369 (1983)

Chu, CC, et al. (1975) Sci Sin (Peking) 18:659-668

Cocking, F, et al. (1987) Science 236:1259-1262

DeWet et al. (1985) Proc Natl Sci USA 82:7870-7873

Freeling, JC, et al. (1976) Maydica XXI:97-112

Graves, A, et al. (1986) Plant Mol Biol 7:43-50

Green, C, et al. (1975) Crop Sci 15:417-421

Green, CE, (1982) Plant Tissue Culture, A Fujiwara ed. Maruzen, Tokyo, Japan pp 107-8

Green, C, et al. (1982) Maize for Biological Research, Plant Mol Biol Assoc, pp 367-372

Gritz, L, et al. (1983) Gene 25:179-188

Guilley, H, et al. (1982) Cell 30:763-773

Jefferson, R, et al. (1987) EMBO J 6:3901-3907)

Kamo, K, et al. (1985) Bot Gaz 146:327-334

Klein, T, et al. (1989) Plant Physiol 91:440-444

Klein, T, et al. (1988a) Proc Natl Acad Sci USA 85:4305-9

Klein, T, et al. (1988b) Bio/Technology 6:559-563

Lu, C, et al. (1982) Theor Appl Genet 62:109-112

McCabe, D, et al. (1988) Bio/Technology 6:923-926

Murashige, T, et al. (1962) Physiol Plant 15:473-497

Neuffer, M, (1982) Maize for Biological Research, Plant Mol Biol Assoc, pp 19-30

Phillips, R, et al. (1988) Corn and Corn Improvement, 3rd ed., Agronomy Soc Amer, pp 345-387

Potrykus, I (1989) Trends in Biotechnology 7:269-273

Rhodes, CA, et al. (1988) Science 240:204-7

Sambrook, J, et al (1989) Molecular Cloning: A Laboratory Manual, 2nd ed., Cold Spring Harbor Laboratory Press

Sanford, J, et al. (1987) J Part Sci & Techn 5:27-37

Weising, K, et al., (1988) Ann Rev of Genetics 22:421-478

Yanisch-Perron, L, et al. (1985) Gene 33:109-119

SUMMARY OF THE INVENTION

The present invention relates to fertile transgenic *Zea mays* plants containing heterologous DNA, preferably chromosomally integrated heterologous DNA, which is heritable by progeny thereof.

The invention further relates to all products derived from transgenic *Zea mays* plants, plant cells, plant parts, and seeds.

The invention further relates to transgenic *Zea mays*

seeds stably containing heterologous DNA and progeny which inherit the heterologous DNA.

The invention further relates to a process for producing fertile transgenic Zea mays plants containing heterologous DNA. The process is based upon microprojectile bombardment, selection, and plant regeneration techniques.

The invention further relates to a process for producing fertile transformed plants of graminaceous plants other than Zea mays which have not been reliably transformed by traditional methods such as electroporation, Agrobacterium, injection, and previous ballistic techniques.

The invention further relates to regenerated fertile mature maize plants from transformed embryogenic tissue, transgenic seeds produced therefrom, and R1 and subsequent generations.

In preferred embodiments, this invention produces the fertile transgenic plants by means of a DNA-coated microprojectile bombardment of clumps of friable embryogenic callus, followed by a controlled regimen for selection of the transformed callus lines.

BRIEF DESCRIPTION OF THE DRAWINGS

Figure 1A shows a map of plasmid vector pHYGI1 utilized in Example I. Figure 1B shows the relevant part of pHYGI1 encompassing the HPT coding sequence and associated regulatory elements. The base pair numbers start from the 5' nucleotide in the recognition sequence for the indicated restriction enzymes, beginning with the EcoRI site at the 5' end of the CaMV 35S promoter.

Figure 2A shows a map of plasmid vector pBII221 utilized in Example I.

Figure 3B is a Southern blot of DNA isolated from the PH1 callus line and an untransformed control callus line.

Figure 4B is a Southern blot of leaf DNA isolated from Ro plants regenerated from PH1 and untransformed callus.

Figures 5B and 5C are Southern blots of leaf DNA isolated from R1 progeny of PH1 Ro plants and untransformed Ro plants.

Figure 6B is a Southern blot of DNA isolated from the PH2 callus line and an untransformed control callus line.

DESCRIPTION OF THE PREFERRED EMBODIMENTS

The present invention is directed to the production of fertile transgenic plants and seeds of the species Zea mays and to the plants, plant tissues, and seeds derived from such transgenic plants, as well as the subsequent progeny and products derived therefrom. The transgenic plants produced herein include all plants of this species, including field corn, popcorn, sweet corn, flint corn and dent corn.

"Transgenic" is used herein to include any cell, cell line, callus, tissue, plant part or plant which contains heterologous DNA that was introduced into plant material by a process of genetic engineering, or which was initially introduced into a plant species by such a process and was subsequently transferred to later generations by sexual or asexual cell crosses or cell divisions.

