5      et al. (pages 207-214) disclose the regeneration of maize from friable embryogenic callus of both

type I and type II tissue cultures. These authors demonstrate that maize tissue culture is capable

of producing an abundance of fertile plants in which only 4 out of 111 regenerated plants

demonstrated abnormalities. The explant tissue used by Armstrong et al., immature-zygotic

embryos, produced the totipotent regenerable maize cells and totipotent embryogenic cells from

10    the scutellum. It would have been obvious to the person having ordinary skill in the art to

combine the method of Klein et al. to transform maize tissue previously demonstrated in the art

to be totipotent as the tissue would function as was demonstrated in the past -- to produce via a

process of regeneration -- fertile plants. Consequently, the use of particle acceleration

technology to transform totipotent maize cultures is both the logical progression from the

15    observation of stable transformation as noted in Klein et al. (page 562) to the use of known

regenerable fertile tissue to providing motivation for the combination and a reasonable

expectation of success.

        No claim is allowed.

        Any inquiry concerning this or earlier communication from the examiner should be

20    directed to Gary Benzion, Ph.D whose telephone number is (703) 308-1119. The examiner can

normally be reached on Monday-Friday from 8 AM to 4:30 PM.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Elizabeth C. Weimar can be reach on (703)-308-0254.

        Any inquiry of a general nature or relating to the status of this application should be

25    directed to the Group receptionist whose telephone number is (703) 308-0196.

        Papers related to this application may be submitted to Group 180 by facsimile

transmission. Papers should be faxed to Group 180 via the PTO Fax Center located in Crystal Mall

1. The faxing of such papers must conform with the notice published in the Official Gazette,

1096 OG 30 (November 15, 1989). The CM1 Fax Center number is (703)-305-3014.

30

Benzion
09/27/94

                                                GARY BENZION
                                            PRIMARY EXAMINER
                                                GROUP 1800

SM 0001031

SEPARATE HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 2 92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 08/249458 | GROUP ART UNIT 1804 | ATTACHMENT TO PAPER NUMBER 4 |
|---|---|---|---|---|

NOTICE OF REFERENCES CITED

APPLICANT(S) Lundquist et al

### U.S. PATENT DOCUMENTS

| * | DOCUMENT NO | DATE | NAME | CLASS | SUB CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| A | | | | | | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |
| F | | | | | | |
| G | | | | | | |
| H | | | | | | |
| I | | | | | | |
| J | | | | | | |
| K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | DOCUMENT NO | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | |
| M | | | | | | | | |
| N | | | | | | | | |
| O | | | | | | | | |
| P | | | | | | | | |
| Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | Rhodes et al. Science "Genetically transformed Maize Plant from protoplasts." Vol. 240 pp. 204-206 (1988) |
| S | Armstrong et al. Planta "Establishment & Maintenance of friable, embryogenic Maize callus & The involvement of L-proline." Vol.164 pp207-214 (1985) |
| T | Klein et al. Biotechnology "Factors influencing Gene Delivery into Zea mays cells by High-Velocity Microprojectiles." |
| U | Vol. 6 pp 559-563 (1988) |

| EXAMINER Benzion | DATE 9/27/94 | 1 of 1 |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707 05 (a).)

SM 0001032

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:      R. C. Lundquist et al.

Title:          FERTILE TRANSGENIC CORN PLANTS

Docket No.:     950.001US2
Filed:          May 26, 1994
Examiner:       Gary Benzion

Serial No.:     08/249,458
Due Date:       December 28, 1994
Group Art Unit: 1804

Hon. Commissioner of
  Patents and Trademarks
Washington, D.C. 20231

Sir:

We are transmitting herewith the attached:

X X  Transmittal sheet in duplicate including Certificate under 37 CFR 1.8.

_    _ Sheet(s) of _ formal _ informal drawing(s).

_    An Assignment of the invention to _____ and Recordation Form Cover Sheet.

_    A certified copy of a _ application, Serial No. _ filed _ 19_, the right of priority of which is claimed under 35 U.S.C.
     Section 119.

_    Small entity status of this application will be established at a later date.

_    A verified statement to establish small entity status under 37 C.F.R. 1.9 and 1.27.

_    A signed Combined Declaration and Power of Attorney.

_    An unsigned Combined Declaration and Power of Attorney.

_    A check in the amount of $65.00 to cover the Missing Parts Fee.

_    A check in the amount of $40.00 to cover the Assignment Recording Fee.

X    A return postcard.

_    Other:_____

_____.

X Amendment      X No Additional fee is required      _ The fee been calculated as shown:

| | (1) Claims Remaining After Amendment | | (2) Highest Number Previously Paid For | (3) Present Extra | Small Entity | | or | OTHER | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Rate | Add'l Fee | | Rate | Add'l Fee |
| TOTAL CLAIMS | 2 | - | 7 | 0 | x 11 = | $    00 | or | x 22 = | 0.00 |
| INDEPENDENT CLAIMS | 1 | - | 1 | 0 | x 38 = | $    00 | or | x 76 = | 0.00 |
| [ ] MULTIPLE DEPENDENT CLAIM PRESENTED | | | | + 120 = | | | or | + 240 = | |
| | | | | | | | TOTAL | | |

**CLAIMS AS AMENDED**

If the difference in Column (1) is less than zero, enter "0" in Column (2)

Please consider this a **PETITION FOR EXTENSION OF TIME** for sufficient number of months to enter these papers and please charge any additional required fees or credit overpayment to Deposit Account No. 19-0743. A duplicate copy of this sheet is enclosed.

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this Transmittal Letter and the paper, as described hereinabove, are being deposited in the United States Postal Service, as first class mail, in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on this 2 7 day of December , 1994.

SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
3500 IDS Center, Minneapolis, MN 55402 (612-339-0331)

(GENERAL)

By:  _Warren D Woe_
Name:   Warren D. Woessner
Reg. No.   30,440
        WDW:ska

SM 0001033

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:   R. C. Lundquist et al.

Serial No.:   08/249,458

Filed:        May 26, 1994

Examiner:     G. Benzion

Art Unit:     1804

Docket:       950.001US2

For:      FERTILE TRANSGENIC CORN PLANTS

Hon. Commissioner of Patent
  and Trademarks
Washington, D. C. 20231

*Benzion*

**AMENDMENT**

Sir:

In response to the Office Action mailed September 28, 1994, please amend the above-identified application as follows:

**In the Claims**

Cancel claims 25-28.

Claim 23 (amended). A process for producing a fertile transgenic *Zea mays* plant comprising the steps of (i) bombarding intact regenerable *Zea mays* cells with DNA-coated microprojectiles, (ii) identifying or selecting a population of transformed cells [wherein said DNA is chromosomally integrated,] and (iii) regenerating a fertile transgenic plant therefrom, wherein said DNA is transmitted through a complete sexual cycle of said transgenic plant to its progeny.

## IN THE SPECIFICATION

At page 1, after "This is a continuation of application Serial No. 07/974,379, filed November 10, 1992", insert —, which is a continuation of application Serial No. 07/467,983, filed January 22, 1990, abandoned—

## Remarks

Reconsideration and withdrawal of the rejection of the claims of the above-identified application is respectfully requested. Claims 25-28 having been cancelled, and claim 23 having been amended, the claims pending in the application are claims 23 and 29.

The amendment to claim 23 to recite that the bombarded cells are "intact," as opposed to protoplasts, is supported at page 3, full para. 3, lines 1-3 of the specification.

The specification has been amended to claim priority from grandparent application Serial No. 07/467,983, filed January 22, 1990. This amendment is supported by the copy of the declaration filed with the present Rule 60 continuation application, and by the Official Filing Receipt of the parent application.

At page 2 of the Office Action, the Examiner provisionally rejected the claims under the doctrine of obviousness-type double patenting over claims 39, 41-42 and 47-48 of commonly-assigned, copending application Serial No. "07/[9]74,379," or over claims 23-29 of commonly assigned, copending application Serial No. "08/233,0[67]." At the time that subject matter is indicated to be allowable in the present application, a terminal disclaimer will be submitted, if necessary, should these rejections still be applicable.

2

SM 0001035

At page 3 of the Office Action, the claims were rejected under 35 U.S.C. § 112(1), on the basis that the specification only enables the transformation of cells which have not been subjected to a process of protoplasting. The basis for this rejection is that, as of the filing date of the application, protoplasts had not been shown to be capable of regeneration into fertile *Zea mays* plants. This rejection is respectfully traversed.

As amended, claim 23 recites that the *Zea mays* cells which are bombarded are "intact," i.e., have an intact cell wall. Intact *Zea mays* cells are contrasted to protoplasts at page 3, full paragraph 3 of the specification. Therefore, it is respectfully submitted that the claimed method has been adequately differentiated from a method involving bombardment of protoplasts, and withdrawal of the rejection is respectfully requested.

At page 4 of the Office Action, the Examiner rejected the claims as obvious over commonly-assigned, copending application Serial No. 08/233,067. This rejection is respectfully traversed.

