Serial No. 879,814                          -5-

Art Unit 127


involve an undue amount of experimentation to isolate
other virus promoters and show them to express the gene
in a plant cell.

9.    Claims 22-30 are rejected under 35 U.S.C. 112,
first paragraph, as the disclosure is enabling only for
claims limited in accordance to the specification, pages
33-42 and 48-54.  See MPEP 706.03(n) and 706.03(z).

   Because gene transfer via Agrobacterium and
subsequent plant regeneration has not been demonstrated
to be reliable in all plant species (See Goodman et al.,
page 236 left column) it cannot be assumed that the
claimed gene construction would be transferred and
expressed in all plant cells. Additionally, not all
plants have been demonstrated to be capable of
regeneration from single cells or callus tissue.

10.    Claims 2, 6-8, 10, 11, 14-16, 31 and 32 are
rejected under 35 U.S.C. 112, second paragraph, as being
indefinite for failing to particularly point out and
distinctly claim the subject matter which applicant
regards as the invention.

   Claims 2, 6, 7, 10, 14 and 15 are vague and
indefinite in the recitation of "derived from" as it is
not clear if applicants intended chemical modification
or source. In claim 2 "an EPSPS gene ... chromosome"
could be more clearly stated as -- a plant EPSPS gene--.

   Claim 31 is vague and indefinite in the recitation
of "DNA containing ... or a fragement thereof". It


0005300

Serial No. 879,814                              -6-

Art Unit 127


appears applicant intends the use of the EPSPS gene or a

fragment thereof as a DNA probe for other plant EPSPS

sequences.

11.    The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 102 that form the basis for the
rejections under this section made in this Office
action:

    A person shall be entitled to a patent unless—

12.        (b) the invention was patented or described in
           a printed publication in this or a foreign
           country or in public use or on sale in this
           country, more than one year prior to the date
           of application for patent in the United
           States.

13.    The following is a quotation of 35 U.S.C. 103
which forms the basis for all obviousness rejections set
forth in this Office action:

    A patent may not be obtained though the invention
    is not identically disclosed or described as set
    forth in section 102 of this title, if the
    differences between the subject matter sought to be
    patented and the prior art are such that the
    subject matter as a whole would have been obvious
    at the time the invention was made to a person
    having ordinary skill in the art to which said
    subject matter pertains.  Patentability shall not
    be negatived by the manner in which the invention
    was made.

    Subject matter developed by another person, which
    qualifies as prior art only under subsection (f)
    and (g) of section 102 of this title, shall not
    preclude patentability under this section where the
    subject matter and the claimed invention were, at
    the time the invention was made, owned by the same
    person or subject to an obligation of assignment to
    the same person.

14.    Claims 17-21 are rejected under 35 U.S.C. 102

(b) as anticipated by or, in the alternative, under 35

U.S.C. 103 as obvious over Amrhein et al or Nafziger et

al.

    Both Amrhein et al and Nafziger et al. disclose

plant cells resistant to glyphosate which are not

Serial No. 879,814                          -7-

Art Unit 127

phenotypically distinct to the glyphosate resistant
plant cells in the instant application. Note MPEP
706.03(e).

15.    Claims 1, 2 and 9 are rejected under 35 U.S.C.
103 as being unpatentable over Comai in view of Van den
Broeck.

Comai teaches a DNA sequences coding for glyphosate
resistant 5-enolpyruvyl-3-phosphoshikimate synthetase
(EPSPS). In page 8 of the specification, it is stated
that the DNA sequence may be introduced into plant cells
to confer glyphosate resistance. Additionally, Comai
states that it may be necessary to introduce appropriate
regulatory signals for expression where the structural
gene has been obtained from a source having regulatory
signals which are not recognized by the plant host.

Van den Broeck teaches the construction of a
chimaeric gene which encodes a fusion protein consisting
of the transit peptide of the precursor to the small
subunit of ribulose 1,5-bisphosphate carboxylase from
pea linked to the amino terminus of bacterial neomycin
phosphotransferase II (See page 359-360). After
introduction into tobacco cells by Agrobacterium
mediated cell transformation, the fusion protein was
translocated into chloroplasts and subsequently cleaved
removing the transit peptide from the neomycin
phosphotransferase II peptide.

As applicant discloses in earlier filed

Serial No. 879,814                    -8-

Art Unit 127

applications 763,482 and 792,390 in the Background of

the Invention, page 2, lines 1-12, the EPSPS enzyme

functions in chloroplasts.

Therefore, as the DNA sequence for glyphosate

resistance EPSPS was known, and had been specified for

use in plants, and a method, via TDNA, for

transformation of a plant cell with a chimaeric gene and

transport of the fusion peptide into chloroplasts had

been demonstrated, it would have been obvious to the

ordinary artisan to form a fusion protein with a transit

peptide and the EPSPS gene to confer glyphosate

resistance on plant cells.

16.    Claims 5-7 and 12 are rejected under 35 U.S.C.

103 as being unpatentable over Comai and Van den Broeck

as applied to claims 1, 2 and 9 above, and further in

view of Koziel et al.

Koziel et al. teach the use of a cauliflower mosiac

virus prometer to direct the expression of a foreign

heterologous gene in transformed plant cells. As stated

on page 560, the CaMV gene promoter able to express

foreign DNA in plants. Therefore, it would be obvious to

the ordinary artisan to place a known gene under control

of a CaMV promoter and obtain expression in a

transformed plant cell.

17.    Claims 22-30 are rejected under 35 U.S.C. 103

as being unpatentable over Comai and Van den Broeck in

view of Koziel et al as applied to claims 1, 2, 5-7, 9

Serial No. 879,814                           -9-

Art Unit 127

and 12 above, and further in view of DeBlock et al.

DeBlock et al. teach the use of a non-oncogenic Ti
plasmid to transfer foreign genes into plant cells
wherein the transformed plants are capable of
regeneration into normal and fertile plants exhibiting
expression of the foreign gene. It would have been
obvioius to the ordinary artisan to use a non-oncogneic
vector to transfer the chimaeric EPSPS gene into plant
cells as one could then obtain glyphosate resistant
plants. Claims 23-30 are included in this rejection as
any plant cell susceptible to transformation by
Agrobacterium and capable of subsequent regeneration
would be an obvious choice to use in such experiments.

18.    Claim 8 are rejected under 35 U.S.C. 103 as being
unpatentable over Comai and Van den Broeck in view of
Koziel et al as applied to claims 1, 2, 5-7, 9 and 12
above, and further in view of Guilley et al.

Guilley et al. teach the mapping of the 35S, 8S and
19S transcripts of cauliflower mosiac virus RNAs
including their promoter regions (See pages 769-770
including Figures 7 and 8). Therefore as Koziel et al.
had shown CaMV promoters capable of expressing foreign
genes in plants, it would have been obvious to use other
known CaMV promoters in a similar manner. The 35S
promoter would have been an obvious choice since, as
Guilley states, page 769, the 35S viral RNAs are present
in relatively high amounts, indicating a strong

Serial No. 879,814                          -10-

Art Unit 127


promoter.

19.      Claims 3, 4, 31 and 32 are rejected under 35
U.S.C. 103 as being unpatentable over Comai and Van den
Broeck as applied to claims 1, 2 and 9 above, and
further in view of Amrhein et al and Mazur et al.

     Amrhein et al. discloses the site for glyphosate
tolerance in bacteria and plants to be the enzyme
5-enolpyruvylshikimic acid -3-phosphate (EPSP) synthase.
Additionally it was shown that tolerance to glyphosate
was attributable to an increase in EPSP-synthase
activity.

     Mazur et al. teach the cloning of acetolactate
synthase genes from plants using a yeast ALS gene probe.

     Comai, page 8, suggests that the DNA sequence
encoding the glyphosate resistant EPSP synthetase could
be used as a probe for the isolation of the wild type
EPSP synthetase gene.

     Therefore, as the site for glyphosate tolerance was
known to be the same in plants and bacteria, a mutant
bacterial gene was known, and it had been demonstrated
that yeast genes could be used to probe for the
corresponding genes in plants, it would have been
obvious to the ordinary artisan to use the bacterial
EPSPS gene to isolate the gene from plants and to use
this gene in a cloning or expression vector to render
plant cells resistant to glyphosate.

     Claims 31 and 32 are included in this rejection as

Serial No. 879,814                                    -11-
Art Unit 127

once a plant EPSPS gene was isolated it would have been
obvious to use the plant gene as a probe to isolate
other plant genes.

