Sheet 1 of 1

| Form 1449* | Atty. Docket No.: 950.001US4 | | Serial No. 08/677,695 |
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | Applicant: Ronald C. Lundquist et al. | | |
| | Filing Date: July 10, 1996 | | Group: 1803 |

U.S. PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Name | Class | Subclass | Filing Date If Appropriate |
|---|---|---|---|---|---|---|
| | 5,500,365 | 03/19/1996 | Fischhoff, D.A., et al. | 435 | 240.4 | 02/24/89 |
| | 5,595,733 | 01/21/1997 | Carswell, G., et al. | 424 | 93.21 | 05/20/87 |

FOREIGN PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Country | Class | Subclass | Translation Yes | No |
|---|---|---|---|---|---|---|

OTHER DOCUMENTS
(Including Author, Title, Date, Pertinent Pages, Etc.)

| **Examiner Initial | |
|---|---|

| Examiner | Date Considered |
|---|---|
| | |

*Substitute Disclosure Statement Form (PTO-1449)

**EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



# CLIENT COPY

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, DC  20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/677,695 | 07/10/96 | LUNDQUIST | R | SLWK-950.001 |

18M2/0623

SCHWEGMAN LUNDBERG WOESSNER & KLUTH
PO BOX 2938
MINNEAPOLIS MN 55540

| EXAMINER |
|---|
| BENZION,G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1803 | |

### RESTRICTION REQUIREMENT

DATE MAILED:    06/23/97

DV  July 23, 1997
Nov. 23, 1997

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

Schwegman Lundberg
Woessner & Kluth P.A.

JUL  1 1997

RECEIVED

### RESTRICTION REQUIREMENT

### RESTRICTION REQUIREMENT

PTO-90C (REV. 2/95)

2-Mai

| *Office Action Summary* | Application No. 08/677,695 | Applicant(s) Lundquist et al. |
|---|---|---|
| | Examiner Gary Benzion, Ph.D. | Group Art Unit 1803 |

☐ Responsive to communication(s) filed on _____ .

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___*one*___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *23-29, 41-45, 48-52, 55-59, and 62-192* _____ is/are pending in the application.

  Of the above, claim(s) _____ is/are withdrawn from consideration

☐ Claim(s) _____ is/are allowed.

☐ Claim(s) _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☒ Claims *23-29, 41-45, 48-52, 55-59, and 62-192* _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

  ☐ All  ☐ Some*  ☐ None   of the CERTIFIED copies of the priority documents have been

    ☐ received.

    ☐ received in Application No. (Series Code/Serial Number) _____ .

    ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

  *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

0002552

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

Serial No.    08/677,695                                      2 of 5
Art Unit     1803

5                          *Status of the Application*

This application should be examined for errors.

Claims 1-22, 30-40, 46-48, 53-54 and 60-62 have been canceled and claims 62-192 newly added.
Claims 23-29, 41-45, 48-52, 55-59 and 62-192 are the only claims pending.

The amendment submitted 19 November 1996 is missing from the file. Applicant is request to
10    submit a copy of said amendment for entry into this application

                          *Restriction and Election*

This application contains claims directed to the following patentably distinct species the claimed
invention:

Restriction and election to one of the following inventions is required under 35 U.S.C. 121:

15           I. Claim 23-29, 41-45, 48-52 and 55-59, drawn to a process for producing a fertile transgenic *Zea
mays* plant wherein the process produces transgenic progeny and further wherein the transgenic *Zea mays*
plants is an inbred or hybrid plant, classified in Class 435, subclass 172.3, for example.

             II. Claim 89-132, drawn to a process for producing animal feed comprising a transgenic maize
plant, classified in Class 426, subclass 623, for example.

20           III. Claim 133-152, drawn to a process for producing oil comprising a transgenic maize plant,
classified in Class 530, subclass 367, for example.

             IV. Claim 153-172, drawn to a process for producing starch comprising a transgenic maize plant,
classified in Class 536, subclass 102, for example.

             V. Claims 173-192, drawn to a process for producing seed comprising a transgenic maize plant,
25    classified in Class 47, subclass 58, for example.

The inventions are distinct, each from the other because of the following reasons:

Inventions I, II, III, IV and V are unrelated. Inventions are unrelated if it can be shown that they

Serial No.    08/677,695                                      3 of 5
Art Unit      1803

5    are not disclosed as capable of use together, or they have different modes of operation, or have different

functions, or they have different effects. (MPEP § 806.04, MPEP § 808.01) In the instant case each

group is drawn to a process of producing a transgenic plants in which the plant express a gene of interest

in which the DNA is transmitted to the progeny (I), is used to produce an animal feed (II), is used to

produce an oil (III), is used to produce a starch (IV) or is used to produce seed *per se* (V). Each process

10   has a different effect, that is, the process for producing starch from the transgenic plant is different from

said process for extracting oil or producing an animal feed producing seed or the process of making

transgenic plants in which the progeny contain the DNA of interest and/or comprise an inbred or hybrid.

          Applicant is advised that the response to this requirement to be complete must include an election

of the invention to be examined even though the requirement be traversed (37 CFR 1.143).

15        Applicant is reminded that upon the cancellation of claims to a non-elected invention, the

inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the currently named

inventors is no longer an inventor of at least one claim remaining in the application. Any amendment of

inventorship must be accompanied by a diligently-filed petition under 37 CFR 1.48(b) and by the fee

required under 37 CFR 1.17(h).

20        Because these inventions are distinct for the reasons given above and have acquired a separate

status in the art because of their recognized divergent subject matter, fall into different statutory classes of

invention, and are separately classified and searched, restriction for examination purposes as indicated is

proper.

          Additionally election of a species to be examined with the elected group as set forth above should

25   be made as set forth below:

          Claims 62-192, comprise a process of making the transgenic maize plant of claims 26, 35, 42, 49

or 56, in which the following distinct species of DNA are inserted: DNA which encodes resistance to

glyphosate, specifically ESPS synthase; encodes resistance to dalapon; encodes resistance to an

imidazolinone herbicide; encodes resistance to a sulfonylurea herbicide; encodes resistance to bromoxynil;

30   selectable marker gene which encode antibiotic resistance wherein the DNA encodes resistance to

bleomycin, hygromycin, *htp* neomycin, kanamycin, G418, nptII or nptI; wherein the selectable marker

encodes resistance to methotrexate, dihydrofolate reductase gene including both eukaryotic or bacterial

Serial No.      08/677,695                                    4 of 5
Art Unit        1803

5    dihydrofolate reductase gene; wherein the DNA encodes an insect resistance protease inhibitor,
     specifically cowpea trypsin inhibitor and potato proteinase inhibitor II and wherein the reporter gene is:
     chloramphenicol acetyltransferase, glucuronidase, luciferase (bacterial, or firefly), or beta-galactosidease.

          Applicant is required under 35 U.S.C § 121 to elect a single disclosed species for prosecution on
     the merits to which the claims shall be restricted if no generic claim is finally held allowable. Currently
10   no claims are considered as generic.

          Applicant is advised that a response to this requirement must include an identification of the
     species that is elected consonant with this requirement, and a listing of all claims readable thereon,
     including any claims subsequently added. An argument that a generic claim is allowable or that all
     claims are generic is considered nonresponsive unless accompanied by an election.

15        Upon the allowance of a generic claim, applicant will be entitled to consideration of claims to
     additional species which are written in dependent form or otherwise include all the limitations of an
     allowed generic claim as provided by 37 CFR 1.141. If claims are added after the election, application
     must indicate which are readable upon the elected species. MPEP 809.02(a).

          Should applicant traverse on the grounds that the species are not patentably distinct, applicant
20   should submit evidence or identify such evidence now of record showing the species to be obvious variants
     or clearly admit on the record that this is the case. In either instance, if the Examiner finds one of the
     inventions unpatentable over the prior art, the evidence or admission may be used in a rejection under 35
     U.S.C § 103 of the other invention.

                                          *Summary*

25        Any inquiry concerning this or earlier communication from the examiner should be directed to
     **Dr. Gary Benzion, Ph.D.** whose telephone number is **(703) 308-1119.** The examiner can normally be
     reached on **Monday-Friday from 8 AM to 4:30 PM.** If attempts to reach the examiner by telephone are
     unsuccessful, the examiner's supervisor, **Douglas W. Robinson** can be reached on **(703)-308-2897.** Any
     inquiry of a general nature or relating to the status of this application should be directed to the Group
30   receptionist whose telephone number is (703) 308-0196.

          Papers related to this application may be submitted to Group 1800 by facsimile transmission.

                                          **0002555**

Serial No.      08/677,695                                                5 of 5
Art Unit        1803

5    Papers should be faxed to Group 1800 via the PTO Fax Center located in Crystal Mall 1. The faxing of

such papers must conform with the notice published in the Official Gazette, 1096 OG 30 (November 15,

1989). The CM1 Fax Center number is (703)- 308-4227.


Benzion
10   06/17/97

                                               **GARY BENZION, Ph.D.**
                                               **PRIMARY EXAMINER**
                                               **GROUP ART UNIT 1803**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicants: | Ronald C. Lundquist et al. | Examiner: G. Benzion |
| Serial No.: | 08/677,695 | Group Art Unit: 1803 |
| Filed: | July 10, 1996 | Docket: 950.001US4 |
| Title: | METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS | |

## RESPONSE TO RESTRICTION REQUIREMENT

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

This is in response to the Restriction Requirement mailed June 23, 1997. At page 2 of the Restriction Requirement, the Examiner failed to assign claims 32-38 to a Group. Applicants will assume that the Examiner meant to include claims 32-38 in Group I. Also at page 2 of the Restriction Requirement, the Examiner assigned claims 89-132 to Group II, and described these claims as drawn to a process for producing animal feed comprising a transgenic maize plant. The Examiner is respectfully requested to note that claims 111-112 and 115-132 do not belong to Group II as described by the Examiner. Claims 111-112 and 115-132 are directed to a process for producing human food comprising a transgenic *Zea mays* plant.

Applicants provisionally elect with traverse Group I (claims 23-29, 32-38, 41-45, 48-52, and 55-59), directed to a process for producing a fertile transgenic *Zea mays* plant wherein the transgenic DNA is transmitted through a normal sexual cycle of the transgenic plant to progeny plants, and a method for producing a fertile transgenic *Zea mays* plant, a fertile transgenic inbred *Zea mays* plant or a fertile transgenic hybrid *Zea mays* plant comprising cultivating a fertile transgenic *Zea mays* plant produced by a process wherein the transgenic DNA is transmitted through a normal sexual cycle of the transgenic plant to progeny plants, and wherein the transgenic DNA is expressed so that the transgenic progeny plant exhibits one or more phenotypic characteristics that render it identifiable over the corresponding untransformed *Zea mays* plant.

