IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>        Plaintiffs,<br><br>   v.<br><br>SYNGENTA SEEDS, INC., and<br>SYNGENTA BIOTECHNOLOGY, INC.,<br>GOLDEN HARVEST SEEDS, INC.,<br>GARWOOD SEED CO.<br>GOLDEN SEED COMPANY L.L.C.<br>SOMMER BROS. SEED COMPANY<br>THORP SEED CO., AND<br>JC ROBINSON SEEDS, INC.<br><br>        Defendants.<br>_____<br>SYNGENTA SEEDS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: 04-305-SLR<br><br><br><br><br>(Consolidated)<br><br><br><br>C.A. No.: 04-908-SLR |

## Notice of Subpoena

TO:  Richard L. Horowitz, Esquire
    Potter Anderson & Corroon LLP
    Hercules Plaza
    1313 North Market Street
    Wilmington, DE 19899-0951

    Peter E. Moll, Esquire
    Howrey Simon Arnold & White, LLP
    1299 Pennsylvania Ave., N.W.
    Washington, D.C. 20004

Susan Knoll, Esquire
Howrey Simon Arnold & White, LLP
750 Bering Drive
Houston, TX 77057

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004

PLEASE TAKE NOTICE that the attached subpoena have been served on Marketing Horizons, Inc.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*

John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Plaintiff*

Of Counsel:

SHEARMAN & STERLING LLP
Richard F. Schwed
Thomas A. McGrath III
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile:  (212) 848-7174

Dated: January 12, 2006

DB01:1623061.1

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

_____Eastern_____ DISTRICT OF _____Missouri_____

Syngenta Seeds, Inc.

### SUBPOENA IN A CIVIL CASE

V.

CASE NUMBER: [1] 04-908-SLR

Monsanto Company and Monsanto Technology LLC

District of Delaware

TO: Marketing Horizons, Inc.
1001 Craig Road
Suite 100
St. Louis, Missouri 63146

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

For a description of the documents requested, please see Schedule A attached to this subpoena.

| PLACE | DATE AND TIME |
|---|---|
| Stinson Morrison Hecker LLP, 100 South Fourth Street, St. Louis, Missouri 63102<br>Attention: Gretchen Garrison | February 6, 2006; 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Syngenta Seeds, Inc. | Jan 11, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen Fishbein, Esq.
Shearman & Sterling, LLP, 599 Lexington Avenue, New York, NY 10022-6069 (212) 848-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### I. DEFINITIONS

In addition to the definitions set forth in Rule 26 of the Federal Rules of Civil Procedure, the following definitions apply to each of the following requests:

1.  The term "Monsanto" shall mean Monsanto Company and Monsanto Technology LLC and any of its present or former subsidiaries, divisions, agents, employees, directors, officers, trustees, and attorneys, or any other person or entity acting in concert with Monsanto Company, directly or indirectly, including but not limited to American Seeds, Inc., Asgrow Seed Company, Inc., Channel Bio Corp., CORE Group, Corn States Hybrid Service LLC, DeKalb Genetics Corporation, Fontanelle Hybrids, NC+ Hybrids, Inc., Holden's Foundation Seeds, Inc., Stewart Seeds, Stone Seeds, and Trelay Seeds.

2.  The term "foundation corn seed" shall mean an inbred, parent or non-hybrid corn seed.

3.  The term "hybrid corn seed" shall mean the product created by crossing two foundation seeds, and shall include any seed used by growers to produce a corn crop.

4.  The term "Relevant Product" shall mean:
    a.  herbicide-tolerant corn traits (including GA21, NK603, Liberty Link, and CLEARFIELD);
    b.  ECB-resistant corn traits (including Bt11, Mon810 and Herculex);
    c.  CRW-resistant corn traits (including Mon863);
    d.  foundation corn seed; and
    e.  hybrid corn seed.

5.  The term "document" and "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule Civil Procedure 34(a),

including, without limitation, electronic or computerized data compilations (including electronic mail). A draft or non-identical copy is a separate document within the meaning of this term.

## II. DOCUMENT REQUEST

For the period January 1, 1996 to the present:

All documents concerning any studies, surveys, analyses, or market research performed on behalf of Monsanto and relating or referring to a Relevant Product.

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2006, I caused the foregoing subpoena to be served via U.S. mail on:

Marketing Horizons, Inc.
1001 Craig Road
Suite 100
St. Louis, Missouri 63146

New York, New York

_____
Stephen Fishbein

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on January 12, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza, 6th Floor
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on January 12, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY FEDERAL EXPRESS**

> Peter E. Moll, Esquire
> Howrey Simon Arnold & White, LLP
> 1299 Pennsylvania Ave., N.W.
> Washington, D.C. 20004
>
> Susan Knoll, Esquire
> Howrey Simon Arnold & White, LLP
> 1111 Louisiana, 25th Floor
> Houston, TX 77002-5242
>
> Kenneth A. Letzler, Esquire
> Arnold & Porter LLP
> 555 12th Street, N.W.
> Washington, D.C. 20004

Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com