REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 04-305-SLR (lead case) |
| v. | ) ) ) | |
| SYNGENTA SEEDS, INC., SYNGENTA BIOTECHNOLOGY, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| DEKALB GENETICS CORPORATION, | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-355-SLR |
| v. | ) ) ) | **CONTAINS RESTRICTED CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER - FILED UNDER SEAL** |
| SYNGENTA SEEDS, INC., SYNGENTA BIOTECHNOLOGY, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**APPENDIX OF EXHIBITS IN SUPPORT OF SYNGENTA'S OPENING BRIEF IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE EXPERT TESTIMONY**

**VOLUME II (EXHIBITS 4-15)**

Michael J. Flibbert
Howard W. Levine
Sanya Sukduang
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
(202) 408-4000

Dated: January 11, 2006

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Defendants*

REDACTED VERSION – PUBLICLY FILED

4

REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA SEEDS, INC. and<br>SYNGENTA BIOTECHNOLOGY, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-305 (SLR) |

## SYNGENTA'S FOURTH SET OF DOCUMENT REQUESTS (NOS. 8-180)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc. (collectively "Syngenta") request that Plaintiffs Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") produce for inspection and copying all documents and things requested herein, within thirty (30) days of service, at the office of Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., 1300 I Street, N.W., Washington, D.C. 20005-3315, or at another time and place as may be mutually agreed upon by counsel for the parties.

## DEFINITIONS OF TERMS

The following definitions apply to Syngenta's discovery requests and Monsanto's responses:

816474v4

REDACTED VERSION – PUBLICLY FILED

(a) all depositions transcripts and all exhibits marked or referred to in any deposition;

(b) all hearing transcripts, trial transcripts, trial exhibits, and demonstratives;

(c) all interrogatories and requests for admission served by any party and all corresponding responses;

(d) all expert reports (with exhibits) served by any party;

(e) all proposed or final findings of fact and conclusions of law filed by any party;

(f) all briefs or other written submissions filed by any party addressing any issue of patent validity, enforceability, inequitable conduct, patent misuse, infringement, inventorship, ownership, or construction of the claims of any of the following patents: the '835 patent; the '642 patent; the '880 patent; the '863 patent; U.S. Patent No. 5,554,798; and U.S. Patent No. 6,040,497; and

(g) all court orders or decisions.

**DOCUMENT REQUEST NO. 121.**

For the following litigation, *Rhone-Poulenc Agro, SA v. Monsanto Co. and DeKalb Genetics Corp.*, Civ. No. 1:97 CV 1138 (M.D.N.C.), please provide the following documents:

(a) all depositions transcripts and all exhibits marked or referred to in any deposition;

(b) all hearing transcripts, trial transcripts, trial exhibits, and demonstratives;

(c) all interrogatories and requests for admission served by any party and all corresponding responses;

(d) all expert reports (with exhibits) served by any party;

(e) all proposed or final findings of fact and conclusions of law filed by any party;

(f) all briefs or other written submissions filed by any party addressing any issue of patent validity, enforceability, inequitable conduct, patent misuse, infringement,

REDACTED VERSION – PUBLICLY FILED

inventorship, ownership, or construction of the claims of any of the following patents: the '835 patent; the '642 patent; the '880 patent; the '863 patent; U.S. Patent No. 5,554,798; and U.S. Patent No. 6,040,497; and

(g) all court orders or decisions.

## DOCUMENT REQUEST NO. 122.

For the following litigation, *DeKalb Genetics Corp. v. Pioneer Hi-Bred International, Inc. et al.*, Civ. Nos. 96 C 50112, 96 C 50113, 96 C 50114, 96 C 50169, 96 C 50239, 96 C 50240, 96 C 50241, 96 C 50284, 96 C 50288, 96 C 50289, 96 C 50290 and 98 C 50186 (N.D. Ill.) (N.D. Ill.), please provide the following documents:

(a) all depositions transcripts and all exhibits marked or referred to in any deposition;

(b) all hearing transcripts, trial transcripts, trial exhibits, and demonstratives;

(c) all interrogatories and requests for admission served by any party and all corresponding responses;

(d) all expert reports (with exhibits) served by any party;

(e) all proposed or final findings of fact and conclusions of law filed by any party;

(f) all briefs or other written submissions filed by any party addressing any issue of patent validity, enforceability, inequitable conduct, patent misuse, infringement, inventorship, ownership, or construction of the claims of any of the following patents: the '835 patent; the '642 patent; the '880 patent; the '863 patent; U.S. Patent No. 5,554,798; and U.S. Patent No. 6,040,497; and

(g) all court orders or decisions.

## DOCUMENT REQUEST NO. 123.

For the following litigation, *Monsanto Co. et al. v. Bayer CropScience LP, et al.*, Civ.

REDACTED VERSION – PUBLICLY FILED

**DOCUMENT REQUEST NO. 180.**

All documents and things relating to any document retention policy or program in place at the time Monsanto or DeKalb destroyed or otherwise disposed of any documents or things that, but for their destruction or disposal, would have been responsive to one or more of Syngenta's document requests in this litigation.

