# EXHIBIT 4

Issued by the

# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

Syngenta Seeds, Inc.,
Plaintiff,

SUBPOENA IN A CIVIL CASE

v.

CASE NUMBER:  04-908-SLR

Monsanto Company and Monsanto Technology
LLC,
Defendants.

TO:    Miller Hybrids, Inc., 2858 470th St. SW, Iowa City, IA 52240

[ ]     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ]     YOU ARE COMMANDED to appear at the place, date, and time specified  below to testify at the taking of a deposition in the above case.

| | DATE AND TIME |
|---|---|

[ X ]    YOU ARE COMMANDED to produce and permit inspection and copying of  the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHMENT A**

| PLACE<br>Howrey LLP<br>1299 Pennsylvania Ave., NW<br>Washington, D.C.  20004 | DATE AND TIME<br>**Within 30 days of service of this subpoena.** |
|---|---|

[ ]     YOU ARE COMMANDED to permit inspection of the following premises at  the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officer, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Steven De Salvo - Attorney for Defendants Monsanto<br>Company and Monsanto Technology LLC | DATE<br>**January 25, 2006** |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
**David E. Moore**
**Potter Anderson & Corroon LLP**
**1313 N. Market Street**
**P.O. Box 951**
**Wilmington, DE 19899-0951**
**302-984-6000**

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

SERVED: **NOTICE OF SUBPEONA DUCES TECUM;**
**SUBPEONA IN A CIVIL CASE WITH ATTACHMENT**
**"A".**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Miller Hybrids, Inc. 2858 470th St. SW Iowa City, IA 52240 | U.S. Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Deborah Fritts-Rodriguez | Legal Secretary |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on January 25, 2006
DATE

SIGNATURE OF SERVER

Howrey LLP, 550 S. Hope St., Suite 1100
Los Angeles, CA 90071

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include. but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion. the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that. subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held. or

(iii) requires disclosure of privileged or other protected matter and no exception of waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A TO SUBPOENA FROM MONSANTO COMPANY
## TO MILLER HYBRIDS, INC.

### I.    DEFINITIONS

1. "Monsanto" means Monsanto Company, its predecessors, successors, subsidiaries, and each of its present and former officers, managers, employees, agents, and all other persons acting or purporting to act on its behalf, including but not limited to Monsanto Technology, LLC.

2. "Syngenta" means Syngenta Seeds, Inc., its predecessors, successors, subsidiaries, affiliates and each of its present or former officers, directors, managers, and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on its behalf, including, but not limited to, Syngenta AG, Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garst Seed Company, Advanta B.V., Advanta USA, Inc., Advanta Seeds, CHS Research, Inc., and GreenLeaf Genetics.

3. "You" and/or "your" means Miller Hybrids, Inc. and/or any of its subsidiaries, divisions, or affiliates, and each of its present and former officers, directors, managers, employees, agents, and all other persons acting or purporting to act on its behalf.

4. "Corn products" means any corn seed, corn traits, hybrid corn seed, inbred corn seed/foundation corn seed, or transgenic corn technology, including any combinations or stacks thereof.

4. "Document(s)" has the same meaning as in Fed. R. Civ. P. 34 and includes documents in your possession, custody or control, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

5. "Person(s)" refers to all natural persons, corporations, partnerships, ventures, or other business associations, societies, associations in fact, all federal, foreign, state, local, or other governmental entities, and all legal entities including all members, offices, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates, and subsidiaries.

6. "Communication(s)" means any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any

-3-

circumstances. The definition is not limited to transfers between persons but also includes: other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another; any telephone call between one or more individuals; and any conversation or meeting between one or more individuals.

7. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8. "Referring to" means constituting, comprising, concerning, regarding, containing, setting forth, showing, disclosing, describing, explaining, summarizing, either directly or indirectly, in whole or in part, and should be given the broadest possible scope.

9. "Relating to" shall mean constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, prepared in connection with, used in preparation for, appended to, or pertaining to, in whole or in part, the stated subject matter.

