
## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>        Plaintiffs,<br>v.<br><br>SYNGENTA SEEDS, INC.<br>SYNGENTA BIOTECHNOLOGY, INC., et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   C. A. No. 04-305 SLR<br>)   (Lead Case)<br>)<br>)<br>)   **PUBLIC VERSION**<br>)<br>) |
| DEKALB GENETICS CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>SYNGENTA SEEDS, INC.,<br>SYNGENTA BIOTECHNOLOGY, INC., et al.<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT THAT THE SHAH '835 PATENT IS NOT INVALID UNDER § 102 (e) OVER THE '925 PATENT**

OF COUNSEL:

Susan K. Knoll
Thomas A. Miller
Melinda Patterson
Stephen E. Edwards
Steven G. Spears
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
(713) 787-1400

Dated: January 11, 2006
Public Version Dated: January 30, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys For Monsanto Company, Monsanto Technology LLC, and DEKALB Genetics Corporation*

# TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ................................................. 1

II. SUMMARY .................................................................................................................. 1

III. STATEMENT OF FACTS ......................................................................................... 3

    A. The Shah Inventors' Discovered Chimeric Plant Genes That Confer
       Resistance To Glyphosate As Reflected In The '835 Patent ............................. 3

    B. Chimeric Gene Construct pMON546 Is Shown By Monsanto Researchers
       To Confer Glyphosate Resistance By At Least June 1985 ............................... 4

    C. The '925 Patent Is Entitled To A Filing Date No Earlier Than July 15, 1985 ....... 6

IV. DISCUSSION ............................................................................................................... 7

    A. The Legal Standard For Summary Judgment .................................................... 7

    B. There Is No Dispute That Monsanto Scientists Invented The Subject Matter
       Of The '835 Patent Before The July 15, 1985 Filing Date Of The '925 Patent..... 8

       1. There Can Be No Dispute That The pMON546 Construct Satsified
          All The Limitations Of Claim 1 Of The '835 Patent Before The
          '925 Patent Filing Date ................................................................................. 10

       2. All The Evidence Indicates That The pMON546 Construct Worked
          For Its Intended Purpose Before The '925 Patent Filing Date ..................... 12

V. CONCLUSION ........................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.*,
   960 F.2d 1020 (Fed. Cir. 1992) ........................................................................... 8

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ........................................ 7

*Brosnahan Builders, Inc. v. Harleysville Mutual Ins. Co.*,
   137 F. Supp. 2d 517 (D. Del. 2001),
   *aff'd*, 2003 WL 146486 (3rd Cir. Jan. 21, 2003) ................................................. 8

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ........................................ 8

*Cooper v. Goldfarb*,
   154 F.3d 1321 (Fed. Cir. 1998) ........................................................................... 9

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*,
   234 F.3d 558 (Fed. Cir. 2000) ............................................................................. 8

*Horowitz v. Fed. Kemper Life Assurance Co.*,
   57 F.3d 300 (3rd Cir.1995) .................................................................................. 7

*Loral Fairchild Corp. v. Matsushita Elecs.*,
   266 F.3d 1358 (Fed. Cir. 2001) ........................................................................... 9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574, 106 S.Ct. 1348, L.Ed.2d 538 (1986) ............................................. 7

*Pa. Coal Ass'n v. Babbitt*,
   63 F.3d 231 (3rd Cir.1995) .................................................................................. 7

*Sun Studs, Inc. v. ATA Equip. Leasing, Inc.*,
   872 F.2d 978 (Fed. Cir. 1989) ............................................................................. 8

*Taskett v. Dentlinger*,
   344 F.3d 1337 (Fed. Cir. 2003) ........................................................................... 8

**Statutes**

35 U.S.C. § 101 ........................................................................................................... 8

35 U.S.C. § 102 ....................................................................................................... 1, 8

35 U.S.C. § 102 (e) ............................................................................................. *passim*

**<u>Rules</u>**

Fed. R. Civ. P. 56 .................................................................................................. 7

Fed.R.Civ.P. 56(c) ................................................................................................ 7

Fed.R.Civ.P. 56(e) ................................................................................................ 7

Plaintiffs Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") and DEKALB Genetics Corporation ("DEKALB") move for summary judgment that the asserted claims of U.S. Patent No. 4,940,835 (the '835 patent) are not invalid under 35 U.S.C. § 102 (e) over U.S. Patent No. 5,728,925 to Herrera-Estrella ("the '925 patent"). Summary judgment is appropriate because no evidence supports Defendants Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc.'s ("Syngenta") contention that the researchers at Monsanto did not invent the subject matter of the '835 patent before the July 15, 1985 filing date of the '925 patent.

