# EXHIBIT 23

I

98TH CONGRESS
2D SESSION

# H. R. 6286

To amend title 35, United States Code, to increase the effectiveness of the patent laws, and for other purposes.

---

## IN THE HOUSE OF REPRESENTATIVES

SEPTEMBER 20, 1984

Mr. KASTENMEIER (for himself, Mr. MAZZOLI, Mrs. SCHROEDER, Mr. GLICK-MAN, Mr. FRANK, Mr. BERMAN, Mr. MOORHEAD, Mr. HYDE, Mr. DEWINE, Mr. KINDNESS, and Mr. SAWYER) introduced the following bill; which was referred to the Committee on the Judiciary

---

# A BILL

To amend title 35, United States Code, to increase the effectiveness of the patent laws, and for other purposes.

1    *Be it enacted by the Senate and House of Representa-*

2    *tives of the United States of America in Congress assembled,*

3                     SHORT TITLE

4    SECTION 1. This Act may be cited as the "Patent Law

5    Amendments Act of 1984".

2

1    TITLE I—PATENT IMPROVEMENT PROVISIONS

2    USE OF PATENTED INVENTIONS OUTSIDE THE UNITED

3                          STATES

4        SEC. 101. (a) Section 271 of title 35, United States

5    Code, is amended by adding at the end thereof the following

6    new subsections:

7        "(e) Whoever without authority imports into or sells or

8    uses within the United States a product which is made in

9    another country by a process patented in the United States

10    shall be liable as an infringer, if the importation, sale, or use

11    of the product occurs during the term of such process patent.

12        "(f)(1) Whoever without authority supplies or causes to

13    be supplied in or from the United States all or a substantial

14    portion of the components of a patented invention, where

15    such components are uncombined in whole or in part, in such

16    manner as to actively induce the combination of such compo-

17    nents outside of the United States in a manner that would

18    infringe the patent if such combination occurred within the

19    United States, shall be liable as an infringer.

20        "(2) Whoever without authority supplies or causes to be

21    supplied in or from the United States any component of a

22    patented invention that is especially made or especially

23    adapted for use in the invention and not a staple article or

24    commodity of commerce suitable for substantial noninfringing

25    use, where such component is uncombined in whole or in

3

1  part, knowing that such component is so made or adapted

2  and intending that such component will be combined outside

3  of the United States in a manner that would infringe the

4  patent if such combination occurred within the United States,

5  shall be liable as an infringer.".

6      (b) Section 287 of title 35, United States Code, is

7  amended by adding at the end thereof the following: "No

8  damages may be recovered for an infringement under section

9  271(e) of this title unless the infringer was on notice that the

10  product was made by a process patented in the United

11  States.".

12          STATUTORY INVENTION REGISTRATION

13      SEC. 102. (a) Chapter 14 of title 35, United States

14  Code, is amended by adding at the end thereof the following

15  new section:

16  **"§ 156. Statutory invention registration**

17      "(a) Notwithstanding any other provision of this title,

18  the Commissioner is authorized to publish a statutory inven-

19  tion registration containing the specification and drawings of

20  a regularly filed application for a patent without examination

21  if the applicant—

22          "(1) meets the requirements of section 112 of this

23      title;

24          "(2) has complied with the requirements for print-

25      ing, as set forth in regulations of the Commissioner;

4

1      "(3) waives the right to receive a patent on the

2      invention within such period as may be prescribed by

3      the Commissioner; and

4        "(4) pays application, publication, and other proc-

5      essing fees established by the Commissioner.

6  If an interference is declared with respect to such an applica-

7  tion, a statutory invention registration may not be published

8  unless the issue of priority of invention is finally determined

9  in favor of the applicant.

10  "(b) The waiver under subsection (a)(3) of this section

11  by an applicant shall take effect upon publication of the statu-

12  tory invention registration.

13  "(c) A statutory invention registration published pursu-

14  ant to this section shall have all of the attributes specified for

15  patents in this title except those specified in section 183 and

16  sections 271 through 289 of this title. A statutory invention

17  registration shall not have any of the attributes specified for

18  patents in any other provision of law other than this title. A

19  statutory invention registration published pursuant to this

20  section shall give appropriate notice to the public, pursuant

21  to regulations which the Commissioner shall issue, of the pre-

22  ceding provisions of this subsection. The invention with re-

23  spect to which a statutory invention certificate is published is

24  not a patented invention for purposes of section 292 of this

25  title.".

5

1    (b) The table of sections at the beginning of chapter 14

2    of title 35, United States Code, is amended by adding at the

3    end thereof the following:

"156. Statutory invention registration.".

4    (c) The amendments made by this section shall take

5    effect six months after the date of the enactment of this Act.

6    FILING OF APPLICATIONS IN FOREIGN COUNTRIES

7    SEC. 103. (a) Section 184 of title 35, United States

8    Code, is amended—

9        (1) in the third sentence—

10            (A) by striking out "inadvertently"; and

11            (B) by inserting "through error and without

12        deceptive intent" after "filed abroad"; and

13        (2) by adding at the end thereof the following new

14    paragraph:

15    "Subject to such conditions as the Commissioner may

16    set by regulations, the scope of a license shall permit subse-

17    quent modifications, amendments, and supplements contain-

18    ing additional subject matter when the application upon

19    which the request for the license is based is not required to be

20    made available for inspection under section 181 of this title."

21        (b) Section 185 of title 35, United States Code, is

22    amended by inserting immediately before the period in the

23    last sentence the following: ", unless the failure to procure

24    such license was through error and without deceptive intent,

●HR 6286 IH

6

1 and the patent does not disclose subject matter within the

2 scope of section 181 of this title''.

3    (c) Section 186 of title 35, United States Code, is

4 amended by inserting ''willfully'' after ''whoever'', the

5 second place it appears.

6                    PRIOR ART

7    SEC. 104. Section 103 of title 35, United States Code,

8 is amended by adding at the end thereof the following:

9    ''Subject matter developed by another person, which

10 qualifies as prior art only under subsection (f) or (g) of section

11 102 of this title, shall not preclude patentability under this

12 section where the subject matter and the claimed invention

13 were, at the time the invention was made, owned by the

14 same person or subject to an obligation of assignment to the

15 same person.''.

16            ·    JOINT INVENTORS

17    SEC. 105. (a) Section 116 of title 35, United States

18 Code, is amended by amending the first paragraph to read as

19 follows:

20    ''When an invention is made by two or more persons

21 jointly, they shall apply for patent jointly and each make the

22 required oath, except as otherwise provided in this title. In-

23 ventors may apply for a patent jointly even though (1) they

24 did not physically work together or at the same time, (2) each

25 did not make the same type or amount of contribution, or (3)

7

ithin the

Code, is

er", the

es Code,

n, which

of section

nder this

nvention

by the

nt to the

d States

read as

persons

nake the

title. In-

(1) they

(2) each

, or (3)

1  each did not make a contribution to the subject matter of

2  every claim of the patent."

·3      (b) Section 120 of title 35, United States Code, is

4  amended by striking out "by the same inventor" and insert-

5  ing in lieu thereof "which is filed by an inventor or inventors

6  named in the previously filed application".

