## VI.    CONCLUSION

For the reasons given above, the Court should grant summary judgment that claims 1, 5, and 6 of the '835 patent are invalid as anticipated under 35 U.S.C. § 102(e).

Respectfully submitted,

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600
jshaw@ycst.com

Of counsel:

Michael J. Flibbert
Howard W. Levine
Jared S. Cohen
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
(202) 408-4000                    Attorneys for Defendants

Dated:  January 26, 2006

**APPENDIX**

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision August 2005



## U.S. DEPARTMENT OF COMMERCE
## United States Patent and Trademark Office

A1

Rev. 3, August 2005

## 201.07    Continuation Application [R-3]

A continuation is a second application for the same invention claimed in a prior nonprovisional application and filed before the original prior application becomes abandoned or patented. The continuation application may be filed under 37 CFR 1.53(b) (or 1.53(d) if the application is a design application). The applicant in the continuation application must include at least one inventor named in the prior nonprovisional application. The disclosure presented in the continuation must be the same as that of the original application; i.e., the continuation should not include anything which would constitute new matter if inserted in the original application. The continuation application must claim the benefit of the prior nonprovisional application under 35 U.S.C. 120 or 365(c). >For more information on claiming the benefit of a prior nonprovisional application, see MPEP § 201.11.<

An application claiming the benefits of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation" of the provisional application since an application that claims benefit of a provisional application is a nonprovisional application of a provisional application, not a continuation, division, or continuation-in-part of the provisional application.

At any time before the patenting or abandonment of or termination of proceedings on his or her earlier nonprovisional application, an applicant may have recourse to filing a continuation in order to introduce into the application a new set of claims and to establish a right to further examination by the primary examiner. *>A continued prosecution< application >(CPA)< under 37 CFR 1.53(d) >(available only for design applications)<, however, must be filed prior to payment of the issue fee unless a petition under 37 CFR 1.313(c) is granted in the prior application. In addition, a continuation or divisional application may only be filed under 37 CFR 1.53(d) if the prior nonprovisional application is a design application that is complete as defined by 37 CFR 1.51(b).

For notation to be put in the file history by the examiner in the case of a continuation application, see MPEP § 202.02.

Use form paragraph 2.05 to remind applicant of possible continuation status.

¶ 2.05 Possible Status as Continuation

This application discloses and claims only subject matter disclosed in prior application no [1], filed [2], and names an inventor or inventors named in the prior application. Accordingly, this application may constitute a continuation or division. Should applicant desire to obtain the benefit of the filing date of the prior application, attention is directed to 35 U.S.C. 120 and 37 CFR 1.78.

**Examiner Note:**

1.    This form paragraph should only be used if it appears that the application may be a continuation, but priority has not been properly established.

2.    An application claiming the benefits of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation" of the provisional application since an application that claims benefit of a provisional application is a nonprovisional application of a provisional application, not a continuation, division, or continuation-in-part of the provisional application.

## 201.08    Continuation-in-Part Application [R-3]

A continuation-in-part is an application filed during the lifetime of an earlier nonprovisional application, repeating some substantial portion or all of the earlier nonprovisional application and *adding matter not disclosed* in the said earlier nonprovisional application. (*In re Klein*, 1930 C.D. 2, 393 O.G. 519 (Comm'r Pat. 1930)). The continuation-in-part application may only be filed under 37 CFR 1.53(b). The continuation-in-part application must claim the benefit of the prior nonprovisional application under 35 U.S.C. 120 or 365(c). >For more information on claiming the benefit of a prior nonprovisional application, see MPEP § 201.11.<

A continuation-in-part application CANNOT be filed as a continued prosecution application (CPA) under 37 CFR 1.53(d).

An application claiming the benefit of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation-in-part" of the provisional application since an application that claims benefit of a provisional application is a nonprovisional application of a provisional application, not a continuation, division, or continuation-in-part of the provisional application.

The mere filing of a continuation-in-part does not itself create a presumption that the applicant acquiesces in any rejections which may be outstanding in the copending national nonprovisional application or

A2

applications upon which the continuation-in-part application relies for benefit.

