## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>     Plaintiffs,<br><br>  v.<br><br>SYNGENTA SEEDS, INC.<br>SYNGENTA BIOTECHNOLOGY, INC., et al.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C. A. No. 04-305 SLR<br>)       (Lead Case)<br>) |
| DEKALB GENETICS CORPORATION,<br><br>     Plaintiff,<br><br>  v.<br><br>SYNGENTA SEEDS, INC.,<br>SYNGENTA BIOTECHNOLOGY, INC., et al.<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE TESTIMONY RELATED TO PORTIONS OF THE EXPERT REPORTS OF ERIC WARD, BARRY BRUCE, AND PAUL CHRISTOU

OF COUNSEL:

Susan K. Knoll
Thomas A. Miller
Melinda Patterson
Stephen E. Edwards
Steven G. Spears
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
(713) 787-1400

Dated: February 2, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys For Monsanto Company,*
*Monsanto Technology LLC, and*
*DEKALB Genetics Corporation*

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ...................................................................................................... 1

       A.     The Source Of The Gene In GA21 Is Not Relevant To Dr. Ward's
              Infringement Opinion ............................................................................. 1

       B.     Dr. Bruce's Comparison Of The Construct In GA21 To The 294
              Construct To Show No DOE Infringement Is Improper As A
              Matter Of Law ........................................................................................ 3

       C.     Dr. Christou Has No Expertise To Testify About Legal Briefs ................. 4

III.   CONCLUSION ................................................................................................... 5

## TABLE OF AUTHORITIES

<u>**CASES**</u>

*Cordant Technology, Inc. v. Alliant Techsystems Inc.*,
    45 F. Supp. 2d 398 (D. Del 1999) ................................................................4

*Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) ................................4

*SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107 (Fed. Cir. 1985) ..................4

*Yarway Corp. v. Eur-Control USA, Inc.*, 775 F.2d 268 (Fed. Cir. 1985) ............4

<u>**RULES**</u>

Fed. R. Evid. 702 ...........................................................................................1, 4

## I.    INTRODUCTION

Plaintiffs respectfully submit this reply brief in support of their motion for an order excluding certain testimony of Syngenta's technical experts Eric Ward, Barry Bruce, and Paul Christou.  Syngenta does not address the fundamental grounds for exclusion raised by Plaintiffs—Syngenta's technical experts are performing legally improper infringement analyses and proposing to testify, beyond their expertise, about legal briefs filed by DEKALB in other litigations.  Unlike the grounds for exclusion raised in Syngenta's *Daubert* motion, this is exactly the type of improper opinion testimony contemplated by Fed. R. Evid. 702.  When the standards of that rule as articulated in *Daubert* are applied, the proposed testimony of Syngenta's experts should be excluded.

## II.    ARGUMENT

### A.    The Source Of The Gene In GA21 Is Not Relevant To Dr. Ward's Infringement Opinion

Plaintiffs' Opening Brief at 10 points out that the source of the gene construct used to create GA21 is irrelevant to the infringement issues in this case.  Syngenta does not dispute this.  The source of ***any*** of the materials (e.g., media, microprojectiles, target tissue) or equipment (e.g., petri dishes, particle gun, containers for growing plants) used in making the accused GA21 corn products has nothing to do with infringement of the asserted process claims of the '880 and '863 patents.  Dr. Ward is intending to offer this testimony in connection with his opinion responding to Plaintiffs' infringement expert, but it has no bearing on infringement.  Therefore, it should be excluded under Fed. R. Evid. 702.

Dr. Finer, Plaintiffs' infringement expert on the '880 and '863 patents, will testify about how the GA21 event was made because Plaintiffs have the burden of proving that the GA21 event was made using the steps recited in claim 1 of the '880 and '863 patents.[1] Syngenta argues that Dr. Ward should be permitted to testify about the source of the transgene because Dr. Finer omitted any mention of RPA or its contribution of the gene construct used to create GA21 corn, and Dr. Ward should be able to "complete the story." [Answering Brief at 4-5]  There is no rest of the story because the source of the materials used is wholly irrelevant to infringement of the '880 and '863 patents.  Testimony from Dr. Ward, an infringement expert, regarding the source of the gene construct will only serve to confuse the jury into believing that the source of the construct is relevant to whether or not infringement exists.

Contrary to Syngenta's assertion [Answering Brief at 5], Plaintiffs are not hiding from the fact that RPA provided the gene construct used to make GA21 corn.  Plaintiffs' fact witnesses have so testified, and Plaintiffs have freely admitted this in briefs filed with the Court.  [*See, e.g.,* D.I. 244 at 5]  The issue on Plaintiffs' request for exclusion is not whether the jury will be made aware that RPA provided the gene construct used to make GA21 corn, but rather whether Syngenta's expert on the infringement issue should provide that testimony in support of his non-infringement opinion.  Clearly he should not, because the source of the gene is not a legal basis for finding non-infringement.  Thus, it will only serve to confuse the jury.

---

[1]  Plaintiffs demonstrated in their opposition to Syngenta's motion for summary judgment of non-infringement of the Lundquist patents that Syngenta is liable for infringement even though DEKALB carried out the steps of claim 1 of the Lundquist patents in making the GA21 event.  [D.I. 244]  Thus, Plaintiffs will not further address the comment about this issue in Syngenta's Answering Brief at 4.

