# EXHIBIT 50



07-21(381)A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| IN RE APPLICATION OF ) | |
| DILIP M. SHAH ET AL. ) | GROUP ART UNIT: 184 |
| SERIAL NO.: 06/879,814 ) | EXAMINER: D. A. Fox |
| FILED: July 7, 1986 ) | October 24, 1988 |
| TITLE: GLYPHOSATE-RESISTANT ) PLANTS ) | |

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D. C., 20231 on Oct 24/1988
Larry R. Swaney
Registration No. 25,708
_Larry Swaney_  Date 10-24-88

AMENDMENT "B"

Commissioner of Patents and Trademarks
Washington, D. C. 20231
Sir:

This amendment is in response to the Official Action mailed May 26, 1988 setting a shortened statutory period for response to expire August 26, 1988. This paper is deemed timely filed by virtue of the provisions of 37 C.F.R. 1.8 and a request for a two month extension of time under 37 C.F.R. 1.136(a) submitted herewith with the requisite fee.

In response to the Official Action, please amend the above-identified application as follows:

0005348

07-21(381)A

IN THE CLAIMS

Claim 61, line 1 after "glyphosate-resistant" insert --dicotyledonous--.

Claim 61, line 2-3, delete "transformed with a Agrobacterium transformation vector".

Claim 67, line 1, delete "cell".

Claim 68, line 2, before "plant" insert --dicotyledonous--.

REMARKS

Applicants' attorney appreciated the courtesy extended by Examiners Fox and Tareza during the interview on August 16, 1988. The discussion during the interview was helpful in clarifying the basis of the rejections. Reconsideration of the Examiner's rejections in the Official Action of May 26, 1988 is therefore requested in view of the above amendments, following remarks and declaration under 37 C.F.R. 1.131 filed herewith. It is submitted that Claims 33-91 in the present form fully comply with the requirements of 35 U.S.C. and allowance of same is earnestly solicited.

Rejection for Obviousness-Type Double Patenting

Claims 33-91 are provisionally rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over Claims 8-39 and 44-49 of copending application serial number 054,337. Applicants

0005349

-2-

07-21(381)A

have elected Claims 1-7 in application serial number 054,337 in response to a restriction requirement by the Examiner. Hence, inasmuch as Claims 8-39 and 44-49 are no longer being considered by the Examiner, withdrawal of the above rejection is proper and earnestly solicited.

Rejection under 35 U.S.C. 112

Claim 67 stands rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which Applicants regard as the invention. Claim 67 as now amended deletes the word "cell". Withdrawal of the above rejection is requested.

The specification is objected to and Claim 33-91 rejected under 35 U.S.C. 112, first paragraph, as the specification is objected to as failing to provide an enabling disclosure inasmuch as the continued viability of the deposit has not been ensured as set forth in M.P.E.P. 608.01(p)C.

Although Applicants maintain that the instant specification is enabling even in the absence of the instant deposit, Applicants also recognize that the deposited material, pMON546SE (ATCC #53213), contains the petunia EPSPS gene which may be used to isolate other EPSPS genes in the manner taught and demonstrated in the specification thereby reducing the amount of work necessary to make and use the claimed invention. Hence, the undersigned attorney represents that the deposit will be replaced if it should become inviable during the deposit period. Withdrawal of this rejection under 35 U.S.C. 112, first paragraph is requested.

0005350

-3-

07-21(381)A

Claims 34, 42, 49, 55, 62, 69 and 76 are rejected under 35 U.S.C. 112, first paragraph. The rejection states that claims drawn to plant virus promoters should be limited to the exemplified CaMV promoters, since undue experimentation would be required to isolate, sequence and determine the functionality of promoters from other plant sources.

As discussed and agreed at the interview, the methodology of promoter isolation is well known in the art. Plant virus promoters are known to function in plants. It is, therefore, within the skill of the art to isolate such plant virus promoters using known technique and only routine experimentation. The above claims are therefore proper and withdrawal of the rejection is requested.

Claims 61-81 are rejected under 35 U.S.C. 112, first paragraph as the disclosure is enabling only for dicot plants. Claims 61, 68 and Claims depending therefrom have been limited to dicots. Withdrawal of the rejection is earnestly requested.

Rejections under 35 U.S.C. 103

Claims 33-35, 37, 38, 40, 42, 43, 45-47, 49, 50, 52-56, 58, 59, 61-63, 65, 66, 68-70, 72, 73, 75-77, 79, 80 and 82-90 are rejected under 35 U.S.C. 103 as being unpatentable over Comai taken with Van den Broeck et al., Mousdale et al. and Netzer.

0005351

-4-

07-21(381)A

Attached is a declaration (under 37 C.F.R. 1.131) of Dr. Shah which shows that prior to November, 1984 the present inventors had discovered that the plant EPSP synthase gene was a nuclear gene which encoded a precursor form of EPSP-synthase which contained a chloroplast transit peptide sequence at its N-terminus. This finding which antedates the Netzer, Mousdale et al. and Van den Broeck et al. references demonstrates that the primary site of EPSP synthase activity is the chloroplast.

