IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC,<br><br>    Plaintiffs,<br>v.<br><br>SYNGENTA SEEDS, INC.<br>SYNGENTA BIOTECHNOLOGY, INC., et al.,<br><br>    Defendants.<br><br>DEKALB GENETICS CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>SYNGENTA SEEDS, INC.,<br>SYNGENTA BIOTECHNOLOGY, INC., ET AL.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   C. A. No. 04-305 SLR<br>)   (Lead Case)<br>)<br>)<br>)   **PUBLIC VERSION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT THAT THE '880 AND '863 PATENTS
ARE NOT INVALID UNDER 35 U.S.C. §§102 OR 103 IN VIEW OF
THE WORK , PUBLICATIONS, OR DISCLOSURES OF KLEIN ET AL.**

OF COUNSEL:

Susan K. Knoll
Thomas A. Miller
Melinda Patterson
Stephen E. Edwards
Steven G. Spears
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
(713) 787-1400

Dated: February 2, 2006
Public Version Dated: February 10, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys For Monsanto Company,
MonsantoTechnology LLC, and
DEKALB Genetics Corporation*

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT ............................................................................................................ 1

    A. The Asserted Claims Of The '880 Patent Are Not Invalid Under 35 U.S.C. §102(g) Based Upon Klein et al.'s Work Because There Is No Evidence Of A Prior Conception ........................................................... 1

    B. The Asserted Claims Of The '880 Patent Are Not Invalid Under 35 U.S.C. §102(b) Based Upon The 1986 Grant Application .......................... 1

    C. The Asserted Claims Of The '880 And '863 Patents Are Not Invalid Under 35 U.S.C. §103 Based Upon Klein et al.'s 1988 Articles ........................................................................................................... 1

    D. The Asserted Claims Of The '880 Patent Are Not Invalid Under 35 U.S.C. §102(f) For Derivation ................................................................... 1

    E. Summary Judgment Should Also Be Entered On Syngenta's New Defense That The Asserted Claims Of The '880 Patent Are Not Invalid Under 35 U.S.C. §102(f) For Failing To Name Klein et al. As Co-inventors ......................................................................................... 1

    F. Syngenta Does Not Dispute Monsanto's Motion That The '880 Patent Is Not Invalid Under 35 U.S.C. §102(g) Based Upon The USDA Work .................................................................................................. 1

III. CONCLUSION ........................................................................................................ 1

# TABLE OF AUTHORITIES

**Cases**

*American Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
725 F.2d 1350 (Fed. Cir. 1984) ........ 9

*Amgen Inc. v. Hoechst Marion Roussel*,
314 F.3d 1313 (Fed. Cir. 2003) ........ 9

*Amgen, Inc. v. Chugai Pharmaceutical Co.*,
927 F.2d 1200 (Fed. Cir. 1991) ........ 6

*Board of Education v. American Bioscience, Inc.*,
333 F.3d 1330 (Fed. Cir. 2003) ........ 12

*Bristol-Meyers Squibb Co. v. Ben Venue Labs, Inc.*,
246 F.3d 1368 (Fed. Cir. 2001) ........ 8

*Brown v. Barbacid*,
276 F.3d 1327 (Fed. Cir. 2002) ........ 4

*Burroughs Wellcome Co. v. Barr Laboratories, Inc.*,
40 F.3d 1223 (Fed. Cir. 1994) ........ 6, 7, 12

*Elan Pharm., Inc. v. May Found. For Med. Educ. & Research*,
346 F.3d 1051 (Fed. Cir. 2003) ........ 8

*Fiers v. Revel*,
984 F.2d 1164 (Fed. Cir. 1993) ........ 6

*Gambro Lundia AB v. Baxter Healthcare Corp.*,
110 F.3d 1573 (Fed. Cir. 1997) ........ 10

*Hitzeman v. Rutter*,
243 F.3d 1345 (Fed. Cir. 2001) ........ 5, 7

*In re Jolley*,
308 F.3d 1317 (Fed. Cir. 2002) ........ 5

*Invitrogen Corp. v. Clonetech Labs, Inc.*,
429 F.3d 1052 (Fed. Cir. 2005) ........ 3, 4

