IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MONSANTO COMPANY, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA SEEDS INC., *et al.* <br><br> Defendants. | C.A. No.: 04-508-SLR (Consol.) <br><br> **RESTRICTED CONFIDENTIAL FILED UNDER SEAL** |

**DECLARATION OF HEATHER LAMBERG KAFELE IN SUPPORT OF SYNGENTA SEEDS INC., SYNGENTA CORPORATION, SYNGENTA BIOTECHNOLOGY INC., ADVANTA USA, INC., GARST SEED COMPANY AND GOLDEN HARVEST SEEDS, INC.'S ANSWERING BRIEF IN OPPOSITION TO MONSANTO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Heather Lamberg Kafele declares under penalty of perjury:

1. I am an attorney at the firm of Shearman & Sterling LLP, counsel in this action to plaintiff and counterclaim-defendant Syngenta Seeds Inc. and counterclaim-defendants Syngenta Corp., Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company and Golden Harvest Seeds, Inc. (collectively, "Syngenta"). I was admitted *pro hac vice* to this Court on August 24, 2004. I submit this declaration in opposition to the motion to compel production of documents filed by defendant and counterclaim-plaintiff Monsanto Company (collectively, "Monsanto"). Except as otherwise stated, I have personal knowledge of the matters set forth herein.

## VOLUME OF DOCUMENT COLLECTION AND PRODUCTION

2. On April 26, 2005, this Court entered a scheduling order setting October 21, 2005 as the document discovery deadline. To respond to Monsanto's wide-ranging document requests by that deadline, Syngenta launched a massive document collection and production effort.

3. Shearman & Sterling LLP attorneys visited seven locations across the United States and interviewed 200 Syngenta employees. Hard copy and electronic files were collected from 170 employees.

4. Once these documents – *totaling an estimated* 19.5 million pages (or an estimated 9,200 boxes) – were collected, they needed to be reviewed by attorneys for responsiveness, confidentiality and privilege.

5. Syngenta employed 99 professionals (attorneys, paralegals, and litigation support) to conduct and assist in this review.

6. The entire process was handled electronically – *i.e.*, both paper and electronic files were loaded into an electronic repository and attorneys reviewed images of the paper documents as well as the electronic files using an interactive computer program.

7. Ultimately, Syngenta produced 2.8 million pages of documents.

## PRECAUTIONS TO PREVENT DISCLOSURE

8. Syngenta used a multi-level review system to identify and prevent the production of privileged documents. Every document was reviewed on a document-by-document basis and was subject to at least two levels of review.

9. As part of first level review, attorneys reviewed and coded documents for: (1) responsiveness to Monsanto's document request; and (2) potential privilege. If an attorney

conducting the first-level review deemed a document to be potentially subject to attorney-client privilege or work product protection, the reviewer selected a "checkbox" identifying the document as having "Privilege Issues."

10.     Once a document passed through the first-level review, it was subjected to a second-level review to verify the first reviewers' determinations of responsiveness and ensure that potentially privileged documents had been segregated for the privilege review team. At this time, confidentiality designations also were assigned to the documents (*i.e.*, determining whether documents should be marked "confidential" or "restricted confidential" pursuant to the Amended Stipulated Protective Order). These confidentiality designations were assigned regardless of whether the documents were deemed to be potentially privileged.

11.     In addition to the documents marked "Privilege Issues" by the reviewers, an electronic word search was performed on all responsive documents to identify any additional documents that were potentially privileged. Any documents containing one of the selected words (*e.g.*, "attorney-client privilege") were segregated for the privilege review team. This electronic word search, like the first two levels of review, was undertaken as a precaution to prevent the inadvertent disclosure of privileged documents.

## PRIVILEGE REVIEW TEAM

12.     The documents that were segregated as potentially privileged as a result of the first and second level reviewers marking the documents "Privilege Issues" or as a result of the electronic word search were given to a group of attorneys trained specifically on privilege issues. The privilege review team determined whether the potentially privileged documents were in fact protected by the attorney-client privilege and/or work product doctrine, and if so, drafted the privilege log entry for each document. Next, the documents designated for production were

reviewed to ensure that only non-privileged documents were produced, and the documents included on the privilege log were reviewed to ensure that they were being properly withheld. Syngenta opted to employ this multi-level review in order to increase the quality of its production, avoid inadvertent disclosures, and maintain consistency in its assertion of privilege.

## INITIAL PRIVILEGE REVIEW

13. In the Fall of 2005, in an effort to ensure that the greatest number of responsive, non-privileged documents were produced by the deadline, Syngenta assigned several attorneys to conduct an initial privilege review of documents that had been set aside as potentially privileged. The purpose of the initial privilege review was to determine whether the process described above (¶¶ 8-11) had been overly inclusive and included documents that clearly were not attorney-client privileged or work product. Reviewers were instructed that if there was any question as to privilege, the document was to remain segregated for the privilege review team.

14. As with the rest of Syngenta's review, the initial privilege review was conducted electronically. The reviewers had two checkboxes to choose from: "Privileged" and "Not Privileged." Attorneys were instructed to review the potentially privileged documents and click the "Not Privileged" checkbox only when it was clear that the documents were not attorney-client privileged or attorney work product.

## INADVERTENT PRODUCTION

15. On December 30, 2005, we were served with Monsanto's Answering Brief in Opposition to Syngenta AG and Syngenta Participation AG's Motion to Dismiss Monsanto's Counterclaims ("Monsanto Jurisdiction Br."). Monsanto attached two inadvertently produced

documents to its brief: SYN-AT-001938548-50. ("Flattery Memo") and SYN-AT-001385822 ("Flattery Email").

