IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-305-SLR (Consol.) |
| | ) | |
| SYNGENTA SEEDS, INC., *et al.*, | ) | RESTRICTED CONFIDENTIAL – |
| | ) | FILED UNDER SEAL |
| Defendants. | ) | |

**DECLARATION OF EDWARD C. RESLER IN SUPPORT OF
SYNGENTA SEEDS, INC., SYNGENTA CORPORATION,
SYNGENTA BIOTECHNOLOGY, INC., ADVANTA USA, INC.,
GARST SEED COMPANY, AND GOLDEN HARVEST SEEDS, INC.'S
ANSWERING BRIEF IN OPPOSITION TO MONSANTO'S MOTION TO COMPEL**

Edward C. Resler, declares under penalty of perjury:

1. I make this affidavit in support of the Syngenta Seeds Inc., Syngenta Corporation, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, and Golden Harvest Seeds, Inc.'s Answering Brief in Opposition to Monsanto's Motion to Compel the Production of documents. The statements made herein are based on my personal knowledge.

2. I am Vice President and General Counsel, Plant Science, of Syngenta Seeds, Inc. This is an in-house legal position at Syngenta. I am responsible for providing Syngenta with an array of legal advice and services relevant to its business and operations, such as interpreting contractual rights and obligations; interpreting and advising on the legal implications of trade regulations, advertising and promotion programs; preparing business contracts and licenses; and managing litigation. I am not a business person and I do not provide business advice as a part of my job responsibilities.

3.  In early 2004, Syngenta acquired the rights to GA21, a glyphosate-resistant corn trait, from Bayer CropScience ("Bayer"). Although this acquisition enabled Syngenta to enter the U.S. market for glyphosate-resistant corn traits, Syngenta still needed a supply of GA21 source material. In February 2004, Syngenta was considering at least two optional GA21 germplasm sources: (1) GA21 germplasm produced under a research evaluation agreement ("Evaluation Agreement") with Bayer; and (2) GA21 germplasm produced by other U.S. seed companies that had license agreements with Monsanto.

4.

**REDACTED**

5.

**REDACTED**

6.  Ms. Flattery, like me, is not a business person and does not provide business advice as a part of her job responsibilities. She is responsible for providing legal advice on patents, trademarks, licensing agreements, and other intellectual property legal issues.

7.

**REDACTED**

**REDACTED**

8.

**REDACTED**

9.  After the meeting, Ms. Flattery was asked to draft a memo reflecting the legal advice and possible litigation defenses that had resulted from the Finnegan Henderson meetings. A draft of that memo ("the Memo"), which was inadvertently produced to Monsanto, is attached as Exhibit 1 to this declaration.

10.

**REDACTED**

11.  I was surprised to learn that the Memo had been inadvertently produced in this litigation, as Syngenta did not intend to waive its claims of attorney-client privilege or work product immunity over this document.

12. I have reviewed Monsanto's Opening Brief in Support if Its Motion to Compel the Production of Documents, including Monsanto's allegations that I have committed a fraud on the Court by submitting a false declaration in support of Syngenta AG and Syngenta Participations AG's Motion to Dismiss for Lack of Personal Jurisdiction. Monsanto's allegations are completely lacking in merit.

13. Attached as Exhibit 2 to this declaration is the declaration I submitted in support of Syngenta AG's Motion to Dismiss. After learning of Monsanto's allegations of fraud, I carefully re-read Exhibit 2. I am satisfied that all of the assertions made therein are true and correct to the best of my knowledge.

14. Attached as Exhibit 3 to this declaration is an August 27, 2004 email from Marian Flattery to myself, Rob Wilde, NK Brands Strategic Business Manager at Syngenta Seeds, Inc., and Michael Yates, an in-house patent attorney at Syngenta Biotechnology, Inc.

15. Like the Memo, I was surprised to learn that Exhibit 3 had been inadvertently produced in this litigation, as Syngenta did not intend to waive its claims of attorney-client privilege or work product immunity over this document.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 5, 2006

_Edward C. Resler_
Edward C. Resler

REDACTED VERSION – PUBLICLY FILED

# Exhibit 1

**REDACTED**

REDACTED VERSION – PUBLICLY FILED

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONSANTO COMPANY, et al., )
        Plaintiffs, )
         ))
v. )) C.A. No.: 04-305-SLR (Consol.)
         )
SYNGENTA SEEDS, INC., et al., ) **CONFIDENTIAL**
        Defendants. ) **FILED UNDER SEAL**

## DECLARATION OF EDWARD C. RESLER

Edward C. Resler, declares under penalty of perjury:

1.    I am Vice President and General Counsel, Plant Science, of Syngenta Seeds, Inc. I make this affidavit in support of Syngenta AG's and Syngenta Participations AG's motion to dismiss the Counterclaim of Monsanto Company and Monsanto Technology LLC ("Counterclaim") for lack of personal jurisdiction. The statements made herein are based on (i) my personal knowledge, (ii) my review of documents prepared and maintained by Syngenta Seeds, Inc. ("Syngenta Seeds") and certain of its affiliates, and (iii) upon information provided by Syngenta employees with knowledge of the business of Syngenta Seeds and certain of its affiliates.

