314

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No.: 04-305-SLR (Consol.) |
| SYNGENTA SEEDS, INC., *et al.*, | ) ) **RESTRICTED CONFIDENTIAL** |
| | ) **FILED UNDER SEAL** |
| Defendants. | ) |

**ANSWERING BRIEF IN OPPOSITION TO MONSANTO'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD RELATING TO SYNGENTA AG'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

        YOUNG CONAWAY STARGATT & TAYLOR, LLP
        John W. Shaw (No. 3362)
        Rolin P. Bissell (No. 4478)
        The Brandywine Building, 17th Floor
        1000 West Street
        Wilmington, Delaware 19801
        (302) 571-6600
        jshaw@ycst.com
        *Attorneys for Counterclaim Defendants Syngenta AG and Syngenta Participations AG*

Of Counsel:

SHEARMAN & STERLING LLP
Richard F. Schwed
Stephen Fishbein
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Heather Lamberg Kafele
Jonathan R. DeFosse
Keith R. Palfin
801 Pennsylvania Avenue, N.W.
Washington D.C. 20004-2634
(212) 508-8000

Dated: March 29, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

I. MONSANTO'S RECORD SUPPLEMENT FAILS TO ALLEGE ANY
   JURISDICTIONALLY RELEVANT CONTACTS WITH DELAWARE ....................... 2

   A. The 2002 Meeting Is Unrelated to Monsanto's Counterclaim ........................... 3

   B. Monsanto Has Inaccurately Portrayed Mr. Jessen's Testimony ......................... 4

   C. Evidence Concerning the 2002 Meeting Is Not "Newly Discovered" ................ 6

II. MONSANTO'S RECORD SUPPLEMENT IS DUPLICATIVE OF
    ARGUMENTS MONSANTO ALREADY RAISED IN ITS ANSWERING
    BRIEF ........................................................................................................................ 7

   A. The Record Supplement Fails to Show Control of Activities in Delaware ........ 7

   B. Monsanto's Record Supplement Fails to Show Syngenta AG Controls the
      Day-to-Day Operations of its U.S. Subsidiaries ................................................. 8

III. MONSANTO'S SUBMISSION ILLUSTRATES THAT ADDITIONAL
     DISCOVERY ON JURISDICTIONAL ISSUES IS UNNECESSARY ...................... 11

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

*Ace & Co. v. Balfour Beatty PLC*, 148 F. Supp. 2d 418 (D. Del. 2001) ...........................7

*Akzona, Inc. v. E.I. Du Pont De Nemours & Co.*, 607 F. Supp. 227 (D. Del. 1984).................9, 11

*American Bio Medica Corp. v. Pennisula Drug Analysis Co., Inc.*, No. Civ. A. 99-218-SLR, 1999 WL 615175 (D. Del. Aug. 3, 1999)................................................3

*Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458 (D. Del. 1991)...................8, 11

*In re Bigmar, Inc.*, No. Civ. A. 19289-NC, 2002 WL 550469 (Del. Ch. Apr. 5, 2002)..............2, 6

*Bliss v. Rochester City Sch. Dist.*, 196 F. Supp. 2d 314 (W.D.N.Y. 2002) ...........................2

*Cordis Corp. v. Advanced Cardiovascular Sys., Inc*, No. Civ. A. 97-635-SLR, 1999 WL 805284 (D. Del. Sept. 17, 1999) ...........................................................3, 7

*Delaware Mktg. Partners v. Creditron Fin. Serv.*, No. Civ. 04-36-SLR, 2004 WL 1999973 (D. Del. Aug. 31, 2004) ...........................................................7

*eSpeed, Inc. v. BrokerTec USA, L.L.C.*, No. Civ A. 03-612-KAJ, 2004 WL 2346137 (D. Del. Sept. 13, 2004) .......................................................................10

*ICT Pharm., Inc. v. Boehringer Ingelhem Pharm., Inc.*, 147 F. Supp. 2d 268 (D. Del. 2001) .......................................................................10

