**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MONSANTO COMPANY and ) | |
| MONSANTO TECHNOLOGY LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| SYNGENTA SEEDS, INC. and ) | C.A. No. 04-305-SLR |
| SYNGENTA BIOTECHNOLOGY, INC., ) | (Lead Case) |
| et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| DEKALB GENETICS CORP., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| SYNGENTA SEEDS, INC., ) | |
| SYNGENTA BIOTECHNOLOGY, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**PRETRIAL ORDER**

**I.    NATURE OF THE ACTION AND PLEADINGS**

This is a patent infringement case involving United States Patent Nos. 4,940,835 ("the '835 Patent"), 5,538,880 ("the '880 patent"), and 6,013,863 ("the '863 patent) (collectively "the patents-in-suit").

1.    On May 12, 2004, Plaintiffs Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") filed suit in this Court against Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc. ("Syngenta") charging Syngenta with infringement of the '835 patent ("the Delaware case"). (D.I. 1)

2.	On June 9, 2004 and before Syngenta had answered Monsanto's original complaint, Plaintiffs filed a First Amended Complaint in the Delaware case limiting the alleged infringing products to Syngenta's glyphosate resistant corn products. (D.I. 9)

3.	On July 1, 2004, Syngenta filed an answer to Monsanto's First Amended Complaint in the Delaware case denying Monsanto's allegations of infringement, asserting various affirmative defenses, and asserting counterclaims for declaratory relief that the '835 patent is invalid and not infringed. Syngenta also added a counterclaim for a declaratory judgment that U.S. Patent No. 5,188,642 ("the '642 patent") is invalid and not infringed. (D.I. 10)

4.	On July 21, 2004, Monsanto filed a reply to Syngenta's counterclaims in the Delaware case denying Syngenta's allegations. (D.I. 12)

5.	On July 27, 2004, DeKalb Genetics Corporation ("DEKALB") filed suit in the United States District Court for the Northern District of Illinois ("the Illinois case") against Syngenta alleging infringement of claims 1-9 of the '880 patent and the claims of the '863 patent. (Illinois D.I. 1; 05-355 SLR docket entry[1] 87 at 1)

6.	On September 20, 2004, Syngenta filed a motion to dismiss the Illinois case based on Fed. R. Civ. P. 12(b)(6). (Illinois D.I. 10; 05-355 SLR docket entry 87 at 12)

7.	On November 12, 2004, Syngenta filed a contingent motion to transfer the Illinois case to Delaware. (Illinois D.I. 25; 05-355 SLR docket entry 88 at 2)

8.	On January 27, 2005, DEKALB filed a First Amended Complaint in the Illinois case adding defendants Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Co.,

---

[1] Docket entries for the transferred Illinois case prior to its consolidation with the lead case, 04-305 SLR, are also identified by the docket number appearing on the Delaware docket shell for case 05-355 SLR.

L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds, Inc. (collectively "the Golden Harvest Companies"). (Illinois D.I. 34; 05-355 SLR docket entry 89 at 3)

9. On February 10, 2005, Monsanto filed a Second Amended Complaint in the Delaware case adding the Golden Harvest Companies. (D.I. 34)

10. On March 10, 2005, Syngenta and the Golden Harvest Companies filed an Answer to Monsanto's Second Amended Complaint in the Delaware case denying Monsanto's allegations of infringement and asserted various affirmative defenses but did not include any counterclaims for declaratory judgment. (D.I. 43)

11. On March 10, 2005, Syngenta and the Golden Harvest Companies with the exception of JC Robinson Seeds, Inc. filed their Answer to DEKALB's First Amended Complaint in the Illinois case in which they denied DEKALB's allegations of infringement and asserted various affirmative defenses. (Illinois D.I. 48; 05-355 SLR docket entry 90 at 7)

12. On March 10, 2005, Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Co., L.L.C., Sommer Bros. Seed Co., and Thorp Seed Co., filed a motion to transfer the Illinois case to Delaware. (Illinois D.I. 51; 05-355 SLR docket entry 90 at 10)

