# EXHIBIT 6 - B

**EXHIBIT 6B**

## PLAINTIFF'S OBJECTIONS TO
## DEFENDANT'S TRIAL EXHBIITS

**GENERAL OBJECTIONS**

1.      Plaintiffs object to the admission of any document that is not specifically addressed by a witness at trial.

2.      Plaintiffs object to the use of any documents not produced by Syngenta Seed's Inc. ("Syngenta") during discovery in this case.

3.      Plaintiffs object to the characterizations of the exhibits on Syngenta's trial exhibit list.

4.      Plaintiffs reserve their objections to hearsay as to statements included in any of the documents, depending on how Syngenta proposes to use the exhibit at trial.

5.      Plaintiffs reserve their objections regarding identification and authentication of documents (Fed. R. Evid. 901) depending on how Syngenta proposes to use the exhibit at trial. For example, all documents should be introduced through an appropriate sponsoring witness.

6.      Plaintiffs reserve their objections based on relevancy (Fed. R. Evid. 401-403), competency (Fed. R. Evid. 601), foundation (Fed. R. Evid. 602) and qualifications of experts (Fed. R. Evid. 701-703), depending on how Syngenta proposes to use the exhibit at trial.

7. Plaintiffs reserve the right to object to the admission of handwritten statements on any typewritten or mechanically printed document, as such statements may be hearsay. Fed. R. Evid. 802. Additionally, Plaintiffs reserve the right to object to the admission of any such handwritten statements that are not properly authenticated. Fed. R. Evid. 901.

8. Plaintiffs reserve the right to object to the admission of any opinion statement that is contained within hearsay, in the event that the qualifications of the person to give such an opinion are not proven. Fed. R. Evid. 701-702. Plaintiffs also reserve the right to object to the admission of any such opinion on the basis that the opinion does not provide assistance to the trier of fact. *Id.*