IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONSANTO COMPANY and )
MONSANTO TECHNOLOGY LLC, )
                      )
           Plaintiffs, )
       v. )
                      )    C. A. No. 04-305 SLR
SYNGENTA SEEDS, INC. )         (Lead Case)
SYNGENTA BIOTECHNOLOGY, INC., et al., )
                      )
        Defendants. )    **PUBLIC VERSION**
                      )
_____ )
                      )
DEKALB GENETICS CORPORATION, )
                      )
           Plaintiff, )
       v. )
                      )
SYNGENTA SEEDS, INC., )
SYNGENTA BIOTECHNOLOGY, INC., ET AL. )
                      )
        Defendants. )

**PLAINTIFFS' OPPOSITION TO SYNGENTA'S MOTION TO BIFURCATE
LIABILITY FROM DAMAGES AND WILLFULNESS**

OF COUNSEL:

Susan K. Knoll
Thomas A. Miller
Melinda Patterson
Stephen E. Edwards
Steven G. Spears
Scott W. Clark
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
(713) 787-1400

Dated: May 9, 2006
Public Version Dated: May 18, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000

Attorneys For Monsanto Company,
MonsantoTechnology LLC, and
DEKALB Genetics Corporation

# TABLE OF CONTENTS

Page

Table of Authorities ............................................................................................ iii

I.     INTRODUCTION ..................................................................................... 1

II.    NATURE AND STAGE OF PROCEEDINGS ......................................... 1

III.   SUMMARY OF THE ARGUMENT ......................................................... 3

IV.    STATEMENT OF FACTS .......................................................................... 4

       A.     The Evidence Supporting Willfulness Is Not Complicated And
              Overlaps With Infringement And Nonobviousness ......................... 4

              1.     Syngenta's Defense To Willfulless Is Limited To A
                     Contention Of Noninfringement ............................................ 4

              2.     ████████████████████████████
                     ██████████████████ ............................... 5

              3.     Syngenta's GA21 Agreements With Bayer ........................... 6

              4.     The Facts And Evidence Regarding The Origin Of GA21
                     And Its Obtention By ████████████ Is
                     Relevant To Both Infringment And Willfulness .................... 8

       B.     The Evidence Supporting Damages Overlaps With
              Nonobviousness ................................................................................ 9

V.     ARGUMENT ............................................................................................ 10

       A.     Standard For Bifurcation .................................................................. 10

       B.     Bifurcation Is Improper Because The Issues Are Too Tightly
              Interwoven To Be Tried Separately ................................................. 12

              1.     Duplicative Financial, Sales And Marketing Evidence Will
                     Be Relevant to Liabilty And Damages .................................. 12

              2.     Syngenta's ████████████ Is Relevant To
                     Nonobviousness And Damages/Willfulness .......................... 13

              3.     The Same Witnesses May Be Called Upon To Testify
                     Regarding Liability And Damages/Willfulness ..................... 14

C.      A Single Trial Will Avoid Potential Prejudice to Plaintiffs ...................... 14

D.      Bifurcation Will Achieve No Appreciable Time Savings Because
The Evidence Concerning Willfulness And Damages Is Concise
And Straightforward ..................................................................... 16

E.      Syngenta Will Not Be Unfairly Prejudiced By A Single Trial, Nor
Is This Case So Complex That Bifurcation Is Needed .............................. 18

VI.     CONCLUSION .................................................................................. 20

# TABLE OF AUTHORITIES

## Cases

*Akzona, Inc. v. E.I. DuPont De Nemours & Co.*,
  607 F.Supp. 227 (D. Del. 1984)............................................................................ 11

*Bryan Real v. Bunn-O-Matic Corp.*,
  195 F.R.D. 618 (N.D. Ill. 2000)............................................................................ 10

*Carl Schenck, A.G. v. Nortron Corp.*,
  713 F.2d 782 (Fed. Cir. 1983) ............................................................................ 13

*Datastrip (IOM) Limited v. Symbol Technologies, Inc.*,
  C.A. No. 97-70-JJF (D. Del).............................................................................. 18

*Fuji Mach. Mfg., Co., Ltd. v. Hover-Davis, Inc.*,
  982 F.Supp. 923 (W.D.N.Y. 1997)....................................................................... 11

*Gen. Signal Corp. v. Applied Material, Inc.*,
  46 U.S.P.Q.2d 1160 (D. Del. 1997)...................................................................... 10

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970),
  *modified and aff'd*, 446 F.2d 295 (2nd Cir. 1971)................................................. 9

*Graham v. John Deere Co.*,
  383 U.S. 1 (1966)................................................................................................ 10

