IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-305-SLR |
| v. | ) ) | (lead case) |
| SYNGENTA SEEDS, INC., SYNGENTA BIOTECHNOLOGY, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| DEKALB GENETICS CORPORATION, | ) ) | Civil Action No. 1:05cv355-SLR |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SYNGENTA SEEDS, INC., SYNGENTA BIOTECHNOLOGY, INC., | ) ) ) | |
| Defendants. | ) | |

**SYNGENTA'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND JUDGMENT AND FOR ENTRY OF JUDGMENT UNDER RULE 54(b)**

Of counsel:
Michael J. Flibbert
Howard W. Levine
Tryn T. Stimart
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

John W. Shaw (No. 3362)
Josy W. Ingersoll (No. 1088)
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600
jshaw@ycst.com

Attorneys for Defendants

Dated: May 26, 2006

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

INDEX OF EXHIBITS ............................................................................................................ iii

I.   INTRODUCTION ........................................................................................................1

II.  NATURE AND STAGE OF PROCEEDINGS ............................................................1

III. SUMMARY OF ARGUMENT ....................................................................................2

IV.  STATEMENT OF FACTS ...........................................................................................3

  A. The Antitrust Action ........................................................................................3

  B. The Patent Actions ...........................................................................................4

  C. Monsanto's Motion to Consolidate the Shah and Antitrust Actions ................5

V.   ARGUMENT ................................................................................................................6

  A. Legal Standards Under Fed. R. Civ. P. 54(b) ..................................................6

  B. This Court Should Not Certify the Patent Actions Under Rule 54(b) Because of the Interrelated Patent and Antitrust Claims ..................................9

   1. Monsanto's Infringement Allegations for the Lundquist Patents Overlap with Its Antitrust Counterclaim ...............................................9

   2. Syngenta's Sham Litigation Antitrust Allegation Overlaps with the Patent Issues ....................................................................................10

  C. Delaying Appeal of the Patent Actions Will Not Harm Monsanto and Will Enhance Judicial Economy ............................................................................11

VI.  CONCLUSION ...........................................................................................................12

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Chaparral Commc'ns, Inc. v. Boman Indus., Inc.*,
   798 F.2d 456 (Fed. Cir. 1986) ........................................................................................... 7

*Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc.*,
   No. 88-391-SLR, 1993 U.S. Dist Lexis 2473 (D. Del. Feb. 16, 1993) ........................... 8, 9

*Jeanette Sheet Glass Corp. v. U.S.*,
   803 F.2d 1576 (Fed. Cir. 1986) ......................................................................................... 7

*Jersey Dental Labs v. Dentsply Int'l, Inc.*,
   180 F. Supp. 2d 541 (D. Del. 2001) .................................................................................. 6

*Mobilificio San Giacomo S.P.A. v. Stoffi*,
   No. C.A. 96-415-SLR, 1998 WL 125536 (D. Del. Jan. 29, 1998) ................................. 1, 7

*Spraytex, Inc. v. DJS&T*,
   96 F.3d 1377 (Fed. Cir. 1996) ....................................................................................... 1, 7

*W.L. Gore & Assoc., Inc. v. Int'l Med. Prosthetics Research Assoc., Inc.*,
   975 F.2d 858 (Fed. Cir. 1992) ........................................................................................... 7

## FEDERAL STATUTES

Fed. R. Civ. P. 54(b) ................................................................................................... *passim*

## LOCAL RULES

L.R. 7.1.3 (c)(2) ................................................................................................................... 8

## INDEX OF EXHIBITS

| Appendix Pages | Description |
|---|---|
| B1-B7 | 7-29-05 Proposed Scheduling Order |

