## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | C. A. No. 04-305 SLR <br> (Lead Case) |
| SYNGENTA SEEDS, INC.<br>SYNGENTA BIOTECHNOLOGY, INC., et al., | ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |
| DEKALB GENETICS CORPORATION, | ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | |
| SYNGENTA SEEDS, INC.,<br>SYNGENTA BIOTECHNOLOGY, INC., et al. | ) <br> ) <br> ) | |
| Defendants. | ) | |

## REPLY BRIEF IN SUPPORT OF
## MOTION TO AMEND JUDGMENT
## AND FOR ENTRY OF 54(b) JUDGMENT

OF COUNSEL:

Susan K. Knoll
Thomas A. Miller
Melinda Patterson
Stephen E. Edwards
Steven G. Spears
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Tel: (713) 787-1400

Dated: June 2, 2006
734865 / 28228

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. ii

I.      SUMMARY OF THE REPLY ........................................................................... 1

II.     DISCUSSION ...................................................................................................... 2

      A.      No Just Cause Exists To Delay Appeal of the Patent
            Judgment Where Only Separately-Triable Antitrust-related
            Claims Remain ......................................................................................... 2

      B.      Syngenta Fails To Raise Any Just Cause for Delay ...................................... 4

            1.      This Court Has Already Recognized That There Is
                  Minimal Factual Overlap Between The Patent
                  Claims and the Antitrust Claims ................................................... 4

            2.      The Patent Judgment And The Tortious Interference
                  Counterclaim in the Antitrust Action Involve
                  Completely Different Issues ........................................................... 7

            3.      There Will Be No Piecemeal Appeals or Judicial
                  Inefficiency .................................................................................... 8

      C.      Monsanto's Briefing Has Timely Addressed the Issues .............................. 9

III.    CONCLUSION ................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

*Chaparral Communications, Inc. v. Bowman Industries, Inc.*,
   798 F.2d 456 (Fed. Cir. 1986)............................................................. 3

*Curtiss-Wright Corp. v. General Elec. Co.*,
   100 S.Ct. 1460 (1980)....................................................................... 6

*FilmTec Corp. v. Hydranautics*,
   67 F.3d 931 (Fed. Cir. 1995)............................................................. 7

*Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.*,
   C.A. No. 88-391-SLR, 1993 U.S. Dist. LEXIS 2473 (D. Del. Feb. 16, 1993) ............... 3

*Integraph Corp. v. Intel Corp.*,
   253 F.3d 695 (Fed. Cir. 2001)........................................................... 6

*Janette Sheet Glass Corp. v. U.S.*,
   803 F.2d 1576 (Fed. Cir. 1986)......................................................... 3

*Korody-Colyer Corp. v. General Motors Corp.*,
   828 F.2d 1572 (Fed. Cir. 1987)......................................................... 3

*Lava Trading, Inc. v. Sonic Trading Management, LLC*,
   445 F.3d 1348 (Fed. Cir. 2006).......................................................... 2

*Mobilificio San Giacomo S.P.A. v. Stoffi*,
   C.A. No. 96-415-SLR, 1998 WL 125536 (D. Del. Jan. 29, 1998) ................... 3

*Pause Tech. LLC v. TiVo Inc.*,
   401 F.3d 1290 (Fed. Cir. 2005).......................................................... 2

*Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*,
   508 U.S. 62 (1993)........................................................................... 6

*Spraytex, Inc. v. DJS&T*,
   96 F.3d 1377 (Fed. Cir. 1996)........................................................... 3

*Technicon Instruments Corp. v. Alpkem Corp.*,
   866 F.2d 417 (Fed. Cir. 1989)........................................................... 3

*W.L. Gore & Associates, Inc. v. International Medical Prosthetics Research
Associates, Inc.*,
   975 F.2d 858 (Fed. Cir. 1992)...................................................... *passim*

**Rules**

Fed. R. Civ. P. 54(b) .......................................................................... *passim*

I.    **SUMMARY OF THE REPLY**

Syngenta's opposition fails to raise a legitimate reason that the Court's May 11, 2006 Judgment (the "Judgment") should not be amended to be an appealable Rule 54(b) judgment as to the adjudicated patent claims.  Syngenta does not dispute that the Judgment is final as to the adjudicated patent claims.  All that remains before the Court in this action are antitrust claims and counterclaims.  The Federal Circuit affirmed the appropriateness of a 54(b) judgment under identical circumstances in *W.L. Gore & Associates, Inc. v. International Medical Prosthetics Research Associates, Inc.*, 975 F.2d 858, 862-65 (Fed. Cir. 1992) (affirming 54(b) judgment on patent claims when antitrust claims remained to be tried).

