IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY, *et al*, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-305-SLR (Consolidated) |
| v. | ) ) | |
| SYNGENTA SEEDS, INC., *et al*, | ) ) ) | |
| Defendants. | ) ) | |

### NOTICE OF DEPOSITION

TO:  John W. Shaw
     Seth Reidenberg
     Karen E. Keller
     The Brandywine Building, 17th Floor
     1000 West Street
     Wilmington, Delaware 19801

PLEASE TAKE NOTICE THAT, under Federal Rules of Civil Procedure 30(b)(6), counsel for Plaintiffs, Monsanto Company, *et al.*, will take the deposition of the corporate designee(s) of Defendants Syngenta Seeds, Inc., *et al.* most knowledgeable about the matters set forth in Attachment A on June 22, 2006, at 9:00 a.m., at the offices of Howrey LLP, 1299 Pennsylvania Avenue NW, Washington, DC, 20004, or an alternate location and time to be negotiated by the parties. Under Rules 30(b)(2) and 30(b)(3), the deposition will be recorded stenographically and by videotape and will continue day-to-day until completed.

Monsanto hereby requests that Syngenta designate for questioning one or more corporate officers, directors, managing agents, or other representative(s) to testify on its behalf regarding the topics set forth below:

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Peter E. Moll<br>Scott Flick<br>John J. Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC  20004<br>Telephone (202) 783-0800 | By:  /s/ Richard L. Horwitz<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE  19801<br>Telephone (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Kenneth A. Letzler<br>Jonathan I. Gleklen<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, D.C. 20004<br>Telephone (202) 942-5000 | *Attorneys for Monsanto Company and Monsanto Technology LLC* |

Dated:  June 9, 2006

736043

2

## ATTACHMENT A

I. **DEFINITIONS**

1. "**You**," "**your**," and "**Syngenta**" mean Syngenta Seeds, Inc., its predecessors, successors, subsidiaries, affiliates and each of its present or former officers, directors, managers and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on its behalf, including but not limited to Syngenta AG, Biotechnology, Inc., Golden Harvest Seeds, Inc., Garst Seed Company, Advanta B.V., Advanta Seeds, CHS Research, Inc., and GreenLeaf Genetics.

2. "**Monsanto**" means Monsanto Company, its predecessors, successors, subsidiaries and affiliates, and each of its present and former officers, directors, managers, employees, agents, and all other persons acting or purporting to act on its behalf, including but not limited to Monsanto Technology, LLC.

3. "**Person**" or "**persons**" refers to all individuals and entities, including all natural persons, corporations, partnerships, ventures or other business associations, societies, associations-in-fact, all federal, foreign, state, local or other governmental entities, and all legal entities including all members, officers employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

4. "**Transgenic corn technology**" means any technology related to artificially introducing genetic material into corn seed, plants, cells, or genetic material, including hybrid seed or foundation seed.

5. "**ECB-resistant traits**" or "**ECB-resistant technology**" means any transgenic corn event, trait or technology that makes the corn plant resistant to the European Corn Borer pest.

6.  **"GT"** or **"glyphosate-tolerant technology"** means any transgenic corn event, trait or technology that makes the corn plant tolerate glyphosate application.

7.  **"CRW-resistant traits"** or **"CRW-resistant technology"** means any transgenic corn event, trait or technology that makes the corn plant resistant to Corn Rootworm insect.

8.  **"Foundation seed"** means any inbred seed or other parent seed stock used in the production of commercial hybrid seed corn.

9.  The **"GA21 event"** means any glyphosate-tolerant technology that was derived from the experimental trial event known as GA21 and that makes the corn plant resistant to glyphosate.

10. **"Stacked traits"** or **"trait-stacking technology"** means any transgenic corn technology that makes the corn plant resistant to any combination of glyphosate, the European Corn Borer pest, or the rootworm pest, or all three. This technology contains combinations or "stacks" of glyphosate-tolerant, ECB-resistant and CRW-resistant corn traits.

## II. MATTERS ON WHICH EXAMINATION IS REQUIRED

1.  Each occasion on which Syngenta lost business from an existing or potential licensee customer for any Syngenta GT, ECB or stacked trait as a result of any Monsanto conduct alleged in the complaint.

2.  All instances in which Syngenta was excluded, or denied access to, any customer, potential customer, or market for its products containing transgenic corn technology because of any action or actions by Monsanto.

4

3.  The name of any person or company that, as alleged in Syngenta's Second Amended Complaint, was deceived by Monsanto's allegedly false or disparaging statements regarding Monsanto's patent position and any action taken or not taken by that person or company as a result of that person or company's being deceived.

4.  The date, amount, type, value, and terms of any transaction or proposed transaction that any person or company refused to enter into with Syngenta because of Monsanto's actions.

5.  Any damages claims, including but not limited to any claims for nominal, actual, exemplary and special damages, as a result of any conduct by Monsanto alleged in Syngenta's Second Amended Complaint.

6.  Data or records maintained by Syngenta as to the pricing (including net pricing), gross profit margins, and units costs realized by Syngenta associated with all sales of corn seed, including but not limited to:

    (a)  the manner in which such pricing (including net pricing) and unit costs are calculated for sales throughout the United States;

    (b)  the manner in which these gross profit margins are calculated; and

    (c)  the method in which such pricing (including net pricing), gross profit margins, and unit costs are recorded in any databases, electronic or computer files, or other files maintained by Syngenta.

7.  Syngenta's market strategy, launch plans, distribution plans, existing and planned channels to market, methods of accessing markets, or discount or incentive programs for any plans to license any Syngenta product containing transgenic corn technology.

8. Syngenta's sales, royalties, revenues, profits and losses, gross margins, on sales of, or license agreements for, any corn seed containing a glyphosate-tolerant trait derived from the GA21 event, including but not limited to

    a) glyphosate-tolerant corn seed products sold by Syngenta, Golden Harvest, Garst, and others under the Agrisure trademark;

    b) Golden Harvest sales of H-8845GT, H-7371GT, and H-8124GT, or any other variety bred with the H-8845GT corn-seed line; and

    c) sales of NK® Brand N58-L8, N63-U9, N73-F7, and N75-B1 corn lines.

9. Sales, royalties, revenues, profits and losses, profit margins, and gross profit margins on sales of, or license agreements for, Syngenta products containing transgenic corn technology, including, but not limited to, transgenic seed sales or license agreements by

    a) GreenLeaf Genetics;

    b) NK Brand seeds;

    c) Garst; and

    d) Golden Harvest.

10. Syngenta's financial performance, including but not limited information contained in or supporting your actual or projected financial statements, profit and loss statements, balance sheets, general ledgers, budgets, operating statements and federal, state, and local tax filings.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on June 9, 2006, the attached document was hand delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on June 9, 2006, I have Electronically Mailed the foregoing document(s) to the following non-registered participants:

Richard F. Schwed
Thomas A. McGrath III
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

/s/ *Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

700765