# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MONSANTO COMPANY, *et al*,  )
)
)
    Plaintiffs,  )   C.A. No. 04-305-SLR
)   (Consolidated)
    v.  )
)   **PUBLIC VERSION**
SYNGENTA SEEDS, INC., *et al*,  )
)
    Defendants.  )
)

## MONSANTO'S SECOND SUPPLEMENTAL STATEMENT OF RELEVANT FACTS IN SUPPORT OF ITS OPPOSITION TO SYNGENTA AG'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

OF COUNSEL:

Peter E. Moll
Scott Flick
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Telephone (202) 942-5000

Dated: June 5, 2006
Public Version Dated: June 12, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Attorneys for Monsanto Company and
Monsanto Technology LLC

Since Monsanto's last supplemental filing,[1] an overwhelming discovery record has been developed that establishes beyond question that Syngenta AG (which includes Syngenta Participations AG and various other Swiss entities) has been actively involved in and exercises ultimate control over Syngenta's efforts to acquire, market and sell a glyphosate tolerant corn trait:



- Initiated patent litigation against Monsanto in Delaware as part of Syngenta's competitive strategy to thwart Monsanto's commercial success in the marketplace; and

_____

[1]   Monsanto submitted its Motion for Leave to File a Supplemental Statement of Relevant Facts in Support of Its Opposition to Syngenta AG's Motion to Dismiss for Lack of Personal Jurisdiction on March 21, 2006 (D.I. 310). The Supplemental Statement was attached to D.I. 310 as Exhibit A.

This record also confirms that certain of these acts took place or were expressly directed towards this District. This same discovery record raises even more serious questions about the accuracy of Syngenta's prior representations made to this Court in opposing jurisdiction over the foreign parents.

This issue is now ripe for resolution. Discovery in this case is currently scheduled to close on June 23rd.



Accordingly, Monsanto respectfully requests that this Court resolve the issue of Syngenta AG's status as a party to this case.

## STATEMENT OF SUPPLEMENTAL FACTS

### A.    Syngenta AG's Strategy and Approval of the Misappropriation of GA21

***Approval of the Overall Strategy to Misappropriate GA21.*** In recent weeks, witness after witness has confirmed that

From 2003 to 2005, for example, John Sorenson (who was the Head of Syngenta's Corn Business in the United States – then the top executive within all of the Syngenta domestic subsidiaries) confirmed that

2



Q.

A.

Other senior executives have similarly confirmed

For example, Thomas Klevorn, Head of NK
Seeds and former member of Syngenta AG's Corn Business Team, confirmed

Q.

A.

Q.

A.

---

2

David Witherspoon, the President of Garst, now a wholly-owned subsidiary of Syngenta AG, testified:



***Acquisition of Bayer's GA21 Rights.***



- Syngenta AG was also instrumental in the communications surrounding the public announcement of the agreement, ████████████████ ████████████████████████████████████



This evidence further demonstrates the Basel-driven strategy to misappropriate Monsanto's technology. *See also* Monsanto's Answering Br. in Opp. to Syngenta AG and Syngenta Participations AG's Motion to Dismiss Monsanto's Counterclaims, at 9-11 and Ex. 1 (D.1.184)





***Acquisition of Garst and Golden Harvest.*** With the restrictions of the Bayer

AG's Amendment Agreement to the Agreement for Scientific Evaluation of Transgenic

Materials, Syngenta AG had a significant problem: it had no GA21 material from which

it could produce inbreds or hybrids for sale in the United States and needed to obtain

access to GA21 material from other sources.



With respect to the acquisition of Garst and Golden Harvest, Mr. Resler testified





Dr. Sorenson confirmed that

Q.

A.

* * *

Q.

A.

