IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-305-SLR (Consol.) |
| | ) | |
| SYNGENTA SEEDS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF DEPOSITION

TO:    John J. Rosenthal, Esq.
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) and 45 of the Federal Rules of Civil Procedure, Syngenta Seeds, Inc., Syngenta Corporation, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, and Golden Harvest Seeds, Inc. (collectively "Syngenta"), by and through their undersigned counsel, will take the deposition of the corporate designee(s) of AgReliant Genetics most knowledgeable about the matters set forth in Attachment A on June 23, 2006, and will begin at Two Market Square Center, 251 E. Ohio Street, Suite 940, Indianapolis, IN 46204, or an alternate location and time to be negotiated by the parties.

The deposition will be taken upon oral examination using video tape, audio tape, and/or stenographic means, before a Notary Public or other officer authorized by law to administer oaths. The deposition will be taken for purposes of discovery, for use as evidence in this matter, and for such purposes as permitted by the Federal Rules of Civil Procedure. The deposition shall continue from day to day, until completed or adjourned by agreement of counsel.

You are invited to attend and cross-examine.

Respectfully,

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Syngenta Seeds, Inc., Syngenta
Corporation, Syngenta Biotechnology, Inc.,
Advanta USA, Inc., Garst Seed Company,
and Golden Harvest Seeds, Inc.*

Of Counsel:

SHEARMAN & STERLING LLP
Richard F. Schwed
Stephen Fishbein
599 Lexington Avenue
New York, NY  10022-6069
(212) 848-4000

Heather Lamberg Kafele
801 Pennsylvania Avenue
Washington, DC  20004.
(202) 508-8000

DATED:  June 15, 2006

**ATTACHMENT A**

**Areas of Testimony**

1.    Notes of meeting with Syngenta on February 17, 2005.

2.    Summary document of trait seed volumes and associate seed service fees during the

period 2002 to 2005.

# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069

WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

sfishbein@shearman.com                                        June 15, 2006
(212) 848-4424

**VIA E-MAIL AND U.S. MAIL**

Emily S. Pierce, Esq.
Debevoise & Plimpton LLP
555 13th Street, N.W.
Washington, D.C. 2004

Syngenta Seeds, Inc. v. Monsanto Co. et al., Case No. 04-CV-00908 (SLR)

Dear Emily:

This is to follow up on our discussion following Mr. Newman's deposition concerning document number AGR 5925 entitled "Notes of Meeting with Syngenta on Feb 17, 2005." As you will recall, Mr. Newman was not familiar with the document.

We would like to establish that this document is a business record of AgReliant. Rather than calling Mr. Journel or another AgReliant witness to lay that foundation, we are willing to use the procedure contemplated by Fed. R. Evid. 803(6) which permits a business record foundation to be made through an affidavit from the custodian of the document.

Please let me know as soon as possible if you are agreeable to this procedure. Since we have just over a week left before the close of discovery, we unfortunately require a response from you promptly if we are to avoid calling an additional AgReliant witness. Please let me know your thoughts at your earliest convenience. In the meantime, and only to preserve our rights in the

ABU DHABI | BEIJING | BRUSSELS | DÜSSELDORF | FRANKFURT | HONG KONG | LONDON | MANNHEIM | MENLO PARK
MUNICH | NEW YORK | PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

NYDOCS04/457739.1

Emily S. Pierce, Esq.                                                     June 15, 2006
Page 2

event we are unable to agree to the 803(6) procedure, we enclose herewith a deposition subpoena
for testimony regarding this document (as well as the summary document we also discussed).

Very truly yours,

Stephen Fishbein

cc:   John Bogart

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Southern | | Indiana |
|---|---|---|
| | DISTRICT OF | |

Syngenta Seeds, Inc.

V.

Monsanto Company and Monsanto Technology LLC

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-908-SLR

TO:  AgReliant Genetics
c/o Emily Pierce, Esq., Debevoise & Plimpton LLP
555 13th Street N.W., Washington, D.C. 20004

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Two Market Sq. Ctr., 251 E. Ohio St., Ste. 940, Indianapolis, IN 46204; to be recorded by video tape, audio tape, and/or stenographic means | DATE AND TIME  6/23/2006 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Stephen Fishbein* | 6/15/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Stephen Fishbein, Esq.
Shearman & Sterling, LLP, 599 Lexington Avenue, New York, NY 10022-6069  (212)-848-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance.

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## CERTIFICATE OF SERVICE

I, Karen E. Keller hereby certify that on June 15, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard L. Horwitz, Esquire
>Potter Anderson & Corroon LLP
>Hercules Plaza
>1313 North Market Street
>Wilmington, DE 19899-0951

I further certify that on June 15, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

>John J. Rosenthal, Esquire
>Howrey Simon Arnold & White, LLP
>1299 Pennsylvania Ave., N.W.
>Washington, D.C. 20004

>Susan Knoll, Esquire
>Howrey Simon Arnold & White, LLP
>1111 Louisiana, 25th Floor
>Houston, TX 77002-5242

>Kenneth A. Letzler, Esquire
>Arnold & Porter LLP
>555 12th Street, N.W.
>Washington, D.C. 20004

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*Karen E. Keller*
>
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>kkeller@ycst.com
>
>Attorneys for Defendants