THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY, *et al*, | ) |
| | ) |
| Plaintiffs, | ) C.A. No. 04-305-SLR |
| | ) (Consolidated) |
| v. | ) |
| | ) |
| SYNGENTA SEEDS, INC., *et al*, | ) **PUBLIC VERSION** |
| | ) |
| Defendants. | ) |

**MONSANTO'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE
TO FILE A SECOND SUPPLEMENTAL STATEMENT OF RELEVANT FACTS
IN SUPPORT OF MONSANTO'S OPPOSITION TO SYNGENTA AG'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Telephone (202) 942-5000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Attorneys for Monsanto Company and
Monsanto Technology LLC

Dated: June 22, 2006
Public Version Dated: July 6, 2006

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ............................................................................................................... 2

    I.    The Acts of Syngenta AG's Agents Are Directly Relevant To the Personal Jurisdiction Inquiry Under Delaware's Long-Arm Statute ............ 2

    II.    the recent deposition of a member of syngenta ag's executive committee confirmed the degree of control and involvement in the tortious conduct that is the subject of the counterclaims ............................ 4

    III.    syngenta ag's project cornucopia meeting and initiation of patent litigation are further evidence of syngenta ag's Contacts with delaware to Warrant the Exercise of personal Jurisdiction ........................ 5

        A.    Monsanto's Second Supplemental Statement of Facts Provides the Court with Additional Evidence of Syngenta AG's Contacts with Delaware ................................................................ 5

        B.    Project Cornucopia is Part of an Ongoing Strategy to Misappropriate GA21 ................................................................................ 7

        C.    Syngenta AG's Authorization of the Filing of this Antitrust Lawsuit in Delaware was Part of its Strategy to Misappropriate GA21 ................................................................................ 8

CONCLUSION .......................................................................................................... 9

i

# TABLE OF AUTHORITIES

## CASES

*A.V. Imports, Inc. v. Col de Fratta, S.p.A.*, 171 F. Supp. 2d 369
   (D.N.J. 2001) ............................................................................................................ 6

*America Bio Medica Corp. v. Peninsula Drug Analysis Co, Inc.*,
   C. A. No. 99-218 SLR, 1999 U.S. Dist. LEXIS 12455
   (D. Del. Aug. 3, 1999) ............................................................................................. 6

*Boone v. Oy Partek AB*,
   724 A.2d 1150 (Del. Super. 1997) ........................................................................... 6

*Electro Medical Equip. Ltd. v. Hamilton Medical AG*,
   No. 99-579, 1999 U.S. Dist. LEXIS 18483 (E.D. Pa. Nov. 15, 1999) ..................... 6

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*,
   863 F. Supp. 186 (D. Del. 1993) .............................................................................. 3

Monsanto has filed two motions to supplement the record on Syngenta AG's motion to dismiss for lack of jurisdiction for a narrow purpose - presenting the Court with *new evidence* that had recently come to light in discovery. Syngenta has responded to each motion by rehashing legal arguments that the parties have already briefed. Syngenta seeks to exploit the limited purpose of the motion by arguing that Monsanto "does not contest" its legal arguments. That is not accurate. Syngenta also inaccurately asserts that there are no other facts supporting personal jurisdiction other than the *new evidence* outlined in the *supplemental* statements. This assertion ignores the facts set forth in the initial briefing. Rather than reargue points of law and repeat the prior briefs, Monsanto submits this reply for the limited purpose of addressing certain inaccuracies and material omissions in Syngenta's opposition brief.

## PRELIMINARY STATEMENT

In its motion and supplemental statement of facts, Monsanto established the following points:





Syngenta has not tried to refute these points in any meaningful way, nor has it offered any response to most of the Syngenta witness testimony cited in the supplemental statement. Instead, Syngenta seeks to reargue points of law of personal jurisdiction, ignoring that Monsanto's supplemental submissions were designed to provide the Court additional facts to aid in the resolution of the motion, not to reargue the points of law in the initial briefs.

By focusing on the law, Syngenta attempts to avoid the dispositive admissions of its executives who have repeatedly testified that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ This evidence is directly relevant to Syngenta's pending motion to dismiss for lack of jurisdiction and was not available at the time of the initial briefing. Accordingly, Monsanto asks that its motion for leave to supplement the record be granted so that the Court may have all the evidence before it in ruling on Syngenta's motion to dismiss for lack of jurisdiction.

## ARGUMENT

I.  **THE ACTS OF SYNGENTA AG'S AGENTS ARE DIRECTLY RELEVANT TO THE PERSONAL JURISDICTION INQUIRY UNDER DELAWARE'S LONG-ARM STATUTE**

Because Syngenta cannot contest the clear record of Syngenta AG's control over its U.S. subsidiaries, Syngenta instead opts to misstate established caselaw. Indeed, Syngenta now admits that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

[REDACTED]

Contrary to Syngenta's argument, however, an agency relationship sufficient to establish jurisdiction exists when the corporate affiliates have "close business ties." *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 863 F. Supp. 186, 189 (D. Del. 1993). *See also* Monsanto's Answering Brief in Opposition to Syngenta AG and Syngenta Participations AG's Motion to Dismiss Monsanto's Counterclaim for Lack of Personal Jurisdiction ("Monsanto Opp."; D.I. 144) at 3 (citing cases).

