# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY, *et al*, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 04-305-SLR |
| | ) | (Consolidated) |
| v. | ) | |
| | ) | |
| SYNGENTA SEEDS, INC., *et al*, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MONSANTO'S MEMORANDUM IN OPPOSITION
## TO SYNGENTA'S MOTION FOR SANCTIONS

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Peter E. Moll
Scott Flick
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Telephone (202) 942-5000

Dated: June 23, 2006
Public Version Dated: July 7, 2006

*Attorneys for Monsanto Company and*
*Monsanto Technology LLC*

# **TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS ...................................................................1

SUMMARY OF ARGUMENT ...................................................................................1

STATEMENT OF FACTS .....................................................................................4

ARGUMENT ...............................................................................................8

I.     HOWREY'S MEETING WITH MR. AIDUN DID NOT VIOLATE THE
       RULES OF PROFESSIONAL CONDUCT............................................................8

II.    UNLIKE SYNGENTA'S ATTEMPT TO INTERVIEW KLEVORN
       ABOUT CONFIDENTIAL INFORMATION IN VIOLATION OF HIS
       CONFIDENTIALITY AGREEMENT WITH MONSANTO, AIDUN'S
       INTERVIEW DID NOT SEEK CONFIDENTIAL INFORMATION AND
       WAS COMPLETELY OPEN TO THE ADVERSE PARTY ...............................10

III.   THE ORDER THAT SYNGENTA SEEKS IS IMPROPER AND
       WOULD SUPPRESS TRUTHFUL TESTIMONY UNFAVORABLE TO
       SYNGENTA'S CASE ......................................................................11

CONCLUSION.............................................................................................14

# TABLE OF AUTHORITIES

## CASES

*Buchholz v. Lockheed Martin Corp.,*
No. CIV A 97-2923, 1998 WL 473944
(E.D. La. Aug. 7, 1998, Berrigan, J.) ..................................................................... 12

*Conley v. Chaffinch,*
CA. No. 04-1394-GMS, 2006 WL 1329951 (D. Del May 17, 2006) ........................... 8

*DiOssi v. Edison,*
583 A.2d 1343 (Del. Super. Ct. 1990) ..................................................................... 9

*Monsanto Company v. Aetna Casualty & Surety Company,*
593 A.2d 1013 (Del. Super. Ct. 1990) ..................................................................... 9

*Monsanto v. Syngenta,*
C. A. No. 04-305-SLR (D. Del. Apr. 20, 2006) .................................................. 8, 10

*Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.,*
86 F.3d 467 (5th Cir. 1996) ............................................................................ 11, 12

*Siguel v. Trustees of Tufts College,*
No. 88-0626-Y, 1990 U.S. Dist. LEXIS 2775
(D. Mass. Mar. 12, 1990) ....................................................................................... 9

## STATUTES

ABA Model Rules of Professional Conduct ("Model Rules"), Rule 4.2
(2002) ....................................................................................................... 8, 9, 10, 13

## NATURE AND STAGE OF PROCEEDINGS

Syngenta filed a Motion for Sanctions on June 9, 2006. This is Monsanto's Memorandum in Opposition to Syngenta's Motion for Sanctions.

## SUMMARY OF ARGUMENT

Syngenta's Motion for Sanctions should be denied in its entirety and, pursuant to Fed. R. Civ. P. 12(f), should be stricken from the record as containing "impertinent, or scandalous material."

In bringing its motion, Syngenta ignores the following:

1.      Rule of Professional Conduct 4.2 does not prohibit contact with former employees (who are neither officers, directors, nor managing agents). Since former employees are not "parties" to the litigation, there is no bar on contact or communication with former employees.







8. 

9.     At no time prior to the commencement of Mr. Aidun's deposition did Shearman & Sterling ever advise Howrey that it was representing Mr. Aidun.



Mr. Bogart followed the Model Rules of Professional Conduct to the letter. Had Syngenta paused to ascertain the facts before rushing to file its motion, it would have confirmed this.

Syngenta's argument that Mr. Bogart's meeting with Mr. Aidun is inconsistent with this Court's ruling prior to the deposition of Thomas Klevorn (a former Monsanto employee) is without merit.



