## E-Mail Request for Emergency Relief

1. Case Number: [04]-cv-[305]-SLR

2. Check the box that applies:

   [✔] Requesting a teleconference with the parties and the court
   [ ] Requesting an in-person conference with the parties and the court
   [ ] Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

   Monsanto's understanding of the Scheduling Order is that affirmative experts would be deposed prior to the rebuttal expert report deadline of 08/21/06. Monsanto timely served Dr. Gilbert, Syngenta's economic expert, with a deposition subpoena for 08/15-16/2006. Syngenta advised that it will produce Dr. Gilbert on 09/14, after the expiration of the rebuttal deadline. Syngenta contends that neither it nor Gilbert have any obligation to seek relief from the validly issued subpoena. Monsanto requests: (i) an order for Dr. Gilbert to appear no later than 08/17/2006; or (ii) an extension of the rebuttal report deadline until a week after Syngenta produces Dr. Gilbert for his deposition. Either alternative will allow rebuttal experts a brief period of time to consider Dr. Gilbert's deposition prior to the submission of their rebuttal reports. Both alternatives were offered to Syngenta and summarily rejected.

   *Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Heather Lamberg-Kafele

5. Response of opposing counsel to this request:

   We disagree with your interpretation of the scheduling order... [W]e believe the appropriate time for Dr. Gilbert's deposition is after all expert reports have been served... [W]e disagree that it is our obligation to file a motion for a protective order.

6. Name of local counsel making this request: David E. Moore

7. Today's Date: August 11, 2006

*************************************************************************************

For court use only:

[ ] A teleconference will be held on _____ to be coordinated and initiated by

[ ] An in-person discovery conference will be held on:

[✔] Other: Monsanto's request is denied.

· · · · · ·· · ·· · · · · · · ··· ·· · · · · · · · ··· ·E-Mail Request for Emergency Relief

1. Case Number:          04 -cv- 305   -SLR

· .  BRIEFLY · ·· ·· ·· · · ·· ·· · · · · · · ·· ·· · ·emergency request · · · · ·· ·· · · · · · ·· ·· · · · · ·

Monsanto's request is inconsistent with standard practice that expert depositions take place after all reports are served. In the related patent case, which has an identical Scheduling Order (04-305-SLR, D.I. 111), both parties interpreted the Order to mean that expert depositions occur after rebuttal reports. Monsanto cannot change the rules because it is now the defendant. If the parties had agreed to depositions before rebuttal, the timing should have been reflected in the schedule, as was done in American Seed v. Monsanto (05-535-SLR, D.I. 48 at 6). Here, the Scheduling Order does not provide for expert depositions before rebuttal. Moreover, Dr. Gilbert cannot be deposed before rebuttal reports because he is preparing his own rebuttal to Monsanto's expert report; the schedule was not designed to disrupt such work with a deposition. Any delays in Monsanto's rebuttal will prejudice Syngenta's time to review Monsanto's report, depose it's expert, and prepare a Daubert motion, if appropriate.

*Any text added to beyond the limits of this space will be disregarded by the court.

· .  Name of · · · ·counsel · · · · ·· ·· · this res· · · · · : John W. Shaw

· .  Today?s Date: August 14, 2006

**********************************************************************************************