THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY, *et al*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) C.A. No. 04-305-SLR |
| v. | ) (Consolidated) |
| | ) |
| SYNGENTA SEEDS, INC., *et al*, | ) |
| | ) |
| Defendants. | ) |

**MONSANTO'S MOTION FOR AN ORDER DISMISSING WITH PREJUDICE
COUNT III AND THE ALLEGATIONS CONTAINED IN PARAGRAPH 133
OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") respectfully move this Court for an order of dismissal, dismissing with prejudice Count III and the allegations contained in Paragraph 133 of Plaintiff Syngenta Seeds, Inc.'s ("Syngenta") Second Amended Complaint. The grounds for this Motion are as follows:

**RELEVANT PROCEDURAL HISTORY**

On July 28, 2004, Syngenta Seeds, Inc. ("Syngenta") filed its initial complaint against Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") for alleged antitrust violations of Section 2 of the Sherman Act. *See Syngenta Seeds, Inc. v. Monsanto Co.*, 04-CV-908 (SLR), D.I. 1. Syngenta filed its First Amended Complaint on September 14, 2004. *See* D.I. 8. Syngenta then filed a Second Amended Complaint on September 9, 2005. D.I. 124. In response, Monsanto asserted certain counterclaims against Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Advanta USA, Inc., Syngenta AG, Syngenta Corporation and Syngenta Participations AG.[1] *See* D.I. 138.

---

[1] Subsequently, Monsanto added Garst Seed Co. and Golden Harvest Seeds, Inc. as counterclaim defendants.

During the course of discovery, Syngenta advised Monsanto that it was dropping the allegations contained in Paragraph 133 of its Second Amended Complaint concerning Monsanto's alleged interference with Syngenta's acquisition of Garst Seed Company ("Garst"). *See* 5/4/06 Letter from R. Schwed to P. Moll (Exhibit 1 hereto). On May 10, 2006, the Court took notice of Syngenta's dismissal of Paragraph 133 in its order denying Monsanto's request for production of additional documents related to the Syngenta/Garst deal. *See* D.I. 377 (May 10, 2006 Court Order, Syngenta's E-Mail Request for Emergency Relief filed on May 7, 2006).

On June 26, 2006, after the close of discovery and the day before the Court's hearing on Monsanto's request to file summary judgment, Syngenta also confirmed that it was dismissing Count III of the Second Amended Complaint, alleging attempted monopolization of the foundation seed market. *See* 06/26/06 Letter from S. Fishbein to J. Rosenthal (Exhibit 2 hereto). Syngenta stated that it would "file an amended pleading with this and other changes at the appropriate time." *Id*. Counsel for Monsanto informed the Court of Syngenta's dismissal of Count III at the summary judgment hearing on June 27, 2006. *See* D.I. 472 at 22-23.

After hearing nothing from Syngenta for two months, Monsanto prepared a draft "Stipulation Pertaining to Dismissal of Count III and Paragraph 133 of Plaintiffs' Second Amended Complaint," which it sent to Syngenta on August 14, 2006. *See* August 14, 2006 E-mail from J. Rosenthal to H. Kafele (Exhibit 3 hereto).

On August 17, 2006, Syngenta advised Monsanto that it would not agree to a stipulation because it believes "the appropriate procedure for withdrawing Count III and the Garst acquisition allegations is filing an amended complaint." *See* August 17, 2006 E-mail from H. Kafele to J. Rosenthal (Exhibit 4 hereto).

Monsanto has contacted counsel for Syngenta and Syngenta opposes this motion.

## ARGUMENT

### I. THE COURT HAS THE DISCRETION TO ENTER AN ORDER OF DISMISSAL WITH PREJUDICE DISMISSING COUNT III AND THE ALLEGATIONS CONTAINED IN PARAGRAPH 133 OF SYNGENTA'S SECOND AMENDED COMPLAINT

The Court should enter an order of dismissal with prejudice, dismissing Count III and the allegations contained in Paragraph 133 of Syngenta's Second Amended Complaint. Syngenta has represented that these claims and allegations are no longer at issue in this case, and Monsanto has relied on these representations, yet Syngenta has not formally dropped these allegations.

Syngenta advised Monsanto and the Court during fact discovery that it was dropping the allegations contained in Paragraph 133 of its Second Amended Complaint concerning Monsanto's alleged interference with Syngenta's acquisition of Garst. *See* 5/4/06 Letter from R. Schwed to P. Moll (Exhibit 1 hereto). Paragraph 133 states as follows:

> 133. In April 2004, after learning of Syngenta's acquisition of GA21, Monsanto renewed an early effort to acquire Advanta for the purpose of blocking Syngenta. Advanta was originally offered for sale in mid-2003. In April 2004, Monsanto obtained exclusive negotiation rights with Advanta and eventually made an increased offer. On information and belief, Monsanto knew of Syngenta's interest in Advanta and its acquisition of GA21 intellectual property rights from Bayer CropScience when it made its revised offer and hoped to block Syngenta's acquisition and access to GA21 inventory at Garst. Monsanto's unlawful interference increased the cost of Syngenta's entry through an increased purchase price and other expense.

D.I. 124 at 28-29. The Court took notice of Syngenta's dismissal in denying Monsanto's request for production of additional documents related to the Syngenta/Garst deal. *See* D.I. 377 (May 10, 2006 Court Order, Syngenta's E-Mail Request for Emergency Relief filed on May 7, 2006).

