IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-305-SLR (Consol.) |
| | ) | |
| SYNGENTA SEEDS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REQUEST FOR LEAVE TO AMEND AND ANSWERING BRIEF IN OPPOSITION
TO MONSANTO'S MOTION FOR AN ORDER DISMISSING WITH PREJUDICE
COUNT III AND THE ALLEGATIONS CONTAINED IN PARAGRAPH 133
OF SYNGENTA'S SECOND AMENDED COMPLAINT**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com
*Attorneys for Syngenta Seeds, Inc.*

Of Counsel:

SHEARMAN & STERLING LLP
Richard F. Schwed
Stephen Fishbein
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Heather Lamberg Kafele
Keith R. Palfin
801 Pennsylvania Avenue, N.W.
Washington D.C. 20004-2634
(202) 508-8000

Dated: September 7, 2006

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

RELEVANT FACTS .................................................................................................................2

ARGUMENT..............................................................................................................................2

    I.    MONSANTO'S MOTION IS PROCEDURALLY IMPROPER............................2

    II.    AMENDMENT UNDER RULE 15 IS THE PROPER
           METHOD FOR WITHDRAWING THE CLAIM AND
           ALLEGATIONS AT ISSUE ....................................................................................4

    III.    ALLOWING SYNGENTA TO AMEND ITS COMPLAINT
            WOULD NOT PREJUDICE MONSANTO...........................................................5

CONCLUSION...........................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. Gould Inc.*,
   739 F.2d 858 (3d Cir. 1984) ............................................................................................. 5

*Ethridge v. Harbor House Rest.*,
   861 F.2d 1389 (9th Cir. 1988) .......................................................................................... 3

*Exxon Corp. v. Maryland Cas. Co.*,
   599 F.2d 659 (5th Cir. 1979) ............................................................................................ 3

*Foman v. Davis*, 371 U.S. 178 (1962) ..................................................................................... 5

*Gobbo Farms & Orchards v. Poole Chem. Co.*,
   81 F.3d 122 (10th Cir. 1996) ............................................................................................ 3

*In re: Orthopedic Bone Screw Products Liability Litigation*,
   No. MDL 1014, 1998 WL 633680 (E.D. Pa. Aug. 14, 1998) .......................................... 4

*Klay v. United Healthgroup, Inc.*,
   376 F.3d 1092 (11th Cir. 2004) ........................................................................................ 4

*Management Investors v. United Mine Workers of America*,
   610 F.2d 384 (6th Cir. 1979) ............................................................................................ 3

*New West Urban Renewal Co. v. Viacom, Inc.*,
   230 F. Supp. 2d 568 (D.N.J. 2002) ................................................................................... 3

*Smith, Kline and French Labs. v. A. H. Robins Co.*,
   61 F.R.D. 24 (E.D. Pa. 1973) ........................................................................................... 3

**Rules**

Fed. R. Civ. P. 15(a) ............................................................................................................ 4, 5

Fed. R. Civ. P. 15(b) ............................................................................................................... 5

Fed. R. Civ. P. 41(a) ............................................................................................................... 3

**Other Authorities**

8 Moore's Federal Practice Civ. § 41.21[1] ............................................................................ 3

8 Moore's Federal Practice Civ. § 41.21[2] ............................................................................ 4

Wright & Miller, Fed. Prac. & Proc. Civ.2d § 2362 ............................................................... 4

DB01:2184069.1                                                                                                                            059155.1008

Syngenta Seeds, Inc. ("Syngenta") respectfully submits this answering brief in opposition to the motion to dismiss filed by Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") on August 23, 2006 (D.I. 486). Syngenta also respectfully requests leave to file a Third Amended Complaint, attached hereto as Syngenta Ex. 1 (redline version) and Syngenta Ex. 2 (clean version). A proposed Order is attached hereto for the Court's convenience.

## PRELIMINARY STATEMENT

Monsanto's motion to dismiss is procedurally improper and unnecessary. Syngenta has already informed Monsanto that it intends to voluntarily withdraw Count III of its Second Amended Complaint as well as the allegations made in Paragraph 133. The proper procedure for such withdrawals is the filing of an amended complaint under Federal Rule of Civil Procedure 15(a) (and not the dismissal Monsanto seeks). The only changes Syngenta would make to the complaint are the deletion of Count III, Paragraph 133, and related allegations. Monsanto's assertions that Syngenta would amend its complaint in a way that would "cause undue prejudice" to Monsanto are utterly baseless. (*See* D.I. 486 ("Mon. Br.") at 5 (arguing that Syngenta should not be permitted to amend its complaint because Syngenta would use such an amendment to "recast" or "reassert" factual allegations or claims).)

Monsanto's motion to dismiss brings to this Court a dispute that could have been – and should have been – resolved by the parties. The only reason the Court is now involved is because of Monsanto's unreasonable refusal to consent to Syngenta amending its complaint. The Court should deny Monsanto's motion to dismiss, and grant Syngenta leave to amend its complaint under Rule 15(a).

