~~170.   Monsanto's wrongful acts to foreclose competition in the foundation corn seed market caused injury to Syngenta's business in the form of lost revenues. Monsanto's exclusionary conduct will adversely affect Syngenta's ability to distribute corn traits, thereby depriving Syngenta of lost profits.~~

144.   ~~171.~~ Monsanto's concerted campaign is a thinly veiled attempt to impede, hamper and delay Syngenta's entry into key corn trait markets in an attempt to cling to its monopoly positions, allowing it to charge supracompetitive prices for as long as possible at the expense of Seed Companies, growers and, ultimately, the public. If permitted to persist in its exclusionary practices and other illegal conduct, Monsanto will only further entrench itself against Syngenta, causing substantial injury to the market and ultimately to Seed Companies and growers.

145.   ~~172.~~ Because of all the foregoing, Syngenta has suffered antitrust injury with respect to all of the relevant markets.

## CLAIMS FOR RELIEF

### COUNT ONE

**<u>Willful Maintenance of a Monopoly of the<br>Glyphosate-Tolerant and Stacked Corn Trait Markets<br>In Violation of Sherman Act, Section 2</u>**

146.   ~~173.~~ Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 to ~~172~~145 herein.

147.   ~~174.~~ The licensing of glyphosate-tolerant corn traits is a relevant line of commerce within the meaning of the antitrust laws. A related relevant market or submarket is the licensing of glyphosate-tolerant stacked corn traits.

148.   ~~175.~~ The relevant geographic market is the United States.

149. ~~176.~~ Monsanto possesses monopoly power in the relevant markets, and has maintained a market share of at least 99%. Substantial barriers to entry and expansion exist in the relevant markets.

150. ~~177.~~ Monsanto has the power to control market prices and exclude competition.

151. ~~178.~~ Monsanto has engaged in conduct and a pattern of conduct with anticompetitive effects to unlawfully maintain and enhance its monopoly in the relevant markets and to keep prices high, stifle competition and eliminate consumer choice though exclusionary behavior designed to keep Syngenta from entering the relevant markets and competing successfully. It has done so with the intent to monopolize the relevant markets.

152. ~~179.~~ There is no legitimate business justification for defendants' conduct.

153. ~~180.~~ Syngenta has suffered and will likely suffer additional antitrust injury. Defendants' wrongful conduct is material, and has impeded, hampered and delayed Syngenta's ability to enter quickly the relevant markets and has caused, and continues to cause, Syngenta to lose business and suffer damages in an amount to be proven at trial.

154. ~~181.~~ Defendants' wrongful acts have caused and are likely to continue to cause injury to the relevant markets and have caused Seed Companies, growers and consumers to pay higher prices than they would otherwise pay in a competitive environment.

## COUNT TWO

### Willful Maintenance of a Monopoly of the ECB-Resistant and Stacked Corn Trait Markets In Violation of Sherman Act, Section 2

155. ~~182.~~ Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 to ~~181~~ 154 herein.

156.    ~~183.~~ The licensing of European corn borer-resistant corn traits is a relevant line of commerce within the meaning of the antitrust laws. A related relevant market or submarket is the licensing of ECB-resistant stacked corn traits.

157.    ~~184.~~ The relevant geographic market is the United States.

158.    ~~185.~~ Monsanto possesses monopoly power in the relevant markets, maintaining a market share of at least 80%. Substantial barriers to entry and expansion exist in the relevant markets.

159.    ~~186.~~ Monsanto has the power to control market prices and exclude competition.

160.    ~~187.~~ Monsanto has engaged in conduct and a pattern of conduct with anticompetitive effects to unlawfully maintain and enhance its monopoly in the relevant markets and to keep prices high, stifle competition and eliminate consumer choice though exclusionary behavior designed to keep Syngenta from entering the relevant markets. It has done so with the intent to monopolize the relevant markets.

161.    ~~188.~~ There is no legitimate business justification for defendants' conduct.

162.    ~~189.~~ Syngenta has suffered and will likely suffer additional antitrust injury. Defendants' wrongful conduct is material, and has impeded, hampered and delayed Syngenta's ability to enter quickly the relevant markets and caused Syngenta to lose business and suffer damages in an amount to be proven at trial.

163.    ~~190.~~ Defendants' wrongful acts have caused and are likely to continue to cause injury to the relevant markets and have caused Seed Companies, growers and consumers to pay higher prices than they would otherwise pay in a competitive environment.

