THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY, *et al*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) C.A. No. 04-305-SLR |
| v. | ) (Consolidated) |
| | ) |
| SYNGENTA SEEDS, INC., *et al*, | ) |
| | ) |
| Defendants. | ) |

**MONSANTO'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR AN ORDER DISMISSING WITH PREJUDICE COUNT III AND THE ALLEGATIONS CONTAINED IN PARAGRAPH 133 OF SYNGENTA'S SECOND AMENDED COMPLAINT AND ANSWERING BRIEF IN RESPONSE TO SYNGENTA'S REQUEST FOR LEAVE TO AMEND**

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 783-0800
(202) 383-6610 facsimile

Dated: September 14, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON, LLP
Hercules Plaza, 6th Floor
1313 N. Market St.
Wilmington, DE 19801
(302) 984-6000
(302) 658-1192 facsimile
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Attorneys for MONSANTO COMPANY and
MONSANTO TECHNOLOGY LLC

## TABLE OF CONTENTS

ARGUMENT ..................................................................................................................1

I.   REGARDLESS OF THE MECHANISM SELECTED, COUNT III AND
     THE GARST ALLEGATIONS SHOULD BE DISMISSED OR
     REMOVED FROM THE COMPLAINT WITH PREJUDICE ...............................1

CONCLUSION ..............................................................................................................5

**TABLE OF AUTHORITIES**

**CASES**

*C. Van Der Lely v. Maschio,*
  561 F. Supp. 16 (S.D. Ohio 1982) ............................................................................. 3

*Etablissements Neyrpic v. Gardner, Inc.,*
  175 F. Supp. 355 (S.D. Tex. 1959) ......................................................................... 3, 4

*Exxon Corp. v. Maryland Casualty Co.,*
  599 F.2d 659 (5th Cir. 1979) ..................................................................................... 2

*Fatir v. Dowdy,*
  C. A. No. 95-677-GMS, 2002 U.S. Dist. LEXIS 16480
  (D. Del. Sept. 4, 2002) ............................................................................................... 4

*In re Fine Paper Antitrust Litigation,*
  685 F.2d 810 (3d Cir. 1982) ...................................................................................... 2

*G-I Holdings, Inc. v. Baron & Budd,*
  No. 01 Civ. 0216, 2004 WL 374453 (S.D.N.Y. Feb. 27, 2004) ............................... 4

*Loutfy v. R.R. Donnelley & Sons, Co.,*
  148 F.R.D. 599 (N.D. Ill. 1993) ................................................................................ 3

*Management Investors v. United Mine Workers of America,*
  610 F.2d 384 (6th Cir. 1979) ..................................................................................... 2

*Neifeld v. Steinberg,*
  438 F.2d 423 (3d. Cir. 1971) ..................................................................................... 3

*In re Orthopedic Bone Screw Products Liability Litigation,*
  No. MDL 1014, 1998 WL 633680 (E.D. Pa. Aug. 14, 1998) .................................. 3

*Overseas Inns S.A. P.A. v United States,*
  911 F.2d 1146 (5th Cir. 1990) ................................................................................... 4

*Skinner v. First America Bank,*
  64 F.3d 659, 1995 WL 507264 (4th Cir. Aug. 28, 1995) .......................................... 2

*Smith, Kline & French Laboratoriess v. A. H. Robins Co.,*
  61 F.R.D. 24 (E.D. Pa. 1973) .................................................................................... 2

*United States v. Outboard Marine Corp.,*
  104 F.R.D. 405 (N.D. Ill. 1984) ................................................................................ 3

## RULES

Fed. R. Civ. P. 15 ............................................................................................................. 1, 3

Fed. R. Civ. P. 15(a) ............................................................................................................. 2

Fed. R. Civ. P. 41 ............................................................................................................. 1, 2

Fed. R. Civ. P. 41(a) ............................................................................................................. 1

Fed. R. Civ. P. 41(a)(2) ............................................................................................... 2, 3, 4

## MISCELLANEOUS

6 Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1479 (2d ed. 1990 ............................................................................................. 2

It is undisputed that Syngenta seeks to drop Count III of the Second Amended Complaint regarding an alleged attempt to monopolize the "foundation seed market" *and* allegations that Monsanto allegedly caused Syngenta to pay more for Garst as part of an effort to monopolize certain "trait markets." The instant disagreement is not the means by which those allegations are removed from this case but whether those allegations are dismissed or dropped *with prejudice*.

