IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY, *et al*, | ) |
| | ) C.A. No. 04-305-SLR |
| Plaintiffs, | ) (Consolidated) |
| | ) |
| v. | ) **PUBLIC VERSION** |
| | ) |
| SYNGENTA SEEDS, INC., *et al*, | ) |
| | ) |
| Defendants. | ) |

**MONSANTO'S MEMORANDUM IN SUPPORT OF ITS
DAUBERT MOTION TO EXCLUDE TESTIMONY
OF SYNGENTA'S PATENT LAW EXPERT GERALD BJORGE**

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 783-0800
(202) 383-6610 facsimile

Dated: October 13, 2006
Public Version Dated: October 17, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON, LLP
Hercules Plaza, 6th Floor
1313 N. Market St.
Wilmington, DE 19801
(302) 984-6000
(302) 658-1192 facsimile
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for MONSANTO COMPANY*

# TABLE OF CONTENTS

NATURE AND STATE OF THE PROCEEDINGS ................................................................1

SUMMARY OF ARGUMENT ..........................................................................................2

STATEMENT OF FACTS .................................................................................................2

ARGUMENT ....................................................................................................................5

I.   THE STANDARD FOR EXPERT WITNESS TESTIMONY ...................................5

II.  MR. BJORGE'S TESTIMONY REGARDING HIS LEGAL OPINIONS
     IS IMPROPER AND SHOULD BE EXCLUDED ...................................................5

CONCLUSION .................................................................................................................9

i

# TABLE OF AUTHORITIES

## CASES

*Brunswick Corp. v. U.S.*,
  34 Fed. Cl. 532 ................................................................................................................ 6

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ......................................................................................................... 5

*Endress Hauser, Inc. v. Hawk Measurement Sys. Pty., Ltd.*,
  122 F.3d 1040 (Fed. Cir. 1997) ........................................................................................ 6

*Herbert v. Lisle Corp.*,
  99 F.3d 1109 (Fed. Cir. 1996) .......................................................................................... 5

*Kumho Tire Co., Ltd v. Carmichael*,
  526 U.S. 137 (1999) ......................................................................................................... 5

*Ondeo Nalco Co. v. Eka Chemicals, Inc.*,
  2003 WL 1524658 (D. Del. March 21, 2003) ............................................................. 2, 5

*In re Paoli R.R. Yard PCP Litig.*,
  35 F.3d 717 (3d Cir. 1994) ............................................................................................... 5

*Professional Real Estate Investors, Inc. v. Columbia Pictures Ind.*,
  508 U.S. 49 (1993) ....................................................................................................... 7, 8

*U.S. v. Leo*,
  941 F.2d 181 (3d Cir. 1991) ............................................................................................. 6

*W.R. Grace & Co. v. Viskase Corp.*,
  1991 WL 211647 (N.D. Ill. Oct. 15, 1991) ...................................................................... 6

## STATUTES

35 U.S.C. §112 .......................................................................................................................... 3, 4

35 U.S.C. §271 ............................................................................................................................. 3

Rule 54(b) .................................................................................................................................... 1

Rule 702 ....................................................................................................................................... 5

Monsanto Company and its named subsidiaries (collectively, "Monsanto") hereby submit this memorandum in support of their Daubert motion to exclude Syngenta Seeds, Inc.'s ("Syngenta") patent law expert – Gerald Bjorge.

## NATURE AND STATE OF THE PROCEEDINGS

On May 12, 2004, Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") commenced an action in this Court against Syngenta Seeds, Inc. and Syngenta Biotechnology, Inc., alleging infringement of the Shah patent (the "Shah Action"). D.I. 1. Monsanto filed its First Amended Complaint on June 9, 2004 and Syngenta answered and asserted counterclaims. D.I. 9 & 10.

On July 28, 2004, Syngenta Seeds, Inc. sued Monsanto in this Court for alleged violations of Section 2 of the Sherman Act. C.A. No. 04-908 (SLR)(the "Antitrust Action"). The Court consolidated the Shah and Antitrust Actions on March 24, 2005. D.I. 15, 16. On August 23, 2005, the Court also consolidated those cases with a separate patent infringement action originally brought by DEKALB Genetics Corp. ("DEKALB") in Illinois for infringement of the Lundquist patents (the "Lundquist Action"). D.I. 111. Subsequently, Syngenta amended its antitrust complaint to include allegations that the Shah and Lundquist Actions were sham patent litigation. D.I. 124 and 138.

On May 10, 2006, the Court granted Syngenta's motions for summary judgment of invalidity of U.S. Patent No. 4,940,835 (the "Shah patent") for lack of enablement and noninfringement of U.S. Patent Nos. 5,538,880 and 6,013,863 (collectively the "Lundquist patents"). D.I. 375, D.I. 378. Following Rule 54(b) certification, that judgment was appealed and the appeal is still pending. Monsanto has also moved to stay the antitrust action pending the outcome of that appeal. D.I. 488.

