# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNGENTA SEEDS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 02-1331-SLR |
| ) | |
| MONSANTO CO., DEKALB ) | |
| GENETICS CORP., PIONEER HI- ) | |
| BRED INTERNATIONAL, INC., ) | |
| DOW AGROSCIENCES, LLC, and ) | |
| MYCOGEN PLANT SCIENCE, INC. ) | |
| and AGRIGENETICS, INC., ) | |
| collectively d.b.a. MYCOGEN ) | |
| SEEDS, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM ORDER

I. INTRODUCTION

On July 25, 2002, plaintiff Syngenta Seeds, Inc., filed a complaint alleging defendants infringed three of its patents. (D.I. 1) Discovery in the action concluded on July 14, 2004, and the case is scheduled for a jury trial commencing on November 29, 2004. (D.I. 228) Before me is plaintiff's motion to exclude some of defendants' expert reports. (D.I. 220)

II. BACKGROUND

In response to plaintiff's claims, defendants argue, among other things, that plaintiff's patents are invalid due to double patenting, failure to disclose pending applications during interference proceedings and inequitable conduct.

With respect to the motion at issue, plaintiff claims that defendants' experts, John T. Goolkasian, Esq., Martin J. Adelman, Esq., Gerald Bjorge, Esq. and Dr. Joachim Messing, made conclusions of law and discussed general patent practices and procedures. Defendants assert that in this complicated case the experts are required to understand their defenses. In the alternative, the defendants claim their experts will not testify to all the issues referred to by the expert reports, especially those issues of patent procedure that the court finds would not be helpful to the finder of fact.

Mr. Adelman is the expert for Dow AgroSciences, Mycogen Plant Science and Agrigentics. (D.I. 222 at A048) Mr. Borjge issued an expert report for Pioneer Hi-Bred International, Inc. (Id. at A011) Mr. Goolkasian is testifying for Monsanto and Dekalb. (Id. at A062) All three are lawyers with significant experience in patent law and the United States Patent and Trademark Office ("PTO"). (Id. at A011-A013, A048, A063-A066) All have a technical background as well. (Id. at A011, A063)

The reports at issue provide a general overview of patent law and the PTO. Each discusses specific PTO procedures with respect to continuing patent applications, double patenting and interference. (Id. at A013-A018, A045, A049-A052, A066-A071, A073-A077, A133-A135) Each expert discusses the prosecution history of the three patents at issue and the role prior history played in the 10 years of prosecution. (Id. at A018-A029, A052-

A060, A077-A118)  In some instances, the experts draw conclusions from the prosecution record, such as, "it appears that both Drs. Koziel and Evola had a duty to tell the patent office about either Dr. Fowler's Patent Applications [sic], and did not comply with that duty." (Id. at A118)

Dr. Messing received an M.S. degree in Pharmacy from the Free University of Berlin, and a doctorate degree from the Ludwig Maximilian University of Munich.  (Id. at A140)  He is a member of the Rutgers faculty, and has founded both Rutger's Department of Molecular Biology and Biochemistry, and its Department of Genetics.  (Id.)  Section VII of Dr. Messing's expert report, entitled "All of the Patent Claims are Unenforceable Due to the Inequitable Conduct of Syngenta and Its Counsel," discusses the PTO's policy of candor and its application to the plaintiff's duty to disclose certain prior art.[1] (Id. at A142)  In part A of this section, Dr. Messing concludes that the plaintiff is not entitled to the conception date cited in the three patents. (Id. at A156)  In the other parts of Section VII, he concludes that plaintiff did know, or at least should have known, that it was failing to disclose necessary information to the PTO. (Id. at A157-A164)

---

[1] Of course, any claims of inequitable conduct will be presented in a bench trial, further obviating the need for legal experts.

III. DISCUSSION

I have issued guidelines for patent litigation that explicitly state, "expert testimony from attorneys regarding patent practice and procedure is not required and will not be permitted except in the case of extraordinary circumstances."[2] (D.I. 222 at A001)  In all patent cases tried before me, the jury is shown a Federal Judicial Center video about patent law, PTO policies and procedures.  I have determined that this video is a sufficient basis for instructing jurors.  I am not convinced that additional information about patent law is required in this case.  Therefore, pursuant to this court's guidelines on legal testimony in patent cases, the expert opinions challenged by the plaintiff are excluded.

IV. CONCLUSION

Therefore, at Wilmington this 8th day of September, 2004;

IT IS ORDERED that plaintiff's motion to exclude (D.I. 220) is granted.

_____
United States District Judge

---

[2] These guidelines are also available at http://www.ded.uscourts.gov/SLRmain.htm.

# EXHIBIT 2

**THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY**

# EXHIBIT 3

**THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY**