IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MONSANTO COMPANY, et al.,   )
                            )
        Plaintiffs,         )
                            )
    v.                      )   Civ. No. 04-305-SLR
                            )
SYNGENTA SEEDS, INC., et al., )
                            )
        Defendants.         )

**O R D E R**

At Wilmington this 8th day of November, 2006, having reviewed various pending motions and the papers submitted in connection therewith;

IT IS ORDERED that:

1. Syngenta's motion for leave to amend the second amended complaint (D.I. 491), in order to withdraw the allegations contained in paragraph 133 and count III of said complaint, is granted.

2. Monsanto's motion to dismiss with prejudice the allegations contained in paragraph 133 and count III of Syngenta's second amended complaint (D.I. 486) is denied as moot.

3. Monsanto's motion to stay the trial in the antitrust action pending resolution of Monsanto's patent claims on appeal (D.I. 488) is granted, for the reasons that follow:

a.  Monsanto and Syngenta have been arguing about the inter-relatedness of Monsanto's patent claims and Syngenta's antitrust claims since the latter claims were filed.  Indeed, the parties have argued both sides of the factual dispute depending upon the legal context at issue (e.g., a motion to stay versus a motion for Rule 54(b) certification).

b.  The question of whether to stay the antitrust case pending appeal is committed to the discretion of the court and ultimately should be resolved in favor of the "choice most likely to result in a just final disposition of the litigation." <u>In re Innotron Diagnostics</u>, 800 F.2d 1077, 1085 (Fed. Cir. 1986).

c.  Despite the contentious nature of this litigation, it is undisputed that there is at least a minimal overlap between the patent case and the antitrust case; therefore, the outcome of the patent appeal necessarily will affect the complexion of the antitrust case to some extent.  Having granted Monsanto's Rule 54(b) motion, the court concludes that the better course of action is to stay the trial of the antitrust case until the appeal of the patent case has been resolved.

d.  The pending motions (D.I. 415, 499, 501, 503) are denied without prejudice to renew.  Further, the court will try the patent and antitrust cases during the same period of time,

should Monsanto prevail on appeal.[1]

_____
United States District Judge

---

[1] This means that trial of the patent issues will await my resolving whatever motions are renewed in the antitrust case.