IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-305-SLR (Consol.) |
| | ) | |
| SYNGENTA SEEDS, INC., *et al.*, | ) | **Redacted Version -** |
| | ) | **Publicly Filed** |
| Defendants. | ) | |

## ANSWERING BRIEF IN OPPOSITION TO MONSANTO'S MOTION TO EXCLUDE GERALD BJORGE'S EXPERT TESTIMONY

YOUNG CONAWAY STARGATT & TAYLOR, LLP
John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Syngenta Seeds, Inc.*

Of Counsel:

SHEARMAN & STERLING LLP
Richard F. Schwed
Stephen Fishbein
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Heather Lamberg Kafele
Jonathan R. DeFosse
Keith R. Palfin
801 Pennsylvania Avenue, N.W.
Washington D.C. 20004-2634
(202) 508-8000

Dated: November 3, 2006

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS .................................................. 1

SUMMARY OF ARGUMENT ...................................................................................... 2

STATEMENT OF FACTS .............................................................................................. 3

ARGUMENT ................................................................................................................... 9

I.      MR. BJORGE'S TESTIMONY IS RELIABLE........................................................ 10

II.     MR. BJORGE'S TESTIMONY IS RELEVANT TO THE ISSUE OF OBJECTIVELY
        BASELESS LITIGATION ...................................................................................... 11

        A.    Mr. Bjorge Will be Testifying in an Antitrust Action, Not a Patent Action............ 11

        B.    Mr. Bjorge's Testimony Will Assist the Jury in Making its Factual
              Determinations........................................................................................................... 12

        C.    Mr. Bjorge and Monsanto's Expert Agree that a Reasonable Litigant would Need to
              Consider Relevant Case Law Prior to Filing Suit....................................................... 13

CONCLUSION................................................................................................................ 16

Syngenta Seeds, Inc. ("Syngenta") respectfully submits this answering brief in opposition to the motion filed by Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") to exclude Gerald Bjorge's expert testimony. (Docket Item ("D.I.") 500.)

## NATURE AND STAGE OF THE PROCEEDINGS

This is a civil action in which three separate actions are consolidated: (1) 04-305, (2) 05-355, and (3) 04-908. Actions 04-305 and 05-355 were brought by Monsanto or its wholly owned subsidiary DeKalb and alleged infringement of three Monsanto patents (collectively "the patent action"). These patents include U.S. Patent No. 4,940,835 ("the Shah patent"), and U.S. Patent Nos. 5,538,880 and 6,013,863 (collectively "the Lundquist patents"). On May 10, 2006, this Court granted Syngenta's motions for summary judgment of non-enablement of the Shah patent and non-infringement of the Lundquist patents and adopted all but one of Syngenta's proposed constructions of the patent claims. (D.I. 375.) On May 11, 2006, this Court entered judgment for Syngenta. (D.I. 378.) Following Rule 54(b) certification, Monsanto appealed the adverse summary judgment decision. *Monsanto Co. v. Syngenta Seeds, Inc.*, Appeal No. 06-1472 (Fed. Cir.). The appeal is still pending.

C.A. No. 04-908 involves antitrust claims brought by plaintiff Syngenta, including claims based on Monsanto's conduct in bringing the patent actions, and related counterclaims brought by Monsanto (collectively "the antitrust action"). On July 25, 2006, Syngenta served an expert report for Gerald Bjorge supporting Syngenta's claim that Monsanto's patent action was objectively baseless. Monsanto served the report of its rebuttal expert to Mr. Bjorge, Lawrence J. Goffney, Jr., on August 21, 2006. The antitrust action is currently set for trial on January 8, 2007.

1

## SUMMARY OF ARGUMENT

One of the issues before the jury in the antitrust action is whether Monsanto's patent action was objectively baseless, i.e., whether "no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993). To assist the jury, Syngenta enlisted the assistance of Gerald Bjorge, a patent attorney with more than forty years experience, who will offer testimony concerning the customs, practices, and actions of a reasonable litigant conducting a pre-suit patent infringement and validity investigation. (*See, e.g.*, D.I. 500, Ex. 2 at ¶¶ 1-6, 14, 20-21.) Mr. Bjorge's expert report thoroughly delineates the actions a reasonable litigant would take prior to filing a patent infringement action. He analyzes the facts available to Monsanto at the time of the filing of the suits against Syngenta on the Shah and Lundquist patents, discusses the actions Monsanto took in the less than 12-hours it had prior to filing suit on the Shah patent, and concludes that Monsanto failed to conduct an adequate pre-suit investigation. (*Id.* at Ex. 2, ¶¶ 14, 21-51. 56-57. 61-84. 86-87. 90-102.) In short, Mr. Bjorge's testimony will help the jury by providing context that will allow the jury to better understand the relevant facts.

