

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

January 7, 2008

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
U.S. District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware  19801

      Re:   *Monsanto Company, et al. v. Syngenta Seeds, Inc., et al.*
            C. A. No. 04-305-SLR

Dear Judge Robinson:

      In the context of the scheduling for the trial date in this matter, we felt it appropriate to bring to your attention the July 2008 trial setting of a related patent case, *DeKalb Genetics Corporation v. Syngenta Seeds, et al.*, Case No. 06-CV-1191, pending before Judge E. Richard Webber in the United States District Court for the Eastern District of Missouri (the "Missouri action").  A three-week jury trial will commence on July 7, 2008.

      DeKalb (a wholly-owned subsidiary of Monsanto) brought the Missouri action against Syngenta for infringement of the Lundquist '798 patent.  One of the products accused of infringement is Syngenta's transgenic corn product based upon the GA21 trait that was at issue in the prior patent action in this Court involving the Lundquist '880 and '863 patents.  However, the '798 patent is significantly different than the '880 and '863 patents because the '798 patent contains product claims (not method claims) that are not implicated by this Court's prior summary judgment order now on appeal before the Federal Circuit.  On December 21, 2007, the Missouri court issued its order construing the claims of the '798 patent and adopted most of DeKalb's proposed constructions.  Under the Missouri court's construction, Syngenta has conceded in response to a contention interrogatory and in an expert report that its Agrisure GT corn products are literally encompassed by claims 1-5 of the '798 patent.  A result in the Missouri action – as things now stand (in Monsanto's favor) – will have a significant impact on the antitrust claims in this case because Syngenta would **not** have any legal right to make, use, or sell a GA21 product.  Such a resolution would also be relevant to Syngenta's allegation that Monsanto filed "baseless" patent claims.  Moreover, at least some of the same trial team and fact witnesses will be involved in both the Syngenta antitrust case and the Missouri patent case

The Honorable Sue L. Robinson
January 7, 2008
Page 2

      In light of the potential impact of the Missouri patent action on Syngenta's antitrust claims pending before this Court, we thought that, in conjunction with the pending Federal Circuit appeal, the Court should be aware of these developments in the Missouri action in advance of the next hearing at which the Court indicated it would set a pretrial schedule.

Respectfully,

/s/ *Richard L. Horwitz*

Richard L. Horwitz

841096/28128

cc:    Clerk of the Court (via hand delivery)
       John W. Shaw (via electronic mail)
       Peter E. Moll (via electronic mail)
       John J. Rosenthal (via electronic mail)
       Richard F. Schwed (via electronic mail)