IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONSANTO COMPANY, *et al.*,       )
                                  )
            Plaintiffs,           )
                                  )
      v.                          )          C.A. No. 04-305-SLR (Consol.)
                                  )
SYNGENTA SEEDS, INC., *et al.*,   )
                                  )
            Defendants.           )

### SYNGENTA'S PROPOSED SPECIAL VERDICT FORM NO. 1[1]

### SYNGENTA'S MONOPOLIZATION CLAIMS[2]

1.    Do you find by a preponderance of the evidence that the market for licensing glyphosate-tolerant ("GT") or herbicide-resistant corn traits or the market for licensing European Corn Borer-resistant ("ECB") corn traits is a valid antitrust market?

_____ YES _____ NO

*Proceed to Question 2.*

2.    Do you find by a preponderance of the evidence that Monsanto possessed a monopoly power in either the market for licensing glyphosate-tolerant ("GT") or herbicide-resistant corn traits or the market for licensing European Corn Borer-resistant ("ECB") corn traits?

---

[1]    Fed R. Civ. P. 49(a); *Stanton v. Astra Pharmaceutical Products, Inc.*, 718 F.2d 553, 575 (3d Cir. 1983) (if answers cannot be made consistent judge has the power to resubmit inconsistent answers to the jury for further deliberations).

[2]    ABA Section of Antitrust Law, *Model Jury Instructions in Civil Antitrust Cases*, C-2-3 (2005 ed.); *Verizon Communications, Inc. v. Law Offices of Curtis V. Trinko, LLP*, 124 S. Ct. 872, 878-79 (2004); *Brunswick v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977); *United States v. Grinnell Corp.*, 384 U.S. 563 (1966); *LePage's Inc. v. 3M*, 324 F.3d 141 (3d Cir. 2003); *Times Picayune Publishing Corp. v. United States*, 345 U.S. 594 (1953); *American Tobacco Co. v. United States*, 328 U.S. 781 (1946); *United States v. Paramount Pictures*, 334 U.S. 131 (1948); *Travelers Ins. Co. v. Blue Cross of Western Pennsylvania*, 481 F.2d 80 (3d Cir. 1973).

_____ YES _____ NO

*Proceed to Question 3.*

3.      Do you find by a preponderance of the evidence that Monsanto willfully maintained its monopoly power by engaging in anticompetitive conduct?

_____ YES _____ NO

*Proceed to Question 4.*

4.      Do you find by a preponderance of the evidence that Monsanto's conduct occurred in or affected interstate commerce?

_____ YES _____ NO

*Proceed to Question 5.*

5.      Do you find by a preponderance of the evidence that Syngenta has been injured in its business or property as a result of Monsanto's actions?

_____ YES _____ NO

*If your answer was NO to any of the foregoing questions, do not answer Question 6.  Instead, proceed to the next Special Verdict Form.  If your answers to all of the foregoing questions were YES, proceed to Question 6.*

6.      What is the amount of damages, if any, Syngenta is entitled to recover?

$ _____

*Proceed to the next Special Verdict Form.*

_____   Accepted
_____   Rejected
_____   Accepted as modified

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONSANTO COMPANY, *et al.*,      )
                                 )
           Plaintiffs,           )
                                 )
        v.                       )           C.A. No. 04-305-SLR (Consol.)
                                 )
SYNGENTA SEEDS, INC., *et al.*,  )
                                 )
           Defendants.           )


**SYNGENTA'S PROPOSED SPECIAL VERDICT FORM NO. 2[1]**


**SYNGENTA'S LANHAM ACT CLAIM[2]**


1.    Do you find by a preponderance of the evidence that Monsanto made false or misleading statements about its goods or services, or about Syngenta's goods or services?

           _____ YES    _____ NO

      *Proceed to Question 2.*


2.    Do you find by a preponderance of the evidence that the false or misleading statements actually deceived or had a tendency to deceive a substantial portion of the intended audience?

           _____ YES    _____ NO

      *Proceed to Question 3.*

---

[1]    Fed R. Civ. P. 49(a); *Stanton v. Astra Pharmaceutical Products, Inc.*, 718 F.2d 553, 575 (3d Cir. 1983) (if answers cannot be made consistent judge has the power to resubmit inconsistent answers to the jury for further deliberations).

[2]    *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 872 (3d Cir. 1992); *U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 922-23 (3d Cir. 1990).

3.      Do you find by a preponderance of the evidence that the deception was likely to influence purchasing decisions?

          ____ YES ____ NO

          *Proceed to Question 4.*

4.      Do you find by a preponderance of the evidence that Syngenta was, or is likely to be, damaged by the misrepresentation?

          ____ YES ____ NO

          *If your answer was NO to any of the foregoing questions, do not answer Question 5. Instead, proceed to the next Special Verdict Form. If your answers to all of the foregoing questions were YES, proceed to Question 5.*

5.      What is the amount of damages, if any, Syngenta is entitled to recover?

          $ _____

          *Proceed to the next Special Verdict Form.*


____   Accepted
____   Rejected
____   Accepted as modified

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-305-SLR (Consol.) |
| | ) | |
| SYNGENTA SEEDS, INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## SYNGENTA'S PROPOSED SPECIAL VERDICT FORM NO. 3[1]

## MONSANTO'S COUNTERCLAIM FOR
## VIOLATIONS OF THE DELAWARE DECEPTIVE TRADE PRACTICES ACT[2]

1.      Do you find by a preponderance of the evidence that Syngenta represented that its goods or services were of a particular standard, quality, grade, style or model?

