# EXHIBIT 1

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C. A. No. 04-305-SLR |
| SYNGENTA SEEDS, INC.,<br>SYNGENTA BIOTECHNOLOGY, INC., | )<br>)<br>) | |
| Defendants. | )<br>) | |
| | | (Consolidated) |
| SYNGENTA SEEDS, INC., | ) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 04-908-SLR |
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC, | )<br>)<br>) | |
| Defendants. | )<br>) | |

## MONSANTO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO SYNGENTA SEEDS, INC. ON ITS ANTITRUST CLAIMS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, defendants Monsanto Company and Monsanto Technology LLC (collectively "Monsanto"), hereby request that plaintiff Syngenta Seeds, Inc. ("Syngenta") produce for inspection and copying the documents and things identified below within thirty (30) days, at the offices of Howrey LLP, 1299 Pennsylvania Avenue, N.W., Washington, D.C. 20004, or at such other place as may be mutually agreed upon.

corn seeds; (d) transgenic corn technology; and/or (e) herbicides used in conjunction with any transgenic or conventional corn seeds.

40.    All documents that refer or relate to the marketing or sales strategies you use to attempt to influence a company's, distributor's, dealer's, retailer's, or grower's decision-making process to purchase, sell or license: (a) corn traits; (b) hybrid corn seeds; (c) inbred corn seeds/foundation corn seeds; (d) transgenic corn technology; and/or (e) herbicides used in conjunction with any transgenic or conventional corn seeds.

41.    A copy of any advertisement, advertising copy, commercial, marketing literature, sales literature, promotional literature, sales guide, buying guide or other promotional or marketing materials used in the sale, purchase or license of your: (a) corn traits; (b) hybrid corn seeds; (c) inbred corn seeds/foundation corn seeds; (d) transgenic corn technology; and/or (e) herbicides used in conjunction with any transgenic or conventional corn seeds.

42.    To the extent not produced in response to another request herein, all documents that refer or relate to any intellectual property rights you allegedly purchased, acquired, licensed or otherwise obtained from Bayer relating to GA21 or any transgenic corn trait/seeds, including all communications, memoranda, analyses, license agreements, contracts, press releases, e-mails, financial statements, projections, notes, agreements, correspondence, and reports.

43.    To the extent not produced in response to another request herein, all documents that refer or relate to the development, production, purchase, sale, licensing, marketing and/or commercialization of a GA21 event or any product containing the GA21 event, including plans, agreements, invoices, correspondence, press releases and communications.

44.    To the extent not produced in response to another request herein, all documents that refer or relate to the transfer, sale, or license of the GA21 event or any

product containing the GA21 event to or from any affiliate, including, but not limited to, Golden Harvest.

45.     All documents that refer or relate to your sale or license or the intent to sell or license any stacked trait product that includes the GA21 event, including, but not limited to, projections, plans, analyses or studies.

46.     Documents sufficient to identify any trade name or trademarks used by you in the sale or licensing of any corn traits, hybrid corn seed, inbred corn seed/foundation seeds or transgenic corn technology, the owner of that trade name or trademark and any agreement between or among you and that owner regarding the use or licensing of that trade name or trademark, including, but not limited to, Agrisure or Agrisure Advantage.

47.     All documents submitted to any state, federal, or foreign other government agencies regarding the approval to sell or market any product containing a GA21 event.

48.     All documents that refer or relate to the Liberty Link marker contained in your Bt11 product.

49.     All documents that refer or relate to any permission or prohibition by you or any other competitor regarding the stacking of transgenic corn traits.

50.     All documents that refer or relate to any actual or contemplated request by anyone to Monsanto regarding the stacking of any of Monsanto transgenic corn traits.

51.     All documents that refer or relate to any effort, interest, discussion or negotiations regarding your licensing Monsanto's Roundup Ready® corn trait.

52.     All documents that refer or relate to any actual or contemplated effort by you to develop your own herbicide-resistant corn trait or corn seed.

53.     All surveys, polls, focus groups or other market research conducted by you or on your behalf regarding development, production, purchase, sale, licensing, marketing and/or commercialization in the United States of: (a) corn traits; (b) hybrid corn seeds; (c) inbred corn seeds/foundation corn seeds; and/or (d) transgenic corn technology.

