IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONSANTO COMPANY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 04-305-SLR (Consol.) |
| ) | |
| SYNGENTA SEEDS, INC., *et al.*, ) | **REDACTED –** |
| ) | **PUBLIC VERSION** |
| Defendants. ) | |

**STIPULATED PRETRIAL ORDER**

On May 13, 2008, at 4:30 p.m., counsel for Syngenta Seeds, Inc. ("Syngenta"), Syngenta Corporation, Syngenta Biotechnology, Advanta USA, Inc., Garst Seed Company, and Golden Harvest Seeds, Inc. (collectively "Counter-defendants") and counsel for Monsanto Company and Monsanto Technology LLC (collectively "Monsanto") shall attend a pretrial conference before this Court. The following matters as to the trial, which is scheduled to commence on June 2, 2008, are hereby ordered by the Court:

**I.     NATURE OF THE ACTION AND PLEADINGS**

1.     On July 28, 2004, Syngenta filed its Complaint (D.I. 1) against Monsanto, with claims of three Sherman Act Section 2 (monopolization) violations alleging anticompetitive conduct designed to maintain a monopoly over certain markets.

2.     On September 14, 2004, Syngenta amended its Complaint (D.I. 8), adding allegations that Monsanto's second patent infringement lawsuit, *DeKalb Genetics Corp. v. Syngenta Seeds, Inc., et al.*, C.A. No. 04C50323 (N.D. Ill. filed July 24, 2004), was baseless.

3.     On September 28, 2004, Monsanto moved to dismiss the Complaint as a compulsory counterclaim to the Shah patent case, *Monsanto Co. et al. v. Syngenta Seeds, Inc. et*

1

*al.*, CA No. 04-305 (D. Del. filed May 12, 2004), one of two GA21-related patent cases it filed against Syngenta, or, in the alternative, to consolidate the antitrust case and the patent case. (D.I. 10.) On March 24, 2005, the Court denied Monsanto's motion to dismiss, but consolidated the patent and antitrust cases. (D.I. 48.)

4.     On August 11, 2005, Monsanto filed an Answer and Counterclaims to Syngenta's Amended Complaint, denying Syngenta's allegations that it had violated the antitrust laws and alleging four counterclaims: (1) reverse passing off under the Lanham Act (Count I); (2) violations of the Delaware Deceptive Trade Practices Act (Count II); (3) false advertising under the Lanham Act (Count III); and (4) tortious interference with a contract (Count IV). (D.I. 138.) Monsanto's counterclaim named seven Syngenta entities as new parties: Syngenta Corporation, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, Golden Harvest, Inc., Syngenta AG, and Syngenta Participations AG.

5.     On September 9, 2005, Syngenta filed a Second Amended Complaint adding a count charging Monsanto with a Lanham Act violation based on statements regarding GA21 rights. (D.I. 124.)

6.     On September 14, 2005, Syngenta Seeds, Syngenta Corporation, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, and Golden Harvest, Inc. filed a motion to dismiss Counts 1-3 of Monsanto's counterclaims. (D.I. 132.) The Court entered an order on August 7, 2006 dismissing Monsanto's Lanham Act counterclaims (Counts I and III) and dismissing certain aspects of Monsanto's deceptive trade practices counterclaim (Count II). (D.I. 481.)

7. On November 21, 2005, Syngenta AG and Syngenta Participations AG filed a motion to dismiss Monsanto's counterclaims for lack of personal jurisdiction. (D.I. 169.) The Court granted that motion on August 7, 2006. (D.I. 483.)

8. On May 4, 2006, Syngenta sent Monsanto a letter announcing that it was dropping the allegations in Paragraph 133 of the Second Amended Complaint.

9. In June 2006, Syngenta notified Monsanto that it intended to withdraw Count III of the Second Amended Complaint relating to foundation seed. On November 8, 2006, the Court granted Syngenta's request to voluntarily dismiss Count III without prejudice. (D.I. 522.)

10. Fact discovery was complete on June 23, 2006.

11. Expert discovery was complete on October 13, 2006.

12. On August 23, 2006, Monsanto filed a motion to stay the antitrust trial pending resolution of the patent appeal in the related patent case, *Monsanto et al. v. Syngenta, et al.,* Civil Action No. 04-305 (SLR). (D.I. 488.) On November 8, 2006, the Court granted that motion. (D.I. 522.)

13. On November 14, 2006, Syngenta filed a Third Amended Complaint withdrawing Count III and Paragraph 133 (and making corresponding changes) from its prior complaint (D.I. 529).

14. On January 28, 2008, the United States Court of Appeals for the Federal Circuit denied Monsanto's appeal in the related patent case. (D.I. 539.) On January 17, 2008, the Federal Circuit denied rehearing en banc. The mandate was issued on January 24, 2008.

15. On February 6, 2008, the Court directed the parties to file notices of renewed and pending motions. (D.I. 541.) On February 22, 2008, Monsanto filed its Notice of Renewed and Pending Motions for (1) Monsanto's Motion to Exclude Testimony of Syngenta's Patent Law

Expert Gerald Bjorge (D.I. 499); (2) Monsanto's Motion to Exclude Damages Testimony of Syngenta's Expert Richard Gilbert (D.I. 501); and (3) Monsanto's Motion to Compel Production of Documents (D.I. 241). On February 26, 2008, Syngenta filed its Notice of Renewed Motions for (1) Syngenta's Motion to Exclude the Expert Report and Testimony of Dr. William R. Latham (D.I. 503); and (2) Syngenta's Motion for Sanctions (D.I. 415). (D.I. 545.) To the extent the above motions were not fully briefed prior to the Stay of the Antitrust case (D.I. 522), reply memoranda were filed on April 21, 2008 and May 9, 2008 respectively.

16. On February 12, 2008, the Court ordered the parties to submit short statements stating "(a) the material facts as to which plaintiffs contend there is no genuine issue to be tried; and (b) the legal issues upon which judgment is sought." (D.I. 543.) On February 29, 2008, Monsanto filed: (1) Monsanto's Statement of Facts as to Which There is No Genuine Issue to be Tried in Support of a Motion for Summary Judgment on Count I and II Regarding Syngenta's Sham Patent Allegations; (2) Monsanto's Statement of Facts as to Which There is No Genuine Issue to be Tried in Support of a Motion for Summary Judgment on Count I and II Regarding Lack of Foreclosure; and (3) Monsanto's Statement of Facts as to Which There is No Genuine Issue to be Tried in Support of a Motion for Summary Judgment on Count I and II Regarding Failure to Establish Monopoly Power. (D.I. 548-550.) On April 14, 2008, Syngenta filed its required response pursuant to the Court's April 7, 2008 Order. (D.I. 555-561.)

17. On April 21, 2008, the Court ordered that it will not "entertain" summary judgment motion practice regarding lack of foreclosure or failure to establish monopoly power because genuine issues of material fact exist. The Court also ordered that Syngenta's sham patent allegations "shall be bifurcated and addressed through a summary judgment motion

practice, given that the predicate facts are not in dispute and the burden of proof is by clear and convincing evidence." (D.I. 574.)

## II.     BASIS FOR FEDERAL JURISDICTION

1. Syngenta's action arises under Section 2 of the Sherman Act (15 U.S.C. § 2), Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15(a) and 26), and Section 43(3) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)).  Monsanto's counterclaims arise under 15 U.S.C. § 1125(a)(1) and Delaware statutory and common law.

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1337 (commerce and antitrust regulation) and 28 U.S.C. § 1331 (federal question), and the principle of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over plaintiffs and defendants under Section 12 of the Clayton Act (15 U.S.C. § 22).  This Court has personal jurisdiction over counterdefendants because they reside or are otherwise found in this District and because the alleged acts were performed or had effects in this District.

## III.    STATEMENT OF ADMITTED FACTS

1. The parties admit the facts stated in attached Exhibit 1.

## IV.    STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

1. Syngenta's statement of issues of fact that remain to be litigated is attached hereto as Exhibit 2.

2. Monsanto's statement of issues of fact that remain to be litigated is attached hereto as Exhibit 3.

## V. STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

1. The following motions filed by Syngenta are fully briefed and are ripe for decision: (1) Syngenta's Motion to Exclude the Expert Report and Testimony of Dr. William R. Latham (D.I. 503); and (2) Syngenta's Motion for Sanctions (D.I. 415). Syngenta's statement of additional issues of law that remain to be litigated is attached hereto as Exhibit 4.

2. The following motions filed by Monsanto are fully briefed and are ripe for decision: (1) Monsanto's Motion to Exclude Testimony of Syngenta's Patent Law Expert Gerald Bjorge (D.I. 499); (2) Monsanto's Motion to Exclude Damages Testimony of Syngenta's Expert Richard Gilbert (D.I. 501); and (3) Monsanto's Motion to Compel Production of Documents (D.I. 241). Monsanto's statement of additional issues of law that remain to be litigated is attached hereto as Exhibit 5.

## VI. EXHIBITS

1. Syngenta's list of each document or other exhibit (with the exception of demonstratives), as required under Fed. R. Civ. P. 26(a)(3)(A)(iii), other than those documents or exhibits to be used solely for impeachment, is attached hereto as Exhibit 6.

2. Monsanto's list of each document or other exhibit (with the exception of demonstratives), as required under Fed. R. Civ. P. 26(a)(3)(A)(iii), other than those documents or exhibits to be used solely for impeachment, is attached hereto as Exhibit 7.

3. The parties are currently attempting to pare down the number of exhibits on their respective exhibit lists.

4.      Patents produced in this action from the files of any of the parties, included on the parties' exhibit lists are deemed *prima facie* authentic pursuant to the Federal Rules of Evidence (subject to the right of the party against whom said exhibits are offered to adduce evidence to the contrary).

5.      The parties exchanged objections to each other's exhibits on April 28, 2008. These objections are set forth on the exhibit lists offered by the parties and are included as part of this order.  Syngenta's statement of their general objections to Monsanto's trial exhibits is attached as Exhibit 6B.  Monsanto's statement of their general objections to Syngenta's trial exhibits is attached as Exhibit 7B.

6.      The parties will offer as exhibits at trial one or more of the exhibits set forth in their respective exhibit lists.  These exhibit lists may include exhibits that may not necessarily be introduced into evidence.  A party may not offer as substantive evidence any exhibit not appearing on its exhibit list or not appearing on the exhibit list of any other party, unless the Court determines that the interest of justice so warrants.  The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document.

7.      The parties exchanged Trial Exhibits Lists on August 1, 2007, and on April 16, 2008.

8.      Unless otherwise agreed during trial, each party will provide the other party a list of exhibits, by exhibit number and intended witness, that it intends to use on direct examination by 6:00 p.m. the day before the exhibits are intended to be used in court.  If a party decides, after 6:00 p.m. the night before the intended use of exhibits, to use additional exhibits on direct, that

party will notify the opposing party as early as possible, but in no event later than 7:30 p.m. the night before the exhibits are intended to be used in court. The parties will then meet and confer on any objections by 8:00 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed exhibit. The parties hereby agree that, once confirmed, a party may not add exhibits to those they have indicated they intend to use in direct examination absent good cause.

9. A party shall identify all exhibits to be used in opening statements not previously identified by 3:30 p.m. three days prior to the commencement of trial, unless otherwise agreed upon by the parties. Objections to exhibits to be used in opening statements shall be exchanged by 3:30 p.m. two days prior to the commencement of trial. The parties shall meet and confer to resolve any objections to such exhibits. Any objection that cannot be resolved shall be raised with the Court before the exhibit is used in the opening.

10. Any demonstrative exhibit, except for those used for cross-examination, those created during testimony of a witness or those addressed below for use during opening statements, shall be exchanged by 9:00 a.m. the day before its anticipated use. The parties shall exchange color copies of demonstrative exhibits. Physical exhibits must be made available for inspection by 9:00 a.m. the day before their intended use. If a party decides, in good faith, after 9:00 a.m. to change its demonstrative exhibits, it must notify the opposing party as early as possible, and in no event later than 6:00 p.m. Any substantive changes made after 9:00 a.m. must be necessitated by the occurrence of some event or testimony that trial day. Objections to demonstrative and physical exhibits shall be exchanged by 7:30 p.m. on the day the exhibit is disclosed. The parties will then meet and confer on any objections by 8:00 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed

exhibit. Demonstrative exhibits may be exchanged by copies on 8 ½ by 11 paper; exchange of large boards is not required. Copies of all demonstratives to be used in opening statements shall be exchanged by 3:30 p.m. three days prior to the commencement of trial, unless otherwise agreed upon by the parties. Physical exhibits to be used during opening statements shall also be identified and made available for inspection by 3:30 p.m. three days prior to the commencement of trial, unless otherwise agreed upon by the parties. Objections to demonstratives and physical exhibits to be used in opening statements shall be exchanged by 3:30 p.m. two days prior to the commencement of trial. The parties shall meet and confer to resolve any objections to demonstratives or physical exhibits. Any objection that cannot be resolved shall be raised with the Court before the demonstrative or physical exhibit is used in Court.

      11.    Any document not identified on an exhibit list may be used at trial solely for purposes of impeachment. Any deposition or portion thereof not specifically designated may still be used at trial solely for purposes of impeachment.

      12.    No advance notice of intent to enlarge an admitted exhibit or a portion thereof with or without highlights is required.

**VII.    WITNESSES**

      1.    Syngenta's list of witnesses to be called live or by deposition is attached hereto as Exhibit 8.

      2.    Monsanto's list of witnesses to be called live or by deposition is attached hereto as Exhibit 9.

9

3.	No witness shall be permitted to testify at trial unless identified in this Order or unless the Court determines that, in the interest of justice, such witness should be called.

4.	The listing of a witness on a party's witness list does not require that party to call that witness to testify, either live or by deposition.

5.	Unless otherwise agreed to during trial, each party will provide to the other party a list of witnesses whom it in good faith intends to call on direct examination in the order in which it intends to call them by 9:00 a.m. the day before those witnesses are intended to testify in court.  If a party decides, after 9:00 a.m. the day before those witnesses are intended to testify, to change the order in which it intends to call its witnesses or drop any witness previously listed, that party will notify the opposing party as early as possible, but in no event later than 6:00 p.m. the day before those witnesses are intended to testify.  Nothing in this paragraph is intended to revise or otherwise change any applicable rule(s) relating to securing the attendance of witnesses at trial.  Without waiving any right to object to producing the witness, if a party intends to call in its case an employee of an opposing party, the party desiring to call that employee shall provide the other party with one week's notice.

## VIII. WITNESSES TO BE CALLED BY DEPOSITION

1.	The parties have agreed to the following procedure regarding the use of depositions or parts thereof:  The parties have previously exchanged deposition designations and counter-designations.  By 9:00 a.m. the day before any testimony is to be offered by deposition, the offering party must provide the opposing party with its final designation of the testimony it intends to offer, which shall be a subset of the designations previously exchanged, and notify the opposing party of its intent to offer the testimony and any referenced exhibits.  If the offering

party, in good faith, makes any changes to its designations after 9:00 a.m., it must notify the opposing party as early as possible, but in no event later than 6:00 p.m. Any changes made after 9:00 a.m. must be necessitated by the occurrence of some event or testimony that trial day. The opposing party must serve its final counter-designations and objections by 7:00 p.m. on the day of receiving the final initial designations, along with an identification of the exhibits it intends to offer as part of its final counter-designations, which shall be a subset of the counter-designations previously exchanged. The parties will then meet and confer on any objections by 8:00 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the designated testimony and referenced exhibits. Any exhibits that are referenced in the designated portions of either the affirmative designations or counter-designations are not admissible simply because they are referenced or used within the designated testimony. Such exhibits must be on a party's exhibit list and must be properly authenticated and/or otherwise not objectionable.

2. It will be the burden of the offering party to have any objections resolved before use at trial. It will also be the burden of the offering party to have any exhibits contained in counter designations presented to the jury in the same manner as exhibits in the affirmative designations.

3. With respect to deposition designations or counter-designations, each party shall be charged only with the time needed to read, or play by videotape, its own designation or counter-designation, and will not be charged with the time necessary to read, or play by videotape, the other party's designations and counter-designations.

11

## IX.   DISCOVERY DESIGNATIONS

      1.      Syngenta's list of discovery designations is attached hereto as Exhibit 10.

      2.      Monsanto's list of discovery designations is attached hereto as Exhibit 11.

## X.   BRIEF STATEMENT OF INTENDED PROOFS

      1.      Syngenta's list of intended proofs is attached hereto as Exhibit 12.

      2.      Monsanto's list of intended proofs is attached hereto as Exhibit 13.

## XI.   STATEMENTS CONCERNING AMENDMENTS TO PLEADINGS

      1.      Each party reserves the right to amend its pleadings to conform to the evidence at trial.

      2.      Monsanto intends to request leave to amend its answer and counterclaims. On September 23, 2005, Monsanto filed its answer to Syngenta's Second Amended Complaint and asserted counterclaims against Syngenta for, *inter alia*, tortious interference. (D.I. 138 – Answer and Counterclaims to Second Amended Complaint ¶¶ 62-80.) On October 13, 2006, Syngenta moved to exclude the expert report and testimony of Monsanto's expert witness, Dr. Latham. (D.I. 504 – Motion to Exclude the Expert Report and Testimony of Dr. Latham.) In that motion, Syngenta argued that Monsanto had not alleged a counterclaim for tortious interference with the Golden Harvest GA21 license agreement. (D.I. 504 – Motion to Exclude the Expert Report of Dr. Latham at 2, 6-11.) In its opposition to the Motion to Exclude, Monsanto argued that its tortious interference included the Golden Harvest GA21 license agreements. (D.I. 516 – Opposition to the Motion to Exclude Dr. Latham.) Monsanto proposes that as an alternative to resolving the issue as part of the *Daubert* motion, Monsanto will move the court to amend its

12

answer and counterclaims.  Syngenta opposes Monsanto's request to amend its answer and counterclaims.

## XII. OTHER MATTERS

### A. Exclusion of Witnesses, Service of Documents, Use of Technology at Trial

1. The parties request that, with the exception of expert witnesses designated by a party under Fed. R. Civ. P. 26(a)(2), any person designated on either party's list of trial witnesses shall be sequestered from the courtroom, except to testify, and shall not review any trial transcripts until that witness has completed all trial testimony or has been removed from all parties' lists of trial witnesses.  The parties agree, however, that one party representative may remain in the courtroom during all testimony, whether or not the party representative is listed on any party's witness list.

2. Beginning on May 26, 2008, service of documents, including but not limited to any pleadings and/or bench memos, will occur by email or hand delivery no later than 9:00 p.m.  Overly large documents, including but not limited to any pleadings and/or bench memos that cannot be received effectively or efficiently by email will be served by hand delivery no later than 9:00 p.m.  Service shall be made at least on the following two designated representatives for each party:  for Syngenta, the two designated representatives for service are John Shaw and Heather Kafele; for Monsanto, the two designated representatives for service are Richard Horwitz and John Rosenthal.

3. The parties have agreed that when documents or exhibits are served in the courtroom (or at the courthouse), two full copies of the documents will be served.

13

4. The parties have agreed that beginning May 26, 2008, the term "days" as used herein shall refer to calendar, as opposed to business days. This agreement ends when the trial is concluded.

5. Each party will be permitted to use electronic equipment for the presentation of evidence and will be permitted to have one technician in the courtroom to operate such system. The parties will split the costs of any shared audio and video equipment used to present such evidence. No later than one week before trial, the parties will present to the Court a list of all audio and video equipment that will be used to present evidence during the trial and the names of the persons that will be responsible for delivering and setting up the equipment on the equipment set-up date, which will be provided by the Court.

### B. Issues to Be Raised at the Pretrial Conference

1. Syngenta's list of issues to be raised at the Pretrial Conference is attached as Exhibit 14.

2. Monsanto's list of issues to be raised at the Pretrial Conference is attached as Exhibit 15.

### XIII. CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY

The parties certify that they have made, and are continuing to make, good faith attempts to resolve this controversy by settlement.

**XIV. ORDER TO CONTROL COURSE OF ACTION**

1. This order shall control the subsequent course of action unless modified by the Court to prevent injustice.

2. This matter is scheduled for a jury trial commencing on June 2, 2008.

Respectfully submitted,

| | |
|---|---|
| /s/ *John W. Shaw* | /s/ *David E. Moore* |
| John W. Shaw (No. 3362) | Richard L. Horwitz (No. 2246) |
| Michele Sherretta Budicak (No. 4651) | David E. Moore (No. 3983) |
| YOUNG CONAWAY STARGATT & TAYLOR LLP | POTTER ANDERSON & CORROON LLP |
| The Brandywine Building, 17th Floor | Hercules Plaza, 6th Floor |
| 1000 West Street | 1313 North Market Street |
| Wilmington, Delaware 19801 | Wilmington, DE  19899 |
| (302) 571-6600 | (302) 984-6000 |
| jshaw@ycst.com | rhorwitz@potteranderson.com |
| | |
| *Attorneys for Syngenta Seeds, Inc., Syngenta Corporation, Syngenta Biotechnology, Inc., Advanta USA, Inc., Garst Seed Company, and Golden Harvest Seeds, Inc.* | *Attorneys for Monsanto Company and Monsanto Technology LLC* |

Date: _____        _____
                                                                                                UNITED STATES DISTRICT JUDGE