IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYNGENTA SEEDS, INC., *et al*, | ) ) ) | C.A. No. 04-305-SLR |
| Plaintiffs, | ) ) | (Consolidated) |
| v. | ) ) ) | |
| MONSANTO COMPANY, *et al*, | ) ) ) | |
| Defendants. | ) ) | |

**MONSANTO'S PROPOSED PRELIMINARY JURY INSTRUCTIONS**

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone (202) 783-0800

Dated: May 21, 2008
865809/28128

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market St.
Wilmington, DE 19801
(302) 984-6000
(302) 658-1192 facsimile
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Monsanto Company and
Monsanto Technology LLC*

Syngenta Seeds, Inc.
v.
Monsanto Company

Civ. No. 04-305-SLR

## PRELIMINARY JURY INSTRUCTIONS

**Members of the Jury:**

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

**The Parties**

This is an antitrust action. The plaintiff is Syngenta Seeds, Inc., referred to as "Syngenta." The defendants are Monsanto Company and Monsanto Technology LLC, referred to collectively as "Monsanto." Syngenta alleges that Monsanto has willfully maintained an unlawful monopoly in the markets for the licensing of glyphosate-tolerant corn traits and ECB-resistant corn traits and stacks thereof in violation of Section 2 of the Sherman Act. Monsanto denies these allegations.

**Duty of Jury**

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1. Statements, arguments, and questions by lawyers are not evidence. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or other item of evidence. If I overrule an objection and allow the matter in evidence, you should consider the testimony or other item of evidence as you would any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider the evidence for that purpose only. I will instruct you further during the trial if this happens.

2. Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witnesses's testimony to accept or reject.

2

**Burden of Proof**

This is a civil case. Plaintiffs have the burden of proving their claims by what is called a preponderance of the evidence. That means that plaintiffs have to produce evidence which, when considered in the light of all the facts, leads you to believe that what plaintiffs claim is more likely true than not. To put it differently, if you were to put plaintiffs' and defendants' evidence concerning the claims at issue on the opposite sides of a scale, the evidence supporting the plaintiffs' claims would have to make the scales tip somewhat on their side.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you, therefore, should put it out of your mind when considering the issues presented here.

**Summary of the Issues**

In this case, you must decide several things according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide whether plaintiffs have established a Section 2 monopoly maintenance claim by proving that: (1) Monsanto possesses monopoly power in the alleged relevant markets for the licensing of glyphosate-tolerant corn traits (or herbicide-resistant corn traits) and/or ECB-resistant corn traits and stacks thereof; (2) Monsanto has maintained monopoly power in the alleged relevant markets for the licensing of glyphosate-tolerant corn traits (or herbicide-resistant corn traits) and/or ECB-resistant corn traits by engaging in anticompetitive conduct; (3) Monsanto's conduct caused an injury to competition; and (4) Syngenta was injured in its business or property because of Monsanto's anticompetitive conduct.

3

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Third, do not reach any conclusion as to the issues presented until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Although the proceedings during trial will be transcribed by court reporters, it is not the practice of this Court to make the trial transcripts available to jurors. You must rely on your own recollection of what testimony was presented and how credible that testimony was.

If you wish, you may take notes in the binders we have provided. The binders will be collected each time you leave the courtroom. Keep in mind that your notes are for your own personal use - they are not to be given or read to anyone else. Finally, please wear your juror identification tags everyday, so that the parties can avoid engaging you in conversation, thereby bringing your impartiality into question.

**Course of the Trial**

The trial will now begin. The attorneys have three opportunities to talk to you during the trial. The first opportunity is the opening statement. During the opening statements, the attorneys will introduce their respective stories to you. As I've already instructed, however, what the lawyers say is not evidence. It will be up to you to determine whether the evidence - the testimony of the witnesses and the admitted documents - supports what the lawyers say in their opening statements. The second opportunity that the lawyers have to talk to you is during transition statements. Lawyers are permitted to make transition statements whenever they call a witness to the stand, to introduce the witness and to briefly explain the relevance of the witness's anticipated testimony. Finally, after all the evidence is in, the lawyers will offer closing arguments to summarize and interpret the evidence for you, and to tie the evidence to their story. I will then give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

You should generally expect that we will start the trial each morning at 9:00 a.m. or 9:30 a.m. and finish at 4:30 p.m., with two 15-minute breaks (morning and afternoon), and one half-hour break for lunch. As I said earlier, I time my civil trials, meaning each party is given a certain number of hours in which to present its evidence. This assures that trials will be completed on a predictable basis. This system can only work, however, if you, as jurors, report to the courtroom on a punctual basis as well.