# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JOHN W. SHAW
DIRECT DIAL: (302) 571-6689
DIRECT FAX: (302) 576-3334
jshaw@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

(302) 571-6600
(302) 571-1253 FAX
www.youngconaway.com

May 21, 2008

**BY CM/ECF & HAND DELIVERY**
The Honorable Sue L. Robinson
United States District Court
844 North King Street
Wilmington, DE 19801

**REDACTED –
PUBLIC VERSION**

Re:   *Syngenta Seeds, Inc. v. Monsanto Company, et al.*, C.A. No. 04-305-SLR

Dear Judge Robinson:

At the pretrial conference, the Court requested a two-page letter addressing whether evidence of "why" Syngenta was late to the market and "why" Monsanto was an early entrant should be excluded. (D.I. 595, at 24, 39, 59, 90 ("Now, does it matter why?...I am not sure it matters why there was a late entry")). This letter responds to Monsanto's five-page submission.[1]

**Relevance of Reasons for Syngenta's Late Entry into the GT and ECB Trait Markets**

At trial, Monsanto intends to argue that (1)

REDACTED

During the conference, the Court requested "general case law" concerning the relevancy of the "reasons why there's a late entry versus just there is a late entry." (D.I. 595, at 90). In its letter, Monsanto does not cite a single case (and Syngenta is not aware of any such case) in which the reason why a plaintiff was a late market entrant (or the reason why a defendant was an earlier entrant) was considered relevant. Instead, Monsanto cites several cases for the unremarkable proposition that maintaining monopoly power because of superior products with better technology, as distinguished from anticompetitive conduct, does not violate the antitrust laws. *See, e.g., U.S. v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966); *LePage's Inc. v. 3M*, 324 F.3d 141, 167-68 (3d Cir. 2003); *Alaska Airlines, Inc. v. United Airlines*, 948 F.2d 536 (9th Cir.

---

[1] In light of Monsanto's five-page letter, Syngenta respectfully seeks leave to file a three-page response.

2

REDACTED

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
May 21, 2008
Page 2

1991); *Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 40-45 (2d Cir. 1986); *Monsanto Co. v. Trantham*, 156 F. Supp. 2d 855, 863-64 (W.D. Tenn. 2001). However, this proposition is not disputed, and Syngenta is not seeking to exclude *any* evidence (if it exists) that Syngenta has not been successful in licensing corn traits because its competing corn traits are inferior.[3]

Monsanto contends that the reasons why Syngenta was late to market are relevant to show that it was not Monsanto's anticompetitive conduct that kept it out of the market. Monsanto's contention would be valid *if* Syngenta were claiming that Monsanto's conduct kept it out of the market during the time period Syngenta did not have a product or that the reason Syngenta was late to the market was because of Monsanto's conduct. However, these are not the claims here.

REDACTED

**Relevant Antitrust Market**

Monsanto also contends t[ ]

[ ]. This is not, however, evidence of relevant market. The critical question in determining whether products are substitutes and thus in the same market is "whether a small but significant permanent increase in the price of one product would result in a substantial number of consumers switching *from* that product to another." (D.I. 582 – Joint Proposed Instr. at 48 (emphasis added)).

REDACTED

Monsanto also suggests that I[ ]
However, FRE 703 makes clear that a party cannot

---

[3] Monsanto also cites cases holding that a plaintiff's own business failings caused its alleged injury, not defendant's conduct. *See Addamax Corp. v. Open Software Foundation, Inc.*, 152 F.3d 48, 51, 54 (1st Cir. 1998); *Hanson v. Shell Oil, Co*, 541 F.2d 1352, 1360 (9th Cir. 1976). The "business failings" discussed in these cases occurred *after* the plaintiff had a competing product and had entered the market, not <u>before</u> the plaintiff entered the market, which is the evidence Monsanto wants to introduce at trial.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
May 21, 2008
Page 3

use its own expert's reliance on otherwise inadmissible evidence to get that evidence into the case. Fed. R. Evid. 703 & Comm. Note (2000) (presumption against disclosure to the jury of otherwise inadmissible information that forms the basis of an expert's opinion "when that information is offered by the proponent of the expert").

**Prejudice and Confusion**

Monsanto's letter highlights the risk of prejudice and confusion that this evidence presents. For example, ti

REDACTED

. The only relevant question is whether Syngenta had the necessary products and wherewithal once it entered the market, not before it entered the market.

Equally as misleading is Monsanto's argument that there is no mention of Monsanto's exclusionary trait license agreements in the 2003 "Post Mortem" document. As Monsanto itself admits, that document concerned Syngenta's "U.S. hybrid corn seed businesses" – which Syngenta has not alleged to have been injured by Monsanto's conduct – not the trait licensing business that is the subject of this lawsuit. Indeed, the document pre-dates the acquisition of GA21, the formation of GreenLeaf Genetics and Syngenta's entry to trait licensing business.

Finally, even if there were some marginal probative value to some information in these documents, the facts Monsanto seeks to establish are available from Joint Trial Exhibits that are from the time period at issue and are not otherwise prejudicial.

REDACTED

. Where probative evidence may be obtained from a less prejudicial source, the prejudicial documents should be excluded. *Old Chief v. U.S.*, 519 U.S. 172, 182-85 (1997) (if alternative evidence is "found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the first item offered and exclude it if its discounted probative value [is] substantially outweighed by unfairly prejudicial risk."); *Henderson v. George Washington University*, 449 F.3d 127, 136-39 (D.C. Cir. 2006) (same).

Respectfully submitted,

John W. Shaw (No. 3362)

JWS:mm

cc:      Clerk of the Court (by hand delivery)
         Peter Moll, Esquire (via e-mail)
         Richard Horwitz (via e-mail)