By "heritable" is meant that the DNA is capable of transmission through a complete sexual cycle of a plant, i.e. passed from one plant through its gametes to its progeny plants in the same manner as occurs in normal corn.

The transgenic plants of this invention may be produced by (i) establishing friable embryogenic callus from the plant

to be transformed, (ii) transforming said cell line by a microprojectile bombardment technique, (iii) controllably identifying or selecting transformed cells, and (iv) regenerating fertile transgenic plants from the transformed cells. Some of the plants of this invention may be produced from the transgenic seed produced from the fertile transgenic plants using conventional crossbreeding techniques to develop commercial hybrid seed containing heterologous DNA.

I. Plant lines and tissue cultures

The cells which have been found useful to produce the fertile transgenic maize plants herein are those callus cells which are regenerable, both before and after undergoing a selection regimen as detailed further below. Generally, these cells will be derived from meristematic tissue which contain cells which have not yet terminally differentiated. Such tissue in graminaceous cereals in general and in maize, in particular, comprise tissues found in juvenile leaf basal regions, immature tassels, immature embryos, and coleoptilar nodes. Preferably, immature embryos are used. Methods of preparing and maintaining callus from such tissue and plant types are well known in the art and details on so doing are available in the literature, c.f. Phillips et al. (1988), the disclosure of which is hereby incorporated by reference.

The specific callus used must be able to regenerate into a fertile plant. The specific regeneration capacity of particular callus is important to the success of the bombardment/selection process used herein because during and following selection, regeneration capacity may decrease significantly. It is therefore important to start with cultures that have as high a degree of regeneration capacity as possible. Callus which is more than about 3 months and up to about 36 months of age has been found to have a sufficiently high level of regenerability and thus is currently preferred. The regenerative capacity of a particular culture may be readily determined by transferring

samples thereof to regeneration medium and monitoring the formation of shoots, roots, and plantlets. The relative number of plantlets arising per Petri dish or per gram fresh weight of tissue may be used as a rough quantitative estimate of regeneration capacity. Generally, a culture which will produce at least one plant per gram of callus tissue will be preferred.

While maize callus cultures can be initiated from a number of different plant tissues, the cultures useful herein are preferably derived from immature maize embryos which are removed from the kernels of an ear when the embryos are about 1-3 mm in length. This length generally occurs about 9-14 days after pollination. Under aseptic conditions, the embryos are placed on conventional solid media with the embryo axis down (scutellum up). Callus tissue appears from the scutellum after several days to a few weeks. After the callus has grown sufficiently, the cell proliferations from the scutellum may be evaluated for friable consistency and the presence of well-defined embryos. By "friable consistency" is meant that the tissue is easily dispersed without causing injury to the cells. Tissue with this morphology is then transferred to fresh media and subcultured on a routine basis about every two weeks.

The callus initiation media is solid because callus cannot be readily initiated in liquid medium. The initiation/maintainence media is typically based on the N6 salts of Chu et al. (1975) as described in Armstrong et al. (1985) or the MS salts of Murashige et al. (1962). The basal medium is supplemented with sucrose and 2,4-dichlorophenoxyacetic acid (2,4-D). Supplements such as L-proline and casein hydrolysate have been found to improve the frequency of initiation of callus cultures, morphology, and growth. The cultures are generally maintained in the dark, though low light levels may also be used. The level of synthetic hormone 2,4-D, necessary for maintainence and propagation, should be generally about 0.3 to 3.0 mg/l.

Although successful transformation and regeneration has been accomplished herein with friable embryogenic callus, this is not meant to imply that other transformable regenerable cells, tissue, or organs cannot be employed to produce the fertile transgenic plants of this invention. The only actual requirement for the cells which are transformed is that after transformation they must be capable of regeneration of a plant containing the heterologous DNA following the particular selection or screening procedure actually used.

II. DNA Used for Transformation

The heterologous DNA used for transformation herein may be circular or linear, double-stranded or single-stranded. Generally, the DNA is in the form of a plasmid and contains coding regions of beneficial heterologous DNA with flanking regulatory sequences which serve to promote the expression of the heterologous DNA present in the resultant corn plant. "Heterologous DNA" is used herein to include all synthetically engineered or biologically derived DNA which is introduced into a plant by man by genetic engineering, including but not limited to, non-plant genes, modified genes, synthetic genes, portions of genes, as well as DNA and genes from maize and other plant species.

The compositions of and methods for constructing heterologous DNA for successful transformations of plants is well known to those skilled in the art, and the same compositions and methods of construction may be utilized to produce the heterologous DNA useful herein. The specific composition of the DNA is not central to the present invention and the invention is not dependent upon the composition of the specific transforming DNA used. Weising et al. (1988), the subject matter of which is incorporated herein by reference, describes suitable DNA components thereof which include promoters, polyadenylation sequences, selectable marker genes, reporter genes, enhancers, introns, and the like, as well as provides suitable references

for compositions thereof. Sambrook et al. (1989) provides suitable methods of construction.

Generally the heterologous DNA will be relatively small, i.e. less than about 30 kb to minimize any susceptibility to physical, chemical, or enzymatic degradation which is known to increase as the size of the DNA increases.

Suitable heterologous DNA for use herein includes all DNA which will provide for, or enhance, a beneficial feature of the resultant transgenic corn plant. For example, the DNA may encode proteins or antisense RNA transcripts in order to promote increased food values, higher yields, pest resistance, disease resistance, and the like. For example, a bacterial dap A gene for increased lysine; Bt-endotoxin gene or protease inhibitor for insect resistance; bacterial ESPS synthase for resistance to glyphosate herbicide; chitinase or glucan endo-1,3-B-glucosidase for fungicidal properties. Also, the DNA may be introduced to act as a genetic tool to generate mutants and/or assist in the identification, genetic tagging, or isolation of segments of corn DNA. Additional examples may be found in Weising, supra.

The heterologous DNA to be introduced into the plant further will generally contain either a selectable marker or a reporter gene or both to facilitate identification and selection of transformed cells. Alternatively, the selectable marker may be carried on a separate piece of DNA and used in a cotransformation procedure. Both selectable markers and reporter genes may be flanked with appropriate regulatory sequences to enable expression in plants. Useful selectable markers are well known in the art and include, for example, antibiotic and herbicide resistance genes. Specific examples of such genes are disclosed in Weising et al, supra. A preferred selectable marker gene is the hygromycin B phosphotransferase (HPT) coding sequence, which may be derived from E. coli. Other selectable markers

known in the art include aminoglycoside phosphotransferase gene of transposon Tn5 (AphII) which encodes resistance to the antibiotics kanamycin, neomycin, and G418, as well as those genes which code for resistance or tolerance to glyphosate, methotrexate, imidazolinones, sulfonylureas, bromoxynil, dalapon, and the like. Those selectable marker genes which confer herbicide resistance or tolerance are also of commercial utility in the resulting transformed plants.

Reporter genes which encode for easily assayable marker proteins are well known in the art. In general, a reporter gene is a gene which is not present or expressed by the recipient organism or tissue and which encodes a protein whose expression is manifested by some easily detectable property, e.g. phenotypic change or enzymatic activity. Examples of such genes are provided in Weising et al, supra. Preferred genes include the chloramphenicol acetyl transferase gene from Tn9 of E. coli, the beta-glucuronidase gene of the uidA locus of E. coli, and the luciferase genes from firefly Photinus pyralis.

The regulatory sequences useful herein include any constitutive, inducible, tissue or organ specific, or developmental stage specific promoter which can be expressed in the particular plant cell. Suitable such promoters are disclosed in Weising et al, supra. The following is a partial representative list of promoters suitable for use herein: regulatory sequences from the T-DNA of Agrobacterium tumefaciens, including mannopine synthase, nopaline synthase, and octopine synthase; alcohol dehydrogenase promoter from corn; light inducible promoters such as, ribulose-biphosphate-carboxylase small subunit gene from a variety of species; and the major chlorophyll a/b binding protein gene promoter; 35S and 19S promoters of cauliflower mosaic virus; developmentally regulated promoters such as the waxy, zein, or bronze promoters from maize; as well as synthetic or other natural promoters which are either inducible or constitutive, including those promoters exhibiting organ specific

expression or expression at specific development stage(s) of the plant.

Other elements such as introns, enhancers, polyadenylation sequences and the like, may also be present on the DNA. Such elements may or may not be necessary for the function of the DNA, although they can provide a better expression or functioning of the DNA by affecting transcription, stability of the mRNA, or the like. Such elements may be included in the DNA as desired to obtain the optimal performance of the transforming DNA in the plant. For example, the maize Adh1S first intron may be placed between the promoter and the coding sequence of a particular heterologous DNA. This intron, when included in a DNA construction, is known to generally increase expression in maize cells of a protein. (Callis et al. 1987) However, sufficient expression for a selectable marker to perform satisfactorily can often be obtained without an intron. (Klein et al. 1989) An example of an alternative suitable intron is the shrunken-1 first intron of Zea mays. These other elements must be compatible with the remainder of the DNA constructions.

To determine whether a particular combination of DNA and recipient plant cells are suitable for use herein, the DNA may include a reporter gene. An assay for expression of the reporter gene may then be performed at a suitable time after the DNA has been introduced into the recipient cells. A preferred such assay entails the use of the E. coli beta-glucuronidase (GUS) gene (Jefferson et al. 1987). In the case of the microprojectile bombardment transformation process of the present invention, a suitable time for conducting the assay is about 2-3 days after bombardment. The use of transient assays is particularly important when using DNA components which have not previously been demonstrated or confirmed as compatible with the desired recipient cells.