The specification has been amended to recite the effective filing date of the present application, which is January 22, 1990. This date is prior to the effective filing date of Serial No. 08/233,067, which is that of Serial No. 513,298, filed April 17, 1990. No priority claim has been made to an earlier application. Thus, it is respectfully submitted that the '067 application is not prior art to the present application. Therefore, withdrawal of this rejection is respectfully requested.

At pages 4-5 of the specification, the Examiner rejected the claims as obvious over Klein et al., Bio/Technology, 6, 559 (1988), in view of Armstrong et al., Planta, 164, 207 (1985). This rejection is respectfully traversed.

3

SM 0001036

With respect to the Klein et al. paper, the Examiner states that page 562, col. 2, discloses that the "stable transformation of maize callus via the disclosed technique is evident," and concludes that "Klein et al. is clearly seen to teach the application of the method of bombarding maize scutellum and/or suspension cells to transform them." However, the Examiner is urged to consider that he is reading Klein et al. to "teach" much more than the art worker could possibly derive from this limited and specific disclosure. For example, Applicants specifically disagree with the Examiner's conclusion at page 5 of the Office Action that "the use of particle acceleration technology to transform totipotent maize cultures is both the logical progression from the observation of stable transformation as noted in Klein et al. (page 562) to the use of known regenerable fertile tissue..." for the following reasons:

(1)    Klein et al. do not disclose or confirm that the cultured BMS maize cells or the scutellum that were bombarded were stably transformed with the exogenous DNA, much less that the DNA could be passed from one cell generation to another. Klein et al. repeatedly refer to transient expression of the gene in both the cultured cells and scutellum.

(2)    Klein et al. do not disclose what type of tissue was used to produce the "cultures of maize" that were "stably transformed" in the "manuscript in preparation" much less that these cultures could be regenerated into fertile plants. The fact that both the cited Klein et al. paper and the later Klein et al. Plant Physiol. paper (91, 440 (1989)) use BMS cultures as starting materials is

4

SM 0001037

evidence that Klein et al. in fact transformed a tissue that could not be regenerated into plants.

(3)    The mention of "tissue" that will be a prime target for future attempts at transformation is clearly intended as a reference to scutellum, not to callus. However, as noted at point (1) above, there is nothing to suggest that Klein et al. believed that they had achieved stable transformation of scutellum. Therefore, Klein et al. do not "teach" the production of stably transformed maize tissue.

In conclusion, there is nothing in the Klein et al. paper that would "teach" (enable) the art worker to prepare a stably transformed maize tissue, or to regenerate the tissue into a fertile maize plant that can sexually transmit the introduced DNA to the next generation. The Klein et al. paper is no more than an invitation to conduct further undefined experiments, and does not amount to a suggestion, either considered alone, or in combination with Armstrong et al., to take the course that led to Applicants' success.

Even assuming, arguendo, that the cited art renders it *prima facie* obvious to proceed along the lines arguably suggested by Klein et al. to transformed bombard maize Type II callus, it is respectfully submitted that it would still be unexpected that fertile transgenic maize plants capable of transmission of the foreign DNA to progeny would be obtained by this route. As evidence of the reasonable expectations of the art with respect to these teachings, the Examiner is requested to consider paragraph 14 of the Rule 132 declaration executed by Professor Ronald J. Phillips on July 20, 1992, in commonly-assigned application Serial No. 07/508,045, filed April 11, 1990. In his declaration, Professor Phillips

5

SM 0001038

contrasts the regenerability of friable Type II embryogenic maize callus, to characteristics that would render its transformation unpredictable, namely its fragility and the uncertainty with respect to its ability to stably integrate the foreign DNA or to regenerate plants. Paragraph 14, which summarizes his conclusions, is reproduced below:

> 14.    It might well be obvious for a researcher in this area to try to transform a maize tissue, cultured cells or protoplasts that had a history of "regenerability" in the <u>untransformed</u> state. However, the "state of the art" in mid-1989 to early 1990 would not permit one of ordinary skill in the art to reasonably predict that the three pieces of the puzzle of maize transformation, namely stable transformation accompanied by subsequent cell division, regenerability, and fertility/transmission, would come together via <u>any</u> available methodology employing <u>any</u> available maize starting material, including scutellum, much less that the biolistic transformation of friable embryonic Type II callus would be the path to success.

In <u>In re Wood</u>, 202 USPQ 171, 174 (CCPA 1979), the court emphasized that "[o]f course, an evaluation of the claimed invention performed by an impartial, qualified third party is a valuable indication of the nonobviousness of an invention." The Examiner is requested to consider that Professor Phillips' declaration is based on facts derived from his extensive experience with the *in vitro* cell/tissue culture of maize, and that the declaration is sufficient to rebut any *prima facie* case of obviousness established by the cited art. The Examiner is also requested to consider that the declaration is particularly effective in view of the remoteness of the cited art from the claimed invention; there are no experiments disclosed in the cited art relating to (a) obtaining stably transformed dividing cells from any transformed maize tissue source, following the use of biolistics to introduce the foreign DNA; (b) regenerating R0 plants from the transformed callus; or (c) confirming the presence of the

6

SM 0001039

foreign DNA in the germline cells of the R0 plants. Therefore, withdrawal of the obviousness rejection is appropriate and is respectfully requested.

Therefore, it is respectfully submitted that , as amended, claims 23 and 29 are in condition for allowance, and early notification to that effect is earnestly solicited.

Respectfully submitted,

R. C. Lundquist et al.,

By their attorneys,

SCHWEGMAN, LUNDBERG
    & WOESSNER, P.A.
3500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 339-0331

Dated: _17 Dec 1994_

By: _Warren O Weber_

Warren D. Woessner
Reg. No. 30,440

7

SM 0001040



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/249,458 | 05/26/94 | LUNDQUIST | |

| | EXAMINER |
|---|---|
| | BENZION.G |
| ART UNIT | PAPER NUMBER |
| 1803 | 6 |

18M2/0403

SCHWEGMAN, LUNDBERG & WOESSNER
ATTN: WARREN D. WOESSNER
3500 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402

DATE MAILED:          04/03/95

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined   ☒ Responsive to communication filed on _01/03/95_   ☒ This action is made final.

A shortened statutory period for response to this action is set to expire _three (3)_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.          2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.               4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims _23, 24 + 29_ _____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☒ Claims _25-28_ _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☐ Claims _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☒ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

08/249458

SM 0001041

Serial No.    08/249,458
Art Unit      1803                                    2 of 4

5          The Art Unit location of your application in the PTO has changed  To aid in correlation of
any papers for this application, all further correspondence regarding this application should be
directed to Group Art Unit 1803.

          **Status of the Application.**

          Claims 25-28 have been canceled.  Claim 23 is newly amended.  Contrary to Applicants
10    statement claims 23-24 and 29 are currently the only claims pending as claim 24 has not been
canceled.

          The instant application is a continuation of prior US application serial No. 07/974,379 and
not a continuation in part as indicated in the previous Office Action.

          Applicants' statement regarding the filing of a terminal disclaimer, if necessary, in the
15    event that allowable subject matter is indicated in noted.

          **Issues of Double Patenting.**

          Claims 23, newly amended, is rejected and claims 24 and 29 remain rejected under the
judicially created doctrine of obviousness type double patenting for the reasons of record as
applied to claims 23-29 as set forth at page 2 of the previous Office Action.

20        Applicants amendment to claim priority to grandparent application serial No. 07/467,983 in
the instant Rule 60 continuation is noted  Note that the instant application and copending serial
No  07/974379 have identical priority dates.  Accordingly a timely filed terminal disclaimer under
37 CFR 1.321(b) would overcome this issue.

          The rejection of claims 23, 24 and 29 under judicially created doctrine of obviousness type
25    double patenting over serial No. 08/233,076 is underline(withdrawn) in view of the earlier filing date of the
copending application.

          **Issues under 35 U.S.C.§ 112.**

SM 0001042

Serial No.    08/249,458
Art Unit      1803                                          3 of 4

5      The rejection of claims 23, 24 and 29 under 35 U.S.C § 112, first paragraph, as applied to
claims 23-29 and as set forth at page 3 of the previous Office Action is <u>withdrawn</u> in view of
Applicants' amendment.

       **Issue under 35 U.S.C.§ 103.**

       The rejection of claims 23, 24 and 29 under 35 U.S.C § 103 as obvious over copending
10     application 08/233076 as set forth at page 4 of the previous Office Action is <u>withdrawn</u> in view of
Applicants priority to serial No. 07/467,983.

       The rejection of claims 23-24 and 29 under 35 U.S.C.§ 103 as obvious over Klein et al. in
view of Armstrong et al. as set forth at pages 4-5 of the previous Office Action is <u>withdrawn</u> in view
of Applicants' arguments.

15     Claims 23, 24 and 29 are free of the prior art.

       No claim is allowed.

       THIS ACTION IS MADE FINAL. Applicant is reminded of the extension of time policy as
set forth in 37 CFR 1.136(a)

20     A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS
SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A
FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL
ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE
THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY
25     PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY
EXTENSION FEE PURSUANT TO 37 CFR 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD
FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL
ACTION.

       Any inquiry concerning this or earlier communication from the examiner should be
30     directed to Gary Benzion, Ph.D whose telephone number is (703) 308-1119. The examiner can
normally be reached on Monday-Friday from 8 AM to 4:30 PM.

       If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Douglas W. Robinson can be reached on (703)-308-2897.

SM 0001043

Serial No.   08/249,458                                    4 of 4
Art Unit     1803

5       Any inquiry of a general nature or relating to the status of this application should be

directed to the Group receptionist whose telephone number is (703) 308-0196

         Papers related to this application may be submitted to Group 180 by facsimile

transmission. Papers should be faxed to Group 180 via the PTO Fax Center located in Crystal

Mall 1. The faxing of such papers must conform with the notice published in the Official Gazette,

10    1096 OG 30 (November 15, 1989). The CM1 Fax Center number is (703)-308-4227.


Benzion
03/28/95

15

                              GARY BENZION
                              PRIMARY EXAMINER
                              GROUP 1800


SM 0001044

03/28/95   13:58   ☏612 339 3061        SCHWEGMAN, LUNDB                    ☑001

# SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
PATENT • TRADEMARK • COPYRIGHT • ATTORNEYS

3500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Telephone 612•339•0331          Facsimile 612•339•3061

**OFFICIAL**

FAX CENTER
RECEIVED

MAR 2 8 1995

GROUP 1800

March 28, 1995                    (612) 339-0331

Time: _____
    (Minneapolis, Minn.)

TO: Honorable Commissioner of        FROM: __Warren D. Woessner__
    Patents and Trademarks
    Attn: __G. Benzion__            OUR REF: __950.001U82__
    Patent Examining Corps
    Facsimile Center               TELEPHONE: __(612) 373-6903__
    Washington, D.C.   20231

Total pages, including cover letter: __4__

FAX NUMBER  __1-703-305-7401__

If you do NOT receive all of the pages, please telephone us at 612-339-0331, or fax
us at 612-339-3061.

Document Transmitted: __A Supplemental Amendment (3 pp.)__

Applicant: __Ronald C. Lundquist et al.__    Examiner: __G. Benzion__

Serial No.: __08/249,458__          Group Art Unit: __1804__

Filed: __May 26, 1994__             Docket No.: __950.001U82__

Title: __FERTILE TRANSGENIC CORN PLANTS__

Please charge any additional fees or credit overpayment to Deposit Account No.
19-0743.

                                   By: _____
                                   Name: __Warren D. Woessner__
                                   Reg. No.: __30,440__

I hereby certify that this paper is being transmitted by facsimile to the U.S.
Patent and Trademark Office on the date shown below.

__Lisa D. Labreche__
Printed Name

_____            __March 28, 1995__
Signature                          Date

SM 0001045

03/28/95   13:58   ☎612 339 3081        SCHWEGMAN, LUNDB                    ⌀002



# OFFICIAL

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicants: | R. C. Lundquist et al. | Examiner: | G. Benzion |
| Serial No.: | 08/249,458 | Art Unit: | 1804 |
| Filed: | May 26, 1994 | Docket: | 950.001US2 |

For:  **FERTILE TRANSGENIC CORN PLANTS**

Hon. Commissioner of Patent
 and Trademarks
Washington, D. C. 20231

FAX CENTER
RECEIVED

MAR 2 8 1995

GROUP 1800

### SUPPLEMENTAL AMENDMENT

Sir:

To supplement the Amendment filed December 27, 1994, please amend the

above-identified application as follows:

### In the Claims

Please add the following claims:

Claim 30.  The process of claim 28 further comprising (iv) obtaining progeny from said

fertile transgenic plant of step (iii), which comprise said DNA.

Claim 31.  The process of claim 30 wherein said progeny are obtained by crossing said

fertile transgenic plant of step (iii) with an inbred line.

SM 0001046

Claim 32.    The process of claim 30 or 31 comprising obtaining seed from said progeny and obtaining further progeny plants comprising said DNA from said seed.

Claim 33.    The process of claim 31 wherein the progeny obtained in step (iv) are crossed back to the inbred line, to obtain further progeny which comprise said DNA.

Claim 34.    The process of claim 32 wherein seeds are obtained from said further progeny plants and plants comprising said DNA are recovered from said seed.

Claim 35.    The process of claim 30 wherein said further progeny are crossed back to the inbred line to obtain progeny which comprise said DNA.

---

## Remarks

Claims 30-35 having been added, the claims pending in the above-identified application are claims 23, 29 and 30-35.

Claims 30-31 are supported by the specification at pages 31-34, wherein the presence of the introduced DNA is confirmed in the R1 generation plants, which are obtained by crossing the R0 plant with A188, B73 and Oh43.

Claims 32-35 are supported by originally filed claim 13, and at pages 19-20 of the specification, which set forth methodologies for obtaining R2 and higher generation progeny plants from the initial R0 transgenic plants.

2

SM 0001047

When the Examiner takes the application up for the next Office Action, consideration of these amendments and remarks is respectfully requested.

Since the Amendment filed on December 27, 1994 was fully responsive to the Office Action, it is believed that no extension fees are due for filing this amendment. However, if any fees are due, please charge them to Deposit Account No. 19-0743.

Respectfully submitted,

R. C. Lundquist et al.,

By their attorneys,

SCHWEGMAN, LUNDBERG
  & WOESSNER, P.A.
3500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 339-0331

Dated:___3-28-95___          By: _Warren D. Woessner_
                                     Warren D. Woessner
                                     Reg. No. 30,440

SM 0001048



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 2U9U58 | | | |

|  | EXAMINER |  |
|---|---|---|
| | | |
| ART UNIT | PAPER NUMBER | |

DATE MAILED:

### EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) Werren Woessner.          (3) _____

(2) Gary Benzion          (4) _____

Date of interview  4/25/95

Type:  ☒ Telephonic   ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted:  ☐ Yes  ☒ No.  If yes, brief description: _____

_____

Agreement  ☐ was reached with respect to some or all of the claims in question.  ☐ was not reached.

Claims discussed:  30-35

Identification of prior art discussed: _____

_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:  Supplemental amendment not addressed in last office. New action will issue addressing those claims

_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1–7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☒ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

_____
Gary Benzion
Examiner's Signature

PTOL-413 (REV 1-84)

### ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

SM 0001049



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/249,458 | 05/26/94 | LUNDQUIST | | 5,950-11US02 |

| EXAMINER |
|---|
| BENZION.G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1803 | 9 |

18M2/0426

SCHWEGMAN, LUNDBERG & WOESSNER
ATTN:  WARREN D. WOESSNER
3500 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402

DATE MAILED:    04/26/95

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined   ☒ Responsive to communication filed on _3/28/95_   ☒ This action is made final.

A shortened statutory period for response to this action is set to expire _three (3)_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.      2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.           4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474. 6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims _23, 24, 29, 30-35_ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☒ Claims _25-28_ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _23, 24, 29, 30-35_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

SM 0001050

Serial No.    08/249,458
Art Unit      1803                                    2 of 4

5          The Art Unit location of your application in the PTO has changed.  To aid in correlation of
any papers for this application, all further correspondence regarding this application should be
directed to Group Art Unit 1803

**Status of the Application.**

Claims 25-28 have been canceled   Claim 23 is newly amended and claims 30-35 have
10    been newly added in the amendment filed 03/28/95.  Claims 23, 24, 29 and 30-35 are the only
claims pending

The instant application is a continuation of prior US application serial No. 07/974,379 and
not a continuation in part as indicated in the previous Office Action.

Applicants' statement regarding the filing of a terminal disclaimer, if necessary, in the
15    event that allowable subject matter is indicated in noted.

**Issues of Double Patenting.**

Claims 23, newly amended and claims 30-35, newly added, are rejected and claims 24
and 29 remain rejected under the judicially created doctrine of obviousness type double patenting
for the reasons of record as applied to claims 23-29 as set forth at page 2 of the previous Office
20    Action.

Applicants amendment to claim priority to grandparent application serial No. 07/467,983 in
the instant Rule 60 continuation is noted.  Note that the instant application and copending serial
No. 07/974379 have identical priority dates.  Accordingly a timely filed terminal disclaimer under
37 CFR 1.321(b) would overcome this issue.

25         The rejection of claims 23, 24 and 29 under judicially created doctrine of obviousness type
double patenting over serial No. 08/233,076 is underlined:withdrawn in view of the earlier filing date of the
copending application.

**Issues under 35 U.S.C.§ 112.**

SM 0001051

Serial No.    08/249,458                           3 of 4
Art Unit      1803

5          Claims 33 and 35 are rejected under 35 U.S.C. § 112, second paragraph, as being
indefinite for failing to particularly point out and distinctly claim the subject matter which applicant
regards as the invention.

           The limitation in claim 33 to the process step in claim 31 (step iv in claim 30) is limited to
crossing the progeny to an inbred line to obtain further progeny which comprise said DNA.  The
10   process step of claim 31, however, set forth the same limitations in that the progeny are obtained
by crossing to an inbred line (claim 31) which comprise said DNA (claim 30).  Accordingly the
claims are viewed as substantial duplicates and as such are indefinite.  As claim 35 depends from
claim 33 it too fails to clearly particularly point out and distinctly claim the subject matter of the
invention.  Substantial limitation or cancellation is suggested.

15         The rejection of claims 23, 24 and 29 under 35 U.S.C. § 112, first paragraph, as applied to
claims 23-29 and as set forth at page 3 of the previous Office Action is <u>withdrawn</u> in view of
Applicants' amendment.

           **Issue under 35 U.S.C. § 103.**

           The rejection of claims 23, 24 and 29 under 35 U.S.C. § 103 as obvious over copending
20   application 08/233076 as set forth at page 4 of the previous Office Action is <u>withdrawn</u> in view of
Applicants priority to serial No. 07/467,983.

           The rejection of claims 23-24 and 29 under 35 U.S.C. § 103 as obvious over Klein et al. in
view of Armstrong et al. as set forth at pages 4-5 of the previous Office Action is <u>withdrawn</u> in view
of Applicants' arguments

25         Claims 23, 24, 29 and 30-35 are free of the prior art

           No claim is allowed.

           Applicants' amendment necessitated the new grounds of rejection. Accordingly, **THIS
ACTION IS MADE FINAL.** See MPEP 706.07(a).  Applicant is reminded of the extension of time
policy as set forth in 37 CFR 1.136(a)

SM 0001052

Serial No      08/249,458                              4 of 4
Art Unit       1803

5          A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS
     SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION.  IN THE EVENT A
     FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL
     ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE
     THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY
10   PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY
     EXTENSION FEE PURSUANT TO 37 CFR 1.136(a) WILL BE CALCULATED FROM THE
     MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE STATUTORY PERIOD
     FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL
     ACTION.

15          Any inquiry concerning this or earlier communication from the examiner should be
     directed to Gary Benzion, Ph.D whose telephone number is (703) 308-1119.  The examiner can
     normally be reached on Monday-Friday from 8 AM to 4:30 PM.

          If attempts to reach the examiner by telephone are unsuccessful, the examiner's
     supervisor, Douglas W. Robinson can be reached on (703)-308-2897.

20          Any inquiry of a general nature or relating to the status of this application should be
     directed to the Group receptionist whose telephone number is (703) 308-0196.

          Papers related to this application may be submitted to Group 180 by facsimile
     transmission.  Papers should be faxed to Group 180 via the PTO Fax Center located in Crystal
     Mall 1.  The faxing of such papers must conform with the notice published in the Official Gazette,
25   1096 OG 30 (November 15, 1989). The CM1 Fax Center number is (703)-305-3014.  Informal
     communication may be sent via facsimile at 703-308-7362.  The examiner should be notified at
     extension X-1119 of any informal communication prior to its transmittal.

30   Benzion
     04/25/95

                              GARY BENZION
                              PRIMARY EXAMINER
                              GROUP 1800

                                        SM 0001053

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:        R.C. Lundquist et al.

Title:            FERTILE TRANSGENIC CORN PLANTS

Docket No.:       950.001US2
Filed:            May 26, 1994
Examiner:         G. Benzion

Serial No.:       08/249,458
Due Date:         June 26, 1995
Group Art Unit:   1803

BOX AF
Assistant Commissioner for Patents
Washington, D.C. 20231

*Response Under 37 CFR 1.116-*
*Expedited Examining Procedure-*
*Group 1803*

Sir:

We are transmitting herewith the attached:

X X  Transmittal sheet in duplicate containing Certificate under 37 CFR 1.8
_    _ Sheet(s) of _ formal _ informal drawing(s).
_    An Assignment of the invention to _____ and Recordation Form Cover Sheet.
_    A certified copy of a _ application, Serial No. _, filed _, 19_, the right of priority of which is claimed under 35 U.S.C. Section 119.
_    Small entity status of this application will be established at a later date.
_    A verified statement to establish small entity status under 37 C.F.R. 1.9 and 1.27.
_    A signed Combined Declaration and Power of Attorney.
_    An unsigned Combined Declaration and Power of Attorney.
_    A check in the amount of $_____ to cover the Missing Parts Fee.
_    A check in the amount of $_____ to cover the Assignment Recording Fee.
X    A return postcard.
X    Other: A Response (2 pp.); a Terminal Disclaimer (3 pp.); copies of Assignment documents evidencing chain of title; and a check in the amount of $110.00 for the required Terminal Disclaimer fee.

_ Amendment        _ No Additional fee is required        _ The fee has been calculated as shown:

| | (1) Claims Remaining After Amendment | | (2) Highest Number Previously Paid For | (3) Present Extra | Small Entity | | or | OTHER | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Rate | Add'l Fee | | Rate | Add'l Fee |
| TOTAL CLAIMS | - 20 | - | | | x 11 = | $ 00 | or | x 22 = | |
| INDEPENDENT CLAIMS | . | - | | | x 38 = | $ 00 | or | x 76 = | |
| [ ] MULTIPLE DEPENDENT CLAIM PRESENTED | | | | | + 120 = | | or | + 240 = | |
| | | | | | | | | TOTAL | |

*If the difference in Column (1) is less than zero, enter "0" in Column (2)*

Please consider this a **PETITION FOR EXTENSION OF TIME** for sufficient number of months to enter these papers and please charge any additional required fees or credit overpayment to Deposit Account No. 19-0743. A duplicate copy of this sheet is enclosed.

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this Transmittal Letter and the paper, as described hereinabove, are being deposited in the United States Postal Service, as first class mail, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on this  31st  day of  May , 1995

SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
3500 IDS Center, Minneapolis, MN 55402 (612-339-0331)

By: _____
Name: Warren D. Woessner
Reg. No. 30,440
WDW:LDL

(GENERAL)

SM 0001054

MAIL ROOM
JUN 5 1995
PAT. & TRADEMARK OFFICE
97

Cu...es. and Mail

# BOX AF



PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicants: | R. C. Lundquist et al. | Examiner: | G. Benzion |
| Serial No.: | 08/249,458 | Art Unit: | 1803 |
| Filed: | May 26, 1994 | Docket: | 950.001US2 |
| For: | **FERTILE TRANSGENIC CORN PLANTS** | | |

Assistant Commissioner for Patents
Washington, D. C. 20231

## RESPONSE UNDER 37 C.F.R. §1.116 - EXPEDITED EXAMINING JUN 9 1995 PROCEDURE - GROUP 1803

Sir:

.In response to the Office Action, mailed April 26, 1995, reconsideration and withdrawal of the rejection claims of the above-identified application is respectfully requested.

At page 3 of the Office Action, the Examiner rejected claims 33 and 35 under 35 U.S.C. §112(2) as indefinite, on the basis that claims 31 and 33 are substantial duplicates. This rejection is respectfully traversed.

Briefly, claim 31 recites that in step (iv), "R1" progeny of the "RO" plant of step (iii), are obtained by crossing the RO plant with an inbred line. Claim 33 effectively recites step (iv), obtaining "R1" progeny; (v) crossing the "R1" progeny with the inbred line, and (vi) obtaining further "R2" progeny.

Step 34 recites that (vii) the "further (R2) progeny" are crossed back to the inbred line to obtain "R3" progeny.

Therefore, the claims are not duplicates, and withdrawal of the rejection is appropriate, and is respectfully requested.

SM 0001055

Response Under 37 C.F.R. §1.116                                      Page 2
In Re Application of:  Ronald C. Lundquist
Serial No.:  08/249,458
Filing Date:  May 26, 1994
FERTILE TRANSGENIC CORN PLANTS

To obviate the obviousness-type double patenting rejection, a Terminal Disclaimer is enclosed herewith.  The Terminal Disclaimer, executed by the Assignee, disclaims the term of any patent to issue out of the present application that might extend beyond the term of any patent to issue out of commonly-assigned, co-pending U.S. application Serial No. 07/974,379.

It is respectfully submitted that all of the claims have been placed in condition for allowance, and notification to that effect is earnestly solicited.

Also enclosed is a check in the amount of $110.00 to cover the fee for submission of the Terminal Disclaimer.

Respectfully submitted,

R.C. LUNDQUIST ET AL.

By their attorneys,

SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
3500 IDS Center
80 South Eighth Street
Minneapolis  MN  55402
(612) 339-0331

Dated: _31 May 1995_      By: _____
                              Warren D. Woessner
                              Reg. ID 30,440
                              WDW/skh

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Assistant Commissioner of Patents, Washington, D.C. 20231, on _May 31, 1995_ .
Date of Deposit

Lisa LaBrecke

SM 0001056



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKETT NO. |
|---|---|---|---|
| 08/249/58 | 5/26/94 | Lundquist etal. | 950,114502 |

EXAMINER

Benzeon

| ART UNIT | PAPER NUMBER |
|---|---|
| 1803 | 11 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) _Warren (Woessner_ _____ (3) _____

(2) _B. Benzeon_ _____ (4) _____

Date of Interview _7/13/95_

Type: ☒Telephonic ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☐ No. If yes, brief description: _____

_____

Agreement ☐ was reached with respect to some or all of the claims in question. ☐ was not reached.

Claims discussed: _____

Identification of prior art discussed: _____

_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _T.D. is being_

_processed)_ _____

_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

☐ 1. It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph below has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1-7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ 2. Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the substance of the interview unless box 1 above is also checked.

PTOL-413 (REV. 2-93)

_Examiner's Signature_

SM 0001057



110-148        GP1803
                #17 ₰ ₽
                728791 —
                                    PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicants: | R. C. Lundquist et al. | Examiner: | G. Benzion |
| Serial No.: | 08/249,458 | Art Unit: | 1803 |
| Filed: | May 26, 1994 | Docket: | 950.001US2 |

For:    **FERTILE TRANSGENIC CORN PLANTS**

Assistant Commissioner for Patents
Washington, D. C. 20231

### TERMINAL DISCLAIMER

Sir:

Petitioner, DEKALB GENETICS CORPORATION is the owner of 100 percent interest in the instant application and in application Serial No. 07/974,379. Petitioner hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application, which would extend beyond the expiration date of the full statutory term defined in 35 U.S.C. 154 to 156 and 173 as shortened by any terminal disclaimer filed prior to the grant of any patent granted on pending second Application Number 07/974,379, filed on November 11, 1992. Petitioner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and any patent granted on the second application are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, petitioner does not disclaim the terminal part of any patent granted on the instant application that would extend to the expiration date of the full

100 MG 06/08/95 08249458        1 148      110.00 CK

SM 0001058

Terminal Disclaimer
In Re Application of:  Ronald C. Lundquist
Serial No.:  08/249,458
Filing Date:  May 26, 1994
FERTILE TRANSGENIC CORN PLANTS

Page 2

statutory term as defined in 35 U.S.C. §§ 154 to 156 and 173 of any patent granted on the

second application, as shortened by any terminal disclaimer filed prior to the patent grant, in

the event that any such granted patent: expires for failure to pay a maintenance fee, is held

unenforceable, is found invalid by a court of competent jurisdiction, is statutorily disclaimed

in whole or terminally disclaimed under 37 C.F.R. §1.321, has all claims canceled by a

reexamination certificate, is reissued, or is in any manner terminated prior to the expiration of

its full statutory term as shortened by any terminal disclaimer filed prior to its grant.

Pursuant to 37 C.F.R. § 3.73, the undersigned has reviewed the evidentiary documents,

specifically, the Assignments of parent application 07/467,938, filed January 22, 1990,

abandoned, to DEKALB GENETICS CORPORATION, which has been recorded at reel

5265/frame 0274, reel 5947/frame 092, and reel 6790/frame 0593.  These assignments

accomplished the assignment of both the instant application and Serial No. 07/974,379 to

DEKALB GENETICS CORPORATION, since both these applications are continuations of the

parent application 07/467,938.  The undersigned thus certifies that, to the best of his or her

knowledge and belief, title of the instant application and Serial No. 07/974,379 is in the name

of Assignee, DEKALB GENETICS CORPORATION.

For submissions on behalf of an organization (e.g., corporation, partnership, university,

government agency, etc.), the undersigned (whose title is supplied below) is empowered to act

on behalf of the organization.

SM 0001059

**Terminal Disclaimer**                                                    Page 3
In Re Application of: Ronald C. Lundquist
Serial No.: 08/249,458
Filing Date: May 26, 1994
FERTILE TRANSGENIC CORN PLANTS

I hereby declare that all statements made herein of my own knowledge are true and

that all statements made on information and belief are believed to be true; and further that

these statements were made with the knowledge that willful false statements and the like so

made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the

United States Code and that such willful false statements may jeopardize the validity of the

application or any patent issued thereon.


DEKALB GENETICS CORPORATION


_5-23-91_                          By: _____ John H. Witmer, Jr.
Date                               Title: _____ Sr. Vice President


SM 0001060

950.5 US01

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington. D.C. 20231

DATE: 01/06/94
TO:

N06C
MERCHANT, GOULD, SMITH, EDELL, WELTER &
SCHMIDT - WARREN D. WOESSNER
3100 NORWEST CENTER
90 S. SEVENTH STREET
MINNEAPOLIS, MN  55402-4131

UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT BRANCH OF
THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS
AVAILABLE AT THE U.S. PATENT AND TRADEMARK OFFICE ON THE REEL AND FRAME
NUMBER REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE INFORMATION
CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA PRESENT IN THE
PATENT ASSIGNMENT PROCESSING SYSTEM. IF YOU SHOULD FIND ANY ERRORS OR
QUESTIONS CONCERNING THIS NOTICE, YOU MAY CONTACT THE EMPLOYEE WHOSE
NAME APPEARS ON THIS NOTICE AT 703-308-9723. PLEASE SEND REQUEST FOR
CORRECTION TO:  U.S. PATENT AND TRADEMARK OFFICE, ASSIGNMENT BRANCH,
NORTH TOWER BUILDING, SUITE 10C35, WASHINGTON, D.C. 20231

ASSIGNOR:                                    DOC DATE: 08/31/93
    DEKALB PLANT GENETICS, INC.

RECORDATION DATE: 12/09/93    NUMBER OF PAGES 005    REEL/FRAME 6790/0593

DIGEST :

        PARTNERSHIP TERMINATION AGREEMENT

ASSIGNEE:
    DEKALB GENETICS CORPORATION                 Schwegman, Lundberg &
    3100 SYCAMORE ROAD                               Woessner, P.A.
    DEKALB, IL  60115
                                                    FEB 16 1994
SERIAL NUMBER   7-636089    FILING DATE  12/28/90
PATENT NUMBER               ISSUE DATE   00/00/00       RECEIVED

*Jacqueline E. Moore*

EXAMINER/PARALEGAL
ASSIGNMENT BRANCH
ASSIGNMENT/CERTIFICATION SERVICES DIVISION

RECEIVED

FEB 1 0 1994

MERCHANT, GOULD, SMITH
EDELL, WELTER & SCHMIDT, P.A.
MINNEAPOLIS, MN 55402

SM 0001061

FOR ?70-1595    ¬ECORDATION FORM COVER SHF    70 581
(Rev. -93)    PATENTS ONLY
OMB No. 0651-0011 (exp. 4/94)                                    U.S. DEPARTMENT OF COMMERCE
MⅈG 9696.5-US01                                                 Patent and Trademark Office

To the Honorable Commissioner of Patents and Trademarks: Please record the attached original documents or copy thereof.

1. Name of conveying party(ies):

DeKalb Plant Genetics, Inc.

| 2. Name and address of receiving party(ies):
Name: DEKALB Genetics Corporation
Internal Address:

Additional name(s) of conveying party(ies) attached? [ ]Yes [X]No

3. Nature of conveyance:

[ ] Assignment    [X] Merger
[ ] Security Agreement [ ] Change of Name
[ ] Other_____

Execution Date: August 31, 1993

Street Address: 3100 Sycamore Road

City: DeKalb    State: IL  ZIP: 60115

Additional name(s) & address(es) attached? [ ]Yes [X]No

4. Application number(s) or patent number(s):

If this document is being filed together with a new application, the execution date of the application is:

A. Patent Application No.(s)

07/636,089

B. Patent No.(s)

Additional numbers attached? [ ]Yes [X]No

5. Name and address of party to whom correspondence concerning document should be mailed:

Name: Warren D. Woessner

Address: Merchant, Gould, Smith, Edell,
Welter & Schmidt
3100 Norwest Center
90 South Seventh Street
Minneapolis, MN  55402-4131

6. Total number of applications and patents involved: ...... one

7. Total fee (37 CFR 3.41): ...... $ 40.00

[X] Enclosed
[ ] Authorized to be charged to deposit account

8. Please charge any additional fees or credit any overpayments to our Deposit account number: 13-2725

(A duplicate copy of this page is attached.)

DO NOT USE THIS SPACE

9. Statement and signature.
To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.

Warren D. Woessner, Reg. No. 30,440    _Wan O Wae_    12 4 93
Name of Person Signing    Signature    Date
Total number of pages including cover sheet, attachments, and document: 5

OMB No. 0651-0011 (exp. 4/94)
--------------------------------------------------------------------
090 BA 12/21/93 07636089-------------------------- 1.561    40.00 CK
Do not detach this portion

Mail documents to be recorded with required cover sheet information to:
Commissioner of Patents and Trademarks    91759290
Box Assignments
Washington, D.C. 20231

Public burden reporting for this sample cover sheet is estimated to average about 30 minutes per document to be recorded, including time for reviewing the document and gathering the data needed, and completing and reviewing the sample cover sheet. Send comments regarding this burden estimate to the U.S. Patent and Trademark Office, Office of Information Systems, PK2-1000C, Washington, D.C. 20231, and to the Office of Management and Budget, Paperwork Reduction Project (0651-0011), Washington, D.C. 20503.

SM 0001062

083093-04CP04CP

## PARTNERSHIP TERMINATION AGREEMENT

THIS PARTNERSHIP TERMINATION AGREEMENT (this "Agreement") is made as of the 31st day of August, 1993 between DEKALB Genetics Corporation, a Delaware corporation (the "Corporation"), and DEKALB Plant Genetics, Inc., a Delaware corporation (the "Subsidiary").

WHEREAS, the Corporation owns all of the issued and outstanding shares of capital stock of the Subsidiary and the Corporation and the Subsidiary are all of the general partners of DEKALB Plant Genetics (formerly named DEKALB-PFIZER GENETICS), an Illinois general partnership (the "Partnership");

WHEREAS, at 11:59 p.m., C.D.T. on August 31, 1993 (the "Effective Time") the Subsidiary will merge with and into the Corporation (the "Merger"), and pursuant to the Merger (i) the separate existence of the Subsidiary will cease, the Corporation will possess all assets and property of the Subsidiary and the Corporation will assume all of the obligations of the Subsidiary and (ii) the Partnership will be dissolved and terminated; and

WHEREAS, the Corporation and the Subsidiary desire to enter into this Agreement in order to confirm and provide for the dissolution and termination of the Partnership and the winding up of the Partnership and the distribution of its assets and liabilities to the Corporation.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, the parties hereto agree as follows:

1.  <u>Termination and Dissolution of the Partnership</u>. Effective as of the Effective Time the Partnership shall be terminated and dissolved.

2.  <u>Winding Up and Distribution of Partnership Assets and Liabilities</u>. Effective as of the Effective Time, upon dissolution and termination of the Partnership (i) all of the properties and assets, tangible or intangible, real, personal or mixed, and all of the business, activities and interests of the Partnership (the "Partnership Assets") shall be owned and held by the Corporation and (ii) all of the liabilities and obligations of the Partnership (the "Partnership Liabilities") shall be the obligations of the Corporation, in each case without any further action by or on behalf of the Corporation, the Subsidiary or the Partnership.

3.  <u>Further Assurances</u>. At and after the Effective Time, the Corporation shall have full power and authority to take any further action in the name and for and on behalf of the Corporation, the Subsidiary and the Partnership, as may be

SM 0001063

necessary or desirable to further evidence (i) the transfer to and vesting in the Corporation of all right, title and interest of the Partnership in, to and under any or all Partnership Assets and (ii) the assumption by the Corporation of any or all of the Partnership Liabilities, including, without limitation, the preparation, execution, acknowledgement, delivery, filing and recording, in the name of and for and on behalf of the Partnership and the Subsidiary, of all bills of sale, deeds, endorsements, assignments and other instruments of conveyance, assumption, transfer or ownership.

4.    Power of Attorney.  Each of the Partnership and the Subsidiary hereby expressly constitutes and appoints the Corporation as its true and lawful attorney-in-fact with full power and authority in its name, place and stead to prepare, execute, acknowledge, deliver, swear to, file and record any bills of sale, deeds, endorsements, assignments and other instruments referred to in Section 3 hereof.  The foregoing appointment shall be deemed to be a power coupled with an interest, shall be irrevocable and shall survive the Merger and the termination, dissolution, and winding up of the Partnership and the distribution of its assets and assumption of its liabilities.

5.    Miscellaneous.  This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois, without giving effect to the conflicts of laws principles thereof.  Nothing in this Agreement, express or implied, is intended to or shall be construed to confer upon any person or entity other than the parties hereto and their successors and assigns, any right, remedy or claim under or by reason of this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed and delivered this Agreement as of the date first above written.

DEKALB GENETICS CORPORATION

By: _____
John H. Witmer, Jr.
Senior Vice President

DEKALB PLANT GENETICS, INC.

By: _____
John H. Witmer, Jr.
Vice President

-2-

SM 0001064

With respect to Section 4
  of this Agreement

DEKALB PLANT GENETICS, an
  Illinois general partnership

By:  DEKALB Plant Genetics, Inc.
        general partner

By: _____
    John H. Witmer, Jr.
    Vice President

By:  DEKALB Genetics Corporation,
        general partner

By: _____
    John H. Witmer, Jr.
    Senior Vice President

6790    ᴿᴱᴱᴸ

0596    ᶠᴿᴬᴹᴱ

STATE OF ILLINOIS    )
                     )  SS.:
COUNTY OF DEKALB     )

On this 31st day of August, 1993, before me, the
undersigned, a Notary Public of said State, duly commissioned and
sworn, personally appeared John H. Witmer, Jr. known to me to be
the Senior Vice President of DEKALB Genetics Corporation, the
corporation that executed the within instrument, and acknowledged
to me that the said corporation executed the same and swore to
the same.

" OFFICIAL  SEAL "
DORIS J. RIIPPI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES  9/3/94

_Doris J. Riippi_
Notary Public

STATE OF ILLINOIS    )
                     )  SS.:
COUNTY OF DEKALB     )

On this  31st day of August, 1993, before me, the
undersigned, a Notary Public of said State, duly commissioned and
sworn, personally appeared John H. Witmer, Jr., known to me to be
the Vice President of DEKALB Plant Genetics, Inc., the
corporation that executed the within instrument, and acknowledged
to me that the said corporation executed the same and swore to
the same.

" OFFICIAL  SEAL "
DORIS J. RIIPPI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES  9/3/94

_Doris J. Riippi_
Notary Public

-3-

SM 0001065

STATE OF ILLINOIS        )
                         ) SS.:
COUNTY OF DEKALB         )

On this 31st day of August, 1993, before me, the
undersigned, a Notary Public of said State, duly commissioned and
sworn, personally appeared John H. Witmer, known to me to be the
Senior Vice President of DEKALB Genetics Corporation, and John H.
Witmer, Jr., known to me to be the Vice President of DEKALB Plant
Genetics, Inc., said corporations being all of the partners of
DEKALB Plant Genetics, the partnership that executed the within
instrument, and acknowledged to me that the said partnership
executed the same and swore to the same.

```
" OFFICIAL   SEAL "
   DORIS J. RIIPPI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES  9/3/94
```
_Doris J. Riippi_
Notary Public

REEL 6790    FRAME 0597

RECORDED
PATENT & TRADEMARK OFFICE

DEC -9 93

-4-

SM 0001066

200. 9 -581



MAIL ROOM
DEC 17 1991

ARNOLD, WHITE & DURKEE
A PROFESSIONAL CORPORATION
*Attorneys at Law*
8001 JEFFERSON DAVIS HIGHWAY
SUITE 401
ARLINGTON, VIRGINIA 22202
TELEPHONE (703) 415-1730
FACSIMILE (703) 415-1730

HOUSTON OFFICE
8730 BERRINGE AVE. SUITE 400
HOUSTON, TEXAS 77057

POST OFFICE BOX 4433
HOUSTON, TEXAS 77210
TELEPHONE (713) 787-1400
FACSIMILE (713) 789-2679
TELEX 79-0634

AUSTIN OFFICE
1100 ONE AMERICAN CENTER
600 CONGRESS AVENUE
AUSTIN, TEXAS 78701
TELEPHONE (512) 320-7200

CHICAGO OFFICE
800 QUAKER TOWER
321 NORTH CLARK STREET
CHICAGO, ILLINOIS 60610
TELEPHONE (312) 744-0090

FILE: DEKA:040

December 17, 1991

Honorable Commissioner of
    Patents and Trademarks
Washington, D. C.  20231

Attention:  Assignment Branch

Re:  Recordation of ASSIGNMENT by and between
     BioTechnica International, Inc. and
     DeKalb Plant Genetics

Dear Sir:

        Enclosed  for  recordation  purposes  please  find  an
ASSIGNMENT from BioTechnica International, Inc. (a corporation of
Delaware)  to  DeKalb  Plant  Genetics  (an  Illinois  general
partnership).  SCHEDULE A attached to said Assignment lists five
applications and it is requested that same be cross-referenced
against each application, as follows:

        Serial No:   07/617,989, Hibberd, et al.
        Serial No:   07/635,279, Krzyzek, et al.
        Serial No:   07/467,983, Lundquist, et al.
        Serial No:   07/508,045, Lundquist, et al.
        Serial No;   07/636,089, Lundquist, et al.

        Enclosed is our check in the amount of $200.00 to cover
said recordation and cross-referencing. Should the check be found
missing  or  insufficient,  or  should  there  be  a  credit,  the
Commissioner is hereby authorized  to charge any deficiency or
credit any excess to the account of ARNOLD, WHITE & DURKEE,
#01-2508, Order No. DEKA040PAR.

100 HB 12/27/91 07617989

1 581     200.00 CK     91604763

REEL 5947 FRAME 092

SM 0001067

ARNOLD, WHITE & DURKEE

December 17, 1991
Page 2

       It is requested that the recorded document be returned
to the undersigned as follows:

          David L. Parker (DEKA:040)
          Arnold, White & Durkee
          P. O. Box #4433
          Houston, Texas  77210.

                Respectfully,

                David L. Parker
                Attorney for DeKalb Plant

REEL5947 FRAME0093

SM 0001068

## ASSIGNMENT

WHEREAS, BioTechnica International, Inc., a corporation organized and existing under and by virtue of the laws of the State of Delaware, and having a place of business at 85 Bolton Street, Cambridge, MA 02140 (hereinafter "Assignor") owns the entire right, title and interest in and to the patent applications listed in Schedule A, below, and the inventions and improvements described therein;

AND WHEREAS, DeKalb Plant Genetics, an Illinois general partnership, having a place of business at 3100 Sycamore Road, DeKalb, Illinois (hereinafter "Assignee") is desirous of acquiring the entire right, title and interest in and to the patent applications listed in Schedule A, and the inventions and improvements described therein;

NOW THEREFORE, to all whom it may concern, be it known that for and in consideration of the sum of One Dollar and other good and valuable considerations, the receipt and sufficiency whereof is hereby acknowledged, Assignor has sold, assigned, and transferred, and by these presents does sell, assign and transfer unto said Assignee, its successors or assigns, the entire right, title and interest for all countries in and to all inventions and improvements disclosed in the patent applications listed in Schedule A, and in and to the said applications, all divisions, continuations, or renewals thereof, all Letters Patent which may be granted therefrom, and all reissues or extensions of such patents, and in and to any and all applications which have been or shall be filed in any foreign countries for Letters Patent on the said inventions and improvements, including an assignment of all rights under the provisions of the International Convention, and all Letters Patent of foreign countries which may be granted therefrom; and Assignor does hereby authorize and request the Commissioner of Patents and Trademarks to issue any and all United States Letters Patent for the aforesaid inventions and improvements to the said Assignee as the assignee of the entire right, title and interest in and to the same, for the use of the said Assignee, its successors and assigns.

AND, for the consideration aforesaid, Assignor does hereby agree that Assignor and its executors and legal representatives will make, execute and deliver any and all other instruments in writing including any and all further application papers, affidavits, assignments and other documents, and will communicate to said Assignee, its successors and representatives all facts known to Assignor relating to said improvements and the history thereof and will cause the inventors named on said patent applications to testify in all legal proceedings and generally do all things which may be necessary or desirable more effectually to secure to and vest in said Assignee, its successors or assigns the entire right, title and interest in and to the said improvements, inventions, applications, Letters Patent, rights, titles, benefits, privileges and advantages hereby sold, assigned and conveyed, or intended so to be.

AND, furthermore Assignor covenants and agrees with said Assignee, its successors and assigns, that no assignment, grant, mortgage, license or other agreement affecting the rights and property herein conveyed has been made to others by Assignor and that full right to convey the same as herein expressed is possessed by Assignor.

SM 0001069

IN TESTIMONY WHEREOF on behalf of BioTechnica International, Inc., the below named duly authorized officer of BioTechnica International, Inc., has hereunto set his/her hand this 4th day of ___December___, 19 91.

BioTechnica International, Inc.

By: _____
Name: ___Charles H. Baker_____
Officer of BioTechnica International, Inc.

STATE OF _Minnesota_     )
                                            )ss.
COUNTY OF _Hennepin_     )

On this _4th_ day of _December_, 19 91 before me personally appeared _Charles H. Baker_ to be known and known to me to be the person described in and who executed the foregoing instrument, and he/she duly acknowledged to me that he/she executed the same for the uses and purposes therein set forth.

[SEAL]

_____
Notary Public

SANDRA K. AMBERSON
NOTARY PUBLIC—MINNESOTA
HENNEPIN COUNTY
My Commission Expires Mar. 20, 1995

REEL 5947 FRAME 095

SM 0001070

## SCHEDULE A

## U.S. PATENT APPLICATIONS

| Title | Serial No. | Filing Date | Inventors |
|---|---|---|---|
| An Immunological Method For Selection of Specific Genetic Traits In A Plant Breeding Program | 7/617,989 | 11/26/90 | Kenneth A. Hibberd Peter L. Sadowski |
| Stable Transformation of Maize Cells By Electroporesis | 7/635,279 | 12/28/90 | Richard A. Krzyzek Cheryl R.M. Laursen Paul C. Anderson |
| Fertile Transgenic Corn Plants | 7/467,983 | 1/22/90 | Ronald C. Lundquist David A. Walters |
| Fertile Transgenic Corn Plants | 7/508,045 | 4/11/90 | Ronald C. Lundquist David A. Walters |
| Fertile Transgenic Corn Plants | 7/636,089 | 12/28/90 | Ronald C. Lundquist David A. Walters Julie Kirihara |

## FOREIGN PATENT APPLICATIONS

PCT/US 91/00183 (filed 1/14/91) corresponding to U.S. Serial No. 636,089 designating: Canada, Hungary, Soviet Union, Japan, and Romania

| | | |
|---|---|---|
| Mexico* | 24188 | 1/18/91 |
| Argentina* | 318889 | 1/22/91 |
| China* | 91101238.9 | 1/22/91 |
| S. Africa* | 91/0342 | 1/17/91 |

* All corresponding to U.S. Serial No. 636,089

RECORDED PATENT AND TRADEMARK OFFICE

DEC 17 1991

SM 0001071

## ASSIGNMENT

WHEREAS, I/WE, Ronald C. Lundquist and David A. Walters

residing at 4901 Clear Spring Road, Minnetonka, Minnesota 55345 and 11424 Kell

Road, Bloomington, Minnesota 55437, respectively,

made certain new and useful inventions and improvements for which I/We executed an application for Letters

Patent of the United States on January 22, 1990 under Serial No. 07/467,983

which is entitled FERTILE TRANSGENIC CORN PLANTS

AND WHEREAS, BioTechnica International, Inc., a corporation organized and existing under

and by virtue of the laws of the State of Delaware, and having an office and place of business at

85 Bolton Street, Cambridge, Massachusetts 02140 (hereinafter "Assignee")
is desirous of acquiring the entire right, title and interest in and to said inventions, improvements and application
and in and to the Letters Patent to be obtained therefor;

NOW THEREFORE, to all whom it may concern, be it known that for and in consideration of the sum of
One Dollar and other good and valuable considerations, the receipt and sufficiency whereof is hereby acknowl-
edged, I/we have sold, assigned, and transferred, and by these presents do sell, assign and transfer unto said
Assignee, its successors or assigns, the entire right, title and interest for all countries in and to all inventions and
improvements disclosed in the aforesaid application, and in and to the said application, all divisions, continua-
tions, or renewals thereof, all Letters Patent which may be granted therefrom, and all reissues or extensions of
such patents, and in and to any and all applications which have been or shall be filed in any foreign countries for
Letters Patent on the said inventions and improvements, including an assignment of all rights under the provisions
of the International Convention, and all Letters Patent of foreign countries which may be granted therefrom; and
I/we do hereby authorize and request the Commissioner of Patents and Trademarks to issue any and all United
States Letters Patent for the aforesaid inventions and improvements to the said Assignee as the assignee of the
entire right, title and interest in and to the same, for the use of the said Assignee, its successors and assigns.

AND, for the consideration aforesaid, I/we do hereby agree that I/we and our executors and legal
representatives will make, execute and deliver any and all other instruments in writing including any and all fur-
ther application papers, affidavits, assignments and other documents, and will communicate to said Assignee, its
successors and representatives all facts known to me/us relating to said improvements and the history thereof
and will testify in all legal proceedings and generally do all things which may be necessary or desirable more
effectually to secure to and vest in said Assignee, its successors or assigns the entire right, title and interest in and
to the said improvements, inventions, applications, Letters Patent, rights, titles, benefits, privileges and advantages
hereby sold, assigned and conveyed, or intended so to be.

AND, furthermore I/we covenant and agree with said Assignee, its successors and assigns, that no assignment,
grant, mortgage, license or other agreement affecting the rights and property herein conveyed has been made to
others by me/us and that full right to convey the same as herein expressed is possessed by me/us.

SM 0001072

IN TESTIMONY WHEREOF, I/We have hereunto set my/our hand this _____19th_____ day of

_____March_____ , 19 90 .

_____
Ronald C. Lundquist

_____

_____

STATE OF _Minnesota_

COUNTY OF _Hennepin_ } ss.

On this _19th_ day of _March_ , 19 90 before me personally appeared _____

_____Ronald C. Lundquist_____ to me known and known to me to be the person(s)

described in and who executed the foregoing instrument, and _____he_____ duly acknowledged to me that

_____he_____ executed the same for the uses and purposes therein set forth.

SEAL

KIT L. WOJCIK
NOTARY PUBLIC — MINNESOTA
HENNEPIN COUNTY
My commission expires 11-30-95

_____
Notary Public

STATE OF _Minnesota_

COUNTY OF _Hennepin_ } ss.

_____
David A. Walters

On this _19th_ day of _March_ , 19 90 before me personally appeared _____

_____David A. Walters_____ to me known and known to me to be the person(s)

described in and who executed the foregoing instrument, and _____he_____ duly acknowledged to me that

_____he_____ executed the same for the uses and purposes therein set forth.

SEAL

KIT L. WOJCIK
NOTARY PUBLIC — MINNESOTA
HENNEPIN COUNTY
My commission expires 11-30-95

_____
Notary Public

RECORDED
PATENT AND TRADEMARK
OFFICE

MAR 26 1990

MAG 11231

REEL 5265 FRAME 275

SM 0001073



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

TO:  MERCHANT, GOULD, ET AL
     3100 NORWEST CENTER
     90 SOUTH SEVENTH STREET
     MINNEAPOLIS, MN 55402

UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF
THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS
AVAILABLE AT THE U.S. PATENT AND TRADEMARK OFFICE ON THE REEL AND FRAME
NUMBER REFERENCED BELOW. A DIGEST OF THE DOCUMENT HAS ALSO BEEN MADE
AND APPEARS IN THE OFFICE'S RECORDS AS SHOWN:

ASSIGNOR: 001 LUNDQUIST, RONALD C.          DOC DATE: 03/19/90
ASSIGNOR: 002 WALTERS, DAVID A.             DOC DATE: 03/19/90

RECORDATION DATE: 03/26/90   NUMBER OF PAGES 002   REEL/FRAME 5265/0274

DIGEST: ASSIGNMENT OF ASSIGNORS INTEREST

ASSIGNEE: 501 BIOTECHNICA INTERNATIONAL, INC., 85 BOLTON STREET, CAMBRI
DGE, MA 02140 A CORP. OF DE

SERIAL NUMBER   7-467983    FILING DATE  01/22/90
PATENT NUMBER               ISSUE DATE   00/00/00

SM 0001074



RECEIVED
JUL  9 1990



UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

# MAILED

### SEP 6 1995

### OFFICE OF DIRECTOR
### GROUP 1800

In re Application of
RONALD C. LUNDQUIST, ET AL.                    :
Serial No. 08/249,458                          :
Filed: May 26, 1994                            :        SUSPENSION
For: FERTILE TRANSGENIC CORN PLANTS            :        OF PROSECUTION

All claims are allowable. However due to a potential interference,
*ex parte* prosecution is SUSPENDED for a period of SIX (6) MONTHS
FROM THE DATE OF THIS LETTER pending initiation of an interference
proceeding, if appropriate. Upon expiration of the period of
suspension, applicant should make an inquiry as to the status of
the application.

Douglas W. Robinson,
Supervisory Primary Examiner
Patent Examining Group 1800

SCHWEGMAN, LUNDBERG & WOESSNER
ATTN: WARREN D. WOESSNER
3500 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402

SM 0001075



UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/249,458 | May 26, 1994 | Lundquist et al. | 950.001US2 |

| EXAMINER |
|---|
| Benzion, G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1803 | 14 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) <u>Warren Woessner</u>                    (3)

(2) <u>Gary Benzion (PTO)</u>                    (4)

Date of interview <u>November 15, 1995</u>

Type:    ☒ Telephonic    ☐ Personal (copy is given to    ☐ applicant    ☐ applicant's representative).

Exhibit shown or demonstration conducted:    ☐ Yes    ☒ No.  If yes, brief description:

Agreement    ☒ was reached with respect to some or all of the claims in question.    ☐ was not reached.

Claims discussed: <u>23</u>

Identification of prior art discussed: <u>none</u>

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:

Agreement for amendment to place case in condition for allowance.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached.  Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

☒ 1.    It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph below has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1-7 of the second page of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☒ 2.    Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.  Applicant is not relieved from providing a separate record of the substance of the interview unless box 1 above is also checked.

Examiner's Signature

File copy/Applicant's copy

SUBSTITUTE PTOL-413

USSN

SM 0001076

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington D C 20231

| SERIAL NUMBER | FILING DATE | | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/249,458 | 05/26/94 | LUNDQUIST | R | 950.1US02 |

18M2/1127

SCHWEGMAN, LUNDBERG & WOESSNER
ATTN: WARREN D. WOESSNER
3500 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402

BENZION    EXAMINER

| ART UNIT | PAPER NUMBER |
|---|---|
| 1803 | 15/E 8(B |

DATE MAILED:    11/27/86 (95

## NOTICE OF ALLOWABILITY

PART I.
1. ☑ This communication is responsive to _telephonic communication of 11/15/95_
2. ☑ All the claims being allowable. PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course
3. ☑ The allowed claims are _23, 24 & 29-35, need renumbered as claims 1-9 respectively_
4. ☐ The drawings filed on _____ are acceptable
5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [_] been received [_] not been received [ ] been filed in parent application Serial No _____ filed on _____
6. ☑ Note the attached Examiner's Amendment
7. ☑ Note the attached Examiner Interview Summary Record PTOL-413
8. ☐ Note the attached Examiner's Statement of Reasons for Allowance
9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892
10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449

PART II.
A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION PTO-152 which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED
2. ☑ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER
   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS PTO-948 attached hereto or to Paper No _____ CORRECTION IS REQUIRED
   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner CORRECTION IS REQUIRED
   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT CORRECTION IS REQUIRED
   d. ☑ Formal drawings are now REQUIRED

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE AND SERIAL NUMBER.

Attachments:
☑ Examiner's Amendment
☑ Examiner Interview Summary Record, PTOL-413
– Reasons for Allowance
– Notice of References Cited, PTO-892
– Information Disclosure Citation, PTO-1449

– Notice of Informal Application PTO-152
– Notice re Patent Drawings, PTO-948
– Listing of Bonded Draftsmen
– Other

SM 0001077

PTOL-37 (REV 4-80) *

USCOMM-DC 89-3789

Serial No    08/249,458
Art Unit     1803                                                    2 of 3

5       An Examiner's Amendment to the record appears below. Should the changes be unacceptable to Applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it **MUST** be submitted no later than the payment of the Issue Fee.

The title has been amended as follows:

10      METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS.

In the claims.

Claim 23 has been amended as follows:

23. (Twice amended). A process for producing a fertile transgenic *Zea mays* plant comprising the steps of (i) bombarding intact regenerable *Zea mays* cells with DNA-coated microprojectiles, (ii) identifying or selecting a population of transformed cells and (iii) regenerating a fertile transgenic plant therefrom, wherein said DNA is transmitted through a complete sexual cycle of said transgenic plant to its progeny[ ] and imparts herbicide or insect resistance thereto.

Authorization for this Examiner's Amendment was given in a telephone interview with Warren Woessner on November 15, 1995.

Any inquiry concerning this or earlier communication from the examiner should be directed to Gary Benzion, Ph.D whose telephone number is (703) 308-1119. The examiner can normally be reached on Monday-Friday from 8 AM to 4:30 PM. If attempts

15      to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Douglas W. Robinson can be reached on (703)-308-2897. Any inquiry of a general nature or

SM 0001078

Serial No    08/249,458
Art Unit      1803                                                           3 of 3

relating to the status of this application should be directed to the Group receptionist
whose telephone number is (703) 308-0196

20     Papers related to this application may be submitted to Group 1800 by facsimile
transmission.  Papers should be faxed to Group 180 via the PTO Fax Center located in
Crystal Mall 1.  The faxing of such papers must conform with the notice published in the
Official Gazette, 1096 OG 30 (November 15, 1989).  The CM1 Fax Center number is
(703)-308-4227.  Informal communication may be sent via facsimile at 703-308-7362.

Benzion
25     11/16/95

GARY BENZION
PRIMARY EXAMINER
GROUP 1800

SM 0001079



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: Box ISSUE FEE
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

## NOTICE OF ALLOWANCE
## AND ISSUE FEE DUE

] Note attached communication from the Examiner

] This notice is issued in view of applicant's communication filed _____

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
|  |  |  |  |  |

| First Named Applicant |  |  |
|---|---|---|

TITLE OF INVENTION

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

### THE APPLICATION IDENTIFIES ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.

### THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.

### HOW TO RESPOND TO THIS NOTICE:

Review the SMALL ENTITY Status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the patent and Trademark Office of the change in status, or
B. If the Status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:
A. Pay FEE DUE shown above, or
B. File verified statement of Small Entity Status before, or with, pay of 1/2 the FEE DUE shown above.

I. Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B should be completed and returned. If you are charging the ISSUE FEE to your deposit account, Part C of this notice should also be completed and returned.

II. All communications regarding this application must give series code (or filing date), serial number and batch number. Please direct all communication prior to issuance to Box ISSUE FEE unless advised to contrary.

IMPORTANT REMINDER: Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

TOL-85B (REV. 4-94) (0651-0033)

**PATENT AND TRADEMARK OFFICE COPY**

SM 0001080