20.      Claims 10, 11, 13 and 18-21 are rejected under
35 U.S.C. 103 as being unpatentable over Comai and Van
den Broeck in view of Amrhein et al and Mazur et al as
applied to claims 1-4, 9, 31 and 32 above, and further
in view of Koziel et al. and Guilley et al.

     Koziel et al. and Guilley et al. are applied as
discussed previous for claim 8. The following references
are cited of interest.

1). Rogers et al. (1983) Appl. Environ Microbiol
46:37-43, as they teach that amplification of EPSP
synthase in E. coli confers tolerance to the herbicide
glyphosate.

2). Comai et al (1983) Science 221:370-1, as they teach
the cloning of the mutant and wild-type EPSPS gene.

3). Comai US Patent No. 4535060. This reference
discloses a mutant aro A gene for resistance to
glyphosate and means for introducing the gene into a
sensitive host.

     Any inquiry concerning this communication should be
directed to Examiner Murray Spruill at telephone number
703-557-6940.

WMS
08/16/87;rbb

THOMAS G. WISEMAN
SUPERVISORY PATENT EXAMINER
ART UNIT 127

0005306

TO [ ]TE M[ ]    TOP AND BOTTOM EDGES, SNAP–APART AND    CARD CARBON

| FORM PTO-892<br>(REV. 3-78) | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | SERIAL NO.<br>879814 | GROUP ART UNIT | ATTACHMENT<br>TO<br>PAPER<br>NUMBER |
|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S)<br>Shah et al. | | 7 |

pg 1 of 3

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| ✱ | A | 4 5 3 5 0 6 0 | 8/13/85 | Comai | 435 | 317 | 1/5/83 |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| ✱ | L | 0 1 1 5 6 7 3 | 8/1984 | EPA | Comai | 935 | 14 | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| ✱ | R | Amrhein et al (1983) "Biochemical basis for..."<br>FEBS Letters 157: 191-6. |
| ✱ | S | Nafziger, et al. (1984) "Selection + characterization..."<br>Plant Physiol 76. 571-4. (abstract) |
| ✱ | T | Vanden Broeck et al. (1985) "Targeting of..."<br>Nature 313: 358-763. |
| ✱ | U | Kozwl et al. (1984) "A cauliflower mosaic virus..."<br>J Mol Appl Genet 2: 549-62. |

| EXAMINER | DATE |
|---|---|
| MSp | 7/30/87 |

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

0005307

TO SEPARATE HC: ~ TOP AND BOTTOM EDGES, SNAP–APART AND ~ CARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 879814 | GROUP ART UNIT | ATTACHMENT TO PAPER NUMBER 7 |
|---|---|---|---|---|

NOTICE OF REFERENCES CITED    *Pg. 2*    APPLICANT(S) *Shah et al.*

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | | | | | | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| * | R | Guilley et al. (1982) "Transcription of CaMV DNA... Cell 30: 763–73. |
|---|---|---|
| * | S | Mazur et al. (1985) "Cloning herbicide... World Biotech Rep 2 97–108. |
| * | T | Goodman et al. (1987) "Gene transfer in crop. Science 236: 48–54. |
| | U | |

EXAMINER  *MSpr*    DATE 7/30/87

0005308

* A copy of this reference is not being furnished with this office action. (See Manual of Patent Examining Procedure, section 707.05 (a).)

TO SEPARATE, H   TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892<br>(REV 3-78) | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | SERIAL NO.<br>8 7 9 8 1 4 | GROUP ART UNIT<br>1 2 7 | ATTACHMENT<br>TO<br>PAPER<br>NUMBER | 7 |
|---|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED<br>Pg 3 | APPLICANT(S)<br>Shah et al | | | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | | | | | | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

**OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | | |
|---|---|---|
| * | R | Rogers et al (1983) Appl Environ Microbiol 46: 37 -43. |
| * | S | Conai et al (1983) Science 221: 370 - 1. |
| | T | |
| | U | |

| EXAMINER<br>M Sp~ | DATE<br>7/30/87 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

0005309

PTO - 948
(Rev. 8--82)

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

ATTACHMENT TO
PAPER NUMBER    7

GROUP  126

S.N.  879814

## NOTICE OF PATENT DRAWINGS OBJECTION

Drawing Corrections and/or new drawings may only  be
submitted in the manner set forth in the attached letter,
"Information on How to Effect Drawing Changes" PTO-1474:

A. ☑ The drawings, filed on  7/7/86 , are objected to as informal for reason(s)
checked below:

1. ☐ Lines Pale.

2. ☐ Paper Poor.

3. ☐ Numerals Poor.

4. ☐ Lines Rough and Blurred.

5. ☐ Shade Lines Required.

6. ☐ Figures Must be Numbered.

7. ☐ Heading Space Required.

8. ☐ Figures Must Not be Connected.

9. ☐ Criss-Cross Hatching Objectionable.

10. ☐ Double-Line Hatching Objectionable.

11. ☐ Parts in Section Must Be Hatched.

12. ☐ Solid Black Objectionable.

13. ☐ Figure Legends Placed Incorrectly.

14. ☐ Mounted Photographs.

15. ☐ Extraneous Matter Objectionable.
[37 CFR 1.84 (1)]

16. ☐ Paper Undersized; either 8½" x 14",
or 21.0 cm. x 29 7 cm. required.

17. ☐ Proper A4 Margins Required:
☐ TOP 2.5 cm.    ☐ RIGHT 1.5 cm.
☐ LEFT 2.5 cm.    ☐ BOTTOM 1.0 cm.

18. ☑ Other:

*Figure Legends too big (Figs 4—7)*

*Fig of numerals & letters must be 1/8" in height*

B. ☑ The drawings, submitted on  7/7/86 , are so informal they cannot be
corrected. New drawings are required. Submission of the new drawings MUST be
made in accordance with the attached letter.

0005310



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 879814 | 7/7/86 | D. M. Shah | 07-21(381)A |

| EXAMINER |
|---|
| Spruill |

| ART UNIT | PAPER NUMBER |
|---|---|
| 124 | 8 |

DATE MAILED:

### EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) M Spruill

(3) D Hoerner

(2) J Tarza

(4) S Rogers

Date of Interview: 1/4/88

Type: ☐ Telephonic ☒ Personal (copy is given to ☐ applicant ☒ applicant's representative).

Exhibit shown or demonstration conducted: ☒ Yes ☐ No. If yes, brief description: Photographs demonstrating necessity for chloroplast transit peptide to confer test tolerance.

Agreement ☐ was reached with respect to some or all of the claims in question. ☒ was not reached.

Claims discussed: 51 - 32

Identification of prior art discussed: art of record in case

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: State of art at time of invention in terms of site of herbicide tolerance w/respect to EPSPS location in chloroplast). The applicant agreed to use function language in claims. Plant claims per se disclosed. Discussion of necessity of deposit. No agreement was reach w/regard to patentability.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1—7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview

☐ It is not necessary for applicant to provide a separate record of the substance of the interview

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

Examiner's Signature

JOHN E. TARCZA
PRIMARY EXAMINER
ART UNIT 124

000531

PTOL-413 (REV. 1-84)

ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

U.S. Department of Comm e    07-21(381)A
Patent and Trademark Office

Address Only:  Commissioner of Patents
                Washington, D.C.  20231

IN RE APPLICATION OF:                    )
                                         )
   DILIP M. SHAH, ET AL.                 )    GROUP ART UNIT:  124
                                         )
SERIAL NO:  879,814                      )    EXAMINER:  Murray Spruill
                                         )
FILED:      July 7, 1986                 )    DATE:      January 20, 1988
                                         )
   TITLE:   GLYPHOSATE-RESISTANT PLANTS  )

RECEIVED
FEB 11 1988
GROUP 120

COMMISSIONER OF PATENTS & TRADEMARKS

WASHINGTON, D.C.  20231

Sir:

    Transmitted herewith is an Amendment in the above-identified
application.

[ ] No additional fee required under 37 CFR 1.16.

The fee has been calculated as shown below.

| (1) | (2) Claims Remaining After Amendment | (3) | (4) Highest No. Previously Paid For | (5) Present Extra | (6) Rate | (7) Additional Fee |
|---|---|---|---|---|---|---|
| CLAIMS AS AMENDED | | | | | | |
| Total Claims | * 59 | MINUS | ** 32 | = 27 | X $12.00 = | 324 |
| Indep. Claims | * 8 | MINUS | *** 13 | = 0 | X $34.00 = | 0 |
| | | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT  → | | $ 324 |

   *If the entry in Column 2 is less than the entry in Column 4, write "0" in Column 5.
   **If the "Highest Number Previously Paid For" is less than 20, write "20" in the space.
   ***If the "Highest Number Previously Paid For" is less than 3, write "3" in the space.

[X] Please charge the above calculated fee for this Amendment to Deposit Account No.
    13-4125   . Please charge any additional fees associated with this Amendment
or credit overpayment to the above-identified Deposit Account.  A triplicate copy of
this sheet is enclosed.
         Order No.  2046

[X] In the event an Extension of Time is required to render this paper timely filed,
    Applicant(s) petition(s) the Commissioner under 37 CFR 1.136(a) for an Extension of
    Time to respond for the period of time sufficient to render the paper transmitted
    herewith timely.  The Commissioner is authorized to charge the appropriate fee for
    said Extension of Time to the above-identified Deposit Account.

I hereby certify that this correspondence is being deposited
th the United States Postal Service as First Class Mail in an
velope addressed to: Commissioner  f  Patents  and
ademarks, Washington, D.C 20231 on _____ 19XX

DENNIS R. HOERNER JR
Name of Applicant Assignee, or
Registered Representative

Jennis R. Hoerner Jr.

R02/C27/183  Jan 21, 1988
R09/11/83 Date of Signature

_____
Attorney of Record    Dennis R. Hoerner, Jr.

Registration No.    30,914

Telephone No.    (314)537-6099

700 Chesterfield Village Parkway
St. Louis, Missouri 63198

0005312

07-21(381)A

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

| | |
|---|---|
| IN RE APPLICATION OF | ) |
| DILIP M. SHAH, ET AL. | ) GROUP ART UNIT:  124 |
| SERIAL NO.:  879,814 | ) EXAMINER:  Murray Spruill |
| FILED:  July 7, 1986 | ) January 19, 1988 |
| TITLE:  GLYPHOSATE-RESISTANT PLANTS | ) |

**RECEIVED**

FEB 1 1 1988

I hereby certify that this correspondence is being
deposited with the United States Postal Service as **GROUP 120**
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Washington,
D.C., 20231 on Jan. 21, 1988
Dennis R. Hoerner, Jr.
Registration No. 30,914
Date 1/21/88

<u>EXTENSION OF TIME UNDER 37 C.F.R. 1.136(a)</u>

Commissioner of Patents and Trademarks

Washington, D. C. 20231

Dear Sir:

The Commissioner is hereby authorized and requested to

charge the requisite One Hundred-Seventy Dollar ($170.00) fee

for a two (2) month extension of time to Deposit Account No.

13-4125 (2046).

The above fee is submitted to delay the response date

in the above-identified application until January 21, 1988.

Respectfully submitted,

Dennis R. Hoerner, Jr.
Attorney for Applicants
Registration No. 30,914

Monsanto Company - BB4F
700 Chesterfield Village Parkway
St. Louis, Missouri 63198
(314) 537-6099

P 30012  02/08/88  879814          13-4125  030  116      170.00CH

0005313

07-21(381)A

JAN 25 1988

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

IN RE APPLICATION OF          )
                              )
DILIP M. SHAH, ET AL.         )     GROUP ART UNIT: 124
                              )
SERIAL NO.: 879,814           )     EXAMINER: Murray Spruill
                              )
FILED: July 7, 1986           )     January 21, 1988
                              )
TITLE: GLYPHOSATE-RESISTANT   )
       PLANTS                 )

**RECEIVED**

FEB 1 1 1988

    I hereby certify that this correspondence is being **GROUP 120**
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
    Commissioner of Patents and Trademarks,
Washington, D. C., 20231 on _Jan 21, 1988_
          Dennis R. Hoerner, Jr
          Registration No. 30,914

_Dennis R. Hoerner Jr_          Date 1/21/88

AMENDMENT "A"

Commissioner of Patents and Trademarks

Washington, D. C. 20231

Sir:

    This amendment is in response to the Official Action

mailed August 21, 1987 setting a shortened statutory period

for response to expire November 21, 1987. This paper is

deemed timely filed by virtue of the provisions of

37 C.F.R. 1.8 and a request for a two month extension of

time under 37 C.F.R. 1.136(a) submitted herewith with the

requisite fee.

    In response to the Official Action please amend the

above-identified application as follows:

P 30013 02/08/88 879814          13-4125 030 103     324.00CH

0005314

07-21(381)A

IN THE CLAIMS

Cancel Claims 1-32 without prejudice.

Add the following new Claims 33-91:

33. A chimeric plant gene which comprises:

(a) a promoter sequence which functions in plant cells;

(b) a coding sequence which causes the production of RNA, encoding a chloroplast transit peptide/5-enolpyruvylshikimate-3-phosphate synthase fusion polypeptide, which chloroplast transit peptide permits the fusion polypeptide to be imported into a chloroplast of a plant cell; and

(c) a 3' non-translated region which encodes a polyadenylation signal which functions in plant cells to cause the addition of polyadenylate nucleotides to the 3' end of the RNA;

the promoter being heterologous with respect to the coding sequence and adapted to cause sufficient expression of the fusion polypeptide to enhance the glyphosate resistance of a plant cell transformed with the gene.

34. A chimeric gene of Claim 33 in which the promoter sequence is a plant virus promoter sequence.

35. A chimeric gene of Claim 34 in which the promoter sequence is a promoter sequence from cauliflower mosaic virus (CaMV).

**0005315**

07-21(381)A

36. A chimeric gene of Claim 35 in which the promoter sequence is the CaMV35S promoter sequence.

37. A chimeric gene of Claim 33 in which the coding sequence encodes a mutant 5-enolpyruvylshikimate-3-phosphate synthase (EPSPS).

38. A chimeric gene of Claim 33 in which the EPSPS coding sequence encodes an EPSPS from an organism selected from the group consisting of bacteria, fungi and plants.

39. A chimeric gene of Claim 33 in which the chloroplast transit peptide is from a plant EPSPS gene.

40. A cloning or expression vector comprising a chimeric plant gene of Claim 33.

41. A cloning or expression vector of Claim 40 in which the chimeric plant gene encodes a chloroplast transit peptide of a plant EPSPS gene.

42. A cloning or expression vector of Claim 41 in which the chimeric plant gene comprises a promoter sequence from a plant virus.

43. A cloning or expression vector of Claim 42 in which the promoter sequence is a promoter sequence from cauliflower mosaic virus (CaMV).

44. A cloning or expression vector of Claim 43 in which the promoter sequence is the CaMV35S promoter sequence.

45. A cloning or expression vector of Claim 40 in which the chimeric plant gene comprises a coding sequence encoding a mutant 5-enolpyruvylshikimate-3-phosphate synthase.

46. A cloning or expression vector of Claim 40 in which the coding sequence encodes an EPSPS from an organism selected from the group consisting of bacteria, fungi and plants.

0005316

07-21(381)A

47. A plant transformation vector which comprises a chimeric gene of Claim 33.

48. A plant transformation vector of Claim 47 in which the chimeric plant gene encodes a chloroplast transit peptide of a plant EPSPS gene.

49. A plant transformation vector of Claim 47 in which the chimeric plant gene comprises a promoter sequence from a plant virus.

50. A plant transformation vector of Claim 49 in which the promoter sequence is a promoter sequence from cauliflower mosaic virus (CaMV).

51. A plant transformation vector of Claim 50 in which the promoter sequence is the CaMV35S promoter sequence.

52. A plant transformation vector of Claim 47 in which the chimeric plant gene comprises a coding sequence encoding a mutant 5-enolpyruvylshikimate-3-phosphate synthase.

53. A plant transformation vector of Claim 47 in which the coding sequence encodes an EPSPS from an organism selected from the group consisting of bacteria, fungi and plants.

54. A glyphosate-resistant plant cell comprising a chimeric plant gene of Claim 33.

55. A glyphosate-resistant plant cell of Claim 54 in which the promoter sequence is a plant virus promoter sequence.

56. A glyphosate-resistant plant cell of Claim 55 in which the promoter sequence is a promoter sequence from cauliflower mosaic virus (CaMV).

0005317

07-21(381)A

57. A glyphosate-resistant plant cell of Claim 56 in which the promoter sequence is the CaMV35S promoter sequence.

58. A glyphosate-resistant plant cell of Claim 54 in which the coding sequence encodes a mutant 5-enolpyruvylshikimate-3-phosphate synthase.

59. A glyphosate-resistant plant cell of Claim 54 in which the coding sequence encodes an EPSPS from an organism selected from the group consisting of bacteria, fungi and plants.

60. A glyphosate-resistant plant cell of Claim 54 in which the chloroplast transit peptide is from a plant EPSPS gene.

61. A glyphosate-resistant dicotyledonous plant which has been regenerated from a glyphosate-resistant plant cell ~~transformed with a Agrobacterium transformation vector~~ comprising the chimeric plant gene of Claim 33.

62. A glyphosate-resistant plant of Claim 61 in which the promoter sequence is a plant virus promoter sequence.

63. A glyphosate-resistant plant of Claim 62 in which the promoter sequence is a promoter sequence from cauliflower mosaic virus (CaMV).

64. A glyphosate-resistant plant of Claim 63 in which the promoter sequence is the CaMV35S promoter sequence.

65. A glyphosate-resistant plant of Claim 61 in which the chimeric plant gene comprises a coding sequence encoding a mutant 5-enolpyruvylshikimate-3-phosphate synthase.

07-21(381)A

66. A glyphosate-resistant plant of Claim 61 in which
the coding sequence encodes an EPSPS from an organism
selected from the group consisting of bacteria, fungi and
plants.

67. A glyphosate-resistant plant cell of Claim 64 in
which the chloroplast transit peptide is from a plant EPSPS
gene.

68. A method for producing a glyphosate-resistant
plant which comprises

    (a)  transforming plant cells using an *Agrobac-
          terium* transformation vector comprising a
          chimeric plant gene of Claim 39; and

    (b)  regenerating glyphosate-resistant plants
          from said transformed plant cells.

69. A method of Claim 68 in which the chimeric plant
gene comprises a plant virus promoter sequence.

70. A method of Claim 69 in which the promoter
sequence is a promoter sequence from cauliflower mosaic
virus (CaMV).

71. A method of Claim 70 in which the promoter
sequence is the CaMV35S promoter sequence.

72. A method of Claim 68 in which the chimeric gene
comprises a coding sequence encoding a mutant 5-enolpyruvyl-
shikimate-3-phosphate synthase.

73. A method of Claim 68 in which the coding sequence
encodes an EPSPS from an organism selected from the group
consisting of bacteria, fungi and plants.

0005319

-6-

07-21(381)A

74. A method of Claim 68 in which the coding sequence encodes the chloroplast transit peptide from a plant EPSPS gene.

75. A method for producing a glyphosate-resistant plant cell which comprises transforming the plant cell with a plant transformation vector of Claim 47.

76. A method of Claim 75 in which the chimeric gene comprises a promoter sequence from a plant virus.

77. A method of Claim 76 in which the promoter sequence is a promoter sequence from cauliflower mosaic virus (CaMV).

78. A method of Claim 77 in which the promoter sequence is the CaMV35S promoter sequence.

79. A method of Claim 75 in which the chimeric gene comprises a coding sequence encoding a mutant 5-enolpyruvyl-shikimate-3-phosphate synthase.

80. A method of Claim 75 in which the coding sequence encodes an EPSPS from an organism selected from the group consisting of bacteria, fungi and plants.

81. A method of Claim 75 in which the coding sequence encodes the chloroplast transit peptide from a plant EPSPS gene.

82. A glyphosate-resistant tomato cell of Claim 54.

83. A glyphosate-resistant tobacco cell of Claim 54.

84. A glyphosate-resistant oil seed rape cell of Claim 54.

85. A glyphosate-resistant flax cell of Claim 54.

86. A glyphosate-resistant soybean cell of Claim 54.

0005320

-74-

07-21(381)A

87. A glyphosate-resistant sunflower cell of Claim 54.

88. A glyphosate-resistant sugar beet cell of Claim 54.

89. A glyphosate-resistant alfalfa cell of Claim 54.

90. A glyphosate-resistant cotton cell of Claim 54.

91. Plasmid pMON546, ATCC accession number 53213.

## REMARKS

Applicants' attorney appreciated the courtesy extended by Examiners Spruill and Tarcza during the interview on January 4. The discussion during the interview was helpful in clarifying the basis of the rejections. Claims 1-32 have been cancelled and new Claims 33-91 submitted for consideration by the Examiner. It is believed that Claims 33-91 are depositive of the concerns expressed by the Examiner and are allowable in their present form. Reconsideration of the Examiner's rejections in the Official Action is therefore requested in view of the above amendments and following remarks.

## REJECTIONS UNDER 35 U.S.C. 101

Claims 1-21 are provisionally rejected under 35 U.S.C. 101 as claiming the same invention as that of either co-pending application Serial Numbers 763,482 or 792,390. These two previously filed applications are being abandoned in favor of the present application. Copies of the Express Abandonment documents are attached. Hence, withdrawal of the above rejection is requested.

0005321

07-21(381)A

## REJECTIONS UNDER 35 U.S.C. 102(e)

Claims 1-21 are provisionally rejected under
35 U.S.C. 102(e) as being anticipated by either co-pending
application Serial Numbers 763,482 or 792,390. As discussed
with the Examiner in a telephone interview, the inventive
entities are the same in all three pending applications.
Therefore, a rejection under 35 U.S.C. 102(e) is not appro-
priate. In any event, the previously filed applications
are being abandoned. Withdrawal of the rejection under
35 U.S.C. 102(e) is requested.

## LIST OF PRIOR ART CITED BY APPLICANT

The list of references contained in the present
specification are primarily provided for the convenience of
the reader as well as for completeness in the description of
how to make and use the claimed invention. Attached to this
amendment is a list of prior art references (completed form
PTO-1449) which Applicants believe are material to the
patentability of the subject claims and are not yet of
record. Applicants request these references (PTO-1449) be
made of record in addition to those already relied upon by
the Examiner. The relevance of each of these references is
discussed in this response. Copies of the references are
included for the convenience of the Examiner.

## REJECTION UNDER 35 U.S.C. 112, FIRST PARAGRAPH

The specification is objected to and Claims 1-32
stand rejected under 35 U.S.C. 112, first paragraph. The
Examiner states that the specification is defective because
it is not clear that the deposit meets all the criteria set

0005322

-9-

07-21(381)A

forth in MPEP 608.01 (p)C. Although Applicants maintain that the instant specification is enabling even in the absence of the instant deposit, Applicants also recognize that the deposited material pMON546SE (ATCC 53213) contains the petunia EPSPS gene which may be used to isolate other EPSPS genes in the manner taught and demonstrated in the specification thereby reducing the amount of work necessary to make and use the claimed invention.

As discussed during the interview of January 4, it is now the policy of the PTO, as announced by Mr. Charles van Horn, to permit a principal attorney of record to provide the assurances enumerated by the Examiner.

Hence, the undersigned attorney represents that (a) during the pendency of the application, access to the invention will be afforded to the Commissioner upon request; (b) that all restrictions upon availability to the public will be irrevocably removed upon the grant of a U.S. patent; and (c) that the deposit will be maintained in a public depository for a period of 30 years or 5 years after the last request or for the effective life of a U.S. patent issued on this application, whichever is longer. A copy of the deposit contract with the ATCC is provided for entry into the file wrapper. As noted on the ATCC contract deposit was made August 2, 1985, prior to the priority date of the instant application, and the viability of the deposited cultures confirmed on September 8, 1986. Hence, withdrawal of this rejection under 35 U.S.C. 112, first paragraph is solicited.

0005323

-10-

07-21(381)A

Claim 6 stands rejected under 35 U.S.C. 112, first paragraph. The rejection states that the disclosure is enabling only for claims limited to CaMV promoters. Applicants respectfully traverse the above rejection in view of the following remarks.

As discussed during the interview, it is well established that the function of plant promoters is independent of the plant gene in which they are found. That is for example, a nopaline synthase promoter would drive a heterologous coding sequence (e.g. CTP/EPSPS coding sequence) in addition to the natural nopaline synthase coding sequence. It is equally well established that as of the earliest priority date (8/7/85) of the present application plant molecular biology had progressed to a state wherein it was within the skill of the art to isolate plant promoters and integrate the promoter into a functional chimeric plant gene construct.

Claim 33 describes one aspect of the present invention; that is, a chimeric gene which expresses a CTP/EPSPS fusion polypeptide. As discussed at the interview, the claim has been written to functionally describe the requirements of a suitable plant promoter. In the broadest sense, a suitable promoter will be any promoter that functions in plants since this promoter would drive the chimeric gene, produce more EPSPS and as a result make the plant cell more resistant to glyphosate herbicide. In some cases one may need more elevated constitutive expression or possibly tissue specific expression.

**0005324**

-11-

The exact level of expression of the chimeric gene
will depend on how sensitive the untransformed crop plant is
to glyphosate, the sensitivity of the weeds one wishes to
control in the presence of the transformed glyphosate-
resistant plant as well as the sensitivity of the EPSPS
encoded by the chimeric gene.  It is submitted that the
selection of a promoter is straightforward since all that
is required is routine optimization of variables which those
skilled in the art, with the guidance provided by the specifi-
cation, could achieve without undue experimentation.

Claims 22-30 are rejected under 35 U.S.C. 112, first
paragraph.  Claims 22-30 describe methods for producing
glyphosate-resistant plants and glyphosate-resistant plants
per se.  The rejection is based on the conclusion that gene
transfer via *Agrobacterium* and subsequent plant regeneration
has not been demonstrated to be reliable in all plant species.

Newly submitted Claims 61-67 and 68-74 are directed
toward glyphosate-resistant plants and methods for producing
such plants, respectively.  In each instance the transforma-
tion means is limited to *Agrobacterium* mediated transfor-
mation.  It is well documented that plants susceptible to
gene transfer via *Agrobacterium* are also capable of
regeneration using conventional explants.  Claims 54-60 and
75-91 are directed toward glyphosate-resistant plant cells
and methods for producing such plant cells, respectively.
Although, *Agrobacterium* transformation is more efficient in
plant species susceptible to such transformation, other means
described in the specification such as free DNA delivery are
effective for plant cells not susceptible to *Agrobacterium*

0005325

-12-

07-21(381)A

transformation. Hence, no limitation as to the means of transformation is necessary in these claims. Withdrawal of the above rejection is requested.

### REJECTION UNDER 35 U.S.C. 112, SECOND PARAGRAPH

Claims 2, 6-8, 10, 11, 14-16, 31 and 32 are rejected under 35 U.S.C. 112, second paragraph as being indefinite for failing to particularly point out and distinctly claim what the subject matter which Applicants regard as the invention.

The newly submitted claims are devoid of such language as "derived from", "an EPSPS gene ... chromosome" and "DNA containing ... or fragment thereof". Furthermore, the subject matter of Claim 31 and 32 has been withdrawn reserving the right to pursue such subject matter in a divisional application.

It is respectfully submitted that the pending claims are not vague or indefinite. Indeed, they define the invention with the requisite particularity and definiteness to enable those skilled in the art to determine the scope of the claimed invention.

### REJECTION UNDER 35 U.S.C. 102(b)/103

Claims 17-21 are rejected under 35 U.S.C. 102(b) as being anticipated by Amrhein et al. or Nafziger et al. or, in the alternative as being obvious over these references. This rejection is traversed in view of the following remarks.

0005326

-13-

07-21(381)A

Claims 54-60 correspond to original Claims 17-21. Claims 54-60 embrace glyphosate-resistant plant cell which contain a chimeric gene of Claim 33. Inasmuch as the instant plant cell claims have the inherent limitation that they contain a chimeric gene wherein the promoter and CTP/EPSPS coding sequences are from different sources they can not be anticipated by the mutant cells of Amrhein or Nafziger et al. since there is no disclosure that would suggest that the glyphosate resistance is imparted by such a chimeric gene as taught and claimed herein.

Moreover, the Nafzinger et al. reference discloses that in addition to elevated EPSPS activity in the adapted cells there were also increased levels of free amino acids. The authors conclude that the elevated levels of aromatic amino acids, which may confer resistance, suggest that control of the shikimate pathway may be altered in adapted cells. The work of Amrhein et al. discloses that in the glyphosate adapted cells of *Corydalis sempervirens* other protein levels are elevated in addition to EPSPS levels (Smart et al., J. of Biol. Chem. (1985) 260, 30, pp. 16338-16346). It is submitted that the cumulative teaching of the above references is that the observed glyphosate resistance is the result of a complex alteration in the aromatic acid pathway and certainly does not suggest that glyphosate resistance may be imparted by only introducing the chimeric gene of the present invention. Withdrawal of this rejection is therefore requested.

07-21(381)A

REJECTION UNDER 35 U.S.C. 103

Claims 1, 2 and 9 are rejected under 35 U.S.C. 103 as being unpatentable over Comai in view of Van den Broeck. The rejection is traversed in view of the following remarks.

Comai discloses a mutant bacterial aroA gene which is tolerant to glyphosate. Comai suggests, but does not demonstrate, that expression of this gene in plants under the necessary regulatory signals would impart glyphosate resistance.

Van den Broeck discloses that a gene product (neomycin phosphotransferase) may be imported into the chloroplast by using an N-terminal chloroplast transit peptide fusion with the protein. The rejection then states:

> "... as the DNA sequence for glyphosate resis-
> tance EPSPS was known, and had been specified
> for use in plants, and a method, via TDNA, for
> transformation of a plant cell with a chimaeric
> gene and transport of the fusion peptide into
> chloroplasts had been demonstrated, it would
> have been obvious to the ordinary artisan to
> form a fusion protein with a transit peptide and
> the EPSPS gene to confer glyphosate resistance
> on plant cells."

Applicants submit that the above rejection is improper for the following reasons.

Prior to the present invention it was unknown whether the concept of over expression of EPSPS or that expression of a glyphosate-resistant mutant EPSPS would impart enhanced glyphosate tolerance since glyphosate herbicide was reported to have targets other than EPSPS, see for example Lee, T.T., J. Plant Growth Regul. (1982) 1:37-48. Indeed, it has been reported that three sensitive targets of glyphosate action exist: cytosolic EPSPS, plastidic EPSPS and the cytosolic

0005328

-15-

07-21(381)A

DAHP synthase-Co.  The author goes on to caution that a
scenario in which glyphosate-resistant plants are produced
by cloning a tolerant EPSPS into a crop plant may be over-
simplistic.  The author concludes that successful introduction
of glyphosate-resistant genes into plants by genetic engi-
neering may well need to take into consideration the
existence of more than a single glyphosate target in more
than one subcellular location (see Jensen, R. A., Physiol.
Plant. (1985) 66:164-168 as well as Rubin et al. Plant
Physiol. (1982) 70, 833-839; Cole et al., Weed Research
(1983) 23, 173-183; and Rubin et al., Plant Physiol. (1984)
75, 839-845).

Furthermore, since enzymatic activity for the shiki-
mate pathway enzymes had been reported to be both in the
cytoplasm and in the chloroplast it was not known whether the
EPSPS was encoded by a nuclear gene or a cytoplasmic gene;
see for example Mousdale et al. Planta (1985) 163:241-249,
'dAmato, T. A. et al. Planta (1984) 162:104-108, Rothe, G. M.
et al. Planta (1983) 157:358-366, Jensen, R. A. Physiol.
Plant (1985) 66:164-168, Singh, B. K., et al. (1985) Arch. of
Biochem. & Bioph. 243:2 pp. 374-384, and Saijo et al. Agric.
Biol. Chem. (1979) 43, (7), pp. 1427-1432.  If the EPSPS gene
had been found to be of chloroplastic origin, how would one
transform a plant with such a gene?  Fortunately, this was
not the case.  After determining that the natural EPSPS gene
was of nuclear origin and contained a chloroplast transit
peptide, it was still uncertain whether overproduction of
the EPSPS would impart glyphosate tolerance.  The small sub-

07-21(381)A

unit of ribulose 1,5-bisphosphate carboxylase was reported
to be degraded when imported into the chloroplast in the
absence of sufficient amounts of chloroplast synthesized
large subunit (see Schmidt et al. P.N.A.S. USA (1983) 80,
2632-2636).

Returning again to the statement in support of the
rejection, if it were obvious to target the EPSPS to the
chloroplast, why did Comai et al. not do it? See Stalker et
al., J. Biol. Chem. (1985) 260:8:pp 4724-4728 and Science
(1986) 231:1360-1361.

In November of 1984, Calgene's Director of Research,
suggested that it may be necessary to express the bacterial
EPSPS gene in the chloroplast as well as the cytoplasm.
Thereby again supporting the need for cytoplasmic expression.
See Biotechnology (1984) November pp 944. (Calgene, Inc. is
the assignee of USP 4,535,060 issued to Comai.)

The present inventors found that it is possible to
direct the cloned EPSPS to the chloroplast and that by doing
so a better means of glyphosate tolerance results. Futher-
more, the present inventors found that cytoplasmic expression
of the EPSPS gene was not necessary. Example 8 of the
application (pp. 43-47) details the comparison between
cytoplasmic expression and chloroplastic targeted expression
of EPSPS and supports the superior results obtained using
the chimeric gene of the present invention. Visual represen-
tation (photographs) of this comparison were shown to the
Examiner during the interview of January 4.

0005330

07-21(381)A

Recently it has been reported (Genetic Engineering News, November 1987) that scientists at Calgene have followed the teachings of the instant application. In describing the work of Comai et al. relating to non-targeted EPSPS expression the author states:

> "...Although these results were successful as far as getting the gene into a plant and securing its expression (the gene was also transmitted through seed), regenerated plants showed only partial herbicide tolerance when exposed to herbicide levels characteristic of normal use. Viable commercial tolerance was not achieved, and thus the model failed ..."

The author further stated:

> "In a refinement of their first model, Calgene scientist prepared a construction in which the mutant AroA gene was ligated to a plant leader sequence (plant DNA encoding a signal sequence which, in this case, would direct transport of the protein into chloroplasts). This construction was successful, directing localization of the bacterial enzyme to the chloroplasts where it produced a level of glyphosate tolerance suitable for a commercial model."

It is respectfully submitted that the present invention as claimed is nonobvious over the art of record. Moreover, assuming for arguments' sake that chloroplast directed EPSPS expression was "obvious to try" one could not conclude that the observed superior tolerance would be expected.

It is submitted that Comai and Van den Broeck is an improper combination of references which can only be justified with the knowledge of the instant inventors' work. Withdrawal of the above rejection is deemed proper and is earnestly solicited.

**0005331**

07-21(381)A

## REJECTION UNDER 35 U.S.C. 103 - SECONDARY REFERENCES

As discussed during the interview of January 4, the secondary references do not render any of the pending claims obvious, alone or in combination with the primary references. Indeed, it is clear that these references do not provide the inadequacies of the primary references. Specifically, the secondary references fail to provide the requisite linkage between the primary references since they do not teach the observed outcome (superior tolerance) as the concatenate result of chloroplast targeted EPSPS expression. Indeed, the secondary references alone or in combination fail to remove the uncertainties of the art as a whole (at the time of the invention) as to whether EPSPS expression at any location in the cell would result in glyphosate resistance.

Claims 5-7 and 12 are rejected under 35 U.S.C. 103 as being unpatentable over Comai and Van den Broeck as applied to Claims 1, 2 and 9 above and further in view of Koziel et al. Applicants traverse for the following reasons.

Applicants agree that the use of the CaMV promoters as plant gene promoters is known. However, as stated above it was not known that the EPSPS gene was chloroplast directed and furthermore in the absence of the Applicants' showing of improved results there would be no incentive to combine the teachings of the above references and make the cloning or expression vectors (now embraced in Claims 40-46). Withdrawal of this rejection is therefore requested.

Claims 22-30 are rejected under 35 U.S.C. 103 as being unpatentable over Comai and Van den Broeck in view of Koziel et al. and further in view of DeBlock. Applicants

0005332

-19-

07-21(381)A

traverse this rejection in view of the following remarks. The secondary reference by Koziel and DeBlock can not make up the deficiencies of the primary references. In view of the arguments provided above, it is respectfully submitted that the above rejection is improper since there is no incentive to transform plant cells with the chimeric gene of the present invention in face of all the uncertainties described earlier. Withdrawal of the rejection is requested.

Claim 8 is rejected under 35 U.S.C. 103 as being unpatentable over Comai and Van den Broeck in view of Koziel and Guilley et al. The Guilley et al. reference does not disclose the deficiencies of the primary reference as discussed above. Hence, the rejection is not proper and should be withdrawn for the above reasons.

Claims 3, 4, 31 and 32 are rejected under 35 U.S.C. 103 as being unpatentable over Comai and Van den Broeck as applied above and further in view of Amrhein et al. and Mazur et al. The inadequacies of the primary references are discussed above. Also noted above is the fact that all that can be concluded from the Amrhein reference in light of Natzinger is that in both cases glyphosate resistance of the adapted cells was accompanied by increased EPSPS activity. That is not to demonstrate that the overproduction of EPSPS would produce glyphosate resistance for the reasons discussed above (Jensen, (1985) supra). Hence, in view of all the uncertainties there is no clear incentive to do what the inventors have done. Having withdrawn the subject matter of original Claims 31 and 32, withdrawal of the above rejection is proper and earnestly solicited.

**0005333**

-20-

07-21(381)A

Claims 10, 11, 13 and 18-21 are rejected under 35 U.S.C. 103 as being unpatentable over Comai and Van den Broeck in view of Amrhein et al. and Mazur and further in view of Koziel and Guilley et al. The shortcomings and uncertainties surrounding the Comai, Van den Broeck and Amrhein references have been previously discussed. It is respectfully submitted that in face of these uncertainties it was nonobvious and quite unexpected that expression of the chimeric gene (Claims 33-39) in plant cells (54-60) would yield such improved resistance as compared with the cytoplasmic expression suggested by Comai. Withdrawal of this rejection is requested.

In summary, it is submitted that glyphosate resistance in plant cells and plants via expression of a chimeric gene which expresses a CTP/EPSPS polypeptide is clearly patentable over the art of record. Claims 33-91 as now submitted are believed to meet the requirements of Title 35 U.S.C. and allowance of these claims is respectfully solicited. Applicants acknowledge the need to submit formal drawings and will do so upon allowance of pending claims.

If the Examiner believes a telephonic interview would facilitate prompt allowance of the pending claims, he is encouraged to call the undersigned attorney at (314) 537-6099.

Respectfully submitted,

Dennis R. Hoerner, Jr.
Attorney for Applicants
Registration No. 30,914

Monsanto Company
700 Chesterfield Village Parkway
St. Louis, Missouri 63198
(314) 537-6099

0005334

-21-

**INFORMATION DISCLOSURE CITATION**
(Use several sheets if necessary)

| ATTY. DOCKET NO. | SERIAL NO. |
|---|---|
| 07-21(381)A | 879,814 |
| APPLICANT | |
| DILIP M. SHAH, ET AL. | |
| FILING DATE | GROUP |
| 7/7/86 | |

MAIL ROOM
JUN 25 1982

RECEIVED

FEB 1 1 1988

GROUP 120

## U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | DMF | Smart et al., J. of Biol. Chem (1985) 260, 30, pp. 16338-16346 |
| | DMF | Lee, T. T., J. Plant Growth Regul (1982) 1:37-48 |
| | DMF | Jensen, R. A., Physiol. Plant (1985) 66:164-168 |
| | DMF | Rubin et al., Plant Physiol. (1982) 70, 833-839 |
| | DMF | Mousdale et al., Planta (1985) 163:241-249 |
| | DMF | 'dAmato, T. A., et al., Planta (1984) 162:104-108 |
| | DMF | Rothe, G. M., et al. Planta (1983) 157:358-366 |
| | DMF | Singh et al., Arch. of Biochem & Bioph. (1985) 243:2 pp 374-384 |
| | DMF | Saijo et al., Agric. Biol. Chem (1979) 43 (7) pp. 1427-1432 |
| | DMF | Schmidt et al. P.N.A.S. (1983) 80, 2632-2636 |
| | DMF | Stalker et al., J. Biol. Chem (1985) 260:8 pp. 4724-4728 |
| | DMF | Science (1986) 231: 1360-1361 |
| | DMF | Biotechnology (1984) November pp 944 |
| | DMF | Cole et al. Weed Research (1983) 23, 173-183 |
| | DMF | Rubin et al. Plant Physiol. (1984)75, 839-945 |

| EXAMINER | DATE CONSIDERED |
|---|---|
| David T. 2f | 4/21/88 |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-FB-A820        Patent and Trademark Office - U.S. DEPARTMENT of COMMERCE

00053



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 06/074,611 | 07/07/86 | SHAH | | 07-21(3)81.1 |

┌
DENNIS R. HOERNER, JR.
MONSANTO CO.,
800 N. LINDBERGH BLVD.
ST. LOUIS, MO  63167
┐

| EXAMINER |
|---|
| FOX,D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 184 | 12 |

DATE MAILED:      05.26.88

This is a communication from the examiner in charge of your application.

**COMMISSIONER OF PATENTS AND TRADEMARKS**

☑ This application has been examined    ☑ Responsive to communication filed on 1/25/88    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _____ 3 _____ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.   35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☑ Notice of Art Cited by Applicant, PTO-1449
4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474
6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☑ Claims **33-91** _____ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☑ Claims **1-32** _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims **33-91** _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☑ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____ has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**0005336**

Serial No.  879814                         -2-

Art Unit    184


    The Group and/or Art Unit location of your
application in the PTO has changed.  To aid in corre-
lating any papers for this application, all further
correspondence regarding this application should be
directed to Group Art Unit 184.

    The application should be reviewed for errors.
Errors appear, for example, in claim 90, line 1 where
"resistnat" should be changed to --resistant--.

    Receipt of form PTO-1449 and copies of the
corresponding references is acknowledged.

    The text of those sections of Title 35 U. S. Code
not included in this action can be found in a prior
Office action.

    Claims 33-91 are provisionally rejected under the
judicially created doctrine of obviousness-type double
patenting as being unpatentable over claims 8-39 and
44-49 of copending application serial no. 054,337.
Although the conflicting claims are not identical, they
are not patentably distinct from each other because both
sets of claims are drawn to plants containing a vector
containing an EPSPS gene encoding glyphosate
resistance.

    This is a _provisional_ obviousness-type double
patenting rejection because the conflicting claims have
not in fact been patented.

    The obviousness-type double patenting rejection is a
judicially established doctrine based upon public policy
and is primarily intended to prevent prolongation of the
patent term by prohibiting claims in a second patent not
patentably distinct from claims in a first patent.  In

Serial No. 879814                           -3-

Art Unit    184


re Vogel, 164 USPQ 619 (CCPA 1970). A timely filed ter-
minal disclaimer in compliance with 37 CFR 1.321(b)
would overcome an actual or provisional rejection on
this ground provided the conflicting application or
patent is shown to be commonly owned with this applica-
tion. See 37 CFR 1.78(d).

Claim 67 is rejected under 35 U.S.C. 112, second

paragraph, as being indefinite for failing to par-

ticularly point out and distinctly claim the subject

matter which applicant regards as the invention. Claim

67 is confusing in its recitation of

"glyphosate-resistant plant cell" which lacks antecedent

basis. Based upon the comments found on page 12,

paragraph 3 of the amendment filed 25 January 1988, it

appears that --glyphosate-resistant plant-- was

intended.

The following is a quotation of the first paragraph

of 35 U.S.C. 112:

> The specification shall contain a
> written description of the inven-
> tion, and of the manner and process
> of making and using it, in such
> full, clear, concise, and exact
> terms as to enable any person
> skilled in the art to which it per-
> tains, or with which it is most
> nearly connected, to make and use
> the same and shall set forth the
> best mode contemplated by the inven-
> tor of carrying out his invention.

The specification is objected to under 35 U.S.C.

112, first paragraph, as failing to provide an enabling

disclosure. The deposit rejection of the last Office

action is repeated. Applicants' statement in the amend-

Serial No. 879814                    -4-

Art Unit    184


ment filed 25 January 1988 regarding the terms of the
deposit is acknowledged. However, replacement of the
deposit in the event of inviability remains unclear. In
order to certify that the deposit meets all of the cri-
teria set forth in MPEP 608.01(p)C, Applicants may pro-
vide assurance of compliance by an affidavit or
declaration, or by a statement by an attorney of record
over his or her signature and registration number,
showing that the deposit will be replaced if it should
ever become inviable.

Claims 33-91 are rejected under 35 U.S.C. 112,
first paragraph, for the reasons set forth in the above
objection to the specification.

Claims 34, 42, 49, 55, 62, 69 and 76 are rejected
under 35 U.S.C. 112, first paragraph, as the disclosure
is enabling only for claims limited to CaMV promoters as
per pages 12-64 of the specification, as stated for
claim 6 in the last office action. See MPEP 706.03(n)
and 706.03(z).

The examiner agrees with Applicants' assertion that
claims broadly drawn to promoters functioning in plants
are enabled, since many promoters functional in plants
are known. However, the examiner maintains that claims
specifically drawn to plant virus promoters should be
limited to the exemplified CaMV promoters, since undue
experimentation would be required to isolate, sequence,

0005339

Serial No. 879814                              -5-

Art Unit    184


and determine the functionality of promoters from other

plant viruses.

Claims 61-81 are rejected under 35 U.S.C. 112,

first paragraph, as the disclosure is enabling only for

claims limited to a method for producing dicot plants

comprising regeneration from transformed protoplasts and

regenerated dicots therein, as per pages 12-64 of the

specification. See MPEP 706.03(n) and 706.03(z). Since

plant transformation requires cell wall removal for DNA

uptake, and since plant regeneration from transformed

protoplasts is limited to the dicots (see Goodman et

al., pages 52-53) undue experimentation would be

required by one of ordinary skill in the art to obtain

plant cell transformation through the cell wall or mono-

cot regeneration as claimed.

This application currently names joint inventors.
In considering patentability of the claims under 35
U.S.C. 103, the examiner presumes that the subject
matter of the various claims was commonly owned at the
time any inventions covered therein were made absent any
evidence to the contrary. Applicant is advised of the
obligation under 37 CFR 1.56 to point out the inventor
and invention dates of each claim that was not commonly
owned at the time a later invention was made in order
for the examiner to consider the applicability of poten-
tial 35 U.S.C. 102(f) or (g) prior art under 35 U.S.C.
103.

Claims 33-35, 37, 38, 40, 42, 43, 45-47, 49, 50,

52-56, 58, 59, 61-63, 65, 66, 68-70, 72, 73, 75-77, 79,

80 and 82-90 are rejected under 35 U.S.C. 103 as being

unpatentable over Comai taken with Van den Broeck et al,

Koziel et al., Mousdale et al., and Netzer. Comai

Serial No. 879814                    —6—

Art Unit    184


teaches a DNA sequences coding for a mutant, bacterial,
glyphosate resistant 5-enolpyruvyl-3-phosphoshikimate
synthetase (EPSPS).  In page 8 of the specification, it
is stated that the DNA sequence may be introduced into
plant cells to confer glyphosate resistance.
Additionally, Comai states that it may be necessary to
introduce appropriate regulatory signals for expression
where the structural gene has been obtained from a
source having regulatory signals which are not
recognized by the plant host.  Comai does not teach the
use of a chloroplast transit peptide construct in a
disarmed <u>Agrobacterium</u> vector to obtain regeneration of
glyphosate-resistant plants.  Van den Broeck teaches the
construction of a chimaeric gene which encodes a fusion
protein consisting of the transit peptide of the precur-
sor to the small subunit of ribulose 1,5-bisphosphate
carboxylase from pea linked to the amino terminus of
bacterial neomycin phosphotransferase II (see pages
359-360).  After introduction into tobacco cells by
<u>Agrobacterium</u> mediated cell transformation, the fusion
protein was translocated into chloroplasts and sub-
sequently cleaved removing the transit peptide from the
neomycin phosphotransferase II peptide.  Koziel et al.
teaches the use of a *disarmed* plasmid and 19 S CaMV pro-
moter  to transfer foreign genes into plant cells
wherein the transformed plants are capable of rege-


0005341

Serial No. 879814                        -7-

Art Unit    184


nerating into normal, fertile plants exhibiting

expression of the foreign gene (see, e.g., page 560,

column 2).  Mousdale et al. teaches the predominance of

plant EPSPS in the chloroplast, and teaches that genes

encoding other enzymes involved in the shikimate pathway

are translated in the nucleus and transported to the

chloroplast (see, e.g., page 241, column 2; page 243,

paragraphs bridging columns 1 and 2; page 247, column

1).  Netzer teaches plant transformation to introduce a

bacterial mutant gene conferring herbicide resistance,

the use of chloroplast transit sequences to confer her-

bicide resistance to transformed plants containing a

chloroplast gene inserted into the nuclear genome, and

suggests the use of chloroplast transit peptides to

confer glyphosate tolerance to plants transformed with a

mutant bacterial gene (~ee, e.g., page 941, column 2,

third full paragraph; paragraph bridging pages 941 and

942; page 942, fourth and fifth full paragraph;

paragraph bridging 943 and 944).  It would have been

obvious to one of ordinary skill in the art to transform

plants with the glyphosate-resistant EPSPS gene taught

by Comai utilizing the Agrobacterium construct and

chloroplast transit peptide taught by Van den Broeck et

al and disarmed Ti plasmid and CaMV promoter taught by

Koziel et al to obtain glyphosate-resistant plants, as

suggested by Comai, Mousdale et al., and Netzer since

Serial No. 879814                    -8-

Art Unit   184


each would continue to function in its known and
expected manner.  Choice of regenerable, transformed
dicot plant would be the optimization of process parame-
ters.  Thus, the claimed invention was clearly _prima
facie_ obvious as a whole to one of ordinary skill in the
art at the time it was made, especially in the absence
of evidence to the contrary.

Claims 36, 44, 51, 57, 64, 71 and 78 are rejected
under 35 U.S.C. 103 as being unpatentable over Comai
taken with Van den Broeck et al., Koziel et al.,
Mousdale et al., and Netzer as applied to claims 33-35,
37, 38, 40, 42, 43, 45-47, 49, 50, 52-56, 58, 59, 61-63,
65, 66, 68-70, 72, 73, 75-77, 70, 80 and 82-90 are
above, and further in view of Guilley et al.  Comai
taken with Van den Broeck et al., Koziel et al.,
Mousdale et al. and Netzer teach the obtention of
glyphosate-resistant plants containing a chimeric gene
comprising the RUBISCO promoter and transit peptide, an
EPSPS gene, and a 3' non-translated region as discussed
supra, but does not teach the utilization of the 35 S
CaMV promoter.  Guilley et al teaches the mapping of the
35 S, 8 S and 19 S transcripts of CaMV RNA's including
their promoter regions and teaches that the presence of
the 35 S transcripts in high amounts indicates a strong
promoter (see, e.g., pages 769-770, including Figures 7
and 8).  It would have been obvious to one of ordinary
skill in the art to incorporate the 35 S CaMV promoter

0005343

Serial No. 879814                          -9-

Art Unit   184

taught by Guilley et al. into the method of obtaining
glyphosate-resistant plants taught by Comai taken with
Van den Broeck et al., Koziel et al., Mousdale et al and
Netzer, as suggested by Guilley et al., since each would
continue to function in its known and expected manner.
Thus, the claimed invention was clearly prima facie
obvious as a whole to one of ordinary skill in the art
at the time it was made, especially in the absence of
evidence to the contrary.

   Claims 39, 41, 48, 60, 67, 74, 81 and 91 are
rejected under 35 U.S.C. 103 as being unpatentable over
Comai taken with Van den Broeck et al., Koziel et al.,
Mousdale et al., Netzer, and Guilley et al as applied to
claims 33-38, 40, 42-47, 49-59, 61-66, 68-73, 75-80 and
82-90 above, and further in view of Amrhein et al. taken
with Mazur et al. Comai taken with Van den Broeck et
al., Koziel et al., Mousdale et al., Netzer and Guilley
et al teaches the obtention of glyphosate-resistant
plants containing a chimeric gene comprising the 35 S
CaMV promoter, RUBISCO transit peptide, and EPSPS gene
as discussed supra, but does not teach transformation
with plant EPSPS transit peptide or coding sequence to
obtain glyphosate-resistant plants. Amrhein et al
teaches that the overproduction of glyphosate-sensitive
EPSPS in cultured plant cells confers glyphosate
resistance (see, e.g. page 195, paragraph bridging
columns 1 and 2). Mazur et al teaches the cloning of

Serial No. 879814                           -10-

Art Unit   184


herbicide-resistant plant ALS genes using a yeast her-
bicide-resistant ALS gene probe.  It would have been
obvious to one of ordinary skill in the art to utilize
the method of transferring glyphosate tolerance taught
by Comai taken with Van den Broeck et al., Koziel et
al., Mousdale et al., Netzer, and Guilley et al.; to
determine the coding region (and indirectly determine
the transit peptide region) of the plant EPSPS gene
taught by Mousdale et al and Amrhein et al by probing
with the bacterial EPSPS gene taught by Comai, as
suggested by Mazur et al.; and to incorporate the plant
EPSPS transit peptide and coding region as suggested by
Amrhein et al., since each would continue to function in
its known and expected manner.  Thus, the claimed inven-
tion was clearly prima facie obvious as a whole to one
of ordinary skill in the art at the time it was made,
especially in the absence of evidence to the contrary.

     No claim is allowed.

     Any inquiry concerning this communication should be
directed to David Fox at telephone number 703-557-9393.

DTF
FOX:pc

5/10/88:retype 5/12/88

CHARLES F. WARREN
SUPERVISORY PATENT EXAMINER
GROUP ART UNIT 124
184


0005345



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 879814 | 7/7/86 | Shah | 07-21(381)A |

| EXAMINER |
|---|
| Fox |

| ART UNIT | PAPER NUMBER |
|---|---|
| 184 | 13 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) Dr. Kishore       (3) David Fox

(2) Dennis Hoerner      (4) John Tarcza

Date of interview  8/16/88

Type:  ☐ Telephonic  ☑ Personal (copy is given to)  ☐ applicant  ☑ applicant's representative).

Exhibit shown or demonstration conducted:  ☑ Yes  ☐ No.  If yes, brief description: Photos of instant invention vs. transit peptide - loss (Comai)

Agreement  ☐ was reached with respect to some or all of the claims in question.  ☑ was not reached.

Claims discussed:  All

Identification of prior art discussed:  Comai, Van den Broeck et al, Mousdale et al, Netzer

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: Discussed 103 rejection with respect to uncertainty of EPSPS site of action, target enzyme, and efficiency of transit peptide methods to effect herbicide resistance. Appl. indicated that other herbicides (i.e. maize) systems use transit peptide transformation did not result in effective resistance. Appl. indicated that Van den Broeck demonstrated reduced chloroplast expression when compared to cytosol. Appl. indicated that particular promoter not important and within skill of art. Election of protein glycosg. in c/p chloroplast all patentaly. Appl. showed that Comai method (without transit peptide) did not work. Appl. arguments will be considered by primary examiner upon receipt of response.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraph below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1—7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

PTOL-413 (REV 1-84)

Examiner's Signature

JOHN E. TARCZA
PRIMARY EXAMINER
ART UNIT 184

ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

0005346



07-21(381)A

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| IN RE APPLICATION OF | ) |
| DILIP M. SHAH ET AL. | ) GROUP ART UNIT: 184 |
| SERIAL NO.: 06/879,814 | ) EXAMINER: D. A. Fox |
| FILED: July 7, 1986 | ) October 24, 1988 |
| TITLE: GLYPHOSATE-RESISTANT PLANTS | ) |

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Washington,
D.C., 20231 on Oct 24, 1988
Larry R. Swaney
Registration No. 25,708

_Larry R. Swaney_          Date 10/24/88

### EXTENSION OF TIME UNDER 37 C.F.R. 1.136(a)

Commissioner of Patents and Trademarks

Washington, D. C. 20231


Dear Sir:

     The Commissioner is hereby authorized and requested

to charge the requisite One Hundred Fifty-Six Dollar ($156.00)

fee for a two (2) month extension of time to Deposit Account

No. 13-4125 (2077).

     The above fee is submitted to delay the response date

in the above-identified application until October 26, 1988.



N 10061  11/01/88  879814          13-4125  010 116   270 00CH

                              Respectfully submitted,

                              _Larry R. Swaney_
                              Larry R. Swaney
                              Attorney for Applicants
                              Registration No. 25,708

Monsanto Company - BB4F
700 Chesterfield Village Parkway
St. Louis, Missouri 63198
(314) 537-6264

## 0005347



07-21(381)A

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

IN RE APPLICATION OF )

DILIP M. SHAH ET AL. )   GROUP ART UNIT: 184

SERIAL NO.: 06/879,814 )   EXAMINER: D. A. Fox

FILED: July 7, 1986 )   October 24, 1988

TITLE: GLYPHOSATE-RESISTANT )
      PLANTS )

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks,
Washington, D. C., 20231 on Oct 24 1988
                        Larry R. Swaney
                     Registration No. 25,708
_____ Date 10-24-88

### AMENDMENT "B"

Commissioner of Patents and Trademarks

Washington, D. C. 20231

Sir:

This amendment is in response to the Official Action
mailed May 26, 1988 setting a shortened statutory period for
response to expire August 26, 1988. This paper is deemed
timely filed by virtue of the provisions of 37 C.F.R. 1.8
and a request for a two month extension of time under
37 C.F.R. 1.136(a) submitted herewith with the requisite fee.

In response to the Official Action, please amend the
above-identified application as follows:

0005348

07-21(381)A

<u>IN THE CLAIMS</u>

Claim 61, line 1 after "glyphosate-resistant" insert --dicotyledonous--.

Claim 61, line 2-3, delete "transformed with a Agrobacterium transformation vector".

Claim 67, line 1, delete "cell".

Claim 68, line 2, before "plant" insert --dicotyledonous--.

<u>REMARKS</u>

Applicants' attorney appreciated the courtesy extended by Examiners Fox and Tareza during the interview on August 16, 1988.  The discussion during the interview was helpful in clarifying the basis of the rejections.  Reconsideration of the Examiner's rejections in the Official Action of May 26, 1988 is therefore requested in view of the above amendments, following remarks and declaration under 37 C.F.R. 1.131 filed herewith.  It is submitted that Claims 33-91 in the present form fully comply with the requirements of 35 U.S.C. and allowance of same is earnestly solicited.

<u>Rejection for Obviousness-Type Double Patenting</u>

Claims 33-91 are provisionally rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over Claims 8-39 and 44-49 of copending application serial number 054,337.  Applicants

**0005349**

-2-