At pages 3-4 of the Restriction Requirement, the Examiner further required Applicants to elect a single disclosed species for prosecution on the merits. Applicants provisionally elect with traverse a selectable marker gene encoding antibiotic resistance wherein the gene encodes resistance to bleomycin, encodes resistance to hygromycin, is the *hpt* gene,

RESPONSE TO RESTRICTION REQUIREMENT
Serial Number: 08/677,695
Filing Date: July 10, 1996
Title:    METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

Page 2
Dkt: 950 001US4

encodes resistance to neomycin, kanamycin or G418, is the *nptII* gene, or is the *nptI* gene. Claims 68-74 read on these species.

The Restriction Requirement is traversed on the basis that restriction requirements are optional in all cases. M.P.E.P. § 803. If the search and examination of all the claims can be made without serious burden, the examiner should examine it on the merits, even though it includes claims to distinct or independent inventions. M.P.E.P. § 803. The Examiner is respectfully requested to reconsider and withdraw the Requirement for Restriction.

The Examiner noted at 2 of the Restriction Requirement that the Amendment submitted November 19, 1996 is missing from the file. A copy of this amendment as transmitted November 12, 1996 is included. Also included is a copy of the postcard transmitted with the amendment, and returned by the Office stamped November 19, 1996.

The Examiner is invited to contact Applicants' Representatives, at the below-listed telephone number, if there are any questions regarding this Response or if prosecution of this application may be assisted thereby.

Respectfully submitted,

RONALD C. LUNDQUIST ET AL.,

By their Representatives,

SCHWEGMAN, LUNDBERG, WOESSNER & KLUTH, P.A.
P.O. Box 2938
Minneapolis, MN 55402
(612) 373-6903

Date _21 Aug, 1997_    By _____
WDW:dlp                      Warren D. Woessner
                             Reg. No. 30,440

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Assistant Commissioner of Patents, Washington, D.C. 20231 on August 21, 1997.

_Frances Essien_                          _Frances Essien_

Name                                       Signature

0002558

S/N 08/677,695                                                                    **PATENT**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Ronald C. Lundquist et al. | Examiner: G. Benzion |
| Serial No.: | 08/677,695 | Group Art Unit: 1803 |
| Filed: | July 10, 1996 | Docket: 950.001US4 |
| Title: | METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS | |

## PETITION FOR A ONE-MONTH EXTENSION OF TIME

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

In accordance with the provisions of 37 C.F.R. § 1.136(a), it is respectfully requested that a one-month extension of time be granted in which to respond to the Response to Restriction Requirement mailed June 23, 1997, said period of response being extended from July 23, 1997 to August 23, 1997.

Applicant submitted a check in the amount of $110.00 to cover the extension fee that was mailed along with the Response to Restriction Requirement on August 21, 1997, (copy of postcard and check stub enclosed). However if any additional fees are required, the Examiner is authorized to charge them to Deposit Account No. 19-0743.

Respectfully submitted,

RONALD C. LUNDQUIST ET AL.

By their Representatives,

SCHWEGMAN, LUNDBERG, WOESSNER & KLUTH, P.A.
P.O. Box 2938
Minneapolis, MN 55402
(612) 373-6903

Date   8 - 25 - 97          By _____
                                  Warren D. Woessner, Ph.D.
                                  Reg. No. 30,440

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Examiner G. Benzion, Assistant Commissioner for Patents, Washington, D.C. 20231, on this 25 day of _August_, 1997.

Frances Essien
Name

Frances Essien
Signature

0002559

S/N 08/677,695                                                          PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicants: | Ronald C. Lundquist et al. | Examiner: G. Benzion |
| Serial No.: | 08/677,695 | Group Art Unit: 1803 |
| Filed: | July 10, 1996 | Docket: 950.001US4 |
| Title: | METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS | |

## SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

In compliance with the duty imposed by 37 C.F.R. § 1.56, and in accordance with 37 C.F.R. §§ 1.97 *et. seq.*, the enclosed materials are brought to the attention of the Examiner for consideration in connection with the above-identified patent application. Applicants respectfully request that this Supplemental Information Disclosure Statement be entered and the documents listed on the attached Form 1449 be considered by the Examiner and made of record. Pursuant to the provisions of MPEP 609, Applicants further request that a copy of the 1449 form, initialled by the Examiner to indicate that all listed citations have been considered, be returned with the next official communication.

It is believed that no fee is necessary under 37 C.F.R. § 1.97 (b), as this Supplemental Information Disclosure Statement is being submitted before the mailing date of a first Office Action on the merits, in accordance with 37 C.F.R. § 1.97(b)(3). Please charge any additional fees or credit any overpayment to Account No. 19-0743.

0002560

SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT
Serial Number: 08/677,695
Filing Date: July 10, 1996
Title:     METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

Page 2
Dkt: 950 001US4

The Examiner is invited to contact Applicants' Representatives at the below-listed telephone number if there are any questions regarding this communication.

Respectfully submitted,

RONALD C. LUNDQUIST ET AL.

By their Representatives,

SCHWEGMAN, LUNDBERG, WOESSNER & KLUTH, P.A.
P.O. Box 2938
Minneapolis, MN  55402
(612) 373-6903

Date  24 Sept 1997                    By _____
WDW:jsf                                          Warren D. Woessner
                                                 Reg. No. 30,440

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Assistant Commissioner of Patents, Washington, D.C. 20231 on September 23, 1997.

_Frances Ession_                      _Frances Crow_
Name                                  Signature

0002561

Sheet 1 of 1

| Form 1449* | Atty. Docket No.: 950.001US4 | Serial No. 08/677,695 |
|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | Applicant: Ronald C. Lundquist et al. | |
| | Filing Date: July 10, 1996 | Group: 1803 |

### U.S. PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Name | Class | Subclass | Filing Date If Appropriate |
|---|---|---|---|---|---|---|
| | 5,380,831 | 01/10/1995 | Adang et al. | 536 | 23.71 | 09/26/83 |
| | 5,554,798 | 09/10/1996 | Lundquist et al. | 800 | 205 | 05/15/95 |

### FOREIGN PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Country | Class | Subclass | Translation Yes \| No |
|---|---|---|---|---|---|---|
| | 0 174 791 A2 | 03/19/1986 | European | C12N | 15/00 | |
| | 89/10396 | 11/02/1989 | PCT | C12N | 5/00 | |

### OTHER DOCUMENTS
(Including Author, Title, Date, Pertinent Pages, Etc.)

| **Examiner Initial | |
|---|---|
| | Botterman, J., et al., "Engineering Herbicide Resistance in Plants", Trends in Genet., 4, 221-222 (August 1988) |
| | Datta, S.K., et al., "Isolated Microspore-Derived Plant Formation via Embryogenesis in *Triticum aestivum* L.", Plant Sci., 48, 49-54 (1987) |
| | Hooykaas-Van Slogteren, G.M.S., et al., "Expression of Ti Plasmid Genes in Monocotyledonous Plants Infected with *Agrobacterium tumefaciens*", Nature, 311, 763-764 (October 25, 1984) |
| | Ranch, J.P., et al., "Expression of 5-Methyltryptophan Resistance in Plants Regenerated from Resistant Cell Lines of *Datura innoxia*", Plant Physiol., 71, 136-140 (1983) |

| Examiner | Date Considered |
|---|---|
| | |

*Substitute Disclosure Statement form (PTO-1449)

**EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

S/N 08/677,695                                                              PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Ronald C. Lundquist et al. | Examiner: G. Benzion |
| Serial No.: | 08/677,695 | Group Art Unit: 1803 |
| Filed: | July 10, 1996 | Docket: 950.001US4 |
| Title: | METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS | |

## SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir or Madam:

In compliance with the duty imposed by 37 C.F.R. § 1.56, and in accordance with 37 C.F.R. §§ 1.97 et. seq., the enclosed materials are brought to the attention of the Examiner for consideration in connection with the above-identified patent application. Applicants respectfully request that this Information Disclosure Statement be entered and the documents listed on the attached Form 1449 be considered by the Examiner and made of record. Pursuant to the provisions of MPEP 609, Applicants further request that a copy of the 1449 form, initialled by the Examiner to indicate that all listed citations have been considered, be returned with the next official communication.

Applicants have included the fee of $240.00 under 37 C.F.R. §§ 1.97(c) and 1.17(p). Please charge any additional fees or credit any overpayment to Account No. 19-0743.

The Examiner is invited to contact the Applicants' Representative at the below-listed telephone number if there are any questions regarding this communication.

Respectfully submitted,

RONALD C. LUNDQUIST ET AL.

By their Representatives,

SCHWEGMAN, LUNDBERG, WOESSNER & KLUTH, P.A.
P.O. Box 2938
Minneapolis, MN 55402
(612) 373-6903

Date  2 Oct 1997         By _W. D. Woss_
                             Warren D. Woessner, Ph.D.
                             Reg. No. 30,440

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Assistant Commissioner of Patents, Washington, D.C. 20231 on October 2, 1997.

_Francis Essien_                    _Frances Essien_
Name                                Signature

0002563

Sheet 1 of 1

| Form 1449* | Atty. Docket No.: 950.001US4 | Serial No. 08/677,695 |
|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | Applicants: Ronald C. Lundquist et al. | |
| | Filing Date: July 10, 1996 | Group: 1803 |

### U.S. PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Name | Class | Subclass | Filing Date If Appropriate |
|---|---|---|---|---|---|---|

### FOREIGN PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Country | Class | Subclass | Translation Yes | No |
|---|---|---|---|---|---|---|---|
| | 0 335 528 A2 | 10/04/1989 | European | C12N | 15/00 | | |

### OTHER DOCUMENTS
(Including Author, Title, Date, Pertinent Pages, Etc.)

| **Examiner Initial | |
|---|---|
| | Datta, S.K., et al., "Genetically Engineered Fertile Indica-Rice Recovered from Protoplasts", Bio/Technology, 8, 736-740 (August 1990) |

| Examiner | Date Considered |
|---|---|
| | |

*Substitute Disclosure Statement Form (PTO-1449)

**EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

<u>S/N 08/677,695</u>                                                                                          <u>PATENT</u>

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicants: | Ronald C. Lundquist et al. | Examiner: G. Benzion |
| Serial No.: | 08/677,695 | Group Art Unit: 1803 |
| Filed: | July 10, 1996 | Docket: 950.001US4 |
| Title: | METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS | |

### SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

  In compliance with the duty imposed by 37 C.F.R. § 1.56, and in accordance with 37 C.F.R. §§ 1.97 *et. seq.*, the enclosed materials are brought to the attention of the Examiner for consideration in connection with the above-identified patent application. Applicants respectfully request that this Supplemental Information Disclosure Statement be entered and the documents listed on the attached Form 1449 be considered by the Examiner and made of record. Pursuant to the provisions of MPEP 609, Applicants further request that a copy of the 1449 form, initialled by the Examiner to indicate that all listed citations have been considered, be returned with the next official communication.

  The Examiner is respectfully requested to note that an enclosed reference was cited in the International Search Report received in International Patent Application No. PCT/US 97/00978, filed by the assignee of the instant application. Copies of the reference, European Patent Application No. 0 335 528 A2, and the International Search Report are enclosed for the Examiner's convenience.

  Applicants have included the fee of $240.00 under 37 C.F.R. §§ 1.97(c) and 1.17(p). Please charge any additional fees or credit any overpayment to Account No. 19-0743.

SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT
Serial Number: 08/677,695
Filing Date: July 10, 1996
Title:    METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

Page 2
Dkt: 950 001US4

The Examiner is invited to contact Applicants' Representatives at the below-listed telephone number if there are any questions regarding this communication.

Respectfully submitted,

RONALD C. LUNDQUIST ET AL.

By their Representatives,

SCHWEGMAN, LUNDBERG, WOESSNER & KLUTH, P.A.
P.O. Box 2938
Minneapolis, MN 55402
(612) 373-6903

Date  3 Nov 1997          By _____
WDW:jsf                        Warren D. Woessner
                               Reg. No. 30,440

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Assistant Commissioner of Patents, Washington, D.C. 20231 on November 3, 1997.

Frances Esson                    Frances Esson
Name                             Signature

0002566

Sheet 1 of 1

| Form 1449* | Atty. Docket No.: 950.001US4 | Serial No. 08/677,695 |
|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | Applicants: Ronald C. Lundquist et al. | |
| | Filing Date: July 10, 1996 | Group: 1803 |

### U.S. PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Name | Class | Subclass | Filing Date If Appropriate |
|---|---|---|---|---|---|---|
| | 5,145,777 | 09/08/1992 | Goodman et al. | 435 | 172.3 | 10/01/84 |
| | 5,596,131 | 01/21/1997 | Horn et al. | 800 | 205 | 03/08/88 |
| | 5,623,067 | 04/22/1997 | Vanderkerckhove et al. | 536 | 24.1 | 10/20/88 |
| | 5,641,876 | 06/24/1997 | McElroy et al. | 536 | 24.1 | 01/05/90 |

### FOREIGN PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Country | Class | Subclass | Translation Yes | No |
|---|---|---|---|---|---|---|---|
| | 0 335 528 A2 | 10/04/1989 | European | C12N | 15/00 | | |
| | 0 348 348 A2 | 12/27/1989 | European | A01N | 65/00 | | X |
| | 3 738 874 A1 | 11/17/1988 | Germany | A01H | 1/06 | | X |

### OTHER DOCUMENTS
(Including Author, Title, Date, Pertinent Pages, Etc.)

| **Examiner Initial | |
|---|---|
| | International Search Report, PCT/US 97/00978, mailed July 22, 1997 |
| | Vasil, V., et al., "Regeneration of Plants from Embryogenic Suspension Culture Protoplasts of Wheat (*Triticum aestivum* L.)", Bio/Technology, 8, 429-434 (May 1990) |

| Examiner | Date Considered |
|---|---|
| | |

*Substitute Disclosure Statement Form (PTO-1449)

**EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

950 1054

| **Interview Summary** | Application No. 08/677,695 | Applicant(s) Lundquist et al. |
|---|---|---|
| | Examiner Gary Benzion, Ph.D. | Group Art Unit 1803 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Gary Benzion, Ph.D._ _____     (3) _____

(2) _Warren Woessner_ _____     (4) _____

Date of Interview _____ _4 Dec 1997_ _____

Type:  ☐ Telephonic   ☒ Personal (copy is given to   ☐ applicant   ☒ applicant's representative).

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No.  If yes, brief description:
_____
_____

Agreement   ☒ was reached.   ☐ was not reached.

Claim(s) discussed: _____

Identification of prior art discussed:
_None_____
_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_Difference between complete sexual cycle and normal sexual cycle were discussed.  It was agreed, based on support in_
_the specification @page 7 that the term complete is considered broader than normal in this regard._
_____
_Agreement was reached that claims 32-38 had been canceled in a prelimary amendment.  An action based on the_
_remaining issues (Obvious-type double patenting) will be forth coming._
_____
_____
_____
_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached.  Also, where no copy of the amendents which would render the claims allowable is available, a summary thereof must be attached.)

1.  ☒   It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2.  ☐   Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.  Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

GARY BENZION, PH.D.
PRIMARY EXAMINER
ART UNIT 1803

Examiner Note:  You must sign and stamp this form unless it is an attachment to a signed Office action.





**UNITED STATES D    RTMENT OF C**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
            Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/787,885 | 07/10/96 | LUNDQUIST | R | |

# CLIENT COPY

13M2/1209

EXAMINER
BENZION G

SCHWEGMAN LUNDBERG WOESSNER & KLUTH
PO BOX 2938
MINNEAPOLIS MN 55540

| ART UNIT | PAPER NUMBER |
|---|---|
| 1803 | |

DATE MAILED:    12/09/97

DV    MArch 9, 1998
       June 9, 1998

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

Schwegman, Lundberg
Woessner & Kluth, P.A.
DEC 16 1997
RECEIVED

| *Office Action Summary* | Application No.<br>08/677,695 | Applicant(s)<br>Lundquist et al. |
|---|---|---|
| | Examiner<br>Gary Benzion. Ph.D. | Group Art Unit<br>1803 |

☒ Responsive to communication(s) filed on *5 Nov 1992*

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___*three*___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

  ☒ Claim(s) *23-29, 41-45, 48-52, 55-59, and 62-192* _____ is/are pending in the application.

    Of the above, claim(s) *62-192* _____ is/are withdrawn from consideration.

  ☐ Claim(s) _____ is/are allowed.

  ☒ Claim(s) *23-29, 41-45, 48-52, and 55-59* _____ is/are rejected.

  ☐ Claim(s) _____ is/are objected to.

  ☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

  ☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

  ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

  ☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

  ☐ The specification is objected to by the Examiner.

  ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

  ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐None   of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____ .

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

  ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

  ☐ Notice of References Cited, PTO-892

  ☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). *7,15-17*

  ☐ Interview Summary, PTO-413

  ☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

  ☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

### *Status of the Application.*

Claims 1-22, 30-40, 46-48, 53-54 and 60-62 have been canceled and claims 62-192 added.
Claims 23-29, 41-45, 48-52, 55-59 and 62-192 are the only claims pending.

The drawing submitted with this application are objected to under 37 CFR as 1 85 informal but
are considered acceptable for examination purposes.  See attached PTO form 948.

### *Restriction and Election*

In the response to the requirement for restriction applicants note that claims 32-38 were not
assigned to any group in the restriction requirement.  During the onsite interview, conducted 4 December
1997, agreement was reached that claims 32-38 were canceled in the preliminary amendment submitted
on 9 April 1997 as paper No. 9  Accordingly Group I consists of claims 23-29, 41-45, 48-52 and 55-59.

Applicant's election of Group I (claims 23-29, 41-45, 48-52 and 55-59) in Paper No 14 is
acknowledged.  The traversal is on the ground(s) that restrictions are presented as optional procedures
(MPEP § 803) and it is alleged that a search of each designated group can be made without serious
burden on the Office.  This is not found persuasive because while the various groups are related to each
other, they are patentably distinct variants as set forth in the restriction requirement, and Applicant has
not alleged that they are obvious variants.  In addition, each invention is separately useful from the others,
the subject matter of each group is recognized to lie in divergent areas of endeavor, and there exists a
burden of search as each invention is separately classified as each process has a different effect, that is, the
process for producing starch from the transgenic plant is different from said process for extracting oil or
producing an animal feed producing seed or the process of making transgenic plants in which the progeny
contain the DNA of interest and/or comprise an inbred or hybrid.  Attention is directed to MPEP 808 and
808 02

Election for the purpose of examination of the marker gene encoding resistance the *hpt* gene is
acknowledged.

With regard to the assignment of claims 89-132 to Group II to include producing food for human
consumption, it is noted that *Homo sapiens* are members of the animal Kingdom.

This application contains claims 89-192 are drawn to an invention non-elected with traverse in Paper No. 14. A complete response to the final rejection must include cancellation of non-elected claims or other appropriate action (37 CFR 1.144) MPEP 821.01.

Applicant is reminded that upon the cancellation of claims to a non-elected invention, the inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the currently named inventors is no longer an inventor of at least one claim remaining in the application. Any amendment of inventorship must be accompanied by a diligently-filed petition under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(h).

### Basis for Non-statutory Double Patenting (Obvious and Non-Obviousness Type)

The non-statutory double patenting rejection, whether of the obvious-type or non-obviousness type, is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent. *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); *In re Van Ornam*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); and *In re Goodman*, 29 USPQ2d 2010 (Fed. Cir. 1993).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321 (b) and (c) may be used to overcome an actual or provisional rejection based on a non-statutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.78 (d).

Effective January 1, 1994, a registered attorney or agent of record may sign a Terminal Disclaimer. A Terminal Disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

Claims 23-29, 41-45, 48-52 and 55-59 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-10 of U.S. patent No. 5,538,877 and claims 1-18 of U.S. patent No. 5,538,880. Although the conflicting claims are not identical, they are not patentably distinct from each other because the prior US patents are drawn to a method for producing a fertile transgenic *Zea mays* plant comprising the use of DNA-coated microprojectiles in which the plants produced comprise either herbicide resistance or insect resistance. The instant application claims similar steps with the differences as exemplified in claim 23 as drawn to a "normal sexual cycle' vs. a "complete

sexual cycle" and the absence of any limitations as to the characteristic imparted to the plants and progeny
produced therefrom.   With regard to claimed genetic elements, the prior recitation of herbicide or
insecticide resistance genes and the broad claims in the instant application exist in a species/genus
relationship and as such the claimed species would make obvious the expression of other DNA's  In
terms of the limitations to the sexual cycle while the two terms may be interchangeable as used in the
specification (@page 7) that claimed herein is seen as an obvious variant of that in the prior US patents.
With regard to the instant claims drawn to progeny which are introgressed to form inbred and hybrid lines
comprising the transgene, the prior patents claim progeny which is seen to encompass introgressed
material or that produced by the progeny  via crossing to introgress the trait into a new line.  Accordingly
the person having skill in the art would the prior patents and the instant application as claiming a single
inventive concept and thus one invention

*35 U.S.C.§ 112*

Claims 3-29, 41-45, 48-52 and 55-59 are rejected under 35 U.S.C.§ 112, first paragraph, first
paragraph, because the specification, while being enabling for the expression of the selectable or
screenable marker genes as exemplified by the *hpt* gene of bacterial origin and the reporter gene as
exemplified by the use of luciferase but does not reasonably provide enablement for the expression of
known genetic elements *per se* in the absence of the demonstration that the prior art clearly teach that the
technology necessary to express said genetic elements was known and available to those of skill in the art.
The specification does not enable any person skilled in the art to which it pertains, or with which it is
most nearly connected, to make and use the invention commensurate in scope with these claims.

The specification teaches the process for the production of maize cells and plants in which DNA
coated on microprojectiles is used to transformed intact regenerable *Zea mays* cells to produce fertile
transgenic plants that comprise selected transgenes and progeny therefrom.  Exemplified are the
expression of the non-maize selectable or screenable marker genes: hygromycin β phosphotransferase and
β-glucuronidase, of bacterial origin, and the insect gene luciferase in maize cells[1].  At page 11, a table

---

[1] Support, for example, is noted as follows:

The plasmids pBII221 and pHYGI1 described in Example I were used as
well as pMS533 which is a plasmid that contains the insecticidal

comprising a list of genes and gene elements, taken from Weising et al., provides evidence and sufficient

enablement to the person having skill in the art that said genes and gene elements were previously known

and isolated but fails to evidence or enable that each of the recited structures are expressible or useable in

a transgenic maize plant, progeny therefrom, or for the production of inbred and hybrid lines via

conventional gene transfer from said transgenic plants or progeny. Reason to doubt the objective

enablement is amply provided by the prior art known at the time of filing. For example, the bacterial *dap*

*A* gene of *Escherichia coli* was known and available at the time of filing of the instant application and

would be encompassed within the limitations of the claimed process as it is listed as a lysine rich

component in the instant specification. Accordingly to Gegenbach et al. (of record) expression of *dap A* is

dependent on linkage to a amino terminal chloroplast transit peptide and yet the specification is silent as

Bacillus thuringiensis endotoxin (BT) gene fused in frame with the
neomycin phosphotransferase (NPTII) gene. 5' of the fusion gene are
located segments of DNA from the CaMV 35S and nopaline synthase
promoters. 3' from the fusion gene are segments of DNA derived from the
tomato protease inhibitor I gene and the poly A region of the nopaline
synthase gene.

Suitable heterologous DNA for use herein includes all DNA which will
provide for, or enhance, a beneficial feature of the resultant
transgenic corn plant. For example, the DNA may encode proteins or
antisense RNA transcripts in order to promote increased food values,
higher yields, pest resistance, disease resistance, and the like. For
example, a bacterial dap A gene for increased lysine; Bt-endotoxin gene
or protease inhibitor for insect resistance; bacterial ESPS synthase for
resistance to glyphosate herbicide; chitinase or glucan
endo-1,3-B-glucosidase for fungicidal properties. Also, the DNA may be
introduced to act as a genetic tool to generate mutants and/or assist in
the identification, genetic tagging, or isolation of segments of corn
DNA. Additional examples may be found in Weising, supra. A preferred
selectable marker gene is the hygromycin B phosphotransferase (HPT) coding sequence,
which may be derived from E. coli. Other selectable markers known in the
art include aminoglycoside phosphotransferase gene of transposon Tn5 (AphII) which encodes
resistance to the antibiotics kanamycin, neomycin, and G418, as well as
those genes which code for resistance or tolerance to glyphosate,
methotrexate, imidazolinones, sulfonylureas, bromoxynil, dalapon, and
the like. Those selectable marker genes which confer herbicide
resistance or tolerance are also of commercial utility in the resulting
transformed plants.

to the use of this genetic element *per se* or in regards to *dap A*. Thus the specification would lead the person having skill in the art to conclude that a transit peptide was not need for this construct to properly function in maize plant. Thus the specification provides little more that the germ of an idea to place genetic elements into maize in the absence of a reasonable expectation that said action would be universally successful. In this regard the **Court** in *Brenner v. Manson* , 383 U.S. 519, 536, 148 USPQ 689, 696 (1966) noted: Tossing out the mere germ of an idea does not constitute enabling disclosure. While every aspect of a generic claim certainly need not have been carried out by an inventor, or exemplified in the specification, reasonable detail must be provided in order to enable members of the public to understand and carry out the invention. Similarly, in *Hybritech, Inc. v. Monoclonal Antibodies, Inc* . 231 USPQ 81, 94 (Fed. Cir. 1986) the **Court** stated that reasonable detail must be provided in order to enable the public to understand and to carry out the invention. The specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without undue experimentation. *In re Wright* ((999 F.2d 1557, 1561, 27 USPQ2d 1510, 1513 (Fed. Cir. 1993)). Furthermore the scope of the claims must bear a reasonable correlation to the scope of enablement provided by the specification to persons of ordinary skill in the art. *In re Wands* ((858 F.2d 731, 735, 736-37, 8 USPQ2d 1400, 1402, 1404 (Fed. Cir. 1988)).

### *Prior Art*

        The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this
> title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a
> whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said
> subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

        This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. 103, the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary. Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of potential 35 U.S.C. 102(f) or (g) prior art under 35 U.S.C. 103.

Claims 23-29, 41-45, 48-52 and 55-59 rejected under 35 U.S.C § 103 as being unpatentable over Sanford in view of Klein et al., Armstrong et al., Adang et al., DeBlock et al. and Poehlman

Sanford (pages 206-209) disclose the method of BIOLISTICS® to transfer DNA into plants. Sanford details the work of Wang et al., he stated:

> Wang et al. have used the blue-cell assay to demonstrate delivery into soybeans, rice, wheat as well as corn. The assay was used to optimize biolistic parameters so that stable transformants and whole transformed plants of tobacco can now be routinely recovered. The biolistic process seems to work on nearly all plant tissue and plant species we have tested: we have seen blue cells in embryos, hypocotyls, cotyledons, leaf disks, callus and cell suspensions and in tobacco, petunia, soybean, pea, *Arabidopsis*, sunflower, onion, corn, rice and wheat.

Additionally Klein et al. (Biotechnology, pages 559-563) reveal the factors influencing gene delivery into maize suspension cells and scutellum tissue via the use of high-velocity microprojectile acceleration. These authors teach the application of the process to the surface of explanted maize embryos in which the GUS reporter/marker gene is expressed. In particular, at page 562, right column of the penultimate paragraph, stable transformation of maize callus via the disclosed technique is evident. Thus, Sanford and Klein et al. are seen to clearly teach the application of the method of bombarding maize scutellum and/or suspension cells to transform them. Armstrong et al. (pages 207-214) disclose the regeneration of maize from friable embryogenic callus of both type I and type II tissue cultures of both inbred and hybrid cultures. These authors demonstrate that maize tissue culture is capable of producing an abundance of fertile plants and seed therefrom in which only 4 out of 111 regenerated plants demonstrated abnormalities. The explant tissue used by Armstrong et al., immature-zygotic embryos, produced the totipotent regenerable maize cells and totipotent embryogenic cells from the scutellum. Poehlman (pages 203-206) disclose that "backcross" breeding is a form of recurrent selection by which a gene for superior characteristic may be added to an other wise desirable variety. At page 205 (FIG.10.6 ) is disclosed the process in which a recessive gene is placed into another variety. In terms of claims directed to herbicide and insect resistance Adang et al. (5,380,381) is cited to teach the obtention of synthetic *Bacillus thuringiensis Bt* endotoxin and teach its modification for expression in plants (for example see claim 11) and disclose it usefulness in that endeavor for the production of plants which comprise insect resistance due to the addition of the transgenic element. De Block et al. is cited the *bar* gene as useful as a herbicide resistance gene (PPT resistance) and evidence its use in the successful transgenic expressed in plants and stably inherited to their progeny in plants other that monocots.

Accordingly it method of Sanford and Klein et al. to transform maize tissue previously demonstrated in the art to be totipotent as the tissue would function as was demonstrated in the past -- to produce via a process of regeneration -- fertile plants as taught by Armstrong et al. and the introduction of genetic elements which condition insect resistance as taught by Adang et al. and the method of crossing said transgenic maize to other inbred line followed by further backcrossing to recover maize lines comprising the gene of interest were all well known in the art as taught by Poehlman. Thus, the claimed invention as a whole was clearly *prima facie* obvious in view of the a preponderance of the evidence.

### Summary

No claim is allowed.

Any inquiry concerning this or earlier communication from the examiner should be directed to **Gary Benzion, Ph.D.** whose telephone number is **(703) 308-1119**. The examiner can normally be reached on **Monday-Friday from 8 AM to 4:30 PM**. If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, **Douglas W. Robinson** can be reached on **(703)-308-2897**. Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 308-0196.

Papers related to this application may be submitted to Group 1800 by facsimile transmission. Papers should be faxed to Group 1800 via the PTO Fax Center located in Crystal Mall 1. The faxing of such papers must conform with the notice published in the Official Gazette, 1096 OG 30 (November 15, 1989)

Benzion
12/05/97

**GARY BENZION, Ph.D.**
**PRIMARY EXAMINER**
**GROUP ART UNIT 1803**

| *Notice of References Cited* | Application No.<br>08/677,695 | Applicant(s)<br>Lundquist et al. | |
|---|---|---|---|
| | Examiner<br>Gary Benzion, Ph.D. | Group Art Unit<br>1803 | Page 1 of 1 |

## U.S. PATENT DOCUMENTS

| | DOCUMENT NO | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 5,380,831 | 1/10/95 | Adang et al. | 536 | 23.71 |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

## FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

## NON-PATENT DOCUMENTS

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | Poehlman "Breeding Field Crops, AVI, pp 203-206 | 1987 |
| V | | |
| W | | |
| X | | |

Form PTO 948 (Rev. 10-94)       U.S. DEPARTMENT OF COMMERCE - Patent and Trademark Office     Application No. ☐ 7 7 ☐ 95

# NOTICE OF DRAFTSPERSON'S PATENT DRAWING REVIEW

PTO Draftpersons review all originally filed drawings regardless of whether they are designated as formal or informal. Additionally, patent Examiners will review the drawings for compliance with the regulations. Direct telephone inquiries concerning this review to the Drawing Review Branch, 703-305-8404.

The drawings filed (insert date) 7 — 15 - 96 , are
A _____ not objected to by the Draftsperson under 37 CFR 1.84 or 1.152.
B ✓ objected to by the Draftsperson under 37 CFR 1.84 or 1.152 as indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawings must be submitted according to the instructions on the back of this Notice.

1. DRAWINGS  37 CFR 1.84(a): Acceptable categories of drawings:
   Black ink. Color
   ___ Not black solid lines  Fig(s)_____
   ___ Color drawings are not acceptable until petition is granted
   Fig(s)_____
2. PHOTOGRAPHS  37 CFR 1.84(b)
   ✓ Photographs are not acceptable until petition is granted
   Fig(s) 3 – 6
   ✓ Photographs not properly mounted (must use brysto) board or photographic double-weight paper). Fig(s) 3 – 6
   ✓ Poor quality (half-tone). Fig(s) 3 - 6
3. GRAPHIC FORMS. 37 CFR 1.84 (d)
   ___ Chemical or mathematical formula not labeled as separate figure. Fig(s)_____
   ___ Group of waveforms not presented as a single figure, using common vertical axis with time extending along horizontal axis. Fig(s)_____
   ___ Individuals waveform not identified with a separate letter designation adjacent to the vertical axis. Fig(s)_____
4. TYPE OF PAPER. 37 CFR 1.84(e)
   ___ Paper not flexible, strong, white, smooth, nonshiny, and durable. Sheet(s)_____
   ✓ Erasures, alterations, overwritings, interlineations, cracks, creases, and folds copy machine marks not accepted. Fig(s) 1 – 6
   ___ Mylar, velum paper is not acceptable (too thin). Fig(s)_____
5. SIZE OF PAPER. 37 CFR 1.84(f): Acceptable sizes:
   21.6 cm. by 35.6 cm. (8 1/2 by 14 inches)
   21.6 cm. by 33.1 cm. (8 1/2 by 13 inches)
   21.6 cm. by 27.9 cm. (8 1/2 by 11 inches)
   21.0 cm. by 29.7 cm. (DIN size A4)
   ___ All drawing sheets not the same size. Sheet(s)_____

___ View and enlarged view not labled separately or properly
Fig(s)_____
___ Sectional views 37 CFR 1.84 (h) 3
___ Hatching not indicated for sectional portions of an object Fig(s)_____
___ Cross section not drawn same as view with parts in cross section with regularly spaced parallel oblique strokes. Fig(s)_____
8. ARRANGEMENT OF VIEWS  37 CFR 1.84(i)
   ___ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned so that the top becomes the right side, except for graphs. Fig(s)_____
9. SCALE. 37 CFR 1.84(k)
   ___ Scale not large enough to show mechanism with crowding when drawing is reduced in size to two-thirds in reproduction. Fig(s)_____
   ___ Indication such as "actual size" or scale 1/2" not permitted. Fig(s)_____
10. CHARACTER OF LINES, NUMBERS, & LETTERS. 37 CFR 1.84(l)
    ✓ Lines, numbers & letters not uniformly thick and well defined, clean, durable, and black (except for color drawings). Fig(s) 3 – 5
11. SHADING. 37 CFR 1.84(m)
    ___ Solid black shading areas not permitted. Fig(s)_____
    ___ Shade lines, pale, rough and blurred. Fig(s)_____
12. NUMBERS, LETTERS, & REFERENCE CHARACTERS. 37 CFR 1.84(p)
    ✓ Numbers and reference characters not plain and legible. 37 CFR 1.84(p)(1) Fig(s) 1 – 5
    ___ Numbers and reference characters not oriented in same direction as the view. 37 CFR 1.84(p)(1) Fig(s)_____
    ___ English alphabet not used. 37 CFR 1.84(p)(2) Fig(s)_____
    ___ Numbers, letters, and reference characters do not measure at least .32 cm. (1/8 inch) in height. 37 CFR(p)(3) Fig(s)_____

0002579

S/N 08/677,695                                                          PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:   Ronald C. Lundquist et al.              Examiner: G. Benzion

Serial No.:   08/677,695                              Group Art Unit: 1803

Filed:        July 10, 1996                           Docket: 950.001US4

Title:        METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

## SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

Assistant Commissioner for Patents
Washington, D.C. 20231

In compliance with the duty imposed by 37 C.F.R. § 1.56, and in accordance with 37 C.F.R. §§ 1.97 *et. seq.*, the enclosed materials are brought to the attention of the Examiner for consideration in connection with the above-identified patent application. Applicants respectfully request that this Supplemental Information Disclosure Statement be entered and the documents listed on the attached Form 1449 be considered by the Examiner and made of record. Pursuant to the provisions of MPEP 609, Applicants further request that a copy of the 1449 form, initialled by the Examiner to indicate that all listed citations have been considered, be returned with the next official communication.

Applicants have included the fee of $240.00 under 37 C.F.R. §§ 1.97(c) and 1.17(p). Please charge any additional fees or credit any overpayment to Account No. 19-0743.

SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT
Serial Number: 08/677,695
Filing Date: July 10, 1996
Title:     METHOD FOR PREPARING FERTILE TRANSGENIC CORN PLANTS

The Examiner is invited to contact Applicants' Representatives at the below-listed telephone number if there are any questions regarding this communication.

Respectfully submitted,

RONALD C. LUNDQUIST ET AL.

By their Representatives,

SCHWEGMAN, LUNDBERG, WOESSNER & KLUTH, P.A.
P.O. Box 2938
Minneapolis, MN  55402
(612) 373-6903

Date _____21  Jan  1998___ By _____WDWitea_____

WDW:jsf                                Warren D. Woessner
                                       Reg. No. 30,440

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Assistant Commissioner of Patents, Washington, D.C. 20231 on January 21, 1998.

____JONATHAN FERGUSON_____          _____
Name                                 Signature

0002581

Sheet 1 of 1

| Form 1449* | Atty. Docket No.: 950.001US4 | Serial No. 08/677,695 |
| --- | --- | --- |
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | Applicants: Ronald C. Lundquist et al. | |
| | Filing Date: July 10, 1996 | Group: 1803 |

### U.S. PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Name | Class | Subclass | Filing Date If Appropriate |
| --- | --- | --- | --- | --- | --- | --- |
| | 5,187,073 | 02/16/1993 | Goldman et al. | 435 | 172.3 | 06/30/86 |
| | 5,436,393 | 07/25/1995 | Rocha-Sosa et al. | 800 | 205 | 12/21/89 |
| | 5,508,468 | 04/16/1996 | Lundquist et al. | 800 | 205 | 01/22/90 |

### FOREIGN PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Country | Class | Subclass | Translation Yes \| No |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | | | |

### OTHER DOCUMENTS
(Including Author, Title, Date, Pertinent Pages, Etc.)

| **Examiner Initial | |
| --- | --- |
| | Andrews, D.L., et al., "Characterization of the Lipid Acyl Hydrolase Activity of the Major Potato (*Solanum tuberosum*) Tuber Protein, Patatin, by Cloning and Abundant Expression in a Baculovirus Vector", Biochem. J., 252, 199–206 (1988) |
| | Fromm, M.E., et al., "Inheritance and Expression of Chimeric Genes in the Progeny of Transgenic Maize Plants", Bio/Technology, 8, 833–839 (1990) |
| | Jaynes, J.M., et al., "Plant Protein Improvement by Genetic Engineering: Use of Synthetic Genes", Trends in Biotechnology, 4, 314–320 (Dec. 1986) |
| | Messing, J., "Corn Storage Protein: A Molecular Genetic Model", Division of Energy Biosciences–Summaries of FY 1990 Activities, pg. 70, Abstract No. 135 (1990) |

| Examiner | Date Considered |
| --- | --- |
| | |

*Substitute Disclosure Statement Form (PTO-1449)

**EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

950.001U54

# CLIENT COPY



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO.95 | FILING DATE / 96 | LUNDBERG FIRST NAMED INVENTOR | R | ATTORNEY DOCKET NO. 1 |
|---|---|---|---|---|

HM21/0324

```
┌                                                  ┐
  SCHWEGMAN LUNDBERG WOESSNER & KLUTH
  PO BOX 2938
  MINNEAPOLIS MN 55540
└                                                  ┘
```

| BENZ I EXAMINER |
|---|

| ART UNIT | PAPER NUMBER |
|---|---|

03/24/98

DATE MAILED:

D✓ June 24, 199
   Sept. 24, 199

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademark

Schwegman, Lundberg,
Woessner & Kluth, P.A.

MAR 3 1 1998

RECEIVED

0002583

| *Interview Summary* | Application No.<br>08/677,695 | Applicant(s)<br>Lundquist et al. |
|---|---|---|
| | Examiner<br>Gary Benzion, Ph.D. | Group Art Unit<br>1649 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Gary Benzion, Ph.D._                    (3) _____

(2) _David Provence (for Warren Woessner)_   (4) _____

Date of Interview _____ _17 Mar 1998_ _____

Type:  ☒ Telephonic  ☐ Personal (copy is given to  ☐ applicant  ☐ applicant's representative).

Exhibit shown or demonstration conducted:  ☐ Yes  ☒ No.  If yes, brief description:

_____

_____

Agreement  ☐ was reached.  ☐ was not reached.

Claim(s) discussed: _____

Identification of prior art discussed:

_____

_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_Discussed the absence of claims 68-74 in the previous Office action.  New action will be sent.  The clock will be_
_restarted._

_____

_____

_____

_____

_____

_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached.  Also, where no copy of the amendents which would render the claims allowable is available, a summary thereof must be attached.)

1.  ☒  It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the naragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2.  ☐  Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.  Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

0002584

Examiner Note:  You must sign and stamp this form unless it is an attachment to a signed Office action.

| *Office Action Summary* | Application No. 08/677,695 | Applicant(s) Lundquist et al. |
|---|---|---|
| | Examiner Gary Benzion, Ph.D. | Group Art Unit 1649 |

☐ Responsive to communication(s) filed on _____.

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___*three*___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

Disposition of Claims

    ☒ Claim(s) *23-29, 41-45, 48-52, and 62-192* _____ is/are pending in the application.

        Of the above, claim(s) *75-192* _____ is/are withdrawn from consideration.

    ☐ Claim(s) _____ is/are allowed.

    ☒ Claim(s) *23-29, 41-45, 48-52, and 68-74* _____ is/are rejected.

    ☐ Claim(s) _____ is/are objected to.

    ☒ Claims *23-29, 41-45, 48-52, and 62-192* _____ are subject to restriction or election requirement.

Application Papers

    ☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

    ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

    ☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

    ☐ The specification is objected to by the Examiner.

    ☐ The oath or declaration is objected to by the Examiner.

Priority under 35 U.S.C. § 119

    ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

        ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

          ☐ received.

          ☐ received in Application No. (Series Code/Serial Number) _____.

          ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

        *Certified copies not received: _____

    ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

Attachment(s)

    ☒ Notice of References Cited, PTO-892

    ☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___*20*___

    ☐ Interview Summary, PTO-413

    ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

    ☐ Notice of Informal Patent Application, PTO-152

0002585

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

Serial No. 08/677,695
Art Unit 1649

## Status of the Application.

Effective February 7, 1998, the Group and Art Unit location of your application in the PTO has changed. To aid in correlating any papers for this application, all further correspondence regarding this application should be directed to Group Art Unit 1649.

In the telephonic interview on 3/17/98, applicants' representative questioned the absence of claims 68-74, as elected in paper No.14, from the Office Action mailed 9 December 1997. Although it appears that it was applicants, intention to cancel these claim, based on the onsite interview of 4 December 1997, the election was proper and its oversight regrettable. Accordingly the previous Office Action is <u>withdrawn</u> and the instant action substituted in its place. Applicants shortened statutory period is restarted with the mail date of this action.

Claims 1-22, 30-40, 46-48, 53-54 and 60-62 have been canceled and claims 62-192 added. Claims 23-29, 41-45, 48-52, 55-59 and 62-192 are the only claims pending.

The drawing submitted with this application are objected to under 37 CFR as 1.85 informal but are considered acceptable for examination purposes. See attached PTO form 948.

## Restriction and Election

In the response to the requirement for restriction applicants note that claims 32-38 were not assigned to any group in the restriction requirement. During the onsite interview, conducted 4 December 1997, agreement was reached that claims 32-38 were canceled in the preliminary amendment submitted on 9 April 1997 as paper No. 9. Accordingly Group I consists of claims 23-29, 41-45, 48-52 and 55-59.

Applicant's election of Group I (claims 23-29, 41-45, 48-52 and 55-59) in Paper No. 14 is acknowledged. The traversal is on the ground(s) that restrictions are presented as optional procedures (MPEP § 803) and it is alleged that a search of each designated group can be made without serious burden on the Office. This is not found persuasive because while the various groups are related to each other, they are patentably distinct variants as set forth in the restriction requirement, and Applicant has not alleged that they are obvious variants. In addition, each invention is separately useful from the others, the subject matter of each group is recognized to lie in divergent areas of endeavor, and there exists a burden of search as each invention is separately classified as each process has a different effect, that is, the

process for producing starch from the transgenic plant is different from said process for extracting oil or producing an animal feed producing seed or the process of making transgenic plants in which the progeny contain the DNA of interest and/or comprise an inbred or hybrid. Attention is directed to MPEP 808 and 808.02.

Election for the purpose of examination of the marker gene encoding resistance the *hpt* gene is acknowledged.

With regard to the assignment of claims 89-132 to Group II to include producing food for human consumption, it is noted that *Homo sapiens* are members of the animal Kingdom.

This application contains claims 89-192 are drawn to an invention non-elected with traverse in Paper No. 14. A complete response to the final rejection must include cancellation of non-elected claims or other appropriate action (37 CFR 1.144) MPEP 821.01.

Applicant is reminded that upon the cancellation of claims to a non-elected invention, the inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the currently named inventors is no longer an inventor of at least one claim remaining in the application. Any amendment of inventorship must be accompanied by a diligently-filed petition under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(h).

### Basis for Non-statutory Double Patenting (Obvious and Non-Obviousness Type)

The non-statutory double patenting rejection, whether of the obvious-type or non-obviousness type, is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent. *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); *In re Van Ornam*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); and *In re Goodman*, 29 USPQ2d 2010 (Fed. Cir. 1993).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321 (b) and (c) may be used to overcome an actual or provisional rejection based on a non-statutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.78 (d).

Serial No. 08/677,695
Art Unit 1649

Effective January 1, 1994, a registered attorney or agent of record may sign a Terminal Disclaimer. A Terminal Disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

Claims 23-29, 41-45, 48-52 and 55-59 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-10 of U.S. patent No. 5,538,877 and claims 1-18 of U.S. patent No. 5,538,880 Although the conflicting claims are not identical, they are not patentably distinct from each other because the prior US patents are drawn to a method for producing a fertile transgenic *Zea mays* plant comprising the use of DNA-coated microprojectiles in which the plants produced comprise either herbicide resistance or insect resistance. The instant application claims similar steps with the differences as exemplified in claim 23 as drawn to a "normal sexual cycle' vs. a "complete sexual cycle" and the absence of any limitations as to the characteristic imparted to the plants and progeny produced therefrom. With regard to claimed genetic elements, the prior recitation of herbicide or insecticide resistance genes and the broad claims in the instant application exist in a species/genus relationship and as such the claimed species would make obvious the expression of other DNA's. In terms of the limitations to the sexual cycle while the two terms may be interchangeable as used in the specification (@page 7) that claimed herein is seen as an obvious variant of that in the prior US patents. With regard to the instant claims drawn to progeny which are introgressed to form inbred and hybrid lines comprising the transgene, the prior patents claim progeny which is seen to encompass introgressed material or that produced by the progeny via crossing to introgress the trait into a new line. Accordingly the person having skill in the art would the prior patents and the instant application as claiming a single inventive concept and thus one invention.

—                              *35 U.S.C.§ 112*

Claims 3-29, 41-45, 48-52 and 55-59 are rejected under 35 U.S.C.§ 112, first paragraph, first paragraph, because the specification, while being enabling for the expression of the selectable or screenable marker genes as exemplified by the *hpt* gene of bacterial origin and the reporter gene as exemplified by the use of luciferase but does not reasonably provide enablement for the expression of known genetic elements *per se* in the absence of the demonstration that the prior art clearly teach that the technology necessary to express said genetic elements was known and available to those of skill in the art. The specification does not enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the invention commensurate in scope with these claims.

Serial No. 08/677,695
Art Unit 1649

      The specification teaches the process for the production of maize cells and plants in which DNA coated on microprojectiles is used to transformed intact regenerable *Zea mays* cells to produce fertile transgenic plants that comprise selected transgenes and progeny therefrom. Exemplified are the expression of the non-maize selectable or screenable marker genes: hygromycin β phosphotransferase and β-glucuronidase, of bacterial origin, and the insect gene luciferase in maize cells[1]. At page 11, a table comprising a list of genes and gene elements, taken from Weising et al., provides evidence and sufficient enablement to the person having skill in the art that said genes and gene elements were previously known

---

[1] Support, for example, is noted as follows:

The plasmids pBII221 and pHYGI1 described in Example I were used as well as pMS533 which is a plasmid that contains the insecticidal Bacillus thuringiensis endotoxin (BT) gene fused in frame with the neomycin phosphotransferase (NPTII) gene. 5' of the fusion gene are located segments of DNA from the CaMV 35S and nopaline synthase promoters. 3' from the fusion gene are segments of DNA derived from the tomato protease inhibitor I gene and the poly A region of the nopaline synthase gene.

Suitable heterologous DNA for use herein includes all DNA which will provide for, or enhance, a beneficial feature of the resultant transgenic corn plant. For example, the DNA may encode proteins or antisense RNA transcripts in order to promote increased food values, higher yields, pest resistance, disease resistance, and the like. For example, a bacterial dap A gene for increased lysine; Bt-endotoxin gene or protease inhibitor for insect resistance; bacterial ESPS synthase for resistance to glyphosate herbicide; chitinase or glucan endo-1,3-B-glucosidase for fungicidal properties. Also, the DNA may be introduced to act as a genetic tool to generate mutants and/or assist in the identification, genetic tagging, or isolation of segments of corn DNA. Additional examples may be found in Weising, supra. A preferred selectable marker gene is the hygromycin B phosphotransferase (HPT) coding sequence, which may be derived from E. coli. Other selectable markers known in the art include aminoglycoside phosphotransferase gene of transposon Tn5 (AphII) which encodes resistance to the antibiotics kanamycin, neomycin, and G418, as well as those genes which code for resistance or tolerance to glyphosate, methotrexate, imidazolinones, sulfonylureas, bromoxynil, dalapon, and the like. Those selectable marker genes which confer herbicide resistance or tolerance are also of commercial utility in the resulting transformed plants.

and isolated but fails to evidence or enable that each of the recited structures are expressible or useable in a transgenic maize plant, progeny therefrom, or for the production of inbred and hybrid lines via conventional gene transfer from said transgenic plants or progeny. Reason to doubt the objective enablement is amply provided by the prior art known at the time of filing. For example, the bacterial *dap A* gene of *Escherichia coli* was known and available at the time of filing of the instant application and would be encompassed within the limitations of the claimed process as it is listed as a lysine rich component in the instant specification. Accordingly to Gegenbach et al. (of record) expression of *dap A* is dependent on linkage to a amino terminal chloroplast transit peptide and yet the specification is silent as to the use of this genetic element *per se* or in regards to *dap A*. Thus the specification would lead the person having skill in the art to conclude that a transit peptide was not need for this construct to properly function in maize plant. Thus the specification provides little more that the germ of an idea to place genetic elements into maize in the absence of a reasonable expectation that said action would be universally successful. In this regard the **Court** in *Brenner v. Manson*, 383 U.S. 519, 536, 148 USPQ 689, 696 (1966) noted: Tossing out the mere germ of an idea does not constitute enabling disclosure. While every aspect of a generic claim certainly need not have been carried out by an inventor, or exemplified in the specification, reasonable detail must be provided in order to enable members of the public to understand and carry out the invention. Similarly, in *Hybritech, Inc. v. Monoclonal Antibodies, Inc.*, 231 USPQ 81, 94 (Fed. Cir. 1986) the **Court** stated that reasonable detail must be provided in order to enable the public to understand and to carry out the invention. The specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without undue experimentation. *In re Wright* ((999 F.2d 1557, 1561, 27 USPQ2d 1510, 1513 (Fed. Cir. 1993)). Furthermore the scope of the claims must bear a reasonable correlation to the scope of enablement provided by the specification to persons of ordinary skill in the art. *In re Wands* ((858 F.2d 731, 735, 736-37, 8 USPQ2d 1400, 1402, 1404 (Fed. Cir. 1988)).

## Prior Art

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Serial No. 08/677,695
Art Unit 1649

This application currently names joint inventors. In considering patentability of the claims under
35 U.S.C. 103, the examiner presumes that the subject matter of the various claims was commonly owned
at the time any inventions covered therein were made absent any evidence to the contrary. Applicant is
advised of the obligation under 37 CFR 1.56 to point out the inventor and invention dates of each claim
that was not commonly owned at the time a later invention was made in order for the examiner to
consider the applicability of potential 35 U.S.C. 102(f) or (g) prior art under 35 U.S.C. 103.

Claims 23-29, 41-45, 48-52 and 55-59 rejected under 35 U.S.C § 103 as being unpatentable over
Sanford in view of Klein et al., Armstrong et al., Adang et al., DeBlock et al. and Poehlman

Sanford (pages 206-209) disclose the method of BIOLISTICS® to transfer DNA into plants.
Sanford details the work of Wang et al., he stated:

> Wang et al. have used the blue-cell assay to demonstrate delivery into soybeans, rice, wheat as
> well as corn. The assay was used to optimize biolistic parameters so that stable transformants
> and whole transformed plants of tobacco can now be routinely recovered. The biolistic process
> seems to work on nearly all plant tissue and plant species we have tested: we have seen blue cells
> in embryos, hypocotyls, cotyledons, leaf disks, callus and cell suspensions and in tobacco,
> petunia, soybean, pea, *Arabidopsis*, sunflower, onion, corn, rice and wheat.

Additionally Klein et al. (Biotechnology, pages 559-563) reveal the factors influencing gene
delivery into maize suspension cells and scutellum tissue via the use of high-velocity microprojectile
acceleration. These authors teach the application of the process to the surface of explanted maize embryos
in which the GUS reporter/marker gene is expressed. In particular, at page 562, right column of the
penultimate paragraph, stable transformation of maize callus via the disclosed technique is evident. Thus,
Sanford and Klein et al. are seen to clearly teach the application of the method of bombarding maize
scutellum and/or suspension cells to transform them. Armstrong et al. (pages 207-214) disclose the
regeneration of maize from friable embryogenic callus of both type I and type II tissue cultures of both
inbred and hybrid cultures. These authors demonstrate that maize tissue culture is capable of producing
an abundance of fertile plants and seed therefrom in which only 4 out of 111 regenerated plants
demonstrated abnormalities. The explant tissue used by Armstrong et al., immature-zygotic embryos,
produced the totipotent regenerable maize cells and totipotent embryogenic cells from the scutellum.
Poehlman (pages 203-206) disclose that "backcross" breeding is a form of recurrent selection by which a
gene for superior characteristic may be added to an other wise desirable variety. At page 205 (FIG.10.6.)
is disclosed the process in which a recessive gene is placed into another variety. In terms of claims

Serial No. 08/677,695
Art Unit 1649

directed to herbicide and insect resistance Adang et al. (5,380,381) is cited to teach the obtention of synthetic *Bacillus thuringiensis Bt* endotoxin and teach its modification for expression in plants (for example see claim 11) and disclose it usefulness in that endeavor for the production of plants which comprise insect resistance due to the addition of the transgenic element. De Block et al. is cited  the *bar* gene as useful as a herbicide resistance gene (PPT resistance) and evidence its use in the successful transgenic expressed in plants and stably inherited to their progeny in plants other that monocots.

Accordingly it method of Sanford and Klein et al. to transform maize tissue previously demonstrated in the art to be totipotent as the tissue would function as was demonstrated in the past – to produce via a process of regeneration – fertile plants as taught by Armstrong et al. and the introduction of genetic elements which condition insect resistance as taught by Adang et al. and the method of crossing said transgenic maize to other inbred line followed by further backcrossing to recover maize lines comprising the gene of interest were all well known in the art as taught by Poehlman. Thus, the claimed invention as a whole was clearly *prima facie* obvious in view of the a preponderance of the evidence.

Claims 68-74 are rejected under 35 U.S.C § 103 as being unpatentable over Sanford in view of Klein et al., Armstrong et al., Adang et al., DeBlock et al. and Poehlman as applied to claims 23-29, 41-45, 48-52 and 55-59 above, and further in view of Murray et al. (US Patent # 5,371,003, of record) and Fillatti et al. (US Patent # 5,565,347.)

The prior art disclose the detection and isolation of transgenic plants via the mechanism of antibiotic selection. The method employed, such as biotic transformation, e.g., *Agrobacterium* -mediated; or abiotic transformation, e.g., electrical pulse; and the response of dicotylendous or monocotyledonous tissue was demonstrated to be irrelevant to the use of the group of antibiotics *per se*. In this regard Murray et al. is cited to disclose a method for the introduction of DNA into plant material using an abiotic system of transformation in which selection of transgenic cells and plants is based on the detection of the expression of antibiotic resistance markers. Murray et al. state:

> In a preferred embodiment, the plant material is transformed by a selectable marker gene so that transformed material can be isolated. Examples of such marker genes are, for example, antibiotic resistance genes which encode for resistance to such antibiotics as kanamycin, hygromycin, neomycin and chloramphenicol; ...

Serial No. 08/677,695                                                    9 of 9
Art Unit 1649

Fillatti et al. disclose a method to obtain transgenic plants employing a biotic method of transformation in which the selection of the transgenic organism is similarly based on the detection of the expression of antibiotic resistance markers. Fillatti et al. state:

> The cells may be grown onto callus in a selective medium, which medium may contain a biocide, e.g., an antibiotic such as G418, hygromycin, bleomycin, etc., depending upon the particular marker included in the construct to provide for resistance. The concentration of the biocide will vary in accordance with plant cell susceptability. Where no marker is used or the expression of the marker gene proves inadequate for selection, transformed cells may be detected by Southern, Northern, or Western blots for detecting nucleic acid sequences and proteins.

Accordingly, the prior art provides a preponderance of evidence to establish that the method of employing antibiotic selection for transformed tissue was well known in the art at the time the invention was made. Thus, the claimed invention as a whole was clearly *prima facie* obvious in view of the a preponderance of the evidence.

### *Summary*

Any inquiry concerning this or earlier communication from the examiner should be directed to **Gary Benzion, Ph.D.** whose telephone number is **(703) 308-1119**. The examiner can normally be reached on **Monday-Friday from 8 AM to 4:30 PM**. If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, **Douglas W. Robinson** can be reached on **(703)-308-2897**. Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 308-0196.

Papers related to this application may be submitted to Group 1600 by facsimile transmission. Papers should be faxed to Group 1600 via the PTO Fax Center located in Crystal Mall 1. The faxing of such papers must conform with the notice published in the Official Gazette, 1096 OG 30 (November 15, 1989).

Benzion
03/18/98

**GARY BENZION, Ph.D.**
**PRIMARY EXAMINER**
**GROUP ART UNIT 1649**

| *Notice of References Cited* | Application No. 08/677,695 | | Applicant(s) Lundquist et al. | |
|---|---|---|---|---|
| | Examiner Gary Benzion, Ph.D. | | Group Art Unit 1649 | Page 1 of 1 |

## U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 5,565,347 | 10/15/96 | Fillatti et al. | 435 | 172.3 |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

## FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

## NON-PATENT DOCUMENTS

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

0002594

U. S. Patent and Trademark Office
PTO-892 (Rev. 9-95)

Notice of References Cited

Part of Paper No.    22



01/26/98

| | |
|---|---|
| Atty. Docket No.: 950.001US4 | Serial No. 08/677,695 |
| Applicants: Ronald C. Lundquist et al. | |
| Filing Date: July 10, 1996 | Group: 1803 |

**INFORMATION DISCLOSURE STATEMENT
BY APPLICANT**
(Use several sheets if necessary)

### U.S. PATENT DOCUMENTS

| **Examiner Initial** | Document Number | Date | Name | Class | Subclass | Filing Date If Appropriate |
|---|---|---|---|---|---|---|
| | 5,187,073 | 02/16/1993 | Goldman et al. | 435 | 172.3 | 06/30/86 |
| | 5,436,393 | 07/25/1995 | Rocha-Sosa et al. | 800 | 205 | 12/21/89 |
| | 5,508,468 | 04/16/1996 | Lundquist et al. | 800 | 205 | 01/22/90 |

### FOREIGN PATENT DOCUMENTS

| **Examiner Initial** | Document Number | Date | Country | Class | Subclass | Translation Yes \| No |
|---|---|---|---|---|---|---|
| | | | | | | |

### OTHER DOCUMENTS
(Including Author, Title, Date, Pertinent Pages, Etc.)

| **Examiner Initial** | |
|---|---|
| | Andrews, D.L., et al., "Characterization of the Lipid Acyl Hydrolase Activity of the Major Potato (*Solanum tuberosum*) Tuber Protein, Patatin, by Cloning and Abundant Expression in a Baculovirus Vector", _Biochem. J., 252,_ 199–206 (1988) |
| | Fromm, M.E., et al., "Inheritance and Expression of Chimeric Genes in the Progeny of Transgenic Maize Plants", _Bio/Technology, 8,_ 833–839 (1990) |
| | Jaynes, J.M., et al., "Plant Protein Improvement by Genetic Engineering: Use of Synthetic Genes", _Trends in Biotechnology, 4,_ 314–320 (Dec. 1986) |
| | Messing, J., "Corn Storage Protein: A Molecular Genetic Model", _Division of Energy Biosciences—Summaries of FY 1990 Activities,_ pg. 70, Abstract No. 135 (1990) |

Examiner [signature]                    Date Considered 5/18/98

*Substitute Disclosure Statement Form (PTO-1449)
**EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



Sheet 1 of 1

Form 1449*

| | |
|---|---|
| | Atty. Docket No.: 950.001US4 | Serial No. 08/677,695 |

INFORMATION DISCLOSURE STATEMENT
BY APPLICANT
(Use several sheets if necessary)

| Applicants: Ronald C. Lundquist et al. |
|---|
| Filing Date: July 10, 1996 | Group:  1803 |

## U.S. PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Name | Class | Subclass | Filing Date If Appropriate |
|---|---|---|---|---|---|---|
| | 5,145,777 | 09/08/1992 | Goodman et al. | 435 | 172.3 | 10/01/84 |
| | 5,596,131 | 01/21/1997 | Horn et al. | 800 | 205 | 03/08/88 |
| | 5,623,067 | 04/22/1997 | Vanderkerckhove et al. | 536 | 24.1 | 10/20/88 |
| | 5,641,876 | 06/24/1997 | McElroy et al. | 536 | 24.1 | 01/05/90 |

## FOREIGN PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Country | Class | Subclass | Translation Yes / No |
|---|---|---|---|---|---|---|
| | 0 335 528 A2 | 10/04/1989 | European | C12N | 15/00 | |
| | 0 348 348 A2 | 12/27/1989 | European | A01N | 65/00 | X |
| | 3 738 874 A1 | 11/17/1988 | Germany | A01H | 1/06 | X |

## OTHER DOCUMENTS
(Including Author, Title, Date, Pertinent Pages, Etc.)

| **Examiner Initial | |
|---|---|
| | International Search Report, PCT/US 97/00978, mailed July 22, 1997 |
| | Vasil, V., et al., "Regeneration of Plants from Embryogenic Suspension Culture Protoplasts of Wheat (*Triticum aestivum* L.)", *Bio/Technology, 8,* 429-434  (May 1990) |

| Examiner | | Date Considered  9/18/98 |
|---|---|---|

*Substitute Disclosure Statement Form (PTO-1449)

**EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in confor and not considered. Include copy of this form with next communication to applicant.



11111  U.S. PTO

11/18/96

Sheet 2 of 11

| Form 1449* | Atty. Docket No.: 950.001US4 | Serial No. 08/677,695 |
| --- | --- | --- |
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | Applicant: Ronald C. Lundquist et al. | |
| | Filing Date: July 10, 1996 | Group: 1803 |

### FOREIGN PATENT DOCUMENTS

| **Examiner Initial | Document Number | Date | Country | Class | Subclass | Translation Yes | No |
| --- | --- | --- | --- | --- | --- | --- | --- |
| ✓ | 334539A2 | 09/27/1989 | European | C12 | 15 | X | |
| ✓ | 348348A2 | 12/27/1989 | European | A01 | 65 | X | |
| | 3738874A1 | 11/17/1988 | Germany | A01 | 106 | | X |
| ✓ | 442174A1 | 04/21/1991 | European | C12 | 15 | X | |
| | 80893/87 | 12/05/1988 | Australia | C12N | 15/00 | X | |
| | 85/01856 | 05/09/1985 | PCT | 01B | 76 | X | |
| | 85/02973 | 07/18/1985 | PCT | A01J | 7/00 | X | |
| | 85/02972 | 07/18/1985 | PCT | A01 | 106 | X | |
| | 87/05629 | 09/24/1987 | PCT | C12N | 15 | X | |
| | 8801444 | 01/02/1990 | Netherlands | C12 | 15 | | X |
| | 89/04371 | 05/18/1989 | PCT | C12N | 21/00 | X | |
| | 89/12102 | 12/14/1989 | PCT | 12 | 15/00 | X | |
| | 90/10691 | 08/20/1990 | PCT | C12 | 5/0 | X | |

### OTHER DOCUMENTS
(Including Author, Title, Date, Pertinent Pages, Etc.)

**Examiner Initial

| | |
| --- | --- |
| | "Bullets Transform Plant Cells", Agricell Report, 9, 5, (July 1987). |
| | "Shotgunning DNA into Cells", Genetic Engineering News, (July/August 1987). |
| | H. Ahokas, "Transfection of Germinating Barley Seed Electrophorectically with Exogenous DNA", Theor. Appl. Genet., 77, 469-472(1989). |
| | H. Ahokes, "Electrophorectic transfection of cereal grain with exogenous nucleic acid", Soc., biochem Biophys. Microbio. Fen., Biotieteen Paivat (Bioscience Days), Abstracts, Technical University of Helsinki, Espoo, p. 2 (1989). |
| | S. B. Altenbach, et al., "Cloning and Sequence Analysis of a cDNA Encoding a Brazil Nut Protein Exceptionally Rich in Methionine", Plant Mol. Biol., 8, 239-250 (1987). |
| | C. Ampe, et al., "The Amino-Acid Sequence of the 2S Sulphur-Rich from Seed o Brazil Nut (Bertholletia excelsa H.B.K.)", Eur. J. Biochem., 159, 597-604 (1986). |
| | C. Armstrong, et al., "Genetic and Cytogenetic Variation in Plants Regenerated from Organogenic and Friable Embryogenic Tissue Cultures in Maize", Biol. Abstracts, 85, Abstract No. 117662 (1988). |

Examiner                                          |Date Considered

*Substitute Disclosure Statement Form (PTO-1449)

**EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conform and not considered. Include copy of this form with next communication to applicant.



11111 U.S. PTO

11/18/96

| Form 1449* | Atty. Docket No.: 950.001US4 | Serial No. 08/677,695 |
|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | Applicant: Ronald C. Lundquist et al. | |
| | Filing Date: July 10, 1996 | Group: 1803 |

OTHER DOCUMENTS
(Including Author, Title, Date, Pertinent Pages, Etc.)

**Examiner Initial

| | |
|---|---|
| | Barker, R. F., et al., "Nucleotide Sequence of the T-DNA Region from the *Agrobacterium tumefaciens* Octopone Ti Plasmid pTil5955," Plant Mol. Biol., 2, 335-350 (1983) |
| | M. S. Benner, et al., "Genetic Analysis of Methionine-Rich Storage Protein Accumulation in Maize", Theor. Appl. Genet., 78, 761-767 (1989). |
| | M. Bevan, et al., "A Chimaeric Antibiotic Resistance Gene as a Selectable Marker for Plant Cell Transformation", Nature, 304, 184-187 (1983). |
| | M. Bevan, et al., "Structure and Transcription of the Nopaline Synthase Gene Region of T-DNA", Nuc. Acids Res., 11, 369-385 (1983). |
| | G. Booy, et al., "Attempted Pollen-Mediated Transformation of Maize", J. Plant Physiol., 135, 319-324 (1989) |
| | J. S. Boyer, et al., "Water Deficits and Photosynthesis," In: Water Deficits and Plant Growth, Vol. IV, T. T. Kozlowski, (ed.), Academic Press, New York, pp. 153-190 (1976). |
| | Callis, J., et al., "Introns Increase Gene Expression in Cultures Maize Cells," Genes and Development, 1, 1183-1200 (1987). |
| | J. Cao, et al., "Transformation of Rice and Maize Using the Biolistic Process", In: Plant Gene Transfer, Alan R. Liss, Inc., pp. 21-33 (1990). |
| | V. Chandler, et al., "Two Regulatory Genes of the Maize Anthocyanin Pathway Are Homologous: Isolation of B Utilizing R Genomic Sequences", The Plant Cell 1, 1175-1183 (1989). |
| | P. Christou, et al., "Contransformation Frequencies of Foreign Genes in Soybean Cell Cultures", Theor. Appl. Genet., 79, 337-341 (1990). |
| | P. Christou, et al., "Stable Transformation of Soybean Callus DNA-Coated Gol Particles", Plant Physiol., 87, 671-674 (1988). |
| | Cocking, F., et al., "Gene Transfer in Cereals," Science, 236, 1259-1262 (1987). |
| | G. Creissen, et al., "Agrobacterium - and microprojectile - Mediated Viral DNA Delivery into Barley Microspore-Derived Cutures", Plant Cell Reports, 8, 680-863 (April, 1990). |
| | A. Crossway, et al., "Integrated of foreign DNA following microinjection of tobacco mesophyll protoplasts", Mol. Gen. Genet., 202, 179-185 (1986). |

| Examiner ~~GARY BENZION~~ ~~XAMINER~~ | Date Considered |
|---|---|

*Substitute Disclosure Statement Form (PTO-1449)

**EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conform and not considered. Include copy of this form with next communication to applicant.



11111 U.S. PTO

11/18/96

| Form 1449* | Atty. Docket No.: 950.001US4 | Serial No. 08/677,695 |
|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | Applicant: Ronald C. Lundquist et al. | |
| | Filing Date: July 10, 1996 | Group: 1803 |

## OTHER DOCUMENTS
(Including Author, Title, Date, Pertinent Pages, Etc.)

**Examiner Initial

M. De Block, et al., "Engineering herbicide resistance on plants by expression of a detoxifying enzyme", EMBO J., 6, 2513-2518 (1987).

W. De Greef, et al., "Evaluation of herbicide resistance in transgenic crops under field conditions", Bio/Technol., 7, 61-64 (1989).

R. Dekeyser, et al., "Evaluation of Selectable Markers for Rice Transformation", Plant Physiol., 90, 217-223 (1989).

DeWald, et al., "Plant regeneration from inbred maize suspensions", VIIth International Congress on Plant Tissue and Cell Culture, Abstract No. A1-36, p. 12 (June 24-29, 1990).

DeWet, J. R. et al., "Cloning of Firefly Luciferase cDNA and the Expression of Active Luciferase in Escherichia coli," Proc. Nat. Acad. Sci. USA, 82, 7870-7873 (1985)

D. A. Evans, et al., "Somaclonal Variation-Genetic Basis and Breeding Applications", Trends Genet., 5, 46-50 (1989).

P. Fransz, et al., "Cytodifferentiation during callus initation and somatic embryogenesis in Zea mays L", Ph. D. thesis, U of Wageningen Press, The Netherlands (1988).

J. C. Freeling, et al., "Development Potentials of Maize Tissue Cultures", Maydica, XXL, 97-112 (July 1977).

Fromm, M. E., et al., "Stable Transformation of Maize after Gene Transfer by Electroporation," Nature, 319, 791-793 (1986).

M. E. Fromm, et al., "Expression of Gene Transfected into Monocot and Dicot Plant Cells by Electroporation", Pro. Nat. Acad. Sci. USA, 82, 5824-5828 (1985).

W. J. Gordon-kamm, et al., "Stable Tranformation of Embryonic Maize Cultures by Microprojectile Bombardment", J. Cellular Biochem., 13D, Abstract No M122, p. 259 (1989).

J. Gould, et al., "Shoot Tip Culture as a Potential Transformation System", Abstracts, Beltwide Cotton production research conferences, New Orleans, LA, p. 91 (1988).

Graves, A., et al., "The transformation of Zea mays seedlings with Agrobacterium tumefacians," Plant Mol. Biol., 7, 43-50 (1986).

| Examiner | GARY BENZION EXAMINER | Date Considered |
|---|---|---|

*Substitute Disclosure Statement Form (PTO-1449)

**EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.