John W. Shaw (No. 3362)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware  19801
(302) 571-6600

*Attorneys for Defendants Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc.*

Of counsel:
Don O. Burley
Michael J. Flibbert
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C.  20005
(202) 408-4000

Dated: January 6, 2005

-45-

REDACTED VERSION – PUBLICLY FILED

5

REDACTED VERSION – PUBLICLY FILED



FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

SCOTT J. POPMA
202.408.4297
Scott.Popma@finnegan.com

May 10, 2005

Scott W. Clark, Esq.                                    *VIA FACSIMILE*
Howrey Simon Arnold & White
750 Bering Drive
Houston, Texas 77057-2198

Re:    *DeKalb Genetics Corp. v. Syngenta Seeds, Inc.* (N.D. Ill.)
       *Monsanto Co. v. Syngenta Seeds, Inc.* (D. Del.)

Dear Scott:

We would like to discuss the following deficiencies in DeKalb and Monsanto's document production during our May 12 meet and confer:

1) **Production of Redacted Documents**: Are DeKalb and Monsanto prepared to unredact *all* of their documents that have been redacted for relevancy, including those documents we were instructed to collect from prior counsel? If so, we can discuss a mutual date for production of such documents. Also, please immediately produce unredacted versions of the documents identified in my letter of April 26, 2005.

2) **Production of Documents from *Monsanto Co., et al. v. Bayer CropScience LP, et al.,* No. 4:01 CV 1825 (D. Mo.)**: We believe that the following categories of documents are clearly relevant, easy to locate, and should be produced without delay. Please let us know when we can expect production of the following categories of documents:

(a)    all depositions transcripts and all exhibits marked or referred to in any deposition;

(b)    all hearing transcripts, and demonstratives;

(c)    all interrogatories and requests for admission served by any party and all corresponding responses;

(d)    all expert reports (with exhibits) served by any party;

(e)    all proposed findings of fact and conclusions of law filed by any party;

(f)    all briefs filed by any party addressing any issue of patent validity, enforceability,

REDACTED VERSION – PUBLICLY FILED

Scott W. Clark, Esq.
May 10, 2005
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNERᴸᴸᴾ

inequitable. conduct, patent misuse, infringement, inventorship, ownership, or

construction of the claims of any of the following patents:  the '880 patent; the '863

patent; the '835 patent; the '642 patent; U.S. Patent No. 5,554,798; and U.S. Patent No.

6,040,497; and

    (g)    all court orders or decisions.

    3) **Production of Documents from *Rhone-Poulenc Agro, SA v. Monsanto Co. and DeKalb Genetics Crop.*, No. 1:97 CV 1138 (M.D.N.C.):**  We previously asked you to identify the location of exhibits from this action, and we have looked at the range of documents identified in Susan Purcell's March 31, 2005, letter. However, we have been unable to tell whether we have all exhibits from this action.  Please send us a list of each exhibit that was admitted into evidence at trial and its corresponding location in your production.

    Additionally, please confirm that all documents from the following categories from this litigation have been or will be produced:

    (a)    all depositions transcripts and all exhibits marked or referred to in any deposition;

    (b)    all hearing transcripts, trial transcripts, trial exhibits, and demonstratives;

    (c)    all interrogatories and requests for admission served by any party and all

corresponding responses;

    (d)    all expert reports (with exhibits) served by any party;

    (e)    all proposed or final findings of fact and conclusions of law filed by any party;

    (f)    all summary judgment, pre-trial, and post-trial briefs filed by any party addressing

any issue of patent validity, enforceability, inequitable conduct, patent misuse,

infringement, inventorship, ownership, or construction of the claims of any of the

following patents:  the '880 patent; the '863 patent; the '835 patent; the '642 patent; U.S.

Patent No. 5,554,798; and U.S. Patent No. 6,040,497; and

REDACTED VERSION – PUBLICLY FILED

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Scott W. Clark, Esq.
May 10, 2005
Page 3

(g)    all court orders or decisions.

4) **Production of All Monthly, Quarterly, and Yearly Reports**: It appears that DeKalb and Monsanto have not produced a number of reports concerning the work leading to the '835, '880, and '863 patents, including reports created after 1990. See for example, Document Requests Nos. 6, 7, 43, and 69. Please confirm that all monthly, quarterly, and yearly reports from 1984-1997 addressing the transformation of corn, herbicide-resistant corn, or glyphosate-resistant corn, prepared by PRSI, DeKalb, and Monsanto have been produced, and identify the corresponding bates range for these documents. If these documents have not been produced, when will they be produced?

5) **Production of Bayer Settlement Agreement**:  We understand that DeKalb and Monsanto have refused to produce any agreements from the settlement of *Monsanto Co., et al. v. Bayer CropScience LP, et al.,* No. 4:01 CV 1825 (D. Mo.). *See,* Document Request No. 86. We are willing to limit this request to final signed agreements, and not to all documents relating to such agreements. Please let us know if this proposal is acceptable.

6) **Production of Lab Notebooks**: It appears that DeKalb and Monsanto have failed to produce a number of lab notebooks describing the work leading to the '835, '880, and '863 patents, including Lundquist lab notebooks dated after 1990. Please confirm that all lab notebooks from 1984-1997 addressing the transformation of corn, herbicide-resistant corn, or glyphosate-resistant corn, prepared by PRSI, DeKalb, and Monsanto have been produced, and identify the corresponding bates range for these documents. If the requested lab notebooks have not been produced, when will they be produced?

7) **Production of Documents from the Individuals Identified in the Initial Disclosures**: Please confirm that you collected responsive documents *for the document requests served in these actions* from each of the individuals listed in DeKalb and Monsanto's initial disclosures. Also, when will production of these documents be completed?

8) **Identity of Monsanto and DeKalb Production Prefixes**:  Please provide a list identifying where each of DeKalb and Monsanto's production prefixes originated, *i.e.,* which litigation they originated from. Further, when will this list be produced?

9) **Production of Documents After 2000**: It appears that DeKalb and Monsanto have failed to produce any documents dated after 2000. Have documents dated after 2000 been collected and produced? Have Monsanto and DeKalb imposed some sort of date or subject matter limitation on their collection efforts? Have documents been collected other than those that were produced in past litigations? When will this production be completed?

10) **Production of Electronic Documents**: It appear that DeKalb and Monsanto have failed to produce documents existing in electronic format. For example, only very few e-mails have been produced. Have Monsanto and DeKalb collected and produced electronic documents? If so, when will such documents be produced?

REDACTED VERSION – PUBLICLY FILED

Scott W. Clark, Esq.
May 10, 2005
Page 4

11) **Completion of Production**:  You indicated that 80 or 90 percent of your production would be completed by March 18, 2005. 2/17/05 Hearing Tr. at 4. Yet, we still continue to receive production documents.  When do Monsanto and DeKalb expect to complete their document production?

12)  **Production of Consulting Relationship Agreements with Former Employees**: DeKalb has refused to produce consulting agreements in response to Syngenta's Document Request Nos. 103 and 104.  Please let us know whether DeKalb, Monsanto, or your law firm has a consulting relationship with any of the former employees identified on DeKalb and Monsanto's initial disclosures.  If so, please produce any consulting agreements with those individuals.

13)  **Production of Documents from the Earlier Rockford Litigation**:  We were unable to obtain the deposition exhibits listed below from prior counsel.  Please produce copies of the deposition exhibits listed below:

    Christou 5/10/99 - Exhibits 25-50
    Everett 5/6/99 - Exhibits 1.1-1.6, 2-16, 16.1-16.6, 17, 17.1-17.2, 18-19
    Flick 3/18&19/98 - Exhibits 24.2, 30, 64.1
    Goolkasian 4/22/99 - Exhibits 1-25
    Green 5/29/97 - Exhibits 1-16
    Mangano 10/21/97 - Exhibit 13
    Martinell 7/22/98 - Exhibits 17.1-19
    McCabe 7/23/98 - Exhibits 1.1, 2.1
    Somers 5/11/99 - Exhibits 1-1.2, 2-24
    Stephens 6/24/99 - Exhibits 1-20
    Stephens 2/5/98 - Exhibit 54
    Walters 9/9/97 - Exhibits 19-29, 34
    Walters 1/21/98 - Exhibits 105-345
    Zachwiega 1/27/98 - Exhibits 5.1, 6.1, 7.1, 8.1, 9.1, 10.1

Sincerely,

Scott J. Popma

REDACTED VERSION – PUBLICLY FILED

6

REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGY LLC, | ) | |
| | ) | C. A. NO. 04-305 SLR |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYNGENTA SEEDS, INC. and | ) | |
| SYNGENTA BIOTECHNOLOGY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### MONSANTO'S RESPONSE TO SYNGENTA'S
### FOURTH SET OF DOCUMENT REQUESTS (NOS. 8-180)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Monsanto

Company and Monsanto Technology, LLC (hereinafter "Monsanto") responds to

Defendants Syngenta Seeds, Inc. and Syngenta Biotechnology, Fourth Set of Document

Requests (Nos. 8-180).

### GENERAL OBJECTIONS

These General Objections are incorporated into each specific response provided

below.

A.      Monsanto objects to each request and to Syngenta's definitions and

instructions to the extent they attempt to impose an obligation on Monsanto different

from or greater than that required by the Federal Rules of Civil Procedure.

B.      Monsanto objects to these requests to the extent that they request the

production of documents protected by the attorney-client privilege, the work-product

doctrine, or any other privilege or immunity.  Such documents are immune from

discovery and will not be produced.  Monsanto also objects to the instructions

REDACTED VERSION – PUBLICLY FILED

# Exhibit 6
# REDACTED

REDACTED VERSION – PUBLICLY FILED

7

REDACTED VERSION – PUBLICLY FILED

 **HOWREY** HOWREY SIMON ARNOLD & WHITE  ATTORNEYS AT LAW

750 BERING DRIVE
HOUSTON, TX 77057-2198
PHONE 713.787.1400
FAX 713.787.1440
A LIMITED LIABILITY PARTNERSHIP

May 17, 2005

FILE: 10687.0022 / 11914.0191

Via Facsimile 202.408.4400

Mr. Michael J. Flibbert
FINNEGAN, HENDERSON et al.
901 New York Ave, N.W.
Washington, D.C. 20001-4413

RE:    *DEKALB Genetics Corporation v. Syngenta Seeds, Inc. et al,*
       No. 04 C 50323 (N.D. Ill.)

       *Monsanto Company, et al. v. Syngenta Seeds, Inc. et al,*
       No. 04 305 (SLR) (D. Del.)

Dear Michael:

This letter summarizes our understanding of the issues that were raised and discussed at our Thursday, May 12, 2005, meet and confer in the above-captioned cases and responds to Mr. Popma's May 13, 2005 letter. Please promptly let us know if you disagree with any of the representations made in this letter, otherwise, we will presume that Syngenta agrees with this summary.

I.    **DEKALB/Monsanto Discovery Issues**

      A.    **Issues Identified in Mr. Clark's May 3, 2005 to Mr. Flibbert (Paragraph Numbers Correspond to Those in Letter)**

      **(1)    Discovery of non-GA21 research:** The parties agreed that this issue was being briefed for resolution by the Court.

      **(2)    Bayer documents:** Syngenta represented that it was not opposed to DEKALB/Monsanto's use the selected BDSM documents in the above-captioned cases. Syngenta represented that a revised version of the Bayer protective order would be forthcoming later that afternoon. Syngenta also represented that it would be producing approximately 13,000 documents (or 18,000 documents, according to Syngenta's opposition brief) that contain information that Bayer considers confidential once the Bayer protective order is entered. With respect to Bayer's anticipated document production, Syngenta raised a concern that such documents could contain information that Syngenta would consider confidential.

DM_US\8203787.v1

REDACTED VERSION – PUBLICLY FILED



Mr. Michael J. Flibbert
Page 2
May 17, 2005

DEKALB/Monsanto proposed that documents produced by Bayer could be treated as designated confidential under both protective orders, i.e., the Bayer protective order and the protective order entered in the above-captioned cases. Syngenta agreed to take this proposal under advisement.

> (3)    **JC Robinson:** The parties agreed that this issue was deemed moot in light of Syngenta's motion to withdraw is motion to dismiss JC Robinson for lack of personal jurisdiction.

> (4)    **Mutual production of unredacted documents:** Syngenta acknowledged that its current document production has redactions for relevancy. DEKALB/Monsanto represented that its current document production does not have redactions for relevancy with the exception that financial documents would be redacted to the extent that they relate to products other than glyphosate-resistant corn. DEKALB/Monsanto represented that it was not aware of any redactions with respect to document productions from prior relevant litigations, with the exception of the "MRR" production. The parties agreed to a mutual exchange of unredacted documents, tentatively set for two weeks from the meet-and-confer (to be confirmed by both parties), for DEKALB/Monsanto's "MRR" production and Syngenta's current document production.

> (5)    **Additional JC Robinson documents:** See (3), above.

> (6)    **Underlying Bayer documents:** Syngenta acknowledged that it would be producing all of the underlying documents that relate to the Bayer-Syngenta Evaluation and Acquisition Agreements described in Mr. Flibbert's March 3, 2005 letter to Steve Edwards. This production would include the underlying email and other correspondence, but would not include drafts of the actual agreements.

> (7)    **Syngenta's Response to DEKALB Interrogatory No. 2:**    Syngenta will supplement its response within two weeks of entry of the Bayer protective order.

> (8)    **Syngenta's Response to DEKALB's Interrogatory Nos. 1 and 13:** Syngenta will attempt to provide DEKALB/Monsanto with the alternate names of the lines identified, to the extent that such hybrids and/or inbreds have multiple designations. Syngenta agreed to provide additional information that will delineate whether the GA21 corn being sold or used is a hybrid line or an inbred line (Int. No. 13, Column 1). With this information, DEKALB agreed that supplementation was not necessary for Column 2. Syngenta did not agree to distinguish between an inbred line or hybrid line when the source of GA21 was "involved in hybrid combination" (Column 3).

DM_US\8203787.v1



Mr. Michael J. Flibbert
Page 3
May 17, 2005

With respect to the first and second tables, Syngenta agreed to identify which specific Golden Harvest company it is referring to in each instance. With respect to the second table, Syngenta agreed to identify whether the specific Golden Harvest company was merely "acquiring" or "acquiring" and "using" the GA21 germplasm.

Syngenta agreed to supplement its responses within three weeks.

(9)    **Syngenta's Response to DEKALB Interrogatory Nos. 6 and 10:** According to an email from Mr. Flibbert after the meet-and-confer, Syngenta will provide supplemental responses with respect to Syngenta's invalidity contentions based upon prior art within three weeks.

(10)    **Syngenta's Response to DEKALB's Interrogatory No. 14:** Syngenta agreed to supplement its answer to include persons with knowledge of the obtention of the germplasm containing the GA21 event and its introgression into the germplasm of the identified hybrid. Syngenta agreed to provide readily obtainable information concerning circumstances surrounding the obtention and introgression, including the receipt of the germplasm, the person who received such germplasm, relevant dates, and persons involved in the introgression. Syngenta agreed to identify the documents related to such work and to provide the underlying documents used to prepare its answer to this interrogatory. Syngenta agreed to produce the nursery records for the three products identified. With respect to advertising and promotional material associated with the hybrid lines, Syngenta agreed to check on the identification of documents and persons with knowledge.

(11)    **Syngenta's document production**

(a)    **Periodic reports and notebooks:** Within two weeks, Syngenta agreed to check on the existence of periodic reports or notebooks that relate to the development, breeding or production of glyphosate-resistant corn.    DEKALB/Monsanto understands that such documents will be produced if they exist.

(b)    **SPIRIT database records:** Within one week, Syngenta will confirm whether it can produce records from its SPIRIT database in a form that is meaningful and intelligible.

B.    **Issues Identified in Mr. Miller's May 5, 2005 to Mr. Flibbert (Paragraph Numbers Correspond to Those in Letter)**

(1)    **Service Agreements, Material Transfer Agreements:** Syngenta agreed to produce service agreements and material transfer agreements among or between Garst, Golden

REDACTED VERSION – PUBLICLY FILED



Mr. Michael J. Flibbert
Page 4
May 17, 2005

Harvest and Syngenta regarding GA21 corn or corn lines into which the GA21 trait will be introgressed.

 (2)     **GA21 Activity List/Spreadsheet:** Syngenta will not produce the documents (and versions thereof) based upon a claim of attorney-client privilege.

### C.     Mr. Edward's March 24, 2005 to Mr. Flibbert Regarding Damages Discovery

 The parties agreed to a supplemental damages-based production at some future date. Syngenta represented that much of its financials relating to GA21 corn would not be generated until after the summer growing season, i.e., fall 2005. Monsanto/DEKALB agreed to follow-up with Syngenta with a letter and/or interrogatory to determine what Syngenta expects to produce with respect to this issue.

## II.     Syngenta's Discovery Issues Identified in Mr. Popma's May 10, 2005 to Mr. Clark (Paragraph Numbers Correspond to Those in Letter)

 (1)     **Production of Redacted Documents:** See I.A.(4), above.

 (2)     **Production of Documents from *Monsanto v. Bayer* (D. Mo.):** Monsanto agreed to produce the documents identified, with the exception of demonstratives (as these cannot be identified), at some time after the entry the Bayer protective order (timing to be confirmed).

 (3)     **Production of Documents from *RPA v. Monsanto* (M.D. N.C.):** Monsanto/DEKALB agreed to produce the documents identified, with the exception of demonstratives (as these cannot be identified), at some time after the entry the Bayer protective order (timing to be confirmed) for the inventorship trial, but not the prior two trials.

 Moreover, we do not have a list or index of "admitted" trials exhibits used in the inventorship action, as requested in your May 13, 2005 letter. As we have indicated previously, the exhibits are located at MGA 5098-8230 and bear an exhibit designation upon the respective document(s).

 (4)     **Production of all Monthly, et al. Reports:** DEKALB/Monsanto have agreed to produce the periodic reports from the Lundquist/Walters group through 1997 and from the Shah group through 1991. DEKALB/Monsanto agreed to provide (and has since provided) Syngenta with an example of such a report dated in 1997. Moreover, although most of these reports were produced in the prior litigations, additional reports have since been located and will be produced, even if they are duplicative of prior productions. DEKALB/Monsanto have not agreed to

REDACTED VERSION – PUBLICLY FILED



Mr. Michael J. Flibbert
Page 5
May 17, 2005

produce all reports from 1984-1997 from the Lundquist and Shah groups, as requested in your May 13, 2005 letter.

(5)     **Production of Bayer Settlement Agreement:** Syngenta will consider DEKALB/Monsanto's proposal to provide the financial terms of the settlement (outside counsel-only basis), but not the agreement itself.

(6)     **Production of Lab Notebooks:** DEKALB/Monsanto agreed to confirm that all notebooks for Lundquist and Walters within DEKALB/Monsanto's possession have been produced through 1997 and all notebooks for Shah through 1991. The Lundquist and Walters lab notebooks are readily identifiable from the prior Rockford litigation trial exhibit list. The Shah lab notebooks are readily identifiable from the Shah I litigation source list.

(7)     **Production of Documents from Individuals Identified in the Initial Disclosures:** For both the Rockford and Delaware cases, the files belonging to Messrs. Bothe, Leisure, Nothmann, and Rinkenberger have been searched and documents will be produced.

For the Rockford case, the documents of the remaining individuals identified in our initial disclosure were produced in the earlier Rockford litigation (DKLB production prefix). The reason that none of these individuals are identified on the document source code lists that we have provided is that we have no source information from that prior litigation.

For the Delaware case, many of the responsive documents relevant to this case were produced in the earlier Shah I litigation (MRR production prefix). Moreover, we note that 20 of the individuals identified on Monsanto's Rule 26 disclosure are specifically identified in the source information for the MRR production as the source for documents produced in the Shah I case. To the extent that those individuals have files containing responsive documents created since the Shah I case, they either are being or have been collected and will be produced. Of the remaining individuals identified on Monsanto's Rule 26 disclosure, 11 are no longer employees. To the extent that those individuals have any remaining files containing responsive documents, they either are being or have been collected and will be produced. Of the remaining individuals identified on Monsanto's Rule 26 disclosure that are employees, to the extent that those individuals have any remaining files containing responsive documents, they either are being or have been collected and will be produced.

(8)     **Production Prefixes:** DEKALB/Monsanto confirmed that it has previously provided this information to Syngenta. Nonetheless, DEKALB/Monsanto agreed to provide (and have since provided) this information again to Syngenta in a letter.

REDACTED VERSION – PUBLICLY FILED



Mr. Michael J. Flibbert
Page 6
May 17, 2005

    (9)    **Production of Documents After 2000:** DEKALB/Monsanto represented that documents dated after 2000 were being collected, although these would likely only be damages-related (i.e., marketing, financial), rather than technical.

    (10)    **Production of Electronic Documents:** DEKALB/Monsanto represented that electronic documents have been collected and are currently in process for production.

    (11)    **Completion of Production:** Subject to the entry of the Bayer protective order, DEKALB/Monsanto are targeting to substantially complete their document production within four weeks.

    (12)    **Production of Consulting Agreements:** DEKALB/Monsanto agreed to investigate whether any such agreements exist for persons identified in DEKALB/Monsanto's initial disclosures.

    (13)    **Production of Documents from Prior Rockford Litigation:** DEKALB/Monsanto agreed to produce the requested documents, subject to third party confidentiality obligations. It is also not our understanding that Pioneer has "no problem" having its documents used is this litigation, as you indicate in your May 13, 2005 letter. Moreover, Tom Miller's February 15, 2005 letter to Mr. Flibbert concerned the use of Dow and Mycogen documents from prior litigations, not the use of Pioneer documents.

Very truly yours,

Scott W. Clark

cc:    Mr. John J. Holevas (via facsimile)
       Mr. David C. Van Dyke (via facsimile)

DM_US\8203787.v1

REDACTED VERSION – PUBLICLY FILED

8

REDACTED VERSION – PUBLICLY FILED

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC, | ) )  ) | |
| Plaintiffs, | ) ) | C. A. No. 04-305-SLR<br>(LEAD CASE) |
| v. | ) ) | |
| SYNGENTA SEEDS, INC. and<br>SYNGENTA BIOTECHNOLOGY, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| DEKALB GENETICS CORPORATION, | ) ) | |
| Plaintiff, | ) ) | C. A. No. 05-355-SLR |
| v. | ) ) | **RESTRICTED-**<br>**CONFIDENTIAL** |
| SYNGENTA SEEDS, INC.,<br>SYNGENTA BIOTECHNOLOGY, INC., et al., | ) ) ) | **SUBJECT TO**<br>**PROTECTIVE ORDER** |
| Defendants. | ) ) | |

## REBUTTAL REPORT OF DR. KENNETH KEEGSTRA
## TO EXPERT REPORT OF DR. BARRY BRUCE

I, Kenneth Keegstra, make the following comments in rebuttal to the comments set forth in the expert report of Dr. Barry Bruce and certain comments in the report of Dr. Paul Christou.

### I.     MATERIALS REVIEWED

A copy of the materials I have reviewed is set forth at Exhibit A.

Rebuttal Report of Dr. Kenneth Keegstra to
Expert Report of Dr. Barry Bruce

REDACTED VERSION – PUBLICLY FILED

# Exhibit 8
# REDACTED

REDACTED VERSION – PUBLICLY FILED

9

REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC, <br><br> Plaintiff, <br><br> v. <br><br> SYNGENTA SEEDS, INC., SYNGENTA BIOTECHNOLOGY, INC., et. al., <br><br> Defendants. | C.A. NO. 04-305 SLR (LEAD CASE) |
| DEKALB GENETICS CORP., <br><br> Plaintiff, <br><br> v. <br><br> SYNGENTA SEEDS, INC., SYNGENTA BIOTECHNOLOGY, INC., et. al., <br><br> Defendants. | C.A. NO. 05-355 SLR <br><br> **RESTRICTED CONFIDENTIAL OUTSIDE COUNSEL ONLY** |

**Rebuttal Report of Richard S. Cahoon**
**Pursuant to Federal Rule of Civil Procedure 26**
**November 22, 2005**

REDACTED VERSION – PUBLICLY FILED

# Exhibit 9
# REDACTED

REDACTED VERSION – PUBLICLY FILED

**10**

REDACTED VERSION – PUBLICLY FILED



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

SCOTT J. POPMA
202.408.4297
Scott.Popma@finnegan.com

January 9, 2006

*VIA FACSIMILE*

Thomas Miller, Esq.
Howrey
1111 Louisiana, 25th Floor
Houston, Texas 77002-5242

Re:    *DeKalb Genetics Corp. v. Syngenta Seeds, Inc.* (D. Del.)
       *Monsanto Co. v. Syngenta Seeds, Inc.* (D. Del.)

Dear Tom:

        We intend to move to exclude certain sections of the expert reports of Drs. Gasser, Fromm, Keegstra, and Cahoon pursuant to *Daubert*, Fed. R. Civ. P. 37(c)(1), and Fed. R. Evid. 401, 403, 702, and 703. Please let us know if you agree to withdraw the following portions of Monsanto's expert reports:

A.    Proposed testimony of Gasser and Cahoon relating to telephone conferences outside of
      fact discovery

        (1) Paragraph 43 of Gasser rebuttal. This proposed testimony is improper to the extent it is based on a November 8, 2005 telephone conversation between Dr. Gasser and Dr. Delannay about the accuracy of the conclusions Dr. Delannay wrote in his scientific notebook in 1986. This proposed testimony improperly relies on and discloses inadmissible and unreliable hearsay.

        (2) Paragraph 65 of Gasser rebuttal. This proposed testimony states that Dr. Gasser spoke to Dr. Kishore by telephone on November 8, 2005, and claims that Dr. Kishore concurred with his assessment that the '835 patent

and unreliable hearsay- indeed, hearsay that directly contradicts Dr. Kishore's sworn testimony in this case.

B.    Secondary considerations of non-obviousness of the Shah patent

        A number of sections of Monsanto's expert reports contain proposed testimony on secondary considerations of non-obviousness of the Shah patent. In an effort to narrow the issues for trial, Syngenta will not pursue its obviousness defense with respect to the Shah patent.

**Redacted**

REDACTED VERSION – PUBLICLY FILED

Thomas Miller, Esq.
January 9, 2006
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Therefore, the following sections are no longer relevant to any issue in this case and should be stricken from the expert reports:

(1) The entire Fromm initial expert report and Keegstra initial expert report section XII. This proposed testimony is all related to Syngenta's FFYBES program and is not relevant to any issue in this case.

(2) Keegstra rebuttal expert report section II (subparts G, H, I, and J); and Cahoon rebuttal expert report sections 7.0 and 7.2. This proposed testimony specifically discusses secondary considerations of non-obviousness relating to the Shah patent and is no longer relevant to any issue in this case.

C.    Proposed testimony based on documents that were withheld during discovery

We will seek to exclude all proposed expert testimony that is based on documents that were withheld from Syngenta during discovery. See Fed. R. Civ. P. 37(c)(1), Fed. R. Evid. 703, 705.

(1) Keegstra rebuttal expert report section II(G)(3) and Cahoon rebuttal report section 7 and p. 6, paragraph 1

This issue is directly related to the *Bayer v. Monsanto* settlement agreement which Monsanto has failed to produce despite numerous requests from Syngenta.

(2) As mentioned in my letter of December 30, 2005, Syngenta will seek to preclude Monsanto from introducing any expert testimony or other evidence at trial relating to any alleged infringement by Syngenta with respect to the Bayer GA21 material.

(3) The entire Keegstra surrebuttal report. This proposed testimony is based on documents from the RPA litigation that Monsanto refused to produce, and the report was untimely served.

In the event that this report and proposed testimony is not excluded, we will seek to depose Dr. Keegstra on his surrebuttal report and will seek production of all previously unproduced material from the RPA litigation.

D.    Proposed testimony relating to infringement under the doctrine of equivalents

The entire Keegstra surrebuttal report and Keegstra initial expert report section IX(c) relate exclusively to alleged infringement under the doctrine of equivalents. Dr. Keegstra's unsupported opinion fails to meet the criteria for admissibility under *Daubert*. Furhter, Monsanto failed to even allege infringement under the doctrine of equivalents until after the

**Redacted**

REDACTED VERSION – PUBLICLY FILED

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Thomas Miller, Esq.
January 9, 2006
Page 3

official close of fact discovery.  There is no reason why Monsanto could not have raised this argument prior to the close of discovery.  Monsanto severely prejudiced Syngenta by effectively precluding discovery on this issue during fact discovery.  Furthermore, Monsanto waited until the eve of Dr. Keegstra's expert deposition to provide a detailed surrebuttal report setting forth the factual basis for his contentions regarding infringement under the doctrine of equivalents.  The timing of Dr. Keegstra's surrebuttal report precluded Syngenta from sufficiently reviewing the report prior to Dr. Keegstra's deposition and from submitting its own report to rebut the opinions of Dr. Keegstra.  This again severely prejudiced Syngenta.  We will seek to preclude all expert testimony relating to infringement under the doctrine of equivalents.

Please let us know whether you will oppose Syngenta's motion.

Sincerely,

Scott J. Popma

1027052v3

REDACTED VERSION – PUBLICLY FILED

11

REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONSANTO COMPANY and
MONSANTO TECHNOLOGY LLC,

    Plaintiff,

    v.

SYNGENTA SEEDS, INC.,
SYNGENTA BIOTECHNOLOGY, INC., et. al.,

    Defendants.

C.A. NO. 04-305 SLR
(LEAD CASE)

DEKALB GENETICS CORP.,

    Plaintiff,

    v.

SYNGENTA SEEDS, INC.,
SYNGENTA BIOTECHNOLOGY, INC., et. al.,

    Defendants.

C.A. NO. 05-355 SLR

**CONTAINS RESTRICTED
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE
ORDER**

## EXPERT WITNESS REPORT OF DR. MICHAEL E. FROMM

### I.    INTRODUCTION

I, Michael E. Fromm, have been asked to prepare an expert report regarding Syngenta's efforts to develop their own glyphosate resistant corn product and the eventual abandonment of those efforts in favor of commercializing glyphosate resistant corn containing the GA21 event about which I expect to testify at trial. I also expect to testify in rebuttal to the testimony of experts provided by Syngenta.

### II.    QUALIFICATIONS

A copy of my curriculum vitae is attached as Exhibit A. I received a B.S. degree with highest honors in Chemistry from University of California, Davis in 1978. After receiving my

REDACTED VERSION – PUBLICLY FILED

# Exhibit 11
# REDACTED

REDACTED VERSION – PUBLICLY FILED

12

REDACTED VERSION – PUBLICLY FILED

# Exhibit 12
# REDACTED

REDACTED VERSION – PUBLICLY FILED

13

REDACTED VERSION – PUBLICLY FILED

Charles S. Gasser - December 13, 2005
Monsanto Company v. Syngenta Seeds, Inc.,

Page 1

1                IN THE UNITED STATES DISTRICT COURT

2                  FOR THE DISTRICT OF DELAWARE

3

4    MONSANTO COMPANY and        )

5    MONSANTO TECHNOLOGY         )

6    LLC,                        )

7                                )

8            Plaintiffs,         )

9                                )     Civil Action

10                               )     No. 04-305-SLR

11   v.                          )     (lead case)

12                               )

13   SYNGENTA SEEDS, INC.,       )

14   SYNGENTA BIOTECHNOLOGY,     )

15   INC.,                       )

16                               )

17           Defendants.         )

18   ****************************************************

19           VIDEOTAPED ORAL DEPOSITION OF

20                  CHARLES S. GASSER

21                  December 13, 2005

22   ****************************************************

23         *** RESTRICTED - CONFIDENTIAL ***

24         *** SUBJECT TO PROTECTIVE ORDER ***

25   REPORTED BY:  SUSAN P. MILLER, RDR, CRR, CBC

REDACTED VERSION – PUBLICLY FILED

# Exhibit 13
# REDACTED

REDACTED VERSION – PUBLICLY FILED

14

REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC, | |
| Plaintiff, | C.A. NO. 04-305 SLR (LEAD CASE) |
| v. | |
| SYNGENTA SEEDS, INC., SYNGENTA BIOTECHNOLOGY, INC., et. al., | |
| Defendants. | |
| DEKALB GENETICS CORP., | |
| Plaintiff, | C.A. NO. 05-355 SLR |
| v. | **RESTRICTED CONFIDENTIAL OUTSIDE COUNSEL ONLY** |
| SYNGENTA SEEDS, INC., SYNGENTA BIOTECHNOLOGY, INC., et. al., | |
| Defendants. | |

## REBUTTAL EXPERT REPORT OF CHARLES S. GASSER

**INTRODUCTION**

1.    I, Charles S. Gasser, have been asked to provide an expert report in rebuttal to certain issues raised in the reports of Dr. Eric Ward and Dr. Paul Christou.

**QUALIFICATIONS**

2.    I am a Professor in the Section of Molecular and Cellular Biology in the College of Biological Sciences at the University of California, Davis. I was awarded a Bachelor of Science degree in Botany from the University of California, Davis, in 1978, and a Ph.D. in Biology from Stanford University in 1985.

REDACTED VERSION – PUBLICLY FILED

# Exhibit 14
# REDACTED

REDACTED VERSION – PUBLICLY FILED

15

REDACTED VERSION – PUBLICLY FILED

Ganesh Kishore - September 30, 2005
Monsanto Company et al. v. Syngenta Seeds, Inc. et al.

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


- - - - - - - - - - - - - - - x
MONSANTO COMPANY and          : Civil Action Number
MONSANTO TECHNOLOGY LLC,      : 04-305(SLR)
         Plaintiffs,          :
     vs.                      :
SYNGENTA SEEDS, INC.,         :
SYNGENTA BIOTECHNOLOGY, INC., :
ET AL.,                       :
         Defendants.          :
- - - - - - - - - - - - - - - x
DEKALB GENETICS CORPORATION,  : 05-355(SLR)
         Plaintiff,           :
     vs.                      :
SYNGENTA SEEDS, INC.,         :
SYNGENTA BIOTECHNOLOGY, INC., :
ET AL.,                       :
         Defendants.          :
- - - - - - - - - - - - - - - x



CONFIDENTIAL VIDEO DEPOSITION OF GANESH KISHORE




Clayton, Missouri

Friday, September 30, 2005




REPORTED BY:

    J. BRYAN JORDAN

422ff558-f442-480f-be32-ada56b24af10

REDACTED VERSION – PUBLICLY FILED

# Exhibit 15
# REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street
> Wilmington, DE 19899-0951

I further certify that on January 19, 2006, copies of the foregoing document were served by hand delivery on the above listed counsel and on the following non-registered participants in the manner indicated below:

**BY FEDERAL EXPRESS**

Peter E. Moll, Esquire
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004

Susan Knoll, Esquire
Howrey Simon Arnold & White, LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Syngenta Seeds, Inc., Syngenta Corporation, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, and Golden Harvest Seeds, Inc.*

DB01:1611981.1