## II.    DOCUMENTS

For the period January 1, 1996 to the present:

1. Documents sufficient to show organizational structure, job titles, reporting relationships and responsibilities for all persons responsible for sale, marketing, or licensing of corn products.

2. All documents consisting of or referring to communications between you and Syngenta concerning any corn products or Monsanto.

3. All documents concerning Monsanto and relating to any corn products.

4. All documents concerning Syngenta and relating to any corn products.

5. All documents, including drafts, concerning any actual or proposed agreement, arrangement, or course of conduct between you and Syngenta relating to any corn product(s), including but not limited to license agreements, incentive agreements, and/or other agreements or arrangements.

6. All documents concerning any actual or proposed Syngenta marketing or pricing program, incentive, promotion, offer, or agreement referring to any corn product(s), including, but not limited to, any financial inducement or penalty by Syngenta conditioned upon your sales, licensing, purchasing, market share, or volume targets, any restriction or limitation on purchasing or licensing of any non-Syngenta corn products by you, or any restriction or limitation on dealing with Monsanto or other actual, potential, or perceived competitors of Syngenta.

7. All documents concerning or referring to any allegations or complaints by any employee or customer, past or current, that Syngenta has acted in an anticompetitive or unfair manner with respect to any corn products.

8. All documents concerning or referring to any express or implied threats or to intimidate, punish, or disadvantage you by Syngenta for doing or proposing to do business with Monsanto or any other company.

9. All documents concerning the factors you consider in determining: (1) whether to purchase or license genetically modified corn seed, including, but not limited to, any decision to license or purchase genetically modified corn seed as opposed to conventional corn seed; (2) whether to purchase or license a particular trait of any genetically modified corn seed; and (3) which corn seed you license or purchase.

10. All documents concerning comparisons of Syngenta corn seed traits with corn seed traits of any other company for any genetically modified seed.

11. All documents concerning comparisons of genetically modified corn seed with conventional corn seed.

12. With respect to your sale or licensing of any corn products to any other person or company, documents sufficient to show on a monthly or more frequent basis for each corn product sold or licensed: (1) revenues and/or license fees received; (2) units sold or licensed; (3) prices and/or license fees charged; and (4) the identity of the person or company to whom you sold or licensed that corn product.

13. With respect to your purchase or licensing of any corn products from any other person or company, documents sufficient to show on a monthly or more frequent basis for each corn product purchased or licensed: (1) license fees or other payments

made; (2) units purchased or licensed; (3) prices and/or license fees paid; and (4) the identity of the person or company from whom you purchased or licensed that corn product.

14. Documents sufficient to show your projections of revenues, units, and/or prices as to future purchases, sales, and/or licensing of any corn products.

15. All documents concerning any foundation corn seed containing GA21 or hybrid corn seed containing GA21 that you destroyed at the request of Monsanto, or that you returned to Monsanto.

16. Documents sufficient to show the terms on which you sell corn products.

17. Documents sufficient to show the terms on which you buy corn products.

18. Documents sufficient to show the terms of all incentive, rebate, or discount programs you administer, receive, or participate in with respect to corn products.

19. All documents concerning the purchase or sale of herbicides alone or in conjunction with the purchase or sale of corn products.

20. All documents concerning comparisons of herbicide/corn product systems or combinations.

21. Documents sufficient to show your sources of foundation seed.

22. Documents sufficient to show how you select foundation seeds.

23. Document sufficient to identify your competitors in the market in which you sell corn products.

24. Documents sufficient to identify the geographic area in which you sell corn products.

25. Documents sufficient to identify all brands sold by you, the relative percentage of sales for each brand, and the percentage of sales for any unbranded products.

26. Documents sufficient to show gross and net margins on corn products sold by you.

27. Documents sufficient to show the terms on which you buy corn products that contain more than one particular trait.

28. Documents sufficient to show the factors that determine the price at which you sell corn products.

29. Documents sufficient to show your responses to competitors, including levels of or changes in competitors' prices, product offerings, marketing or advertising.

///

# EXHIBIT 5

Issued by the

# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

Syngenta Seeds, Inc.,
Plaintiff,

**SUBPOENA IN A CIVIL CASE**

v.

**CASE NUMBER:  04-908-SLR**

Monsanto Company and Monsanto Technology
LLC,
Defendants.

TO:   **MSN MidWest Seed Network, PO Box 128, Bloomfield, NE 68718**

[ ]   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in
the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[ ]   YOU ARE COMMANDED to appear at the place, date, and time specified  below to testify at the taking of a deposition in
the above case.

| | DATE AND TIME |
|---|---|
| | |

[X]   YOU ARE COMMANDED to produce and permit inspection and copying of  the following documents or objects at the
place, date, and time specified below (list documents or objects):  **SEE ATTACHMENT A**

| PLACE<br>**Howrey LLP**<br>**1299 Pennsylvania Ave., NW**<br>**Washington, D.C.  20004** | DATE AND TIME<br>**Within 30 days of service of this**<br>**subpoena.** |
|---|---|

[ ]   YOU ARE COMMANDED to permit inspection of the following premises at  the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officer, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>**Steven De Salvo - Attorney for Defendants Monsanto**<br>**Company and Monsanto Technology LLC** | DATE<br><br>**January 25, 2006** |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS. AND PHONE NUMBER
**David E. Moore**
**Potter Anderson & Corroon LLP**
**1313 N. Market Street**
**P.O. Box 951**
**Wilmington, DE 19899-0951**
**302-984-6000**

(See Rule 45. Federal Rules of Civil Procedure Parts C & D on Reverse)

-1-

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED: **NOTICE OF SUBPOENA DUCES TECUM;
SUBPOENA IN A CIVIL CASE WITH ATTACHMENT
"A".**

SERVED ON (PRINT NAME)

**MSN MidWest Seed Network
PO Box 128
Bloomfield, NE 68718**

MANNER OF SERVICE

**U.S. Mail**

SERVED BY (PRINT NAME)

**Deborah Fritts-Rodriguez**

TITLE

**Legal Secretary**

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

**Executed on January 25, 2006**
DATE

SIGNATURE OF SERVER

**Howrey LLP, 550 S. Hope St., Suite 1100
Los Angeles, CA 90071**

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held. or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

-2-

**ATTACHMENT A TO SUBPOENA FROM MONSANTO COMPANY
TO MSN MIDWEST SEED NETWORK**

I.    **DEFINITIONS**

1. "Monsanto" means Monsanto Company, its predecessors, successors, subsidiaries, and each of its present and former officers, managers, employees, agents, and all other persons acting or purporting to act on its behalf, including but not limited to Monsanto Technology, LLC.

2. "Syngenta" means Syngenta Seeds, Inc., its predecessors, successors, subsidiaries, affiliates and each of its present or former officers, directors, managers, and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on its behalf, including, but not limited to, Syngenta AG, Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garst Seed Company, Advanta B.V., Advanta USA, Inc., Advanta Seeds, CHS Research, Inc., and GreenLeaf Genetics.

3. "You" and/or "your" means MSN Midwest Seed Network and/or any of its subsidiaries, divisions, or affiliates, and each of its present and former officers, directors, managers, employees, agents, and all other persons acting or purporting to act on its behalf.

4. "Corn products" means any corn seed, corn traits, hybrid corn seed, inbred corn seed/foundation corn seed, or transgenic corn technology, including any combinations or stacks thereof.

4. "Document(s)" has the same meaning as in Fed. R. Civ. P. 34 and includes documents in your possession, custody or control, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

5. "Person(s)" refers to all natural persons, corporations, partnerships, ventures, or other business associations, societies, associations in fact, all federal, foreign, state, local, or other governmental entities, and all legal entities including all members, offices, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates, and subsidiaries.

6. "Communication(s)" means any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes: other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another; any telephone call between one or more individuals; and any conversation or meeting between one or more individuals.

7. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8. "Referring to" means constituting, comprising, concerning, regarding, containing, setting forth, showing, disclosing, describing, explaining, summarizing, either directly or indirectly, in whole or in part, and should be given the broadest possible scope.

9. "Relating to" shall mean constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, prepared in connection with, used in preparation for, appended to, or pertaining to, in whole or in part, the stated subject matter.

## II.    DOCUMENTS

For the period January 1, 1996 to the present:

1. Documents sufficient to show organizational structure, job titles, reporting relationships and responsibilities for all persons responsible for sale, marketing, or licensing of corn products.

2. All documents consisting of or referring to communications between you and Syngenta concerning any corn products or Monsanto.

3. All documents concerning Monsanto and relating to any corn products.

4. All documents concerning Syngenta and relating to any corn products.

5. All documents, including drafts, concerning any actual or proposed agreement, arrangement, or course of conduct between you and Syngenta relating to any corn

product(s), including but not limited to license agreements, incentive agreements, and/or other agreements or arrangements.

6. All documents concerning any actual or proposed Syngenta marketing or pricing program, incentive, promotion, offer, or agreement referring to any corn product(s), including, but not limited to, any financial inducement or penalty by Syngenta conditioned upon your sales, licensing, purchasing, market share, or volume targets, any restriction or limitation on purchasing or licensing of any non-Syngenta corn products by you, or any restriction or limitation on dealing with Monsanto or other actual, potential, or perceived competitors of Syngenta.

7. All documents concerning or referring to any allegations or complaints by any employee or customer, past or current, that Syngenta has acted in an anticompetitive or unfair manner with respect to any corn products.

8. All documents concerning or referring to any express or implied threats or to intimidate, punish, or disadvantage you by Syngenta for doing or proposing to do business with Monsanto or any other company.

9. All documents concerning the factors you consider in determining: (1) whether to purchase or license genetically modified corn seed, including, but not limited to, any decision to license or purchase genetically modified corn seed as opposed to conventional corn seed; (2) whether to purchase or license a particular trait of any genetically modified corn seed; and (3) which corn seed you license or purchase.

10. All documents concerning comparisons of Syngenta corn seed traits with corn seed traits of any other company for any genetically modified seed.

11. All documents concerning comparisons of genetically modified corn seed with conventional corn seed.

12. With respect to your sale or licensing of any corn products to any other person or company, documents sufficient to show on a monthly or more frequent basis for each corn product sold or licensed: (1) revenues and/or license fees received; (2) units sold or licensed; (3) prices and/or license fees charged; and (4) the identity of the person or company to whom you sold or licensed that corn product.

13. With respect to your purchase or licensing of any corn products from any other person or company, documents sufficient to show on a monthly or more frequent basis for each corn product purchased or licensed: (1) license fees or other payments made; (2) units purchased or licensed; (3) prices and/or license fees paid; and (4) the identity of the person or company from whom you purchased or licensed that corn product.

14. Documents sufficient to show your projections of revenues, units, and/or prices as to future purchases, sales, and/or licensing of any corn products.

15. All documents concerning any foundation corn seed containing GA21 or hybrid corn seed containing GA21 that you destroyed at the request of Monsanto, or that you returned to Monsanto.

16. Documents sufficient to show the terms on which you sell corn products.

17. Documents sufficient to show the terms on which you buy corn products.

18. Documents sufficient to show the terms of all incentive, rebate, or discount programs you administer, receive, or participate in with respect to corn products.

19. All documents concerning the purchase or sale of herbicides alone or in conjunction with the purchase or sale of corn products.

20. All documents concerning comparisons of herbicide/corn product systems or combinations.

21. Documents sufficient to show your sources of foundation seed.

22. Documents sufficient to show how you select foundation seeds.

23. Document sufficient to identify your competitors in the market in which you sell corn products.

24. Documents sufficient to identify the geographic area in which you sell corn products.

25. Documents sufficient to identify all brands sold by you, the relative percentage of sales for each brand, and the percentage of sales for any unbranded products.

26. Documents sufficient to show gross and net margins on corn products sold by you.

-6-

27. Documents sufficient to show the terms on which you buy corn products that contain more than one particular trait.

28. Documents sufficient to show the factors that determine the price at which you sell corn products.

29. Documents sufficient to show your responses to competitors, including levels of or changes in competitors' prices, product offerings, marketing or advertising.

///

# EXHIBIT 6

Issued by the

# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

Syngenta Seeds, Inc.,
**Plaintiff,**

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 04-908-SLR

v.

Monsanto Company and Monsanto Technology
LLC,
**Defendants.**

TO:    AgReliant Genetics LLC, 1122 E. 169th Street, Westfield, IN 46074

[  ]    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[  ]    YOU ARE COMMANDED to appear at the place, date, and time specified  below to testify at the taking of a deposition in the above case.

|  | DATE AND TIME |
|---|---|

[ X ]    YOU ARE COMMANDED to produce and permit inspection and copying of  the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHMENT A**

| PLACE<br>Howrey LLP<br>1299 Pennsylvania Ave., NW<br>Washington, D.C.  20004 | DATE AND TIME<br>**Within 30 days of service of this subpoena.** |
|---|---|

[  ]    YOU ARE COMMANDED to permit inspection of the following premises at  the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officer, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Steven De Salvo - Attorney for Defendants Monsanto<br>Company and Monsanto Technology LLC | DATE<br>**January 25, 2006** |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS. AND PHONE NUMBER
**David E. Moore**
**Potter Anderson & Corroon LLP**
**1313 N. Market Street**
**P.O. Box 951**
**Wilmington, DE 19899-0951**
**302-984-6000**

(See Rule 45. Federal Rules of Civil Procedure Parts C & D on Reverse)

-1-

## PROOF OF SERVICE

|  |  |
|---|---|
| DATE | PLACE |

SERVED:  **NOTICE OF SUBPOENA DUCES TECUM;
SUBPOENA IN A CIVIL CASE WITH ATTACHMENT
"A".**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| **AgReliant Genetics LLC
1122 E. 169th Street
Westfield, IN 46074** | **U.S. Mail** |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| **Deborah Fritts-Rodriguez** | **Legal Secretary** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

**Executed on January 25, 2006**
DATE

SIGNATURE OF SERVER

**Howrey LLP, 550 S. Hope St., Suite 1100
Los Angeles, CA 90071**

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

### ATTACHMENT A TO SUBPOENA FROM MONSANTO COMPANY
### TO AgRELIANT GENETICS LLC

I.     **DEFINITIONS**

1. "Monsanto" means Monsanto Company, its predecessors, successors, subsidiaries, and each of its present and former officers, managers, employees, agents, and all other persons acting or purporting to act on its behalf, including but not limited to Monsanto Technology, LLC.

2. "Syngenta" means Syngenta Seeds, Inc., its predecessors, successors, subsidiaries, affiliates and each of its present or former officers, directors, managers, and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on its behalf, including, but not limited to, Syngenta AG, Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garst Seed Company, Advanta B.V., Advanta USA, Inc., Advanta Seeds, CHS Research, Inc., and GreenLeaf Genetics.

3. "You" and/or "your" means AgReliant Genetics LLC and/or any of its subsidiaries, divisions, or affiliates, and each of its present and former officers, directors, managers, employees, agents, and all other persons acting or purporting to act on its behalf.

4. "Corn products" means any corn seed, corn traits, hybrid corn seed, inbred corn seed/foundation corn seed, or transgenic corn technology, including any combinations or stacks thereof.

4. "Document(s)" has the same meaning as in Fed. R. Civ. P. 34 and includes documents in your possession, custody or control, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

5. "Person(s)" refers to all natural persons, corporations, partnerships, ventures, or other business associations, societies, associations in fact, all federal, foreign, state, local, or other governmental entities, and all legal entities including all members, offices, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates, and subsidiaries.

6. "Communication(s)" means any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes: other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another; any telephone call between one or more individuals; and any conversation or meeting between one or more individuals.

7. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8. "Referring to" means constituting, comprising, concerning, regarding, containing, setting forth, showing, disclosing, describing, explaining, summarizing, either directly or indirectly, in whole or in part, and should be given the broadest possible scope.

9. "Relating to" shall mean constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, prepared in connection with, used in preparation for, appended to, or pertaining to, in whole or in part, the stated subject matter.

## II.    DOCUMENTS

For the period January 1, 1996 to the present:

1. Documents sufficient to show organizational structure, job titles, reporting relationships and responsibilities for all persons responsible for sale, marketing, or licensing of corn products.

2. All documents consisting of or referring to communications between you and Syngenta concerning any corn products or Monsanto.

3. All documents concerning Monsanto and relating to any corn products.

4. All documents concerning Syngenta and relating to any corn products.

5. All documents, including drafts, concerning any actual or proposed agreement, arrangement, or course of conduct between you and Syngenta relating to any corn

product(s), including but not limited to license agreements, incentive agreements, and/or other agreements or arrangements.

6. All documents concerning any actual or proposed Syngenta marketing or pricing program, incentive, promotion, offer, or agreement referring to any corn product(s), including, but not limited to, any financial inducement or penalty by Syngenta conditioned upon your sales, licensing, purchasing, market share, or volume targets, any restriction or limitation on purchasing or licensing of any non-Syngenta corn products by you, or any restriction or limitation on dealing with Monsanto or other actual, potential, or perceived competitors of Syngenta.

7. All documents concerning or referring to any allegations or complaints by any employee or customer, past or current, that Syngenta has acted in an anticompetitive or unfair manner with respect to any corn products.

8. All documents concerning or referring to any express or implied threats or to intimidate, punish, or disadvantage you by Syngenta for doing or proposing to do business with Monsanto or any other company.

9. All documents concerning the factors you consider in determining: (1) whether to purchase or license genetically modified corn seed, including, but not limited to, any decision to license or purchase genetically modified corn seed as opposed to conventional corn seed; (2) whether to purchase or license a particular trait of any genetically modified corn seed; and (3) which corn seed you license or purchase.

10. All documents concerning comparisons of Syngenta corn seed traits with corn seed traits of any other company for any genetically modified seed.

11. All documents concerning comparisons of genetically modified corn seed with conventional corn seed.

12. With respect to your sale or licensing of any corn products to any other person or company, documents sufficient to show on a monthly or more frequent basis for each corn product sold or licensed: (1) revenues and/or license fees received; (2) units sold or licensed; (3) prices and/or license fees charged; and (4) the identity of the person or company to whom you sold or licensed that corn product.

13. With respect to your purchase or licensing of any corn products from any other person or company, documents sufficient to show on a monthly or more frequent basis for each corn product purchased or licensed: (1) license fees or other payments made; (2) units purchased or licensed; (3) prices and/or license fees paid; and (4) the identity of the person or company from whom you purchased or licensed that corn product.

14. Documents sufficient to show your projections of revenues, units, and/or prices as to future purchases, sales, and/or licensing of any corn products.

15. All documents concerning any foundation corn seed containing GA21 or hybrid corn seed containing GA21 that you destroyed at the request of Monsanto, or that you returned to Monsanto.

16. Documents sufficient to show the terms on which you sell corn products.

17. Documents sufficient to show the terms on which you buy corn products.

18. Documents sufficient to show the terms of all incentive, rebate, or discount programs you administer, receive, or participate in with respect to corn products.

19. All documents concerning the purchase or sale of herbicides alone or in conjunction with the purchase or sale of corn products.

20. All documents concerning comparisons of herbicide/corn product systems or combinations.

21. Documents sufficient to show your sources of foundation seed.

22. Documents sufficient to show how you select foundation seeds.

23. Document sufficient to identify your competitors in the market in which you sell corn products.

24. Documents sufficient to identify the geographic area in which you sell corn products.

25. Documents sufficient to identify all brands sold by you, the relative percentage of sales for each brand, and the percentage of sales for any unbranded products.

26. Documents sufficient to show gross and net margins on corn products sold by you.

27. Documents sufficient to show the terms on which you buy corn products that contain more than one particular trait.

28. Documents sufficient to show the factors that determine the price at which you sell corn products.

29. Documents sufficient to show your responses to competitors, including levels of or changes in competitors' prices, product offerings, marketing or advertising.

///