## I.   NATURE AND STAGE OF THE PROCEEDINGS

Monsanto brought the "lead case" in this action on May 12, 2004 alleging that Syngenta's GA21 corn products infringe Monsanto's '835 patent. C.A. No. 05-355 SLR, in which DEKALB asserts that Syngenta's GA21 corn products infringe U.S. Patent Nos. 5,538,880 and 6,013,863 ("the Lundquist patents") was consolidated with the lead case on August 23, 2005. Fact discovery and expert discovery are closed, and this case is set for trial on May 30, 2006.

## II.   SUMMARY

Monsanto's '835 patent relates to chimeric plant genes that render plant cells and plants resistant to glyphosate—a herbicide sold by Monsanto under the trademark Roundup®. [*See* Exh. 1, '835 patent, col. 1, ll. 24-47; col. 2, ll. 15-18] Glyphosate inhibits the growth of plants by inhibiting an enzyme called 5-enolpyruvylshikimate-3-phosphate synthase, commonly known as "EPSPS," which functions to catalyze a reaction in the biochemical pathway for creating aromatic amino acids. [*Id.*, col. 1, ll. 24-43] Glyphosate is a herbicide that is commonly used for weed control. [*Id.*, col. 1, ll. 24-31] With the development of glyphosate resistant crops such as glyphosate resistant corn,

soybeans, and cotton, farmers now have the ability to spray glyphosate herbicide over an entire field to inhibit the growth of weeds without damaging their plant crops. [*See id.*, col. 3, ll. 2-6]

Syngenta has asserted a multitude of invalidity defenses against the '835 patent, including that claims 1, 5 and 6 of the '835 patent are anticipated under § 102 (e) by the '925 patent. Syngenta asserts that the '835 patent is invalid because (1) the application that led to the '925 patent discloses every limitation of the asserted claims, and (2) it was filed in the U.S. on July 15, 1985, three weeks before Monsanto's August 7, 1985 filing of the application that would become the '835 patent. However, in order to constitute prior art to the '835 patent as a matter of law, the '925 patent must have been filed before the researchers at Monsanto *invented* the subject matter of the '835 patent. There is no genuine issue of material fact that Monsanto invented the claimed invention before the July 15, 1985 filing date of the '925 patent.

It cannot be disputed that Monsanto scientists invented a chimeric gene containing CTP/EPSPS fusion polypeptide in accordance with the properly construed claims ("pMON546") before the July 15, 1985 filing date of the '925 patent. That pMON546 construct meets all the properly construed limitations of the asserted claims and was shown to confer glyphosate resistance in petunia cells by at least June 24, 1985 also cannot be disputed. Summary judgment is appropriate, because the only evidence is that Monsanto invented the subject matter claimed of the '835 patent before the '925 patent filing date. As such, the '925 patent is not prior art and cannot invalidate the '835 patent as a matter of law.

2

### III. STATEMENT OF FACTS

#### A. The Shah Inventors' Discovered Chimeric Plant Genes That Confer Resistance To Glyphosate As Reflected In The '835 Patent

As set forth in the '835 patent, Monsanto scientists had the concept of creating chimeric plant genes which, when expressed in a plant cell, would render the plant cell and plants regenerated from the plant cell resistant to glyphosate. [Exh. 1, '835 patent, col. 2, ll. 21-38] The Monsanto inventors discovered that the key to achieving efficacious glyphosate resistance in plants was in the use of a chimeric plant gene encoding a polypeptide which comprised a chloroplast transit peptide. [*Id.*, col. 1, l. 50 – col. 2, l. 2] The chloroplast transit peptide or "CTP" functions in a plant cell to cause the transport of a polypeptide into a chloroplast in the plant cell. [*Id.*, col. 2, l. 66 – col. 3, l. 2] By transforming plant cells with chimeric EPSPS genes whose sequence included a chloroplast transit peptide sequence, the Monsanto inventors demonstrated a substantial degree of glyphosate resistant plant cells and plants. [*Id.*, col. 2, l. 62 – col. 3, l. 2]

On August 7, 1985, Monsanto filed the patent application that would become the '835 patent. [*Id.*] After two continuation applications, the '835 patent issued July 10, 1990 and is entitled "Glyphosate-Resistant Plants." *Id.* Plaintiffs assert that Syngenta's GA21 corn products infringe claims 1, 5 and 6 of the '835 patent. Claim 1 of the '835 patent recites:

> A chimeric plant gene which comprises:
> (a) a promoter sequence which functions in plant cells;
> (b) a coding sequence which causes the production of RNA, encoding a chloroplast transit peptide/5-enolpyruvylshikimiate-3-phosphate synthase fusion polypeptide, which chloroplast transit peptide permits the fusion polypeptide to be imported into a chloroplast of a plant cell;

3

> (c) a 3' non-translated region which encodes a polyadenylation signal which functions in plant cells to cause the addition of polyadenylate nucleotides to the 3' end of the RNA;
>
> the promoter being heterologous with respect to coding sequence and adapted to cause sufficient expression of the fusion polypeptide to enhance the glyphosate resistance of a plant cell transformed with the gene.

[*Id.*, col. 32, ll. 31-47] Claims 5 and 6 depend from claim 1 and describe types of EPSPS coding sequences that can be used to practice the claimed invention. [*Id.*, col. 32, ll. 56-62] As discussed in detail in the claim construction briefing submitted concurrently herewith, a "fusion polypeptide," as used in the asserted claims, means two or more dissimilar peptides, e.g., a CTP and an EPSPS, that have been joined together to create a polypeptide, whether those elements are found together in nature ("a homologous fusion" or "naturally occurring fusion") or are two elements that do not occur together in nature ("a heterologous fusion"). Thus, the CTP may or may not be heterologous to the EPSPS.

### B. Chimeric Gene Construct pMON546 Is Shown By Monsanto Researchers To Confer Glyphosate Resistance By At Least June 1985

███████████████████████████████████████████████

███████████████████████████ [Exh. 2, Fraley Tr. 16:16-22]

███████████████████████████████████████████████

████████████████████████████. [*Id.*, 16:5-15]

███████████████████████████████████████████████

███████████████████████████████████████████████

███████

███████████████████████████████

4

[Exh. 4 (MGA0080324-329 at 324)] █████████

█████████████████████████████████████

█████████████████████████████ [Exh. 3 (MRR003502)]

Thereafter, Dr. Shah and his colleagues worked diligently to prepare a chimeric gene construct as set forth in the claims of the '835 patent. █████████

█████████████████████████████████████

█████████████████████████████████████

█████████ None of the facts set forth below can be disputed by Syngenta.

█████████████████████████████████████

█████████████████████████████████████

█████. [Exh. 5 (MRR003932) (Klee Lab Notebook); Exh. 6, Klee Tr. 55:9-22] █

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████ [*See id.*; *see also* Exh. 7 (MGA 0031616-17); Exh. 6, Klee Tr. 56:1 – 57:4]

█████████████████████████████████████

█████████████[Exh. 6, Klee Tr. 57:11-21] █████████

█████████████████████████████████████

█████████████ [Exh. 8 (MRR002265)] █████████

█████████████████████████████████████

5



[*Id.*; *see also* Exh. 9, Hoffmann Decl. ¶ 5]

[Exh. 9, Hoffmann Decl. ¶¶ 4-5; Exh. 10 (MRR005563 and 5569)]

[Exh. 10 (MRR005569)]

[*Id.*; Exh. 9, Hoffmann Decl. ¶ 4]

### C. The '925 Patent Is Entitled To A Filing Date No Earlier Than July 15, 1985

On July 15, 1985, Plant Genetic Systems N.V. and Bayer N.V., filed the application that would become the '925 patent. [Exh. 12, '925 patent] After a series of continuations, the patent issued on March 17, 1998, and is entitled "Chimeric Gene Coding for a Transit Peptide and a Heterologous Polypeptide." [*Id.*] Thus, the U.S. priority date for the '925 patent is July 15, 1985. Syngenta has asserted that claims 1, 5

---

1

6

and 6 of the '835 patent are anticipated under § 102 (e) by the '925 patent, based upon this priority date. [*See* Exh. 13, Syngenta's Second Supp. Response to Plaintiffs' Int. No. 4 at 21] The '925 patent can only constitute prior art—if at all—under § 102(e). There has been no discovery taken of the assignor or the inventors of the '925 patent in this case, because it did not issue until 1998.

## IV.    DISCUSSION

### A.    The Legal Standard For Summary Judgment

Plaintiffs bring this motion for summary judgment pursuant to Fed. R. Civ. P. 56. This Court has stated the standard for summary judgment as follows:

> A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n. 1 (3rd Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3rd Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of

7

law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

*Brosnahan Builders, Inc. v. Harleysville Mutual Ins. Co.*, 137 F. Supp. 2d 517, 524-25 (D. Del. 2001), *aff'd*, 2003 WL 146486 (3rd Cir. Jan. 21, 2003). Summary judgment is particularly appropriate in this case because priority of invention, and its underlying issues of conception and reduction to practice, are "questions of law predicated on subsidiary factual findings." *Taskett v. Dentlinger*, 344 F.3d 1337, 1339 (Fed. Cir. 2003).

>   B.  **There Is No Dispute That Monsanto Scientists Invented The Subject Matter Of The '835 Patent Before The July 15, 1985 Filing Date Of The '925 Patent**

The United States patent system awards patents to whoever invents or discovers *first* "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof ...." 35 U.S.C. §§ 101, 102. This is reflected in section 102(e) of Title 35 of the United States Code, which provides:

> A person shall be entitled to a patent unless—the invention was described in: (1) an application for patent, published ... by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent ....

(emphasis added). "When patents are not in interference, the effective date of a reference ... as prior art is its filing date in the United States, as stated in § 102 (e), not the date of conception or actual reduction to practice of the invention claimed or the subject matter disclosed in the reference patent." *Sun Studs, Inc. v. ATA Equip. Leasing, Inc.*, 872 F.2d 978, 983 (Fed. Cir. 1989), *overruled by A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020 (Fed. Cir. 1992)(regarding laches defense) *abrogated by Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 234 F.3d 558 (Fed. Cir. 2000)(regarding prosecution history estoppel). Thus, to antedate an alleged anticipating reference under

8

§ 102(e), a patentee must show "a reduction to practice, or conception of the invention plus diligence to actual or constructive reduction to practice" before the referenced patent's U.S. file date. *Loral Fairchild Corp. v. Matsushita Elecs.*, 266 F.3d 1358 (Fed. Cir. 2001)(Newman, J., concurring).

An actual reduction to practice requires that Monsanto establish that the inventors: (1) constructed an embodiment that met all the limitations of claim; and (2) determined that the invention would work for its intended purpose. *See Cooper,* 154 F.3d at 1327. Summary judgment is appropriate in this case because "[p]riority, conception, and reduction to practice are questions of law which are based on subsidiary factual findings." *Cooper v. Goldfarb,* 154 F.3d 1321, 1327 (Fed. Cir. 1998). There is no dispute (nor any evidence to the contrary) that Monsanto reduced the '835 invention to practice no later than June 24, 1985, well before the July 15, 1985 '925 patent filing date.

### 1. There Can Be No Dispute That The pMON546 Construct Satsified All The Limitations Of Claim 1 Of The '835 Patent Before The '925 Patent Filing Date

Monsanto constructed an embodiment that met all the properly construed limitations of claim 1 of the '835 patent before the '925 patent filing date. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ [*See* Exh. 5, Klee Tr. 55:9-22; Exh. 6 (MRR003932)] The documents and laboratory notebooks evidencing the construction of the gene are set forth below.

(a)    **Promoter:** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. [Exh. 5 (MRR003932); *see also* Exh. 6, Klee Tr. at

9

56:1-7] ████████████████████

████████████████ [Exh. 5 (MRR003932)] ████████

████████████████████████████████

████████████████████████████ [Exh. 7 (MGA0031605-623 at 616)

████████████████████████████

████. [Exh. 6, Klee Tr. at 4:4-7]

    **(b)**    **EPSPS protein:** ████████████████

████████████████████████████

████████████████████ [Exh. 6, Klee Tr. at 56:10-12,

57:2-4; *see also* Exh. 5 (MRR003932)] ████████████

████████████████████████████

████████ [Exh. 7 (MGA0031617) (emphasis added)]

    **(c)**    **Chloroplast transit peptide (CTP):** ████████

████████████████████████████ [Exh. 5 (MRR003932);

Exh. 6, Klee Tr. 56:13-14] ████████████████

████████████████████████████

████████████████████ [Exh. 7 (MGA0031617) (emphasis added)]

    **(d)**    **3' Untranslated region (UTR) that encodes a polyadenylation signal:** ██

████████████████████████████

████████████████████████████ [Exh. 5

(MRR003932); Exh. 6, Klee Tr. 56:23-57:1] ████████

████████████████ [Exh. 7 (MGA0031616)] ████████

████████████████████

10

(e) **Heterologous promoter and coding sequence:** ███████

████████████████████████████████████████

████████████████████████████████████ [*See*

Exh. 5 (MRR003932); Exh. 7 (MGA0031617)]

Hence, the Monsanto inventors and their colleagues constructed an embodiment of the invention that met all the properly construed limitations of claim of the '835 patent by at least May 28, 1985—before the '925 patent filing date.

### 2. All The Evidence Indicates That The pMON546 Construct Worked For Its Intended Purpose Before The '925 Patent Filing Date

An actual reduction to practice also requires that Monsanto establish that the inventors determined that the invention would work for its intended purpose. ███

████████████████████████████████████████

██████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████ [Exh. 10 (MRR005563-64,

69); Exh. 8 (MRR002265); Exh. 9, Hoffmann Decl. ¶¶ 4-5] ████████

████████████████████████████████████████

████████████████ [Exh. 8 (MRR002265)] ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

11



[Exh. 9, Hoffmann Decl. ¶ 5; Exh. 10 (MRR005569)]

[Exh. 11 (MRR002809-12 at 2812)]

Syngenta cannot dispute these facts. Under the law, there is no genuine issue of material fact that Monsanto invented the subject matter of the '835 patent *before* the July 15, 1985 filing date of the '925 patent.

## V.   CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that this Court enter judgment that the the asserted claims of the '835 patent are not invalid as a matter of law under 35 U.S.C. § 102 (e) over the disclosures in the '925 patent.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Susan K. Knoll<br>Thomas A. Miller<br>Melinda Patterson<br>Stephen E. Edwards<br>Steven G. Spears<br>HOWREY LLP<br>1111 Louisiana, 25th Floor<br>Houston, Texas 77092<br>Telephone (713) 787-1400 | By: */s/ David E. Moore*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Telephone (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Dated: January 11, 2005<br>Public Version Dated: January 29, 2006<br>717296 | *Attorneys for Plaintiffs* |

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 30, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

I hereby certify that on January 30, 2006, I have Federal Expressed the foregoing document(s) to the following non-registered participants:

| | |
|---|---|
| Richard F. Schwed | Michael J. Flibbert |
| Stephen Fishbein | Don O. Burley |
| Shearman & Sterling LLP | Howard W. Levine |
| 599 Lexington Avenue | Finnegan, Henderson, Farabow, |
| New York, NY  10022-6069 | Garrett & Dunner, L.L.P. |
| | 901 New York Ave., NW |
| | Washington, DC  20001-4413 |

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com