7                    ARBITRATION OF INTERFERENCES

8      SEC. 106. Section 135 of title 35, United States Code,

9  is amended by adding at the end thereof the following new

10 subsection:

11      "(d) Parties to a patent interference, within such time as

12 may be specified by the Commissioner by regulation, may

13 determine such contest or any aspect thereof by arbitration.

14 Such arbitration shall be governed by the provisions of title 9

15 to the extent such title is not inconsistent with this section.

16 The parties shall give notice of any arbitration award to the

17 Commissioner, and such award shall, as between the parties

18 to the arbitration, be dispositive of the issues to which it re-

19 lates. The arbitration award shall be unenforceable until such

20 notice is given. Nothing in this subsection shall preclude the

21 Commissioner from determining patentability of the invention

22 involved in the interference."

23                         EFFECTIVE DATE

24      SEC. 107. (a) Except as provided in section 102(c) of

25 this Act and subsection (b) of this section, the amendments

●HR 6286 IH

8

1 made by this Act shall apply to any United States patent
2 granted on or after the date of the enactment of this Act.

3     (b)(1) The amendment made by section 106 of this Act
4 shall apply to any United States patent granted before, on, or
5 after the date of the enactment of this Act, and to all applica-
6 tions for United States patents pending on or filed after such
7 date of enactment.

8     (2) The amendment made by section 106 of this Act
9 shall not affect any final decision made by a court or the
10 Patent and Trademark Office before the date of the enact-
11 ment of this Act with respect to a patent or application for
12 patent, if no appeal from such decision is pending and the
13 time for filing an appeal has expired.

14     TITLE II—PATENT AND TRADEMARK OFFICE
15                        PROCEDURES

16     BOARD OF PATENT APPEALS AND INTERFERENCES

17     SEC. 201. (a) Section 7 of title 35, United States Code,
18 is amended to read as follows:

19 **"§7.  Board of Patent Appeals and Interferences**

20     "(a) The examiners-in-chief shall be persons of compe-
21 tent legal knowledge and scientific ability, who shall be ap-
22 pointed to the competitive service. The Commissioner, the
23 Deputy Commissioner, the Assistant Commissioners, and the
24 examiners-in-chief shall constitute the Board of Patent Ap-
25 peals and Interferences.

9

ates patent

f this Act

of this Act

fore, on, or

all applica-

after such

f this Act

urt or the

the enact-

ication for

g and the

FFICE

:NCES

ites Code,

of compe-

all be ap-

oner, the

, and the

tent Ap-

1    "(b) The Board of Patent Appeals and Interferences

2    shall, on written appeal of an applicant, review adverse deci-

3    sions of examiners upon applications for patents and shall

4    determine priority and patentability of invention in interfer-

5    ences declared under section 135(a) of this title. Each appeal

6    and interference shall be heard by at least three members of

7    the Board of Patent Appeals and Interferences, who shall be

8    designated by the Commissioner. Only the Board of Patent

9    Appeals and Interferences has the authority to grant

10   rehearings.

11   "(c) Whenever the Commissioner considers it necessary,

12   in order to keep current the work of the Board of Patent

13   Appeals and Interferences, the Commissioner may designate

14   any patent examiner of the primary examiner grade or

15   higher, having the requisite ability, to serve as examiner-in-

16   chief for periods not exceeding six months each. An examiner

17   so designated shall be qualified to act as a member of the

18   Board of Patent Appeals and Interferences. Not more than

19   one of the members of the Board of Patent Appeals and

20   Interferences hearing an appeal or determining an interfer-

21   ence may be an examiner so designated. The Secretary of

22   Commerce is authorized to fix the pay of each designated

23   examiner-in-chief in the Patent and Trademark Office at not

24   to exceed the maximum rate of basic pay payable for grade

25   GS–16 of the General Schedule under section 5332 of title 5.

HR 6286——2

1 The rate of basic pay of each individual designated examiner-

2 in-chief shall be adjusted, at the close of the period for which

3 that individual was designated to act as examiner-in-chief, to

4 the rate of basic pay which that individual would have been

5 receiving at the close of such period if such designation had

6 not been made.".

7    (b) The item relating to section 7 in the table of sections

8 at the beginning of chapter 1 of title 35, United States Code,

9 is amended by striking out "Appeals" and inserting in lieu

10 thereof "Patent Appeals and Interferences".

11                    INTERFERENCES

12    SEC. 202. Section 135(a) of title 35, United States

13 Code, is amended to read as follows:

14    "(a) Whenever an application is made for a patent

15 which, in the opinion of the Commissioner, would interfere

16 with any pending application, or with any unexpired patent,

17 an interference may be declared and the Commissioner shall

18 give notice of such declaration to the applicants, or applicant

19 and patentee, as the case may be. The Board of Patent Ap-

20 peals and Interferences shall determine questions of priority

21 of the inventions and may determine questions of patentabil-

22 ity. Any final decision, if adverse to the claim of an applicant,

23 shall constitute the final refusal by the Patent and Trademark

24 Office of the claims involved, and the Commissioner may

25 issue a patent to the applicant who is adjudged the prior

26 inventor. A final judgment adverse to a patentee from which

11

1   no appeal or other review has been or can be taken or had
2   shall constitute cancellation of the claims involved in the
3   patent, and notice of such cancellation shall be endorsed on
4   copies of the patent distributed after such cancellation by the
5   Patent and Trademark Office.".

6                        APPEALS AND CIVIL ACTIONS

7       SEC. 203. (a) Section 141 of title 35, United States
8   Code, is amended—
9       (1) in the first sentence—
10          (A) by striking out "of the Board of Patent
11      Appeals may appeal" and inserting in lieu thereof
12      "in an appeal to the Board of Patent Appeals and
13      Interferences under section 134 of this title may
14      appeal the decision"; and
15          (B) by striking out ", thereby waiving his
16      right" and inserting in lieu thereof ". By filing
17      such an appeal the applicant waives his or her
18      right";
19      (2) in the second sentence—
20          (A) by striking out "board of patent interfer-
21      ences on the question of priority may appeal" and
22      inserting in lieu thereof "Board of Patent Appeals
23      and Interferences on the interference may appeal
24      the decision";
25          (B) by striking out "according to" and insert-
26      ing in lieu thereof "in accordance with"; and

12

1          (C) by striking out "he" and inserting in lieu

2      thereof "the party"; and

3          (3) by amending the last sentence to read as

4      follows:

5  "If the appellant does not, within thirty days after the filing

6  of such notice by the adverse party, file a civil action under

7  section 146, the decision appealed from shall govern the fur-

8  ther proceedings in the case.".

9      (b) Section 145 of title 35, United States Code, is

10 amended—

11          (1) in the first sentence by striking out "Appeals

12      may" and inserting in lieu thereof "Patent Appeals

13      and Interferences in an appeal under section 134 of

14      this title may,"; and

15          (2) in the second sentence by striking out "Ap-

16      peals" and inserting in lieu thereof "Patent Appeals

17      and Interferences".

18      (c) Section 146 of title 35, United States Code, is

19  amended by striking out "board of patent interferences on the

20  question of priority" and inserting in lieu thereof "Board of

21  Patent Appeals and Interferences on the interference".

22      TECHNICAL AND CONFORMING AMENDMENTS

23      SEC. 204. (a) Section 41(a)(6) of title 35, United States

24  Code, is amended—

13

1     (1) by striking out "Appeals" each place it ap-

2     pears and inserting in lieu thereof "Patent Appeals and

3     Interferences"; and

4     (2) by inserting "in the appeal" after "oral

5     hearing".

6     (b)(1) Section 134 of title 35, United States Code, is

7     amended—

8     (A) in the section caption by striking out "AP-

9     PEALS" and inserting in lieu thereof "PATENT AP-

10     PEALS AND INTERFERENCES"; and

11     (B) by striking out "Appeals" and inserting in lieu

12     thereof "Patent Appeals and Interferences".

13     (2) The item relating to section 134 in the table of sec-

14     tions at the beginning of chapter 12 of title 35, United States

15     Code, is amended by striking out "Appeals" and inserting in

16     lieu thereof "Patent Appeals and Interferences".

17     (c) Section 305 of title 35, United States Code, is

18     amended by striking out "Appeals" and inserting in lieu

19     thereof "Patent Appeals and Interferences".

20     AMENDMENTS TO OTHER PROVISIONS OF LAW

21     SEC. 205. (a) Section 1295(a)(4)(A) of title 28, United

22     States Code, is amended by striking out "Appeals or the

23     Board of Patent" and inserting in lieu thereof "Patent Ap-

24     peals and".

25     (b) Section 152 of the Atomic Energy Act of 1954 (42

26     U.S.C. 2182) is amended in the third paragraph—

14

1          (1) by striking out "a Board of Patent Interfer-

2      ences" and inserting in lieu thereof "the Board of

3      Patent Appeals and Interferences"; and

4          (2) by striking out "the Board of Patent Interfer-

5      ences" and inserting in lieu thereof "the Board of

6      Patent Appeals and Interferences".

7      (c)(1) Section 305(d) of the National Aeronautics and

8  Space Act of 1958 (42 U.S.C. 2457(d)) is amended—

9          (A) by striking out "a Board of Patent Interfer-

10      ences" and inserting in lieu thereof "the Board of

11      Patent Appeals and Interferences"; and

12          (B) by striking out "the Board of Patent Interfer-

13      ences" and inserting in lieu thereof "the Board of

14      Patent Appeals and Interferences".

15      (2) Section 305(e) of the National Aeronautics and

16  Space Act of 1958 (42 U.S.C. 2457(e)) is amended by strik-

17  ing out "a Board of Patent Interferences" and inserting in

18  lieu thereof "the Board of Patent Appeals and Interfer-

19  ences".

20                    SAVINGS PROVISION

21      SEC. 206. Any individual who, on the effective date of

22  this title, is an examiner-in-chief of the Board of Patent Ap-

23  peals of the Patent and Trademark Office or an examiner of

24  interferences of the Board of Patent Interferences of such

25  office shall be entitled to continue in office as a member of

15

1  the Board of Patent Appeals and Interferences of the Patent

2  and Trademark Office as of such effective date.

### EFFECTIVE DATE

4  SEC. 207. Section 206 of this Act and the amendments

5  made by this title shall take effect three months after the date

6  of the enactment of this Act.

## TITLE III—NATIONAL COMMISSION ON INNOVATION AND PRODUCTIVITY

### ESTABLISHMENT

10  SEC. 301. There is hereby established a National Com-

11  mission on Innovation and Productivity (hereinafter in this

12  title referred to as the "Commission").

### MEMBERSHIP OF COMMISSION

14  SEC. 302. (a) The Commission shall be composed of—

15      (1) three Members of the Senate appointed by the

16  President of the Senate;

17      (2) three Members of the House of Representa-

18  tives appointed by the Speaker of the House of Repre-

19  sentatives; and

20      (3) three members appointed by the President of

21  the United States, one of whom the President shall

22  designate as Chairman.

23  Of the members appointed by the President, one member

24  should be an appropriate officer or employee of the United

25  States, one member should be an employer who employs in-

26  ventors, and one member should be an employed inventor.

●HR 6286 IH

16

1    (b) At no time shall more than two of the members ap-
2  pointed under paragraph (1), (2), or (3) of subsection (a) be
3  persons who are members of the same political party.

4    (c) Any vacancy in the Commission shall not affect its
5  powers but shall be filled in the same manner in which the
6  original appointment was made, and subject to the limitation
7  set forth in subsection (b) with respect to the original
8  appointment.

9    (d) Six members of the Commission shall constitute a
10  quorum, but a lesser number may conduct hearings.

11                DUTIES OF THE COMMISSION

12    SEC. 303. The Commission shall make a full and com-
13  plete review and study of the level of innovation and produc-
14  tivity of employed inventors. Such study shall include an
15  analysis of the various methods available to inspire or stimu-
16  late individual and corporate innovation and productivity, in-
17  cluding an assessment of the techniques used in other coun-
18  tries to achieve this objective. Such study may include an
19  assessment of those aspects of other areas of intellectual
20  property law that inspire or stimulate such innovation and
21  productivity. The Commission shall make recommendations
22  for such revisions of the laws of the United States, including
23  the repeal of unnecessary or undesirable statutes, and such
24  other changes as the Commission considers will better foster
25  innovation and productivity.

17

### COMPENSATION OF MEMBERS OF THE COMMISSION

1  SEC. 304. (a) A member of the Commission who is a

2  Member of Congress or a full-time officer or employee of the

3  United States shall receive no additional compensation by

4  reason of his or her service on the Commission.

5  (b) A member of the Commission from private life shall

6  receive the daily equivalent of the annual rate of basic pay

7  payable for level III of the Executive Schedule for each day

8  (including traveltime) during which such member is engaged

9  in the actual performance of duties vested in the Commission,

10  plus reimbursement for travel, subsistence, and other neces-

11  sary expenses incurred in the performance of such duties, in

12  accordance with subchapter I of chapter 57 of title 5, United

13  States Code.

### DIRECTOR AND STAFF

14  SEC. 305. (a) The Commission shall have a Director

15  who shall be appointed by the Commission and who shall be

16  paid at a rate not to exceed the rate of basic pay payable for

17  level IV of the Executive Schedule. The Director, subject to

18  the direction of the Commission, shall supervise the activities

19  of persons employed by the Commission and the preparation

20  of the reports of the Commission and shall perform such

21  other duties as may be assigned to the Director by the Com-

22  mission.

23  (b) The Commission may appoint and fix the pay of such

24  additional personnel as it considers appropriate.

●HR 6286 IH

18

1    (c) The staff of the Commission may be appointed with-

2 out regard to the provisions of title 5, United States Code,

3 governing appointments in the competitive service, and may

4 be paid without regard to the provisions of chapter 51 and

5 subchapter III of chapter 53 of such title relating to classifi-

6 cation and General Schedule pay rates, except that no indi-

7 vidual so appointed may receive pay in excess of the maxi-

8 mum annual rate of basic pay payable for GS–16 of the Gen-

9 eral Schedule.

10    (d) The Chairman of the Commission may procure tem-

11 porary and intermittent services under section 3109(b) of title

12 5, United States Code.

13        GOVERNMENT AGENCY COOPERATION

14    SEC. 306. The Commission is authorized to request

15 from any department, agency, or independent instrumentality

16 of the Government any information and assistance it consid-

17 ers necessary to carry out its functions under this title. Each

18 such department, agency, and instrumentality is authorized

19 to cooperate with the Commission and, to the extent permit-

20 ted by law, to furnish such information and assistance to the

21 Commission.

22      REPORT OF THE COMMISSION; TERMINATION

23    SEC. 307. The Commission shall submit interim reports

24 on its activities to the President and the Congress at such

25 times as the Commission considers appropriate, except that

26 at least one such report shall be so submitted within one year

19

1 after the date of the enactment of this Act. The Commission

2 shall submit its final report on its activities to the President

3 and the Congress within two years after such date of enact-

4 ment. The Commission shall cease to exist sixty days after

5 the date of the submission of its final report.

ADMINISTRATIVE SERVICES

6

7 SEC. 308. The General Services Administration shall

8 provide administrative services for the Commission on a re-

9 imbursable basis.

AUTHORIZATION OF APPROPRIATIONS

10

11 SEC. 309. There is authorized to be appropriated

12 $1,000,000 to carry out this title.

EFFECTIVE DATE

13

14 SEC. 310. This title shall take effect on January 21,

15 1985.

16 TITLE IV—MISCELLANEOUS PROVISIONS

INTERNATIONAL STAGE

17

18 SEC. 401. (a) Section 361(d) of title 35, United States

19 Code, is amended in the first sentence by inserting "or within

20 one month after the date of such filing" after "application".

21    (b) Section 366 of title 35, United States Code, is

22 amended—

23        (1) in the first sentence—

24            (A) by inserting "after the date of withdraw-

25            al," after "effect"; and

20

1    (B) by inserting before the period the follow-

2    ing: ", unless a claim for the benefit of a prior

3    filing date under section 365(c) of this part was

4    made in a national application, or an international

5    application designating the United States, filed

6    before the date of such withdrawal"; and

7    (2) in the second sentence by inserting "with-

8  drawn" after "such".

9      NATIONAL STAGE

10  SEC. 402. (a) Section 371(a) of title 35, United States

11 Code, is amended—

12    (1) by striking out "is" and inserting in lieu there-

13  of "may be"; and

14    (2) by striking out ", except those filed in the

15  Patent Office".

16  (b) Section 371(b) of title 35, United States Code, is

17 amended to read as follows:

18  "(b) Subject to subsection (f) of this section, the national

19 stage shall commence with the expiration of the applicable

20 time limit under article 22 (1) or (2) of the treaty.".

21  (c) Section 371(c)(2) of title 35, United States Code, is

22 amended—

23    (1) by striking out "received from" and inserting

24  in lieu thereof "communicated by"; and

25    (2) by striking out "verified" before "translation".

21

iod the follow-

efit of a prior

this part was

n international

l States, filed

; and

serting "with-

United States

g in lieu there-

e filed in the

tates Code, is

n, the national

the applicable

ty.".

States Code, is

and inserting

"translation".

1    (d) Section 371(d) of title 35, United States Code, is

2    amended to read as follows:

3    "(d) The requirements with respect to the national fee

4    referred to in subsection (c)(1), the translation referred to in

5    subsection (c)(2), and the oath or declaration referred to in

6    subsection (c)(4) of this section shall be complied with by the

7    date of the commencement of the national stage or by such

8    later time as may be fixed by the Commissioner. The copy of

9    the international application referred to in subsection (c)(2)

10   shall be submitted by the date of the commencement of the

11   national stage. Failure to comply with these requirements

12   shall be regarded as abandonment of the application by the

13   parties thereof, unless it be shown to the satisfaction of the

14   Commissioner that such failure to comply was unavoidable.

15   The payment of a surcharge may be required as a condition

16   of accepting the national fee referred to in subsection (c)(1) or

17   the oath or declaration referred to in subsection (c)(4) of this

18   section if these requirements are not met by the date of the

19   commencement of the national stage. The requirements of

20   subsection (c)(3) of this section shall be complied with by the

21   date of the commencement of the national stage, and failure

22   to do so shall be regarded as a cancellation of the amend-

23   ments to the claims in the international application made

24   under article 19 of the treaty.".

22

1     (e) Section 372(b) of title 35, United States Code, is

2  amended—

3         (1) by striking out the period at the end of para-

4     graph (2) and inserting in lieu thereof ''; and''; and

5         (2) by adding at the end thereof the following:

6         ''(3) the Commissioner may require a verification

7     of the translation of the international application or any

8     other document pertaining to the application if the ap-

9     plication or other document was filed in a language

10    other than English.''.

11    (f) Section 372 of title 35, United States Code, is

12  amended by striking out subsection (c).

13    (g) Section 376(a) of title 35, United States Code, is

14  amended by striking out paragraph (5) and redesignating

15  paragraph (6) as paragraph (5).

16              TECHNICAL AMENDMENTS

17    SEC. 403. (a) Title 35, United States Code, is amended

18  by striking out ''Patent Office'' each place it appears and

19  inserting in lieu thereof ''Patent and Trademark Office''.

20    (b) The table of parts at the beginning of title 35, United

21  States Code, is amended by adding at the end thereof the

22  following:

''IV. Patent Cooperation Treaty................................................ 351''.

23              PATENT FEES

24    SEC. 404. (a) Notwithstanding section 41 of title 35,

25  United States Code, as in effect before the enactment of

23

States Code, is

the end of para-
"; and"; and
he following:
ire a verification
pplication or any
lication if the ap-
d in a language

States Code, is

States Code, is
nd redesignating

s

Code, is amended
e it appears and
nark Office".
of title 35, United
e end thereof the

351".

on 41 of title 35,
ne enactment of

1 Public Law 97–247 (96 Stat. 317), no fee shall be collected

2 for maintaining a plant patent in force.

3     (b) Notwithstanding section 41(c) of title 35, United

4 States Code, as in effect before the enactment of Public Law

5 97–247 (96 Stat. 317), the Commissioner of Patents and

6 Trademarks may accept, after the six-month grace period re-

7 ferred to in such section 41(c), the payment of any mainte-

8 nance fee due on any patent based on an application filed in

9 the Patent and Trademark Office on or after December 12,

10 1980, and before August 27, 1982, to the same extent as in

11 the case of patents based on applications filed in the Patent

12 and Trademark Office on or after August 27, 1982.

13          TRADEMARK TRIAL AND APPEAL BOARD

14     SEC. 405. Section 3 of title 35, United States Code, is

15 amended by adding at the end thereof the following:

16     "(e) The members of the Trademark Trial and Appeal

17 Board of the Patent and Trademark Office shall each be paid

18 at a rate not to exceed the maximum rate of basic pay pay-

19 able for GS–16 of the General Schedule under section 5332

20 of title 5.".

21              EFFECTIVE DATE

22     SEC. 406. (a) Section 404 of this Act and the amend-

23 ments made by section 403 of this Act shall take effect on

24 the date of the enactment of this Act.

24

1    (b) The amendments made by sections 401, 402, and

2  405 of this Act shall take effect six months after the date of

3  the enactment of this Act.

O

II

98TH CONGRESS
1ST SESSION

# S. 1535

To amend title 35, United States Code, to increase the effectiveness of the patent laws and for other purposes.

---

## IN THE SENATE OF THE UNITED STATES

JUNE 23 (legislative day, JUNE 20), 1983

Mr. MATHIAS (for himself, Mr. DOLE, and Mr. DECONCINI) introduced the following bill; which was read twice and referred to the Committee on the Judiciary

---

# A BILL

To amend title 35, United States Code, to increase the effectiveness of the patent laws and for other purposes.

1     *Be it enacted by the Senate and House of Representa-*

2 *tives of the United States of America in Congress assembled,*

3 That section 271 of title 35, United States Code, is amended

4 by adding at the end thereof the following new subsections:

5     "(e) Whoever without authority imports into or sells or

6 uses within the United States a product made in another

7 country by a process patented in the United States shall be

8 liable as an infringer.

9     "(f) Whoever without authority supplies or causes to be

10 supplied in the United States the material components of a

2

1  patented invention, where such components are uncombined

2  in whole or in part, intending that such components will be

3  combined outside of the United States, and knowing that if

4  such components were combined within the United States the

5  combination would be an infringement of the patent, shall be

6  liable as an infringer.".

7     SEC. 2. Section 184 of title 35, United States Code, is

8  amended by—

9        (1) amending the third sentence thereof by strik-

10       ing out "inadvertently" and inserting after "filed

11       abroad" the words "through error and without decep-

12       tive intent";

13       (2) adding at the end thereof the following new

14       paragraph:

15  "In the case of an application for which a license has

16  been obtained or an application which has been filed in the

17  United States Patent and Trademark Office for more than six

18  months before the filing in a foreign country, and on which no

19  secrecy order has been issued, a license shall not be required

20  for any modifications, amendments, supplements, divisions, or

21  other information filed in or transmitted to the foreign coun-

22  try in connection with such application if such modifications,

23  amendments, supplements, divisions, or information consist

24  only of the illustration, exemplification, comparison, or expla-

3

1 nation of subject matter specifically or generally disclosed in

2 such application.".

3    SEC. 3. Section 185 of title 35, United States Code, is

4 amended by adding before the period in the last sentence

5 thereof the following: ", unless the failure to procure such

6 license was through error and without deceptive intent, and

7 the patent does not disclose subject matter within the scope

8 of section 181 of this title".

9    SEC. 4. Section 186 of title 35, United States Code, is

10 amended by—

11        (1) striking out "whoever, in violation of the pro-

12    visions of section 184 of this title,"; and

13        (2) inserting "such" after "in respect of any".

14    SEC. 5. Section 103 of title 35, United States Code, is

15 amended by adding at the end thereof the following:

16    "Prior art shall not include unpublished information

17 which is developed by the applicant singly or jointly with

18 others, or which is known to the applicant only by virtue of

19 his or her employment.".

20    SEC. 6. Section 116 of title 35, United States Code, is

21 amended by amending the first paragraph to read as follows:

22    "When two or more persons have made inventive con-

23 tributions to the subject matter claimed in an application,

24 they shall apply for patent jointly and each shall sign the

25 application and make the required oath, except as otherwise

4

1  provided in this title. Joint inventors need not have made an

2  inventive contribution to each claim of the application.".

3    SEC. 7. Section 135(a) of title 35, United States Code,

4  is amended by adding at the end thereof the following: "Evi-

5  dence to establish priority of invention in accordance with

6  section 102(g) shall be provided by affidavit.".

7    SEC. 8. Section 135(c) of title 35, United States Code,

8  is amended by—

9       (1) inserting before "shall render" in the third

10  sentence the following: ", unless such failure was

11  through error and without deceptive intent,"; and

12       (2) striking out the words "during the six-month

13  period" in the fourth sentence and "within the six-

14  month period" in the sixth sentence.

15    SEC. 9. Section 135 of title 35, United States Code, is

16  amended by adding at the end thereof the following new

17  subsection:

18       "(d) Parties to a patent interference may determine such

19  contest or any aspect thereof by arbitration. The parties shall

20  give notice of any arbitration award to the Commissioner,

21  and such award shall be dispositive of the issues to which it

22  relates. The arbitration award shall be unenforceable until

23  such notice is given.".

24    SEC. 10. (a) Title 35, United States Code, is amended

25  by adding after section 294 the following new section:

5

have made an

cation.".

t States Code,

lowing: "Evi-
:ordance with

l States Code,

in the third
a failure was
it,"; and

the six-month
ithin the six-

States Code, is

following new

letermine such
e parties shall

Commissioner,
es to which it

forceable until

le, is amended
ection:

1 "§ 295.  Licensee estoppel

2      "(a) A licensee shall not be estopped from asserting in

3 judicial action the invalidity of any patent to which it is

4 licensed. Any agreement between the parties to a patent

5 license agreement which purports to bar the licensee from

6 asserting the invalidity of any licensed patent shall be

7 unenforceable as to that provision.

8      "(b) In the event of an assertion of invalidity by the

9 licensee in a judicial action, licensee and licensor shall each

10 have the right to terminate the license at any time after such

11 assertion. Until so terminated by either party, the licensee

12 shall pay and the licensor shall receive the consideration set

13 in the license agreement.".

14      (b) The table of sections for chapter 29 of title 35,

15 United States Code, is amended by adding after the item

16 relating to section 294 the following:

"295. Licensee estoppel.".

17      SEC. 11. The amendments made by this Act shall apply

18 to all unexpired United States patents granted before or after

19 the date of enactment of this Act.

O

# EXHIBIT 24

II

98TH CONGRESS
1ST SESSION

# S. 1535

To amend title 35, United States Code, to increase the effectiveness of the patent laws and for other purposes.

---

## IN THE SENATE OF THE UNITED STATES

JUNE 23 (legislative day, JUNE 20), 1983

Mr. MATHIAS (for himself, Mr. DOLE, and Mr. DECONCINI) introduced the following bill; which was read twice and referred to the Committee on the Judiciary

---

# A BILL

To amend title 35, United States Code, to increase the effectiveness of the patent laws and for other purposes.

1    *Be it enacted by the Senate and House of Representa-*
2  *tives of the United States of America in Congress assembled,*
3  That section 271 of title 35, United States Code, is amended
4  by adding at the end thereof the following new subsections:
5      "(e) Whoever without authority imports into or sells or
6  uses within the United States a product made in another
7  country by a process patented in the United States shall be
8  liable as an infringer.
9      "(f) Whoever without authority supplies or causes to be
10  supplied in the United States the material components of a

2

1  patented invention, where such components are uncombined

2  in whole or in part, intending that such components will be

3  combined outside of the United States, and knowing that if

4  such components were combined within the United States the

5  combination would be an infringement of the patent, shall be

6  liable as an infringer.".

7      SEC. 2. Section 184 of title 35, United States Code, is

8  amended by—

9          (1) amending the third sentence thereof by strik-

10     ing out "inadvertently" and inserting after "filed

11     abroad" the words "through error and without decep-

12     tive intent";

13         (2) adding at the end thereof the following new

14     paragraph:

15  "In the case of an application for which a license has

16  been obtained or an application which has been filed in the

17  United States Patent and Trademark Office for more than six

18  months before the filing in a foreign country, and on which no

19  secrecy order has been issued, a license shall not be required

20  for any modifications, amendments, supplements, divisions, or

21  other information filed in or transmitted to the foreign coun-

22  try in connection with such application if such modifications,

23  amendments, supplements, divisions, or information consist

24  only of the illustration, exemplification, comparison, or expla-

3

'e uncombined
onents will be

1 nation of subject matter specifically or generally disclosed in

2 such application.".

lowing that if

ted States the

ıtent, shall be

3    SEC. 3. Section 185 of title 35, United States Code, is

4 amended by adding before the period in the last sentence

5 thereof the following: ", unless the failure to procure such

6 license was through error and without deceptive intent, and

tates Code, is

7 the patent does not disclose subject matter within the scope

8 of section 181 of this title".

reof by strik-

after "filed

ithout decep-

9    SEC. 4. Section 186 of title 35, United States Code, is

10 amended by—

11        (1) striking out "whoever, in violation of the pro-

12    visions of section 184 of this title,"; and

.owing new

13        (2) inserting "such" after "in respect of any".

14    SEC. 5. Section 103 of title 35, United States Code, is

15 amended by adding at the end thereof the following:

a license has

1 filed in the

nore than six

on which no

t be required

divisions, or

oreign coun-

1odifications,

ation consist

on, or expla-

16    "Prior art shall not include unpublished information

17 which is developed by the applicant singly or jointly with

18 others, or which is known to the applicant only by virtue of

19 his or her employment.".

20    SEC. 6. Section 116 of title 35, United States Code, is

21 amended by amending the first paragraph to read as follows:

22    "When two or more persons have made inventive con-

23 tributions to the subject matter claimed in an application,

24 they shall apply for patent jointly and each shall sign the

25 application and make the required oath, except as otherwise

S 1535 IS

4

1  provided in this title. Joint inventors need not have made an

2  inventive contribution to each claim of the application.".

3      SEC. 7. Section 135(a) of title 35, United States Code,

4  is amended by adding at the end thereof the following: "Evi-

5  dence to establish priority of invention in accordance with

6  section 102(g) shall be provided by affidavit.".

7      SEC. 8. Section 135(c) of title 35, United States Code,

8  is amended by—

9          (1) inserting before "shall render" in the third

10         sentence the following: ", unless such failure was

11         through error and without deceptive intent,"; and

12         (2) striking out the words "during the six-month

13         period" in the fourth sentence and "within the six-

14         month period" in the sixth sentence.

15     SEC. 9. Section 135 of title 35, United States Code, is

16  amended by adding at the end thereof the following new

17  subsection:

18     "(d) Parties to a patent interference may determine such

19  contest or any aspect thereof by arbitration. The parties shall

20  give notice of any arbitration award to the Commissioner,

21  and such award shall be dispositive of the issues to which it

22  relates. The arbitration award shall be unenforceable until

23  such notice is given.".

24     SEC. 10. (a) Title 35, United States Code, is amended

25  by adding after section 294 the following new section:

5

have made an

cation.".

States Code,

lowing: "Evi-

cordance with

States Code,

in the third

failure was

t,"; and

the six-month

within the six-

States Code, is

following new

determine such

e parties shall

Commissioner,

es to which it

forceable until

le, is amended

ection:

1  "§ 295.  Licensee estoppel

2  "(a) A licensee shall not be estopped from asserting in

3  judicial action the invalidity of any patent to which it is

4  licensed. Any agreement between the parties to a patent

5  license agreement which purports to bar the licensee from

6  asserting the invalidity of any licensed patent shall be

7  unenforceable as to that provision.

8  "(b) In the event of an assertion of invalidity by the

9  licensee in a judicial action, licensee and licensor shall each

10  have the right to terminate the license at any time after such

11  assertion. Until so terminated by either party, the licensee

12  shall pay and the licensor shall receive the consideration set

13  in the license agreement.".

14  (b) The table of sections for chapter 29 of title 35,

15  United States Code, is amended by adding after the item

16  relating to section 294 the following:

"295. Licensee estoppel.".

17  SEC. 11. The amendments made by this Act shall apply

18  to all unexpired United States patents granted before or after

19  the date of enactment of this Act.

O

S 1535 IS

# EXHIBIT 25

98TH CONGRESS
1ST SESSION

# S. 1841

To promote research and development, encourage innovation, stimulate trade, and make necessary and appropriate amendments to the antitrust, patent, and copyright laws.

---

## IN THE SENATE OF THE UNITED STATES

SEPTEMBER 14 (legislative day, SEPTEMBER 12), 1983

Mr. THURMOND (by request) introduced the following bill; which was read twice and referred to the Committee on the Judiciary

---

# A BILL

To promote research and development, encourage innovation, stimulate trade, and make necessary and appropriate amendments to the antitrust, patent, and copyright laws.

1 *Be it enacted by the Senate and House of Representa-*
2 *tives of the United States of America in Congress assembled,*

### TITLE I—SHORT TITLE

4 SEC. 101. This Act may be cited as the "National Pro-
5 ductivity and Innovation Act of 1983".

### TITLE II—JOINT RESEARCH AND DEVELOPMENT VENTURES

8 SEC. 201. For purposes of this title—

2

1     (1) the term "joint research and development pro-
2 gram" means—

3     (A) theoretical analysis, exploration, or ex-
4     perimentation; or

5     (B) the extension of investigative findings
6     and theories of a scientific or technical nature into
7     practical application, including the experimental
8     production and testing of models, devices, equip-
9     ment, materials, and processes;

10 to be carried out by two or more independent persons:
11 *Provided,* That for purposes of this title, such a pro-
12 gram may include the establishment of facilities for the
13 conduct of research, the collecting and exchange of re-
14 search information, the conduct of research on a pro-
15 tected and proprietary basis, the prosecution of applica-
16 tions for patents, the granting of licenses, and any
17 other conduct reasonably necessary and appropriate to
18 such program;

19     (2) the term "antitrust laws" has the meaning
20 given it in section 1 of the Clayton Act (15 U.S.C.
21 12), except that the term shall also include section 5 of
22 the Federal Trade Commission Act (15 U.S.C. 45) to
23 the extent that said section 5 applies to unfair methods
24 of competition;

3

1    (3) the term "Attorney General" means the At-
2  torney General of the United States; and
3    (4) the term "Commission" means the Federal
4  Trade Commission.
5    SEC. 202. No joint research and development program
6  shall be deemed illegal per se in any action under the anti-
7  trust laws.
8    SEC. 203. (a) Notwithstanding the provisions of section
9  4 of the Clayton Act (15 U.S.C. 15), any person entitled to
10  recovery in an action under said section 4 based on conduct
11  that is part of a research and development program and that
12  is engaged in after a notification disclosing such conduct has
13  been filed with the Attorney General and the Commission
14  pursuant to section 204 shall recover the actual damages by
15  him sustained, interest calculated in accordance with the pro-
16  visions of section 1961 of title 28, United States Code, on
17  such actual damages for the period beginning on the date of
18  service of such person's pleading setting forth a claim under
19  the antitrust laws and ending on the date of judgment, such
20  interest to be adjusted by the court if it finds that the award
21  of all or part of such interest is unjust in the circumstances,
22  and the cost of suit, including a reasonable attorney's fee.
23    (b) Notwithstanding the provisions of section 4C of the
24  Clayton Act (15 U.S.C. 15c), any State entitled to monetary
25  relief in an action under said section 4C based on conduct

4

1   that is part of a research and development program and that
2   is engaged in after a notification disclosing such conduct has
3   been filed with the Attorney General and the Commission
4   pursuant to section 204 shall be awarded as monetary relief
5   the total damage sustained as described in paragraph (1) of
6   subsection (a) of said section 4C, interest calculated in ac-
7   cordance with the provisions of section 1961 of title 28,
8   United States Code, on such total damage for the period be-
9   ginning on the date of service of such State's pleading setting
10   forth a claim under the antitrust laws and ending on the date
11   of judgment, such interest to be adjusted by the court if it
12   finds that the award of all or part of such interest is unjust in
13   the circumstances, and the cost of suit, including a reasonable
14   attorney's fee.

15     SEC. 204. (a) Any person participating in a joint re-
16   search and development program may file with the Attorney
17   General and the Commission a notification disclosing such
18   program. Such notification shall specify the identity of the
19   parties participating in the program, the nature, scope, and
20   duration of the program, and any and all ancillary agree-
21   ments or understandings. Only conduct specified in a notifica-
22   tion filed pursuant to this section shall be entitled to the pro-
23   tections of section 203.

24     (b)(1) Except as provided in subsection (d), within thirty
25   days of the filing of any notification pursuant to this section,

5

_ and that

mduct has

ommission

:tary relief

·aph (1) of

.ted in ac-

f title 28,

period be-

ling setting

on the date

court if it

is unjust in

reasonable


a joint re-

1e Attorney

losing such

ntity of the

scope, and

llary agree-

n a notifica-

l to the pro-


within thirty

this section,

1  the Commission shall cause to be published in the Federal

2  Register notice of such notification, describing in general

3  terms the participants, the program, and its objectives.

4      (2) Except as provided in subsections (c) and (d), all in-

5  formation and documentary material submitted as part of a

6  notification filed pursuant to this section shall be available to

7  the public upon request within thirty days after their submis-

8  sion to the Attorney General and the Commission.

9      (c) Any person filing a notification pursuant to this sec-

10  tion may request that information or documentary material

11  submitted as part of such notification not be made public.

12  Any such request shall specify precisely what information or

13  documentary material should not be made public, state the

14  minimum period of time during which nondisclosure to the

15  public is considered necessary, and justify the request for

16  nondisclosure to the public both as to content and time. The

17  Attorney General and the Commission shall consult with one

18  another with respect to any such request, and each in its sole

19  discretion shall make a final determination as to whether

20  good cause for nondisclosure to the public has been shown.

21  Any information or documentary material that is withheld

22  from disclosure to the public pursuant to this subsection shall

23  be exempt from disclosure under section 552 of title 5,

24  United States Code.

S 1841 IS

6

1    (d) Any person who has filed a notification pursuant to

2  this section may withdraw such notification prior to the time

3  at which notice of such notification is published in the Feder-

4  al Register and information and documentary material sub-

5  mitted as part of such notification is made publicly available

6  pursuant to subsection (b). Any notification so withdrawn

7  shall have no force or effect, notice of such notification shall

8  not be published in the Federal Register, and no information

9  or documentary material submitted as part of such notifica-

10  tion shall be made publicly available.

11    (e) Actions taken or not taken by the Attorney General

12  or Commission in response to or with respect to notifications

13  filed pursuant to this section, including without limitation de-

14  terminations regarding the content of notices published or to

15  be published in the Federal Register pursuant to subsection

16  (b), the withholding from public disclosure of information or

17  documentary material pursuant to subsection (c), and wheth-

18  er to institute antitrust or other investigations or enforcement

19  actions shall not be subject to judicial review.

20    TITLE III—INTELLECTUAL PROPERTY

21  LICENSING UNDER THE ANTITRUST LAWS

22    SEC. 301. The Clayton Act, as amended (15 U.S.C. 12

23  et seq.), is amended by renumbering section 27 as section 28

24  and by adding the following new section 27:

7

"SEC. 27. (a) Agreements to convey rights to use, prac-
tice, or sublicense patented inventions, copyrights, trade se-
crets, trademarks, know-how, or other intellectual property
shall not be deemed illegal per se in actions under the anti-
trust laws.

"(b)(i) Notwithstanding the provisions of section 4 of
this Act, any person entitled to recovery in an action under
said section 4 based on an agreement described in subsection
(a) of this section shall recover the actual damages by him
sustained, interest calculated in accordance with the provi-
sions of section 1961 of title 28, United States Code, on such
actual damages for the period beginning on the date of serv-
ice of such person's pleading setting forth a claim under the
antitrust laws and ending on the date of judgment, such in-
terest to be adjusted by the court if it finds that the award of
all or part of such interest is unjust in the circumstances, and
the cost of suit, including a reasonable attorney's fee.

"(ii) Notwithstanding the provisions of section 4C of this
Act, any State entitled to monetary relief in an action under
said section 4C based on an agreement described in subsec-
tion (a) of this section shall be awarded as monetary relief the
total damage sustained as described in paragraph (1) of sub-
section (a) of said section 4C, interest calculated in accord-
ance with the provisions of section 1961 of title 28, United
States Code, on such total damage for the period beginning

8

1  on the date of service of such State's pleading setting forth a

2  claim under the antitrust laws and ending on the date of

3  judgment, such interest to be adjusted by the court if it finds

4  that the award of all or part of such interest is unjust in the

5  circumstances, and the cost of suit, including a reasonable

6  attorney's fee.".

7    TITLE IV—PATENT AND COPYRIGHT MISUSE

8        SEC. 401. Section 271 of title 35, United States Code,

9  is amended—

10        (a) by redesignating subsection (c) as paragraph

11    (c)(1);

12        (b) by redesignating subsection (d) as paragraph

13    (c)(2); and

14        (c) by adding the following new subsection (d):

15    "(d) No patent owner otherwise entitled to relief for in-

16  fringement or contributory infringement of a patent shall be

17  denied relief or deemed guilty of misuse or illegal extension

18  of the patent right by reason of his having done one or more

19  of the following, unless such conduct, in view of the circum-

20  stances in which it is employed, violates the antitrust laws:

21  (1) licensed the patent under terms that affect commerce out-

22  side the scope of the patent's claims, (2) restricted a licensee

23  of the patent in the sale of the patented product or in the sale

24  of a product made by the patented process, (3) obligated a

25  licensee of the patent to pay royalties that differ from those

9

etting forth a

. the date of

)urt if it finds

unjust in the

a reasonable

' MISUSE

States Code,

as paragraph

as paragraph

:ction (d):

) relief for in-

atent shall be

:gal extension

e one or more

of the circum-

ntitrust laws:

ommerce out-

ted a licensee

or in the sale

3) obligated a

er from those

1  paid by another licensee or that are allegedly excessive, (4)

2  obligated a licensee of the patent to pay royalties in amounts

3  not related to the licensee's sales of the patented product or a

4  product made by the patented process, (5) refused to license

5  the patent to any person, or (6) otherwise used the patent

6  allegedly to suppress competition.".

7     SEC. 402. Subsection (a) of section 501 of title 17,

8  United States Code, is amended by adding at the end thereof

9  the following: "No copyright owner otherwise entitled to

10  relief for infringement of a copyright under this title shall be

11  denied relief or deemed guilty of misuse or illegal extension

12  of the copyright by reason of his having done one or more of

13  the following, unless such conduct, in view of the circum-

14  stances in which it is employed, violates the antitrust laws:

15  (1) licensed the copyright under terms that affect commerce

16  outside the scope of the copyright, (2) restricted a licensee of

17  the copyright in the sale of the copyrighted work, (3) obligat-

18  ed a licensee of the copyright to pay royalties that differ from

19  those paid by another licensee or that are allegedly excessive,

20  (4) obligated a licensee of the copyright to pay royalties in

21  amounts not related to the licensee's sales or use of the copy-

22  righted work, (5) refused to license the copyright to any

23  person, or (6) otherwise used the copyright allegedly to sup-

24  press competition.".

10

1       TITLE V—PROCESS PATENTS

2       SEC. 501. Section 154 of title 35, United States Code,
3   is amended by inserting after "invention" the second time it
4   appears the words ", and if the invention is a process of the
5   right to exclude others from using or selling products pro-
6   duced thereby,".

7       SEC. 502. Section 271 of title 35, United States Code,
8   is amended—

9           (a) by redesignating subsection (a) as paragraph
10      (a)(1); and

11          (b) by inserting the following new paragraph
12      (a)(2):

13      "(a)(2) If the patented invention is a process, whoever
14  without authority uses or sells in the United States during
15  the term of the patent therefor a product produced by such
16  process infringes the patent.".

17      SEC. 503. Title 35, United States Code, is amended by
18  adding the following new section 295:

19  **"§ 295. Presumption: Product Produced by Patented Proc-**
20          **ess.**

21      "In actions alleging infringement of a process patent
22  based on use or sale of a product produced by the patented
23  process, if the court finds (1) that a substantial likelihood
24  exists that the product was produced by the patented process
25  and (2) that the claimant has exhausted all reasonably availa-

11

ιS

ed States Code,

e second time it

ι process of the

ɣ products pro-

ed States Code,

) as paragraph

ιew paragraph

cess, whoever

l States during

oduced by such

, is amended by

**Patented Proc-**

process patent

ɔy the patented

ιntial likelihood

atented process

ιsonably availa-

1 ble means through discovery or otherwise to determine the
2 process actually used in the production of the product and
3 was unable so to determine, the product shall be presumed to
4 have been so produced, and the burden of establishing that
5 the product was not produced by the process shall be on the
6 party asserting that it was not so produced.".

O

# EXHIBIT 26

*1983*
*5 521-1'*

S. Hrg. 98-1008

# PATENT LAW IMPROVEMENTS ACT

HOWREY & SIMON
LIBRARY

# HEARING

BEFORE THE

## SUBCOMMITTEE ON
## PATENTS, COPYRIGHTS AND TRADEMARKS

OF THE

# COMMITTEE ON THE JUDICIARY
# UNITED STATES SENATE

NINETY-EIGHTH CONGRESS

SECOND SESSION

ON

# S. 1535

A BILL TO AMEND TITLE 35, UNITED STATES CODE, TO INCREASE THE
EFFECTIVENESS OF THE PATENT LAWS AND FOR OTHER PURPOSES

AND

# S. 1841

A BILL TO PROMOTE RESEARCH AND DEVELOPMENT, ENCOURAGE IN-
NOVATION, STIMULATE TRADE, AND MAKE NECESSARY AND APPRO-
PRIATE AMENDMENTS TO THE ANTITRUST, PATENT, AND COPYRIGHT
LAWS

---

APRIL 3, 1984

---

Serial No. J-98-107

---

Printed for the use of the Committee on the Judiciary



U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 1984

24

PREPARED STATEMENT OF GERALD J. MOSSINGHOFF

Mr. Chairman and Members of the Subcommittee:

I welcome this opportunity to testify on S.1535, a bill which
would correct a number of troublesome aspects of the patent laws
and thereby enhance the benefits of the patent system to inventors
and businesses.

Section 1

Section 1 would protect owners of patented processes from infringe-
ment of their inventions by excluding others from using or selling
products produced by the patented process. Presently, the in-
fringement of a patent for a product occurs if the patented inven-
tion is made, used or sold in the United States. Someone cannot
avoid infringement of a product patent by manufacturing the product
overseas and then importing it into this country, because use or
sale of the product in the United States would infringe the patent.

A process patent, however, only protects a process or method of
making an article or product. Today, the holder of a United States
process patent cannot use the patent law to prevent someone from
practicing the patented process abroad and selling or using the
resulting product in this country. Technically, no one has
used the patented process in this country. Nor do the remedies
available under section 337a of the Tariff Act of 1930, as amended,
always provide an adequate remedy.

The importance of process patent protection to the national economy,
especially in such vital technical fields as industrial chemical
and pharmaceutical manufacturing, microbiology and solid state
electronics, cannot be overestimated.

The addition of section 271(e), as proposed in Section 1 in
S.1535, would close the gap in our patent laws, which presently
leaves owners of patented processes without an adequate remedy
against the importation of products made abroad by their patented
processes. However, S.1535 is limited to foreign produced products.
There is no remedy under this bill against use or sale of a product
made in the United States by infringing a process patent. Foreign
products are, therefore, treated less favorably than domestic prod-
ucts. The Office of the United States Trade Representative has
expressed concern that it would violate our obligation under Article
III of the GATT not to discriminate against foreign made products.

S.1841, introduced by Chairman Thurmond at the request of the
Administration, does not suffer this deficiency. Title V of

25

S.1841 would make the use or sale of a product made without authori-
zation by a process patented in the United States an infringement
irrespective of where the product was made.  I supported S.1841 in
my testimony this past October before the Committee on the Judiciary.

Moreover, the provisions of S.1535 are somewhat ambiguous as to
when the making of a product or the importation, use or sale of
such a product would have to occur in order for a process patent to
be infringed.  For example, it is unclear under S.1535 whether a
process patent is infringed if a product is made during the patent
term, but imported, sold or used after the patent expires.  On the
other hand, Title V of S.1841 would apply to products used or sold
during the term of the process patent, regardless of when the prod-
uct was made.  For all these reasons, we prefer the formulation of
S.1841 over that of S.1535.

Title V of S.1841 also includes a provision on proving infringe-
ment, not found in S.1535, that is very important to patent owners.
In suing for infringement of a process patent, the burden of estab-
lishing infringement now rests entirely on the patent owner.  New
section 295, proposed in Title V, would in certain carefully pre-
scribed circumstances establish a presumption that a product that
could have been made by a patented process was actually made by
that process.  This new section may be of particular benefit to the
owner of a process patent who seeks a remedy against the importer
of a product made abroad by that process, since the laws of most
countries do not provide the discovery procedures available through
United States courts.  This frequently makes it very difficult to
secure proof of actions taken in a foreign country.

Shifting the burden of proof, as would S.1841, should create no
substantial hardship, since the alleged infringer is in a much
better position to establish that the product was made by another
method.  An accused infringer, if not actually the manufacturer,
has direct or at least indirect contact with the manufacturer.

An infringer will be protected against frivolous suits by a require-
ment that the patentee first show a substantial likelihood that an
allegedly infringing product, which could have been made by the
patented process, was in fact so produced.  Such factors as the
absence of other economically viable processes or the presence of
tell-tale side effects or trace elements could satisfy the require-
ment.  The patentee would also be required to make a reasonable
effort to determine how the product was actually made, and also
show that he or she was unable to make that determination.

Because, in our view, Title V of S.1841 offers stronger protection
to patent owners, we prefer its provisions over those of S.1535 to
add a new section 271(e) to title 35.