A continuation-in-part filed by a sole applicant may also derive from an earlier joint application showing a portion only of the subject matter of the later application, subject to the conditions set forth in 35 U.S.C. 120 and 37 CFR 1.78. Subject to the same conditions, a joint continuation-in-part application may derive from an earlier sole application.

Unless the filing date of the earlier nonprovisional application is actually needed, for example, in the case of an interference or to overcome a reference, there is no need for the Office to make a determination as to whether the requirement of 35 U.S.C. 120, that the earlier nonprovisional application discloses the invention of the second application in the manner provided by the first paragraph of 35 U.S.C. 112, is met and whether a substantial portion of all of the earlier nonprovisional application is repeated in the second application in a continuation-in-part situation. Accordingly, an alleged continuation-in-part application should be permitted to claim the benefit of the filing date of an earlier nonprovisional application if the alleged continuation-in-part application complies with the **>other< requirements of 35 U.S.C. 120 >and 37 CFR 1.78, such as<:

(A) The first application and the alleged continuation-in-part application were filed with at least one common inventor;

(B) The alleged continuation-in-part application was "filed before the patenting or abandonment of or termination of proceedings on the first application or an application similarly entitled to the benefit of the filing date of the first application"; and

(C) The alleged continuation-in-part application "contains or is amended to contain a specific reference to the earlier filed application." (The specific reference **>must be submitted either in the first sentence(s) of the specification or in an application data sheet (see 37 CFR 1.76(b)(5)).)

See MPEP § 201.11 for more information on claiming the benefit of a prior nonprovisional application.<

For notation to be put in the file history by the examiner in the case of a continuation-in-part application see MPEP § 202.02. See MPEP § 708 for order of examination.

Use form paragraph 2.06 to remind applicant of possible continuation-in-part status.

¶ *2.06 Possible Status as Continuation-in-Part*

This application repeats a substantial portion of prior Application No. **[1]**, filed **[2]**, and adds and claims additional disclosure not presented in the prior application. Since this application names an inventor or inventors named in the prior application, it may constitute a continuation-in-part of the prior application. Should applicant desire to obtain the benefit of the filing date of the prior application, attention is directed to 35 U.S.C. 120 and 37 CFR 1.78.

**Examiner Note:**

1.    This form paragraph should only be used when it appears that the application may qualify as a continuation-in-part, but no priority claim has been perfected.

2.    An application claiming the benefits of a provisional application under 35 U.S.C. 119(e) should not be called a "continuation-in-part" of the provisional application since an application that claims benefit of a provisional application is a nonprovisional application of a provisional application, not a continuation, division, or continuation-in-part of the provisional application.

## 201.09    Substitute Application  [R-3]

The use of the term "Substitute" to designate any application which is in essence the duplicate of an application by the same applicant abandoned before the filing of the later application, finds official recognition in the decision *Ex parte Komenak*, >45 USPQ 186,< 1940 C.D. 1, 512 O.G. 739 (Comm'r Pat. 1940). Current practice does not require applicant to insert in the specification reference to the earlier application; however, attention should be called to the earlier application. The notation in the file history (see MPEP § 202.02) that one application is a "Substitute" for another is printed in the heading of the patent copies. See MPEP § 202.02.

As is explained in MPEP § 201.11, a "Substitute" does not obtain the benefit of the filing date of the prior application.

Use form paragraph 2.07 to remind applicant of possible substitute status.
**>

¶ *2.07 Definition of a Substitute*

Applicant refers to this application as a "substitute" of Application No. **[1]**, filed  **[2]**.  The use of the term "substitute" to designate an application which is in essence the duplicate of an application by the same applicant abandoned before the filing of the later case finds official recognition in the decision, *Ex parte Komenak*, 45 USPQ 186, 940 C.D. 1, 512 O.G. 739 (Comm'r Pat. 1940).  The notation on the file wrapper (See MPEP § 202.02) that one case is a "substitute" for another is printed in the heading

show if the reference does not teach the basic inventive concept.

Where a claim has been rejected under 35 U.S.C. 103 based on Reference A in view of Reference B, with the effective date of secondary Reference B being earlier than that of Reference A, the applicant can rely on the teachings of Reference B to show that the differences between what is shown in his or her 37 CFR 1.131 affidavit or declaration and the claimed invention would have been obvious to one of ordinary skill in the art prior to the date of Reference A. However, the 37 CFR 1.131 affidavit or declaration must still establish possession of the claimed invention, not just what Reference A shows, if Reference A does not teach the basic inventive concept.

>

## II. < GENERAL RULE AS TO GENERIC CLAIMS

A reference or activity applied against generic claims may (in most cases) be antedated as to such claims by an affidavit or declaration under 37 CFR 1.131 showing completion of the invention of only a single species, within the genus, prior to the effective date of the reference or activity (assuming, of course, that the reference or activity is not a statutory bar or a patent, or an application publication, claiming the same invention). See *Ex parte Biesecker*, 144 USPQ 129 (Bd. App. 1964). See, also, *In re Fong*, 288 F.2d 932, 129 USPQ 264 (CCPA 1961); *In re Defano*, 392 F.2d 280, 157 USPQ 192 (CCPA 1968) (distinguishing chemical species of genus compounds from embodiments of a single invention). See, however, MPEP § 715.03 for practice relative to cases in unpredictable arts.

## 715.03    Genus-Species, Practice Relative to Cases Where Predictability Is in Question [R-2]

Where generic claims have been rejected on a reference or activity which discloses a species not antedated by the affidavit or declaration, the rejection will not ordinarily be withdrawn, subject to the rules set forth below, unless the applicant is able to establish that he or she was in possession of the generic invention prior to the effective date of the reference or activity. In other words, the affidavit or declaration

under 37 CFR 1.131 must show as much as the minimum disclosure required by a patent specification to furnish support for a generic claim.

>

## I. < REFERENCE OR ACTIVITY DISCLOSES SPECIES

### A.    Species Claim

Where the claim under rejection recites a species and the reference or activity discloses the claimed species, the rejection can be overcome under 37 CFR 1.131 directly by showing prior completion of the claimed species or indirectly by a showing of prior completion of a different species coupled with a showing that the claimed species would have been an obvious modification of the species completed by applicant. See *In re Spiller*, 500 F.2d 1170, 182 USPQ 614 (CCPA 1974).

### B.    Genus Claim

The principle is well established that the disclosure of a species in a cited reference is sufficient to prevent a later applicant from obtaining a "generic claim." *In re Gosteli*, 872 F.2d 1008, 10 USPQ2d 1614 (Fed. Cir. 1989); *In re Slayter*, 276 F.2d 408, 125 USPQ 345 (CCPA 1960).

Where the only pertinent disclosure in the reference or activity is a single species of the claimed genus, the applicant can overcome the rejection directly under 37 CFR 1.131 by showing prior possession of the species disclosed in the reference or activity. On the other hand, a reference or activity which discloses several species of a claimed genus can be overcome directly under 37 CFR 1.131 only by a showing that the applicant completed, prior to the date of the reference or activity, all of the species shown in the reference. *In re Stempel*, 241 F.2d 755, 113 USPQ 77 (CCPA 1957).

Proof of prior completion of a species different from the species of the reference or activity will be sufficient to overcome a reference indirectly under 37 CFR 1.131 if the species shown in the reference or activity would have been obvious in view of the species shown to have been made by the applicant. *In re Clarke*, 356 F.2d 987, 148 USPQ 665 (CCPA 1966); *In re Plumb*, 470 F.2d 1403, 176 USPQ 323 (CCPA 1973); *In re Hostettler*, 356 F.2d 562, 148 USPQ 514 (CCPA 1966). Alternatively, if the applicant cannot

show possession of the species of the reference or activity in this manner, the applicant may be able to antedate the reference or activity indirectly by, for example, showing prior completion of one or more species which put him or her in possession of the claimed genus before's or activity's date. The test is whether the species completed by applicant prior to the reference date or the activity's date provided an adequate basis for inferring that the invention has generic applicability. *In re Plumb*, 470 F.2d 1403, 176 USPQ 323 (CCPA 1973); *In re Rainer*, 390 F.2d 771, 156 USPQ 334 (CCPA 1968); *In re Clarke*, 356 F.2d 987, 148 USPQ 665 (CCPA 1966); *In re Shokal*, 242 F.2d 771, 113 USPQ 283 (CCPA 1957).

It is not necessary for the affidavit evidence to show that the applicant viewed his or her invention as encompassing more than the species actually made. The test is whether the facts set out in the affidavit are such as would persuade one skilled in the art that the applicant possessed so much of the invention as is shown in the reference or activity. *In re Schaub*, 537 F.2d 509, 190 USPQ 324 (CCPA 1976).

### C.    *Species Versus Embodiments*

References or activities which disclose one or more embodiments of a single claimed invention, as opposed to species of a claimed genus, can be overcome by filing a 37 CFR 1.131 affidavit showing prior completion of a single embodiment of the invention, whether it is the same or a different embodiment from that disclosed in the reference or activity. See *In re Fong*, 288 F.2d 932, 129 USPQ 264 (CCPA 1961) (Where applicant discloses and claims a washing solution comprising a detergent and polyvinylpyrrolidone (PVP), with no criticality alleged as to the particular detergent used, the PVP being used as a soil-suspending agent to prevent the redeposition of the soil removed, the invention was viewed as the use of PVP as a soil-suspending agent in washing with a detergent. The disclosure in the reference of the use of PVP with two detergents, both of which differed from that shown in applicant's 37 CFR 1.131 affidavit, was considered a disclosure of different embodiments of a single invention, rather than species of a claimed genus); *In re Defano*, 392 F.2d 280, 157 USPQ 192 (CCPA 1968).

> 
## II.    < REFERENCE OR ACTIVITY DISCLOS-ES CLAIMED GENUS

In general, where the reference or activity discloses the claimed genus, a showing of completion of a single species within the genus is sufficient to antedate the reference or activity under 37 CFR 1.131. *Ex parte Biesecker*, 144 USPQ 129 (Bd. App. 1964).

In cases where predictability is in question, on the other hand, a showing of prior completion of one or a few species within the disclosed genus is generally not sufficient to overcome the reference or activity. *In re Shokal*, 242 F.2d 771, 113 USPQ 283 (CCPA 1957). The test is whether the species completed by applicant prior to the reference date or the date of the activity provided an adequate basis for inferring that the invention has generic applicability. *In re Mantell*, 454 F.2d 1398, 172 USPQ 530 (CCPA 1973); *In re Rainer*, 390 F.2d 771, 156 USPQ 334 (CCPA 1968); *In re DeFano*, 392 F.2d 280, 157 USPQ 192 (CCPA 1968); *In re Clarke*, 356 F.2d 987, 148 USPQ 665 (CCPA 1965). In the case of a small genus such as the halogens, which consists of four species, a reduction to practice of three, or perhaps even two, species might show possession of the generic invention, while in the case of a genus comprising hundreds of species, reduction to practice of a considerably larger number of species would be necessary. *In re Shokal, supra.*

It is not necessary for the affidavit evidence to show that the applicant viewed his or her invention as encompassing more than the species he or she actually made. The test is whether the facts set out in the affidavit are such as would persuade one skilled in the art that the applicant possessed so much of the invention as is shown in the reference. *In re Schaub*, 537 F. 509, 190 USPQ 324 (CCPA 1976).

### 715.04    Who May Make Affidavit or Declaration; Formal Requirements of Affidavits and Declarations [R-2]

> 
## I.    < WHO MAY MAKE AFFIDAVIT OR DECLARATION

The following parties may make an affidavit or declaration under 37 CFR 1.131:

# A6 - A10

# Redacted

Stephen Rogers - September 13, 2005
Monsanto Company v. Syngenta Seeds, Inc.

Page 1

1            IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF DELAWARE

3

4     - - - - - - - - - - - - - - - - - - -

5   MONSANTO COMPANY and

6   MONSANTO TECHNOLOGY LLC

7              Plaintiffs

8   v.                    CA No. 04-305-SLR

9   SYNGENTA SEEDS, INC.,

10  SYNGENTA BIOTECHNOLOGY, INC.

11             Defendants

12  - - - - - - - - - - - - - - - - - - -

13

14       VIDEOTAPED DEPOSITION of STEPHEN

15     ROGERS, PH.D., a witness called by counsel

16     for the Defendants, taken under the

17     provisions of the Federal Rules of Civil

18     Procedure, before Jill K. Ruggieri,

19     Registered Merit Reporter, Certified

20     Realtime Reporter and Notary Public, at the

21     offices of Finnegan, Henderson, Farabow,

22     Garrett & Dunner, LLP, 55 Cambridge Parkway,

23     Cambridge, Massachusetts, taken on Tuesday,

24     September 13, 2005, commencing at 9:21 a.m.

25

# A12 - A17

# Redacted

Dilip M. Shah - October 7, 2005
Monsanto Company v. Syngenta Seeds, Inc.

Page 1

1          MONSANTO COMPANY and

2        MONSANTO TECHNOLOGY, LLC

3                  VS.

4          SYNGENTA SEEDS, INC.,

5        SYNGENTA BIOTECHNOLOGY, INC.

6

7

8

9

10

11    VIDEOTAPED DEPOSITION OF DILIP M. SHAH

12

13

14

15              OCTOBER 7, 2005

16

17

18

19

20

21

22

23

24

25

**A19 - A25**

**Redacted**

Robert Bruce Horsch - September 2, 2005
Monsanto Company et al. v. Syngenta Seeds, Inc. et al.

Page 1

1          In the United States District Court

2              For the District of Delaware

3

4    Monsanto Company and

5    Monsanto Technology LLC,

6

7                    Plaintiffs,

8

9    vs.                          Civil Action No. 04-305-SLR

10                                         (lead case)

11   Syngenta Seeds, Inc.,

12   Syngenta Biotechnology,

13   Inc.,

14

15                 Defendants.

16

17              Restricted Confidential

18              Videotape Deposition of

19              Robert Bruce Horsch, Ph.D.

20              On behalf of Defendants

21              September 2, 2005

22

23

24

25

# A27 - A30

# Redacted

Ganesh Kishore - September 30, 2005
Monsanto Company et al. v. Syngenta Seeds, Inc. et al.

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - x
MONSANTO COMPANY and         : Civil Action Number
MONSANTO TECHNOLOGY LLC,     : 04-305(SLR)
        Plaintiffs,          :
    vs.                      :
SYNGENTA SEEDS, INC.,        :
SYNGENTA BIOTECHNOLOGY, INC.,:
ET AL.,                      :
        Defendants.          :
- - - - - - - - - - - - - - x
DEKALB GENETICS CORPORATION, : 05-355(SLR)
        Plaintiff,           :
    vs.                      :
SYNGENTA SEEDS, INC.,        :
SYNGENTA BIOTECHNOLOGY, INC.,:
ET AL.,                      :
        Defendants.          :
- - - - - - - - - - - - - - x
```

CONFIDENTIAL VIDEO DEPOSITION OF GANESH KISHORE

Clayton, Missouri

Friday, September 30, 2005

REPORTED BY:

J. BRYAN JORDAN

# A32 - A38

# Redacted

Robert Fraley - October 10, 2005
Monsanto Company v. Syngenta Seeds, Inc.

Page 1

In the United States District Court

For the District of Delaware


Monsanto Company and

Monsanto Technology LLC,


          Plaintiffs,


.vs.                  Civil Action No. 04-305-SLR

                      (lead case)

Syngenta Seeds, Inc.,

Syngenta Biotechnology,

Inc.,


          Defendants.


          Video Taped Deposition of

          Robert Fraley, Ph.D.

          On behalf of Defendants

          October 10, 2005

RESTRICTED CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
202-347-3700    Ace-Federal Reporters, Inc.    800-336-6646

a7493f42-efe8-44b3-aecb-75bb3b591c26

# A40 - A41

# Redacted



3,210,401

Monsanto Notebook

*b*

HIGHLY CONFIDENTIAL--OUTSIDE COUNSEL ONLY

MRR01512€

**A42**

## MAJOR POINTS FROM MONSANTO'S
## "GUIDELINES FOR RESEARCH RECORDS" (GRR)

1. As soon as you receive a notebook, start an index, and a list of abbreviations (with definitions) that you intend to use that are not already on file. Update both as you use the book. GRR §II-E and G

2. Use black ink to make entries. Do not use the backs of pages. Use drawings, flowcharts, etc. whenever useful. Incorrect entries should be lined out in a manner which allows them to be read. All entries on a page should relate to a single project. Record all data directly into the notebook unless certain requirements are met. GRR §II-A

3. Record your ideas, objectives and plans as well as experimental data in this notebook. GRR §II-B

4. Record experimental work in sufficient detail to allow others to repeat the work. Describe experimental results in specific factual terms. GRR §II-C and D.

5. Photos, printouts and other items affixed to a notebook page must not cover up any writing. Affix at least two edges, so the item will lie flat. Affix items to the front side of a page. GRR §II-F

6. Supplementary records must be signed, dated, and cross-referenced to notebook entries. They must also be witnessed unless certain criteria are met. GRR §III

7. Computer reports are special types of supplementary records, covered by the "Guidelines for Keeping Research Records Using Computers."

8. ALL NOTEBOOK ENTRIES MUST BE WITNESSED WITHIN TWO WEEKS. The witness should not be a potential co-inventor or direct participant in the work. GRR §V

THIS NOTEBOOK AND ITS CONTENTS ARE THE PROPERTY OF MONSANTO COMPANY. IT IS CONFIDENTIAL AND THE CONTENTS ARE NOT TO BE DISCLOSED TO UNAUTHORIZED PERSONS. THE HOLDER MUST RETURN IT WITH ALL RELATED RECORDS TO THE LIBRARY ONE YEAR AFTER IT IS ASSIGNED TO THE HOLDER, OR UPON REQUEST, OR UPON TERMINATION OF THE HOLDER'S EMPLOYMENT. IT SHOULD BE KEPT UNDER SECURITY CONDITIONS. IF IT IS LOST OR STOLEN, NOTIFY YOUR SUPERVISOR IMMEDIATELY.

Read and understood by _Nancy L. Hoffmann_    _10/3/85_
                          Signature                      Date

January, 1985

HIGHLY CONFIDENTIAL--OUTSIDE COUNSEL ONLY

MRR015127

**CONFIDENTIAL**

## PROPERTY OF MONSANTO COMPANY

NOTEBOOK NO.: _3210401_

ASSIGNED TO: _Nancy L Hoffmann_

DATE ISSUED: ~~Sept 11 85~~ _Sept._     19 _85_

DEPARTMENT/COMPANY: _CR&D_

LOCATION: _AA3E / AA323_

JOB NO.: _2000_

DATE RETURNED: _____ 19____

MICROFILM ROLL NO. _____

HIGHLY CONFIDENTIAL--OUTSIDE COUNSEL ONLY

MRR015128

# A45

# Redacted

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street
> Wilmington, DE 19899-0951

I further certify that on January 26, 2006, copies of the foregoing document were served by hand delivery on the above listed counsel and on the following non-registered participants in the manner indicated below:

**BY FEDERAL EXPRESS**

Peter E. Moll, Esquire
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C.  20004

Susan Knoll, Esquire
Howrey Simon Arnold & White, LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Syngenta Seeds, Inc., Syngenta Corporation,*
*Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst*
*Seed Company, and Golden Harvest Seeds, Inc.*

DB01:1611981.1