Moreover, Dr. Ward's proposed testimony that Plaintiffs seek to exclude does not merely provide the fact that RPA provided a gene. Instead, Dr. Ward describes for eight pages in his rebuttal report the details of the collaboration between RPA and DEKALB. [Exh. 1 to Plaintiffs' Opening Brief at 1-8] Syngenta offers no explanation why Dr. Ward should be permitted to provide this testimony in front of the jury, particularly in view of the potential prejudice to Plaintiffs.

Syngenta tries to pigeon hole Dr. Ward's testimony about the source of the gene construct used to make GA21 into another issue—nonenablement. [Answering Brief at 5-6] Dr. Ward, however, provided the opinions in question in response to Dr. Finer's infringement opinion, not on the enablement issue. Moreover, neither Dr. Ward nor any of Syngenta's other experts has provided an opinion that the claims of the Lundquist patents are not enabled based on the matters discussed in Section I of Dr. Ward's rebuttal report, which Plaintiffs seek to exclude.

Finally, Syngenta argues that Plaintiffs' failure to object to testimony of Syngenta's damages expert, John Jarosz, concerning the *RPA* case somehow precludes Plaintiffs from seeking exclusion of Dr. Ward's testimony. [Answering Brief at 6-7] It does not. Because of the particular issues involved, whether certain parts of Mr. Jarosz' testimony should be excluded is more appropriately handled in the context of pretrial proceedings, not a *Daubert* motion. Plaintiffs will address those issues at the appropriate time.

**B.    Dr. Bruce's Comparison Of The Construct In GA21 To The 294 Construct To Show No DOE Infringement Is Improper As A Matter Of Law**

Plaintiffs seek to exclude Dr. Bruce from improperly comparing the gene construct in GA21 to another RPA gene construct (the 294 construct) in connection with

his DOE analysis, because the proper comparison is between the GA21 construct and the claims of the '835 patent. [Plaintiffs' Opening Brief at 11-12] Without citing any legal authority, Syngenta suggests that Dr. Bruce's proposed opinion testimony is proper because "the 294 construct represents an embodiment of the gene of claim 1 of the Shah patent." [Answering Brief at 9] The Court should decline to follow Syngenta's suggestion because it will lead to legal error.

Under established Federal Circuit law, it is improper to compare the accused device to another device in analyzing DOE infringement, even if the other device is an embodiment of the asserted patent claim.

> Infringement, literal or by equivalence, is determined by comparing an accused product not with a preferred embodiment described in the specification, or with a commercialized embodiment of the patentee, but with the properly and previously construed claims in suit.

*SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985); *Cordant Tech., Inc. v. Alliant Techsystems Inc.*, 45 F. Supp. 2d 398, 421 (D. Del 1999). Moreover, it is legal error to compare the accused devices to a commercial embodiment of the claimed invention. *Yarway Corp. v. Eur-Control USA, Inc.*, 775 F.2d 268, 274 (Fed. Cir. 1985).

Because the comparison Dr. Bruce proposes to make is a legally improper one for purposes of a DOE analysis, and because it will confuse the jury, *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 822 (Fed. Cir. 1992), it should be excluded under Fed. R. Evid. 702.

### C.    Dr. Christou Has No Expertise To Testify About Legal Briefs

Syngenta now concedes that its technical experts are not qualified to testify about court opinions and have agreed that they will not do so. [Answering Brief at 10] Syngenta still intends, however, to have Dr. Christou testify about statements made by DEKALB in legal briefs filed in the *PGS* case. [*Id.*] Dr. Christou is no more qualified to

testify about legal briefs than he is to testify about court opinions. Accordingly, this testimony should be excluded.

## III.    CONCLUSION

In view of the foregoing, as well as the facts and legal authorities discussed in Plaintiffs' Opening Brief, Plaintiffs' motion to exclude certain proposed testimony of Drs. Ward, Bruce, and Christou should be granted.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Susan K. Knoll                        By:   _/s/ David E. Moore_____
Thomas A. Miller                            Richard L. Horwitz (#2246)
Melinda Patterson                           David E. Moore (#3983)
Stephen E. Edwards                          Hercules Plaza, 6th Floor
Steven G. Spears                            1313 N. Market Street
HOWREY LLP                                  Wilmington, Delaware  19801
1111 Louisiana, 25th Floor                Telephone (302) 984-6000
Houston, Texas 77002                        rhorwitz@potteranderson.com
Telephone (713) 787-1400                    dmoore@potteranderson.com

Dated:  February 2, 2006                    *Attorneys for Plaintiffs*

717858

5

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

I, David E. Moore, hereby certify that on February 2, 2006, the attached document

was hand-delivered to the following persons and was electronically filed with the Clerk

of the Court using CM/ECF which will send notification of such filing(s) to the following

and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

I hereby certify that on February 2, 2006, I have Federal Expressed the

foregoing document(s) to the following non-registered participants:

Richard F. Schwed
Stephen Fishbein
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY  10022-6069

Michael J. Flibbert
Don O. Burley
Howard W. Levine
Finnegan, Henderson, Farabow,
    Garrett & Dunner, L.L.P.
901 New York Ave., NW
Washington, DC  20001-4413

 _/s/ David E. Moore_
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com