This lead Applicants to construct chimeric plant genes which direct the cloned EPSP synthase to the chloroplast of the transformed plants thereby obtaining superior glyphosate resistance. In view of the Shah declaration the only remaining references are the Koziel and Comai references (see also U.S.P. 4,769,061 listed on enclosed form PTO 1449 and provided for review by the Examiner). The Examiner has acknowledged that the Comai reference does not teach the use of a chloroplast transit peptide construct. The teaching of Koziel does not relate to the chloroplast transit peptide. It is respectfully submitted that the claimed invention is not obvious in view of Comai and/or Koziel.

Furthermore, the present inventors found that cytoplasmic expression of the EPSPS gene was not necessary. Example 8 of the application (pp. 43-47) details the comparison between cytoplasmic expression and chloroplastic targeted expression of EPSPS and supports the superior results obtained using the chimeric gene of the present invention. Visual representation (photographs) of this comparison were shown to the Examiner during the interview of August 16, 1988.

0005352

-5-

07-21(381)A

Withdrawal of the above rejection is proper and earnestly solicited.

Rejections under 35 U.S.C. 103 - Secondary References

As discussed during the interview of August 16, 1988, the secondary references do not render any of the pending claims obvious, alone or in combination with the remaining primary references. Indeed, it is clear that these references do not provide the inadequacies of the primary references. Specifically, the secondary references fail to provide the requisite linkage between the primary references since they do not teach the observed outcome (superior tolerance) as the concatenate result of chloroplast targeted EPSPS expression.

Claims 36, 44, 51, 57, 64, 71 and 78 are rejected under 35 U.S.C. 103 as being unpatentable over Comai taken with Van den Broeck et al., Koziel et al., Mousdale et al. and Netzer as applied to Claims 33-35, 37, 38, 40, 42, 43, 45-47, 49, 50, 52-56, 58, 59, 61-63, 65, 66, 68-70, 72, 73, 75-77, 79, 80 and 82-90 as above, and further in view of Guilley et al. Applicants respectfully traverse the above rejection in view of the remarks below. The Van den Broeck et al., Mousdale et al. and Netzer references have been antedated by the Shah declaration. The Guilley et al. reference relates to the promoter regions of the CaMV. It is respectfully submitted that the teachings of Guilley et al. do not make up the deficiencies of Comai and Koziel. Withdrawal of the above reference is proper and is requested.

0005353

-6-

07-21(381)A

Claims 39, 41, 48, 60, 67, 74, 81 and 91 are rejected under 35 U.S.C. 103 as being unpatentable over Comai taken with Van den Broeck et al., Koziel et al., Mousdale et al., Netzer and Guilley et al. as applied to Claims 33-38, 40, 42-47, 49-59, 61-66, 68-73, 75-80 and 82-90 above, and further in view of Amrhein et al. taken with Mazur et al. The inadequacies of the remaining (unantedated) primary references are discussed above. All that can be concluded from the Amrhein reference in light of Natzinger (previously cited) is that in both cases glyphosate resistance of the adapted cells was <u>accompanied</u> by increased EPSPS activity. The Shah declaration effectively removes the relied upon teaching of Mazur in that the present inventors had demonstrated isolation of the plant gene and the discovery of the chloroplast transit peptide leader prior to the Mazur publication. In any event, the use of one eucaryotic gene as a probe for another does not teach, with the reasonable degree of certainty of success required by law, that a procaryotic gene can be used as a probe for a eucaryotic gene. The basis of the rejection can only be made with the benefit of the instant application: Withdrawal of the above reference is proper and requested.

In summary, it is submitted that glyphosate resistance in plant cells and plants via expression of a chimeric gene which expresses a CTP/EPSPS polypeptide is clearly patentable over the art of record. Claims 33-91 as now submitted are believed to meet the requirements of Title 35 U.S.C. and allowance of these claims is respectfully solicited. Applicants acknowledge the need to submit formal drawings and will do so upon allowance of pending claims.

0005354

07-21(381)A

If the Examiner believes a telephonic interview would facilitate prompt allowance of the pending claims, he is encouraged to call the undersigned attorney at (314) 537-6099.

Respectfully submitted,

*Larry R. Swaney*
Dennis R. Hoerner, Jr.
  Registration No. 30,914, by
Larry R. Swaney,
  Registration No. 25,708
  Attorneys for Applicants

Monsanto Company
700 Chesterfield Village Parkway
St. Louis, Missouri 63198
(314) 537-6099

0005355

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street
> Wilmington, DE 19899-0951

I further certify that on February 9, 2006, copies of the foregoing document were served by hand delivery on the above listed counsel and on the following non-registered participants in the manner indicated below:

**BY FEDERAL EXPRESS**

Peter E. Moll, Esquire
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Susan Knoll, Esquire
Howrey Simon Arnold & White, LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ John W. Shaw_
John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Syngenta Seeds, Inc., Syngenta Corporation, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, and Golden Harvest Seeds, Inc.*

DB01:1611981.1