*Johns Hopkins Univ. v. Cellpro, Inc.*,
152 F.3d 1342 (Fed. Cir. 1998) ........ 4

*Kridl v. McCormick,*
   105 F.3d 1446 (Fed. Cir. 1997)......................................................................... 4

*Metabolite Laboratories, Inc. v. Laboratory Corp. of America Holdings,*
   370 F.3d 1354 (Fed. Cir. 2004)......................................................................... 8

*Pharmastem Therapeutics, Inc. v. ViaCell Inc.,*
   C.A. No. 02-148-GMS, 2004 WL 2127192 (D. Del. Sept. 15, 2004) ................ 12

*PPG Industries Inc. v. Guardian Industries Corp.,*
   75 F.3d 1558 (Fed. Cir. 1996).......................................................................... 7

*Praxair, Inc. v. ATMI, Inc.,*
   231 F.R.D. 457 (D. Del. 2005) ........................................................................ 11

*Rasmusson v. SmithKline Beecham Corp.,*
   413 F.3d 1318 (Fed. Cir. 2005)...................................................................... 7, 8

*Tristrata Technology, Inc. v. ICN Pharmaceuticals, Inc.,*
   C.A. No. 01-150-JJF, (D. Del. Nov. 18, 2003) ................................................. 11

*Ultra-Tex Surfaces, Inc. v. Hill Brothers Chemical Co.,*
   204 F.3d 1360 (Fed. Cir. 2000)......................................................................... 8

**Statutes**

35 U.S.C. §102 ................................................................................................... 7, 8

35 U.S.C. §102(b) ............................................................................................ 2, 7, 12

35 U.S.C. §102(f) ............................................................................................ 2, 10, 11

35 U.S.C. §102(g) ............................................................................................ 2, 3, 13

35 U.S.C. §103 ................................................................................................... 2, 8, 9

35 U.S.C. §112 ....................................................................................................... 7

I.  **INTRODUCTION**

Syngenta's opposition fails to dispute the one pivotal fact which necessitates summary judgment on its Klein-based prior art defenses to the '880 and '863 patents – Klein et al did not have a prior conception of a method for successfully making a fertile transgenic corn plant. Actually arriving at a fertile transgenic corn plant is the basic underlying requirement of each of the asserted claims of the '880 and '863 patent. To prove an earlier conception, Syngenta relies entirely upon Klein's 1986 Grant Application, which is alleged to disclose bombarding corn cells and selecting the transformed ones. But the undisputed facts remain that the 1986 Grant Application does not teach what cells to bombard or how to select them to produce fertile transgenic corn plants. Thus, it cannot be an earlier conception of the complete and operative invention claimed. Indeed, Syngenta does not dispute that neither the target tissue nor the selectable marker systems suggested by the 1986 Grant Application has ever been used to make fertile transgenic corn.

Because Lundquist and Walters were indisputably the first to teach a workable method for making fertile transgenic herbicide resistant corn plants, they are allowed under the law to broadly claim that method, including the steps of bombardment, selection and regeneration, and producing progeny plants as exemplified in the patent. Because it is also undisputed that Klein et al. did not have an earlier conception of a method that actually worked to arrive at the critical, claimed result of fertile transgenic corn and progeny, none of the various permutations of the Klein prior art defenses can have merit. Klein et al. had no method that worked, so they cannot be a prior inventor. Moreover, Klein et al. could not have published an earlier disclosure of how to arrive at fertile transgenic corn, either (1) through the 1987 publication of the Grant Application

which Syngenta relies upon as §102(b) art or (2) through the two 1988 publications which Syngenta relies upon as §103 art. Furthermore, Klein et al. could not have disclosed that non-existent conception to Lundquist and Walters, which is the sole basis for Syngenta's derivation defense under §102(f).

Syngenta attempts to make up for this lack of evidence to support its previously asserted defenses, by asserting a brand new defense in its summary judgment opposition – that the '880 and '863 patents are invalid for failing to name Klein as a co-inventor. But that defense also fails because (1) procedurally, it should not be permitted at this late stage with no prior discovery and (2) substantively, the undisputed facts are that Klein did not contribute anything that was not in the prior art by the time Lundquist and Walters carried out the experiment that resulted in the first fertile transgenic corn plants.

Finally, Syngenta does not oppose summary judgment on its invalidity defense under §102(g) based upon the work of Dr. Fromm's group at the USDA. Accordingly, at a minimum, summary judgment should be entered on that defense.

While Syngenta's 36 page opposition is long on facts, none of them are material to the issues underlying the present motion. By analogy, long before the Wright brothers achieved the first powered flight, visionaries had sketched designs of aircraft with wings, propellers, and fuselages. But none of them got off the ground. These hopes and dreams did not make those early visionaries prior inventors of powered airplanes with wings, propellers and fuselages that could fly. Klein et al stand in the same stead. They may have written on a piece of paper their idea of firing a gene gun at corn cells, selecting transformed ones, and regenerating them into plants. But indisputably, there was no protocol in their early disclosures that could actually result in a fertile transgenic corn

2

plant. Under these circumstances, there can be no factual basis for any of Syngenta's Klein-based prior art defenses.

## II. ARGUMENT

Claim 1 of the '880 and '863 patents do not merely require a series of steps. Rather, they require a series of steps that produce a particular result, i.e., "a fertile transgenic corn plant" in which the foreign "DNA is transmitted through a complete (or normal) sexual cycle of said transgenic plant" to progeny plants. ['880 patent, col. 22, ll. 52-55; '863 patent, col. 30, ll. 1-4; see D.I. 203 at Exh. 1, Illinois Order at 19] Syngenta completely ignores this claim limitation. When that limitation is taken into account, Syngenta's asserted prior art is flawed, because none of it discloses a method that can be used to produce fertile transgenic corn plants that are capable of passing the foreign DNA to progeny plants as required by the claims.

### A. The Asserted Claims Of The '880 Patent Are Not Invalid Under 35 U.S.C. §102(g) Based Upon Klein et al.'s Work Because There Is No Evidence Of A Prior Conception

Syngenta has the burden to prove a prior conception of the complete and operative invention by clear and convincing evidence. *Invitrogen Corp. v. Clonetech Labs, Inc.*, 429 F.3d 1052, 1063 (Fed. Cir. 2005). The only evidence that Syngenta offers of a prior conception by Klein et al is their 1986 Grant Application. [Syngenta Brief at 7-8] Syngenta argues that the 1986 Grant Application discloses the steps of bombarding corn cells, selecting transformed cells, and regeneration. While this may be true, the undisputed evidence remains that the target tissue, bombardment conditions, and the selection protocol disclosed in the 1986 Grant Application could never work to achieve fertile transgenic corn plants, which is a required element of the claims. The undisputed evidence from Syngenta's own expert, Dr. Christou, is that the Grant Application

3

(1) discloses using tissue from corn lines H99 and PA91, which have never been successfully used to transform corn, (2) teaches bombardment by covering the target tissue with water or alginate, which has also never worked, and (3) only discloses selection using the neo gene and kanamycin, which does not work as a selection agent for corn. [*See* Plaintiffs' Brief at 11-13] Dr. Christou agreed that the 1986 Grant Application does not contain a protocol for achieving fertile transgenic corn plants. [Plaintiffs' Brief, Exh. 3 at 122:22-123:4] Accordingly, missing from the application is the most fundamental element of the claims, a method that actually works to produce fertile transgenic corn.

A conception must include every feature or limitation of the claimed invention. *Brown v. Barbacid*, 276 F.3d 1327, 1336 (Fed. Cir. 2002); *Kridl v. McCormick*, 105 F.3d 1446, 1449 (Fed. Cir. 1997). Moreover, it requires "formation in the mind of the inventor, of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice." *Invitrogen*, 429 F.3d at 1063. Here, there is no genuine issue of material fact that the central aspect of the claims – a method that actually produces a fertile transgenic corn plant – is not disclosed by the 1986 Grant Application. While Syngenta argues that Plaintiffs' claims go beyond the specific protocols used first by Lundquist and Walters to arrive at fertile transgenic corn, that fact is irrelevant to Klein's lack of conception. At best, it could raise an enablement defense, if one had been alleged in discovery (and it was not). But "the enablement requirement is met if the description enables any mode of making and using the invention." *Invitrogen Corp.*, 429 F.3d at 1071 (quoting *Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1363 (Fed. Cir. 1998)). Here, Lundquist and Walters taught a method that works to actually produce

4

a fertile transgenic corn plant and progeny, so they are allowed to broadly claim the steps used to achieve those results. By contrast, the 1986 Grant Application did not teach any protocol that has ever resulted in fertile transgenic corn.

It is in this sense that the 1986 Grant Application is simply a research plan for a potential method for making fertile transgenic corn. Both the application, itself, and Dr. Christou concede this point, and Syngenta does not dispute it. [Plaintiffs' Brief at 10-11] Instead, Syngenta relies upon *In re Jolley*, 308 F.3d 1317, 1324 (Fed. Cir. 2002) for the proposition that research plans can in some instances evidence a conception. But this case only further proves Plaintiffs' point. In *Jolley*, the count was to a particular composition to be used as a refrigerant, and there was evidence that the junior party's conception document disclosed testing the composition that was later shown to work and was claimed. *Id.* Here, the undisputed fact is that the 1986 Grant Application disclosed no materials or procedures that could ever work to produce fertile transgenic corn. It was just a wish or ambition to arrive at such a working protocol by trial and error experiments.

It is also in this regard that Syngenta's attempt to distinguish Plaintiffs' cited cases – the cases rejecting research plans as conception of an invention – evaporates. [Plaintiffs' Brief at 18-20] For example, Syngenta distinguishes *Hitzeman v. Rutter*, 243 F.3d 1345, 1356 (Fed. Cir. 2001) because there was no evidence that Hitzeman had conceived of a particular sedimentation rate used in the claimed method for transforming yeast cells to produce hepatitis B antigen. [Syngenta Brief at 21] Here, Syngenta's only asserted conception lacks an even more critical limitation – a working method to produce fertile transgenic corn plants. Syngenta's attempt to distinguish *Fiers* and *Amgen* as just

5

involving an unknown specific gene sequence encompassed by the claims fails for the same reason. [Syngenta Brief at 20] These cases were not limited to claims to specific unknown DNA, as suggested by Syngenta, but were attempts to broadly claim DNA encoding classes of proteins. *Fiers v. Revel*, 984 F.2d 1164, 1171 (Fed. Cir. 1993); *Amgen, Inc. v. Chugai Pharmaceutical Co.*, 927 F.2d 1200, 1207 (Fed. Cir. 1991). In each case, the problem was that the alleged conception amounted only to a plan to isolate a claimed gene, as opposed to any conception of the class of genes themselves. Here, Klein et al.'s alleged conception lacks the critical element of a working method to make fertile transgenic corn plants, and similarly amounted at best to a hope of arriving at such a method through trial and error experimentation.

Syngenta attempts to distinguish *Burroughs Wellcome Co. v. Barr Laboratories, Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994), based on its additional holding that one need not know that his invention will work for a conception. But the instant case goes well beyond Klein not knowing if his invention would work – here, it is undisputed that the protocol in the 1986 Grant Application would not work. As *Burroughs Wellcome* further observed, "[a] conception is not complete if the subsequent course of experimentation, especially experimental failure, reveals uncertainty that so undermines the specificity of the inventor's idea that it is not yet a definite and permanent reflection of the complete invention as it will be used in practice." *Id.*, at 1229. Based on the undisputed record regarding the shortcomings of the grant application's materials and methods, that is exactly the case here.[1]

---

[1] Syngenta's alleges the "Dr. Klein (and his collaborators)" at the USDA ultimately arrived at fertile transgenic corn. [Syngenta Brief at 10-11] This argument is both misleading and irrelevant. The undisputed evidence is that (███████████████

6

The black letter law on conception is that "an idea is definite and permanent when the inventor has a specific, settled idea, a particular solution to the problem at hand, not just a general goal or research plan he hopes to pursue." *Hitzeman*, 243 F.3d at 1356 (quoting *Burroughs Welcome*, 40 F.3d at 1228). Based upon the undisputed record, there is no evidence that the 1986 Grant Application can meet this standard, because it did not set forth a specific settled idea for how to produce fertile transgenic corn so as to express a gene conferring herbicide resistance.

### B. The Asserted Claims Of The '880 Patent Are Not Invalid Under 35 U.S.C. §102(b) Based Upon The 1986 Grant Application

If the grant application does not disclose a conception of the claims of the '880 patent, it logically follows that it similarly does not contain an anticipating disclosure. Like a conception, anticipating §102 art must disclose every element of the claims. *PPG Industries Inc. v Guardian Industries Corp.*, 75 F.3d 1558, 1566 (Fed. Cir. 1996). Here, there is no dispute that the key element is missing – a method that would actually result in fertile transgenic corn plants. The absence of this element alone justifies summary judgment in Plaintiffs' favor.

Syngenta's opposition is directed to an entirely separate requirement for anticipation – whether the anticipating art must also be enabling. [Syngenta Brief at 29-20] Syngenta cites *Rasmusson v. SmithKline Beecham Corp.*, 413 F.3d 1318, 1326 (Fed. Cir. 2005) for the proposition that the enablement inquiry under §102 is not the same as that under §112. [*Id.*] While that may be true, *Rasmusson* is very clear that "[a] patent

[Plaintiffs' Brief at 13]

7

claim 'cannot be anticipated by a prior art reference if the allegedly anticipatory disclosures cited as prior art are not enabled.'" *Id.* at 1325 (quoting *Elan Pharm., Inc. v. May Found. For Med. Educ. & Research*, 346 F.3d 1051, 1054 (Fed. Cir. 2003)). The only difference in the underlying enablement inquiries addressed by *Rasmusson* is that §102 art need not disclose a particular use for a disclosed compound to anticipate claims to that compound. *Id.* at 1325. But the compound, itself, still must be enabled. *Id.*; *see also Bristol-Meyers Squibb Co. v. Ben Venue Labs, Inc.*, 246 F.3d 1368, 1379 (Fed. Cir. 2001).

This case is therefore very different from *Rasmusson*, where the prior art reference disclosed the precise compound which was later shown to be useful in treating prostate cancer. *Id.* at 1323. Here, the materials and procedures of the "protocol" set forth in the 1986 Grant Application indisputably cannot be used to produce the claimed result of fertile transgenic corn plants. Absent such a disclosure, much less an enabling one, the 1986 Grant Application cannot anticipate these claims.

### C. The Asserted Claims Of The '880 And '863 Patents Are Not Invalid Under 35 U.S.C. §103 Based Upon Klein et al.'s 1988 Articles

To support its obviousness claim, Syngenta relies only upon Klein's two 1988 publications. Again, both references were before the PTO in issuing the claims. [Plaintiffs' Brief, Exh. 1, '880 patent, col. 8, l. 60-col. 9, l. 7] "Where, as here, the PTO previously considered the prior art reference[s], [the defendant] bears an even heavier burden to prove invalidity." *Metabolite Laboratories, Inc. v. Laboratory Corp. of America Holdings*, 370 F.3d 1354, 1368 (Fed. Cir. 2004) "[H]e has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job." *Ultra-Tex Surfaces, Inc. v. Hill Brothers Chemical Co.*, 204 F.3d

8

1360, 1367 (Fed. Cir. 2000) (quoting *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir. 1984)).

Syngenta does not dispute that the 1988 articles only disclose transient expression (not stable integration) in corn cells (not plants) of the GUS gene and the CAT gene, both screenable markers (not selectable markers). [Plaintiffs' Brief at 14-15] Accordingly, these references similarly do not disclose the essential feature of the claim – a protocol that can actually result in a fertile transgenic corn plant. And Syngenta does not allege any other references with which the two 1988 publications can be combined to provide these missing elements. As Plaintiffs' Brief at 14-15 points out, the difference between screenable markers and selectable markers in very important. Screenable markers only allow one to observe transformed cells (for example, GUS makes the cells turn blue), not select cells for regeneration into fertile transgenic corn plants. Syngenta does not dispute its expert Dr. Christou's testimony that screenable markers have never been used to make fertile transgenic corn. *Id.*

Syngenta's only response is to suggest that §103 art does not have to be enabling at all, citing *Amgen Inc. v. Hoechst Marion Roussel*, 314 F.3d 1313, 1357 (Fed. Cir. 2003). [Syngenta Brief at 31] But it can only be prior art for "whatever is disclosed therein." *Id.* At most, the two 1988 articles disclose and enable the creation of corn cells transiently expressing a GUS or CAT screenable marker gene. The undisputed flaw in these references is that they neither disclose the step of using a selectable marker nor the fundamental limitation of making fertile transgenic corn plants. [Plaintiffs' Brief at 14-15] In the absence of such a disclosure, or an asserted reference with which the 1988

9

articles can be combined to arrive at such a disclosure, they cannot render the '880 and '863 patents obvious.

### D. The Asserted Claims Of The '880 Patent Are Not Invalid Under 35 U.S.C. §102(f) For Derivation

The only basis for invalidity under §102(f) alleged in Syngenta's interrogatory answers or expert reports is derivation. [Plaintiffs' Brief, Exh. 4 at 10-11 and Exh. 5 at 33-35] Syngenta does not dispute the legal requirement that for derivation to have occurred, Drs. Klein and Sanford must have had a prior conception of the claims. [Plaintiffs' Brief at 23] The only evidence of a prior conception adduced in Syngenta's opposition is the 1986 Grant Application. Accordingly, summary judgment that this document does not evidence a prior conception also necessitates summary judgment as to Syngenta's prior invention defense.

Syngenta similarly does not dispute that the communicated subject matter did not go beyond what was publicly available in the two 1988 Klein et al. publications, which were addressed in the specification and considered and rejected as invalidating prior art by the PTO examiner. [Plaintiffs' Brief at 24] As discussed above, because the two 1988 Klein et al. publications did not disclose all elements of the claims, the same must also be true of Klein and Sanford's presentation to Lundquist and Walters. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ [Plaintiffs' Brief, Exh. 3 at 163:8-164:25] Derivation cannot exist were there is, at best, a disclosure that does not include all of the material claim elements. *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1577 (Fed. Cir. 1997) ("As an initial matter, the district court applied the wrong legal standard …. The district court

10

concluded that Baxter did not need to prove communication of the entire conception ...") (citation omitted).

### E. Summary Judgment Should Also Be Entered On Syngenta's New Defense That The Asserted Claims Of The '880 Patent Are Not Invalid Under 35 U.S.C. §102(f) For Failing To Name Klein et al. As Co-inventors

Before filing its opposition to the present motion, Syngenta never before raised the defense that the '880 patent is allegedly invalid for failing to name Klein et al as co-inventors. This defense was not specifically pled, was not presented in response to interrogatories [Plaintiffs' Brief, Exh. 4 at 10-11], and was not mentioned in any expert report. [Plaintiffs' Brief, Exh. 5 at 33-35] Adding this new substantive defense to the exhaustive list of defenses already asserted by Syngenta, two months after the close of fact discovery and over a month after the close of expert discovery, is an impermissible and highly prejudicial breach of this Court's scheduling order in this case. *E.g., Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463-64 (D. Del. 2005) (striking prior art defenses raised for first time after close of fact and expert discovery); *Tristrata Technology, Inc. v. ICN Pharmaceuticals, Inc.*, C.A. No. 01-150-JJF at * 4-5 (D. Del. November 18, 2003) [Exh. 12 hereto] (striking invalidity defenses not raised in interrogatory answers or expert reports). Accordingly, summary judgment should be entered based upon Syngenta's discovery abuse alone.

Summary judgment should also be granted because it is undisputed that Klein et al. disclosed nothing to Lundquist and Walters that was not already in the 1986 Grant Application or published in Klein's two 1988 articles. Accordingly, there is no dispute that when Lundquist and Walters performed the experiment that resulted in the first fertile transgenic corn plant, there was nothing that they had learned from Klein et al. that

11

had not already been in the prior art for a year. "One who simply provides the inventor with well-known principles or explains the state of the art without ever having 'a firm and definite idea' of the claimed combination as a whole does not qualify as a joint inventor." *Board of Education v. American Bioscience, Inc.*, 333 F.3d 1330, 1338 (Fed. Cir. 2003) quoting *Burroughs Wellcome*, 40 F.3d at 1228). For example, in *Pharmastem Therapeutics, Inc. v. ViaCell Inc.*, C. A. No. 02-148-GMS, 2004 WL 2127192 at *8 (D. Del. Sept. 15, 2004), this district rejected a joint inventorship clear where "Dr. Rubenstein admitted that he published his cryopreservation techniques more than one year prior to the inventions of the Patents-In-Suit ... which would allow a jury to conclude that any contribution he made was rendered prior art by the time of the patenting of the invention." [Exh. 13 hereto]

Here, the undisputed evidence is that Klein et al did not have "a firm and definite idea of the claimed combination as a whole" and thus could not have contributed to the conception of these claims. *Board of Education* 333 F.3d at 1338; *Burroughs Wellcome*, 40 F.3d at 1228. Beyond that, it is undisputed that Klein and Sanford did not tell Lundquist and Walters anything about how to use a gene gun which (1) was not already contained in their previously-filed 1986 Grant Application (asserted by Syngenta as §102(b) prior art, and (2) was not already published in the two 1988 articles 18 months before Lundquist and Walters filed their patent application and well before they performed the bombardment that produced the first fertile transgenic corn plant. Indeed, the specification, itself recognizes the two 1988 articles as being part of the prior art. [Exh. 1, '880 patent, col. 8, l. 60-col. 9, l. 7] Accordingly, Syngenta's opposition fails to

12

raise any genuine issue of material fact which could support a finding of joint inventorship.

### F. Syngenta Does Not Dispute Monsanto's Motion That The '880 Patent Is Not Invalid Under 35 U.S.C. §102(g) Based Upon The USDA Work

Finally, Plaintiffs' Brief at 21-22 sought summary judgment on the defense asserted in Syngenta's interrogatory answers that the '880 patent claims are invalid under §102(g) in view of the prior work of Dr. Fromm's group at the USDA. Plaintiffs' pointed out that Syngenta has not alleged or shown evidence of any conception date or diligence for work by this group. *Id.* Syngenta's opposition does not dispute this issue, and does not raise any facts in opposition to Plaintiffs' motion. Accordingly, summary judgment should be entered on this issue.

### III. CONCLUSION

In view of the foregoing and the facts and legal authorities discussed in Plaintiffs' opening brief, Plaintiffs' requests that summary judgment be entered against Syngenta on its Klein-based prior art defenses.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Susan K. Knoll
Thomas A. Miller
Melinda Patterson
Stephen E. Edwards
Steven G. Spears
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
Telephone (713) 787-1400

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Telephone (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated: February 2, 2006
Public Version Dated: February 10, 2006

Attorneys for Plaintiffs

718144

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 10, 2006, the attached document was hand delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on February 10, 2006, I have Electronically Mailed the foregoing document(s) to the following non-registered participants:

Richard F. Schwed
Thomas A. McGrath III
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

Michael J. Flibbert
Don O. Burley
Howard W. Levine
Finnegan, Henderson, Farabow,
   Garrett & Dunner, L.L.P.
901 New York Ave., NW
Washington, DC 20001-4413
michael.flibbert@finnegan.com
don.burley@finnegan.com
howard.levine@finnegan.com

　　　　　　　　　　　　　*/s/ David E. Moore*
　　　　　　　　　　　　　Richard L. Horwitz
　　　　　　　　　　　　　David E. Moore
　　　　　　　　　　　　　Potter Anderson & Corroon LLP
　　　　　　　　　　　　　Hercules Plaza – Sixth Floor
　　　　　　　　　　　　　1313 North Market Street
　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　(302) 984-6000
　　　　　　　　　　　　　rhorwitz@potteranderson.com
　　　　　　　　　　　　　dmoore@potteranderson.com

700765