### FLATTERY MEMO

16. Syngenta's document collection included 15 versions of the Flattery Memo. Fourteen of the versions of the Flattery Memo were withheld from Syngenta's production on the grounds of attorney-client privilege and attorney work product. However, during the initial privilege review, one out of 15 copies of the Flattery Memo was inadvertently marked for production.

17. The Flattery Memo was included in the initial privilege review as a potentially privileged document. Although the inadvertently produced copy of the Flattery Memo had been segregated as potentially privileged, an attorney mistakenly clicked the "Not Privileged" box during the initial privilege review, thus designating the memo for production. This production was inadvertent. Indeed, the same reviewer had previously reviewed a different version of the Flattery Memo and marked it as privileged. Under the standards of the initial privilege review, the Flattery Memo should have been marked as "Privileged" and been reviewed by the privilege review team.

18. Every copy of the Flattery Memo reviewed for discovery in the patent case was withheld on privilege grounds. These are reflected on Syngenta's privilege log from that case at entries 71, 98, 100, 102, 103, 104, 122, 128, 723, 738, 766, 769, 807, and 1028. Monsanto never challenged the privilege determination over any of those entries.

19. Syngenta first learned of the inadvertent production of the Flattery Memo on December 30, 2005, when Monsanto attached it as an exhibit a declaration in support of Monsanto's Jurisdiction Brief.

20. At that time, Monsanto clearly anticipated that Syngenta had inadvertently produced the Flattery Memo and would likely claim privilege over the document. *See* Monsanto Jurisdiction Br. at 11 n.4 ("Syngenta may attempt to claim the document is privileged. . . "). Nonetheless, Monsanto did not make any attempt to alert us to the inadvertent production.

21. On January 3, 2006, the first business day after the inadvertent disclosure was discovered, Syngenta sent Monsanto a letter pursuant to paragraph 5 of the Amended Stipulated Protective Order, requesting that copies of the Flattery Memo be returned or destroyed. (*See* Letter from Heather L. Kafele to John Rosenthal, dated January 3, 2006 (attached as Exhibit 1)).

22. On February 4, 2006, Monsanto invoked paragraph 5 of the Amended Stipulated Protective Order seeking the return or destruction of 26 inadvertently produced documents.

**FLATTERY EMAIL**

23. Syngenta also first learned of the inadvertent production of the Flattery Email on December 30, 2005, when Monsanto attached it as an exhibit to a declaration in support of Monsanto's Jurisdiction Brief. In the January 3, 2006 letter to Monsanto, Syngenta also requested that the Flattery Email be returned or destroyed.

24. Under paragraph 5(c) of the Amended Stipulated Protective Order, Monsanto was required to seek an order to compel the production of this document within fifteen (15) business days from Syngenta's January 3, 2006 letter. Upon expiration of the 15-day period, Monsanto must return the document. Under the protective order, the 15-day period has expired. Monsanto has not returned the document.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 6, 2006, at Washington, D.C.

_____
Heather Lamberg Kafele

REDACTED VERSION – PUBLICLY FILED

# Exhibit 1

# SHEARMAN & STERLING LLP

801 PENNSYLVANIA AVENUE, NW | WASHINGTON, DC | 20004-2634

WWW.SHEARMAN.COM | T +1.202.508.8000 | F +1.202.508.8100

hkafele@shearman.com
202-508-8097

January 3, 2006

<u>Via Email and U.S. Mail</u>

John J. Rosenthal, Esq.
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

Re:   *Syngenta v. Monsanto*, C.A. No. 04-908-SLR

Dear John:

It has come to our attention that certain documents exempt from discovery as attorney-client privileged communications and/or work product were inadvertently produced. In accordance with paragraph 5 of the parties' Stipulated Amended Protective Order, we request that you retrieve and destroy the documents bearing bates numbers SYN-AT-001938548-550 and SYN-AT-001385822, and that you destroy all copies or other material derived from those documents. We are considering producing a redacted version of SYN-AT-001938548-550.

Very truly yours,

*[signature]*
Heather Lamberg Kafele

cc:   John Shaw, Esq.

ABU DHABI | BEIJING | BRUSSELS | DÜSSELDORF | FRANKFURT | HONG KONG | LONDON | MANNHEIM | MENLO PARK
MUNICH | NEW YORK | PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

REDACTED VERSION – PUBLICLY FILED

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street
> Wilmington, DE 19899-0951

I further certify that on February 6, 2006, copies of the foregoing document were served by hand delivery on the above listed counsel and on the following non-registered participants in the manner indicated below:

**BY FEDERAL EXPRESS**

Peter E. Moll, Esquire
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Susan Knoll, Esquire
Howrey Simon Arnold & White, LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ John Shaw by Michele Sherretta*
John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Syngenta Seeds, Inc., Syngenta Corporation, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, and Golden Harvest Seeds, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street
> Wilmington, DE 19899-0951

I further certify that on February 13, 2006, copies of the foregoing document were served by hand delivery on the above listed counsel and on the following non-registered participants in the manner indicated below:

**BY FEDERAL EXPRESS**

Peter E. Moll, Esquire
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Susan Knoll, Esquire
Howrey Simon Arnold & White, LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Syngenta Seeds, Inc., Syngenta Corporation, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, and Golden Harvest Seeds, Inc.*

DB01:1611981.1