2.    In addition to Syngenta AG and Syngenta Participations AG ("Participations"), Monsanto has named several U.S. companies as defendants in its Counterclaim, including Syngenta Corporation, Syngenta Seeds, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company[1], and the "Golden Harvest Companies" (which Monsanto alleges to

---

[1] On April 1, 2005, Advanta USA, Inc. changed its name to Garst Seed Company. They are the same entity, which I will refer to as Garst Seed Company.

include Garwood Seed Co., Golden Seed Company, LLC, JC Robinson Seeds, Inc., Sommer Bros. Seed Company, and Thorp Seed Co.). See Complaint ¶¶ 9-14. I will refer to these companies collectively as the "Syngenta U.S. Companies."

3. Syngenta Corporation is a Delaware corporation having its principal offices at 2200 Concord Pike, Wilmington, DE 19803. Syngenta Corporation is a holding company that owns, either directly or indirectly, Syngenta Seeds, Syngenta Biotechnology, Inc., and Garst Seed Company. Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, LLC, JC Robinson Seeds, Inc., Sommer Bros. Seed Company, and Thorp Seed Co. -- are majority owned directly or indirectly by GH Holding, Inc. a wholly-owned subsidiary of Participations.

4. Syngenta Corporation and its U.S. affiliates have more than 4,000 employees.

5. Syngenta Seeds was formed under the laws of Delaware and is headquartered in Golden Valley, Minnesota. It is engaged, among other things, in the production, marketing and sale of commercial seeds, including hybrid corn seeds.

6. Syngenta Biotechnology, Inc. ("SBI") is a Delaware corporation with its principal place of business in Research Triangle Park, North Carolina. SBI, which is wholly owned by Syngenta Seeds, conducts research in various areas of agriculture, including crop genetics research.

7. In its Counterclaim, Monsanto alleges that "Syngenta," which is defined to include Syngenta AG and Participations, has sold "Monsanto's GA21 product as its own competing 'Agrisure' or 'Agrisure GT' brands of products." See Counterclaim ¶ 66. This is incorrect. Any sales of GA21 corn seed in the U.S., including under the "Agrisure" and "Agrisure GT" brands, have been made by Syngenta Seeds and its U.S. seed company affiliates. Syngenta AG and Participations have not sold any GA21 corn seed in the United States.

8. Monsanto also alleges that "Syngenta," including Syngenta AG and Participations, "intentionally interfered with Monsanto's GA21 event license agreement with Garst [Seed Company] by contracting with Garst's immediate parent, Advanta USA, Inc., for the transfer of the GA21 event inbred corn lines that [Garst] had received from Monsanto." See Counterclaim ¶¶51,78. This statement is also incorrect. The May 10, 2004 agreement with Advanta USA, Inc. to which the Counterclaim refers (see ¶51) was entered into by Syngenta Seeds. A copy of that contract is attached to this affidavit as Exhibit "A." Neither Syngenta AG nor Participations was a party to this agreement, nor did they negotiate it. Moreover, the May 10, 2004 agreement was negotiated and signed by Syngenta Seeds and Advanta USA, Inc. (the predecessor to Garst Seed Company) in Iowa and Minnesota where the parties are located.

9. In the Counterclaim, Monsanto alleges that "Syngenta AG actively directs and controls the U.S. business operations of" the Syngenta U.S. Companies. See Complaint ¶ 15. This is incorrect.

10. The Syngenta U.S. Companies are managed by their own officers and employees, who have responsibility for the day-to-day operation of the businesses. To my knowledge, Syngenta AG and Participations do not direct the day-to-day operations of the Syngenta U.S. Companies. In particular, Syngenta Seeds and its U.S. seed company affiliates develop and implement the sales and marketing strategy for GA21 corn seed in the United States. These companies make the day-to-day decisions on what, where, when, and how to sell GA21 corn seed. They hire (and fire) their own sales forces, adopt their own branding strategies (including with respect to the "Agrisure" brand), set their own prices, run their own promotions, and decide on their own which customers to target.

3

11. The Syngenta U.S. Companies maintain offices, manufacturing, research, sales and distribution facilities in the United States, which are separate from the operations of Syngenta AG and Participations, neither of which has any facilities in the United States.

12. The boards of directors of the Syngenta U.S. Companies are separate from the boards of Syngenta AG and Participations. The Syngenta U.S. Company boards meet at separate times and locations from any meetings of the boards of Syngenta AG and Participations. As set forth in Exhibit "B" to the accompanying affidavit of Daniel Michaelis, no Syngenta U.S. Company has a majority of directors who are also directors of Syngenta AG or Participations, or members of the Syngenta AG Executive Committee.

13. The Syngenta U.S. Companies maintain their own books and records, and prepare their own financial statements. Syngenta Corporation files its own United States tax returns. Syngenta Corporation prepares its own financial statement, which is consolidated with Syngenta AG's financial statement for reporting purposes.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 21, 2005

Edward C. Resler

REDACTED VERSION – PUBLICLY FILED

# Exhibit 3

REDACTED VERSION – PUBLICLY FILED

**REDACTED**

REDACTED VERSION – PUBLICLY FILED

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street
> Wilmington, DE 19899-0951

I further certify that on February 13, 2006, copies of the foregoing document were served by hand delivery on the above listed counsel and on the following non-registered participants in the manner indicated below:

**BY FEDERAL EXPRESS**

Peter E. Moll, Esquire
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Susan Knoll, Esquire
Howrey Simon Arnold & White, LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ John W. Shaw_

John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Syngenta Seeds, Inc., Syngenta Corporation, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, and Golden Harvest Seeds, Inc.*

DB01:1611981.1