*Medi-Tec of Egypt Corp. v. Bausch & Lomb Surgical*, No. Civ. A. 19760-NC, 2004 WL 415251 (Del Ch. Mar. 4, 2004)..................................................................8

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004) ......................................3

*Monsanto Co. v. Aetna Cas. & Sur. Co.*, No. 88C-JA-118, 1994 WL 233945 (Del. Super. Ct. May 9, 1994) ...............................................................................1

*Phoenix Canada Oil Co. v. Texaco*, 658 F. Supp. 1061 (D. Del. 1987).............................9

*Sears, Roebuck & Co. v. Sears plc*, 744 F. Supp. 1297 (D. Del. 1990).........................8, 9

*United States v. Bestfoods*, 524 U.S. 51 (1998)....................................................9

## STATUTES

10 Del. C. § 3104(c)(1)-(3) and (5)-(6)..............................................................3

Counterclaim defendants Syngenta AG and Syngenta Participations AG ("Participations") respectfully submit this brief in opposition to the Motion for Leave to Supplement the Record filed on March 21, 2006 by Monsanto Company and Monsanto Technology LLC (collectively "Monsanto").

## PRELIMINARY STATEMENT

Monsanto's motion should be denied because the facts that Monsanto seeks to bring to the Court's attention are irrelevant to the pending personal jurisdiction motion and almost entirely duplicative of the allegations Monsanto already made in its answering brief. Further, Monsanto's only effort to address the critical issue of *Delaware*-specific contacts is its reference to a single, isolated meeting in Wilmington held years before the relevant events and which does not give rise to Monsanto's Counterclaim. This isolated and unrelated contact cannot form the basis for an assertion of specific jurisdiction against Syngenta AG and Participations.

The remainder of Monsanto's submission is simply a rehash of the same arguments that Monsanto already raised in its answering brief about Syngenta AG's purported "control" over its U.S. subsidiaries. Even accepting all of Monsanto's allegations as true, these control arguments are legally insufficient to establish jurisdiction because Monsanto does not make any allegation that Syngenta AG or Participations controlled any activity of their subsidiaries *in Delaware*, as is required by Delaware law. Moreover, Monsanto's record supplement does nothing more than illustrate that the Swiss parent companies engage in the sort of high-level monitoring and consultation with their subsidiaries that is common in many multinational corporations and does not give rise to personal jurisdiction.

Courts routinely deny requests to supplement the record when, as here, the proffered evidence is irrelevant to the issues under consideration. *See, e.g., Monsanto Co. v. Aetna Cas. & Sur. Co.*, No. 88C-JA-118, 1994 WL 233945, at *4 (Del. Super. Ct. May 9, 1994) (denying

1

Monsanto's motion to supplement record because proffered evidence was not material to issues under consideration); *In re Bigmar, Inc.*, No. Civ. A. 19289-NC, 2002 WL 550469, at *4 n.14 (Del. Ch. Apr. 5, 2002) (denying motion to supplement record where movant failed to show that proffered evidence "would add anything materially probative to her case."); *Bliss v. Rochester City Sch. Dist.*, 196 F. Supp. 2d 314, 342 (W.D.N.Y. 2002) (refusing to "supplement the record with information that is either irrelevant or inadmissible or both"). The Court should likewise deny Monsanto's motion in this case.

## I. MONSANTO'S RECORD SUPPLEMENT FAILS TO ALLEGE ANY JURISDICTIONALLY RELEVANT CONTACTS WITH DELAWARE

Despite extensive document and deposition discovery, Monsanto has yet to dispute the essential Delaware-specific facts proffered in support of Syngenta AG and Participations' motion to dismiss. (*See* Syngenta AG & Participations AG's Reply Brief in Support of Their Motion to Dismiss ("Syngenta AG Reply Br.") at 2.) Those facts clearly illustrate the lack of jurisdictionally relevant contacts with Delaware. The very limited Delaware contacts alleged by Monsanto continue to be, individually and collectively, insufficient on their face to establish personal jurisdiction. (*Id.*)

Monsanto now purports to establish personal jurisdiction by reference to a single "Project Cornucopia" meeting that took place in Delaware in May 2002, several years before the acts that allegedly give rise to Monsanto's Counterclaim. (*See* Monsanto's Supplemental Statement of Relevant Facts ("Mon. Supp. Stat.") at 1-2.) Monsanto asks to supplement the record with two pieces of evidence relating to this meeting: (1) a power-point presentation prepared for the meeting; and (2) deposition testimony of Syngenta Seeds, Inc. employee David Jessen. (*Id.*) Monsanto's proposed record supplement is irrelevant to the Court's jurisdictional inquiry and inaccurate in its representation of Mr. Jessen's testimony. In addition, Monsanto's evidence is in

no way "newly discovered" since the power-point presentation was produced to Monsanto in October 2005, well before the briefing on the personal jurisdiction motion.

### A. The 2002 Meeting Is Unrelated to Monsanto's Counterclaim

The 2002 meeting cannot, as a matter of law, justify an assertion of specific jurisdiction because the meeting does not give rise or relate to Monsanto's Counterclaim. The specific jurisdiction provisions of the Delaware long-arm statute (10 Del. C. § 3104(c)(1)-(3) and (5)-(6)) require a concrete nexus between the defendant's alleged conduct in Delaware and the claim being asserted. *E.g., Cordis Corp. v. Advanced Cardiovascular Sys., Inc.*, No. Civ. A. 97-635-SLR, 1999 WL 805284, at *4 (D. Del. Sept. 17, 1999) ("[I]n order to establish transactional or specific jurisdiction, plaintiff must demonstrate not only that an act or acts occurred in Delaware but also that its causes of action arise from the act or acts."); *American Bio Medica Corp. v. Peninsula Drug Analysis Co., Inc.*, No. Civ. A. 99-218-SLR, 1999 WL 615175, at *3 (D. Del. Aug. 3, 1999) (same); *see also* Syngenta AG Opening Brief at 9 (collecting cases).[1]

Monsanto's Counterclaim is narrow, and is based on specific acts allegedly engaged in by Syngenta or its affiliates. Counts I and II allege that Syngenta engaged in "reverse passing off" and deceptive trade practices when, beginning in 2004, it "marketed and sold [GA21 corn seed] without indicating that the true source of the GA21 event is Monsanto." (Countcl. at ¶¶ 66, 70.)

---

[1] The Third Circuit has recently recognized that federal courts apply two tests to determine whether a forum contact gives rise or relates to a claim so as to allow an assertion of specific jurisdiction under the Constitution. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 99-100 (3d Cir. 2004). The Fifth and Ninth Circuits only assert specific jurisdiction if the defendant's forum contacts are a "but for" cause of the plaintiff's injury. *Id.* at 103. The First Circuit, meanwhile, only asserts jurisdiction if the defendant's forum contacts are the proximate cause of the plaintiff's injury. *Id.* The Third Circuit has not yet indicated which of these tests it believes to be correct. *Id.* at 100. Regardless of the view ultimately adopted in the Third Circuit, however, the May 2002 meeting in Wilmington does not even approach being the "but for" or proximate cause of the injury Monsanto alleges in the Counterclaim. As a result, those contacts cannot form the basis for an exercise of specific jurisdiction.

3

Count III alleges that Syngenta engaged in false advertising by making public statements as to the ownership of intellectual property pertaining to the GA21 event. (Countcl. at ¶ 73.) Count IV alleges that Syngenta tortiously interfered with Monsanto's GA21 corn license to Garst by entering a May 10, 2004 contract "with Garst's immediate parent . . . for the transfer of the GA21 event inbred corn lines that [Garst] had received from Monsanto." (Countcl. at ¶ 51, 78.) All of these claims are based on actions that allegedly took place in 2004 or later. (*E.g.*, Countcl. at ¶ 51-52, 57, 59, 63.)

The 2002 meeting in Delaware is not related to and does not give rise to any of these claims. Neither the power-point presentation nor Mr. Jessen's testimony addresses: (1) passing off Monsanto's GA21; (2) making statements about ownership of GA21; or (3) contracting with Garst to transfer "Monsanto's" GA21. Indeed, the 2002 meeting took place several years before the relevant timeframe for Monsanto's counterclaims. The lack of a sufficient nexus between the Project Cornucopia Meeting and Monsanto's Counterclaim is starkly illustrated by Mr. Jessen's testimony that,

REDACTED

### B. Monsanto Has Inaccurately Portrayed Mr. Jessen's Testimony

Monsanto's submission suggests that the circumstances concerning the May 2002 meeting were somehow illuminated by Mr. Jessen's recent deposition. This is incorrect.

REDACTED

---

2    Hoping to create the impression that the 2002 meeting was somehow targeted towards Delaware, Monsanto misleadingly asserts that

REDACTED

4

**REDACTED**

Mr. Jessen, however, offered no such testimony.

**REDACTED**

REDACTED  Mr. Shonsey and Mr. Hubscher were employees of Syngenta Seeds, Inc. (*See* Declaration of Jonathan R. DeFosse ("DeFosse Decl."), Exs. 1, 2, & 3 (documents from *both* Syngenta's *and* Monsanto's productions showing U.S. employment status of Messrs. Shonsey and Hubscher).)

Monsanto's selective quotation and inaccurate portrayal of Mr. Jessen's testimony is a transparent attempt to make the 2002 meeting seem relevant to the Court's jurisdictional analysis when, in reality, neither the meeting, nor Mr. Jessen's testimony about that meeting, has anything to do with Monsanto's Counterclaim.

### C. Evidence Concerning the 2002 Meeting Is Not "Newly Discovered"

Monsanto asserts that its purported evidence concerning the 2002 meeting is "newly discovered." *See Bigmar*, 2002 WL 550469, at *4 n.14 (denying motion to supplement record where proffered evidence was previously available). But, as explained above, the *only* competent evidence of the meeting offered by Monsanto is the power-point presentation since Mr. Jessen did not attend the meeting and  REDACTED  It was produced in this litigation by Syngenta on October 13, 2005. (DeFosse Decl., Ex. 4.) This was months before Monsanto's answering brief on the personal jurisdiction motion. Monsanto thus could easily have included this Delaware meeting in its original submission but chose not to do so, perhaps because Monsanto recognized the meeting does not give rise to its counterclaim and, therefore, is irrelevant. Under these circumstances, the record should not be reopened to consider the evidence now.

6

## II. MONSANTO'S RECORD SUPPLEMENT IS DUPLICATIVE OF ARGUMENTS MONSANTO ALREADY RAISED IN ITS ANSWERING BRIEF

The remainder of the proposed record supplement is largely repetitive of Monsanto's prior assertion that Syngenta AG and Participations should be subject to jurisdiction under an agency theory because they allegedly dominate and control their U.S. subsidiaries. (*See, e.g.*, Monsanto Ans. Br. at 7-9, 11-12, 13-14.) As Syngenta AG and Participations already explained in their reply brief, however, this argument is legally deficient because Monsanto cannot point to even a single instance in which the Swiss parent companies directed or controlled a jurisdictionally-relevant act *in Delaware*. (*See* Syngenta Reply Br. at 8-9.) Moreover, the testimony Monsanto seeks to add to the record is consistent with Syngenta AG and Participation's prior statements that, while they are involved in major strategic matters (*e.g.*, entering new product markets, mergers and acquisitions, review of capital budgets), they do not control the day-to-day operations of their U.S. subsidiaries.[3]

### A. The Record Supplement Fails to Show Control of Activities in Delaware

Under Delaware law, jurisdiction can only be established under an agency theory if a foreign parent directed or controlled specific activities of its subsidiaries *in Delaware*. *E.g. Delaware Mktg. Partners v. Creditron Fin. Serv.*, No. Civ. 04-36-SLR, 2004 WL 1999973, at *3 (D. Del. Aug. 31, 2004) (requiring that "defendants were directing or controlling the activities *within Delaware*") (emphasis added); *Ace & Co. v. Balfour Beatty PLC*, 148 F. Supp. 2d 418, 425 (D. Del. 2001) ("agency theory requires not only that the precise conduct shown to be instigated by the parent . . . but also . . . that the jurisdictional conduct take place in Delaware"); *Cordis Corp.*, 1999 WL 805284, at *6 (parent company's control and direction over subsidiary's

---

[3] To the extent Monsanto intends to suggest jurisdiction may be permissible on an alter ego theory, such an argument continues to be precluded by the absence of any allegation of fraud in the corporate form. (*See* Syngenta AG Opening Br. at 15-16 (collecting cases).)

7

marketing campaign insufficient where plaintiff failed to establish control over specific Delaware acts); *see also* Syngenta AG Reply Br. at 9.

The proposed record supplement, like Monsanto's previous submissions, does not identify a single *Delaware* act allegedly directed or controlled by Syngenta AG or Participations.

REDACTED

Even if this evidence could establish that Syngenta AG controlled its U.S. subsidiaries, the absence of any allegation that such control was exercised as to specific Delaware conduct continues to be fatal to Monsanto's position. *E.g. Medi-Tec of Egypt Corp. v. Bausch & Lomb Surgical*, No. Civ. A. 19760-NC, 2004 WL 415251, at *4 (Del Ch. Mar. 4, 2004) (rejecting agency theory absent evidence that subsidiary undertook acts on behalf of parent in Delaware); *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1464 (D. Del. 1991) (no agency jurisdiction absent allegations that Delaware-incorporated subsidiary was directed to perform relevant acts in Delaware); *see also* Syngenta Reply Br. at 9.

**B. Monsanto's Record Supplement Fails to Show Syngenta AG Controls the Day-to-Day Operations of its U.S. Subsidiaries**

It is well established that personal jurisdiction can only be asserted under an agency theory if a parent corporation controls the *day-to-day operations* of its subsidiaries. *E.g. Sears*,

8

*Roebuck & Co. v. Sears plc*, 744 F. Supp. 1297, 1305-06 (D. Del. 1990) ("[A]bsent total control of the subsidiary, evidenced by interference in the day-to-day operations of the subsidiary, the presence of the subsidiary can not be imputed to the parent for jurisdictional purposes."); *Akzona, Inc. v. E.I. Du Pont De Nemours & Co.*, 607 F. Supp. 227, 237 (D. Del. 1984) ("The parent must have actual, participatory and total control of the subsidiary."); *see also* Syngenta Reply Br. at 10.

By contrast, jurisdiction cannot be asserted based on the normal (and expected) oversight a parent corporation exercises with respect to its subsidiaries, such as the parent's involvement in major corporate decisions, the monitoring of its subsidiaries' capital budgets, or its giving guidance as to the overall strategy of the group. *See Phoenix Canada Oil Co. v. Texaco*, 658 F. Supp. 1061, 1084-85 (D. Del. 1987) (parent of wholly-owned subsidiary that had seats on board, took part in financing, and approved major policy decisions was not liable because parent did not have day-to-day control); *United States v. Bestfoods*, 524 U.S. 51, 72 (1998) (recognizing permissibility of "parental oversight" and agreeing that "monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and articulation of general policies and procedures, should not give rise to direct liability."); *see also* Syngenta Reply Br. at 10.

Monsanto's proposed record supplement does not show that Syngenta AG controlled the day-to-day operations of its U.S. subsidiaries.

**REDACTED**

9

**REDACTED**

In testimony Monsanto omitted from its supplement,

**REDACTED**

It is well-established that these various exercises in high-level supervision do not constitute day-to-day control of the type that can subject a foreign parent to agency jurisdiction. *See, e.g., ICT Pharm., Inc. v. Boehringer Ingelhem Pharm., Inc.*, 147 F. Supp. 2d 268, 270 (D. Del. 2001) (refusing to assert agency jurisdiction over parent whose "finance committee reviews and approves each corporation's budget" and whose research and development committee "determines what research and development projects should be pursed and by whom"); *eSpeed, Inc. v. BrokerTec USA, L.L.C.*, No. Civ A. 03-612-KAJ, 2004 WL 2346137, at *1, 4 (D. Del. Sept. 13, 2004) (refusing to assert jurisdiction over a parent that "manages the [corporate] Group as a whole," including approving budgets and making auditing trips to operating companies);

*Applied Biosystems*, 772 F. Supp. at 1462 (no agency jurisdiction where subsidiary was required to seek parent's approval of "large scale expenditures"); *Akzona*, 607 F. Supp. at 238 (finding parent's supervision of capital expenditures in excess of $850,000 insufficient to establish jurisdiction under an agency theory). Indeed, if high-level supervision were enough to establish an agency relationship for jurisdictional purposes, virtually every foreign company with a U.S. subsidiary would be subject to jurisdiction here. That is not the law. Parental oversight and involvement in major strategic decisions are simply insufficient to establish jurisdiction under an agency theory. Monsanto still has not offered any evidence to establish that Syngenta AG or Participations control the day-to-day operations of their U.S. subsidiaries. *See* Syngenta AG Reply Br. at 11.

### III. MONSANTO'S SUBMISSION ILLUSTRATES THAT ADDITIONAL DISCOVERY ON JURISDICTIONAL ISSUES IS UNNECESSARY

Monsanto's submission illustrates that it has had – and continues to have – access to comprehensive documents and depositions relating to Syngenta's corporate structure and activities in the United States. Notwithstanding literally millions of pages of documents and dozens of depositions, Monsanto has failed to make an adequate showing of personal jurisdiction. Accordingly, no further jurisdictional discovery is warranted and the motion of Syngenta AG and Syngenta Participations AG should be granted without further discovery.

## CONCLUSION

For the foregoing reasons, Syngenta AG and Participations respectfully request that this Court deny Monsanto's Motion for Leave to Supplement the Record.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*John W. Shaw by Andrew A. Lundgren (No. 4429)*
John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com
*Attorneys for Counterclaim Defendants Syngenta AG and Syngenta Participations AG*

Of Counsel:

SHEARMAN & STERLING LLP
Richard F. Schwed
Stephen Fishbein
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Heather Lamberg Kafele
Jonathan R. DeFosse
Keith R. Palfin
801 Pennsylvania Avenue, N.W.
Washington D.C. 20004-2634
(202) 508-8000

Dated: March 29, 2006

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on March 29, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard L. Horwitz, Esquire
>Potter Anderson & Corroon LLP
>Hercules Plaza, 6th Floor
>1313 N. Market Street
>Wilmington, DE 19801

I further certify that March 29, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>BY FEDERAL EXPRESS
>
>Peter E. Moll, Esquire
>Howrey Simon Arnold & White, LLP
>1299 Pennsylvania Ave., N.W.
>Washington, D.C. 20004
>
>Susan Knoll, Esquire
>Howrey Simon Arnold & White, LLP
>750 Bering Drive
>Houston, TX 77057

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004


YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street
> Wilmington, DE 19899-0951

I further certify that on April 5, 2006, copies of the foregoing document were served by hand delivery on the above listed counsel and on the following non-registered participants in the manner indicated below:

**BY FEDERAL EXPRESS**

John J. Rosenthal, Esquire
Peter E. Moll, Esquire
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Susan Knoll, Esquire
Howrey Simon Arnold & White, LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Adam W. Poff (No. 3990)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com
*Attorneys for Syngenta Seeds, Inc., Syngenta Corporation, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, and Golden Harvest Seeds, Inc.*

DB01:1611981.1