13. On March 10, 2005, JC Robinson Seeds, Inc. filed a motion to dismiss the Illinois complaint based on lack of personal jurisdiction. (Illinois D.I. 49; 05-355 SLR docket entry 90 at 8)

14. On March 10, 2005, Syngenta filed a motion withdrawing its September 20, 2004 motion to dismiss the Illinois case and requesting that the Illinois court act on its motion to transfer the case to Delaware. (Illinois D.I. 50; 05-355 SLR docket entry 90 at 9)

15. On March 17, 2005, Monsanto provided Syngenta and the Golden Harvest Companies with a Covenant Not to Sue for infringement of the claims of the '642 patent.

16. On May 10, 2005, JC Robinson Seeds, Inc. withdrew its March 10, 2005 motion to dismiss the Illinois case for lack of personal jurisdiction and filed an answer to DEKALB's First Amended Complaint in the Illinois case in which it denied DEKALB's allegations of infringement and asserted various affirmative defenses. (Illinois D.I. 76 and 78; 05-355 SLR docket entry 92 at 5 and 7)

17. On May 19, 2005, the Illinois court granted both Syngenta's and the Golden Harvest Companies' motions to transfer the Illinois case to Delaware. (Illinois D.I. 85; 05-355 SLR docket entry 92 at 14)

18. On August 25, 2005, the Court ordered consolidation of the transferred Illinois case with the Delaware case and set a revised case schedule. (D.I. 136)

19. On August 25, 2005, the Court also ordered the joinder of Garst Seeds, Inc. as a defendant in both the transferred Illinois case and in the Delaware case. (D.I. 136)

20. On August 26, 2005, the parties participated in a mediation conference with Magistrate Judge Thynge. No resolution of the dispute was reached.

21. Fact discovery was completed on October 18, 2005.

22. The last day to serve expert reports subject to Fed. R. Civ. P 26(a)(2)(C) was October 27, 2005.

23. The last day to serve rebuttal expert reports subject to Fed. R. Civ. P 26(a)(2)(C) was November 22, 2005.

24. Expert discovery was completed on December 19, 2005.

25. On January 11, 2006, the parties filed their Joint Claim Construction Statement (D.I. 204) and their respective opening briefs on claim construction. (D.I. 203 and 215) Briefing is complete.

26. On January 11, 2006, Plaintiffs filed the following motions: (1) a *Daubert* motion to exclude certain expert testimony of Eric Ward, Barry Bruce and Paul Christou (D.I. 205); (2) a motion for summary judgment that the '835 patent is not invalid under 35 U.S.C. § 102(e) based on the '925 patent (D.I. 201); and (3) a motion for summary judgment that the '880 and '863 patents are not invalid under either 35 U.S.C. §§ 102 or 103 based on the work, publications or disclosures of Klein, et al. (D.I. 199). These motions are fully briefed.

27. On January 11, 2006, Defendants filed the following motions: (1) a *Daubert* motion to exclude certain expert testimony (D.I. 220); (2) a motion for summary judgment that the '835 patent is invalid under 35 U.S.C. § 112 as not enabled (D.I. 213); (3) a motion for summary judgment that the '835 patent is not infringed (D.I. 211); and (4) a motion for summary judgment that the '880 and '863 patents are not infringed (D.I. 208). These motions are fully briefed.

28. On March 9, 2006, the Court held a hearing on claim construction and the pending summary judgment motions.

## II.    BASIS FOR FEDERAL JURISDICTION

1. This is an action for patent infringement which arises under the Patent Laws of the United States, Title 35, United States Code. Jurisdiction over this action is proper under 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction over the Defendants' counterclaims is proper under 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

2. Venue is proper in this Court under Title 28, United States Code §1391(c) and § 1400(b).

## III.   STATEMENT OF ADMITTED FACTS

1. The parties admit the facts stated in attached Exhibit 1.

**IV.    STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED**

    1.    Plaintiffs' statement of issues of fact that remain to be litigated is attached hereto as Exhibit 2.

    2.    Defendants' statement of issues of fact that remain to be litigated is attached hereto as Exhibit 3.

**V.    STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED**

    1.    Plaintiffs' statement of issues of law that remain to be litigated is attached hereto as Exhibit 4.

    2.    Defendants' statement of issues of law that remain to be litigated is attached hereto as Exhibit 5.

**VI.    EXHIBITS**

    1.    Plaintiffs' list of each document or other exhibit, as required under Fed. R. Civ. P. 26(a)(3)(C), including summaries of other evidence, other than those documents or exhibits to be used solely for impeachment, is attached hereto as Exhibit 6.

    2.    Defendants' list of each document or other exhibit, as required under Fed. R. Civ. P. 26(a)(3)(C), including summaries of other evidence, other than those documents or exhibits to be used solely for impeachment, is attached hereto as Exhibit 7.

    3.    Patents, printed publications, and documents, produced in this action from the files of any of the parties that were prepared or authored by an employee of the party, included on the parties' exhibit lists are deemed *prima facie* authentic pursuant to the Federal Rules of Evidence (subject to the right of the party against whom said exhibits are offered to adduce evidence to the contrary).

    4.    The parties exchanged objections to each other's exhibits on May 5, 2006. These objections are set forth on the exhibit lists offered by the parties and are included as part of this

order. Plaintiffs' statement of their general objections to Defendants' trial exhibits is attached as Exhibit 6B. Defendants' statement of their general objections to Plaintiffs' trial exhibits is attached as Exhibit 7B.

      5.       The parties will offer as exhibits at trial one or more of the exhibits set forth in their respective exhibit lists. These exhibit lists may include exhibits that may not necessarily be introduced into evidence. The parties may amend their exhibit lists to add no more than 25 exhibits per party up until 48 hours before trial. A party may not offer as substantive evidence any exhibit not appearing on its exhibit list or not appearing on the exhibit list of any other party, unless the Court determines that the interest of justice so warrants.

      6.       The parties exchanged copies of trial exhibits on April 25, 2006.

      7.       Any demonstrative exhibit, except for those used for cross-examination, created during testimony of a witness or those addressed below for use during opening statements, shall be exchanged by 6:00 p.m. the day before its anticipated use. The parties shall exchange black and white representations of demonstrative exhibits, or color copies if color is necessary to interpret the exhibit. Physical exhibits must be made available for inspection by 6:00 pm the day before their intended use. Objections to demonstrative and physical exhibits shall be exchanged by 9:00 p.m. on the day the exhibit is disclosed. Exchange of large boards is not required, and these demonstrative exhibits may be exchanged by copies on 8 1/2 by 11 paper. Copies of all demonstratives to be used in opening statements shall be exchanged by 1:00 p.m. on Saturday, May 27, 2006, or by 1:00 p.m. two days prior to the commencement of trial in the event that the start of trial is moved, unless otherwise agreed upon by the parties in writing. Physical exhibits to be used during opening statements shall also be identified and made available for inspection by 1:00 p.m. on Saturday, May 27, 2006, or by 1:00 p.m. two days prior to the commencement of trial in the event that the start of trial is moved, unless otherwise agreed upon by the parties in

writing. Objections to demonstratives to be used in opening statements shall be exchanged by 1:00 p.m. on Sunday, May 28, 2006.

8. When exhibits are identified for use with a particular witness pursuant to Section VII, paragraph 3 below, the opposing party shall, by 9:00 p.m. the day before the expected testimony, notify the other side of any objections it intends to maintain. These objections will be taken up with the court prior to the witness's testimony, except that objections to exhibits may be made during testimony if necessitated by unforeseen testimony and/or unforeseen use of an exhibit with a witness. Exhibits to which no objection has been made shall be admitted if offered.

9. Any document not identified on an exhibit list may be used at trial solely for purposes of impeachment. Any deposition or portion thereof not specifically designated may still be used at trial solely for purposes of impeachment.

10. No advance notice of intent to use a blowup of a properly identified exhibit with or without highlights is required.

VII. WITNESSES

1. Plaintiffs' list of witnesses to be called live or by deposition and a brief statement of each expert witness' testimony is attached hereto as Exhibit 8.

2. Defendants' list of witnesses to be called live or by deposition and a brief statement of each expert witness' testimony is attached hereto as Exhibit 9.

3. The parties have agreed that Plaintiff shall identify the witnesses it intends to call to testify, whether live or by deposition, for the first day of trial or its first three (3) witnesses, whichever number is greater, by 7:00 p.m. on Sunday May 28, 2006 or by 7:00 p.m. two days prior to the commencement of trial in the event that the start of trial is moved. Upon being notified by Plaintiffs that they intend to rest their case, Defendants will, within a reasonable

period of time and not more than 2 days before the start of Defendants' case in chief, identify the first three (3) witnesses they intend to call in their case in chief. After Plaintiffs' identification of its witnesses for the first day of trial, each party shall identify its witnesses, whether live or by deposition, for the next trial day or its next three (3) witnesses, whichever number is greater, by 7:00 p.m. two (2) days before the witnesses are to be called. The parties will identify the exhibits they intend to use during the direct examination of each witness by 6:00 p.m. the day before the witness is to be called. Witnesses to be called by deposition are also subject to the agreement in Section VIII below.

    4.    No witness called by a party shall be permitted to testify at trial unless identified in this Order or unless the Court determines that, in the interest of justice, such witness should be called.

    5.    The listing of a witness on a party's witness list does not require that party to call that witness to testify, either live or by deposition.

**VIII.  WITNESSES TO BE CALLED BY DEPOSITION**

    1.    The parties have agreed to the following procedure regarding the use of depositions or parts thereof: The parties exchanged initial deposition designations on May 4, 2006. At least five days before any testimony is to be offered by deposition the offering party must provide the opposing party with its final designation of the testimony it intends to offer, which shall be a subset of the designations exchanged on May 4, and notify the opposing party of its intent to offer the testimony and any referenced exhibits. The opposing party must serve its counter-designations and objections two days (48 hours) after receiving these designations, along with an identification of the exhibits it intends to offer as part of its counter-designations.

    2.    Subject to Section VII (3) above, the party seeking to offer deposition testimony must submit to the opposing party, by 7:00 p.m., two (2) days before the testimony is to be

offered, both their objections to the opposing party's counter-designations and any reply designations.

3. If no more than two hours of video deposition testimony is to be offered by a party in a given trial day, a copy of the video with its accompanying script to be played at trial including all designations and counter-designations, along with copies of any exhibits referenced within the designated testimony, must be provided to the opposing party no later than 7:00 p.m. the day before the video testimony is to be offered. If more than two hours of video deposition testimony is to be offered by a party in a given trial day, then a copy of the video with its accompanying transcript to be played at trial including all designations and counter-designations, along with copies of any exhibits referenced within the designated testimony, must be provided to the opposing party by 1:30 p.m. on the day before the video testimony is to be offered so that the opposing party may review the video and script.

4. In the case of depositions to be read in at trial, a script containing the testimony to be read, along with copies of any exhibits referenced within the designated testimony, must be submitted to the opposing party by 7:00 p.m. the day before the testimony is to be read.

5. It will be the burden of the offering party to have any objections resolved before use at trial. It will also be the burden of the offering party to have any exhibits contained in counter designations presented to the jury in the same manner as exhibits in the affirmative designations.

6. With respect to deposition designations and counter-designations, each party shall be charged only with the time needed to read, or play by videotape, its own designation or counter-designation, and will not be charged with the time necessary to read, or play by videotape, the other party's designations and counter-designations.

## IX. DISCOVERY DESIGNATIONS

    1.    Plaintiffs' list of discovery designations is attached hereto as Exhibit 10.

    2.    Defendants' list of discovery designations is attached hereto as Exhibit 11.

## X. BRIEF STATEMENT OF INTENDED PROOFS

    1.    Plaintiffs' list of intended proofs is attached hereto as Exhibit 12.

    2.    Defendants' list of intended proofs is attached hereto as Exhibit 13.

## XI. STATEMENTS CONCERNING AMENDMENTS TO PLEADINGS

Each party reserves the right to amend its pleadings to conform to the evidence at trial.

## XII. OTHER MATTERS

### A. Exclusion of Witnesses

    1.    The parties request that, with the exception of expert witnesses designated by a party under Fed. R. Civ. P. 26(a)(2), any person designated on either party's list of trial witnesses shall be sequestered from the courtroom, except to testify, and shall not review any trial transcripts until that witness has completed all trial testimony or has been removed from all parties' lists of trial witnesses. The parties agree, however, that one party representative may remain in the Courtroom during all testimony, whether or not the party representative is listed on any party's witness list.

    2.    Once counsel has arrived in Delaware for the trial, service of documents will occur by email, facsimile or hand delivery. Overly large documents that cannot be received effectively or efficiently by email will be served by hand delivery.

    3.    The parties have agreed that when documents or exhibits are served in the courtroom (or at the courthouse), two full copies of the documents will be served.

    4.    The parties have agreed that beginning May 11, 2006, the term "days" as used herein shall refer to calendar, as opposed to business, days. This agreement ends when the trial

is concluded. During this time, no materials can be served between 11:30 pm and 7:00 am, and any materials so served, shall be considered served at 7:00 am.

  **B. Issues to Be Raised at the Pretrial Conference**

  1. Plaintiffs' list of issues to be raised at the Pretrial Conference is attached as Exhibit 14.

  2. Defendants' list of issues to be raised at the Pretrial Conference is attached as Exhibit 15.

**XIII. CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY**

  The parties certify that they have made good faith attempts to resolve this controversy by settlement. No agreement has been reached.

**XIV. ORDER TO CONTROL COURSE OF ACTION**

  1. This order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

  2. This matter is scheduled for a three week jury trial commencing on May 30, 2006.

Date: _____  _____
                UNITED STATES DISTRICT JUDGE

| POTTER ANDERSON & CORROON LLP | YOUNG CONAWAY STARGATT & TAYLOR LLP |
|---|---|
| By: */s/ Richard L. Horwitz* <br> Richard L. Horwitz (#2246) <br> David E. Moore (#3983) <br> Hercules Plaza, 6th Floor <br> 1313 N. Market Street <br> Wilmington, DE  19801 <br> Telephone (302) 984-6000 <br> rhorwitz@potteranderson.com <br> dmoore@potteranderson.com | By: */s/ Josy W. Ingersoll* <br> Josy W. Ingersoll (#1088) <br> John W. Shaw (#3362) <br> Melanie Sharp (2501) <br> The Brandywine Building <br> 1000 West Street, 17th Floor <br> Wilmington, DE  19801 <br> Telephone (302) 571-6600 <br> jinge@ycst.com <br> jshaw@ycst.com |
| OF COUNSEL: <br><br> Susan K. Knoll <br> Thomas A. Miller <br> Melinda L. Patterson <br> Steven G. Spears <br> Stephen E. Edwards <br> HOWREY, LLP <br> 1111 Louisiana St., 25th Floor <br> Houston, Texas 77002 <br> (713) 787-1400 <br><br> *Attorneys for Monsanto Company, Monsanto Technology LLC, and DeKalb Genetics Corporation* | OF COUNSEL: <br><br> Michael J. Flibbert <br> Howard W. Levine <br> York M. Faulkner <br> Sanya Sukduang <br> Scott J. Popma <br> Jennifer A. Johnson <br> Jared S. Cohen <br> Maximilienne Bishop <br> Tryn Stimart <br> FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP <br> 901 New York Avenue, N.W. <br> Washington, D.C. 20001-4413 <br> (202) 408-4000 <br><br> *Attorneys for Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds, Inc.* |

731297