*In re: Hayes Microcomputer Products, Inc. Patent Litigation*,
  982 F.2d 1527 (Fed. Cir. 1992) .......................................................................... 13

*Helminski v. Ayerst Labs.*,
  766 F.2d 208 (6th Cir. 1985) ............................................................................ 12

*Intermedics, Inc. v. Cardiac Pacemakers, Inc.*,
  1998 U.S. Dist. LEXIS 23181 (D. Minn. Feb. 17, 1998) ..................................... 11

*Johns Hopkins Univ. v. Cellpro*,
  160 F.R.D. 30 (D. Del. 1995),
  *aff'd and rev'd in part, on other grounds*,
  152 F. 3d 1342 (Fed. Cir. 1998) .............................................................. 10, 11, 15

*In re: Kahn*,
  441 F.3d 977 (Fed. Cir. 2006) ............................................................................ 10

*Laitram Corp. v. Hewlett-Packard, Co.,*
    791 F.Supp. 113 (E.D. La. 1992) ......................................................................... 16

*Proctor & Gamble Co. v. Nabisco Brands, Inc.,*
    404 F.Supp. 1485 (D. Del. 1985) ........................................................................ 10

*Quantum Corp. v. Tandon Corp.,*
    940 F.2d 642 (Fed. Cir. 1991) ............................................................................. 19

*Smith v. Alyseka Pipeline Serv. Co.,*
    538 F.Supp. 977 (D. Del. 1982) .......................................................................... 11

*Spectra-Physics Lasers, Inc. v. Uniphase Corp.,*
    144 F.R.D. 99 (N.D. Cal. 1992) .......................................................................... 11

*Third Wave Technologies, Inc. v. Stratagene Corp.,*
    405 F.Supp.2d 991 (W.D. Wis. 2005) ................................................................. 17

*THK America Inc. v. Nippon Seiko K.K.,*
    151 F.R.D. 625 (N.D. Ill. 1991) .............................................................. 13, 15, 16

*Willemijn Houdstermaatschatschaapij BV v. Apollo Computer,*
    707 F.Supp. 1429 (D. Del. 1989) ............................................... 10, 11, 12, 15

## **Statutes**

35 U.S.C. § 271(a) .................................................................................................. 13

35 U.S.C. § 271(g) .................................................................................................. 13

Fed. R. Civ. P. 42(b) .......................................................................................... 3, 10

## I.    INTRODUCTION

Plaintiffs Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") and DEKALB Genetics Corporation ("DEKALB," collectively, "Plaintiffs") oppose Syngenta's motion to bifurcate liability from damages and willfulness. Previously, when it was to its benefit, Syngenta argued for consolidation and a single trial of the patents-in-suit to support its motion for transfer. Now that trial is upon us, Syngenta reverses course and seeks bifurcation of issues that it previously claimed could be handled in a single trial. Syngenta is wrong in arguing that the underlying facts relating to the issues of willfulness and damages have "*no* role" in deciding liability. [Syngenta Br. at 18, emphasis in original] The infringement, validity, willfulness and damages issues implicate inter-related facts and corresponding witness testimony. Bifurcation would require the testimony of the same witnesses in two separate trials and the related repetitions of proof.

Syngenta overstates the complexity of this case and ignores the prejudice to Plaintiffs that would result from bifurcation, including the risk that final judgment could be delayed such that Plaintiffs are denied injunctive relief with respect to the '835 patent, which expires in July 2007. Accordingly, Syngenta cannot meet its burden to show that bifurcation is warranted. Syngenta's motion should be denied.

## II.    NATURE AND STAGE OF PROCEEDINGS

The present action is a consolidation of two cases. The first action, or "lead case," was brought by Monsanto on May 12, 2004, based upon the infringement of Monsanto's U.S. Patent No. 4,940,835 ("the '835 patent") by Syngenta's GA21 corn products. On July 27, 2004, DEKALB brought an action against Syngenta in the Northern District of Illinois, based upon the infringement of DEKALB's U.S. Patent Nos.

5,538,880 and 6,013,863 ("the '880 patent" and "the '863 patent," respectively) by Syngenta's GA21 corn products.

Syngenta moved to transfer the Illinois action to this Court, arguing that a primary justification for consolidation was that the same acts were accused of infringement in both cases and that it would be more convenient for the parties and witnesses to try the matters as a single case. [05-355 Docket at 88, Attachment 2] That is, Syngenta chose to have all of the issues tried before this Court in a single action on the basis of overlapping issues and convenience, yet it now wants to bifurcate the very case that it argued should be joined together, conveniently ignoring these very same factors. The Illinois Court subsequently granted Syngenta's motion.

After the transfer of the Illinois action to this District, the parties mutually agreed to consolidate that case with the lead case before this Court. At that time, Syngenta also sought to bifurcate the issues of damages and willful infringement, arguing in a letter to this Court that it sought bifurcation "to maintain the May 30, 2006, trial date and the remaining schedule." [D.I. 89 at 1, August 1, 2005 Shaw letter] Syngenta further claimed that bifurcation was warranted because, *inter alia*, "consolidation ... adds two patents to the litigation," and because "Syngenta recently consented to plaintiffs' request to add a ninth defendant to the litigation."[1] [*Id*] Nevertheless, Syngenta subsequently agreed to withdraw this request for bifurcation after Plaintiffs confirmed that their damages theory would be limited to a reasonable royalty analysis, as opposed to the

---

[1] Syngenta's "ninth defendant" argument was specious, since throughout this case and for trial, Syngenta has treated all of the defendants as one.

more-complex lost profits analysis. Moreover, despite the consolidation of the two cases, neither party sought to disturb the three-week May 30, 2006 trial setting.

Fact and expert discovery for the consolidated cases, including discovery relating to the issues of damages and willful infringement, was completed on October 18 (fact) and December 19, 2005 (expert).

## III.    SUMMARY OF THE ARGUMENT

Under Fed. R. Civ. P. 42(b), bifurcation is the exception, not the rule, and Syngenta has not met its burden of showing that bifurcation is warranted. Significantly, there are several overlapping issues that involve witnesses and evidence relevant to both liability and damages/willfulness: (1) the evidence of commercial success of the parties' glyphosate resistant products relates to both nonobviousness of the '880 patent and damages; (2) the evidence of Syngenta's ████████████████████████ ████████████████████████████ is relevant to nonobviousness of the '880 patent, damages, and willfulness; and (3) the evidence of Syngenta's sales and marketing activities relates to infringement of the asserted patents and damages. This significant overlap of issues alone is a sufficient basis for denying Syngenta's motion.

Bifurcation also is not warranted because this case is not as complicated as Syngenta suggests. Plaintiffs' willfulness evidence is straightforward, revolving around Syngenta's efforts to obtain glyphosate tolerant corn. The damages case is not complex given that Plaintiffs seek reasonable royalty damages, not lost profits, and the infringing products have been on the market for less than two years. Syngenta does not dispute the facts relating to infringement of the '880 and '863 patents and has withdrawn its written description defense to the '880 patent and its obviousness defenses with respect to the '835 and '863 patents. [*See* Syngenta Br. at 6] This narrowing of issues significantly

3

reduces the potential complication at trial as well as the potential for jury confusion. Syngenta's defense to willfulness is also straightforward because it chose not to waive privilege and rely on advice of counsel. Thus, its only defense to willfulness is its contention of noninfringement. [*See, infra*, § IV.A.1]

Bifurcation will also prejudice Plaintiffs, given the risk that injunctive relief with respect to the '835 patent could be foreclosed as a result of the unnecessary delay of final judgment. Finally, Syngenta is not relying on opinions of counsel as a defense to willfulness, and thus, does not face the risk of being prejudiced on the liability issues by the disclosure of such opinions.

## IV.    STATEMENT OF FACTS

### A.    The Evidence Supporting Willfulness Is Not Complicated And Overlaps With Infringement And Nonobviousness

Plaintiffs' willfulness story is not complicated and revolves around Syngenta's attempts to commercialize glyphosate tolerant corn, Syngenta's awareness of the patents-in-suit, and Syngenta's actions surrounding its sales of GA21 in light of that awareness. Because much of this evidence is intertwined with the issues of infringement and validity, bifurcation of liability and damages/willfulness is improper.

### 1.    Syngenta's Defense To Willfuless Is Limited To A Contention Of Noninfringement

Syngenta has taken the position that its only defense to willfulness is that it did not infringe the asserted claims of the patents-in-suit. Specifically, DEKALB Int. No. 5 sought "all facts and evidence which Defendants contend support any allegation that Defendants' infringement [of the asserted claims] of the '880 patent has not been, and will not continue to be, willful and deliberate." [Exh. J hereto, Syngenta's Resp. DEKALB Int. No. 5, 9] In its substantive response, Syngenta asserted only that it "has

4

not infringed and will not infringe any of [the asserted] claims of the '880 patent …," and thus, it "cannot have willfully and deliberately infringed any of [the asserted claims] of the '880 patent." [*Id.*]  Syngenta provided the same contention with respect to the '863 patent.  [*Id.*]  Hence, Syngenta should be precluded from advancing any new theories to justify its decision to market its GA21 corn product.

Moreover, as indicated in its opening motion [Syngenta Br. at 12], Syngenta "has refused to waive privilege and rely on advice of counsel as a defense against willfulness." Therefore, Syngenta *cannot* offer evidence as to its legal motivations or justifications for its infringement.  Thus, there is no complicated evidence upon which Syngenta can rely to show that it was not a willful infringer.



Syngenta correctly states that Plaintiffs intend to present evidence that Syngenta

███████████████████████████████████████████████████████

█████████████████████████████████████████████

### 3.    Syngenta's GA21 Agreements With Bayer

Plaintiffs intend to present evidence regarding Syngenta's recent business arrangements with Bayer with respect to GA21.  This evidence is not complicated and was described succinctly by Syngenta's general counsel in two pages of testimony during his 30(b)(6) deposition.  [Exh. B hereto, Resler 30(b)(6) Tr. 191:5-193:6]  In summary,

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████

These business arrangements establish Syngenta's awareness of Plaintiffs' patent rights and Syngenta's awareness that the acquisition with Bayer did not provide Syngenta with rights to the patents-in-suit.  For example, Syngenta apparently claims the right to sell GA21 under its acquisition agreement with Bayer.  [Exh. C hereto, May 12, 2004 press release] ██████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████ [Exh. D hereto, at SYN97118-119]

Syngenta's own actions show that Syngenta believed it might infringe the '835 patent. ███████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████ [*See* Syngenta Br. at

6



8] ██████████████████████████████████

████████████████████████ [Exh. E hereto, § 3(b) at SYN 94173-174] ████████████████████████████████████

████████████████████████

███████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

████████

███████████████████████████████

███

███

██████████████████████████████

████████████████████████████████

███████████████████████████████

██████████████████████████

[Exh. F hereto, Bernens Tr. 31:12-25]

██████████████████████

████████████████████████████████

████████████

████████████████████████████████

███████

[Exh. G hereto, Wilde Tr. 106:24-107:3]

### 4. The Facts And Evidence Regarding The Origin Of GA21 And Its Obtention By Garst And Golden Harvest Is Relevant To Both Infringement And Willfulness

Plaintiffs intend to present evidence showing how DEKALB made GA21 by bombardment and how Garst and Golden Harvest obtained it from Monsanto ███ ██████████████████ This is relevant to infringement and willfulness because it establishes that the GA21 trait in Syngenta's accused product originally came from Monsanto ████████████████████████

Syngenta argues that Monsanto is attempting to interject antitrust issues into this case. [Syngenta Br. at 9] This is simply wrong. While some willfulness evidence with respect to ██████████████████ may overlap with evidence in the antitrust case, that is because the facts are relevant to both cases, not because Plaintiffs are trying to introduce antitrust issues in this case. In any event, the parties have since agreed that Syngenta's pending antitrust against Monsanto will not be mentioned during this trial.





[Exh. H hereto, Witherspoon Tr. 25:25-26:7, 52:23-53:6]



[Exh. I hereto, Robinson Tr. 100:3-11; *see also* 154:25-155:7, 159:17 – 161:6]

Because Syngenta should be precluded from presenting rebuttal evidence for issues on which it chose to hide behind privilege, including its argument that the ████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████[2]

## B.    The Evidence Supporting Damages Overlaps With Nonobviousness

Bifurcation also should not be granted because evidence of commercial success and ████████████████████████ will be presented for purposes of both damages and nonobviousness. Commercial success is one of the *Georgia Pacific* factors that must be considered when determining a reasonable royalty. *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd,* 446 F.2d

---

[2] Nor has Syngenta ever contended that such licenses were ineffective as a result of the RPA litigation. In any event, Plaintiffs are also seeking to exclude any mention of a finding of fraud or punitive damages award from RPA litigation, which will be raised at the Pretrial Conference.

295 (2nd Cir. 1971).    Commercial success is also a secondary consideration for nonobviousness. *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966); *see also in re Kahn*, 441 F.3d 977, 985 (Fed. Cir. 2006).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████    Bifurcation would require this evidence to be presented twice.

## V.    ARGUMENT

### A.    Standard For Bifurcation

Under Fed. R. Civ. P. 42(b), bifurcation is the exception, not the rule, and Syngenta has the burden of showing that bifurcation is warranted. *Willemijn Houdstermaatschatschaapij BV v. Apollo Computer*, 707 F.Supp. 1429, 1435 (D. Del. 1989); *Proctor & Gamble Co. v. Nabisco Brands, Inc.*, 404 F.Supp. 1485, 1492 (D. Del. 1985) ("a single trial … tends to lessen the delay, expense and inconvenience to all concerned"); *see also Bryan Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000)("The piecemeal trial of separate issues in a single lawsuit is not the usual course … Bifurcation in patent cases, as in others, is the exception, not the rule").    Judges in this District have often denied bifurcation in patent cases tried to a jury. *See, e.g., Gen. Signal Corp. v. Applied Material, Inc.*, 46 U.S.P.Q.2d 1160 (D. Del. 1997); *Johns Hopkins Univ. v. Cellpro*, 160 F.R.D. 30, 37 (D. Del. 1995), *aff'd and rev'd in part, on other grounds*, 152 F.3d 1342 (Fed. Cir. 1998).    Syngenta has only provided conclusory

suppositions in its attempt to alter the prescribed practice of unified jury trials in patent cases, especially in this case, where bifurcation would cause undue prejudice to Plaintiffs.

The primary factors to be considered in ruling on a motion to bifurcate are the potential for confusion, delay, prejudice, or additional expense resulting from the grant or denial of the motion. *Akzona, Inc. v. E.I. DuPont De Nemours & Co.*, 607 F.Supp. 227, 232 (D. Del. 1984). Convenience is also a consideration, that is, "whether the triable issues involve evidentiary overlap, that would require the testimony of the same witnesses and related repetitions of proof." *Intermedics, Inc. v. Cardiac Pacemakers, Inc.*, 1998 U.S. Dist. LEXIS 23181, *50 (D. Minn. Feb. 17, 1998).

Syngenta bears the burden of proving that bifurcation is justified, i.e., "that judicial economy would be promoted and that no party would be prejudiced by separate trials." *See, e.g. Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992); *Fuji Mach. Mfg., Co., Ltd. v. Hover-Davis, Inc.*, 982 F.Supp. 923, 924 (W.D.N.Y. 1997). When deciding whether to bifurcate, the Court should be guided above all else by "the 'overall equities' of the case." *Willemijn*, 707 F.Supp. at 1433-34. While the decision to bifurcate is "committed to the sound discretion of the district court, bifurcation of phases should be granted only on a case-by-case basis." *Cellpro*, 160 F.R.D. at 33; *Willemijn*, 707 F.Supp. at 1433. Bifurcation is only appropriate "when the separation will result in judicial economy and will not unduly prejudice any party." *Smith v. Alyseka Pipeline Serv. Co.*, 538 F.Supp. 977, 982 (D. Del. 1982). The potential for undue prejudice to the non-moving party is "[p]erhaps the most important consideration" in deciding a bifurcation request. *Willemijn*, 707 F.Supp. at 1435.

Syngenta has not met—and cannot meet—its burden to establish that bifurcation will promote judicial economy and will not prejudice Plaintiffs.

**B.    Bifurcation Is Improper Because The Issues Are Too Tightly Interwoven To Be Tried Separately**

Bifurcation should be denied where, as here, issues are closely related and intertwined and the presentation of the overlapping proofs in two separate trials will unduly prejudice the Plaintiffs. *Willemijn*, 707 F.Supp. at 1434. Indeed, bifurcation of proceedings into separate trials on liability and damages is appropriate only when the evidence pertinent to the two bifurcated phases is "wholly unrelated." *Helminski v Ayerst Labs.*, 766 F.2d 208, 212 (6th Cir. 1985). Even "a minor evidentiary overlap … certainly does not favor bifurcation." *Willemijn*, 707 F.Supp. at 1434. Here, separate trials are inappropriate because of the overlap between the liability and damages/willfulness issues.

**1.    Duplicative Financial, Sales And Marketing Evidence Will Be Relevant to Liabilty And Damages**

There will be duplicative and cumulative evidence of financial, sales and marketing information under Syngenta's proposal. *See, e.g., Willemijn*, 707 F.Supp. at 1434. Because Syngenta has asserted the defense of obviousness with respect the '880 patent, "evidence of commercial success would indeed appear to be admissible at the liability phase." *Willemijn*, 707 F.Supp. at 1434, n. 2. "[A]nd it is indisputable that such evidence will be considered by a court assessing damages." *Id.*

> Evidence regarding the commercial success of plaintiff's patented [product] will be the same in significant respects as the evidence relating to damages and, therefore, ought to be presented once rather than twice. The evidence will include the number of infringing products sold by the parties and the amount received for each product. … If bifurcated trials were held, such evidence would have to be presented again in connection with the damages issues.

*THK America Inc. v. Nippon Seiko K.K.*, 151 F.R.D. 625, 629 (N.D. Ill. 1991). Likewise, this same sales and licensing information is also relevant to determining infringement because it shows that Syngenta made, used, or sold GA21, the accused product. *See* 35 U.S.C. § 271(a) and (g). Consequently, if the instant action were bifurcated, the same witnesses and evidence would be presented in both phases, since such evidence is objective evidence of nonobviousness, relevant to infringement, and relevant to the reasonable royalty determination.

    2.    **Syngenta's ███████████████ Is Relevant To Nonobviousness And Damages/Willfulness**

Bifurcation would also result in a substantial overlap of evidence with respect to Syngenta's ████████████████, given its relevance to the liability issue of nonobviousness and willfulness. Although Plaintiffs do not contend that these activities infringe the patents-in-suit, ███████████████████████████████████████ ███████████████████████████████—is persuasive evidence of Syngenta's motivation to willfully infringe the patents-in-suit. *See In re Hayes Microcomputer Products, Inc. Patent Litigation*, 982 F.2d 1527, 1543 (Fed. Cir. 1992). ███████

████████████████████████████████████████████████████████

██████████████████████ The Federal Circuit has held that the act of abandoning one technology in favor of the patented invention is a factor that may be considered as probative of nonobviousness. *Carl Schenck, A.G. v. Nortron Corp.*, 713 F.2d 782, 785-86 (Fed. Cir. 1983) ("[t]hat it felt impelled to abandon earlier devices and to employ the unitary structure of the invention is evidence of the latter's value.").

Hence, ███████████████████████████████████████████

████████████████████ is an issue that must be considered for both nonobviousness and

willfulness and would require duplicity of witnesses and evidence if bifurcated.

### 3.    The Same Witnesses May Be Called Upon To Testify Regarding Liability And Damages/Willfulness

Syngenta also seeks to imply that its witnesses would not be called on to testify in

both the liability and damages/willfulness phases of a bifurcated trial. [*See* Syngenta Br.

at 15] That assertion is wrong. At least the following Syngenta witnesses—based upon

their deposition testimony—will be called upon to testify in both phases:

- **Jack Bernens**, business unit head for Agrisure corn traits: Syngenta's infringing sales (infringement, damages), Plaintiffs commercial success (nonobviousness), the acquisition of GA21 from Bayer (willfulness);

- **Edward Resler**, general counsel and vice president, plant science: Syngenta's infringing sales (infringement, damages), the acquisition of GA21 from Bayer (willfulness);

- **Rob Wilde**, strategic business manager for the Northrup King brand: Syngenta's infringing activities (infringement, damages), ████████ ███████████████ (nonobviousness, willfulness), the acquisition of GA21 from Bayer (willfulness);

- **Rob Robinson**, joint operating head of Golden Harvest: Syngenta's infringing activities (infringement, damages), Golden Harvest's acquisition of GA21 from Monsanto (infringement, willfulness);

- **David Witherspoon**, Garst brand head: Syngenta's infringing activities (infringement, damages), Garst's acquisition of GA21 from Monsanto (infringement, willfulness);

- **Greg Parker**, head of trait introgression and delivery): Syngenta's infringing activities (infringement, damages), ███████████████ (nonobviousness, willfulness).

### C.    A Single Trial Will Avoid Potential Prejudice to Plaintiffs

Bifurcation would prejudice Plaintiffs, given the potential for unnecessary delay,

increased expense, and the risk that final judgment could be delayed such that Plaintiffs

would be denied injunctive relief with respect to the '835 patent. Significantly, the potential for undue prejudice to the non-moving party is "[p]erhaps the most important consideration" in deciding a bifurcation request. *Willemijn*, 707 F.Supp. at 1435.

Syngenta is well aware that the '835 patent expires in July 2007. Although Syngenta has requested the separation of "trial into two immediately successive phases," [*See* Syngenta Br. at 1], bifurcation could result in unintended delay. The potential for any unnecessary delay of the final judgment as a result of bifurcation—intended or not— could effectively deny Plaintiffs injunctive relief that would otherwise be available.

Moreover, bifurcation would also subject Plaintiffs to the risk of losing jurors and/or wastefully selecting and educating a second jury in the event that the trial were bifurcated into separate phases with different juries. *See Cellpro*, 160 F.R.D. at 35. Each jury would have to be educated about the relevant claims of the asserted patents, the novelty of the inventions, the accused infringing products, and the success that Syngenta has enjoyed with those products. Many of the same witnesses would likely testify, and many of the same exhibits would be used for purposes of educating and informing each jury. As the Court in *THK America, supra*, opined:

> [T]he damages trial cannot be conducted in an evidentiary vacuum. A jury will have to be familiar with the patents at issue, the products, and the … industry itself. Therefore, much of the evidence that can be expected to be introduced in trial on damages will be duplicative of the evidence that can be expected to be presented in a trial on liability. If the case were bifurcated, it would be necessary to revisit the testimony and demonstrative evidence that previously had been used to explain to the liability jury, to-wit: what [the infringing products] are, how they operate, how they are made, used and sold, and other basic information. It goes without saying that if proof overlaps substantially, the parties, the witnesses, and the Court would be inconvenienced by the presentation of the same evidence several times.

*THK America, Inc.*, 151 F.R.D. at 630; *see also Laitram Corp. v. Hewlett-Packard, Co.*, 791 F.Supp. 113, 114 (E.D. La. 1992). Not only would several of the Plaintiffs' witnesses be called upon to testify in both phases, but many of Syngenta's witnesses would also be called upon to testify, as set forth above. Absent some compelling need (which Syngenta has failed to demonstrate), the potential for undue prejudice to Plaintiffs warrants a denial of Syngenta's request for bifurcation.

### D. Bifurcation Will Achieve No Appreciable Time Savings Because The Evidence Concerning Willfulness And Damages Is Concise And Straightforward

Plaintiffs' willfulness and damages case is not lengthy. Little, if any, trial time will be saved by bifurcating. The damages case is not complex, as Plaintiffs only seek a reasonable royalty for Syngenta's infringing activities and its infringing products have been on the market for less than two years. Plaintiffs' willfulness story is also straightforward. It revolves around Syngenta's attempts to commercialize glyphosate tolerant corn, Syngenta's awareness of the patents-in-suit, and Syngenta's actions surrounding its sales of GA21 corn in light of that awareness.

Syngenta overstates the complexity in this case in an effort to justify bifurcation. The resolution of these issues is, however, much simpler than Syngenta suggests. Syngenta asserts that the evidence relating to Plaintiffs' willfulness case "will require considerable testimony to explain and refute." [Syngenta Br. at 6] But Syngenta has taken the position that its *only* defense to willfulness is that it did not infringe the asserted claims of the patents-in-suit. [*See* Exh. J hereto, Syngenta's Resp. DEKALB Int. No. 5 and 9] Hence, Syngenta should be precluded from advancing any new theories to justify its decision to market its GA21 corn product. As indicated in its opening motion [Syngenta Br. at 12], Syngenta "has refused to waive privilege and rely on advice of

16

counsel as a defense against willfulness." Therefore, Syngenta *cannot* offer evidence as to its legal motivations or justifications for its infringement. *See, e.g., Third Wave Technologies, Inc. v. Stratagene Co*rp., 405 F.Supp.2d 991, 999 (W.D. Wis. 2005) (defendant barred from adducing evidence based upon prior privilege claim).

As discussed above, Syngenta's "wide-range" of willfulness evidence essentially boils down to a handful of issues. Syngenta's effort to paint a complicated story relating to ███████████ is belied by the simplicity of the testimony of one of its own witnesses, Dr. Greg Parker, Syngenta's head of trait introgression and delivery and a member of the corn business team. [*See* Exh. K hereto, Parker Tr. 4:19-22, 112:19-113:13]



[*Id.* at 108:2-10] Simply put, ██████████████████████████████████████

Syngenta should be precluded from presenting rebuttal evidence with respect to acquisition of rights from Bayer and Plaintiffs' contractual relationships with Garst and Golden Harvest because, as set forth above [*supra* §§ IV.A.2, 3], Syngenta precluded Plaintiffs from taking discovery on these very issues by claiming privilege. *See Third Wave Technologies,* 405 F.Supp.2d at 999. In sum, there is no complicated evidence upon which Syngenta can rely to show that it was not a willful infringer.

**E.      Syngenta Will Not Be Unfairly Prejudiced By A Single Trial,
         Nor Is This Case So Complex That Bifurcation Is Needed**

Syngenta will not be unfairly prejudiced by a single trial, nor is this case so

complex as to make a unified trial difficult or unworkable. Previously, when it was to its

benefit, Syngenta argued for consolidation and a single trial of the asserted patents. Now

that trial is upon us, Syngenta reverses course and seeks bifurcation of issues that it

previously claimed could be handled in a single trial. Plaintiffs should not be subjected

to the strains of bifurcation when there are no apparent benefits to such an action. Of

course, in every case it may be said that a separate trial on a dispositive issue might save

some time. However, a bare suggestion of efficiency cannot support the granting of a

bifurcation request. [Exh. L hereto, *Datastrip (IOM) Limited v. Symbol Technologies,
Inc.*, C.A. No. 97-70-JJF, at 6 (D. Del.)]

Syngenta cannot argue that the parties will be to unable to explain the issues of

this case, given the effective tools available to prevent or minimize confusion without

risking the waste of time and confusion presented by bifurcation. Syngenta has indicated

that it has no factual disputes relating to infringement of the '880 and '863 patents, nor is

Syngenta asserting a written description defense against the '880 patent or obviousness

defenses against the '835 and '863 patents, thereby reducing the defenses to be presented.

Also, Plaintiffs' damages case is based on a reasonable royalty, not lost profits. Further,

Syngenta has not demonstrated that bifurcation will make any real appreciable difference

in the complexity of this case. As one Court opined:

> Any potential confusion can be remedied by good lawyering, cautionary
> warnings, limiting instructions, or special verdict forms. Indeed, it is the
> experience of this Court, as well as others, that jurors bring collective
> wisdom, common sense and experience as well as intelligence and
> dedication to their task. They are consistently asked to return verdicts in

criminal cases with facts far more complex and with stakes much higher
than the one at hand.

*Bunn-O-Matic*, 195 F.R.D. at 625-625.  Although this is a patent case, and therefore by

its nature it can be described as complex, Syngenta has not identified any tangible

benefits or prejudice that would outweigh the real advantages of presenting all these

issues for resolution at one trial.

Moreover, Syngenta has not demonstrated that it will suffer any real prejudice in a

single trial.  This is not a case where bifurcation is sought to avoid the disclosure of

opinions of counsel as a defense against willfulness.  *See Quantum Corp. v. Tandon

Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991).  Syngenta has refused to waive privilege,

and thus, there is no attorney-client privilege dilemma to be remedied by bifurcation.

Syngenta's concern that evidence of its willfulness will confuse and prejudice the

jury is based upon its unilateral determination that the Plaintiffs' willfulness case is

"fundamentally suspect."  [Syngenta Br. at 1]  Not only is Syngenta's assessment of

Plaintiffs' case irrelevant, but its evaluation is based upon disputed facts.  For example,

Syngenta asserts that "plaintiffs' willfulness case is fundamentally flawed" because of its

belief that the infringing activities all occurred after the lawsuits were filed (i.e., May 12

and July 27, 2004) and after Syngenta had mounted its so-called "vigorous defenses" to

these suits.  [Syngenta Br. at 12]  But Syngenta's version of events is contradicted by the

testimony of one of its own witnesses, Rob Wilde, the strategic business manager for

Northrup King. ███████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████ [Exh. G hereto, Wilde

Tr. 148:20-150:5; see also Exh. K hereto, Parker Tr. 134:7-18 ██████████████

███████████████████████████████ Syngenta's simplistic argument also

ignores the fact that making and using GA21 corn—and not just selling it—are acts of

infringement. Thus, Syngenta's commercialization of GA21 after the present suit was

filed does not excuse its lack of good faith prior to that time.

## VI.    CONCLUSION

For the reasons stated, Plaintiffs respectfully request that the Court deny

Syngenta's motion to bifurcate.

Respectfully submitted,

OF COUNSEL:                                POTTER ANDERSON & CORROON LLP

Susan K. Knoll
Thomas A. Miller                           By:  _/s/ Richard L. Horwitz_____
Melinda Patterson                                Richard L. Horwitz (#2246)
Stephen E. Edwards                               David E. Moore (#3983)
Steven G. Spears                                 Hercules Plaza, 6th Floor
Scott W. Clark                                   1313 N. Market Street
HOWREY LLP                                       Wilmington, DE 19801
1111 Louisiana, 25th Floor                       Telephone (302) 984-6000
Houston, Texas 77092                             rhorwitz@potteranderson.com
Telephone (713) 787-1400                         dmoore@potteranderson.com

Dated: May 9, 2006                         Attorneys For Monsanto Company,
Public Version Dated: May 18, 2006         MonsantoTechnology LLC, and
                                           DEKALB Genetics Corporation

732850

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on May 18, 2006, the attached

document was hand delivered on the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on May 18, 2006, I have Electronically Mailed the

foregoing document(s) to the following non-registered participants:

Richard F. Schwed
Thomas A. McGrath III
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

Michael J. Flibbert
Don O. Burley
Howard W. Levine
Finnegan, Henderson, Farabow,
   Garrett & Dunner, L.L.P.
901 New York Ave., NW
Washington, DC 20001-4413
michael.flibbert@finnegan.com
don.burley@finnegan.com
howard.levine@finnegan.com

 /s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

700765