I.  **INTRODUCTION**

This Court entered judgment against Monsanto in the patent actions that form part of this consolidated case on May 11, 2006. Previously, upon Monsanto's motion, this Court consolidated the patent actions with Syngenta's antitrust action against Monsanto. Because of the consolidation of the patent and antitrust actions, Monsanto has moved to certify the judgment in the patent actions under Fed. R. Civ. P. 54(b) so that it can be appealed before the trial of the antitrust action, currently scheduled for January 2007. It is Monsanto's burden, however, to prove that the appeals of the patent and antitrust actions should be heard separately. *See Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996) ("[A]ppellate review of the total consolidated cases serves the purposes of appellate efficiency."). Syngenta respectfully submits that Monsanto's pro forma motion does not meet this burden. Monsanto has repeatedly argued, including in successfully seeking consolidation, that the patent and antitrust cases are interrelated, with overlapping or common issues, and it can be presumed that Monsanto will be making arguments on issues in an appeal of the patent cases that will again arise in a second appeal involving the antitrust issues. Under Rule 54(b), and its applicable precedent, such piecemeal appellate review is to be avoided. *See, e.g., Mobilificio San Giacomo S.P.A. v. Stoffl*, No. C.A. 96-415-SLR, 1998 WL 125536, at *12 (D. Del. Jan. 29, 1998). Accordingly, as fully explained below, Monsanto has failed to establish that "there is no just reason for delay" within the meaning of Rule 54(b), and Monsanto's motion should be denied.

II.  **NATURE AND STAGE OF PROCEEDINGS**

This is a civil action in which three separate actions are consolidated: (1) 04-305, (2) 05-355, and (3) 04-908. Actions 04-305 and 05-355 were brought by Monsanto or its wholly owned subsidiary DeKalb (collectively "Monsanto") and alleged infringement of three Monsanto

1

patents (collectively "the patent action"). These patents include U.S. Patent No. 4,940,835 ("the Shah patent"), and U.S. Patent Nos. 5,538,880 and 6,013,863 (collectively "the Lundquist patents"). On May 10, 2006, this Court granted Syngenta's motions for summary judgment of non-enablement of the Shah patent and non-infringement of the Lundquist patents. On May 11, 2006, this Court entered judgment for Syngenta. Docket Item ("D.I.") 378.

C.A. No. 04-908 involves antitrust claims brought by plaintiff Syngenta Seeds, Inc. (collectively with the other defendants in the patent actions "Syngenta"), including claims based on Monsanto's conduct in bringing the patent actions, and related counterclaims brought by Monsanto (collectively "the antitrust action"). On September 28, 2004, Monsanto moved to dismiss the antitrust action on the grounds it presented a compulsory counterclaim to the patent action or in the alternative to consolidate the antitrust action with the Shah action because of overlapping factual issues and to promote judicial economy. D.I. 10. On March 24, 2005, this Court denied Monsanto's motion to dismiss the antitrust action but granted Monsanto's motion to consolidate. D.I. 16. Fact discovery in the antitrust action is set to close on June 23, 2006, expert discovery to close on September 21, 2006, and a jury trial is scheduled to begin January 7, 2007.

### III. SUMMARY OF ARGUMENT

Monsanto's Motion to Amend Judgment and for Entry of 54(b) Judgment should be denied for the following reasons:

1.  Monsanto has completely failed to meet its burden of showing that there is no just reason for delay of entry of final judgment in this case, the central requirement of Rule 54(b). One of the primary considerations under Rule 54(b) is the factual relatedness of the pending claims. Here, Monsanto has repeatedly argued the close interrelationship between the patent and

antitrust actions. As part of its assertions that Syngenta infringed the Lundquist patents, for example, Monsanto relied on the same factual predicate that forms the basis for its counterclaim of tortious interference now pending in the antitrust action. This Court correctly found that this factual predicate is not relevant to a claim of infringement under patent law. D.I. 375 at 8. Monsanto, however, will undoubtedly argue this legally flawed infringement theory to the Federal Circuit in any appeal of the patent actions. Furthermore, Monsanto moved to consolidate the patent and antitrust actions on the ground that the patent issues "pervaded" and bore heavily on the antitrust issues. There should be no question at this late stage that the patent actions and antitrust action have issues that are closely related.

2.   Given the relatedness of the claims in the antitrust and patent actions, it would be most efficient if the Court would decide all the claims in the respective consolidated actions before an appeal is taken. Precedent on Rule 54(b) shows that avoiding piecemeal appellate litigation on related issues is the primary consideration. Preserving consolidation and a single appeal here would permit the Federal Circuit to weigh related or essentially identical issues with the entire records developed in the antitrust and patent actions and, thus, avoid piecemeal appeals. In contrast, Monsanto's motion fails to establish that judicial economy will be gained by an immediate appeal of the patent decision prior to final resolution of the pending consolidated antitrust action.

IV.   **STATEMENT OF FACTS**

A.   **The Antitrust Action**

Syngenta sued Monsanto in this Court for violations of the Sherman Act, Section 2, and Section 43(a) of the Lanham Act. In particular, Count I of Syngenta's complaint alleges that Monsanto has willfully maintained a monopoly of the glyphosate-tolerant and stacked corn trait markets; Count II alleges that Monsanto has willfully maintained a monopoly of the European

3

corn borer-resistant ("ECB") and stacked corn trait markets; and Count III alleges that Monsanto has attempted to monopolize the foundation seed market. D.I. 124 at 37-40. As part of its case, Syngenta asserts that Monsanto's allegations of patent infringement of the Shah and Lundquist patents amount to baseless litigation and is evidence of Monsanto's overall anticompetitive conduct. *See id.* at 5, 17-18.

In response, Monsanto brought a counterclaim based on a theory of misappropriation. Monsanto alleges tortious interference with contract asserting that "[c]ounterdefendant Syngenta intentionally interfered with Monsanto's GA21 event license agreement with Garst by contracting with Garst's immediate parent Advanta USA, Inc., for the transfer of the GA21 event inbred corn lines that it had received from Monsanto." *See* D.I. 138 at 38. Monsanto further alleges that "Syngenta AG, in concert with its subsidiaries, has sought to undermine and misappropriate Monsanto's GA21 technology and wrongfully market this GA21 event technology as its own." *Id.* at 32.

### B. The Patent Actions

As mentioned above, Monsanto sued Syngenta for infringing the Shah and Lundquist patents. On May 10, 2006, this Court granted Syngenta's motions for summary judgment of non-enablement of the applicable claims of the Shah patent and non-infringement of the Lundquist patents.

Monsanto had asserted that the process claims of the Lundquist patents, directed to a process for making a fertile transgenic corn plant through a sequence of specific steps, were infringed by Syngenta. Syngenta moved for summary judgment of non-infringement, arguing that the evidence and Monsanto's own admissions showed without doubt that Syngenta did not practice the steps of the claimed process. In opposing Syngenta's summary judgment motion, and borrowing from its counterclaims in the antitrust action, Monsanto argued a novel

"misappropriation" theory with respect to the Lundquist process patents—irrespective of the fact that Syngenta did not practice the steps of the claimed process. Monsanto argued that "Syngenta cannot excuse its infringement by claiming that the party from whom it misappropriated the GA21 trait performed the steps recited in claim 1 of the [Lundquist] patents." D.I. 244 at 24. This Court correctly rejected Monsanto's flawed legal theory, holding that it was not relevant to a claim of infringement under the patent laws. D.I. 375 at 8. The Court explained that infringement could not be found under two fundamental principles of law—that dependent claims cannot be found infringed unless the claims from which they depend are infringed and that, under the "all elements rule," each step of a claimed process must be performed in the accused process, either literally or by an equivalent of that step. *See* D.I. 375 at 6-9. Monsanto, however, will presumably repeat its "misappropriation" theory to the Federal Circuit in any appeal of the patent actions.

### C.    Monsanto's Motion to Consolidate the Shah and Antitrust Actions

Early in the case, Monsanto moved to dismiss Syngenta's antitrust suit or in the alternative to consolidate the then-pending Shah action with the antitrust action. *See* D.I. 10. In its motion, Monsanto alleged that consolidation "would promote the efficient administration of justice by avoiding duplicative litigation and the possibility of inconsistent judgments." *Id.* at 2. Moreover, Monsanto argued that invalidity of the Shah patent "pervades Syngenta's antitrust Amended [antitrust] Complaint" and that the "[p]atent issues likewise bear heavily on the second and third counts of Syngenta's antitrust Amended Complaint, relating to European corn-borer (ECB) resistant corn and corn foundation seed." *Id.* at 2-3. Monsanto further asserted that "consolidation would result in an appeal being taken to the same Court of Appeals, and thereby eliminate the possibility of inconsistent results if there were appeals to different Courts of

5

Appeals." *See* D.I. 14 at 7. This Court granted Monsanto's motion to consolidate the Shah and antitrust actions.[1] *See* D.I. 16.

Monsanto made similar statements in its motion to stay the antitrust action. *See* D.I. 53. In that motion, Monsanto asserted that "Syngenta's antitrust claims are dependent to a large degree upon its contention that the Shah patent is neither valid nor infringed." *Id.* at 4. Additionally, Monsanto asserted that "much of Syngenta's laundry list of alleged anticompetitive conduct in Count I is factually predicated—either explicitly or inferentially—on the charge that the Shah patent is invalid or unenforceable against Syngenta with respect to GA21® glyphosate-tolerant corn." *Id.* at 5. Regarding Count II directed to monopolization of the ECB resistant corn market, Monsanto asserted that Syngenta's basis for not selling stacked GA21/ECB "incorporates the glyphosate technology at the heart of the Shah patent." *Id.* Regarding Count III, directed to monopolization of the foundation corn seed market, Monsanto asserted that "much of Count III will stand or fall with resolution of the Shah patent claims as to whether Syngenta can make or use or sell GA21® corn." *Id.*

## V.    ARGUMENT

### A.    Legal Standards Under Fed. R. Civ. P. 54(b)

Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the

---

[1] Syngenta acknowledges that it opposed consolidation of the Shah and antitrust actions. Syngenta, however, was unsuccessful in that opposition. In light of this Court's ruling to consolidate the actions, Syngenta believes both parties should adhere to the law of the case doctrine, *see Jersey Dental Labs v. Dentsply Int'l, Inc.*, 180 F. Supp. 2d 541 (D. Del. 2001) (refraining from re-deciding an issue resolved earlier in the litigation), and that Monsanto should be estopped from switching its position after obtaining its goal of consolidation.

> claims or parties only upon *an express determination that there is no just reason for delay* and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b) (emphasis added). Thus, a court may direct entry of final judgment to fewer than all of the claims at issue, **but only** if the court expressly determines that there is no just reason for delay. *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1379 (Fed. Cir. 1996); *W.L. Gore & Assoc., Inc. v. Int'l Med. Prosthetics Research Assoc., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992). In determining whether there is no just reason for delay under Rule 54(b), courts should examine two factors: (1) the finality of the judgment; and (2) the "the separateness of the claims for relief." *W.L. Gore*, 975 F.2d at 862.

This analysis should be guided by determining "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* at 862 (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). As stated by this Court, "[c]onsideration of judicial administration counsels against piecemeal review that would force appellate courts to decide the same issues on subsequent appeal." *Mobilificio San Giacomo S.P.A. v. Stoffl*, No. C.A. 96-415-SLR, 1998 WL 125536, at *12 (D. Del. Jan. 29, 1998) (staying enforcement of judgment under Rule 54(b) until all claims between the parties were resolved). The Federal Circuit has stated there is "strong congressional policy against piecemeal review . . . ." *Jeanette Sheet Glass Corp. v. U.S.*, 803 F.2d 1576, 1581 (Fed. Cir. 1986); *Chaparral Commc'ns, Inc. v. Boman Indus., Inc.*, 798 F.2d 456, 459 (Fed. Cir. 1986) ("the need for an immediate appeal was clearly outweighed by the policy against piecemeal adjudication"). Where there are related issues in a consolidated case, as we have here, the Federal Circuit has held that "since consolidated cases tend to be based on the same factual circumstances, appellate review of the total consolidated cases serves the purposes of appellate efficiency." *Spraytex*, 96 F.3d at 1382. Indeed, this Court itself has

7

previously held that "a Rule 54(b) request should not be granted where the adjudicated and unadjudicated claims *'all arise out of a common core of operative facts'* despite the fact that *'each cause of action in the complaint asserted[ed] a different legal theory.'"* *Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc.*, No. 88-391-SLR, 1993 U.S. Dist. Lexis 2473, at *20 (emphasis added) (quoting *Aiken v. Bucks Ass'n for Retarded Citizens, Inc.*, 799 F. Supp. 522, 524-25 (E.D. Pa. 1992)).

As the party seeking certification under Rule 54(b), Monsanto has the burden "to convince the district court that the case is the 'infrequent harsh case' meriting a favorable exercise of discretion." *Hatzel*, 1993 U.S. Dist. Lexis 2473, at *11 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360 (3d Cir. 1975)). Monsanto's opening motion, however, fails to advance *any* reason why an immediate appeal of the patent decision is necessary. Under Delaware Local Rule 7.1.3(c)(2), "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." Accordingly, Monsanto will not be able to make its required showing under Rule 54(b) in reply with arguments and evidence that should have been presented in its opening paper. Since Monsanto does not come close to meeting its burden in its essentially pro forma motion for judgment under Rule 54(b), it has no basis to claim "no just cause for delay," and its motion should be denied.[2]

---

[2] Prior to filing its motion, Monsanto requested that Syngenta consent to entry of final judgment under Rule 54(b). Syngenta informed Monsanto that it would not consent. Monsanto then requested that Syngenta explain its reasoning, but approximately an hour later, without waiting for Syngenta's explanation, Monsanto filed its motion with the Court.

B.  **This Court Should Not Certify the Patent Actions Under Rule 54(b) Because of the Interrelated Patent and Antitrust Claims**

1.  **Monsanto's Infringement Allegations for the Lundquist Patents Overlap with Its Antitrust Counterclaim**

While Syngenta does not contest that the patent actions are final, the clear and admitted relatedness between the patent and antitrust actions warrants denial of Monsanto's request to certify this Court's Judgment under Fed. R. Civ. P. 54(b). As discussed above (*see* Section IV B, *supra*), Monsanto's allegation of infringement of the Lundquist patents relied, in part, on the theory that Syngenta misappropriated Monsanto's GA21 corn product by inducing Garst Seed Co. to breach its GA21 license agreement with Monsanto. Although the Court correctly rejected this flawed legal theory as a basis for finding patent infringement, Monsanto will almost certainly repeat its "misappropriation" theory to the Federal Circuit in any appeal of the patent actions. The same set of facts supporting Monsanto's "misappropriation" theory of patent infringement also forms the basis for Monsanto's counterclaim of tortious interference with contract in the antitrust action. Monsanto has expressly alleged in its tortious interference counterclaim that Syngenta misappropriated what Monsanto alleges to be its GA21 technology. *See* D.I. 138 at 32.

Thus, Monsanto has asserted essentially the same misappropriation theory, from the same core set of facts, in both the patent and antitrust actions. This is precisely the type of case contemplated by this Court in *Hatzel*, where the claims "all arise out of a common core of operative facts" despite the fact that "each cause of action in the complaint asserted[ed] a different legal theory." *Hatzel*, 1993 U.S. Dist. Lexis 2473, at *20. Rule 54(b) certification should be denied on this basis alone.

Moreover, if Rule 54(b) judgment is entered, Monsanto on appeal of the patent action will argue to the Federal Circuit that this Court was in error in rejecting the misappropriation

9

theory as a basis for patent infringement and then at a later time, argue the same misappropriation theory in an appeal of whatever decision is reached on the counterclaim after the upcoming antitrust trial. This type of piecemeal appellate litigation on a related issue is what case law cautions against. Deferring appeal until the antitrust action is resolved seems clearly just and, indeed mandated under the applicable precedent because the Federal Circuit should have before it, at the same time, both the Lundquist infringement issues and the antitrust counterclaim to avoid piecemeal appellate consideration of the misappropriation issue.

### 2. Syngenta's Sham Litigation Antitrust Allegation Overlaps with the Patent Issues

In addition, as argued by Monsanto, the relatedness of the actions is evident in Syngenta's antitrust allegation that the Shah and Lundquist actions represented two baseless patent infringement lawsuits against Syngenta. *See* D.I. 124 at 5, 17-18. Monsanto has specifically argued that Counts I-III of Syngenta's antitrust complaint are closely tied to the patent actions. (*See* Section IV A, *supra*). Monsanto made such allegations *twice*—once in its motion to consolidate the cases, and once in its motion to stay the antitrust case. For example, Monsanto argued that invalidity of the Shah patent "pervades Syngenta's antitrust Amended Complaint" and that the "[p]atent issues likewise bear heavily on the second and third counts of Syngenta's antitrust Amended Complaint, relating to European corn-borer (ECB) resistant corn and corn foundation seed." D.I. 10 at 2-3.

Given its past positions, Monsanto cannot meet the essential requirement of Rule 54(b) that the decided claims are so unrelated to the remaining claims that there is no just reason for delay, and its motion fails to even attempt to make such a showing. To the contrary, maintaining a single appeal will both facilitate the efficient consideration of the consolidated case as a whole

by the appellate court and avoid inconsistent results on specific related issues at the Federal Circuit.

### C. Delaying Appeal of the Patent Actions Will Not Harm Monsanto and Will Enhance Judicial Economy

Finally, there is no evident prejudice or detriment in denying Monsanto's motion. Both parties want to see the ultimate resolution of this dispute as expeditiously as practicable, but the antitrust claims and counterclaims are a part of that dispute and are consolidated with the patent actions. Waiting for the January trial of the antitrust case will not harm either party and that delay does not justify separate appeals of the patent and antitrust decisions.

Monsanto has not provided any facts to suggest that it would be harmed if this Court were to deny its motion. Indeed, Monsanto specifically opposed Syngenta's request to file an early summary judgment motion in connection with the Lundquist patents. *See* 7-29-05 Proposed Scheduling Order (B6). Denying Monsanto's motion would only delay appeal of the patent actions until the antitrust action is resolved. Monsanto was surely aware of this potential outcome and the impact consolidation would have on the timing of any appeal of either the patent action or antitrust action. Nonetheless, Monsanto moved for consolidation and was granted its request. Monsanto cannot now complain that keeping the patent and antitrust actions together for appeal would lead to "inconvenience and additional expense of the type that the power to consolidate cases is intended to avoid." D.I. 10 at 12. To the contrary, a single appeal would best conserve judicial resources while avoiding the possibility of inconsistent apellate decisions.

11

## VI. CONCLUSION

For all the above reasons, Syngenta respectfully requests that this Court deny Monsanto's Motion to Amend Judgment and For Entry of Rule 54(b) Judgment.

Respectfully submitted,

John W. Shaw (No. 3362)
Josy W. Ingersoll (No. 1088)
YOUNG CONAWAY STARGATT &
   TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600
jshaw@ycst.com

Of counsel:

Michael J. Flibbert
Howard W. Levine
Tryn T. Stimart
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Defendants

Dated: May 26, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street
> Wilmington, DE 19899-0951

I further certify that on May 26, 2006, copies of the foregoing document were served by hand delivery on the above listed counsel and on the following non-registered participants as indicated below:

**BY E-MAIL AND FEDERAL EXPRESS**

John J. Rosenthal, Esquire
Peter E. Moll, Esquire
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004

Susan Knoll, Esquire
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John W. Shaw
_____
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com
*Attorneys for Defendants*

DB01:1611981.3