Rather than contest finality, Syngenta only broadly generalizes that there is factual overlap with the antitrust case, and a risk for piecemeal appeals.  But Syngenta never identifies a specific issue in the antitrust case which is duplicative of the actual issues to be addressed on appeal of the patent Judgment – the Court's non-infringement rulings as to the Lundquist patents and non-enablement ruling as to the Shah patent.  Even if some factual overlap may exist with the antitrust claims, the specific issues actually decided by the Judgment will not and cannot be relitigated in the antitrust case, if the Judgment is indeed final.  While Syngenta quotes extensively from Monsanto's dismissal or consolidation briefing, it inexplicably ignores this Court's actual rulings, including that "Plaintiff's Antitrust Litigation does not arise from the same transaction or occurrence that is the subject matter of defendants' Shah Litigation." D.I. 43, pg. 5.

Syngenta's real motivation in opposing Monsanto's motion is to delay any Federal Circuit consideration of the patent Judgment.  Presently, the patents-in-suit cannot hamper Syngenta's ability to sell GA21 corn, and an appeal can only adversely

affect this status.   Indeed, the risk of injunction lessens with Syngenta's delay since the

Shah Patent is currently set to expire in July, 2007 – just 13 months from now.   The

prejudice to Monsanto arising from any delay in the appeal is thus obvious, and because

there is no risk of piecemeal appeals and only limited factual overlap, there is no just

cause for any such delay.

## II.    DISCUSSION

### A.    No Just Cause Exists To Delay Appeal of the Patent Judgment Where Only Separately-Triable Antitrust-related Claims Remain

"Courts analyzing whether Rule 54(b) applies must focus on both the finality of

the judgment and the separateness of the claims for relief." *W.L. Gore*, 975 F.2d at 862.

"Rule 54(b) allows a district court to act as a 'dispatcher' and 'determine, in the first

instance, the appropriate time when each final decision upon one or more but less than all

of the claims in a multiple claims action is ready for appeal.'" *Lava Trading, Inc. v.*

*Sonic Trading Management, LLC*, 445 F.3d 1348, 1350-51 (Fed. Cir. 2006) (affirming

entry of 54(b) judgment on non-infringement where invalidity and unenforceability issues

remained to be tried) (quoting *Pause Tech. LLC v. TiVo Inc.*, 401 F.3d 1290, 1294 n. 2

(Fed. Cir. 2005)).   Accordingly, a determination that no just reason for delay exists is

reviewed under an abuse of discretion standard. *W.L. Gore*, 975 F.2d at 862.

Syngenta does not dispute the central facts underlying Monsanto's motion.   The

Judgment is final as to the adjudicated patent claims, and all that remains are antitrust

claims which have been determined to be separately triable.   In *W.L. Gore*, the Federal

Circuit affirmed entry of a 54(b) patent judgment under identical circumstances, where

only antitrust-related claims remained to be separately tried before the district court.   975

F.2d 858, 862-65 (Fed. Cir. 1992)("In the instant case, Rule 54(b) certification is proper

because the infringement claim was finally adjudicated and there is more than one claim for relief – Gore's infringement claim and IMPRA's antitrust counterclaim as required by Rule 54(b)."). Separate appeals of patent judgments where antitrust claims remain to be tried in the same action are common in the Federal Circuit. *See e.g.*, *Id.*; *Technicon Instruments Corp. v. Alpkem Corp.*, 866 F.2d 417, 418-19 (Fed. Cir. 1989); *Korody-Colyer Corp. v. General Motors Corp.*, 828 F.2d 1572, 1573-74 (Fed. Cir. 1987).

The cases relied upon by Syngenta in opposing entry of a 54(b) judgment are nowhere close to being on point. Syn. Br. Pg. 7-8. The *Spraytex* and *Janette Sheet Glass* cases do not even involve situations where a 54(b) judgment was entered, but rather address efforts to appeal decisions on less than all claims without seeking a 54(b) judgment. *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1379 (Fed. Cir. 1996); *Janette Sheet Glass Corp. v. U.S.*, 803 F.2d 1576, 1579 (Fed. Cir. 1986). In *Chaparral Communications, Inc. v. Bowman Industries, Inc.*, the denial of a 54(b) judgment was not challenged on appeal, in part because other patent claims remained to be tried against the same product. 798 F.2d 456 (Fed. Cir. 1986). Finally, the unpublished decisions from this Court in *Mobilificio San Giacomo* and *Hatzel* are not even patent cases, but rather involved situations where the state law claims that had been decided arose from the same transaction or occurrence of the claims that were still pending. *Mobilificio San Giacomo S.P.A. v. Stoffi*, C.A. No. 96-415-SLR, 1998 WL 125536 (D. Del. Jan. 29, 1998); *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.*, C.A. No. 88-391-SLR, 1993 U.S. Dist. LEXIS 2473 (D. Del. Feb. 16, 1993).

Thus, none of the authority cited by Syngenta bears any relevance to the present situation. The parties and the Court agreed that the antitrust claims should be tried

3

separately from the patent claims. Moreover, in its order denying dismissal and consolidating the cases, this Court already has determined that Syngenta's "<u>Antitrust Litigation does not arise from the same transaction or occurrence that is the subject matter of defendant's [Patent] Litigation</u>." D.I. 43, pg. 5 (emphasis added). As detailed below, Syngenta's Opposition fails to demonstrate a single issue in the antitrust case that requires re-litigating any issue that has been finally decided by the Judgment. Under such circumstances, the Federal Circuit's holding in *W.L. Gore* is directly on point, recognizing the appropriateness of a separate 54(b) appeal of a patent judgment where antitrust claims in the same action remain to be separately tried. 975 F.2d 858, 863-65.

**B.    Syngenta Fails To Raise Any Just Cause for Delay**

Rather than dispute the finality of the Judgment as to the adjudicated patent claims, Syngenta only opposes a 54(b) certification by arguing the following alleged just causes for delay of a separate appeal:   (1) broad generalizations about allegedly overlapping issues, (2) allegations that the appeal of the Lundquist infringement judgment will involve consideration of Monsanto's tortious interference counterclaim in the antitrust case, and (3) broad generalizations of piecemeal appeals and judicial inefficiency. None demonstrate good causes for the delay sought by Syngenta.

**1.    This Court Has Already Recognized That There Is Minimal Factual Overlap Between The Patent Claims and the Antitrust Claims**

Syngenta's opposition for the most part parrots back arguments made by Monsanto in moving for dismissal or consolidation and in moving for a stay of the antitrust case. Syngenta does so while ignoring this Court's actual <u>rulings</u> made in view of Syngenta's oppositions to those very same motions. As discussed above, although the Court ordered consolidation, it denied dismissal on the grounds that the actions do not

arise from the same transaction or occurrence. D.I. 43, pg. 5. This Court reasoned, "Because the Antitrust Litigation arises from defendants' conduct, and the Shah Litigation arises from plaintiff's conduct, the two actions could not arise from the same transaction or occurrence." *Id.* After discussing the market-based issues pending in the antitrust case, this Court further observed, "In contrast, the Shah Litigation only involves infringement of a patent relating to glyphosate-resistance plants. As a result, the Antitrust Litigation presents different factual issues than the Shah Litigation." *Id.*, pg. 6-7. Ordering consolidation, this Court concluded:

> Nevertheless, the court does find that the Shah Litigation and the Antitrust Litigation do present <u>minimal factual and legal overlap</u>. Furthermore, the court finds that consolidating the Shah Litigation and the Antitrust Litigation will be more efficient than managing the cases separately.

*Id.*, pg. 8 (emphasis added).

A similar result was reached on Monsanto's motion to stay the antitrust case. After hearing substantial argument from Syngenta that the relationship between the two actions was minimal, the Court ruled, "[I]t sounds as though the patent litigation really isn't going to be nearly dispositive, which is the only reason why I stay antitrust cases. So we're going to go forward." Exhibit 1, hearing transcript, pg. 12. The action went forward with agreement by the parties that the antitrust claims and the patent claims would be tried separately.

Moreover, any minimal overlap that exists between the patent claims and the antitrust claims is no basis to delay the appeal of the patent Judgment. That exact issue was addressed in *W.L. Gore.* There, the antitrust plaintiff argued the existence of factual overlap of the adjudicated patent claims and the pending antitrust claims as a basis for denying a 54(b) judgment. The Federal Circuit disagreed, holding "[F]actual overlap on

only tangential issues or on 'one aspect' of a counterclaim is not adequate to show an abuse of discretion. The Supreme Court has stated that even where there is some factual overlap of issues, other factors may justify the district court's exercise of discretion to certify an appeal in a given case." *W.L. Gore*, 975 F.2d 864 9 (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 100 S.Ct. 1460, 1465 n.2 (1980). More recently, the Federal Circuit has held "Even for claims that arise out of the same transaction or occurrence, sound case management may warrant entry of partial final [54(b)] judgment." *Integraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001).

While Syngenta is changing course now to contend that there is substantial overlap between the patent action and the antitrust action, that is not the relevant question. Instead, the Court should look at whether there is any issue to be addressed on appeal that will be duplicative of issues that remain to be litigated in the antitrust case. Other than the lone misappropriation issue addressed below, Syngenta has failed to even point to any such issue. The reason is clear. Unless the Court is inclined to find that the Judgment is not final, then it is determinative of the issues decided therein. As such, those issues – particularly the legal grounds upon which the Court found non-infringement of the Lundquist patents and non-enablement of the Shah patent – could not be relitigated in the antitrust case.

Indeed, the Judgment has no relevance at all to Syngenta's sham patent litigation claims, under established Supreme Court law. The Supreme Court has held that "The existence of probable cause to institute legal proceedings precludes a finding that an antitrust defendant has engaged in sham litigation." *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 62 (1993). Accordingly, the fact that

this Court ultimately ruled against Monsanto in the patent Judgment is irrelevant to the sham litigation claims, because it sheds no light on whether Monsanto's filing was objectively baseless nor on Monsanto's subjective reasons for filing the action when it brought suit two years ago. *Id.*, at 57, n. 4 and 65-66; *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 938 (Fed. Cir. 1995) ("the Supreme Court has forbidden us to equate loss on the merits with objective unreasonableness.").

### 2.   The Patent Judgment And The Tortious Interference Counterclaim in the Antitrust Action Involve Completely Different Issues

The issue of misappropriation is Syngenta's only attempt to specify where there could be duplication if a 54(b) judgment is entered, and it is a tremendous stretch of the issues. Syn. Br. Pg. 9-10. But Monsanto's patent suit never argued that the Court should completely ignore the method steps of the Lundquist patents because Syngenta misappropriated GA21. Instead, Monsanto's argument was that the first method steps had in fact been performed (by DEKALB) and that Syngenta should not be able to avoid infringement by utilizing DEKALB's prior work, and then performing the last step of the process.

This is a completely different issue from those presented in Monsanto's tortious interference counterclaim pending in the antitrust action. There, Monsanto will prove that it provided GA21 to licensees under a license agreement that allowed the licensees to use it only for specific purposes, which did not include providing GA21 to Syngenta so that Syngenta could propagate it and sell it as its own product without compensation to Monsanto. Syngenta tortiously interfered with those contractual agreements and misappropriated the biological material for its own extra-contractual uses. That conduct

is a tort regardless of the applicability of any patents, and thus there is no relation between this cause of action and the issues decided in the Judgment.

Moreover, Syngenta advances this argument while again completely ignoring what the Court actually found. The Judgment never seeks to resolve any factual issues related to misappropriation, because the Court clearly could not weigh fact issues like this on summary judgment. Instead, the Court entered judgment because, "In the case at bar, the critical initial steps of the claimed process were performed by the patent owner, at a time before the patents were even issued." D.I. 375, pg. 8. In reaching this ruling the Court indicated how it viewed these patent issues as being completely separate from any potential business torts:

> These facts are more suited to a business tort than patent infringement litigation, and the court declines to create an exception to fundamental principles of patent law that reach what, in fact, might be the fair result.

*Id.*, pg. 8-9

Accordingly, the appeal cannot address whether misappropriation or tortious interference in fact occurred because that issue was never addressed by this Court in the Judgment. Misappropriation cannot be resolved by the appellate court in the first instance. Instead, as to this issue, the appeal will simply address whether a triable fact issue exists that the performance of initial process steps by DEKALB can be taken into account in ascertaining Syngenta's infringement, under any factual scenario. This is no basis for delaying appeal or entry of a 54(b) judgment.

### 3.    There Will Be No Piecemeal Appeals or Judicial Inefficiency

Finally, Syngenta makes a perfunctory argument that "a single appeal would best conserve judicial resources while avoiding the possibility of inconsistent appellate

decisions." Syn. Br. Pg. 1, 11. Yet, nowhere does Syngenta state how there could possibly be inconsistent appeals. Simply put, there is no possibility for inconsistent appeals. Once the issues actually addressed in the patent Judgment are decided on appeal, they cannot be reargued during the antitrust trial, or on appeal of any antitrust judgment. Those issues will have been finally decided and will be law of the case. Accordingly, there is no judicial inefficiency arising from a 54(b) judgment.

On the other hand, the tremendous prejudice to Monsanto if the patent Judgment is not certified for appeal now is obvious.

1.    Not entering a 54(b) judgment could delay Monsanto's ability to obtain appellate review of the Judgment for an extended period that could last well over a year.

2.    During that time, Syngenta will not be precluded by the patents-in-suit from continuing to sell GA21 corn. Indeed, the scope of Monsanto's potential relief could be greatly impaired merely by the passage of time because the Shah patent expires in July 2007 – just 13 months from now.

3.    Syngenta has demonstrated no just cause to delay Monsanto's ability to obtain prompt appellate review of the Judgment.

4.    Because the patent Judgment is final, and because it addresses issues separate from the remaining antitrust claims as this Court has found, no just cause exists.

**C.    Monsanto's Briefing Has Timely Addressed the Issues**

As a final issue, Syngenta suggests that Monsanto should not be able to file a reply brief because it did not fully raise issues in its motion. That is not correct. Monsanto's motion raised the very basis upon which 54(b) judgment should be granted –

9

the patent Judgment is final, and all that remains to be tried are antitrust issues. The motion was short, because the issues are that simple, particularly under the controlling precedent of *W.L. Gore*. 975 F.2d 858. While Monsanto did not address the basis upon which Syngenta opposes entry of a 54(b) judgment, Monsanto could not be required to guess what that basis would be. This is particularly true where most of what Syngenta argues is completely contrary to prior determinations of this Court.[1]

## III.   CONCLUSION

For the forgoing reasons, Monsanto respectfully requests amendment of the Judgment to make it a 54(b) judgment in the form attached to Monsanto's motion.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Susan K. Knoll
Thomas A. Miller
Melinda Patterson
Stephen E. Edwards
Steven G. Spears
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX  77002
Tel: (713) 787-1400

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

Dated: June 2, 2006
734865 / 28228

*Attorneys for Plaintiffs*

---

[1]   Syngenta's suggestion that Monsanto only gave it one hour to explain the basis for its opposition misportrays what actually happened. Syn. Br. Pg. 8 n. 2. As shown in the e-mail correspondence attached as Exhibit 2, Monsanto sent Syngenta a proposed 54(b) judgment to Syngenta on May 12, asking if it had any opposition. For the next three business days (May 15-17), Monsanto repeatedly asked what Syngenta's position was, finally telling Syngenta that it needed to file the motion by the end of the day on May 17. Syngenta waited until the last hour to say it opposed, again without any explanation for why. Thus, when Monsanto asked for an explanation then, it had been asking the same question for nearly three days, with no response from Syngenta.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on June 2, 2006, the attached

document was hand delivered on the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on June 2, 2006, I have Electronically Mailed the

foregoing document(s) to the following non-registered participants:

Michael J. Flibbert
Don O. Burley
Howard W. Levine
Finnegan, Henderson, Farabow,
    Garrett & Dunner, L.L.P.
901 New York Ave., NW
Washington, DC 20001-4413
michael.flibbert@finnegan.com
don.burley@finnegan.com
howard.levine@finnegan.com

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

700765