**B.**     **Additional Testimony Confirms Syngenta AG's Contacts in Delaware Warrant the Exercise of Jurisdiction Over the Foreign Parents**

█████████████ *Meeting in Wilmington, Delaware.*  In Syngenta's Answering Brief in Opposition to Monsanto's Motion for Leave to Supplement the Record, Syngenta argued that the testimony of ██████████ failed to establish that the meeting described in the ███████████ presentation ever occurred in Delaware and regardless of whether it occurred, it was irrelevant to the jurisdictional issue.  (D.I.314. at 3-6).  Several additional Syngenta witnesses have now testified extensively regarding ████████████ These witnesses confirmed that the ██████████████ They also confirm that ████████████

For example, Gary Powell, former member of Syngenta AG's ██████ confirmed that ████████████████████████████████████████████████ He further confirmed that the ████████████████████████

Similarly, Jack Bernens, Business Unit Head for Agrisure Traits, testified that he was ████████████████████████████████████████████████████████████

A. ████████████████████████

Q. ██████████████████████████

A. █████████████████████

Q. █████████

A. ████████████████████

\* \* \*

Q. ████████████

A. ████████████████████████████
████

████████████

At the *Delaware* meeting, the ████████████████████████
████████████

- ████████████████████████████████

- ████████████████████████████████████

- ██████████████████████████████

- ████████████████████████

- ████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

***Delaware Litigation as Part of Competitive Strategy.*** In March of 2004, Dr.
Sorenson



Q.

              * * *

A.

Q.

              * * *

Q.

A.

Discussions regarding this competitive strategy of filing an antitrust lawsuit in
***Delaware*** were subsequently discussed

11



Ultimately, the Delaware antitrust action was authorized by the

Q.

A.

Q.

A.

Q.

A.

Q.

A.

### C. Additional Testimony Relating to the Degree of Control and Domination of Syngenta AG Over Its U.S. Subsidiaries

In addition to the evidence summarized above, it is now apparent from the discovery record that Syngenta AG





As head of Syngenta's U.S. corn and soybean business, Dr. Sorenson reported directly to

fact, Dr. Sorenson spoke to

Dr. Sorenson provided the

The role of the SEC, however,

Dr. Sorenson

Q.

A.

\* \* \*

Q. ████████████████████

A. ██

Q. ████

A. ████████████████████
   ████

Q. ████████████████████
   █████

A. ██

Q. ████████████████████
   ██

* * *

A. ████████████


Various witness have confirmed that



Q. ████████████████████████

A. ██

\* \* \*

Q. ████████████████████

A. ██

\* \* \*

A. ██████████████████████

\* \* \*

Q. ████████████████

A. █████████████████

Q. ████████

A.



### 2.  Presentations to Syngenta AG's Executive Committee

Dr. Sorenson testified at length about several key  The following are just a few examples of







- 

Other U.S. executives testified that they have
For example, Tom Klevorn, Head of NK Brands,
testified that

Similarly, Jeffrey
Stein, Director of Regulatory Affairs for North America, testified that he

### 3.    Key Leadership Teams

Syngenta witnesses also confirm that key leadership teams with responsibilities
for corn seed strategy in the United States are



Tom Klevorn, Head of NK Brand Seeds, testified that the

Q.

A.

Q.

A.

Q.

A.

According to Mr. Klevorn, the

Mr. Witherspoon testified that after

Dr.

Sorenson reaffirmed that

Dr. Sorenson testified that he was a member of the



This council reviewed and approved

Finally, Syngenta witness testimony confirms that the

### 4. Employees Are Regularly Transferred between Corporate Headquarters in Basel, Switzerland and Its U.S. Subsidiaries



Syngenta operates as one global entity controlled by its Swiss parent

19



Indeed, the fact that Syngenta's employees

## CONCLUSION

Monsanto respectfully requests that the Court consider the foregoing evidence and testimony in deciding Syngenta AG's motion to dismiss for lack of personal jurisdiction.

Respectfully Submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Peter E. Moll
Scott Flick
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC  20004
Telephone (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Telephone (202) 942-5000

By:   _/s/ David E. Moore_____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Telephone (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

Attorneys for Monsanto Company and
Monsanto Technology LLC

Dated:  June 5, 2006
Public Version Dated:  June 12, 2006
736148