In making this determination of personal jurisdiction, the Court considers many factors, including the extent of overlap of officers and directors, methods of financing, the division of responsibility for day-to-day management, and the process by which each corporation obtains its business. *Wesley-Jessen*, 863 F. Supp. at 188-89. No one factor is dispositive.[1] *Id.* Here, there is no question that Syngenta AG is actively involved in all aspects of its U.S. corn business to establish jurisdiction under an agency theory. [REDACTED] (*See* Monsanto Second

---

[1] Syngenta cites a series of cases in support of its argument that "day-to-day control" over business operations must be established for jurisdiction over a foreign parent. (Syn. Opp. at 10). The cases cited by Syngenta, however, deal with courts' denying jurisdiction where the parent was only responsible for the approval of budgets or large expenditures. Monsanto does not rely on any one act by Syngenta AG to establish jurisdiction. Indeed, [REDACTED]

3

Supplemental Statement of Relevant Facts, Ex. A to Monsanto's Motion for Leave to Supplement the Record Relating to Syngenta AG's Motion to Dismiss for Lack of Personal Jurisdiction ("Mon. Second Supp."), D.I. 407, at 17-19; Monsanto Opp. at 20.)

II. ███████████████

Since the submission of Syngenta's Opposition Brief, Monsanto had the opportunity to depose Dr. David Lawrence, a member of Syngenta AG's Executive Committee.[2] ███████████████



---

[2] After initially refusing to produce Dr. Lawrence, Syngenta finally agreed to make Dr. Lawrence available for deposition on Saturday, June 17, 2006. Monsanto believes that Syngenta intends to call Dr. Lawrence as a witness at trial and therefore agreed to his deposition.

4



III.

### A. Monsanto's Second Supplemental Statement of Facts Provides the Court with Additional Evidence of Syngenta AG's Contacts with Delaware

As set forth in Monsanto's response to Syngenta's motion to dismiss its counterclaims and first supplemental statement of facts, numerous transactional events related to the Monsanto's Counterclaims exist that are sufficient to establish personal jurisdiction over Syngenta AG.[3] (*See* Mon. Opp. at 20-21: Monsanto First Statement of Relevant Facts, Ex. A to Monsanto's Motion for Leave to File a Supplemental Statement of Relevant Facts in Support of Its Opposition to Syngenta AG's Motion to Dismiss for

---

[3] Monsanto's Counterclaims allege that counter-defendants misappropriated Monsanto's GA21 event and are improperly selling Monsanto's event as their own in Delaware in violation of the Lanham Act and the Delaware Deceptive Trade Practices Act. *See* Mon. Opp. at 1.

5

Lack of Personal Jurisdiction ("Mon. First Supp."; D.I.310, at 1-2, 6, 8-14.). For example, 

-  *See A.V. Imports, Inc. v. Col de Fratta, S.p.A.*, 171 F. Supp. 2d 369 (D.N.J. 2001) (applying a stream of commerce theory to find personal jurisdiction over defendant sued for trade dress infringement, unfair trade practices, and unjust enrichment); *Electro Med. Equip. Ltd. v. Hamilton Med. AG*, No. 99-579, 1999 U.S. Dist. LEXIS 18483 (E.D. Pa Nov. 15, 1999) (defendant subject to jurisdiction based upon the stream of commerce theory in trademark infringement, unfair competition and false destination of origin under the Lanham Act based upon the marketing and sale of a medical device in the United States through its wholly-owned subsidiary).

- *See Am. Bio Medica Corp. v. Peninsula Drug Analysis Co, Inc.*, CA No. 99-218 SLR, 1999 U.S. Dist. LEXIS 12455 (D. Del. Aug. 3, 1999) (holding that advertising combined with other contacts gives rise to specific jurisdiction under Delaware's long-arm statute); *Boone v. Oy Partek AB*, 724 A.2d 1150, 1156-57 (Del. Super. 1997) (finding jurisdiction exists under long-arm statute where defendant targeted the country as a whole for the distribution of its product, which includes Delaware).

*See also* Mon. Opp. at 21-22. Thus, in asserting that there are no other facts supporting personal jurisdiction other than the *new evidence* outlined in Monsanto's supplemental statement, Syngenta ignores the record facts set forth in the initial briefing.

**B.** 

With respect to the additional evidence contained in Monsanto's supplemental statement of facts, Syngenta misstates the plain facts surrounding 

(*See* Syngenta Opp. at 3-4.) However, as Syngenta's own documents make clear,

(*See id.*).

Syngenta also disregards the evidence and its own documents in arguing that (Syn. Opp. at 6).

[4]

---

[4] In his deposition, Dr. Lawrence,

7

**C.** 

Syngenta also attempts to downplay the importance of

. As set forth in Monsanto's supplemental statement of facts (D.I.407),

8

## CONCLUSION

Monsanto respectfully requests that the Court grant its motion for leave to file a supplemental statement of relevant facts.

Respectfully Submitted,

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Peter E. Moll<br>John J. Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>Telephone (202) 783-0800 | By: /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Telephone (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Kenneth A. Letzler<br>Jonathan I. Gleklen<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, D.C. 20004<br>Telephone (202) 942-5000 | Attorneys for Monsanto Company and Monsanto Technology LLC |

Dated: June 22, 2006
Public Version Dated: July 6, 2006

739869

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on July 6, 2006, the attached document was hand delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on July 6, 2006, I have Electronically Mailed the foregoing document(s) to the following non-registered participants:

Richard F. Schwed
Thomas A. McGrath III
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

Michael J. Flibbert
Don O. Burley
Howard W. Levine
Finnegan, Henderson, Farabow,
   Garrett & Dunner, L.L.P.
901 New York Ave., NW
Washington, DC 20001-4413
michael.flibbert@finnegan.com
don.burley@finnegan.com
howard.levine@finnegan.com

/s/ *David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

700765