Finally, given the nature of the relief requested by Syngenta (striking Mr. Aidun's testimony without showing it was untruthful or had been tainted in any way), another

apparent motive for Syngenta's motion is to attempt to suppress the testimony of Mr.
Aidun, testimony that supports Monsanto's defenses and counterclaims. There is
absolutely no indication that Mr. Aidun's testimony was not truthful or that it was
somehow tainted by his meeting with Mr. Bogart.

**STATEMENT OF FACTS**









## ARGUMENT

### I.    HOWREY'S MEETING WITH MR. AIDUN DID NOT VIOLATE THE RULES OF PROFESSIONAL CONDUCT

Rule 4.2 of the Model Rules of Professional Conduct states that:

> "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

ABA Model Rules of Professional Conduct ("Model Rules"), Rule 4.2 (2002).[4] Rule 4.2 does not apply *unless* the lawyer engaged in an *ex parte* communication (1) about the subject of representation; (2) with a person the lawyer knows to be represented by another lawyer in the matter; and (3) without the consent of that person's counsel or the court.

Mr. Bogart's meeting with Mr. Aidun did not violate this rule.



Conspicuously absent from the supporting ███████████████████████████████ is any assertion that anyone from Shearman & Sterling even discussed with Mr. Aidun whether he wanted their firm to represent him or that he agreed to have Shearman & Sterling

---

[4] This court follows the Model Rules. *Conley v. Chaffinch*, CA. No. 04-1394-GMS, 2006 WL 1329951, at *4 (D. Del. May 17, 2006) (noting that under "Local Rule 83.6(d)(2), the District of Delaware has adopted the Model Rules of Professional Conduct.

[5] Mr. Aidun is not a party to this case, nor is or was he an officer, director, or managing agent of a party. Therefore any representation must be his individual decision, not his former employer's.

represent him. 

Rule 4.2 does not prohibit contact with ex-employees of the party opponent. Former employees are not "parties to the litigation and cannot bind their former employers." *See DiOssi v. Edison,* 583 A.2d 1343, 1345 (Del. Super. Ct. 1990) (Rule 4.2 "does not prohibit ex parte communications with former employees"); *Siguel v. Trustees of Tufts College,* No. 88-0626-Y, 1990 U.S. Dist. LEXIS 2775, at *12 (D. Mass. Mar. 12, 1990) (ex parte contact with former officers of defendant did not violate DR 7-104(A)(1)). A lawyer may communicate with an ex-employee without the consent of the party opponent, but must at the outset disclose her identity and that she represents a party adverse to the former employer in litigation. *Monsanto Company v. Aetna Casualty & Surety Company,* 593 A.2d 1013 (Del. Super. Ct. 1990).

This view is strengthened by ABA Formal Ethics Opinion 91-359 (1991) which states that communications with a former employee of the party opponent do not violate Model Rule 4.2. *Id* at 1001:104. In such circumstances, the lawyer must "punctiliously comply with the requirements of Rule 4.3, which addresses a lawyer's dealings with unrepresented persons... [requiring the lawyer to] make clear the nature of the lawyer's role in the matter ... including the identity of the lawyer's client and the fact that the witness's former employer is an adverse party." *Id* 1001:104-105. The Rules of Professional Conduct are intended "to provide guidance to lawyers and provide a structure for regulating conduct through disciplinary agencies." *Id.* In general, the

---

[6] Syngenta attempts to make much of the fact that counsel arranged the deposition. But that is hardly an indication of representation. There is nothing out of the ordinary about party counsel arranging depositions of third parties willing to appear without service of a subpoena.

business of the court is to dispose of litigation and not to oversee the ethics of those that practice before it unless the behavior taints the trial. *Id.*



. The communication that took place in this case did not violate the Model Rules, and there is absolutely no evidence that Mr. Aidun's deposition testimony was tainted in any way.

## II. UNLIKE SYNGENTA'S ATTEMPT TO INTERVIEW KLEVORN ABOUT CONFIDENTIAL INFORMATION IN VIOLATION OF HIS CONFIDENTIALITY AGREEMENT WITH MONSANTO, AIDUN'S INTERVIEW DID NOT SEEK CONFIDENTIAL INFORMATION AND WAS COMPLETELY OPEN TO THE ADVERSE PARTY

Shearman & Sterling's attempt to abrogate Mr. Klevorn's agreement with Monsanto is in no way comparable to Howrey's interview with Mr. Aidun.



10



Second, the discussions between Shearman & Sterling and Mr. Klevorn would have been cloaked by the attorney client privilege.  Monsanto would have had no means at all to test whether confidential information had been disclosed, or indeed, to learn anything at all about the substance of the meeting between Mr. Klevorn and Shearman & Sterling.  Again, in stark contrast, Mr. Aidun's meeting with Mr. Bogart was not privileged. ███████████████████████████████████████████████████. Syngenta was able to inquire into the substance without any limitation, and no effort was ever made to limit Syngenta's knowledge of or about that meeting. ██████████

███████████████████████████████████████████

## III.    THE ORDER THAT SYNGENTA SEEKS IS IMPROPER AND WOULD SUPPRESS TRUTHFUL TESTIMONY UNFAVORABLE TO SYNGENTA'S CASE.

Even if one were to posit the existence of an ethical violation (where none in fact exists), the relief Syngenta seeks is improper and overreaching.  Sanctions must be narrowly tailored to the situation, and the sanction chosen must employ "the least possible power adequate to the end proposed."  *See e.g., Natural Gas Pipeline Co. of Am*

*v. Energy Gathering, Inc.*, 86 F.3d. 467 (5th Cir. 1996). "If there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first." *Id.*

Here,



There is no indication that Mr. Aidun's testimony was not truthful or that it was in any way tainted by his meeting with Mr. Bogart. The meeting with Howrey no more "tainted" Mr. Aidun's deposition testimony than did his meeting with Shearman & Sterling, ███████████████.[7] Any order precluding Monsanto from using Mr. Aidun's deposition testimony would be inequitable because such an order would not be necessarily tailored to the supposed wrong. *Buchholz v. Lockheed Martin Corp.*, No. CIV A 97-2923, 1998 WL 473944 (E.D. La. Aug. 7, 1998, Berrigan, J.) (Finding evidence from *ex parte* contacts admissible because similar evidence was produced in discovery.)

Syngenta is apparently requesting this draconian relief because it did not like Mr. Aidun's testimony. Mr. Aidun testified that, among other things:



---
[7] ████████████████████████████████



As the foregoing shows



. Syngenta wants to suppress Mr. Aidun's testimony to hide the truth. Mr. Bogart's meeting with Mr. Aidun did not violate Rule 4.2. More to the point, there is no argument or evidence suggesting that Mr. Aidun's testimony was tainted, or that it is in any sense unreliable, dishonest, or otherwise untruthful. There is simply no legitimate reason for excluding Mr. Aidun's testimony. Syngenta is relying on the fact that Mr. Aidun

---

8

13

## CONCLUSION

For the foregoing reasons, Syngenta's motion for sanctions should be denied in its entirety and, pursuant to Rule 12(f), should be stricken on the grounds that it contains "scandalous and impertinent material."

Respectfully submitted,

OF COUNSEL:

Peter E. Moll
Scott Flick
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC  20004
Telephone (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Telephone (202) 942-5000

Dated:  June 23, 2006
Public Version Dated:  July 7, 2006

739986

POTTER ANDERSON & CORROON LLP

By:   */s/ David E. Moore*
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE  19801
        Telephone (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

*Attorneys for Monsanto Company and
Monsanto Technology LLC*

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 7, 2006, the attached

document was hand delivered on the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on July 7, 2006, I have Electronically Mailed the

foregoing document(s) to the following non-registered participants:

Richard F. Schwed
Thomas A. McGrath III
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

                                        /s/ David E. Moore
                                        Richard L. Horwitz
                                        David E. Moore
                                        Potter Anderson & Corroon LLP
                                        Hercules Plaza – Sixth Floor
                                        1313 North Market Street
                                        Wilmington, DE 19801
                                        (302) 984-6000
                                        rhorwitz@potteranderson.com
                                        dmoore@potteranderson.com

700765