3

Three days after the close of fact discovery and one day before the parties' hearing before the Court on Monsanto's request to file summary judgment, Syngenta also advised Monsanto that it was withdrawing its claim with respect to attempted monopolization of the foundation seed market – namely, Count III of the Second Amended Complaint. *See* 06/26/06 Letter from S. Fishbein to J. Rosenthal (Exhibit 2 hereto). At the summary judgment hearing, counsel for Monsanto informed the Court of Syngenta's dismissal of Count III. *See* D.I. 472 at 22-23. Two months later, however, Syngenta has not formally dismissed this claim.

As is customary when parties agree that certain claims should be dismissed from an action, and hearing nothing from Syngenta, Monsanto prepared a joint stipulation, dismissing (1) Count III and associated allegations, and (2) the allegations contained in Paragraph 133 and any related allegation concerning Monsanto's alleged interference with Syngenta's acquisition of Garst. *See* August 14, 2006 E-mail from J. Rosenthal to H. Kafele with Draft Stipulation (Exhibit 3 hereto). Syngenta rejected Monsanto's stipulation. *See* August 17, 2006 E-mail from H. Kafele to J. Rosenthal (Exhibit 4 hereto).

In light of Syngenta's refusal to file a stipulation, the Court is within its sound discretion to order dismissal of the claims and allegations "upon such terms and conditions as the court deems proper."[2] Federal Rule of Civil Procedure 41(a)(2); *see also In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817 (3d Cir. 1982) (how a district court controls its docket is committed to its sound discretion). An order of dismissal will most efficiently dismiss Count III and the allegations contained in Paragraph 133 from this action and, unlike an amended pleading, will not cause undue prejudice to Monsanto.

---

[2] Among the terms that the Court may impose is payment of the costs and fees, including attorneys' fees, associated with litigating the action. Monsanto reserves its right to seek costs and attorneys' fees at a later date.

## II. THE FILING OF A THIRD AMENDED COMPLAINT IS NOT APPROPRIATE AT THIS LATE STAGE OF THE CASE AND WILL CAUSE UNDUE PREJUDICE TO MONSANTO

Syngenta has advised Monsanto that, rather than agree to a stipulation, it intends to file an amended complaint – the *third* in this action – presumably under Rule 15(a). *See* Exhibit 4 hereto. Permitting Syngenta to file a third amended complaint, however, is inappropriate at this late stage of the case and would cause undue prejudice to Monsanto.

Contrary to an unambiguous Court order directing that Count III and Paragraph 133, and associated allegations, be dismissed with prejudice from this action, a third amended complaint opens the door to Syngenta's repleading of its allegations and claims, thus causing prejudice to Monsanto. Syngenta has represented that it is dismissing its attempted monopolization claim and its allegations concerning Monsanto's alleged interference with Syngenta's acquisition of Garst, and should be held to those representations. A third amended complaint would allow Syngenta to reassert factual allegations related to the allegations it has now dismissed within other factual allegations or causes of action in its complaint. Syngenta should not be entitled to recast its complaint in an attempt to reassert allegations or claims that it dismissed or get around damaging admissions obtained during discovery. Indeed, this is the reason Syngenta likely chose to dismiss its attempted monopolization claim in the first place.

Moreover, this case is nearly two years old with Syngenta having twice amended its complaint. The parties have conducted and concluded fact discovery on the allegations in Syngenta's Second Amended Complaint and have exchanged initial and rebuttal expert reports. The Court has heard and is considering Monsanto's request for leave to file summary judgment, pre-trial preparation is ongoing and trial is scheduled to commence on January 8, 2007. In addition, despite advising Monsanto of its intention to withdraw Count III nearly two months ago (and its dropping of the Garst allegations over four months ago), Syngenta has delayed in moving for such amendments. Permitting

Syngenta to amend its complaint for a third time at this late stage in the proceedings would unfairly prejudice Monsanto.

Accordingly, a Court order of dismissal will more clearly accomplish that which the parties intend, and any amended complaint is inappropriate. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (court should refuse leave to amend where, *inter alia*, the amendment would result in undue prejudice to the nonmoving party or is the result of undue delay); *Site Microsurgical Systems, Inc. v. Cooper Cos., Inc.*, 797 F. Supp. 333, 336 (D. Del. 1992) (Federal Rules of Civil Procedure do not authorize amendment without restraint).

## CONCLUSION

For all of the foregoing reasons, Monsanto requests that its motion for an order of dismissal with prejudice, dismissing Count III and the allegations contained in Paragraph 133 be granted. A proposed form of Order is attached hereto for the Court's convenience.

Respectfully submitted,

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 783-0800
(202) 383-6610 facsimile
Mollp@howrey.com
Rosenthalj@howrey.com

Dated: August 23, 2006

747273

POTTER ANDERSON & CORROON, LLP

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market St.
Wilmington, DE 19801
(302) 984-6000
(302) 658-1192 facsimile
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Attorneys for MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

      I, David E. Moore, hereby certify that on August 23, 2006, the attached document was hand delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

      I hereby certify that on August 23, 2006, I have Electronically Mailed the foregoing document(s) to the following non-registered participants:

| | |
|---|---|
| Richard F. Schwed<br>Thomas A. McGrath III<br>Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, NY 10022-6069<br>rschwed@shearman.com | Heather Lamberg Kafele<br>Shearman & Sterling LLP<br>801 Pennsylvania Avenue, N.W.<br>Suite 900<br>Washington, D.C. 20004<br>hkafele@shearman.com |

                                                        */s/ David E. Moore*
                                                        Richard L. Horwitz
                                                        David E. Moore
                                                        Potter Anderson & Corroon LLP
                                                        Hercules Plaza – Sixth Floor
                                                        1313 North Market Street
                                                        Wilmington, DE 19801
                                                        (302) 984-6000
                                                        rhorwitz@potteranderson.com
                                                        dmoore@potteranderson.com

700765