## RELEVANT FACTS

Syngenta previously informed Monsanto that it intended to withdraw the allegations made in Paragraph 133 and Count III of its Second Amended Complaint ("SAC"), and that it would file a new complaint reflecting those deletions. (*See* Monsanto Exs. 1-2.) Paragraph 133 is an allegation relating to Monsanto's attempted acquisition of Advanta. (SAC ¶ 133.) Count III is a claim for attempted monopolization of the foundation corn seed market. (SAC ¶¶ 191-99.) After Count III is withdrawn, Syngenta will still have three additional claims pending against Monsanto, two for anticompetitive conduct under Section 2 of the Sherman Act and one for false representations under the Lanham Act. (SAC ¶¶ 173-206.)

On August 14, 2006, counsel for Monsanto emailed to Syngenta's counsel a proposed stipulation regarding the withdrawal of Paragraph 133 and Count III. (Monsanto Ex. 3.) The proposed stipulation stated that "pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, plaintiff Syngenta hereby voluntarily dismisses with prejudice" Count III and Paragraph 133. (*Id.*) On August 17, 2006, counsel for Syngenta emailed a response stating that "the appropriate procedure for withdrawing Count III and [Paragraph 133] is filing an amended complaint" and asking Monsanto's counsel to "[p]lease let us know if Monsanto will consent to the filing of a third amended complaint." (Monsanto Ex. 4.) On August 23, 2006, counsel for Monsanto informed Syngenta's counsel in a telephone conversation that it would not consent to an amended complaint, and provided no rationale for this refusal. Monsanto filed the instant motion that same day.

## ARGUMENT

### I. MONSANTO'S MOTION IS PROCEDURALLY IMPROPER

Monsanto argues that the Court should order dismissal of Count III and Paragraph 133 under Federal Rule of Civil Procedure 41(a). (Mon. Br. at 4.) Similarly, the stipulation

Monsanto proposed to Syngenta would also have resulted in dismissal "pursuant to Rule 41(a)." (Monsanto Ex. 3.) Rule 41(a), however, is limited to dismissals of entire actions, not individual claims or allegations. *See* Fed. R. Civ. P. 41(a) (stating that it applies to dismissals of "an action"); 8 Moore's Federal Practice Civ. § 41.21[1] ("Rule 41(a) may not be employed to dismiss fewer than all of the claims against any particular defendant. This is because a voluntary dismissal under Rule 41(a)(1) or (2) terminates an *action*, which means the totality of all component *claims*, i.e., legal causes of action, asserted against a single defendant.") (emphasis in original).

Courts have consistently held that Rule 41 is not the proper mechanism for dismissing individual claims. *See, e.g., New West Urban Renewal Co. v. Viacom, Inc.*, 230 F. Supp. 2d 568, 571 (D.N.J. 2002) ("Rule 41(a) . . . applies to dismissals of entire actions and not to individual claims."); *Smith, Kline and French Labs. v. A. H. Robins Co.*, 61 F.R.D. 24, 29 (E.D. Pa. 1973) ("[W]hen Rule 41(a) refers to *dismissal of an 'action'*, there is no reason to suppose that the term is intended to *include the separate claims which make up an action*.") (emphasis in original); *Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996) (same); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) (same); *Management Investors v. United Mine Workers of America*, 610 F.2d 384, 394 (6th Cir. 1979) (same); *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979) (same).

Thus, Rule 41(a) is simply inapplicable here, given that Syngenta seeks only to withdraw one claim (of four) and a small number of allegations.[1]

---

[1] Even if Monsanto were correct that dismissal under Rule 41(a) was the proper procedure here – which it plainly is not – the dismissal "with prejudice" it requests would still be inappropriate. *See* Fed. R. Civ. P. 41(a) (default is dismissal "without prejudice"); *see also Gross v. Spies*, No. 96-2146, 1998 WL 8006, at *5 (4th Cir. Jan. 13, 1998) ("As a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant.") (collecting cases).

II. **AMENDMENT UNDER RULE 15 IS THE PROPER METHOD FOR WITHDRAWING THE CLAIM AND ALLEGATIONS AT ISSUE**

The proper method for withdrawing discrete claims and allegations is filing an amended complaint under Rule 15(a). *See, e.g.*, *In re: Orthopedic Bone Screw Products Liability Litigation*, No. MDL 1014, 1998 WL 633680, at *2 (E.D. Pa. Aug. 14, 1998) ("Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims.") (collecting cases), *aff'd*, 193 F.3d 781 (3d Cir. 1999); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).") (quoting 8 Moore's Federal Practice Civ. § 41.21[2]); 9 Wright & Miller, Fed. Prac. & Proc. Civ.2d § 2362 ("Rule 41(a) applies only to the dismissal of all claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15.")).

This procedure promotes efficiency and clarity. In addition to withdrawing Count III and Paragraph 133, Syngenta's proposed amended complaint withdraws the factual allegations supporting those claims. It therefore makes clear to the parties and the Court exactly which allegations have been withdrawn and which allegations remain in the case. In contrast, Monsanto's proposed stipulation vaguely states that Count III "and associated allegations" and paragraph 133 "and any related allegation" are dismissed (Mon. Br. at 4), thus leaving room for doubt (and future dispute) as to what is an "associated" or "related" allegation that has been removed from the case.

Given the procedural posture of this case, Rule 15(a) requires Syngenta to obtain either the "written consent of the adverse party" or "leave of court" in order to amend its complaint. Fed. R. Civ. P. 15(a). Accordingly, and out of a desire to not unnecessarily involve the Court in

matters that could be resolved by the parties, Syngenta asked if Monsanto would give such consent. (Monsanto Ex. 4.) Instead of consenting to Syngenta's request, however, Monsanto filed this motion to dismiss. Thus, Syngenta now requests leave to file an amended complaint.

### III. ALLOWING SYNGENTA TO AMEND ITS COMPLAINT WOULD NOT PREJUDICE MONSANTO

Monsanto argues that it would suffer "undue prejudice" if Syngenta were permitted to amend its complaint because Syngenta would use the opportunity "to reassert factual allegations related to the allegations it has now dismissed within other factual allegations or causes of action in its complaint." (Mon. Br. at 5.) This concern is baseless. Indeed, the Court need not speculate about what Syngenta may or may not change in its complaint: a proposed amended complaint is attached hereto as Syngenta Ex. 1 (redline version) and Syngenta Ex. 2 (clean version). Syngenta made no changes other than to delete Count III, Paragraph 133, and related allegations.[2] Monsanto suffers no prejudice from the mere withdrawal of a claim and several allegations. This Court should thus grant Syngenta leave to amend. *See, e.g.*, Fed. R. Civ. P. 15(a) ("leave shall be freely given when justice so requires"); *see also Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984) (Rule 15 "embodies the liberal pleading philosophy of the federal rules" and leave to amend "is to be freely granted").[3]

---

[2] Syngenta's proposed Third Amended Complaint is made solely to address Monsanto's concerns and clarify which claims and allegations have been withdrawn. Accordingly, Syngenta has not included in its proposed Third Amended Complaint allegations reflecting any changes in the industry, modifications in Monsanto's conduct, or additional anticompetitive acts that have occurred since the original complaint was filed. Although such conduct is clearly relevant to this case and will be at issue in the upcoming trial, it is not necessary for Syngenta to amend its complaint to add such allegations. *E.g.*, Fed. R. Civ. P. 15(b).

[3] The two cases Monsanto cites for the proposition that amendment is inappropriate here do not support that conclusion. (*See* Mon. Br. at 6 (citing *Site Microsurgical Systems, Inc. v. Cooper Cos., Inc.*, 797 F. Supp. 333 (D. Del. 1992) and *Foman v. Davis*, 371 U.S. 178 (1962)).) *Site Microsurgical* holds merely that leave to amend will be denied if a plaintiff seeks to add a claim that could not withstand a motion to dismiss, a proposition that is completely irrelevant here. 797 F. Supp. at 336-37. The Supreme Court's decision in *Foman* is of even less assistance to Monsanto, given its holding that a lower court had abused its discretion by refusing to grant a party leave to amend. 371 U.S. at 179, 182 ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

## CONCLUSION

For these reasons, Syngenta respectfully requests that the Court deny Monsanto's motion to dismiss and grant Syngenta leave to amend its complaint under Rule 15(a). A proposed Order is attached hereto for the Court's convenience.

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Karen E. Keller*

John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com
*Attorneys for Syngenta Seeds, Inc.*

Of Counsel:

SHEARMAN & STERLING LLP
Richard F. Schwed
Stephen Fishbein
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Heather Lamberg Kafele
Keith R. Palfin
801 Pennsylvania Avenue, N.W.
Washington D.C. 20004-2634
(202) 508-8000

Dated: September 7, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard L. Horwitz, Esquire
>Potter Anderson & Corroon LLP
>Hercules Plaza
>1313 North Market Street
>Wilmington, DE 19899-0951

I further certify that on September 7, 2006, copies of the foregoing document will be served by hand delivery on the above listed counsel. I additionally certify that copies of the foregoing document are being served on the following non-registered participants as indicated below:

**BY E-MAIL AND FEDERAL EXPRESS**

John J. Rosenthal, Esquire
Peter E. Moll, Esquire
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004

Susan Knoll, Esquire
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C.  20004

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ *Karen E. Keller*
>John W. Shaw (No. 3362)
>Karen E. Keller (No. 4489)
>The Brandywine Building, 17th Floor
>1000 West Street
>Wilmington, Delaware 19801
>(302) 571-6600
>kkeller@ycst.com
>*Attorneys for Syngenta Seeds, Inc., Syngenta Corporation, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, and Golden Harvest Seeds, Inc.*