**COUNT THREE**

### ~~Attempted Monopolization of the Foundation Corn Seed Market In Violation of Sherman Act, Section 2~~

~~191.  Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 to 190 herein.~~

~~192.  The market for foundation corn seed is a relevant line of commerce within the meaning of the antitrust laws.~~

~~193.  The relevant geographic market is the United States.~~

~~194.  Monsanto possesses market power in the relevant market, maintaining a market share of at least 45% or higher under alternative measures. Substantial barriers to entry and expansion exist in the relevant market.~~

~~195.  There is a dangerous probability that Monsanto will acquire monopoly power in the relevant market.~~

~~196.  Monsanto has engaged in a pattern of conduct with anti-competitive effects to unlawfully attempt to monopolize the relevant market and to keep prices high, stifle competition and eliminate consumer choice though exclusionary behavior designed to keep Syngenta and others from expanding in the relevant market. It has done so with the specific intent to monopolize the relevant market.~~

~~197.  There is no legitimate business justification for defendants' conduct.~~

~~198.  Syngenta has suffered and will likely suffer additional antitrust injury. Defendants' wrongful conduct is material, and will impede, hamper and delay Syngenta's and others' ability to expand in the relevant market and cause Syngenta to lose business and suffer damages in an amount to be proven at trial.~~

~~199.  Defendants' wrongful acts are likely to cause injury to the relevant market and cause Seed Companies, growers and consumers to continue to pay higher prices than they would otherwise pay in a competitive environment.~~

### ~~COUNT FOUR~~

### Misrepresentations and False Statements
### In Violation of Section 43(a) of the Lanham Act

164.  ~~200.~~ Plaintiff realleges and incorporates herein by reference the allegations set forth in ~~paragraph~~paragraphs 1 to ~~199~~163 herein.

165.  ~~201.~~ Monsanto has misrepresented its own patent position and falsely disparaged Syngenta's patent position, including statements that:

- Syngenta cannot "lawfully commercialize" GA21 in the United States;
- Syngenta's sales of GA21 corn are "unauthorized"; and
- a license by Monsanto is required to "commercialize glyphosate-tolerant corn in the United States" and "Syngenta is not licensed under the intellectual property from Monsanto."

166.  ~~202.~~ These statements were made in commercial advertising (Monsanto press releases and letters sent by Monsanto to Seed Companies), are either literally or impliedly false, and were made in bad faith to impede Syngenta's ability to compete effectively for glyphosate-tolerant corn traits.

167.  ~~203.~~ Monsanto's statements are material because they are likely to influence Seed Companies' and growers' purchasing decisions.  The statements have actually deceived, or have a tendency to deceive, Seed Companies and growers by causing them to believe wrongfully that Syngenta cannot lawfully commercialize GA21.  Because of Monsanto's false statements, Seed Companies and growers have been less likely to purchase GA21 from Syngenta.

168. ~~204.~~ Both Monsanto's and Syngenta's products are sold and used in interstate commerce.

169. ~~205.~~ Monsanto's misrepresentations and false statements have irreparably harmed Syngenta by causing it to lose significant sales of GA21.

170. ~~206.~~ Monsanto's misrepresentations and false statements violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

## DEMAND FOR TRIAL BY JURY

171. ~~207.~~ Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS THIS COURT:

A. Find that Monsanto is wrongfully maintaining its monopoly over the licensing of glyphosate-tolerant corn traits and stacked corn traits in violation of Section 2 of the Sherman Act and award plaintiff treble damages in an amount to be proven at trial, pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15(a);

B. Find that Monsanto is wrongfully maintaining its monopoly over the licensing of ECB-resistant corn traits and stacked corn traits in violation of Section 2 of the Sherman Act and award plaintiff treble damages in an amount to be proven at trial, pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15(a);

C. ~~Find that Monsanto is wrongfully attempting to monopolize the market for foundation corn seed in violation of Section 2 of the Sherman Act and award plaintiff treble damages in an amount to be proven at trial, pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15(a);~~

C. ~~D.~~ Find that Monsanto has violated the Lanham Act and award plaintiff damages in an amount to be proven at trial, pursuant to 15 U.S.C. § 1125(a)(1)(B);

D. ~~E.~~ Grant injunctive relief prohibiting defendants and all persons, firms and corporations acting on their behalf and under their direction or control from continuing violations of Section 2 of the Sherman Act, pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26;

E. F. Award plaintiff such other relief as is necessary or appropriate to restore and maintain competitive conditions in the markets affected by defendants' unlawful conduct; and

F. G. Award plaintiff attorneys' fees and costs of this action.

Respectfully submitted,

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

_____
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Plaintiff*

Of Counsel:

SHEARMAN & STERLING LLP
Richard F. Schwed
Stephen Fishbein
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Heather Lamberg Kafele
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 508-8000
Facsimile: (202) 508-8100

Dated: August 12, 2005 September, 7 2006