Monsanto incurred great expense to defend these allegations and should not be required to expend additional resources to defend these allegations at some later date selected by Syngenta. Whether it is by dismissal or amendment, Monsanto merely seeks the assurance by stipulation or order that these allegations are dismissed/removed *with prejudice*. An order of dismissal with prejudice is appropriate and within the Court's discretion. In the alternative, any amendment should be conditioned on the dismissal of the eliminated claims and allegations *with prejudice*.

## ARGUMENT

### I. REGARDLESS OF THE MECHANISM SELECTED, COUNT III AND THE GARST ALLEGATIONS SHOULD BE DISMISSED OR REMOVED FROM THE COMPLAINT WITH PREJUDICE

In its Opposition Memorandum, Syngenta focuses on the procedural mechanism by which the Court may order the dismissal of the Count III and the Garst allegations – namely Rule 41 or Rule 15. *See* Syngenta Opp. at 2-5. Conspicuously absent from Syngenta's response is any mention or discussion of whether the claims and allegations that Syngenta seeks to drop under Rule 15 should be dismissed with or without prejudice.[1] The mechanism the Court ultimately selects to dismiss or drop these claims is irrelevant to Monsanto, provided they are dismissed or removed *with prejudice*.

---

[1] Syngenta's only mention of whether the claims and allegations should be dismissed "with prejudice" is an incidental footnote in which Syngenta cites Rule 41(a)'s "default" language that dismissal is "without prejudice." *See* Syngenta Opp. at 3 n.1. Syngenta

Courts have long noted that the distinction between a Rule 41 dismissal and Rule 15 amendment is "largely a technical one." *Management Investors v. United Mine Workers of America*, 610 F.2d 384, 395 (6th Cir. 1979); *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659 (5th Cir. 1979). The rationale for dismissal under Rule 41(a)(2) or Rule 15(a) is similar: both are appropriate where the adverse party will not be unduly prejudiced and the disposition of the litigation will be expedited. *See Skinner v. First Am. Bank.*, 64 F.3d 659, 1995 WL 507264, at *2 (4th Cir. Aug. 28, 1995) (similar standards govern the exercise of discretion under Rule 41(a)(2) and Rule 15(a)); 6 Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1479, at 568 (2d ed. 1990) ("[T]he same considerations are relevant to dropping [a] claim regardless of which rule [41(a) or 15(a)] is invoked.").

Here, the Court has the discretion to enter an order of dismissal with prejudice of the dismissed claims and allegations. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (how a district court controls its docket is committed to its sound discretion). An order of dismissal with prejudice will avoid undue prejudice to Monsanto while at the same time accomplish that which the parties intended.

Alternatively, Monsanto has no objection to Syngenta's requested amendment dismissing Count III and the Garst allegations provided it is done *with prejudice*. The cases cited by Syngenta, in fact, demonstrate that, the Court may "attach conditions to the amendment as justice requires", including that the dropped claims be dismissed with prejudice. *Smith, Kline & French Labs v. A. H. Robins Co.*, 61 F.R.D. 24, 30 (E.D. Pa. 1973); *Management Investors*, 610 F.2d at 395 ("Where [plaintiff] seeks leave of court he invokes the district court's discretion and while leave is to be freely given when justice so requires, the court may . . . impose conditions upon leave to amend to eliminate an issue

---

does not address whether the eliminated claims and allegations should be dismissed with prejudice under the Rule 15 amendment that it proposes.

or claims as it would upon a voluntary dismissal under Rule 41(a)(2)") (citation omitted). Among other things, dismissal with prejudice of the eliminated claims protects defendants from prejudice. *See, e.g., In re Orthopedic Bone Screw Prods. Liab. Litig.*, No. MDL 1014, 1998 WL 633680, at *2 (E.D. Pa. Aug. 14, 1998); *Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 603-04 (N.D. Ill. 1993) (plaintiffs' dismissal with prejudice of federal claims "has the net result of defendant no longer being in jeopardy of defending the federal claim again"); *Etablissements Neyrpic v. Gardner, Inc.*, 175 F. Supp. 355, 358 (S.D. Tex. 1959).[2]

*In re Orthopedic Bone Screw Products Liability Litigation*, 1998 WL 633680, on which Syngenta relies, is informative. In that case, the Court determined that Rule 15 was the proper vehicle to allow for the dismissal of plaintiffs' conspiracy claims against defendants. 1998 WL 633680, at *2. To avoid any prejudice to the defendants, the Court found that the Rule 15 amendment should be conditioned on the dismissal of the withdrawn conspiracy claims with prejudice. *Id.* ("The Defendants will not be prejudiced by the dismissal of this claim because the court will require that the amendment effects a voluntary dismissal with prejudice of the second conspiracy claim.") (citing *Neifeld v. Steinberg*, 438 F.2d 423, 430-31 (3d. Cir. 1971)). Dismissal with prejudice would relieve defendants of any obligation of continuing to litigate the claims. *Id.*

Similar reasoning warrants dismissal or removal of these allegations *with prejudice*. This case is nearly two years old with Syngenta having twice amended its complaint. Monsanto has undergone months of discovery and great expense to defend against Count III and the Garst allegations. Syngenta chose to wait until the last week of discovery and on the eve of the Court's hearing on Monsanto's motion for leave to file

---

[2] *See C. Van Der Lely v. Maschio*, 561 F. Supp. 16, 20-21 (S.D. Ohio 1982) (granting amendment of eliminated claims where no prejudice results to defendants because eliminated claims dismissed with prejudice); *see also United States v. Outboard Marine Corp.*, 104 F.R.D. 405, 414 (N.D. Ill. 1984) (finding dismissal with prejudice under Rule 41(a)(2) necessary to protect defendants).

summary judgment to announce its intentions not to pursue these allegations. Based on Syngenta's representation that it was dropping these claims, Monsanto did not present argument on the merits of its motion for summary judgment with respect to Count III and the other allegations.[3] Certainly, Monsanto would have moved for summary judgment and based upon the admissions from Syngenta's executives obtained during discovery in the case, there can be little serious question that summary judgment was appropriate.

Having required Monsanto to defend these allegations through discovery and in a clear attempt to avoid summary judgment, Syngenta should not now be permitted to merely amend its complaint to withdraw these allegations without any consequence and leaving Monsanto in jeopardy of having to undertake discovery in a second action and defend these allegations at some undetermined date in the future of Syngenta's choosing. *See Etablissements*, 175 F. Supp. at 358 (conditioning amendment on dismissal of claims with prejudice because defendants entitled to dispose of all matters at issue between the parties and prevent claims from being refiled where plaintiffs sought to eliminate causes of action almost two years after original filing and close to trial); *G-I Holdings, Inc. v. Baron & Budd*, No. 01 Civ. 0216, 2004 WL 374453, at * 2 (S.D.N.Y. Feb. 27, 2004) (dismissing withdrawn claim with prejudice under Rule 41(a)(2) to avoid prejudice to defendant where parties had spent over year and a half litigating claim, had engaged in substantial motion practice, and plaintiff had waited until two months after the close of discovery to withdraw its claim); *Loutfy*, 148 F.R.D. 604 n.6 (had plaintiffs not agreed to

---

[3] Indeed, while a motion for summary judgment has not been filed, courts for similar reasons do not favor withdrawal of a claim subject to a pending motion for summary judgment. *See, e.g., Fatir v. Dowdy*, C. A. No. 95-677-GMS, 2002 U.S. Dist. LEXIS 16480, at *24 (D. Del. Sept. 4, 2002) (finding that "the timing of the motion to amend in response to the defendant's motion raises an inference that the plaintiff is attempting to bolster his legal position – and therefore avoid summary judgment – by amending the complaint. This is an unacceptable reason to amend."); *Overseas Inns S.A. P.A. v United States*, 911 F.2d 1146, 1150-51 (5th Cir. 1990) ("A party should not, without adequate ground, be permitted to avoid summary judgment by the expedient of amending its complaint").

dismissal of federal claim with prejudice, the court "would have initiated such an end to the count" because dismissal "came on the heels of significant discovery" involving costs to defendant and it sensed that the results of discovery did not go well with plaintiffs "as that might play out in the maintenance of the federal claim.").

## CONCLUSION

Monsanto respectfully requests that the Court grant its motion for an order of dismissal, dismissing *with prejudice* Count III and the allegations contained in Paragraph 133, and related allegations, of Syngenta's Second Amended Complaint. In the alternative, Monsanto requests that Syngenta's requested amendment be conditioned on the dismissal of the eliminated claims and allegations *with prejudice*.

Respectfully Submitted,

POTTER ANDERSON & CORROON, LLP

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 783-0800
(202) 383-6610 facsimile

Dated: September 14, 2006

750433

By: */s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market St.
Wilmington, DE 19801
(302) 984-6000
(302) 658-1192 facsimile
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Attorneys for MONSANTO COMPANY and MONSANTO TECHNOLOGY LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on September 14, 2006, the attached document was hand delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on September 14, 2006, I have Electronically Mailed the foregoing document(s) to the following non-registered participants:

Richard F. Schwed
Thomas A. McGrath III
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

Michael J. Flibbert
Don O. Burley
Howard W. Levine
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Ave., NW
Washington, DC 20001-4413
michael.flibbert@finnegan.com
don.burley@finnegan.com
howard.levine@finnegan.com

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

700765