Monsanto submitted a letter to permit a summary judgment motion on Syngenta's sham litigation claims on May 30, 2006. D.I. 399 & 400. The remaining antitrust issues are currently scheduled for trial on January 8, 2007. On July 25, 2006, Syngenta served an expert report for a patent law expert, Gerald Bjorge, offering opinions purportedly supporting Syngenta's sham litigation claims.

## SUMMARY OF ARGUMENT

In the 2004 litigation between the parties on Syngenta's "Koziel patents," Syngenta successfully moved to strike Mr. Bjorge as a patent law expert under this Court's guidelines regarding patent law testimony. (9/8/04 Memorandum Opinion in Civ. No. 02-1331-SLR, Ex. 1 hereto). Surprisingly, Syngenta now offers the same patent law expert to give the same type of testimony to support its sham litigation claim here. (Bjorge Expert report, Ex. 2 hereto). While expert testimony may be proper regarding Monsanto's objective basis for believing that it might obtain a favorable outcome in the Shah and Lundquist Actions, Mr. Bjorge's testimony is not addressed to that issue. Instead, the opinions in his expert report consist almost entirely of his expositions on the law of enablement (as to the Shah patent) and non-infringement (as to the Lundquist patents). As this Court's guidelines dictate, expounding upon the law is a completely inappropriate role for expert witnesses.

## STATEMENT OF FACTS

In its attempt to substantiate its claim that the Shah and Lundquist Actions were sham patent litigation, Syngenta has offered the expert report of Gerald Bjorge – a patent law expert with whom the Court is familiar from two prior orders striking his testimony. *See* Ex. 1; *Ondeo Nalco Co. v. Eka Chemicals, Inc.*, 2003 WL 1524658 at *3 (D. Del.

March 21, 2003). The basic subject of Mr. Bjorge's testimony is whether the Shah and Lundquist Actions were objectively baseless, and the result of an improper pre-suit investigation. *See* Ex. 2, ¶¶14 and 21.

While this Court ultimately granted summary judgment of invalidity of the Shah patent, and non-infringement of the Lundquist patents, Mr. Bjorge agrees ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Mr. Bjorge's expert report, however, largely ignores the objective factors that were available to Monsanto at that time. For example, nowhere does Mr. Bjorge address that Monsanto had previously asserted the Shah patent against the same GA21 corn product, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and no adverse determinations on enablement. Nowhere does Mr. Bjorge address that DEKALB had previously asserted the Lundquist '880 patent against Syngenta and others, resulting in no adverse determinations on infringement and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Instead, Mr. Bjorge's opinions are almost exclusively his expositions on the substantive law relating to enablement of the Shah patent, and infringement of the Lundquist patents. *See* Ex. 2, ¶¶20-25; ¶¶34-37; ¶¶53-60; ¶¶69-97; ¶100-102. For example, Mr. Bjorge seeks to opine:



3



Accordingly, not only does Mr. Bjorge seek to testify as to what the law is – which is clearly the province of the Court – but he also seeks to go even one step further and cavalierly claim that nobody in 2004 (when the patent suits were filed) could have reasonably disagreed with him.

## ARGUMENT

### I. THE STANDARD FOR EXPERT WITNESS TESTIMONY

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under this rule, the district court acts as a gatekeeper to exclude unhelpful and unreliable expert testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)("the trial judge must ensure that any and all scientific testimony or evidence is not only relevant, but reliable.") This gatekeeping function applies to both scientific and nonscientific expert witness testimony, including that of patent law experts. *Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137, 141 (1999); *Herbert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996). The proponent of expert witness testimony bears the burden of proving that the testimony meets the requirements of Rule 702. *In re Paoli R.R. Yard PCP Litig.*, 35 F.3d 717, 745 (3d Cir. 1994). Under this law, Mr. Bjorge's testimony should be excluded for the following reasons.

### II. MR. BJORGE'S TESTIMONY REGARDING HIS LEGAL OPINIONS IS IMPROPER AND SHOULD BE EXCLUDED

This Court has twice excluded Mr. Bjorge's testimony regarding patent law in patent infringement cases – once on Syngenta's own motion. *See* Ex. 1; *Ondeo Nalco Co. v. Eka Chemicals, Inc.*, 2003 WL 1524658 at *3 (D. Del. March 21, 2003). Once

again, Mr. Bjorge's opinions in this case are premised almost entirely upon his expositions on patent law – this time as it stood when Monsanto filed suit in 2004. In particular, Mr. Bjorge's opinions are based almost entirely upon his views on the law of enablement as to the Shah patent; and claim construction and infringement as to the Lundquist patents. As this Court's guidelines plainly state, this is an entirely inappropriate area for expert testimony. ("Expert" legal testimony (as opposed to technical testimony, Ex. 4 hereto) on such substantive issues as invalidity (by anticipation, obviousness, on-sale bar, prior conception, etc.) and claim construction and infringement, generally is not admitted, as descriptions of the law and instructions on the law are matters for the court.")

This Court's guidelines comport with the well-established principle that lawyers should be precluded from offering opinions on the law. *U.S. v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991)("[I]t is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain to the jury.") This is particularly true in patent cases, where courts have routinely excluded patent lawyers from testifying to legal issues. *Endress Hauser, Inc. v. Hawk Measurement Sys. Pty., Ltd.*, 122 F.3d 1040, 1042 (Fed. Cir. 1997)("Indeed, this court has on numerous occasions noted the impropriety of patent lawyers testifying as expert witnesses and giving their opinion regarding the proper interpretation of a claim as a matter of law, the ultimate issue for the court to decide."); *Brunswick Corp. v. U.S.*, 34 Fed. Cl. 532, 541 ("Further, since claim construction is a question of law, testimony of a patent expert as to claims' interpretations is merely a legal opinion entitled to no deference by the court."); *W.R. Grace & Co. v. Viskase Corp.*, 1991 WL 211647, at *1 (N.D. Ill. Oct. 15, 1991)("Federal judges are

expected to be experts on federal law. Accordingly, the testimony of a legal expert in federal cases is generally unnecessary.... Both parties are represented by numerous patent lawyers.")

Here,  Such testimony would turn this aspect of the case into a side-show, with competing experts offering differing views on what one could glean the law to be, and leaving it to the jury to sort out these legal issues.

Moreover, by conducting his purely legal-based analysis, Mr. Bjorge completely missed the relevant inquiry for ascertaining whether sham patent litigation has occurred. To cross even the first hurdle of its sham litigation claim, Syngenta bears the heavy burden of proving that the Shah and Lundquist actions were "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr*, and an antitrust claim premised on the sham exception must fail." *Professional Real Estate Investors, Inc. v. Columbia Pictures Ind.*, 508 U.S. 49, 60 (1993).

Mr. Bjorge's opinions, however, ignore virtually all of the objective evidence that was available to Monsanto when it brought suit under the appropriate inquiry dictated by the Supreme Court. For example, as to the Shah Action, Mr. Bjorge ignores that (i) Monsanto had previously sued Bayer on the Shah patent for its GA21 corn product, (ii) ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (iii) in that litigation, Bayer never asserted that the Shah patent was not enabled based upon the corn transformation issue addressed by this Court, (iv) instead, during prosecution of the Shah patent, the PTO examiner found that the status of corn transformation only raised enablement issues as to the plant claims, and not the asserted gene claims, and (v) gene patents with pre-1990 filing dates have been regularly licensed in the industry for use in corn. As to the Lundquist Action, Mr. Bjorge ignores that (i) DEKALB had previously asserted the Lundquist '880 patent against Syngenta's predecessor in Illinois, (ii) ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (iii) there was no finding of non-infringement based upon the law relied upon by this Court, and (iv) instead, the Illinois Court reached the opposite conclusion from that reached by this Court as to the impact of the holding *Whapeton* on the infringement of progeny claims like '880 claim 4 and '863 claim 5.

That Monsanto had previously asserted the same patents in prior litigations, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ should make this a claim ripe for summary disposition, as previously indicated in Monsanto's letter to the Court. D.I. 399, 400. These are the objective factors which should be considered under the governing authority of *Professional Real Estate Investors*. Indeed, Monsanto is unaware of any authority

8

which has ever found sham patent litigation when the same patents had been successfully asserted in prior litigation. To the extent that there is any issue for a jury to decide, and if the jury needs to have an understanding on the law of enablement or infringement in existence when Monsanto filed suit, this understanding should come from this Court's jury instructions, and not from Mr. Bjorge. With that law in hand, the jury can then evaluate whether the objective evidence would have lead Monsanto to believe that it had a reasonable chance of obtaining a favorable outcome.

## CONCLUSION

For the foregoing reasons, Mr. Bjorge should be excluded as a witness in this case.

POTTER ANDERSON & CORROON, LLP

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 783-0800
(202) 383-6610 facsimile

Dated: October 13, 2006
Public Version Dated: October 17, 2006

756258/28128

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market St.
Wilmington, DE 19801
(302) 984-6000
(302) 658-1192 facsimile
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for MONSANTO COMPANY*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

   I, David E. Moore, hereby certify that on October 17, 2006, the attached document was hand delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

   I hereby certify that on October 17, 2006, I have Electronically Mailed the foregoing document(s) to the following non-registered participants:

| | |
|---|---|
| Richard F. Schwed<br>Thomas A. McGrath III<br>Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, NY  10022-6069<br>rschwed@shearman.com | Heather Lamberg Kafele<br>Shearman & Sterling LLP<br>801 Pennsylvania Avenue, N.W.<br>Suite 900<br>Washington, D.C. 20004<br>hkafele@shearman.com |

               /s/ David E. Moore
               Richard L. Horwitz
               David E. Moore
               Potter Anderson & Corroon LLP
               Hercules Plaza – Sixth Floor
               1313 North Market Street
               Wilmington, DE  19801
               (302) 984-6000
               rhorwitz@potteranderson.com
               dmoore@potteranderson.com

732377