Although Monsanto does not dispute that testimony such as that offered by Mr. Bjorge is relevant (*see* D.I. 500 at 2), Monsanto argues that Mr. Bjorge's testimony should nonetheless be excluded because this Court's practice is to limit the use of patent law experts in patent cases. (*See. e.g.*, D.I. 500 at 5-6 (and cases cited therein); Exs. 1 and 4.) The obvious flaw in Monsanto's argument, however, is that this is an *antitrust* case involving a claim of objectively baseless litigation. not a patent infringement case. Monsanto cites no authority for the proposition that a patent expert should be excluded from providing expert testimony in an antitrust case pertaining to the customs, practices, and actions of a reasonable litigant prior to filing a patent infringement lawsuit.

2

Monsanto also ignores large portions of Mr. Bjorge's expert report and misquotes those portions it does address. When read in its entirety, Mr. Bjorge's expert report and proposed testimony is directly related to the actions a reasonable litigant would take prior to filing an action for patent infringement, the actions Monsanto actually took, and whether a reasonable litigant would realistically expect to succeed on the merits of the Shah and Lundquist patent actions. Without this expert testimony, the jury will be left unguided in determining whether Monsanto's pre-suit activities were reasonable. *See* Fed. R. Evid. 702. That Mr. Bjorge's opinions rely upon the state of the law of non-infringement and non-enablement as background does not mean that his testimony will supplant the function of this Court or the jury. Rather, since this Court has already decided the issues of claim construction, non-infringement, and non-enablement in Syngenta's favor (*see* D.I. 375), the jury need only decide whether Monsanto's patent actions were objectively baseless. As such, Mr. Bjorge's expert testimony is relevant, reliable, and will assist the jury to determine facts in dispute. *See Waco Int'l, Inc. v. KHK Scaffolding Houston, Inc.*, 278 F.3d 523, 533 (5th Cir. 2002) (permitting an attorney to provide expert testimony because "in order for the jury to understand the standard of care as [it] applies to a trademark owner's conduct in seeking a seizure, the expert has to explain what the law is, because the standard of care is defined in part by the law"). For these reasons, Monsanto's *motion to exclude Mr. Bjorge should be denied.*

## STATEMENT OF FACTS

On May 12, 2004, Syngenta announced that it had acquired rights to GA21 corn technology from Bayer CropScience, a successor of Rhone-Poulenc Agro, S.A. ("RPA"). (Ex. A.) The same day, Monsanto sued Syngenta for infringement of the Shah patent in this Court.

On July 27, 2004, DeKalb, a wholly owned subsidiary of Monsanto, sued Syngenta in the Northern District of Illinois, alleging that Syngenta had infringed the Lundquist patents in connection with Syngenta's making and using of GA21 corn.

On July 28, 2004, Syngenta filed this antitrust action against Monsanto. In its complaint, Syngenta alleged that Monsanto's patent actions were objectively baseless because Monsanto knew or should have known that the Shah patent was not enabled and that Syngenta had not infringed any of the Lundquist patents' process claims. (*See* D.I. 101 at ¶¶ 72-78.)

To support its objectively baseless litigation claim, Syngenta sought the expert opinion of Mr. Gerald Bjorge, and served his expert report on July 26, 2006. Mr. Bjorge is an experienced patent attorney, practicing for over forty years before the Federal Circuit, its predecessor, the U.S. Court of Customs and Patent Appeals ("C.C.P.A."), numerous U.S. district courts, and the United States Patent and Trademark Office ("PTO"). (D.I. 500, Ex. 2 at ¶ 1.) Mr. Bjorge served as an Examiner-in-Chief for the Board of Patent Appeals and Interferences and was also former patent examiner and Associate Solicitor for the PTO. (*Id.* at ¶ 3.) Mr. Bjorge also served as a Technical Advisor to the Honorable Eugene Worley, Chief Judge of the C.C.P.A. (*Id.* at ¶ 4.) Finally, Mr. Bjorge has participated in numerous pre-suit patent infringement investigations. (Bjorge Tr. (Ex. B) at 16.) Considering the breadth of Mr. Bjorge's relevant experience, Monsanto has not sought to exclude Mr. Bjorge on the basis that he is unqualified.

In his expert report, Mr. Bjorge sets forth the objective of his inquiry:

# REDACTED

REDACTED

(D.I. 500. Ex. 2 at ¶ 14.)  To address these questions, Mr. Bjorge states that

*Id.* at ¶ 21.)

**REDACTED**

**REDACTED**

5

(*Id.* (bracketed numbers added).)[1]  Absent Mr. Bjorge's testimony, the jury will be left to guess as to what actions a reasonable litigant should take prior to filing suit

**REDACTED**

**REDACTED**

REDACTED

(Hoerner Tr. (Ex. D) at 38, 45, 59, 61, 63-64 and 92; D.I. 500, Ex. 2 at ¶¶ 29-38.)

REDACTED

(Ex. E at 41;

; D.I.

500. Ex. 2 at ¶ 41.)

REDACTED

---

[2] Monsanto recently supplemented this interrogatory response. This supplement did not, however, offer any additional information Monsanto considered concerning Syngenta's activities with GA21 corn prior to filing the patent actions.



REDACTED

REDACTED



REDACTED

Mr. Bjorge's expert report and proposed testimony, including his description of the customs, practices, and actions of a reasonable litigant conducting a pre-suit patent investigation, provide relevant information that will assist the jury to determine whether Monsanto's patent actions were objectively baseless.

## ARGUMENT

Under the principles set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and Rule 702 of the Federal Rules of Evidence, an expert should be allowed to testify if the subject matter of his testimony is relevant and reliable. *Daubert*, 509 U.S. at 594-95  ("The inquiry envisioned by Rule 702 is, we emphasize, a flexible one.  Its overarching subject is the scientific validity and thus the evidentiary relevance and reliability--of the principles that underlie a proposed submission."). Here, Mr. Bjorge's expert report and proposed testimony

meet both standards as they are grounded in fact, fundamental patent principles, and directly
address the actions a reasonable litigant would take prior to filing suit for patent infringement.

I.    MR. BJORGE'S TESTIMONY IS RELIABLE

Monsanto does not take issue with the reliability of Mr. Bjorge's expert report and
testimony. Specifically, Monsanto fails to dispute that Mr. Bjorge is an expert by "knowledge,
skill, experience, training, [and] education" qualified to render an opinion concerning the
customs and practices of a reasonable litigant conducting a pre-suit patent infringement
investigation. *See* Fed. R. Evid. 702. Monsanto also does not assert that Mr. Bjorge's opinion is
not based on "sufficient facts or data" or is not the "product of reliable principles." *See id.*
Finally, Monsanto does not dispute that Mr. Bjorge "applied the principles and methods reliably
to the facts of the case." *See id.* The reliability of Mr. Bjorge's opinions is not in question.

Monsanto does assert, albeit with no support, that Mr. Bjorge failed to consider

# REDACTED

D.I.

500, Ex. 2 at ¶¶ 37-38, 65 and 84.)     REDACTED

*(Id.* at ¶ 21.) Moreover, Monsanto's assertion that Mr. Bjorge failed to consider certain
information can be addressed during cross-examination and does not form a valid basis to
exclude his testimony. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, [and]
presentation of contrary evidence . . . rather than wholesale exclusion ... are the appropriate
safeguards where the basis of scientific testimony meets the standards of Rule 702.") (internal
citations omitted).

## II.    MR. BJORGE'S TESTIMONY IS RELEVANT TO THE ISSUE OF OBJECTIVELY BASELESS LITIGATION

### A.    Mr. Bjorge Will be Testifying in an Antitrust Action, Not a Patent Action

Having failed to attack the reliability of Mr. Bjorge's testimony, Monsanto argues that "*in patent cases*, [] courts have routinely excluded patent lawyers from testifying to legal issues." (D.I. 500 at 6 (emphasis added); *id.* at 5 ("This Court has twice excluded Mr. Bjorge's testimony regarding patent law *in patent infringement cases*[.]" (emphasis added).) That this is the sole basis for Monsanto's motion is evidenced by the cases cited therein and exhibits attached thereto. Monsanto's "supporting" cases, *Endress Hauser, Inc. v. Hawk Measurement Sys. Pty., Ltd.*, 122 F.3d 1040 (Fed. Cir. 1997), *Brunswick Corp. v. United States*, 34 Fed. Cl. 532 (Ct. Fed. Cl. 1995), *W.R. Grace & Co. v. Viskase Corp.*, No. 90 C 5383, 1991 WL 211647 (N.D. Ill. Oct. 15, 1991), *Ondeo Nalco Co. v. EKA Chems., Inc.*, No. Civ. A. 01-537-SLR, 2003 WL 1524658 (D. Del. Mar. 21, 2003), and *Syngenta Seeds, Inc. v. Monsanto Co.*, Civ. No. 02-1331-SLR (D. Del. Sept. 8, 2004) (D.I. 500, Ex. 1), are all examples of *patent* cases where a court excluded testimony from a patent expert. This, however, is an *antitrust* case. Thus, the law cited by Monsanto is simply not relevant. Likewise, the Court's Guidelines concerning legal experts, attached as Exhibit 4 to Monsanto's motion, is entitled "Guidelines: Legal Expert Testimony *in Patent Cases*." (Emphasis added.) Those Guidelines have no applicability to antitrust actions.

The rationale for excluding patent experts from expounding on patent law in patent cases, set forth in the cases cited by Monsanto and the Court's Guidelines, is clear: when a jury must decide issues of patent infringement and validity, it is the court's duty to provide instructions on the law pertaining to those issues. That rationale, however, does not apply here. In the present case, the jury will not be asked nor instructed to determine whether Syngenta's GA21 products infringe the Lundquist patents or whether the Shah patent is invalid for lack of enablement—the

11

Court has already summarily decided those issues in Syngenta's favor. (D.I. 375 (from patent actions).) The jury need only decide whether Monsanto's patent actions were objectively baseless under the instructions of law given by the Court. Therefore, Mr. Bjorge should be permitted to testify concerning the actions a reasonable litigant would take in light of the facts in existence at the time Monsanto filed the Shah and Lundquist actions.

###### B.    Mr. Bjorge's Testimony Will Assist the Jury in Making its Factual Determinations

Rule 702 is clear: if an expert's testimony will assist the jury to understand the evidence or to determine a fact in issue, the expert's testimony is relevant. Here, to determine whether Monsanto's pre-suit activities were sufficient, the jury will need to know what actions a reasonable litigant would take prior to filing a patent infringement suit—without this context, the jury will not be able to determine whether Monsanto's patent actions were objectively baseless. Mr. Bjorge's report and proposed testimony provide this guidance.

Mr. Bjorge's expert report addresses the customary actions a reasonable litigant would take prior to filing a patent infringement lawsuit, whether Monsanto performed those reasonable steps prior to filing its patent actions, and, based on the limited actions Monsanto took prior to filing suit, whether a reasonable litigant would expect to succeed on the merits on patent infringement and validity. (*See, e.g.*, D.I. 500. Ex. 2 at ¶¶ 21, 29-35, 37-42, 46-51, 54-59, 63-70. 75-84, 86-94.) Mr. Bjorge's testimony will provide a foundation for the jury to determine whether Monsanto's patent actions were "reasonably calculated to elicit a favorable outcome." *Prof'l Real Estate Investors*, 508 U.S. at 60.

This type of expert testimony is common in civil litigations and should be allowed. *See, e.g.. Waco Int'l, Inc.*, 278 F.3d at 533 (affirming district court's decision to allow an expert to testify concerning standards of practice in the legal profession relevant to whether a petition for

12

seizure "was baseless and therefore brought in 'bad faith'"); *In re Holocaust Victim Assets Litig.*, 270 F. Supp. 2d 313, 316 (E.D.N.Y. 2002) ("Experienced practitioners can be deemed experts in their field of practice, and may render opinions of the competence and value of services performed by other practitioners."). Indeed, Monsanto acknowledged in its motion that testimony regarding its objective basis for filing suit is relevant and proper. (D.I. 500 at 2.) And its own expert, Mr. Goffney, provides testimony regarding pre-suit investigations similar to that of Mr. Bjorge's. (*See e.g.*, Ex. F at ¶¶ 66-67.) Given the relevancy of Mr. Bjorge's testimony concerning the customs, practices, and actions a reasonable litigant would take prior to filing a patent infringement lawsuit, he should be permitted to testify at trial.[4]

C.    **Mr. Bjorge and Monsanto's Expert Agree that a Reasonable Litigant would Need to Consider Relevant Case Law Prior to Filing Suit**

Contrary to Monsanto's allegation, Mr. Bjorge's reliance upon fundamental patent law principles in effect as of the dates of Monsanto's suits against Syngenta is not a basis to exclude his testimony. (D.I. 500 at 7.)    **REDACTED**

D.I.

500, Ex. 2 at ¶ 21.) But Mr. Bjorge's discussion of the law merely provides context for his opinions concerning what actions a reasonable litigant would take prior to filing suit and is not, as Monsanto suggests, the basis of his expert report and proposed testimony. (*See* D.I. 500 at 5-6.) Moreover, Mr. Goffney, Monsanto's expert, agreed that a reasonable litigant should consider

---

[4] If the Court determines that Mr. Bjorge cannot offer testimony concerning the customs, practices, and actions a reasonable litigant would take prior to filing a patent infringement lawsuit, then this Court should also preclude Mr. Goffney, Monsanto's expert, from offering testimony on these same issues.

relevant patent law prior to filing suit.[5] (Ex. C at 83-84; 203-04.) Mr. Bjorge does just that in his report and proposed testimony.

Allowing legal experts to provide testimony concerning the law is not forbidden by any rule, and should be allowed in instances where it will assist the jury in understanding the customs and practices an attorney generally takes prior to instigating a patent infringement suit. For instance, in *Waco Int'l, Inc.*, the district court allowed a trademark expert to testify as to "issues an attorney typically investigates in determining whether to pursue an *ex parte* seizure order." 278 F.3d at 533. This decision was affirmed by the Fifth Circuit. *Id.* The Fifth Circuit agreed that "in order for the jury to understand the standard of care as [it] applies to a trademark owner's conduct in seeking a seizure, the expert has to explain what the law is, because the standard of care is defined in part by the law." *Id.* (internal quotation omitted).

Similarly, in *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004), the Ninth Circuit held that the district court did not abuse its discretion by allowing testimony from an expert that was based on the expert's understanding of the law, none of which was directly at issue in the case. *Id.* at 1016-17. In its decision, the Ninth Circuit stated:

> Although Caliri's testimony that Defendants departed from insurance industry norms relied in part on his understanding of the requirement of state law, . . . . "a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms."

*Id.* at 1017 (citing *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988)).

---

[5] Despite Mr. Goffney's assertion that he will not provide testimony concerning the law, his expert report is necessarily based on his understanding of relevant patent law and the patent statute as they existed as of May 12, 2004. (*See e.g.*, Ex. F at ¶ 80-81, 83, 98, 114, 116, 118, 122-126.) Accordingly, if the Court determines that Mr. Bjorge is not entitled to provide any testimony concerning the relevant law as of the May 12, 2004 filing date of the first Monsanto patent action, then this Court also preclude Mr. Goffney from offering similar testimony.

14

Like the attorney in *Waco* and the expert in *Hangarter*, Mr. Bjorge's testimony will assist the jury to understand what a reasonable litigant would or should know and do prior to filing a patent lawsuit. For example, **REDACTED**

# REDACTED

*See e.g.*, D.I. 500, Ex. 2 at ¶¶ 23 and 34.) That is, the standard for patent infringement "is defined in part by the law." *Waco Int'l. Inc.*, 278 F.3d at 533. Additionally, for the jury to understand that Monsanto had no reasonable basis to believe that it could succeed on the merits of infringement of the dependent claims of the Lundquist patents, Mr. Bjorge would have to explain that to be liable for infringement of a dependent claim, the alleged infringer must also be liable for infringement of the corresponding independent claim. (D.I. 500, Ex. 2, at ¶ 69-70, 74-75. and 86.) Neither of these legal principles, nor any of the others discussed by Mr. Bjorge, are directly at issue in this antitrust case and, thus, his testimony will not usurp the function of this Court. More importantly, without this information, the jury will lack the context necessary to decide whether Monsanto's patent actions were objectively baseless.

15

## CONCLUSION

Mr. Bjorge's expert report and proposed testimony meet all the requirement of Rule 702.

Accordingly, Syngenta respectfully requests that this Court permit Mr. Bjorge to testify at trial

on the matters set forth in his expert report and deny Monsanto's motion to exclude.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR,
LLP

John W. Shaw (No. 3362)
Rolin P. Bissell (No. 4478)
Karen Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Syngenta Seeds, Inc.*

Of Counsel:

SHEARMAN & STERLING LLP
Richard F. Schwed
Stephen Fishbein
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Heather Lamberg Kafele
Jonathan R. DeFosse
Keith R. Palfin
801 Pennsylvania Avenue, N.W.
Washington D.C. 20004-2634
(202) 508-8000

Dated: November 3, 2006

16

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on November 3, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street
> Wilmington, DE 19899-0951

I further certify that on November 3, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY FEDERAL EXPRESS**
>
> Peter E. Moll, Esquire
> John J. Rosenthal, Esquire
> Howrey Simon Arnold & White, LLP
> 1299 Pennsylvania Ave., N.W.
> Washington, D.C. 20004
>
> Susan Knoll, Esquire
> Howrey Simon Arnold & White, LLP
> 1111 Louisiana, 25th Floor
> Houston, TX 77002-5242
>
> Kenneth A. Letzler, Esquire
> Arnold & Porter LLP
> 555 12th Street, N.W.
> Washington, D.C. 20004

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Defendants

DB01:1592775.1