_____ YES _____ NO

*Proceed to Question 2.*

2.      Do you find by a preponderance of the evidence that this representation is demonstrably or measurably false?

_____ YES _____ NO

*Proceed to Question 3.*

---

[1]      Fed R. Civ. P. 49(a); *Stanton v. Astra Pharmaceutical Products, Inc.*, 718 F.2d 553, 575 (3d Cir. 1983) (if answers cannot be made consistent judge has the power to resubmit inconsistent answers to the jury for further deliberations).

[2]      6 Del. C. § 2532(a)-(b); *Grand Ventures, Inc. v. Whaley*, 632 A.2d 63, 67 (Del. 1993); *Spanish Tiles, Ltd. v. Hensey*, 2005 WL 3981740, *4 (Del.Super. 2005).

3.    Do you find by a preponderance of the evidence that this representation was made in the course of Syngenta's business?

＿＿＿ YES ＿＿＿ NO

*Proceed to the next Special Verdict Form.*

＿＿＿ Accepted
＿＿＿ Rejected
＿＿＿ Accepted as modified

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONSANTO COMPANY, *et al*.,    )
             )
       Plaintiffs,    )
             )
      v.    )    C.A. No. 04-305-SLR (Consol.)
             )
SYNGENTA SEEDS, INC., *et al*.,    )
             )
       Defendants.    )

## <u>SYNGENTA'S PROPOSED SPECIAL VERDICT FORM NO. 4[1]</u>

### MONSANTO'S COUNTERCLAIM FOR
### TORTIOUS INTERFERENCE WITH A CONTRACT[2]

1.      Do you find by a preponderance of the evidence that Monsanto had a valid contract with Garst at the time of Syngenta's conduct?

      \_\_\_\_ YES \_\_\_\_ NO

      *Proceed to Question 2.*

2.      Do you find by a preponderance of the evidence that Syngenta knew the contract was in existence?

      \_\_\_\_ YES \_\_\_\_ NO

---

[1]    Fed R. Civ. P. 49(a); *Stanton v. Astra Pharmaceutical Products, Inc.*, 718 F.2d 553, 575 (3d Cir. 1983) (if answers cannot be made consistent judge has the power to resubmit inconsistent answers to the jury for further deliberations).

[2]    *AT&T v. Central Office Tel.*, 524 U.S. 214 (1998) (general discussion of claim); *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470 (Fed. Cir. 1998) (Restatement of Torts elements); *Gill v. Delaware Park LLC*, 294 F. Supp. 2d 638, 645 (D. Del. 2003); *Wallace v. Wood*, 752 A.2d 1175, 1182 (Del. Ch. 1999); *Irwin & Leighton, Inc., v. W.M. Anderson Co.*, 532 A.2d 983, 992-93 (Del. Ch. 1987); *Bowl-Mor Company Inc. v. Brunswick Corp.*, 297 A.2d 61, 64 (Del. Ch. 1972); *see also* RESTATEMENT (SECOND) TORTS §§ 766, 767 (1965).

*Proceed to Question 3.*

3.      Do you find by a preponderance of the evidence that, by its conduct, Syngenta intentionally and improperly interfered with Monsanto's contract with Garst?

_____ YES _____ NO

*Proceed to Question 4.*

4.      Do you find by a preponderance of the evidence that, as a proximate result of Syngenta's acts, Garst was induced to breach its contact with Monsanto?

_____ YES _____ NO

*Proceed to Question 5.*

5.      Do you find by a preponderance of the evidence that, as a proximate result of Syngenta's conduct, Monsanto suffered damages?

_____ YES _____ NO

*If your answer was NO to any of the foregoing questions, do not answer Question 6.  Instead, proceed to the next Special Verdict Form.  If your answers to all of the foregoing questions were YES, proceed to Question 6.*

6.      What is the amount of damages, if any, Monsanto is entitled to recover?

$ _____

*If you have completed all the Special Verdict Forms, sign below and record that you have reached a verdict.*


_____ Accepted
_____ Rejected
_____ Accepted as modified

2

Respectfully submitted,

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP


/s/ *John W. Shaw*
John W. Shaw (No. 3362)
Michele Sherretta Budicak (No. 4651)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Syngenta Seeds, Inc., Syngenta*
*Corporation, Syngenta Biotechnology, Inc.,*
*Advanta USA, Inc., Garst Seed Company, and*
*Golden Harvest Seeds, Inc.*


Of Counsel:

SHEARMAN & STERLING LLP
Richard F. Schwed
Stephen Fishbein
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Heather Lamberg Kafele
Keith R. Palfin
801 Pennsylvania Avenue, N.W.
Washington D.C. 20004-2634
(202) 508-8000

Dated:  May 8, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street
> Wilmington, DE 19899-0951

I further certify that on May 8, 2008, copies of the foregoing document will be served by e-mail on the above listed counsel. I additionally certify that copies of the foregoing document are being served on the following non-registered participants as indicated below:

### BY E-MAIL

John J. Rosenthal, Esquire
Peter E. Moll, Esquire
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Kenneth A. Letzler, Esquire
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004

Susan Knoll, Esquire
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John W. Shaw
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherretta Budicak (No. 4651)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Syngenta Seeds, Inc., Syngenta
Corporation, Syngenta Biotechnology, Inc.,
Advanta USA, Inc., Garst Seed Company,
and Golden Harvest Seeds, Inc.*

2

059155.1010