- 16 -

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEKALB GENETICS CORPORATION, | Civil Action No. 04 C 50323 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| SYNGENTA SEEDS, INC., | Judge Philip G. Reinhard |
| SYNGENTA BIOTECHNOLOGY, INC., | |
| GOLDEN HARVEST SEEDS, INC., | Magistrate Judge P. Michael Mahoney |
| GARWOOD SEED CO., | |
| GOLDEN SEED COMPANY, L.L.C., | |
| SOMMER BROS. SEED COMPANY, | |
| THORP SEED CO., AND | |
| JC ROBINSON SEEDS, INC. | |
| Defendants. | |

## DEKALB'S SECOND SET OF INTERROGATORIES (NOS. 4-13)

Plaintiff DEKALB Genetics Corporation ("DEKALB") serves the following interrogatories upon Defendants Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds, Inc. (collectively "Defendants"). Defendants shall respond to these interrogatories in writing, under oath within thirty (30) days from the date of service. These interrogatories are deemed to be continuing in nature to the full extent required under the Federal Rules so as to require a prompt supplemental answer should Defendants obtain further information relating thereto between the time the answers are served and the time of trial.

## INSTRUCTIONS AND DEFINITIONS

The following definitions and instructions are applicable to terms employed in these interrogatories:

**INTERROGATORY NO. 12.**

Describe in detail all facts and evidence which Defendants contend support any allegation that Defendants have any express or implied rights under the '880 and/or '863 patent(s) to make and use glyphosate resistant *Zea mays* plants and that DEKALB is contractually precluded from asserting the '880 and/or '863 patent(s) against Defendants for certain uses of glyphosate resistant *Zea mays* plants.

**INTERROGATORY NO. 13.**

Describe in detail all facts relating to Defendants' acquisition and use of GA21 *Zea mays* or progeny or derivatives thereof from any source, including but not limited to the glyphosate resistant GA21 *Zea mays* seed identified by Defendants in response to DEKALB's Interrogatory No. 1, identifying all materials acquired, the source of those materials, and to the extent applicable, the lineage or "chain of custody" of the materials as traced back to DEKALB and/or Monsanto when such materials were acquired, by whom such materials were acquired, where such materials were acquired, how and where Defendants have used or intend to use such materials to develop glyphosate resistant corn seed and corn products, and any agreements relating to Defendants' acquisition and use of such materials.

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEKALB GENETICS CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>SYNGENTA SEEDS, INC.,<br>SYNGENTA BIOTECHNOLOGY, INC.,<br>GOLDEN HARVEST SEEDS, INC.,<br>GARWOOD SEED CO.,<br>GOLDEN SEED COMPANY, L.L.C.,<br>SOMMER BROS. SEED COMPANY,<br>THORP SEED CO., AND<br>JC ROBINSON SEEDS, INC.<br><br>      Defendants. | Civil Action No. 04 C 50323<br><br>JURY TRIAL DEMANDED<br><br>Judge Philip G. Reinhard<br><br>Magistrate Judge P. Michael Mahoney |

## DEKALB'S THIRD SET OF INTERROGATORIES (NO. 14)

Plaintiff DEKALB Genetics Corporation ("DEKALB") serves the following interrogatory upon Defendants Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Co., Golden Seed Company, L.L.C., Sommer Bros. Seed Company, Thorp Seed Co., and JC Robinson Seeds, Inc. (collectively "Defendants"). Defendants shall respond to this interrogatory in writing, under oath within thirty (30) days from the date of service. This interrogatory is deemed to be continuing in nature to the full extent required under the Federal Rules so as to require a prompt supplemental answer should Defendants obtain further information relating thereto between the time the answers are served and the time of trial.

## INSTRUCTIONS AND DEFINITIONS

The following definitions and instructions are applicable to terms employed in this interrogatory:

22.    MEANING OF TERMS. For purposes of these interrogatories, terms not specifically defined shall be given their ordinary meaning.  Should Defendants be unable to understand the meaning of any term, it is invited to immediately seek clarification through Plaintiff's counsel.

## INTERROGATORIES

**INTERROGATORY NO. 14.**

Provide a detailed pedigree of the lineage of each of the hybrids H-8845GT, H-8845RR, H-7371GT, H-8124GT, and H-8124RR, including a description of any transgene contained within such hybrid, and further, describe from where, from whom, from what entity, and in what germplasm the transgene was originally obtained from any third party source (including without limitation Monsanto, DeKalb, Bayer, Aventis or Rhone Poulenc), identify when such germplasm was obtained and the circumstances surrounding its obtention, and describe in detail all steps involved in the introgression of the transgene from such obtained germplasm into the germplasm of the identified hybrids, identify all persons knowledgeable about such work and all facts and documents associated with such work, and identify all advertising or promotional materials associated with such hybrids and the individuals responsible for or knowledgeable about such advertising or promotional materials.

# EXHIBIT 5

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 6

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 7

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 8

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 9

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 10

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 11

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 12

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY